**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>              Plaintiff,<br><br>        v.<br><br>COMMSCOPE HOLDING COMPANY, INC.,<br>COMMSCOPE INC., ARRIS US HOLDINGS,<br>INC., ARRIS SOLUTIONS, INC., ARRIS<br>TECHNOLOGY, INC., and ARRIS<br>ENTERPRISES, LLC,<br><br>              Defendants. | Civil Action No. 2:21-cv-310<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") by and through their undersigned counsel, hereby respond to Plaintiff TQ Delta, LLC's ("TQ Delta") Complaint for Patent Infringement ("Complaint"). The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Headings used in the Complaint are restated below for ease of reference, but no admissions are thereby made, as such headings are not allegations requiring an answer. CommScope denies all allegations not expressly admitted.

### I.        INTRODUCTION

1.        CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

2.        CommScope admits that it provides DSL equipment. Except as admitted, CommScope denies the allegations of this paragraph.

## II.   NATURE OF THE SUIT

3.      To the extent a response to this paragraph is required, CommScope admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that TQ Delta's claims have merit.

## III.   THE PARTIES

4.      CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

5.      CommScope admits that CommScope Holding Company, Inc. is a Delaware corporation and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.

6.      CommScope admits that CommScope Inc. is a Delaware corporation and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.  CommScope admits that CommScope Inc. is a wholly owned subsidiary of CommScope Holding Company, Inc.

7.      No response is required to this paragraph.

8.      CommScope admits that CommScope Holding Company, Inc. acquired ARRIS in 2019.  CommScope admits that CommScope Holding Company, Inc. is the parent company of ARRIS.

9.      ARRIS International Limited was dismissed from this case pursuant to a Stipulation and Order entered on September 24, 2021 (D.I. 15). Because the allegations in Paragraph 9 are directed solely to ARRIS International Limited, no response is required.

10.     ARRIS Global Limited was dismissed from this case pursuant to a Stipulation and Order entered on September 24, 2021 (D.I. 15). Because the allegations in Paragraph 10 are directed solely to ARRIS Global Limited, no response is required.

11.    CommScope admits that ARRIS US Holdings, Inc. is a Delaware corporation and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.  CommScope admits that Defendants in *SIPCO, LLC v. CommScope Holding Company, Inc., et al.*, No. 20-cv-00168-RWS-CMC stated, in answering the First Amended Complaint in that action, that "ARRIS US Holdings, Inc.'s business includes selling products and services throughout the United States, including in this judicial district." *Id.*, ¶ 11.  Except as admitted, CommScope denies the allegations of this paragraph.

12.    CommScope admits that ARRIS Solutions, Inc. is a Delaware corporation and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.  CommScope admits that Defendants in *SIPCO, LLC v. CommScope Holding Company, Inc., et al.*, No. 20-cv-00168-RWS-CMC stated, in answering the First Amended Complaint in that action, that "ARRIS Solutions, Inc.'s business includes selling products and services throughout the United States, including in this judicial district."  *Id.*, ¶ 13. CommScope admits that ARRIS Solutions, Inc. is a subsidiary of ARRIS U.S. Holdings, Inc. Except as admitted, CommScope denies the allegations of this paragraph.

13.    CommScope admits that ARRIS Technology, Inc. is a Delaware corporation and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.  CommScope admits that ARRIS Technology, Inc. is a subsidiary of ARRIS Solutions, Inc.  Except as admitted, CommScope denies the allegations of this paragraph.

14.    CommScope admits that ARRIS Enterprises LLC is a Delaware limited liability company and that it can be served through its registered agent United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810.   CommScope admits that

Defendants in *SIPCO, LLC v. CommScope Holding Company, Inc., et al.*, No. 20-cv-00168-RWS-CMC stated, in answering the First Amended Complaint in that action, that "ARRIS Enterprises LLC's business includes selling products and services throughout the United States, including in this judicial district." *Id.*, ¶ 12.  CommScope admits that ARRIS Enterprises LLC is a subsidiary of ARRIS Solutions, Inc.   Except as admitted, CommScope denies the allegations of this paragraph.

15.    Denied.

16.    Denied.

17.    CommScope admits that the CommScope website lists for sale ARRIS-branded DSL products.  Except as admitted, CommScope denies the allegations of this paragraph.

18.    CommScope admits that the CommScope jobs website lists jobs with both CommScope entities and ARRIS entities.  Except as admitted, CommScope denies the allegations of this paragraph.

## IV.    JURISDICTION AND VENUE

19.    CommScope admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies that TQ Delta's claims have merit.

20.    CommScope admits that this Court has subject matter jurisdiction over patent infringement suits under 28 U.S.C. §§ 1331, 1367, 1338(a), and/or 2201.

21.    CommScope, for the purposes of this case only, does not challenge personal jurisdiction in the Eastern District of Texas.

22.    CommScope admits that it operates offices at which it does business in Texas.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

23.     CommScope admits that it has a regular and established place of business located at 2601 Telecom Parkway, Richardson, Texas 70852.  ARRIS International Limited and ARRIS Global Limited were dismissed from this case pursuant to a Stipulation and Order entered on September 24, 2021 (D.I. 15).  To the extent any of the allegations of this paragraph are directed to these entities, no response is required.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

24.     CommScope admits that it has employees that work in this District.  Except as admitted, CommScope denies the allegations of this paragraph.

25.     The allegations in this paragraph are too vague and ambiguous for CommScope to provide a response.  On that basis, CommScope denies the allegations in this paragraph.

26.     CommScope admits that AT&T is a customer and that AT&T has locations in Texas and this District.

27.     The allegations in this paragraph are legal conclusions to which no response is required.

## V.     BACKGROUND

### A.     TQ Delta and the DSL Standards

28.     CommScope admits that TQ Delta purports to own patents previously owned by Aware, Inc.  Except as admitted, CommScope denies the allegations of this paragraph.

29.     CommScope admits that the Complaint purports to state a claim for patent infringement of United States Patent Nos. 7,453,881 ("the '881 Patent"); 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,276,048 ("the '048 Patent"); 8,462,835 ("the '835 Patent"); 8,468,411 ("the '411 Patent"); 8,937,988 ("the '988

Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,485,055 ("the '055 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, "the Asserted Patents").  Except as admitted, CommScope denies the allegations of this paragraph.

30.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

31.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

32.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

33.     CommScope admits that the International Telecommunication Union ("ITU") has adopted industry standards related to DSL technology. CommScope admits that the standards adopted by the ITU include ITU-T ADSL2/2+, ITU-T VDSL2, ITU-T G.bond, ITU-T G.inp, ITU-T G.vector, and ITU-G.fast. Except as admitted, CommScope denies the allegations of this paragraph.

**B.     CommScope's Infringement of the TQ Delta's Patents**

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

40.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

41.     CommScope admits that a PSLD identifies standards that a patent holder believes the practice of which requires a license.  CommScope admits that the ITU PSLDs are publicly available.  Except as admitted, CommScope denies the allegations of this paragraph.

42.     CommScope admits that the links provided in the footnote to this paragraph in the Complaint purport to indicate that TQ Delta submitted a PSLD in connection with certain DSL standards.  CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

43.     CommScope admits that it is aware of the PSLD database.  Except as admitted, CommScope denies the allegations of this paragraph.

44.     CommScope admits that it is aware of intellectual property rights warnings in the ITU database, requirements for submissions of PSLDs, and the process of identifying parties who had submitted PSLDs.  Except as admitted, CommScope denies the allegations of this paragraph.

45.     Denied.

46.     Denied.

## VI.     CLAIMS

### A.     Infringement of the '881 Patent

47.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

48.     CommScope admits that on its face, the '881 Patent is entitled "System and methods for multi-pair ATM over DSL" and lists Marcos Tzannes as the first named inventor. CommScope further admits that Exhibit 1 purports to be a copy of the '881 Patent.  Except as

admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

49.     CommScope admits that on its face, the '881 Patent bears an issue date of November 18, 2008. Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

50.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

51.     The allegations in this paragraph are legal conclusions to which no response is required.

52.     CommScope admits that the NVG44x product sheet discloses support for support for ADSL2/2+ bonding and VDSL2 bonding.   Except as admitted, CommScope denies the allegations of this paragraph.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

**B.     Infringement of the '686 Patent**

57.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

58.     CommScope admits that on its face, the '686 Patent is entitled "Systems and methods for establishing a diagnostic transmission mode and communicating over the same" and lists David Krinsky as the first named inventor. CommScope further admits that Exhibit 2 purports to be a copy of the '686 Patent. Except as admitted, CommScope lacks sufficient knowledge or

information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

59.     CommScope admits that on its face, the '686 Patent bears an issue date of August 4, 2009. Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

60.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

61.     The allegations in this paragraph are legal conclusions to which no response is required.

62.     CommScope admits that the NVG44x product sheet discloses support for G.993.2. Except as admitted, CommScope denies the allegations of this paragraph.

63.     CommScope admits that the NVG44x product sheet discloses support for G.992.3 and G.992.5.  Except as admitted, CommScope denies the allegations of this paragraph.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

**C.     Infringement of the '882 Patent**

68.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

69.     CommScope admits that on its face, the '882 Patent is entitled "Resource sharing in a telecommunications environment" and lists Marcos Tzannes as the first named inventor. CommScope further admits that Exhibit 3 purports to be a copy of the '882 Patent. Except as

admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

70.     CommScope admits that on its face, the '882 Patent bears an issue date of November 30, 2010.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

71.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

72.     The allegations in this paragraph are legal conclusions to which no response is required.

73.     CommScope admits that the NVG44x product sheet discloses support for G.993.2. Except as admitted, CommScope denies the allegations of this paragraph.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**D.     Infringement of the '008 Patent**

78.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

79.     CommScope admits that on its face, the '008 Patent is entitled "System and method for scrambling the phase of the carriers in a multicarrier communications system" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 4 purports to be a copy of the '008 Patent.   Except as admitted, CommScope lacks sufficient knowledge or

information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

80.     CommScope admits that on its face, the '008 Patent bears an issue date of January 3, 2012.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

81.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

82.     The allegations in this paragraph are legal conclusions to which no response is required.

83.     CommScope admits that the NVG44x product sheet discloses support for G.993.2. Except as admitted, CommScope denies the allegations of this paragraph.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

**E.      Infringement of the '048 Patent**

88.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

89.     CommScope admits that on its face, the '048 Patent is entitled "Resource sharing in a telecommunications environment" and lists Marcos Tzannes as the first named inventor. CommScope further admits that Exhibit 5 purports to be a copy of the '048 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

90.     CommScope admits that on its face, the '048 Patent bears an issue date of September 25, 2012.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

91.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

92.     The allegations in this paragraph are legal conclusions to which no response is required.

93.     CommScope admits that the NVG44x product sheet discloses support for G.993.2. Except as admitted, CommScope denies the allegations of this paragraph.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

**F.     Infringement of the '835 Patent**

98.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

99.     CommScope admits that on its face, the '835 Patent is entitled "Impulse noise management" and lists Marcos Tzannes as the first named inventor. CommScope further admits that Exhibit 6 purports to be a copy of the '835 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

100.    CommScope admits that on its face, the '835 Patent bears an issue date of June 11, 2013.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

101.    CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

102.    The allegations in this paragraph are legal conclusions to which no response is required.

103.    CommScope admits that the NVG44x product sheet discloses support for G.993.2 and G.993.5.  Except as admitted, CommScope denies the allegations of this paragraph.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

## G.    Infringement of the '411 Patent

108.    CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

109.    CommScope admits that on its face, the '411 Patent is entitled "Packet retransmission" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 7 purports to be a copy of the '411 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

110.    CommScope admits that on its face, the '411 Patent bears an issue date of June 18, 2013.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

111.    CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

112.    The allegations in this paragraph are legal conclusions to which no response is required.

113.    CommScope admits that the NVG44x product sheet discloses support for G.998.4.  Except as admitted, CommScope denies the allegations of this paragraph.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

**H.    Infringement of the '988 Patent**

118.    CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

119.    CommScope admits that on its face, the '988 Patent is entitled "Systems and methods for a multicarrier modulation system with a variable margin" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 8 purports to be a copy of the '988 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

120.     CommScope admits that on its face, the '988 Patent bears an issue date of January 20, 2015.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

121.     CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

122.     The allegations in this paragraph are legal conclusions to which no response is required.

123.     CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

**I.       Infringement of the '348 Patent**

128.     CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

129.     CommScope admits that on its face, the '348 Patent is entitled "Packet retransmission" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 9 purports to be a copy of the '348 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

130.   CommScope admits that on its face, the '348 Patent bears an issue date of July 28, 2015.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

131.   CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

132.   The allegations in this paragraph are legal conclusions to which no response is required.

133.   The allegations in this paragraph are legal conclusions to which no response is required.

134.   CommScope admits that the NVG44x product sheet discloses support for G.998.4. Except as admitted, CommScope denies the allegations of this paragraph.

135.   CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

**J.     Infringement of the '354 Patent**

142.   CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

143.    CommScope admits that on its face, the '354 Patent is entitled "Systems and methods for a multicarrier modulation system with a variable margin" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 10 purports to be a copy of the '354 Patent. Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

144.    CommScope admits that on its face, the '354 Patent bears an issue date of October 6, 2015.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

145.    CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

146.    The allegations in this paragraph are legal conclusions to which no response is required.

147.    The allegations in this paragraph are legal conclusions to which no response is required.

148.    CommScope admits that the NVG44x product sheet discloses support for G.998.4. Except as admitted, CommScope denies the allegations of this paragraph.

149.    CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.   Denied.

**K.   Infringement of the '055 Patent**

156.   CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

157.   CommScope admits that on its face, the '055 Patent is entitled "Packet retransmission and memory sharing" and lists Marcos Tzannes as the first named inventor. CommScope further admits that Exhibit 11 purports to be a copy of the '055 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

158.   CommScope admits that on its face, the '055 Patent bears an issue date of November 1, 2016.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

159.   CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

160.   The allegations in this paragraph are legal conclusions to which no response is required.

161.   CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

**L.   Infringement of the '112 Patent**

166.    CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

167.    CommScope admits that on its face, the '112 Patent is entitled "Impulse noise management" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 12 purports to be a copy of the '112 Patent.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

168.    CommScope admits that on its face, the '112 Patent bears an issue date of February 18, 2020.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

169.    CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

170.    The allegations in this paragraph are legal conclusions to which no response is required.

171.    CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

**M.    Infringement of the '809 Patent**

176.    CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

177.    CommScope admits that on its face, the '809 Patent is entitled "Techniques for packet and message communication in a multicarrier transceiver environment" and lists Marcos Tzannes as the first named inventor.  CommScope further admits that Exhibit 13 purports to be a copy of the '809 Patent.   Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

178.    CommScope admits that on its face, the '809 Patent bears an issue date of November 10, 2020.  Except as admitted, CommScope lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and on that basis denies them.

179.    CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

180.    The allegations in this paragraph are legal conclusions to which no response is required.

181.    The allegations in this paragraph are legal conclusions to which no response is required.

182.    CommScope admits that the NVG44x product sheet discloses support for G.998.4. Except as admitted, CommScope denies the allegations of this paragraph.

183.    CommScope admits that the FST1305 product sheet discloses support for G.9701. Except as admitted, CommScope denies the allegations of this paragraph.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.   Denied.

189.   Denied.

190.   Denied.

**N.    Declaratory Judgment that CommScope is Not Entitled to a License on a Worldwide, Non-Discriminatory Basis and on Reasonable Terms and Conditions**

191.   CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

192.   The allegations in this paragraph are legal conclusions to which no response is required.

193.   CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

194.   CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

195.   CommScope admits that PSLDs generally include the quoted language.  Except as admitted, CommScope denies the allegations of this paragraph.

196.   Denied.

197.   CommScope admits that TQ Delta and CommScope have not entered into a license agreement for the Asserted Patents.  Except as admitted, CommScope denies the allegations of this paragraph.

198.   Denied.

199.   Denied.

200.   Denied.

201.   CommScope lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and on that basis denies them.

202.    The allegations in this paragraph are legal conclusions to which no response is required.

203.    The allegations in this paragraph are legal conclusions to which no response is required.

204.    Denied.

205.    Denied.

206.    Denied.

207.    CommScope denies that TQ Delta is entitled to the relief requested in this paragraph.

208.    CommScope denies that TQ Delta is entitled to the relief requested in this paragraph.

## VII.    DAMAGES

209.    CommScope incorporates by reference its responses to each foregoing paragraph as if set forth fully herein.

210.    Denied.

211.    Denied.

212.    Denied.

## VIII.   PRAYER FOR RELIEF

CommScope denies that TQ Delta is entitled to any relief in any form whatsoever from CommScope, including any of the relief sought in paragraphs a.–g. of TQ Delta's Prayer for Relief.

### ADDITIONAL DEFENSES

CommScope hereby asserts the following separate, distinct, and non-exclusive affirmative and other defenses to the claims and allegations contained in the Complaint.  CommScope's investigation of TQ Delta's allegations and CommScope's defenses thereto is continuing, and

CommScope reserves the right to seek leave to amend its Answer to plead additional defenses or to supplement its existing defenses.

### FIRST DEFENSE
**(Failure to State a Claim)**

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE
**(Noninfringement)**

CommScope has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents. CommScope has no liability for alleged infringement of the Asserted Patents.

### THIRD DEFENSE
**(Invalidity)**

All of the asserted claims of the Asserted Patents are invalid for failure to comply with the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE
**(Waiver and/or Estoppel)**

TQ Delta's claims for relief, in whole or in part, are barred by the doctrines of waiver and/or estoppel.  At a minimum, TQ Delta is barred from recovering any pre-suit damages as a result of waiver and/or estoppel.  Furthermore, TQ Delta is estopped from asserting one or more of the claims of the Asserted Patents in a way as to allegedly cover CommScope's activities by reason of statements and claim amendments made by or on behalf of the applicant to the United States Patent and Trademark Office or narrowing amendments made during the prosecution of the applications that led to the issuance of the Asserted Patents.

In addition, TQ Delta is barred from recovering damages as a result of its failure, and/or its predecessor Aware's failure, to disclose the Asserted Patents to the ITU during the standard-setting process.

### FIFTH DEFENSE
**(Limitation on Damages – 35 U.S.C. § 286)**

TQ Delta's claims for relief and prayer for damages are limited under 35 U.S.C. § 286, as TQ Delta may not seek damages more than six years prior to the filing of the Complaint.

### SIXTH DEFENSE
**(Limitation on Damages – 35 U.S.C. § 287)**

TQ Delta's claims for relief and prayer for damages are limited under 35 U.S.C. § 287, as at least TQ Delta's successor-in-interest, Aware, Inc., failed to comply with the marking requirements of § 287.

### SEVENTH DEFENSE
**(Limitation on Damages – 35 U.S.C. § 288)**

TQ Delta's claims for relief and prayer for damages are limited under 35 U.S.C. § 288 based on TQ Delta's failure to file a disclaimer with the U.S. Patent and Trademark Office of at least one invalid claim of the Asserted Patents before commencement of this lawsuit.

### EIGHTH DEFENSE
**(Injunctive Relief Unavailable)**

TQ Delta is not entitled to injunctive relief because, at a minimum, TQ Delta has an adequate remedy at law and because TQ Delta's claims otherwise fail to meet the requirements for such relief, including at least that TQ Delta will not suffer irreparable harm and public policy concerns weigh against any injunctive relief.  This is particularly true because some of the Asserted Patents and claims therein have been declared by TQ Delta or its predecessor-in-interest to be standard-essential.  *See Apple Inc. v. Motorola, Inc.*, 2014 U.S. App. LEXIS 7757, at *106 (Fed. Cir. 2014).

### NINTH DEFENSE
**(Unclean Hands)**

TQ Delta's claims are barred in whole or in part by the doctrine of unclean hands.

### TENTH DEFENSE
**(Patents Unenforceable)**

The Asserted Patents are unenforceable because TQ Delta or its predecessor-in-interest had an obligation to disclose them to the ITU in the course of the standard-setting process, TQ Delta was aware of its disclosure obligations, and TQD failed to disclose the relevant patents.

### RESERVATION OF ALL DEFENSES

CommScope alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial.  CommScope therefore reserves all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

### COUNTERCLAIMS

Defendant and Counterclaimant CommScope alleges Counterclaims as follows:

### PARTIES

1.      Counterclaim Plaintiff CommScope Holding Company, Inc. is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

2.      Counterclaim Plaintiff CommScope Inc. is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

3.      Counterclaim Plaintiff ARRIS US Holdings, Inc. is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

4.      Counterclaim Plaintiff ARRIS Solutions, Inc. is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

5.      Counterclaim Plaintiff ARRIS Technology, Inc. is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

6.      Counterclaim Plaintiff ARRIS Enterprises LLC is a Delaware corporation with its principal place of business at 1100 CommScope Place SE, Hickory, NC 28602.

7.      On information and belief, Counterclaim Defendant TQ Delta is a Delaware limited liability company with its principal place of business at 900 S. Capital of Texas Hwy., Suite 150, Austin, Texas 78746.

## JURISDICTION

8.      This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.  This Court has supplemental jurisdiction over CommScope's state law claims because such claims arise from a common nucleus of facts as the federal patent claims raised.

9.      By filing its lawsuit against CommScope, TQ Delta has consented to the personal jurisdiction of this Court.

10.      CommScope submits that, in the interest of justice, this case properly belongs in the District of Delaware.  Permitting this case to proceed in this District while other cases filed by TQ Delta asserting several of the same patents proceed in Delaware leads to the wastefulness of time, energy, and money that 28 U.S.C. § 1404(a) was designed to prevent.  To the extent the underlying action brought by TQ Delta against CommScope proceeds in this District, then venue as to these Counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because TQ Delta has consented to the personal jurisdiction of this Court and because the facts and circumstances alleged in these Counterclaims are related to the facts and circumstances alleged in the Complaint.

11.     In the Complaint, TQ Delta asserts claims against CommScope for infringement of the Asserted Patents and asserts that the Asserted Patents are valid.

12.     In CommScope's Answer and Affirmative Defenses to TQ Delta's Complaint, CommScope denies TQ Delta's claims of infringement of the patents asserted in the Complaint and alleges that such patents are invalid.

13.     An actual controversy has arisen and now exists between CommScope and TQ Delta as to the non-infringement and invalidity of the patents asserted in the Complaint.

## FACTUAL ALLEGATIONS

14.     In its Complaint, TQ Delta alleges that CommScope has infringed one or more claims of U.S. Patent Nos. 7,453,881 ("the '881 Patent"); 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,276,048 ("the '048 Patent"); 8,462,835 ("the '835 Patent"); 8,468,411 ("the '411 Patent"); 8,937,988 ("the '988 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,485,055 ("the '055 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, "the Asserted Patents").  TQ Delta purports to be the owner of the Asserted Patents.

15.     TQ Delta alleges that the Asserted Patents relate to digital subscriber line ("DSL") technology and that the use of one or more claims of the Asserted Patents is required in order to implement certain ITU standards.

16.     CommScope manufactures customer equipment that is compatible with certain ITU DSL-related standards.

17.     As a member of the ITU, TQ Delta or its predecessor-in-interest in the Asserted Patents has made contractual commitments to the ITU to license its allegedly standard-essential patents on terms that are fair, reasonable, and non-discriminatory or reasonable and demonstrably

free of unfair discrimination (hereinafter, "FRAND").  The ITU's Common Patent Policy seeks from holders of allegedly essential patents declarations that they are prepared to grant licenses either "free of charge" or "on a non-discriminatory basis on reasonable terms and conditions." Where a patent holder refuses to make such a declaration and indicates that it is not willing to license under FRAND terms, "the Recommendation/Deliverable shall not include provisions depending on the patent."

18.     When a patentee voluntarily commits to allow manufacturers willing to take a license on FRAND terms to practice its allegedly essential patents under FRAND terms and conditions, it agrees to permit use of the allegedly essential patent on FRAND terms creates enforceable contractual obligations and rights.

19.     These contractual rights and obligations are enforceable by willing patentees who are third-party beneficiaries of the agreements between the patentee and the ITU.

20.     Prior to the filing of this lawsuit, TQ Delta and CommScope engaged in negotiations centered around CommScope licensing some or all of TQ Delta's patent portfolio. As part of those negotiations, TQ Delta never made a license offer under FRAND terms for its patent portfolio to CommScope.

21.     On August 13, 2021, and without notice, TQ Delta filed this lawsuit against CommScope in the United States District Court for the Eastern District of Texas.

22.     TQ Delta previously filed suit in 2013 against 2Wire, Inc. in the United States District Court for the District of Delaware, asserting infringement of many of the same patents in this case.  *See TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835-RGA (D. Del.).  2Wire is now owned by CommScope Holding Company, Inc., though CommScope did not acquire 2Wire until years after TQ Delta first filed suit in Delaware.

23.     TQ Delta's filing of this action appears to be a tactical effort designed to create leverage to force CommScope to take a license to TQ Delta's patents on non-FRAND licensing terms.  In fact, immediately after the filing of this lawsuit, TQ Delta reached out to CommScope to continue licensing discussions.

## COUNTERCLAIM I
### (Declaratory Judgment of Noninfringement of the '881 Patent)

24.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

25.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '881 Patent.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '881 Patent.

## COUNTERCLAIM II
### (Declaratory Judgment of Noninfringement of the '686 Patent)

27.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

28.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '686 Patent.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '686 Patent.

**COUNTERCLAIM III**
**(Declaratory Judgment of Noninfringement of the '882 Patent)**

30.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

31.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '882 Patent.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '882 Patent.

**COUNTERCLAIM IV**
**(Declaratory Judgment of Noninfringement of the '008 Patent)**

33.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

34.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '008 Patent.

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '008 Patent.

**COUNTERCLAIM V**
**(Declaratory Judgment of Noninfringement of the '048 Patent)**

36.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

37.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '048 Patent.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '048 Patent.

## COUNTERCLAIM VI
### (Declaratory Judgment of Noninfringement of the '835 Patent)

39.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

40.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '835 Patent.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '835 Patent.

## COUNTERCLAIM VII
### (Declaratory Judgment of Noninfringement of the '411 Patent)

42.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

43.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '411 Patent.

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '411 Patent.

## COUNTERCLAIM VIII
### (Declaratory Judgment of Noninfringement of the '988 Patent)

45.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

46.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '988 Patent.

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '988 Patent.

**COUNTERCLAIM IX**
**(Declaratory Judgment of Noninfringement of the '348 Patent)**

48.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

49.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '348 Patent.

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '348 Patent.

**COUNTERCLAIM X**
**(Declaratory Judgment of Noninfringement of the '354 Patent)**

51.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

52.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '354 Patent.

53.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '354 Patent.

## COUNTERCLAIM XI
### (Declaratory Judgment of Noninfringement of the '055 Patent)

54.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

55.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '055 Patent.

56.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '055 Patent.

## COUNTERCLAIM XII
### (Declaratory Judgment of Noninfringement of the '112 Patent)

57.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

58.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '112 Patent.

59.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '112 Patent.

## COUNTERCLAIM XIII
### (Declaratory Judgment of Noninfringement of the '809 Patent)

60.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

61.     CommScope has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '809 Patent.

62.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CommScope requests a declaration that CommScope has not infringed (directly or indirectly) any claim of the '809 Patent.

## COUNTERCLAIM XIV
### (Declaratory Judgment of Invalidity of the '881 Patent)

63.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

64.     The claims of the '881 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XV
### (Declaratory Judgment of Invalidity of the '686 Patent)

65.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

66.     The claims of the '686 Patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XVI
### (Declaratory Judgment of Invalidity of the '882 Patent)

67.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

68.     The claims of the '882 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XVII
### (Declaratory Judgment of Invalidity of the '008 Patent)

69.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

70.     The claims of the '008 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

**COUNTERCLAIM XVIII**
**(Declaratory Judgment of Invalidity of the '048 Patent)**

71.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

72.     The claims of the '048 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

**COUNTERCLAIM XIX**
**(Declaratory Judgment of Invalidity of the '835 Patent)**

73.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

74.     The claims of the '835 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

**COUNTERCLAIM XX**
**(Declaratory Judgment of Invalidity of the '411 Patent)**

75.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

76.     The claims of the '411 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

**COUNTERCLAIM XXI**
**(Declaratory Judgment of Invalidity of the '988 Patent)**

77.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

78.     The claims of the '988 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXII
**(Declaratory Judgment of Invalidity of the '348 Patent)**

79.      CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

80.      The claims of the '348 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXIII
**(Declaratory Judgment of Invalidity of the '354 Patent)**

81.      CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

82.      The claims of the '354 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXIV
**(Declaratory Judgment of Invalidity of the '055 Patent)**

83.      CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

84.      The claims of the '055 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXV
**(Declaratory Judgment of Invalidity of the '112 Patent)**

85.      CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

86.      The claims of the '112 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXVI
### (Declaratory Judgment of Invalidity of the '809 Patent)

87.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

88.     The claims of the '809 Patent are invalid for failure to meet the requirements of one or more sections of 35 §§ U.S.C. 101 *et seq.* and/or Title 37 of the Code of Federal Regulations.

## COUNTERCLAIM XXVII
### (Breach of Contract)

89.     CommScope incorporates by reference the allegations of each foregoing paragraph as though fully set forth herein.

90.     TQ Delta entered into express of implied contractual communication with ITU and its members, affiliates and adopters relating to DSL Standards.   TQ Delta's irrevocable undertakings to the ITU, and manufacturers of standard-compliant products, to permit use of its allegedly essential patents, including the Asserted Patents, by manufacturers like CommScope on FRAND terms created contractual agreements.

91.     Each third party that would potentially implement the DSL-related technology was an intended beneficiary of those contracts.  Specifically, TQ Delta's undertakings to the ITU create binding and enforceable agreements that CommScope is entitled to enforce either as a party or a third-party beneficiary.

92.     TQ Delta was contractually obligated, among other things, to grant licenses to its identified patents consistent with the applicable patent policy of the standards and bylaws of the ITU.

93.     TQ Delta breached its contractual commitments when it (i) failed to grant any necessary licenses to CommScope on FRAND terms and conditions; (ii) failed to seek a determination of FRAND license terms and conditions from a competent court or tribunal; and

(iii) prosecuted this infringement action seeking a permanent injunction.  In doing so, TQ Delta has also violated the implied covenant of good faith and fair dealing that adheres to every contract.

94.     TQ Delta again breached these contracts by filing this patent infringement action seeking to enjoin CommScope's implementation of the technology of the allegedly "essential" patents and to exclude CommScope from, among other things, importing or selling products that implement such technology.  To the extent this technology is actually necessary to implementation of the relevant standards, TQ Delta was obligated to grant licenses to CommScope on FRAND terms.

95.     As a result of TQ Delta's contractual breaches, CommScope has been injured in its business or property, and is threatened by imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

96.     CommScope will suffer irreparable injury by reason of the acts, practices, and conduct of TQ Delta alleged above until and unless the Court enjoins such acts, practices, and conduct.  CommScope has no adequate remedy at law for TQ Delta's breach of its contractual obligations.

97.     Among other things, CommScope is entitled to a preliminary and permanent injunction prohibiting TQ Delta from enforcing its allegedly "essential" patents against CommScope, or from excluding CommScope from implementing the technology allegedly embodied in those patents.

98.     CommScope seeks an award of specific performance requiring TQ Delta to submit to CommScope a license offer that is capable of acceptance by CommScope for a license on FRAND terms and conditions determined by the Court for the Asserted Patents.

99.     In the event that the Court does not order TQ Delta to make CommScope an offer capable of acceptance for a license to the Asserted Patents on FRAND terms, CommScope seeks an award of specific performance requiring TQ Delta to submit to CommScope a license offer that is capable of acceptance by CommScope for a license on FRAND terms and conditions determined by the Court for TQ Delta's portfolio of United States patents that TQ Delta has alleged are essential to ITU standards.

100.    As a direct and proximate result of TQ Delta's failure to abide by its contractual obligations and instead file the instant lawsuit, CommScope has been forced to expend money in the form of attorneys' fees and related litigation costs.  CommScope also seeks monetary damages in the amount equal to the attorneys' fees and related litigation costs that it has incurred in defending against the allegations in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, CommScope respectfully requests that the Court grant the following relief:

A.      Judgment in CommScope's favor on each Counterclaim;

B.      A declaration that this is an exceptional case under 35 U.S.C. § 285;

C.      An award of attorneys' fees and costs in this action, including pre-judgment interest thereon, under 35 U.S.C. § 285 and/or any other applicable statute or rule;

D.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '881 patent;

E.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '686 patent;

F.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '882 patent;

G.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '008 patent;

H.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '048 patent;

I.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '835 patent;

J.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '411 patent;

K.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '988 patent;

L.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '348 patent;

M.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '354 patent;

N.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '055 patent;

O.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '112 patent;

P.      A declaration that CommScope does not infringe, directly or indirectly, any valid and enforceable claim of the '809 patent;

Q.      A declaration that the '881 patent and its asserted claims are invalid;

R.      A declaration that the '686 patent and its asserted claims are invalid;

S.      A declaration that the '882 patent and its asserted claims are invalid;

T.     A declaration that the '008 patent and its asserted claims are invalid;

U.     A declaration that the '048 patent and its asserted claims are invalid;

V.     A declaration that the '835 patent and its asserted claims are invalid;

W.    A declaration that the '411 patent and its asserted claims are invalid;

X.     A declaration that the '988 patent and its asserted claims are invalid;

Y.     A declaration that the '348 patent and its asserted claims are invalid;

Z.     A declaration that the '354 patent and its asserted claims are invalid;

AA.   A declaration that the '055 patent and its asserted claims are invalid;

BB.   A declaration that the '112 patent and its asserted claims are invalid;

CC.   A declaration that the '809 patent and its asserted claims are invalid;

DD.   Enter judgment that TQ Delta is liable for breach of contract;

EE.   Enter judgment decreeing that CommScope is entitled to license any and all patents that fall within TQ Delta's commitments to the ITU in relation to DSL-related technology, on a fair and nondiscriminatory basis on reasonable terms and conditions;

FF.   Monetary damages in an amount to be determined at trial; and

GG.   Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CommScope demands a trial by jury of all issues so triable.


Dated this 22nd day of October, 2021                Respectfully submitted,

                                                    By: */s/ Eric H. Findlay*
                                                    Eric H. Findlay
                                                    State Bar No. 00789886
                                                    Brian Craft
                                                    State Bar No. 04972020

FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 22nd day of October, 2021, counsel of record are being served with a copy of this document via CM/ECF electronic service.

*/s/ Eric H. Findlay*
Eric H. Findlay