IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, § § § *Plaintiff,* § § v. § § COMMSCOPE HOLDING § COMPANY, INC., COMMSCOPE § INC., ARRIS INTERNATIONAL § LIMITED, ARRIS GLOBAL LTD., § ARRIS US HOLDINGS, INC., ARRIS § SOLUTIONS, INC., ARRIS § TECHNOLOGY, INC., and ARRIS § ENTERPRISES, LLC, § § *Defendants.* § § | | Civil Action No. 2:21-cv-310-JRG<br><br>JURY TRIAL DEMANDED<br><br>LEAD CASE |
| TQ DELTA, LLC, § § § *Plaintiff,* § § v. § § NOKIA CORP., NOKIA SOLUTIONS § AND NETWORKS OY, and NOKIA § OF AMERICA CORP. § § *Defendants.* § | | Civil Action No. 2:21-cv-309-JRG<br><br>JURY TRIAL DEMANDED<br><br>MEMBER CASE |

**TQ DELTA, LLC'S NOTICE OF READINESS FOR SCHEDULING CONFERENCE**

Pursuant to the Court's Standing Order Regarding Readiness for Status Conference, Plaintiff TQ Delta, LLC hereby notifies the Court that TQ Delta believes this case will be ready for the November, 2021 scheduling conference. Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc.,

and ARRIS Enterprises, LLC (the "CommScope Defendants") filed their Answer to Plaintiff's Original Complaint for Patent Infringement, Affirmative Defenses, and Counterclaims on October 22, 2021 (Dkt 17).  The reason the CommScope Defendants' answer date is October 22, 2021, is due to them receiving the full 45-day courtesy extension to answer permitted by the Court.  *See* Dkts. 13, 16.  The Commscope Defendants original answer date was in early September.

Plaintiff TQ Delta, LLC's Notice of Dismissal Without Prejudice of ARRIS International Limited and ARRIS Global Ltd., Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Dkt 15) is currently pending before the Court.

The Commscope Defendants do not plan on filing an opposition to a request by TQ Delta requesting a November scheduling conference but do not join in the request. The CommScope Defendants take no position one way or the other.

Defendant Nokia of America Corp. filed its Motion to Dismiss Under Rule 12(b)(6) for Failure to Plead Compliance with the Actual Notice and Marking Requirements of 35 U.S.C. § 287(a) on October 22, 2021(Dkt 20).  Defendants Nokia Corp. and Nokia Solutions and Networks Oy's Answers to Plaintiff's Original Complaint for Patent Infringement are due November 22, 2021.

The reason Nokia of America Corp.'s answer date is October 22, 2021, is due to it receiving the full 45-day courtesy extension to answer permitted by the Court.  *See* Dkts. 9, 18.  Nokia of America's original answer date was in early September.  TQ Delta believes that courtesy extensions to Nokia of America should not be used to delay the scheduling of this case.

That applies to the foreign Nokia Defendants, Nokia Solutions and Networks Oy, as well. After TQ Delta brought suit, Nokia's counsel requested a stipulation to dismiss the foreign Nokia Defendants.  TQ Delta's counsel provided a draft stipulation on September 7, 2021.  After

following up on the stipulation without response, Nokia's counsel responded on September 23, 2021. Counsel stated that Nokia would not address the stipulation—which it requested—until closer to the November 22, 2021 deadline for the foreign Nokia Defendants to answer. Nokia's counsel then stated that it would oppose TQ Delta's request to schedule this case for the November conference based on the November 22, 2021 deadline for the foreign Nokia Defendants.

TQ Delta requests that the Court not let Nokia's tactics further delay scheduling this case. The foreign Nokia Defendants are represented by the same counsel as Nokia of America. *See, e.g.*, Dkts. 13 and 14 (showing same Alston & Bird counsel executing waivers for Nokia Corporation and Nokia Networks and Solutions Oy that represents Nokia of America). Nokia's counsel stated that the foreign Nokia Defendants are not involved in Nokia's U.S.-based activities such that Nokia of America is the proper defendant in this case. TQ Delta thus expects that the parties will request dismissal of the foreign Nokia Defendants pursuant to a stipulation that ensures that the absence of the foreign Nokia Defendants will not impair TQ Delta's ability to prosecute this case or collect a judgment. This is consistent with recent patent cases in which the parties have agreed to dismiss the foreign Nokia Defendants.[1] At a minimum, TQ Delta does not expect the foreign Nokia Defendants—who, again, are represented by the same lawyers as Nokia of America—to have a unique role such that their refusal to enter into a stipulation before late November should further delay the scheduling of this case.

---

[1] *See, e.g.*, *Collision Communications, Inc. v. Nokia Corp.*, No. 2:21-CV-308 (E.D. Tex. Sept. 2, 2021) (Dkt. 19) (granting unopposed motion to dismiss Nokia Corporation without prejudice); *Godo Kaisha IP Bridge 1 v. Nokia Corp.*, No. 2:21-CV-215 (Dkt. 16) (unopposed motion to dismiss Nokia Corporation without prejudice); *Sable Networks, Inc. v. Nokia Corp.*, No. 6:20-CV-808 (W.D. Tex. Dec. 2, 2020) (Dkt. 33) (granting unopposed motion to dismiss Nokia Corporation without prejudice); *Castlemortion Wireless, LLC v. Nokia Corp.*, No. 6:20-CV-37 (W.D. Tex. Mar. 23, 2020) (Text Order) (granting unopposed motion to dismiss Nokia Corporation and Nokia Solutions and Networks Oy without prejudice).

Defendant Nokia of America Corp.'s Motion to Dismiss (Dkt 20) is currently pending before the Court.

As stated above, counsel for TQ Delta has conferred with counsel for Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America.  They oppose setting this case for the November scheduling conference.

1. Related cases previously filed or pending in the Eastern District of Texas involving the same patents are as follows: There are currently no related cases previously filed or pending in the Eastern District of Texas;

2. The patents at issue in lead and member cases are as follows: 7,453,881; 7,570,686; 7,844,882; 8,090,008; 8,276,048; 8,462,835; 8,468,411; 8,495,473; 8,594,162; 8,595,577; 8,937,988; 9,014,193; 9,094,348; 9,154,354; 9,300,601; 9,485,055; 9,547,608; 9,894,014; 10,044,473; 10,409,510; 10,567,112 and 10,833,809;

3. There are currently no related *Markman* hearing dates or trial dates.

Dated: October 25, 2021

Respectfully submitted,

By:  /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

**CERTIFICATE OF CONFERENCE**

The undersigned certifies counsel for TQ Delta has conferred with counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC.  Defendants stated that Defendants do not plan on filing an opposition to a request by TQ Delta requesting a November scheduling conference but do not join in the request.  Defendants likewise stated that TQ Delta's request should not indicate that it is unopposed. Defendants stated that they take no position one way or the other.

/s/ Christian Hurt<br>Christian Hurt

**CERTIFICATE OF CONFERENCE**

The undersigned certifies counsel for TQ Delta has conferred with counsel for Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America.  Defendants stated that they oppose setting this case for the November scheduling conference.

/s/ Christian Hurt<br>Christian Hurt

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed

to have consented to electronic service will be served with a true and correct copy of the foregoing by email on October 25, 2021.

/s/ Christian Hurt
Christian Hurt