# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>        *Defendants*. | Civil Action No.: 2:21-cv-310 |

## DEFENDANTS' OPPOSED MOTION TO TRANSFER VENUE TO THE
## <u>DISTRICT OF DELAWARE</u>

**TABLE OF CONTENTS**

Page

I. INTRODUCTION. ................................................................................................................. 1

II. FACTUAL BACKGROUND. ............................................................................................... 2

    A. The Parties. .................................................................................................................. 2

    B. This Litigation. ............................................................................................................. 3

    C. Related Ongoing Litigation in the District of Delaware. .............................................. 3

        1. TQ Delta's Lawsuit Against 2Wire. ................................................................. 3

        2. TQ Delta's Lawsuits Against Other DSL Equipment Manufacturers. ............................................................................................... 6

III. LEGAL STANDARD. ........................................................................................................... 6

IV. THE DISTRICT OF DELAWARE IS A CLEARLY MORE CONVENIENT FORUM THAN THIS DISTRICT. ........................................................................................ 7

    A. This Case Could Have Been Filed in the District of Delaware. ................................... 8

    B. The Delaware Court's Years of Work Relating to Six of the Patents-in-Suit Weighs Heavily in Favor of Transfer. ................................................................. 8

    C. The Private Interest Factors Favor Transfer to the District of Delaware. .................... 9

        1. Relative Ease of Access to Source of Proof. ................................................... 9

        2. Availability of Compulsory Process. ............................................................. 10

        3. Cost of Attendance for Willing Witnesses. ................................................... 11

        4. There Are No Practical Problems Associated with Transfer to the District of Delaware. .................................................................................... 11

    D. The Public Interest Factors Weigh in Favor of Transfer. ........................................... 12

V. CONCLUSION. .................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple*,
  979 F.3d 1332 (Fed. Cir. 2020) ............................................................................................... 7

*Associated Recovery, LLC v. Butcher*,
  No. 2:16-cv-00126-JRG-RSP, 2017 WL 497576 (E.D. Tex. Feb. 7, 2017) ............................. 9

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... 9, 10, 13

*In re Hoffmann–La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ............................................................................................. 12

*Implicit, LLC v. Trend Micro, Inc.*,
  No. 6:16-CV-00080-JRG, 2016 WL 9245067 (E.D. Tex. Sept. 1, 2016) ................................ 9

*Princeton Digital Image Corp. v. Facebook, Inc.*,
  No. 2:11-CV-400-JRG, 2012 WL 3647182 (E.D. Tex. Aug. 23, 2012) .................................. 8

*Quest NetTech Corp. v. Apple, Inc.*,
  No. 2:19-CV-00118-JRG, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019) ............................ 12

*Seven Networks, LLC v. Google LLC*,
  No. 2:17-CV-00442, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) .................................... 12

*TiVo Inc. v. Cisco Sys., Inc.*,
  No. 2:12-CV-311-JRG, 2012 WL 3307407 (E.D. Tex. Aug. 13, 2012) .................................. 8

*Unicorn Energy GMBH v. Tesla, Inc.*,
  No. 2:20-CV-00338-JRG, 2021 WL 4034515 (E.D. Tex. Sept. 3, 2021) ............................. 10

*In re Volkswagen of Am. Inc.*,
  545 F.3d 304 (5th Cir. 2008) ............................................................................................. 6, 9

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ............................................................................................... 2

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................. *passim*

**Other Authorities**

Local Rule CV-7 ............................................................................................................................ 1

I.      **INTRODUCTION.**

Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") move to transfer this case to the District of Delaware under 28 U.S.C. § 1404(a).[1]

This case is a textbook example of forum shopping by Plaintiff TQ Delta, LLC ("TQ Delta"). Since November 2013, and continuing through the present, TQ Delta has been litigating several cases in the District of Delaware on six of the same patents it is asserting in this case against CommScope.[2] The Delaware cases against 2Wire, Inc. (still pending; 2Wire is now a CommScope subsidiary), ADTRAN, Inc. (still pending), Zhone Technologies, Inc. (resolved in December 2017), and ZyXEL Communications, Inc. (resolved in January 2020) all have been assigned to the Honorable Richard G. Andrews. Each of the Delaware cases involve even more TQ Delta patents than the 13 patents TQ Delta is asserting against CommScope in this case. Since November 2013, Judge Andrews has issued more than 10 claim construction orders (corresponding to ten families of TQ Delta patents, with more than one order for some families), resolved multiple competing dispositive motions for at least five different patent families (including granting summary judgment for defendants on some of the same patents asserted in this case against CommScope), and conducted two jury trials on patents asserted in this case against CommScope.

Based on Judge Andrews' extensive history with TQ Delta and its patent portfolio, including six of the specific patents asserted by TQ Delta against CommScope in this case, it would

---

[1] On November 11, 2021, counsel for the parties conferred in a good-faith attempt to resolve this motion by agreement, as set forth in L.R. CV-7. This motion is opposed because TQ Delta does not agree to transfer the case to District of Delaware.

[2] The cases before Judge Andrews in Delaware are: (1) *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-cv-01835-RGA (D. Del.); (2) *TQ Delta, LLC v. Zhone Technologies, Inc.*, No. 13-cv-01836-RGA (D. Del.); (3) *TQ Delta, LLC v. ZyXEL Communications, Inc.*, No. 13-cv-02013-RGA (D. Del.); and (4) *TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-cv-00954-RGA (D. Del.).

1

be far more convenient to litigate this case in the District of Delaware than in this Court. Judge Andrews has acquired significant familiarity with the patents and technology, and judicial economy weighs heavily in favor of transfer. *See, e.g.*, *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.").

Furthermore, all defendants in this case are Delaware corporations or LLCs, with their principal places of business in Hickory, North Carolina. Plaintiff TQ Delta, LLC ("TQ Delta") is a Delaware limited liability company, with its principal place of business in Austin, Texas. No potential witnesses, either party witnesses or third party witnesses, are located within this District. Nor does TQ Delta allege that it has any connections to the Eastern District of Texas in its complaint. Thus, this case has no ties to the Eastern District of Texas aside from the fact that TQ Delta chose to file suit here. Therefore, as explained below, all private and public interest factors favor transfer.

**II.     FACTUAL BACKGROUND.**

   **A.     The Parties.**

CommScope is a global provider of infrastructure solutions for both wired and wireless broadband networks. Declaration of James D. Shead ("Shead Decl.") (attached as Ex. A), ¶ 2. CommScope has approximately 33,900 employees worldwide. *Id.*

CommScope has a facility in Richardson, Texas. As of the beginning of November 2021, 272 employees and 6 independent contractors were assigned to that facility. *Id.*, ¶ 3. None of those employees or independent contractors are likely trial witnesses. None of them are involved in the design or development of DSL products, including, in particular, the accused products in this case. *Id.*

TQ Delta is a patent assertion entity. It is a Delaware limited liability corporation. D.I. 1, ¶ 2. TQ Delta has no connection to the Eastern District of Texas.

**B.    This Litigation.**

On August 13, 2021, TQ Delta filed suit against CommScope, alleging that CommScope infringes U.S. Patents Nos. 7,453,881 ("the '881 Patent"); 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,276,048 ("the '048 Patent"); 8,462,835 ("the '835 Patent"); 8,468,411 ("the '411 Patent"); 8,937,988 ("the '988 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,485,055 ("the '055 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, "the Patents-in-Suit") by importing into the United States, or using, selling, or offering for sale in the United States certain digital subscriber line ("DSL") equipment. D.I. 1, ¶ 2. According to TQ Delta, all of the asserted claims of the Patents-in-Suit relate to DSL standards, including ADSL2/2+, VDSL2, G.bond, G.inp, G.vector, and G.fast. D.I. 1, ¶ 34. The Patents-in-Suit were either originally assigned to Aware, Inc. or claim priority to applications filed by Aware, but are now assigned to TQ Delta. D.I. 1, ¶ 28.

CommScope answered the complaint on October 22, 2021. D.I. 17. A scheduling conference is set for November 18, 2021. D.I. 27.

**C.    Related Ongoing Litigation in the District of Delaware.**

**1.    TQ Delta's Lawsuit Against 2Wire.**

On November 4, 2013, TQ Delta filed suit against Pace Americas, Inc. ("Pace") in the District of Delaware. Pace's subsidiary, 2Wire, Inc. ("2Wire"), was later added to the case because 2Wire, not Pace, was the entity manufacturing and selling DSL gateways accused by TQ Delta of infringing its patents. In the operative Third Amended Complaint in that case, TQ Delta alleges that 2Wire infringes 24 total patents relating to DSL technology, including, in particular, six

3

overlapping patents asserted in this case—the '008, '881, '686, '835, '882, and '048 Patents. *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-cv-01835-RGA (D. Del.), D.I. 380.

On April 4, 2019, CommScope Holding Company, Inc. acquired 2Wire. D.I. 17, Counterclaims, ¶ 22; No. 13-cv-01835-RGA (D. Del.), D.I. 1125 (amended corporate disclosure statement).

For case management purposes, Judge Andrews broke up the 24 patents asserted against 2Wire in the Delaware case into six different patent "families." The six overlapping patents asserted in both cases fall into the following families in the *2Wire* litigation in Delaware:

- Family 1 – '686 Patent
- Family 2 – '881 Patent
- Family 3 – '048 and '882 Patents
- Family 4 – '008 Patent
- Family 6 – '835 Patent

The parties in the *2Wire* case have engaged in extensive litigation for each of the six families in Delaware, including for the patents listed above.

For Family 1, Judge Andrews issued a claim construction order on Family 1, including for the '686 Patent. No. 13-cv-01835-RGA (D. Del.), D.I. 477 (Ex. 1[3]). Following additional proceedings on the '686 Patent specifically, including an evidentiary hearing involving multiple expert witnesses, Judge Andrews invalidated the asserted claim of the '686 Patent and denied TQ Delta's request to substitute new claims. *Id.*, D.I. 477 at 17–24. Judge Andrews ultimately granted summary judgment for 2Wire on the only Family 1 patent remaining in the case against 2Wire. *Id.*, D.I. 1028 (Ex. 2).

---

[3] All exhibits are attached to the Declaration of Andrew S. Ong ("Ong Decl.") submitted herewith.

4

For Family 2, Judge Andrews issued an opinion construing claims of the Family 2 patents, including the '881 Patent asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 486 (Ex. 3). The court also ruled on the parties' competing summary judgment motions, all relating to two asserted claims of the same '881 Patent asserted here. *Id.*, D.I. 1058 (Ex. 4). The court subsequently held a jury trial on infringement and invalidity of the asserted claims of the '881 Patent, entering judgment in TQ Delta's favor after the jury returned its verdict. *Id.*, D.I. 1276 (Ex. 5). The court also ruled on 2Wire's motion for judgment as a matter of law or, in the alternative, for a new trial for Family 2. *Id.*, D.I. 1354 (Ex. 6).

For Family 3, Judge Andrews issued an opinion construing claims of the Family 3 patents, including the '048 and '882 Patents asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 445 (Ex. 7). The court further ruled on the parties' competing summary judgment motions, again addressing the '048 and '882 Patents. *Id.*, D.I. 1106 (Ex. 8). The court subsequently held a jury trial on infringement and invalidity of the asserted claims of the Family 3 patents, including the '048 and '882 Patents, entering judgment in TQ Delta's favor after the jury returned its verdict. *Id.*, D.I. 1188 (Ex. 9). The court also ruled on 2Wire's motion for judgment as a matter of law or, in the alternative, for a new trial for Family 3. *Id.*, D.I. 1239 (Ex. 10).

For Family 4, the Delaware court issued a claim construction order construing claims of the Family 4 patents, including the '008 Patent asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 473 (Ex. 11). The court subsequently ruled on the parties' summary judgment motions, denying all such motions. *Id.*, D.I. 1585 (addressing infringement) (Ex. 12); D.I. 1589 (addressing invalidity) (Ex. 13). There is currently no set trial date for the Family 4 patents.

For Family 6, the court in Delaware issued a claim construction order construing claims of the Family 6 patents, including the '835 Patent asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 535 (Ex. 14). The court has ruled on the parties' summary judgment motions, granting TQ Delta's motion for summary judgment of infringement of the '835 Patent and denying the parties' motions as to invalidity of the '835 Patent. *Id.*, D.I. 1567 (infringement) (Ex. 15); D.I. 1580 (invalidity) (Ex. 16). There is currently no set trial date for Family 6.

### 2. TQ Delta's Lawsuits Against Other DSL Equipment Manufacturers.

Around the same time that it filed the lawsuit against 2Wire, TQ Delta also filed lawsuits on many of the same patents against several other DSL equipment manufacturers: Zhone Technologies, Inc. ("Zhone"), No. 13-cv-01836-RGA (D. Del.); ZyXEL Communications, Inc. ("ZyXEL"), No. 13-cv-02013-RGA (D. Del.); and ADTRAN, Inc. ("ADTRAN"), No. 14-cv-00954-RGA. The district court in Delaware performed extensive work in those cases as well. While Zhone and ZyXEL settled after years of litigation, the case against ADTRAN remains pending, including for Family 2, Family 3, Family 4, and Family 6. No. 14-cv-00954-RGA, D.I. 1370 (Ex. 17).

## III. LEGAL STANDARD.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh four private and four public factors to determine whether good cause exists to transfer the matter. *Id.* at 315.

6

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The Federal Circuit has held that in applying these private factors, the first factor requires courts to look at "the ease of access to non-witness evidence, such as documents and other physical evidence," and, in applying the fourth factor, the 100-mile rule should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify." *In re Apple*, 979 F.3d 1332, 1343 (Fed. Cir. 2020). The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Each factor can favor transfer even if that factor is, standing alone, insufficient to warrant transfer. *Id.* at 1340. Further, the movant's burden is to "demonstrate that the transferee venue is clearly more convenient," not to show that "a particular private or public interest factor favors transfer." *Id.*

## IV. THE DISTRICT OF DELAWARE IS A CLEARLY MORE CONVENIENT FORUM THAN THIS DISTRICT.

Considering the public and private factors under § 1404(a), the District of Delaware is the most convenient forum for this case for reasons of judicial economy, as the District of Delaware has great familiarity with over half of the patents asserted in this case. The District of Delaware also clearly is a more convenient forum for both party witnesses and essential third-party witnesses necessary for the litigation of this case. As a result, CommScope's motion to transfer this case to the District of Delaware should be granted.

### A. This Case Could Have Been Filed in the District of Delaware.

As an initial matter, transfer is available to any venue where the case "might have been brought." 28 U.S.C. § 1404(a). TQ Delta could have filed this case in Delaware because every defendant is either a Delaware corporation or limited liability company. D.I. 17, ¶¶ 5, 6, 8, 11–14.

### B. The Delaware Court's Years of Work Relating to Six of the Patents-in-Suit Weighs Heavily in Favor of Transfer.

"The Supreme Court instructs trial courts that the existence of multiple lawsuits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice and that permitting a situation in which two cases involving the same issues are simultaneously pending in different District Courts leads to the very wastefulness of time, energy, and money that 28 U.S.C. § 1404(a) was designed to prevent." *TiVo Inc. v. Cisco Sys., Inc.*, No. 2:12-CV-311-JRG, 2012 WL 3307407, at *1 (E.D. Tex. Aug. 13, 2012) (emphasis in original) (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19 (1960)).

In light of the Supreme Court's instruction in *Continental Grain*, the Court should transfer this case to the District of Delaware because of the substantial amount of time and work that the Delaware court has spent on the six patents commonly asserted in both cases; indeed, the court has already issued claim construction orders on claims from all of the patents and even held full jury trials as to some of the patents (the '881, '048 and '882 Patents). Allowing this case to remain here while the cases against 2Wire and ADTRAN are still pending in the District of Delaware would undoubtedly lead to "the very wastefulness of time, energy, and money that 28 U.S.C. § 1404(a) was designed to prevent." *Id.*; *see also Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400-JRG, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) ("There can be no doubt that the 'claim construction process requires a thorough understanding of the technology at

8

issue, often demanding a substantial investment of time and energy.'") (citation omitted). Moreover, given the work that the Delaware court has already performed, there is a significant risk of inconsistent rulings should separate cases relating to the same patents (e.g., the '881 Patent or any of the six patents asserted in both Delaware against 2Wire and here against CommScope) proceed before two separate courts. *See, e.g.*, *Associated Recovery, LLC v. Butcher*, No. 2:16-cv-00126-JRG-RSP, 2017 WL 497576, at *13 (E.D. Tex. Feb. 7, 2017) (granting transfer and noting that, "perhaps the soundest reason for transferring this case to the Northern District of Texas is the avoidance of inconsistent rulings or judgments").

Accordingly, the paramount consideration of judicial economy weighs heavily in favor of transferring this case to the District of Delaware.

### C. The Private Interest Factors Favor Transfer to the District of Delaware.

#### 1. Relative Ease of Access to Source of Proof.

The ease of access to sources of proof is a significant factor in the transfer analysis. *See Volkswagen*, 545 F.3d at 316 ("the sources of proof requirement is a meaningful factor in the analysis"); *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (finding location of documents relevant to analysis). While electronic documents may be accessible anywhere, "physical accessibility to sources of proof continues to be a private interest factor to be considered." *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-00080-JRG, 2016 WL 9245067, at *2 (E.D. Tex. Sept. 1, 2016).

CommScope's relevant documents and physical evidence are located with the witnesses likely to have knowledge relevant to this case; such witnesses reside in Georgia, Pennsylvania, California, and Austin, Texas. Shead Decl., ¶¶ 4–5. Indeed, CommScope does not maintain any documents related to the accused products, or otherwise relevant to this case, in the Eastern District

9

of Texas. *Id.*, ¶ 5. Further, based on TQ Delta's pleadings in this matter, CommScope does not believe that TQ Delta has any sources of proof in this District either.

The fact that there is no documentary evidence located within the Eastern District of Texas, coupled with the extensive litigation of the Asserted Patents already completed in Delaware, means that the relative ease of access to sources of proof weighs in favor of transfer. *See In re Genentech Inc.*, 566 F.3d at 1345.

### 2. Availability of Compulsory Process.

This factor concerns "the transferor and transferee courts' subpoena power." *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-CV-00338-JRG, 2021 WL 4034515, at *2 (E.D. Tex. Sept. 3, 2021). This factor is typically "directed more to third-party witnesses," as "[p]arty witnesses are generally deemed to be willing witnesses." *Id.*

There are no known third-party witnesses located within the Eastern District of Texas. CommScope expects that third-party chip suppliers, such as Broadcom Corporation ("Broadcom"), will need to be subpoenaed over the course of this litigation. Broadcom is a California corporation headquartered in San Jose, California. As such, Broadcom is not resident in the Eastern District of Texas, nor is it subject to this Court's subpoena power. Broadcom has participated actively in the Delaware cases, including sending a witness to testify at one of the *TQ Delta v. 2Wire* trials, illustrating that Delaware is not an inconvenient forum for these third parties. Ong Decl., ¶ 19.

Because of the ongoing litigation in Delaware involving third-party witnesses relevant to this case, and because there are no witnesses located in the Eastern District of Texas, this factor favors transfer.

### 3. Cost of Attendance for Willing Witnesses.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.*

The convenience and cost of party witnesses to attend trial favors transfer. CommScope's witnesses that likely have relevant information reside in Georgia, Pennsylvania, California, and Austin, Texas. Shead Decl., ¶ 4. For some of those witnesses, it would be more convenient and less costly to travel to Delaware than to Texas. In its Complaint, TQ Delta makes much of the existence of a CommScope facility in Richardson, Texas. D.I. 1, ¶¶ 22–25. However, none of the employees at CommScope's Richardson, Texas facility have any relevant information regarding the accused products. Shead Decl., ¶ 3. With respect to TQ Delta's likely trial witnesses, based on witnesses that testified during the trials conducted so far in the Delaware case, none of them reside in this District. Inventor Marcos Tzannes resides in California; his brother Michael Tzannes resides in Boston, Massachusetts; TQ Delta's principals reside in Austin, Texas.

Given that all of these witnesses have previously appeared at trials conducted in the District of Delaware, TQ Delta cannot be heard to complain that it would be inconvenient for them to attend additional trials in Delaware. As such, this factor favors transfer.

### 4. There Are No Practical Problems Associated with Transfer to the District of Delaware.

There are no practical problems associated with transfer, and judicial economy strongly favors transfer to the District of Delaware. Because this case is in its early stages—with no case schedule entered and discovery yet to begin—there is no judicial economy to be gained from the Court's limited time with this case.

In contrast, the District of Delaware has already issued *Markman* opinions for six of the patents asserted here. And the '112 Patent asserted against CommScope here is a continuation of the '835 Patent construed by Judge Andrews. D.I. 1-12 at 3. In addition, three patents at issue in this case have been tried to a jury in the Delaware case, and litigation of two additional patents asserted here have proceeded through dispositive motions in Delaware. Furthermore, TQ Delta admits that all of the Patents-in-Suit are related to similar DSL technology, and that all Patents-in-Suit have the same "primary inventor." D.I. 1, ¶¶ 1, 30. Therefore, this factor weighs strongly in favor of transfer to the District of Delaware. *See* §§ II.C, IV.B, *supra*; *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019) ("[T]he existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer").

D. **The Public Interest Factors Weigh in Favor of Transfer.**

Each of the public interest factors also favor transfer or are neutral. First, the District of Delaware has a strong local interest in this dispute, as all parties involved in this litigation are Delaware corporations or limited liability companies. *See In re Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (explaining that "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor") (internal citations omitted). "There is little doubt" that a district "has a local interest in the disposition of any case involving a resident corporate party." *Seven Networks , LLC v. Google LLC*, No. 2:17-CV-00442, 2018 WL 4026760, at *14 (E.D. Tex. Aug.

15, 2018). In contrast, none of the parties are incorporated in or headquartered in the Eastern District of Texas. Thus, this factor favors transfer.

Second, the familiarity with governing law and conflict of laws factors are neutral. This case will be largely governed by federal patent law, and both this District and the District of Delaware are familiar with the federal patent laws. No issues with conflict of laws, or the application of foreign law are likely to arise in this case.

Third, any difference in the time to trial as between the two districts is also neutral. Even if it were not, this factor should be given the least weight as the Federal Circuit has held that time to trial "appears to be the most speculative" of the factors in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. On balance, the public factors favor transfer.

**V.      CONCLUSION.**

In sum, the relevant private and public factors under § 1404(a) favor transfer to the District of Delaware. Thus, CommScope respectfully requests the Court transfer this case to the District of Delaware.

Dated this 11th day of November, 2021

Respectfully submitted,

By: /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle

>GOODWIN PROCTER LLP
>100 Northern Avenue
>Boston, MA  02210
>P:  (617) 570-1000
>F:  (617) 523-1231
>dkline@goodwinlaw.com
>clarochelle@goodwinlaw.com
>
>Brett Schuman
>Rachel M. Walsh
>GOODWIN PROCTER LLP
>Three Embarcadero Center, 28th Floor
>San Francisco, CA 94111
>P:  (415) 733-6000
>F:  (415) 677-9041
>bschuman@goodwinlaw.com
>rwalsh@goodwinlaw.com
>
>Andrew Ong
>GOODWIN PROCTER LLP
>601 Marshall St.
>Redwood City, CA 94063
>P: (650) 752-3100
>F: (650) 853-1038
>aong@goodwinlaw.com
>
>***Attorney for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will serve all counsel via electronic mail.

>*/s/   Eric H. Findlay*
>Eric H. Findlay

## CERTIFICATE OF CONFERENCE

On November 11, 2021 counsel for Defendants, Brian Craft and Andrew Ong, conferred by telephone with counsel for Plaintiff, William Davis III and Christian Hurt, pursuant to Local Rule CV-7(h). Plaintiff could not agree to transfer this civil action to the District of Delaware and therefore discussions have conclusively ended in an impasse.

                                           */s/ Brian Craft*
                                           Brian Craft