# Exhibit 17



September 14, 2021

VIA CM/ECF
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 9, Room 6325
Wilmington, DE 19801

Re:   *TQ Delta, LLC v. ADTRAN, Inc.*
      C.A. No. 14-954-RGA (CONSOLIDATED)

Dear Judge Andrews,

The parties submit this joint letter in response to the Court's Oral Order requesting that the parties provide more context and a proposed case-wide schedule for the remaining patent families in the liability phase of this case. D.I. 1358. The parties first provide a summary of the status for each remaining family and then provide their proposed schedule for the remaining parts of the liability phase.

The Court divided this case into ten separate patent families. For each family, the Court has bifurcated the issues of infringement and invalidity (the "liability phase") from the remaining issues. The following five patent families remain active in this liability phase:

- Family 2 – Due to issues with access to source code that arose from the COVID-19 pandemic, the Family 2 portion of this case was continued before the parties exchanged opening expert reports. D.I. 1119. The parties believe those issues have been resolved and need a reset schedule beginning with opening expert reports.

- Family 3 – Due to similar issues, the Family 3 portion of this case was continued after the parties exchanged opening expert reports but before they exchanged rebuttal expert reports. D.I. 1284. The parties believe that those issues have also been resolved and need a reset schedule beginning with rebuttal expert reports.

- Family 4 – Currently pending before the Court is the parties' supplemental claim construction briefing for Family 4. D.I. 1294. The Court has asked the parties to schedule a time for each respective expert to testify regarding the meaning of the "phase characteristic" term. The hearing date has been continued and needs to be reset. Once the Court construes this term, which the Court recognized "possibly is case dispositive," the parties believe that further briefing may be necessary to determine what issues, if any, would remain for a Family 4 trial.

- Family 6 – The Court has granted summary judgment of infringement in Family 6, and the only issue remaining for trial is invalidity. All outstanding motions on invalidity have been resolved. Before trial, the parties need to update the proposed pretrial order and related materials. The parties have competing proposals regarding the Family 6 invalidity trial, which are set forth below.

- Family 7 – Currently pending before the Court is the parties' supplemental claim construction briefing for Family 7. D.I. 1309. The parties have already completed expert discovery, but the deadline for dispositive and *Daubert* motions and all subsequent deadlines were continued until the Court resolves the claim construction issues. D.I. 1269. Once the Court enters its claim construction order, the parties need a reset schedule beginning with opening dispositive and *Daubert* motions.

Based on the above statuses of the five remaining patent families, the parties have attached a proposed schedule at the end of this letter. The parties provide the following explanation for their proposal:

- Families 2, 3, and 7

    o *Expert Reports/Dispositive Motions* – The parties have not yet completed all expert reports and Dispositive/*Daubert* motions for these three families. For Families 2 and 3, the parties propose dates certain. But for Family 7, the parties ask that the deadline for motions be scheduled based on the date that the Court issues its supplemental claim construction order.

    o *Pretrial Order* – In the interest of efficiency and conserving resources of the Court and the parties, the parties request that a deadline for submitting the pretrial order in a given family be set after the Court resolves all dispositive and *Daubert* motions for that family. Based on experience in previous families, the issues in the pretrial order frequently overlap with the issues in dispositive and *Daubert* motions where they remain pending. The parties' proposed approach will be the most efficient and will ensure that the pretrial order focuses on the issues that will actually be tried to the jury.

    o *Trial Scheduling* – In recognition of the difficulty in scheduling trials and the likely limited availability of trial dates, the parties propose that once a family is ready for a liability trial (*i.e.* once all dispositive and *Daubert* motions have been resolved) the parties jointly propose three trial dates. The Court may then select the date that it is mostly likely able to accommodate.

- Family 6

    o *Pretrial Order* – Because the issues to be tried for Family 6 have been narrowed to only invalidity, the parties propose that the Court hold a further pretrial conference and that the parties update and submit a proposed pretrial order no later than 7 days prior to the pretrial conference.

    o *Trial Scheduling* –

        ▪ TQ Delta's position: TQ Delta proposes that the Court hold a combined liability trial for Family 3 and Family 6. Only the issue of validity remains to be tried for Family 6. Further efficiencies are gained because both patent families name the same single inventor, Marcos Tzannes, and both involve

2

DSL interleaver technology that a jury will only need to learn once. ADTRAN's opposition to this request is based on two incorrect premises. First, the Family 3 trail against 2Wire, which involved two semiconductor chips versus the single chip at issue in the ADTRAN case, lasted only 3.5 days, including closing argument. An additional 1.5 days would be ample time to add the validity case for Family 6. Second, ADTRAN's argument unjustifiably assumes that juries are incapable of rendering a fair verdict when multiple patent families and related technologies are at issue.

ADTRAN's opposition also ignores the need to efficiently use available trial weeks given the impact of the COVID-19. Due to the economies discussed above and in the interest of taking only a single trial week out of the Court's busy docket to resolve liability for two patent families, TQ Delta proposes that the Court hold a single combined trial for Family 3 and Family 6. Given that the parties' proposed schedule for Family 3 will result in the completion of dispositive motion briefing in January 2022, Family 3 should be ready for trial by Summer 2022, when ADTRAN proposes that Family 6 be tried. TQ Delta proposes that the single trial be tied to the date when Family 3 is ready for trial as provided in the table below.

- ADTRAN's position: ADTRAN proposes that, by October 29, 2021, the parties will submit three proposed trial dates for Summer 2022.[1] The Court may then select the date that it is mostly likely able to accommodate.

    ADTRAN opposes TQ Delta's proposal to combine the Family 6 invalidity trial with the Family 3 trial. As an initial matter, there would be little efficiency in a combined trial. The bulk of the liability trials will be spent on expert testimony, and both parties have retained different experts for Families 3 and 6. The addition of two more experts testifying about Family 6 (plus other fact witnesses testifying about Family 6) will significantly increase the trial time required for Family 3. Based on previous pretrial submissions and based on the length of trials in the related 2Wire litigation, a single liability trial for one family typically requires 4 to 5 trial days. Therefore, contrary to TQ Delta's suggestion, the combined trial proposed by TQ Delta could not be completed in a single week. Moreover, any efficiency gains from TQ Delta's proposal are significantly outweighed by the risks for jury confusion and prejudice to ADTRAN. The subject matter is highly technical, and the various aspects of interleaver technology at issue in Family 3 versus 6 are more likely to increase confusion and conflation between the families rather than facilitate a better understanding of the points at issue in each Family. In addition, at

---

[1] Because of the current spike in COVID-19 cases and the unpredictability about how the pandemic may progress over the winter and spring, the parties propose scheduling a trial for Summer 2022 when COVID-19 is less likely to interrupt the date. ADTRAN notes that its expert for Families 6 and 7, Bruce McNair, is in a high-risk group (as is his spouse) and has significant concerns regarding any potential travel. These concerns are less likely to impact in trial setting in summer 2022.

3

present, the Family 3 trial would address invalidity and infringement, so the jury will likely be confused why they have not heard testimony about infringement in Family 6. To the extent the jury is instructed that ADTRAN has been found to infringe Family 6, which has some overlap in interleaver technology with Family 3, that instruction would be prejudicial to ADTRAN as to both Family 3 and Family 6. This is particularly the case given that ADTRAN denies that it has ever used the Family 6 functionality and TQ Delta has no evidence that the functionality has ever been used even once by anyone in an ADTRAN product. A combined trial for Family 3 and Family 6 is therefore not efficient and would be confusing and prejudicial.

- Family 4

  - *Hearing on Markman Testimony* – The parties are conferring with their experts and each other to identify their availability for their experts to testify the weeks of November 29, 2021, December 6, 2021, or December 13, 2021. The parties will provide their availability by September 30, 2021.

  - *Supplemental Briefing* – Further briefing may be necessary after the Court's supplemental claim construction order in Family 4. The parties propose that they submit a joint letter regarding their proposals within 14 days after the Court's order.

  - *Trial Date* – Once the Court issues its supplemental claim construction order and addresses any supplemental briefing, the parties propose that they submit three proposed trial dates. The Court may then select the date that it is mostly likely able to accommodate.

|  | **Family 3** | **Family 2** | **Family 7** | **Family 6** | **Family 4** |
|---|---|---|---|---|---|
| **Opening Expert Reports** | completed | 2/4/2021 | completed | completed | completed |
| **Rebuttal Expert Reports** | 10/1/2021 | 3/11/2022 | completed | completed | completed |
| **Reply Expert Reports** | 10/22/2021 | 4/1/2022 | completed | completed | completed |
| **Completion of Expert Depositions** | 11/12/2021 | 4/22/2022 | completed | completed | completed |
| **Case Dispositive and Daubert Motions** | 12/1/2021 | 5/11/2022 | 28 days after the Court's Supplemental Claim Construction Order[2] | completed | completed*<br>*14 days after Court's Supplemental Claim Construction Order, parties to submit joint letter w/ positions on any additional briefing[2] |
| **Pretrial Order, MILs, voir dire, jury instruction, verdict forms** | 45 days after resolution of all Dispositive and *Daubert* Motions | (see left) | (see left) | 7 days before the pretrial conference, the parties will submit any updates | 45 days after the Court's resolution of any remaining briefing, the parties will submit any updates |
| **Pretrial Conf** | To be scheduled between 10 and 14 days before trial date | (see left) | (see left) | *TQ Delta's proposal:* same as Family 3<br><br>*ADTRAN's proposal:* (see left) | (see left) |
| **Trial Date** | 28 days after the Court's resolution of all Dispositive and *Daubert* | (see left) | (see left) | *TQ Delta's proposal:* same as Family 3<br><br>*ADTAN's proposal:* | 28 days after the Court's resolution of any remaining briefing, the parties will provide three proposed trial |

---

[2] In the event that the resulting deadlines for Families 7 or 4 overlap with other deadlines in this proposal, the parties agree to submit an alternative briefing schedule.

5

| | Motions, the parties will provide three proposed trial dates | | | by 10/29/2021, the parties will provide three proposed trial dates for Summer 2022 | dates |

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-File)