IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br> | §<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action 2:21-cv-310-JRG<br>(Lead Case) |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ | Civil Action No. 2:21-cv-309-JRG<br>(Member Case) |

**PLAINTIFF TQ DELTA, LLC'S RESPONSE TO
DEFENDANT NOKIA OF AMERICA CORPORATION'S MOTION TO DISMISS
UNDER RULE 12(b)(6) FOR FAILURE TO PLEAD COMPLIANCE WITH THE
<u>ACTUAL NOTICE AND MARKING REQUIREMENTS OF 35 U.S.C. 287(a)</u>**

## I. INTRODUCTION

The Court should deny Nokia's Motion. Nokia has had notice of TQ Delta's patents and its infringement since 2013. TQ Delta repeatedly provided that notice during the parties' negotiations, which continued from 2013 to this year. Nokia omits those facts and pretends that they do not exist. And, on that false predicate, Nokia seeks a drastic remedy—an outright dismissal of some patents and, for the rest, a free pass for its willful violation of TQ Delta's patent rights since 2013. TQ Delta respectfully requests that the Court see that tactic for what it is and deny Nokia's Motion. It is at least plausible that TQ Delta is entitled to pre-suit damages on this record. In the alternative, TQ Delta requests leave to amend its complaint.

## II. FACTUAL BACKGROUND

Nokia has known about TQ Delta and its patents since 2013 when TQ Delta approached Nokia's predecessor (Alcatel-Lucent) about a license. Complaint, at ¶ 31. In TQ Delta's communications, "TQ Delta identified a number of products it believed are covered by TQ Delta's patents." *Id.*; *see also id.* at ¶ 32 ("TQ Delta has been in near-continuous contact with Nokia (or its predecessors) since 2013 about its infringement.").

Here are some examples from those communications. On October 28, 2013, TQ Delta sent a letter to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] This case involves a number of digital subscriber line ("DSL") technologies. The International Telecommunications Union ("ITU") has adopted various DSL-related standards and the DSL standards are often referred to by their ITU standard number.

1

On April 1, 2014, TQ Delta sent ▮ Exh. 2, at 1. The ▮ . *Id.* at 21–61.  On March 11, 2016, TQ Delta provided ▮ . Exh. 3, at 3–6, 10–48.  After Nokia acquired Alcatel-Lucent, TQ Delta provided ▮ . Exh. 4. ▮ *Id.*

Over the eight-year-period leading up to this lawsuit, the parties also ▮

On June 29, 2018, Nokia ▮

---

2 ▮

3 ▮



Exh. 6, at 1. On May 25, 2021, TQ Delta

Exh. 7, at 1, 3–6.

TQ Delta filed this case on August 13, 2021. Nokia now moves to dismiss for failure to state a claim for pre-suit damages under 35 U.S.C. § 287(a).

### III. APPLICABLE LAW

"A complaint needs a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Estech Sys. v. Regus Mgmt. Grp.*, No. 2:20-cv-00143-JRG-RSP, 2020 U.S. Dist. LEXIS 208491, at *2-3 (E.D. Tex. Aug. 10, 2020) (quoting Fed. R. Civ. P. 8(a)(2)). This standard only requires that, to survive a motion to dismiss under Rule 12(b)(6), the complaint must provide a defendant with "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d

3

929 (2007) (ellipsis in original) (citation omitted). "[I]n the Fifth Circuit, '[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.'" *Id.* (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)) (internal quotation omitted).

IV.     **ARGUMENT**

    A.     **TQ Delta Has Plead a Plausible Claim That it is Entitled to Pre-Suit Damages**

TQ Delta's Complaint contains sufficient facts that it is plausible that TQ Delta is entitled to pre-suit damages. The Complaint points to the long history between the parties and Nokia's knowledge of its infringement:

> Nokia has known about the TQ Delta Patents and its infringement since prior to filing of this Complaint. TQ Delta first contacted Nokia's predecessor (Alcatel-Lucent) in 2013 to initiate licensing discussions. TQ Delta has had near-continuous communications with Alcatel-Lucent (and then Nokia) since that time, including attending multiple in-person meetings. In multiple correspondences, TQ Delta identified a number of products it believed are covered by TQ Delta's patents. . . .

Complaint, at ¶ 31; *see also id.* at ¶ 260 (referring to five offers TQ Delta made to Nokia). Nokia ignores these facts in its Motion. But, taken as true, these allegations are sufficient to defeat Nokia's pleadings challenge. *See, e.g.*, *Estech*, 2020 U.S. Dist. LEXIS 208491, at *10 (denying motion to dismiss pre-suit damages under Section 287(a) where the complaint merely stated that the plaintiff had "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '928 [sic] patent"); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 U.S. Dist. LEXIS 242904, at *10 (E.D. Tex. Oct. 16, 2018) ("The Federal Circuit has held that pleading infringement to be 'willful and with full knowledge' is sufficient to plead constructive notice of compliance with the marking statute.") (quoting *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).

4

▇▇▇▇▇▇▇▇▇▇

TQ Delta's allegations are based on extensive materials—also in Nokia's possession—in which TQ Delta provided notice of the Patents and Nokia's infringement.  Nokia pretends that those documents do not exist.  It ignores ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Nokia instead asserts that "Defendants were not given actual notice of alleged infringement of each of the Asserted Patents." Mot. at 1.  That statement is false.  For example, Nokia seeks to dismiss the '008 Patent in its entirety because the patent recently expired and Nokia claims it was not "given actual notice of alleged infringement" prior to this Lawsuit.  Mot. at 1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Exh. 2, at 45 (highlighting added, header row added for clarity).

5

TQ Delta's infringement allegations in this case ███ ███ ███████. TQ Delta alleges that Nokia's products that comply with VDSL2 (ITU-T G.993.2) infringe the '008 Patent claims. Complaint, at ¶¶ 63–72. And TQ Delta's infringement contentions ████████████ ███████████████████████████. *See, e.g.*, Exh. 8, at 5–6 n.2 (listing Cellpipe 7130, 5530 NA-C, 7310 LVG, 7300-series ISAM, and 8950 DSL Assurance).

As another example, Nokia seeks to dismiss the '354 Patent in its entirety on the same basis as the '008 Patent—that Nokia allegedly did not have pre-suit notice of the '354 Patent and the Patent has expired. But Nokia ████████████████████████████ ████████████████████



Exh. 5, at 5.[4]

Indeed, by 2018, TQ Delta had ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████ Exh. 6, at 1. ████████████ ████████████████████████. Nokia's claims of no pre-suit notice contradict the facts. And, on this factual record, it is at least plausible that TQ Delta is entitled to pre-suit damages.

**B.     Nokia's Motion Fails Under *Arctic Cat***

Nokia's argument is also legally flawed. "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it

---

[4] *See also* Exh. 3, at 36 (████████████████████).

6

believes are unmarked 'patented articles' subject to § 287." *Team Worldwide Corp. v. Academy*, No. 2:19-cv-00092-JRG-RSP, 2021 U.S. Dist. LEXIS 92766, at *10 (E.D. Tex. May 3, 2021) (quoting *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017)).

For that reason, courts have concluded patentees "should not be forced to plead compliance with the marking statute for products that are 'not yet rightly a part of the case.'" *Realtime Data*, 2018 U.S. Dist. LEXIS 242904, at *11 (quoting *Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*, No. 17-cv-1317-LPS-CJB, 2018 U.S. Dist. LEXIS 94176, at *2 (D. Del. June 5, 2018), *report and recommendation adopted sub nom. Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*, No. 17-cv-1317-LPS-CJB, 2018 U.S. Dist. LEXIS 166197 (D. Del. Sept. 27, 2018)). That holding should apply here.

Nokia flips the *Arctic Cat* burden in its Motion. It argues that the burden fell on TQ Delta to predict Nokia's pre-suit damages allegations based on ZyXEL and Infineon and then pre-but them: "In its Complaint, TQ Delta does not deny that ZyXEL or Infineon have sold licensed products, nor does it allege that ZyXEL or Infineon did in fact mark licensed products in compliance with 35 U.S.C. § 287(a)." Mot. at 3. That is backwards under *Arctic Cat*. And it fails to afford TQ Delta the notice-and-opportunity process that *Arctic Cat* protects. 876 F.3d at 1368 ("Without some notice of what market products BRP believes required marking, Arctic Cat's universe of products for which it would have to establish compliance would be unbounded.").

TQ Delta should have the opportunity to address Section 287(a) on the merits, including whether the marking obligations apply to each of the Patents-in-Suit, whether those provisions have been complied with, and what notice Nokia received prior to this case. Those are issues that

should all be decided on a full record, not at the pleadings stage. *Arctic Cat*, 876 F.3d at 1366 ("Compliance with § 287 is a question of fact.").[5]

### C. In the Alternative, TQ Delta Requests Leave to Amend Its Complaint

Should the Court find TQ Delta's pleading is insufficient, TQ Delta respectfully requests leave to amend its Complaint. "The Court should freely grant leave to amend, and the district court must have a 'substantial reason' to deny a request to amend a pleading." *Mad Dogg Ath., Inc. v. Peloton Interactive, Inc.*, No. 2:20-CV-00382-JRG, 2021 U.S. Dist. LEXIS 174960, at *19 (E.D. Tex. Sep. 15, 2021). Here, TQ Delta can expressly incorporate into its Complaint the material Nokia already has in its possession that TQ Delta referenced in its Complaint. That material shows that it is at least plausible that TQ Delta is entitled to pre-suit damages.

Nokia rests its dismissal argument on the public policy favoring patentees to mark their products to give notice to the public. Mot. at 8–9. But the Federal Rules require cases to proceed to the merits where, like here, there is sufficient factual allegations in the Complaint. And they reject the type of form-over-substance pleadings challenge that Nokia raises. *See, e.g.*, *Realtime Data*, 2018 U.S. Dist. LEXIS 242904, at *10–12 (rejecting argument that "Plaintiff's failure to explicitly plead their compliance with the marking statute should bar Plaintiff from recovering pre-suit damages" because that standard "would place form over substance and be contrary to the spirit of the Rules of Civil Procedure"). The Motion should be denied.

---

[5] Nokia also did not discharge its *Arctic Cat* burden. Nokia was required to provide notice that TQ Delta or its licensees "sold **specific unmarked products** which [Nokia] believes practice the patent[s]." *Arctic Cat*, 876 F.3d at 1368 (emphasis added). Nokia did not identify specific products. It claimed, based on evidence outside the complaint, that "at least ZyXEL and Infineon are authorized to practice the claims of TQ Delta's patents." Mot. at 3. That is insufficient.

## V. CONCLUSION

For these reasons, TQ Delta respectfully requests that the Court deny Nokia's Motion to Dismiss.

Dated: November 12, 2021

Respectfully submitted,

By: /s/ Christian Hurt
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this November 12, 2021, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Christian Hurt
Christian Hurt
