IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br><br>     *Plaintiff*,<br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br><br>     *Defendants*. | CIV. A. NO.  2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br><br>     *Plaintiff*,<br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br><br>     *Defendants*. | CIV. A. NO.  2:21-CV-309-JRG<br>(Member Case) |

**DEFENDANT NOKIA OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO PLEAD COMPLIANCE WITH <u>THE ACTUAL NOTICE AND MARKING REQUIREMENTS OF 35 U.S.C. § 287(a)</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1
    A.  TQ Delta Does Not Even Attempt to Argue That Its Complaint Properly
        Alleges Compliance With the Marking Statute. ....................................................... 1
    B.  TQ Delta Cannot Cure these Deficiencies and Should Not Be Provided
        With an Opportunity to Amend. ............................................................................... 2

III. CONCLUSION ................................................................................................................... 3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amsted Indus. V. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)..................................................................................................2

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
   876 F.3d 1350 (Fed. Cir. 2017)................................................................................................1

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir.1996) ........................................................................................................1

*Dunlap v. Schofield*,
   152 U.S. 244 (1894)..................................................................................................................2

*Thomas v. Esper*,
   No. 5:18-cv-110, 2019 U.S. Dist. LEXIS 115432 (E.D. Tex. May 22, 2019) ..........................1

**Statutes**

35 U.S.C. § 287.................................................................................................................................1

35 U.S.C. § 287(a) .......................................................................................................................1, 2

**Other Authorities**

Federal Rule of Civil Proceedure 12(b)(6) .......................................................................................1

## I. INTRODUCTION

In an attempt to distract from the fact that its Complaint lacks any semblance of pleading compliance with § 287, TQ Delta is forced to run towards allegations and documents beyond those pleaded in the Complaint. TQ Delta fails to set forth any evidence that it did, in fact, comply with the marking requirements in its Complaint. Because TQ Delta has not and cannot plead compliance with the requirements of § 287, Nokia of America's Motion to Dismiss should be granted.

## II. ARGUMENT

### A. TQ Delta Does Not Even Attempt to Argue That Its Complaint Properly Alleges Compliance With the Marking Statute.

Instead of attempting to show that it met its burden of pleading compliance with the marking statute in the Complaint, TQ Delta focuses on evidence *outside* the Complaint that allegedly shows that TQ Delta provided actual notice to Nokia. Such evidence, however, has no bearing on whether TQ Delta properly plead compliance with the marking statute. "The Court cannot consider extrinsic evidence in ruling on a Rule 12(b)(6) motion to dismiss." *Thomas v. Esper*, No. 5:18-cv-110, 2019 U.S. Dist. LEXIS 115432, at *3-4 (E.D. Tex. May 22, 2019) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996)). Moreover, TQ Delta relies on the standard on summary judgment to somehow excuse its burden to plead compliance with the marking requirements of § 287(a). Resp. at 6-7. But this burden shifting is inappropriate at the pleading stage and has no bearing here, where the Complaint undisputedly lacks *any* allegation of compliance with § 287(a). The relevant question is whether the pleadings of the Complaint are sufficient on their face and "[t]here is no dispute that the patentee bears the burden of pleading and proving he complied with § 287(a)." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017). Because the Complaint is entirely silent as to compliance with § 287(a), it is unquestionably deficient, and that alone requires that this motion to dismiss be granted.

1

**B.    TQ Delta Cannot Cure these Deficiencies and Should Not Be Provided With an Opportunity to Amend.**

Because of its failure to provide notice or comply with the marking requirements, TQ Delta cannot cure the deficiencies in its Complaint. TQ Delta has not provided Nokia with actual notice of infringement of the majority of the Asserted Patents. First, even if the Court were to look beyond the Complaint, TQ Delta still fails to show —by either the Complaint or by its brief—that it ever provided Nokia with *any* notice of U.S. Patent Nos. 10,409,510, 10,567,112, 10,044,473, and 10,833,809, which underlie Counts Q, R, P, and S, respectively, prior to 2021. Second, for 12 of the 19 Asserted Patents, TQ Delta never provided a *specific* charge of infringement.[1] *Amsted Indus. V. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). The evidence identified by TQ Delta with respect to these patents is insufficient because it does not charge Nokia with infringement. Resp. Exs. 3, 5, and 7. In each of the identified communications, TQ Delta simply identifies the ITU standards that are purportedly "relevant" or "covered" by the Asserted Patents. Because of these facts, TQ Delta cannot in good faith amend its Complaint to plead compliance with the requirements of § 287(a) for most of the asserted patents. Accordingly, TQ Delta is unable to cure the Complaint and TQ Delta's request to amend the Complaint should be denied.

*    *    *

In sum, because TQ Delta has (i) failed to plead actual notice before the filing of its complaint, (ii) failed to plead compliance with the marking provisions of § 287(a), and (iii) will be unable to plead actual notice or marking if given an opportunity to amend, TQ Delta's Complaint should be dismissed in part without leave to amend.

---

[1] The 12 patents include U.S. Patent Nos. 9,014,193, 9,300,601, 9,894,014, 9,547,608, 10,409,510, 10,567,112, 9,094,348, 9,485,055, 10,044,473, 10,833,809, 8,937,988, and 9,154,354, which underlie Counts I, L, O, N, Q, R, J, M, P, S, H, and K, respectively, in the Complaint.

## III. CONCLUSION

For these reasons, and on the authorities cited, the Nokia of America's motion to dismiss should be granted.

3

Dated: November 19, 2021                Respectfully submitted,


                                        /s/ M. Scott Stevens
                                        M. Scott Stevens (NC Bar # 37828)
                                        Karlee Wroblewski (NC Bar # 55043)
                                        **ALSTON & BIRD LLP**
                                        One South at the Plaza
                                        101 South Tryon Street, Suite 4000
                                        Charlotte, North Carolina 28280
                                        Tel: 704.444.1000
                                        Fax: 704.444.1111
                                        Email: scott.stevens@alston.com
                                        Email: karlee.wroblewski@alston.com

                                        John D. Haynes (GA Bar # 340599)
                                        **ALSTON & BIRD LLP**
                                        One Atlantic Center
                                        1201 West Peachtree Street
                                        Suite 4900
                                        Atlanta, GA 30309
                                        Tel: 404.881.7737
                                        Fax: 704.444.1111
                                        Email: john.haynes@alston.com

                                        Deron R. Dacus (Texas Bar No. 00790553)
                                        **THE DACUS LAW FIRM, P.C.**
                                        821 ESE Loop 323, Suite 430
                                        Tyler, TX 75701
                                        Telephone: (903) 705-1171
                                        Facsimile: (903) 581-2543

                                        *Counsel for Defendant Nokia of America Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 19, 2021.

*/s/ M. Scott Stevens*
M. Scott Stevens
