IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    *Plaintiff*,<br> v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC<br><br>    *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| TQ DELTA, LLC,<br><br>    *Plaintiff*,<br> v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

**DEFENDANTS NOKIA CORPORATION AND NOKIA SOLUTIONS AND NETWORKS OY'S MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO PLEAD COMPLIANCE WITH THE
<u>ACTUAL NOTICE AND MARKING REQUIREMENTS OF 35 U.S.C. § 287(a)</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   FACTS ............................................................................................................................. 2
      A.   TQ Delta's Complaint ........................................................................................... 2
      B.   TQ Delta's Licensees ............................................................................................ 2

III.  LEGAL STANDARDS .................................................................................................... 3

IV.   ARGUMENT .................................................................................................................... 3
      A.   TQ Delta's Complaint Fails to Plead Compliance with the Actual Notice
           and Marking Requirements of 35 U.S.C. § 287(a). .............................................. 3
      B.   Section 287(a) Prevents TQ Delta from Recovering Any Damages for
           Those Patents that are Expired and Limits Damages to Post-Complaint
           Damages for the Remaining Asserted Patents. ..................................................... 6
      C.   Public Policy Weighs in Favor of Dismissal ........................................................ 8

V.    CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adrea, LLC v. Barnes & Noble, Inc.*,
   No. 13-cv-4137(JSR), 2015 U.S. Dist. LEXIS 100312 (S.D.N.Y. July 23,
   2015) ..................................................................................................................................8

*Am. Med. Sys. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ..............................................................................................4

*Amsted Indus. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ...........................................................................................4, 5

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
   876 F.3d 1350 (Fed. Cir. 2017) (*Arctic Cat I*) ....................................................................4

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
   950 F.3d 860 (Fed. Cir. 2020) (*Arctic Cat II*) .....................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................3

*Dunlap v. Schofield*,
   152 U.S. 244 (1894) ............................................................................................................5

*Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*,
   616 F.3d 1357 (Fed. Cir. 2010) ..........................................................................................5

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ..........................................................................................5

*Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*,
   No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453 (D. Del. Mar. 20, 2019) ..............4, 6, 8

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc*,
   No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 153383 (E.D. Tex.
   Sep. 4, 2017) ....................................................................................................................8, 9

*Jackson v. Intel Corp.*,
   No. 09 C 2178, 2009 U.S. Dist. LEXIS 78991 (N.D. Ill. Aug. 31, 2009) ........................4, 6, 8

*Laitram Corp. v. NEC Corp.*,
  CIVIL ACTION NO. 89-1571 SECTION "N", 1996 U.S. Dist. LEXIS 9263
  (E.D. La. June 28, 1996) ..........................................................................................................7

*Lakim Indus., Inc. v. Linzer Prods. Corp.*,
  No. CV12-04976-ODW, 2012 U.S. Dist. LEXIS 191494 (C.D. Cal. Nov. 7,
  2012) ........................................................................................................................................3

*Lans v. Dig. Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001)........................................................................................4, 6, 8

*Mass. Inst. of Tech. v. Abacus Software, Inc.*,
  No. 5:01cv344, 2004 U.S. Dist. LEXIS 30052 (E.D. Tex. Aug. 4, 2004).................................7

*On Command Video Corp. v. Lodgenet Entm't Corp.*,
  No. C 95-546 SBA, 1995 U.S. Dist. LEXIS 20192 (N.D. Cal. Nov. 28, 1995).........................4

**Statutes**

35 U.S.C. § 287................................................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................3

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Ex. 1 | Stipulation of Dismissal in *TQ Delta, LLC v. ZyXEL Comms., Inc.*, No. 13-cv-2013 (D. Del. Jan 6, 2020) |
| Ex. 2 | Defendant ADTRAN, Inc.'s Licensing Proffer in *TQ Delta, LLC v. ADTRAN*, No. 1:15-cv-00121 (D. Del. Oct. 3, 2019) |

I.  **INTRODUCTION**

TQ Delta alleges that Defendants Nokia Corporation and Nokia Solutions and Networks, Oy (the "Nokia Foreign Entities")[1] infringe 19 patents.[2] Because certain of these patents expired before this suit was filed, TQ Delta's only potential relief as to the expired patents is past damages.[3] To recover past damages, TQ Delta must plead compliance with the marking or actual-notice requirements of 35 U.S.C. § 287. TQ Delta's Complaint, though, fails to plead marking or actual notice, which necessitates two actions—first, dismissal of its claims related to those expired patents because no relief is available to TQ Delta for infringement of the expired patents; and second, dismissal of TQ Delta's claim to entitlement to past damages for those patents not yet expired.

Nor can TQ Delta's failure be cured. Defendants were not given actual notice of alleged infringement of each of the Asserted Patents, and TQ Delta has licensees that sell products previously accused of infringement that TQ Delta does not contend were properly marked. TQ Delta's predecessor, Aware, also sold products that apparently practiced the Asserted Patents, which TQ Delta fails to contend were marked. TQ Delta's claims of infringement as to the expired patents in its Original Complaint should therefore be dismissed without leave to amend, and its claims of infringement as to the patents that are not expired should be limited to potential future

---

[1] Defendant Nokia of America Corporation submitted its motion to dismiss in the member case on October 22, 2021. *See* Dkt. No. 20 in Civ. A. No. 2:21-cv-309-JRG. Plaintiff TQ Delta responded on November 12, 2021. *See* Dkt. No. 34 in Civ. A. No. 2:21-cv-310-JRG. Defendant Nokia of America submitted its reply on November 19, 2021. *See* Dkt. No. 39 in Civ. A. No. 2:21-cv-310-JRG.

[2] Specifically, U.S. Patent Nos. 7,570,686; 7,844,882; 8,090,008; 8,468,411; 8,495,473; 8,594,162; 8,595,577; 8,937,988; 9,014,193; 9,094,348; 9,154,354; 9,300,601; 9,485,055; 9,547,608; 9,894,014; 10,044,473; 10,409,510; 10,567,112; and 10,833,809 (the "Asserted Patents").

[3] At least U.S. Patent Nos. 8,090,008; 8,937,988; and 9,154,354 are expired.

damages.

## II.     FACTS

### A.     TQ Delta's Complaint

TQ Delta's Complaint does not sufficiently plead marking or actual notice as required by 35 U.S.C. § 287. First, the Complaint is devoid of any mention of the marking requirement despite TQ Delta having the burden on this issue. TQ Delta does not set forth a single fact in attempt to demonstrate that it has marked, or required its licensees to mark, any products with the asserted patents. Second, TQ Delta does not identify any facts sufficient to demonstrate actual notice.

Importantly, TQ Delta avers that it is the "successor-in-interest in patents from Aware," which "was a world-leading innovator and provider of DSL technologies." Dkt. No. 1, Original Complaint ¶ 23. But TQ Delta never alleges that Aware ever marked any of its products.

TQ Delta raises only two arguments to support that the Nokia Foreign Entities was on notice of the Asserted Patents, neither of which provide a plausible basis to satisfy the notice and marking statute. First, TQ Delta asserts that communications between TQ Delta and Nokia regarding possible licensing of the Asserted Patents constitutes knowledge of the patents. Dkt. No. 1 at ¶¶ 31–32. Second, TQ Delta argues that because Nokia participates in and understands the ITU standardization process, it had actual notice of the patents. *Id.* ¶¶ 33–41. TQ Delta then repeats these bases of knowledge with respect to each count of alleged infringement.

### B.     TQ Delta's Licensees

In addition to the DSL technologies that Aware provided to its customers, prior to filing this lawsuit, TQ Delta asserted its patent portfolio against several third parties—including ZyXEL. The prior suit against ZyXEL was resolved through settlement pursuant to a patent license agreement. *See* Ex. No. 1, Stipulation of Dismissal, *TQ Delta, LLC v. ZyXEL Comms., Inc.*, No. 13-cv-2013 (D. Del. Jan 6, 2020), ECF No. 691. Likewise, in a litigation before Judge Andrews at the District of Delaware, Michael Tzannes, the primary inventor of the majority of TQ Delta's

portfolio, testified that Infineon was also licensed to build and sell DSL chips. *See* Ex. No. 2, Defendant ADTRAN, Inc.'s Licensing Proffer at *2–3, *TQ Delta, LLC v. ADTRAN*, No. 1:15-cv-00121 (D. Del. Oct. 3, 2019), ECF No. 864. As a result of TQ Delta's previous litigation activities, at least ZyXEL and Infineon are authorized to practice the claims of TQ Delta's patents. In its Complaint, TQ Delta does not deny that ZyXEL or Infineon have sold licensed products, nor does it allege that ZyXEL or Infineon did in fact mark licensed products in compliance with 35 U.S.C. § 287(a).

### III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a claimant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Rule 8 demands more than . . . labels and conclusions, or formulaic recitals of the elements of a cause of action." *Lakim Indus., Inc. v. Linzer Prods. Corp.*, No. CV12-04976-ODW, 2012 U.S. Dist. LEXIS 191494, at *4 (C.D. Cal. Nov. 7, 2012).

A claim alleging patent infringement must have "facial plausibility," which requires the claimant to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim that simply "pleads facts that are 'merely consistent with' [] liability" does not present facial plausibility of entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

### IV. ARGUMENT

#### A. TQ Delta's Complaint Fails to Plead Compliance with the Actual Notice and Marking Requirements of 35 U.S.C. § 287(a).

A patentee who makes or sells a patented article is ineligible to recover pre-filing damages for infringement unless it has complied with the marking or actual notice provisions of 35 U.S.C.

3

§ 287(a). *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) (*Arctic Cat I*). A patentee's licensees must also comply with the marking provisions of § 287(a). *Id.* at 1366. At the pleading stage, it is the patentee's burden to plead compliance with § 287(a). *Id.* at 1366–67.

Where a patent has expired before the complaint was filed, a patentee fails to state a claim for patent infringement by failing to plead compliance with the marking or actual notice provisions of § 287(a). *Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming district court's dismissal where products were not marked and patentee failed to notify accused infringer before patent expired); *Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*, No. 17-1086-LPS-CJB, 2019 U.S. Dist. LEXIS 45453, at *7 (D. Del. Mar. 20, 2019) (granting motion to dismiss for failure to state a claim where asserted patents expired prior to filing of complaint and actual notice of infringement was provided via complaint); *Jackson v. Intel Corp.*, No. 09 C 2178, 2009 U.S. Dist. LEXIS 78991, at *5 (N.D. Ill. Aug. 31, 2009) (noting that if patentee cannot state a claim for damages due to failure to plead compliance with marking statute, then "he has failed to state a claim" for patent infringement).

To satisfy § 287(a), a patentee must "either provid[e] (1) constructive notice of infringement by 'marking' the patented article or (2) actual notice of infringement to the infringer." *On Command Video Corp. v. Lodgenet Entm't Corp.*, No. C 95-546 SBA, 1995 U.S. Dist. LEXIS 20192, at *6 (N.D. Cal. Nov. 28, 1995) (citing *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993)). Actual notice under § 287 requires "an affirmative act on the part of the patentee which informs the defendant of his infringement." *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The affirmative communication must include "a specific charge of infringement." *Id.* That is, the notice must be "sufficiently specific to support

4

an objective understanding that the recipient may be an infringer." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001)). Simple notice of the existence of a patent is not sufficient.

TQ Delta's Complaint contains no allegations relating to compliance with § 287(a). Accordingly, TQ Delta has failed to meet its burden and sufficiently plead that it has satisfied these requirements in its complaint. Such a failure is itself sufficient grounds to dismiss in part. Specifically, TQ Delta does not allege that it, its predecessor Aware, or any of its licensees have complied with the marking provisions of § 287(a) or that it provided actual notice of infringement to Defendants prior to filing this suit. Indeed, the only allegations in TQ Delta's Complaint relevant to the issue of notice are recited in connection with communications related to licensing negotiations and the Nokia Foreign Entities' knowledge of the standards setting organization. *See* Dkt. No. 1 at ¶¶ 31-41.

These allegations are legally insufficient. Actual notice of infringement requires an affirmative act by the patentee. *Amsted Indus.*, 24 F.3d at 187 (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)) ("[N]otice must be an affirmative act on the part of the patentee which informs the defendant of his infringement."). That affirmative act by the patentee must provide the accused infringer with a *specific charge* of infringement. *Id.* at 187 ("For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a *specific* charge of infringement." (emphasis added)). Here, TQ Delta failed to plead facts sufficient to show that it took any affirmative actions to provide the Nokia Foreign Entities with a specific charge of infringement prior to filing this suit.

Indeed, TQ Delta's assertion that the Nokia Foreign Entities had knowledge of the ITU

5

Standardization process amounts to no more than an assertion that the Nokia Foreign Entities are aware of the standards-setting organization. *See id.* ¶¶ 33–39. In fact, in its discussion of the Nokia Foreign Entities' purported knowledge of the ITU Standardization process, TQ Delta entirely fails to assert that it committed an affirmative act at all, let alone an affirmative act that would amount to actual notice.

Likewise, TQ Delta's general statements of licensing communications between it and the Nokia Foreign Entities do not provide a charge of infringement, let alone a *specific* charge of infringement that would amount to actual notice. *Id.* Rather, the Complaint refers to licensing communications that merely communicated TQ Delta's purported willingness to license certain TQ Delta Patents to the Nokia Foreign Entities. *See* Dkt. No. 1 at ¶¶ 31–32. These allegations are untethered to the requirements of § 287(a), and thus TQ Delta has failed to meet its burden that notice was given under this section.

Given that TQ Delta's Complaint fails to plead that TQ Delta complied with § 287(a) through either marking or actual notice, TQ Delta's patent infringement claims as related to the expired patents must be dismissed. *Lans*, 252 F.3d at 1328; *Horatio*, 2019 U.S. Dist. LEXIS 45453, at *7; *Jackson*, 2009 U.S. Dist. LEXIS 78991, at *5. As to TQ Delta's claims regarding those patents that have not yet expired, TQ Delta's ability to recover must be limited to potential future damages after the Complaint was filed. Nor can TQ Delta's failure be cured. Defendants were not given actual notice, and TQ Delta's predecessor and its licensees sell products that practice the patents that TQ Delta does not contend were properly marked. TQ Delta's Original Complaint should therefore be dismissed in part without leave to further amend.

    **B.**    **Section 287(a) Prevents TQ Delta from Recovering Any Damages for Those Patents that are Expired and Limits Damages to Post-Complaint Damages for the Remaining Asserted Patents.**

"In the event of failure so to mark, no damages shall be recovered by the patentee in any

action for infringement, ***except on proof that the infringer was notified of the infringement and continued to infringe thereafter***, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a) (emphasis added). Under the plain language of § 287(a), where there is a failure to mark, a patentee is prohibited from receiving ***any*** damages in a subsequent action for infringement, ***unless*** the patentee has provided the accused infringer with actual notice. This is precisely what the Federal Circuit recently held in *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860 (Fed. Cir. 2020) (*Arctic Cat II*). As the Federal Circuit explained:

> While § 287 describes the conduct of the patentee in the present tense, the consequence of a failure to mark is not so temporally limited. Section 287 provides that "in the event of failure so to mark, *no* damages shall be recovered by the patentee in *any* action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter" (emphasis added). The statute thus prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark.

*Arctic Cat II*, 950 F.3d at 865 (emphasis added).

Here, as it did for the patentee in *Arctic Cat II*, TQ Delta's obligation to mark arose no later than when it authorized licensees to begin selling patented articles.[4] *Id.* Specifically, the Federal Circuit in *Arctic Cat II* held that "[t]he notice requirement to which a patentee is subjected cannot be switched on and off. . . . Thus, once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice." *Id.* And critically, once there is a failure to mark, § 287(a) forecloses

---

[4] The damage limitations of § 287 likewise "apply to licensees and other authorized parties regardless of the particular form of the authorization and regardless of whether the authorization is a 'settlement agreement,' 'covenant not to sue,' or 'license.'" *Laitram Corp. v. NEC Corp.*, CIVIL ACTION NO. 89-1571 SECTION "N", 1996 U.S. Dist. LEXIS 9263, at *5-6 (E.D. La. June 28, 1996); *see also Mass. Inst. of Tech. v. Abacus Software, Inc.*, No. 5:01cv344, 2004 U.S. Dist. LEXIS 30052, at *31-33 (E.D. Tex. Aug. 4, 2004).

a patentee from recovering damages for infringement occurring before there were even products to mark. *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-cv-4137(JSR), 2015 U.S. Dist. LEXIS 100312, at *7 (S.D.N.Y. July 23, 2015) ("The operative sentence provides that, if the patentee fails to mark its products but provides defendant with actual notice, "damages may be recovered *only for infringement occurring after such notice*."). Accordingly, TQ Delta, like the patentee in *Adrea*, cannot recover damages for alleged acts of infringement that occurred before TQ Delta triggered its obligation to mark. *Adrea*, 2015 U.S. Dist. LEXIS 100312, at *7–8.

Section 287(a) therefore prevents TQ Delta from collecting damages in this case for those patents that are expired, even for alleged acts of infringement that occurred before TQ Delta licensed any third parties to practice the claims of the Asserted Patents. For those patents that have not yet expired, any damages would be limited to the time after the filing of the Complaint. As a result, TQ Delta has failed to show that it can recover past damages for Defendants' alleged infringement of the Asserted Patents, and so TQ Delta's claims of infringement as to the expired patents must be dismissed and TQ Delta's claims of past damages for Defendants' alleged infringement as to the non-expired patents should likewise be dismissed. *See Lans*, 252 F.3d at 1328; *Horatio*, 2019 U.S. Dist. LEXIS 45453, at *7; *Jackson*, 2009 U.S. Dist. LEXIS 78991, at *5.

    **C.**    **Public Policy Weighs in Favor of Dismissal**

The public policy underlying the marking requirements in § 287(a)—*i.e.*, to provide an incentive for a patentee to put the public on notice of its patent rights—also counsels in favor of requiring TQ Delta to show marking in this case. Magistrate Judge Payne's reasoning in *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.* is instructive in this regard:

> The purpose of the marking requirement is to provide an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article he may be contemplating—in other

8

> words, to preclude the patentee from taking advantage of the deception that may arise from unmarked articles. As a result, a logical interpretation of the statute is that a patentee must mark any product covered by any claim of the asserted patent. . . . If the patentee fails to mark any article with the patent then later asserts a claim that encompassed the unmarked article, the patentee should not be entitled to bypass § 287(a)'s constructive notice requirement.

No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 153383, at *9-10 (E.D. Tex. Sep. 4, 2017) (internal citation omitted). Allowing TQ Delta to circumvent the marking requirements of § 287(a) would undermine § 287(a)'s public-notice function. TQ Delta should not be allowed to make an end-run around the marking provisions of the Patent Act and recover damages without having put the public on notice of its patent rights.

\* \* \*

In sum, because TQ Delta has (i) failed to plead actual notice before the filing of its complaint, (ii) failed to plead compliance with the marking provisions of § 287(a), and (iii) will be unable to plead actual notice or marking if given an opportunity to amend, TQ Delta's Complaint should be dismissed in part without leave to amend.

## V.   CONCLUSION

For these reasons, and on the authorities cited, the Nokia Foreign Entities' motion to dismiss should be granted.

Dated: November 22, 2021                              Respectfully submitted,

                                                  */s/ M. Scott Stevens*
                                                  M. Scott Stevens (NC Bar # 37828)
                                                  Karlee Wroblewski (NC Bar # 55043)
                                                  **ALSTON & BIRD LLP**
                                                  One South at the Plaza
                                                  101 South Tryon Street, Suite 4000
                                                  Charlotte, North Carolina 28280
                                                  Tel: 704.444.1000
                                                  Fax: 704.444.1111

Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com

John D. Haynes (GA Bar # 340599)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 704.444.1111
Email: john.haynes@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543

*Counsel for Defendant Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.*

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 22, 2021.

*/s/ M. Scott Stevens*
M. Scott Stevens
