# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED**<br>**(FILED UNDER SEAL)**<br><br><br><br>**Civil Action 2:21-cv-310-JRG**<br>**(Lead Case)** |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | § § § § § | **Civil Action No. 2:21-cv-309-JRG**<br>**(Member Case)** |

**PLAINTIFF TQ DELTA, LLC'S UNOPPOSED MOTION FOR LEAVE**
**TO PROPOUND EXPEDITED VENUE DISCOVERY**

**I.      INTRODUCTION**

Plaintiff TQ Delta, LLC ("TQ Delta") respectfully requests that the Court grant it leave to propound expedited venue discovery.  This discovery is sought so that TQ Delta will be able to fully and properly respond to Defendant's CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC's ("CommScope") Motion to Transfer to the District of Delaware (Dkt. No. 32).  TQ Delta and CommScope have reached an agreement concerning the conducting of venue discovery, as detailed below.

**II.     BACKGROUND**

This patent-infringement suit was filed by TQ Delta against CommScope on August 13, 2021.  Dkt. No. 1.  A scheduling conference was held before the Court on November 18, 2021.  *See* Dkt. No. 27.  A discovery order has not yet been entered in this case, and the deadline for the parties to submit their proposed discovery order is on December 2, 2021.  *See id*.

On November 11, 2021, CommScope filed its Motion to Transfer.  Dkt. No. 32.  One week later, on November 18, TQ Delta filed an unopposed Motion for an Extension of time, seeking to extend its response deadline from November 26 to December 10.  Dkt. No. 38.  A part of the reasons for seeking this extension was to allow time for the parties to confer on the issue of conducting venue discovery, as TQ Delta believed CommScope's Motion raised issues that could not be properly answered through publicly accessible information alone (a point that will be elaborated on further *infra* at pp. 3–6).

As a result of the conferences occurring between the parties, the following agreement was reached: By December 3, 2021 TQ Delta will serve on CommScope a notice under Federal Rule of Civil Procedure 30(b)(6) that contains no more than ten (10) topics and the resulting deposition

will last for no longer than four (4) hours.  Further, TQ Delta will serve no more than five (5) interrogatories and no more than five (5) requests for document production.  The parties also agreed that, after the filing of TQ Delta's Response, CommScope would be permitted to conduct venue discovery to the same extent as that specified in the two preceding sentences.[1]

Accordingly, TQ Delta now respectfully seeks leave to propound expedited venue discovery in accordance with the agreement reached between the parties.

### III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 26(b)(1), "a party generally may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 U.S. Dist. LEXIS 126523, at *3 (E.D. Tex. July 21, 2017).  However, "a court may, in its discretion, permit discovery before the Rule 26(f) conference." *Id*.

"An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery." *OrthoAccel Techs, Inc. v. Propel Orthodontics*, Case No. 4:16-cv-360, 2016 U.S. Dist. LEXIS 90615, at *3 (E.D. Tex. July 13, 2016).  There are five factors that courts typically consider when determining if good cause exists:

> (1) whether a preliminary injunction is pending;[2] (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on

---

[1] Filed concurrently with this Motion for Leave is TQ Delta's second Unopposed Motion for Extension of Time to Respond to the CommScope Defendants' Motion to Transfer Venue to the District of Delaware.  The parties' agreement concerning venue discovery is also detailed in that motion, which seeks to have TQ Delta's response deadline be extended to two weeks after the completion of its venue discovery.

[2] This factor does not appear to be applied in cases where the requested discovery is not related to injunctive relief.  Thus, it is not relevant here.

the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Uniloc USA*, 2017 U.S. Dist. LEXIS 126523, at *4.

## IV.   ARGUMENT

### A.   Good Cause Exists for Expedited Discovery

TQ Delta has good cause for its request to propound expedited venue discovery. This request is being made in furtherance of an agreement previously reached between the parties. As the extent of the proposed discovery has already been acceded to by the parties, complaints of undue burden or excessive cost should not arise. Further, the sought-after discovery will be useful in addressing the issue of whether the District of Delaware is, as CommScope alleges in its Motion, a more convenient venue relative to the Eastern District of Texas. *See Agis Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 U.S. Dist. LEXIS 235914, at *8 n.3 (E.D. Tex. Sep. 28, 2018). And it will also be narrowly drawn and properly tailored to open questions raised by CommScope's Motion that are unable to be addressed by publicly available information, e.g., the actual extent and character of CommScope's presence in Richardson, Texas. *See id*.

### 1.   The Breadth of the Discovery Requests

TQ Delta seeks discovery that is limited in scope, as it will focus solely on the issue of the convenience of the transferee venue (the District of Delaware) compared to the venue originally chosen (the Eastern District of Texas). The means by which this discovery will be gathered have already been agreed to by the parties and will involve no more than one Rule 30(b)(6) deposition (consisting of no more than ten noticed topics and lasting no longer than four hours) and requests for written discovery consisting of no more than five interrogatories and five requests for production. CommScope intends to seek venue discovery to the same extent after TQ Delta has filed its Response opposing transfer. The breadth of TQ Delta's requests is, also, a function of the

issues CommScope chose to raise within its Motion to Transfer.  *See* Dkt. No. 32.  Given these foregoing facts, the breadth of TQ Delta's discovery requests supports a finding of good cause.

### 2. The Purpose for Requesting the Expedited Discovery

The purpose for requesting expedited discovery is for TQ Delta to obtain non-public information that will be useful in addressing the issue of convenience and will be narrowly drawn and properly tailored to open questions raised by CommScope's Motion to Transfer.  *See Agis Software Dev.*, 2018 U.S. Dist. LEXIS 235914, at *8 n.3 (E.D. Tex. Sep. 28, 2018).  TQ Delta, for example, will seek information about property CommScope owns or leases within this District or, more generally, the State of Texas.  This information will include matters such as the responsibilities of the employees and/or contractors at these properties, the existence of relevant physical documents or other materials at these locations, and whether digitized materials relevant to this case are stored on or transmitted to servers at these locations and/or are accessible by personnel at these locations.

The factual information provided by CommScope concerning its property in Richardson is limited to a single paragraph within a declaration attached to its Motion.  Dkt. No. 32-1 at ¶ 3. Specifically, the declarant (who is CommScope's in-house Lead Counsel of Litigation, James Shead) states that "CommScope has a facility in Richardson, Texas," but he continues to aver that none of the personnel at this facility possess relevant knowledge: "None of the employees or independent contractors at the Richardson facility are involved in the design or development of DSL products, including, in particular, the accused products in this case." *Id*.

TQ Delta should be entitled to probe the veracity of this statement and seek to uncover the basis for Mr. Shead's knowledge of it.  This is particularly true since Mr. Shead's assertion is conclusory and without supportive factual details.  Further, publicly accessible information calls

into question the accuracy of this statement. TQ Delta has, for example, found offers from CommScope for jobs within Texas that appear to involve subject matter relevant to the technology-at-issue (which is generally directed at digital subscriber line ("DSL") technologies). *See* Exh. A, CommScope Job Listings (Engineering). In addition, public information shows individuals that are either current or past CommScope employees that reside in Texas and whose job responsibilities relate to the technology-at-issue. *See* Exh. B, CommScope Employees (Engineering). These employees also appear to include individuals whose responsibilities relate to customer service or recruitment and are, therefore, relevant to TQ Delta's claims of indirect infringement. *See* Exh. C, CommScope Employees (Services). Public information also indicates that, in addition to the previously mentioned Richardson facility, CommScope maintains office space within Richardson that is possibly used to provide customer service for its products. *See* Exh. D, CommScope Facebook Profile.[3]

Other property within Texas appears to be owned or leased by CommScope. Within its most recent Form 10-K filing, CommScope identifies a facility leased by it within Mission, Texas that covers approximately 150,000 square feet. Exh. E, CommScope Form 10-K. CommScope's Motion is silent as to this and the other facilities identified in its public filings. TQ Delta's requested discovery will seek to uncover, for example, to what extent individuals with relevant knowledge are employed or located at this Mission facility, as these employees and/or third-party individuals would be within this Court's state-wide subpoena power and are relevant to showing that transfer to the District of Delaware under § 1404(a) is inappropriate. *See* FED. R. CIV. P. 45(c)(1)(B).

---

[3] *See also* TQ Delta's Original Complaint (Dkt. No. 1 at ¶¶ 18, 24) (alleging and providing factual support for the existence of CommScope employees residing or working in this District and/or Texas).

5

The exemplary information outlined above is relevant to issues raised within CommScope's Motion, e.g., the private interest factors of the availability of compulsory process and the cost of attendance of willing witnesses, and demonstrate the existence of good cause.

### 3. The Burden on the Defendants to Comply with the Requests

This factor weighs in favor of finding good cause because the scope of the requested discovery is limited to the issues raised within CommScope's Motion to Transfer Venue and has been previously agreed to by CommScope.

### 4. How Far in Advance of the Typical Discovery Process the Request Was Made

The timing of this request has been largely dictated by the timing of the filing CommScope's Motion to transfer venue—November 11, 2021.  Dkt. No. 32.  Further, TQ Delta seeks leave in order to effectuate an agreement reached between the parties on or about November 24.  This factor should, therefore, be found to weigh in favor of finding good cause.

## V. CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that it be granted leave to propound venue discovery.

Dated: November 29, 2021                                       Respectfully submitted,

By: */s/* William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this November 29, 2021, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/* William E. Davis, III
William E. Davis, III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that the CommScope Defendants are unopposed to this motion.

*/s/* William E. Davis, III
William E. Davis, III
