# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>  Plaintiff,<br><br>v. | § § § § § § | **JURY TRIAL DEMANDED** |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § | Civil Action 2:21-cv-310-JRG<br>(Lead Case) |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>  Defendants. | § § § § § | Civil Action No. 2:21-cv-309-JRG<br>(Member Case) |

**PLAINTIFF TQ DELTA, LLC'S SUR-REPLY TO
DEFENDANT NOKIA OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO PLEAD COMPLIANCE WITH
THE ACTUAL NOTICE AND MARKING REQUIREMENTS OF 35 U.S.C. § 287(a)**

I. **Nokia's Challenge Fails Under Applicable Authority, Which Both the Motion and Reply Ignored**

Nokia's Reply reinforces that this Motion should have never been filed. Nokia ignored the facts and the law. The Complaint detailed the long history between the parties and expressly alleged "[i]n multiple correspondences, TQ Delta identified a number of products it believed are covered by TQ Delta's patents." Complaint, at ¶ 31. Nokia ignored that allegation in Reply. And Nokia ignored that this Court has denied a pleadings challenge under Section 287(a) where the complaint contained less factual detail. Resp. at 4 (quoting *Estech Sys. v. Regus Mgmt. Grp.*, No. 2:20-cv-00143-JRG-RSP, 2020 U.S. Dist. LEXIS 208491, at *10 (E.D. Tex. Aug. 10, 2020)).

Nokia also ignored that this Court has explained that "[t]he Federal Circuit has held that pleading infringement to be 'willful and with full knowledge' is sufficient to plead constructive notice of compliance with the marking statute." Resp. at 4 (quoting *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 U.S. Dist. LEXIS 242904, at *10 (E.D. Tex. Oct. 16, 2018) (quoting *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).[1] It is undisputed that the Complaint adequately alleges willfulness and knowledge for each Patent. That should end the inquiry.

Finally, Nokia ignored that, in the context of its *Arctic Cat* challenge, this Court has concluded that patentees "should not be forced to plead compliance with the marking statute" for products a defendant has yet to identify. Resp. at 7 (quoting *Realtime Data*, 2018 U.S. Dist. LEXIS

---

[1] *See also Avid Identification Sys. v. Philips Elecs. N. Am. Corp.*, No. 2:04-CV-183, 2006 U.S. Dist. LEXIS 30981, at *6–7 (E.D. Tex. May 17, 2006) (same); *Cordance Corp. v. Amazon*, 631 F. Supp. 2d 484, 499 (D. Del. 2009) ("Here, [the patent holder] alleges, as to each of its patents, that [the defendant's] infringement was 'deliberate and willful.' Therefore, [the patent holder] has met its duty to plead compliance with section 287(a)."); *Applied Materials, Inc. v. Muto Tech., Inc.*, No. A-17-CV-00519-LY, 2018 U.S. Dist. LEXIS 198332, at *6 (W.D. Tex. Sep. 5, 2018) ("Although the patent holder has the burden of pleading and proving at trial that it has complied with the statutory requirements for notice, at the pleading stage it is sufficient to allege that the accused infringer had knowledge of the asserted patents.").

242904, at *11).  That is because those products "are 'not yet rightly a part of the case'" at the time of the complaint.  *Id.*  TQ Delta did not need to anticipate Nokia's pre-suit damages challenge and pre-but that challenge in the Complaint.  The Motion fails for that reason as well.

Nokia omitted this authority from its Motion and left it unaddressed in Reply.  Nokia's Motion reduces to seeking dismissal because the Complaint does not say the words "Section 287." But that does not matter under the authority above.  The Motion should be denied.

## II. The Facts Show It is At Least Plausible That TQ Delta is Entitled to Pre-Suit Damages, and Nokia Does Not Dispute That Its Motion Was Based on a False Premise

Nokia initially moved to dismiss *all* pre-suit damages, on the claim that it was "not given actual notice of alleged infringement of each of the Asserted Patents."  Mot. at 1.  TQ Delta showed that Nokia's claim was false, with the evidence underlying the Complaint's allegation that, "[i]n multiple correspondences, TQ Delta identified a number of products it believed are covered by TQ Delta's patents."  Complaint, at ¶ 31; *see* Resp. at 2–6.

Nokia does not (because it cannot) defend in Reply the veracity of the claims it made in its Motion that it had no pre-suit knowledge of the patents or the products at issue.  Nor does it dispute the evidence TQ Delta detailed in its Response showing that Nokia had such knowledge.  Nokia instead argues that the Court should ignore this evidence—brought on by Nokia's claim—on the basis that the Complaint does not attach or quote those communications.  The Complaint, however, references that correspondence and in-person meetings.  Complaint, at ¶ 31.  And Nokia has that evidence in its possession.  The Court is within its discretion to consider that evidence.  And, at a minimum, the evidence forms a basis to amend the Complaint.

Nokia's procedural argument also shows why the Court should deny Nokia's Motion. Nokia premised its Motion on facts outside the Complaint, namely factual interferences it made from outside evidence: (1) that ZyXEL has a license to each of the Patents-in-Suit based on a

Stipulation of Dismissal; and (2) that Infineon has a license to each of the Patents-in-Suit based on how ADTRAN (a defendant in a different case) characterized inventor testimony. Nokia now requests that the Court credit Nokia's take on those outside facts while ignoring TQ Delta's evidence—referenced in the Complaint—that TQ Delta pointed to in response. That approach is contrary to Rule 12 authority, where the Court accepts "all well-pleaded facts as true" and views those facts "in the light most favorable to the plaintiff." *Estech*, 2020 U.S. Dist. LEXIS 208491, at *3 (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). Nokia's Motion should be denied.

### III. Nokia Fails to Show Why TQ Delta Should Be Denied Its Alternatively Requested Relief of Being Granted Leave to Amend

After initially claiming that it lacked notice of *all* 19 of the Patents-in-Suit, Nokia pivots. It now claims that amendment would be futile because "for 12 of the 19 Asserted Patents, TQ Delta never provided a specific charge of infringement" and only identified standards that "are 'relevant' or 'covered' by the Asserted Patents."[2] Reply, at 2.

That assertion is untrue and is insufficient to obtain dismissal without leave to amend. Nokia ignores the evidence TQ Delta identified in its Response, *e.g.*, discussions in meetings and claim charts, that it received prior to suit. *See* Resp. at 3, 6 (quoting Dkt. 34-6). And how specific a notice must be under Section 287(a) is a factual issue to be decided on a full record—not at the pleadings stage. *See, e.g.*, *Applied Materials, Inc. v. Muto Tech., Inc.*, No. A-17-CV-00519-LY, 2018 U.S. Dist. LEXIS 198332, at *5 (W.D. Tex. Sep. 5, 2018) ("There is no requirement that the

---

[2] Nokia argues that "TQ Delta still fails to show—by either the Complaint or by its brief—that it ever provided Nokia with any notice of U.S. Patent Nos. 10,409,510, 10,567,112, 10,044,473, and 10,833,809 . . . prior to 2021." Reply, at 2. But the 2021 date Nokia refers to is the date of TQ Delta's pre-suit letter (May 25, 2021, Dkt. 34-7), not the date of the Complaint (August 13, 2021, Dkt. 1). This further shows that Nokia's Motion—which sought dismissal of all pre-suit damages—should be denied.

plaintiff prove its case at the pleading stage."). Identifying a standard that Nokia complies with when it manufactures and sells its products satisfies Section 287(a). To the extent Nokia argues otherwise, there is unquestionably a material factual dispute to defeat Nokia's Rule 12 Motion. *Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1185 (S.D. Cal. 2007) (denying summary judgment of no pre-suit damages under Section 287(a) where the communications "use[d] only phrases such as 'apply to,' 'specifics,' 'applicable to PCs,' and 'for use in PCs' in reference to the '954 patent and the standards" and "[r]ather than identify a particular product, the emails only state that Lucent had asserted certain patents against the G.723 standard in relation to Microsoft's Windows 2000 and Windows XP that include NetMeeting").

"A district court should freely give leave to amend a complaint 'when justice so requires.'" *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126 (Fed. Cir. 2018) (quoting FED. R. CIV. P. 15(a)(2)). Nokia has not shown that an amendment would be futile.

### III.   CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that the Court deny Nokia's Motion to Dismiss.

Dated: November 26, 2021

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

4

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this November 26, 2021, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/William E. Davis, III
William E. Davis, III