IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>    *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>    *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>    *Third-Party Plaintiff*,<br>  v.<br><br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>    *Third-Party Defendants*. | |

**OPPOSED MOTION FOR ENTRY OF ORDER FOCUSING
<u>PATENT CLAIMS AND PRIOR ART</u>**

Defendants Nokia of America Corporation, Nokia Corporation, Nokia Solutions and

Networks Oy (collectively, Nokia), and CommScope Holding Company, Inc., CommScope Inc.,

1

ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") (together, "Defendants") hereby respectfully move the Court to enter the attached proposed Order Focusing Patent Claims and Prior Art, which is modeled off of the Court's Model Order Focusing Patent Claims and Prior Art. Plaintiff TQ Delta, LLC ("TQ Delta") opposes.

Given the extraordinary number of claims TQ Delta is asserting (currently 128 unique claims across 22 patents), Defendants propose that the attached Proposed Order Focusing Patent Claims and Prior Art. The entry of the Proposed Order is warranted for three main reasons: (i) the compressed schedule; (ii) TQ Delta's actions in the prior litigations involving the patents and families of patents asserted in this case; and (iii) the lack of prejudice that TQ Delta will suffer in light of the fact that the accused products are similar to the products it accused in prior cases. Entering the Proposed Order will streamline the issues in this case, which will allow the parties to properly focus their efforts on investigating the issues that will actually be tried and for Defendants to adequately prepare their defenses in this expedited case.

TQ Delta served its P.R. 3-1 Disclosures on November 4, 2021.  As shown below, TQ Delta currently asserts 128 claims from the 22 patents at issue in this case. Specifically, TQ Delta asserts 108 claims across 19 patents against Nokia and 80 claims across 13 patents against CommScope. In most instances, each patent is also asserted against multiple standards that are alleged implemented in Defendant's products.  Different subsets of the asserted claims are asserted against both Nokia and CommScope.

| Claims Asserted Against Nokia ||
|---|---|
| **Asserted Patent** | **Asserted Claim(s)** |
| 7,570,686 | 17, 18, 19, 36, 37, 38, 40 |
| 7,844,882 | 9, 13, 14, 15 |
| 8,090,008 | 14 |
| 8,468,411 | 10, 11, 17, 18, 19, 25 |

| | |
|---|---|
| 8,495,473 | 10, 28, 36 |
| 8,594,162 | 8, 9, 11 |
| 8,595,577 | 16, 17, 18, 30, 31, 32, 37, 38, 39, 44, 53, 54, 55, 60 |
| 8,937,988 | 16, 22 |
| 9,014,193 | 1, 9, 10, 11, 12, 13 |
| 9,094,348 | 1, 2, 3, 4, 9, 10, 11, 12 |
| 9,154,354 | 10, 11, 12 |
| 9,300,601 | 8, 9, 13, 14, 15, 16, 17, 18, 21 |
| 9,485,055 | 11, 17, 19 |
| 9,547,608 | 2, 3, 4 |
| 9,894,014 | 1, 3 |
| 10,044,473 | 1, 2, 3, 4, 8 |
| 10,409,510 | 21, 22, 23 |
| 10,567,112 | 8, 10, 11, 12, 14 |
| 10,833,809 | 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, 22, 23, 24, 25, 27 |

| Claims Asserted Against CommScope ||
|---|---|
| **Asserted Patent** | **Asserted Claim(s)** |
| 7,453,881 | 17, 18, 21, 23, 25, 26, 29, 31 ,33, 34, 37, 38 |
| 7,570,686 | 17, 18, 19, 36 ,37, 38, 40 |
| 7,844,882 | 9, 13, 14, 15 |
| 8,090,008 | 14 |
| 8,276,048 | 1, 5, 6, 7 |
| 8,462,835 | 8, 10, 24, 26 |
| 8,468,411 | 10, 11, 17, 18, 19, 25 |
| 8,937,988 | 16, 22 |
| 9,094,348 | 1, 2, 3, 4, 9, 10, 11, 12 |
| 9,154,354 | 10, 11, 12 |
| 9,485,055 | 11, 17, 19 |
| 10,567,112 | 8, 10, 11, 12, 14 |
| 10,833,809 | 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, 22, 23, 24, 25, 27 |

| Claims Asserted Against Both Nokia and/or CommScope ||
|---|---|
| **Asserted Patent** | **Asserted Claim(s)** |
| 7,453,881 | 17, 18, 21, 23, 25, 26, 29, 31, 33, 34, 37 38 |
| 7,570,686 | 17, 18, 19, 36, 37, 38, 40 |
| 7,844,882 | 9, 13, 14, 15 |
| 8,090,008 | 14 |
| 8,276,048 | 1, 5, 6, 7 |
| 8,462,835 | 8, 10, 24, 26 |
| 8,468,411 | 10, 11, 17, 18, 19, 25 |

| | |
|---|---|
| 8,495,473 | 10, 28, 36 |
| 8,594,162 | 8, 9, 11 |
| 8,595,577 | 16, 17, 18, 30, 31, 32, 37, 38, 39, 44, 53, 54, 55, 60 |
| 8,937,988 | 16, 22 |
| 9,014,193 | 1, 9, 10, 11, 12, 13 |
| 9,094,348 | 1, 2, 3, 4, 9, 10, 11, 12 |
| 9,154,354 | 10, 11, 12 |
| 9,300,601 | 8, 9, 13, 14, 15, 16, 17, 18, 21 |
| 9,485,055 | 11, 17, 19 |
| 9,547,608 | 2, 3, 4 |
| 9,894,014 | 1, 3 |
| 10,044,473 | 1, 2, 3, 4, 8 |
| 10,409,510 | 21, 22, 23 |
| 10,567,112 | 8, 10, 11, 12, 14 |
| 10,833,809 | 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, 22, 23, 24, 25, 27 |

As an initial matter, this case is currently operating under a compressed schedule, with claim construction briefing due in just three short months and trial scheduled for less than a year from now. Under the Proposed Order, TQ Delta would be required to reduce its claims by the date set for completion of claim construction discovery—April 8, 2022. As opening claim construction briefing is not due until April 26, 2022, entry of the Proposed Order will allow all parties to focus on the core claim construction issues in this case. Likewise, entry of the Proposed Order will allow all parties to focus their efforts on issues that will actually be tried before this Court. Continuing to proceed with 128 asserted claims is a waste of this Court's resources and is unmanageable for Defendants.

Additionally, the possibility that TQ Delta's may elect just a subset of claims for trial further demonstrates why this early claim narrowing is warranted. This case is part of a long history in which TQ Delta has asserted the patents at issue, or patents from the same families against similar Accused Products, which comply with the same standards. TQ Delta thus likely

4

already knows which claims it plans to proceed with at trial and, so, is asserting a large number of claims simply to impose a greater burden on Defendants.

Moreover, TQ Delta will suffer no prejudice from narrowing its asserted claims under Defendants' proposal. TQ Delta knows it will not be proceeding to trial on 128 claims, and it likely knows now the claims it will be asserting at trial against Defendants. Accordingly, TQ Delta should be required to disclose the claims it intends to assert at trial early in these proceedings, so that the parties can focus their efforts accordingly.

Further, Defendants' request is not unreasonable as Defendants are willing to agree to limits on the number of prior art references that they can assert at trial. Specifically, after TQ Delta's Preliminary Election of Asserted Claims, Defendants shall assert no more than eight prior art references against each patent and not more than a total number of references as laid out below:

| Number of Patents Asserted | Number of Corresponding Prior Art References |
|---|---|
| 0-7 Patents | 40 Prior Art References |
| 8-14 Patents | 60 Prior Art References |
| 14-22 Patents | 80 Prior Art References |

After TQ Delta's Final Election of Asserted Claims, Defendants shall identify no more than six asserted prior art references per patent from among the eight prior art references previously identified for that particular patent and not more than a total number of references as laid out below:

| Number of Patents Asserted | Number of Corresponding Prior Art References |
|---|---|
| 0-7 Patents | 20 Prior Art References |
| 8-14 Patents | 40 Prior Art References |

5

| 14-22 Patents | 60 Prior Art References |

Defendants note that this limit is a slight deviation from the Court's Model Order. This deviation is to account for the large number of patents asserted in this case. For example, under the model order, were TQ Delta to maintain all 19 patents asserted against Nokia, Nokia would be limited to just two references per asserted patent. Accordingly, Defendants submit that the limits proposed above is equitable to all parties. Not only does this proposal account for the number of asserted patents, but it also allows for just eight references per patent (as opposed to the 12 contemplated by the model order) after the original reduction. Defendants propose this limitation to further conserve the parties' resources and to aid all parties in narrowing their focus and properly preparing for trial. Given the compressed trial schedule, Defendants simply seek to streamline this case to its core issues.

Defendants have met and conferred over email and via telephone multiple times with TQ Delta in an attempt to resolve this issue without Court intervention. TQ Delta agrees that a claim reduction is appropriate but will not agree to reduce its claims consistent with the proposed order. Indeed, TQ Delta has indicated that the entry of an order to narrow the case would somehow prejudice TQ Delta in being able to appropriately select which claims it plans to maintain and that an order narrowing the case would not save the resources of the parties. To the contrary, the reduction of claims and prior art references will reduce the time that the Court and parties need to spend in developing and evaluating arguments related to claims that will not ultimately be tried in front of a jury, including claims and patents that TQ Delta has likely already decided will not make it to trial. It would prejudice Defendants to have to prepare and litigate this case across all the asserted patents only to have plaintiff withdraw them at a later moment of strategic importance. TQ Delta has had every opportunity to strategically select which claims it wanted to assert and can

continue to do so in a way that will not impact that aspect of the case. TQ Delta has further indicated that claim narrowing is not appropriate at this time due to the filing of IPRs. It is not clear what relationship exists between potential IPRs and the present litigation. What is clear is the fact that TQ Delta has asserted far too many claims for effective presentation to a jury. Accordingly, the narrowing proposed by Defendants is appropriate.

Unlike TQ Delta, neither Nokia nor CommScope[1] were parties in the past cases and need time to investigate the asserted claims and the accused products. To fully investigate and review 128 claims in the condensed timeframe this case is under would impose an undue burden and cost on Defendants, particularly if TQ Delta does not intend to assert all 128 claims at trial. Entry of the Proposed Order would allow the parties to focus their efforts and to address the issues in this case more efficiently and thoroughly. As such, entering the Proposed Order would help to reduce this burden and to conserve the parties' resources, thus promoting a "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Dated: February 4, 2022

Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com

---

[1] While CommScope acquired 2Wire, a party to one of TQ Delta's many District of Delaware lawsuits involving the same patent families, CommScope is a different company than 2Wire and requires adequate time to evaluate TQ Delta's contentions, the accused products, and relevant fact witnesses for the instant lawsuit.

Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation, Nokia Solutions*
*and Networks Oy, and Nokia*
*of America Corporation and Third-*
*Party Plaintiff, Nokia of America*
*Corporation*


By: */s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
Tel: 903.534.1100
Fax: 903.534.1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP

100 Northern Avenue
Boston, MA 02210
Tel: 617.570.1000
Fax: 617.523.1231
Email: dkline@goodwinlaw.com
Email: clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel: 415.733.6000
Fax: 415.677.9041
Email: bschuman@goodwinlaw.com
Email: rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
Tel: 650.752.3100
Fax: 650.853.1038
Email: aong@goodwinlaw.com

*Attorney for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on February 4, 2022.

>/s/ *M. Scott Stevens*
>M. Scott Stevens

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for all parties met and conferred regarding the relief requested above. The parties are agreed that relief was warranted but could not agree on the scope or timing of said relief. The parties met and conferred over telephone and email to resolve their dispute but were unable to do so.

>/s/ *M. Scott Stevens*
>M. Scott Stevens