# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                              *Plaintiff,*<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>                              *Defendants.* | Civil Action No.: 2:21-cv-310 |

**COMMSCOPE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S VENUE-RELATED INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope" or "Defendants") hereby state their Objections and Responses to Plaintiff TQ Delta's First Set of Interrogatories to the CommScope Defendants.

**PRELIMINARY STATEMENT**

These objections and responses are made based on CommScope's present knowledge, information, and belief, and based on CommScope's understanding of the case as set forth in Plaintiff's complaint ("the Complaint"). This case is still at its early stages, and non-venue discovery has yet to commence. Thus, CommScope reserves the right to amend or supplement these Responses in accordance with CommScope's obligations under the Federal Rules of Civil Procedure. CommScope does not waive or intend to waive any objections that it may have

1

regarding the use of any information provided.

**GENERAL OBJECTIONS**

1. CommScope objects to the definition of "CommScope," "Defendant," "Defendants," "you" and/or "your" as vague, overly broad, unduly burdensome, and leading to requests for information that is not relevant to venue and disproportional to the needs of venue discovery. CommScope interprets these words to mean Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., or ARRIS Enterprises, LLC.

2. CommScope objects to the definition of "Asserted Patents" as overly broad. CommScope interprets this phrase to refer to U.S. Patent Nos. 7,453,881; 7,570,686; 7,844,882; 8,090,008; 8,276,048; 8,462,835; 8,468,411; 8,937,988; 9,094,348; 9,154,354; 9,485,055; 10,567,112; and 10,833,809.

3. CommScope objects to the definition of "Relevant period" as overly broad, unduly burdensome, and leading to requests for information that is not relevant to venue and disproportional to the needs of venue discovery. *See, e.g., United Servs. Auto. Ass'n. v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2021 WL 4453590, at *4 n.8 (E.D. Tex. Sept. 29, 2021) ("As the Court recognized during oral argument, the Court is to conduct its venue analysis from the time the complaint was filed.").

4. CommScope objects to the definition of "relates," "relating," "refers to," or "regarding" as overly broad, unduly burdensome, and leading to requests for information that is not relevant to venue and disproportional to the needs of venue discovery. CommScope also objects to the definition of "identify" for the same reasons.

5. CommScope objects to the Instructions and Definitions to the extent they seek to

impose obligations on CommScope that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Eastern District of Texas, the Judge's Standing Orders, or any other applicable rules or orders.

6. CommScope objects to these Interrogatories to the extent they seek information beyond the limited topic of venue or information that is disproportionate to the need to ascertain information relevant to venue. This is not within the scope of venue discovery permitted at this time by the local rules and judge's standing orders.

7. CommScope objects to the Interrogatories, Instructions, and Definitions to the extent they seek information protected by the attorney-client privilege, work product doctrine, right to privacy, or other applicable law, privilege, protection, or doctrine. CommScope will not construe the Interrogatories as seeking any such information, and none will be provided. Any disclosure of privileged information is inadvertent and does not constitute a waiver of the privilege or protection.

8. CommScope objects to the Interrogatories, Instructions, and Definitions (including the definition of "identify"), to the extent that they seek disclosure of confidential, personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each CommScope officer, employee, agent, supplier, or contractor whom CommScope contends has information relevant to the Asserted Patents, TQ Delta, the Accused

Products, the Accused Instrumentality, and/or any of the claims or defenses asserted in the above-captioned suit state that individual's name, title, job description, the general subject matter or categories of the relevant information he or she is alleged to possess, and all cities or towns where that individual resides and/or works.

**RESPONSE TO INTERROGATORY NO. 1:**

CommScope objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and disproportionate to the needs of venue discovery to the extent it seeks information about employees who have no relevant information about the claims or defenses of either party or are located outside the Eastern District of Texas.  CommScope further objects to the use of the term "relevant" as overly broad, unduly burdensome, oppressive, and disproportionate to the needs of venue discovery.  CommScope objects to this Interrogatory to the extent it seeks information subject to employees' rights of privacy.  CommScope will not provide, for example, employees' home addresses.  CommScope objects to this Interrogatory to the extent it is not bound in time to the filing of the Complaint.  *See United Servs. Auto. Ass'n. v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2021 WL 4453590, at *4 n.8 (E.D. Tex. Sept. 29, 2021) ("As the Court recognized during oral argument, the Court is to conduct its venue analysis from the time the complaint was filed.").  CommScope further objects to this Interrogatory as duplicative of other discovery, including Request for Production No. 3.

Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope responds as follows:  The following individuals may have information relating to CommScope's DSL products that have been accused of infringement in this case and may be called as a witness at trial in this case:

4

| Name | Location | Title |
|---|---|---|
| Paul Baker | San Diego, CA | Product Management Director |
| Daniel Hagarty | Horsham, PA | VP, Finance, Home Networks |
| Craig Herro | Santa Clara, CA | Product Management Director |
| Dominique Lesaffre | Issy les Moulineaux, France | Product Management Director |
| Benjamin Miller | San Jose, CA | Contractor (Software Engineering Dept) |
| Rajagopalan Ramanujam | Santa Clara, CA | Director, Software Engineering |

**INTERROGATORY NO. 2:**

If any individual identified in response to Interrogatory No. 1 resides or works at more than one location, state the approximate percentage of time that each such individual has resided or worked at each such location for each of the past five years.

**RESPONSE TO INTERROGATORY NO. 2:**

CommScope incorporates by reference its Objections and Response to Interrogatory No. 1. CommScope further objects to this interrogatory as overly broad, unduly burdensome, oppressive, and disproportionate to the needs of venue discovery to the extent it seeks (1) information about individuals located outside the Eastern District of Texas and (2) information prior to August 13, 2021—the date suit was filed. *See United Servs. Auto. Ass'n. v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2021 WL 4453590, at *4 n.8 (E.D. Tex. Sept. 29, 2021) ("As the Court recognized during oral argument, the Court is to conduct its venue analysis from the time the complaint was filed."). CommScope objects to this Interrogatory to the extent it seeks information subject to employees' rights of privacy. CommScope will not provide, for example,

5

employees' home addresses.

Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope responds as follows: The individuals listed in CommScope's Response to Interrogatory No. 1 were associated with the locations set forth in the Response as of the filing of the Complaint.

**INTERROGATORY NO. 3:**

For each physical property owned, leased, rented, used, or otherwise possessed or controlled by CommScope located within either or both the states of Delaware and Texas (including within the cities of Richardson, Texas and Mission, Texas), including but not limited to stores, warehouses, facilities or other space, state the property's location, the number of individuals that are employed, assigned, or contracted by CommScope at the property, and a detailed description of the business activities that occur at the property.

**RESPONSE TO INTERROGATORY NO. 3:**

CommScope objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of venue discovery to the extent it requests information regarding properties that (1) have no relevant connections to the claims or defenses of either party, (2) are located outside the Eastern District of Texas, or (3) were owned, leased, rented, used, or otherwise possessed or controlled by CommScope prior to August 13, 2021—the date suit was filed. *See United Servs. Auto. Ass'n. v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2021 WL 4453590, at *4 n.8 (E.D. Tex. Sept. 29, 2021) ("As the Court recognized during oral argument, the Court is to conduct its venue analysis from the time the complaint was filed."). CommScope further objects to this Interrogatory as duplicative of other discovery, including Request for Production No. 5.

6

Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope responds as follows: CommScope is not aware of any properties that it owns or leases in the State of Delaware. In addition to the office space owned by CommScope at 2601 Telecom Parkway in Richardson, Texas, CommScope also leases space for a warehouse and a data center in Richardson, Texas.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

CommScope incorporates by reference its prior objections and response to this Interrogatory. Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope further responds as follows: The warehouse in Richardson is located at 1125 E. Collins Boulevard, Richardson, Texas 75081. There are no operations at, and no employees associated with, this warehouse. The data center in Richardson is located at 1232 Alma Road, Richardson, Texas 75081. The data center is used to store backup copies (for disaster recovery purposes) of core operational data stored in Chicago. There are four CommScope employees associated with this data center. These employees do not work in CommScope's Home Networks business and, thus, have nothing to do with the accused DSL products in this case.

**INTERROGATORY NO. 4:**

Identify and provide the location of any and all sources of proof that CommScope contends are relevant in any way to the claims or defenses asserted in the above-captioned suit and provide a general description of the subject matter of each such source of proof.

**RESPONSE TO INTERROGATORY NO. 5:**

CommScope objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of venue discovery to the extent it seeks disclosure of confidential,

personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures. CommScope objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine, or other applicable law, privilege, protection, or doctrine. CommScope further objects to this Interrogatory as duplicative of other discovery, including Request for Production Nos. 1–5.

Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope responds as follows: The individuals identified in CommScope's Response to Interrogatory No. 1 may have relevant documents with them at their respective locations, e.g., on their laptops or other computers used for work. In addition, CommScope may have relevant documents relating to the accused DSL products that are stored on servers, whose location are unknown to CommScope, hosted by a third party. CommScope may also have relevant documents relating to the accused DSL products that are stored on one or more servers in Suwanee, Georgia.

**INTERROGATORY NO. 5:**

For each individual (excluding TQ Delta party witnesses) CommScope believes possesses relevant knowledge of the claims and defenses asserted in the above-captioned suit, state the burdens (if any) that CommScope believes each individual will experience if he or she attended a trial for the above-captioned suit within the District Court for the Eastern District of Texas.

**RESPONSE TO INTERROGATORY NO. 6:**

CommScope objects to this Interrogatory to the extent it seeks information subject to employees' rights of privacy. CommScope will not provide, for example, employees' addresses.

CommScope further objects to the use of the term "relevant" as overly broad, unduly burdensome, oppressive, and disproportionate to the needs of venue discovery.  CommScope objects to this Interrogatory to the extent it is not bound in time to the filing of the Complaint. *See United Servs. Auto. Ass'n. v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG, 2021 WL 4453590, at *4 n.8 (E.D. Tex. Sept. 29, 2021) ("As the Court recognized during oral argument, the Court is to conduct its venue analysis from the time the complaint was filed.").

Subject to and without waiving the foregoing General Objections and Specific Objections, CommScope responds as follows:

- Daniel Hagarty, CommScope, VP, Finance, Home Networks:  Mr. Hagarty is located in Horsham, Pennsylvania.  If required to testify at trial in the Eastern District of Texas, Mr. Hagarty would need to find a flight from Philadelphia likely to Dallas, Texas.  He would then need to drive at least two and a half hours to get to Marshall, Texas.  In contrast, if Mr. Hagarty were required to testify in Wilmington, Delaware, he could travel by car and arrive in one hour or less.

- Dr. Gong-San Yu, Broadcom:  On information and belief, Dr. Yu is located in the San Francisco Bay Area.  If required to testify at trial, Dr. Yu would be required to travel to Marshall likely through the airport at Dallas, Texas.  He would then need to drive several hours to get to Marshall, Texas.  If Dr. Yu were to testify in Delaware, he could take a flight to Philadelphia and then arrive in Wilmington after a short car ride (around 30 minutes or less).  Dr. Yu has previously testified in the District of Delaware.

- Benjamin Miller, CommScope, Contractor (Software Engineering Dept):  Mr. Miller is located in the San Francisco Bay Area.  The burden on him to testify in the Eastern

9

District of Texas is the same as for Dr. Gong-San Yu, discussed above.  Mr. Miller has also previously testified twice at trial in the District of Delaware.

- Paul Baker, Craig Herro, Rajagopalan Ramanujam, CommScope:  Mr. Baker, Mr. Herro, and Mr. Ramanujam are located in the San Francisco Bay Area.  The burden on them to testify in the Eastern District of Texas is the same as for Dr. Gong-San Yu, discussed above.

- Dominique Lesaffre, Commscope, Product Management Director:  Mr. Lesaffre is located in France.  If required to testify at trial, Mr. Lesaffre would likely be required to fly from Paris, France to Dallas, Texas, where he would then need to drive a few hours to Marshall.  If he were to testify in Delaware, Mr. Lesaffre would likely have a shorter flight to Philadelphia and then a short drive to Wilmington.

- Lujing Cai, Prior Art Witness:  On information and belief, Lujing Cai, a named inventor on a prior art patent, is located in or around Tinton Falls, New Jersey.  If required to testify in the Eastern District of Texas, Mr. Cai would need to fly from Newark, New Jersey likely to Dallas, Texas, where he would then need to drive a few hours to Marshall.  If he were to testify in Delaware, however, Mr. Cai could travel by car to Wilmington in a little under two hours.

- Richard Gross, John Greszczuk, David Krinsky, Prior Art Witnesses:  On information and belief, these individuals are all located in Massachusetts.  If required to travel to Marshall, they would need to find flights from Boston to Dallas, and then drive to Marshall, as described above.  In contrast, if required to travel to Delaware, they could find a much shorter flight from Boston to Philadelphia and then drive for about 30 minutes to get to Wilmington, Delaware.

Dated this 20th day of January, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Attorney for Defendants***

11

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 20, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by electronic mail.

                                            */s/ Eric H. Findlay*_____
                                             Eric H. Findlay