# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BARKAN WIRELESS IP HOLDINGS, L.P., § § §<br>Plaintiff, § §<br>v. § §<br>SPRINT CORPORATION, SPRINT, § COMMUNICATIONS CO., L.P., SPRINT § SOLUTIONS, INC., SPRINT SPECTRUM § L.P., and COMMSCOPE § TECHNOLOGIES LLC, § §<br>Defendants. § § | CIVIL ACTION NO. 2:19-cv-336-JRG<br><br>**JURY TRIAL DEMANDED** |

**COMMSCOPE'S MOTION TO TRANSFER
TO THE SHERMAN DIVISION PURSUANT TO § 1404**

TQD_TX-00044873

Case 2:19-cv-00336-JRG   Document 82   Filed 04/13/20   Page 4 of 20 PageID #: 687

CommScope Technologies LLC ("CommScope") seeks to transfer the above-styled action to the Sherman Division of the Eastern District of Texas under 28 U.S.C. § 1404. Now that the parties have exchanged initial disclosures, it is apparent that the Sherman Division is the clearly more convenient forum for trial. Four party witnesses and four nonparty witnesses are located in or within approximately 30 miles of the Sherman Division, and numerous other party and nonparty witnesses can more conveniently travel to the Sherman Division than the Marshall Division. Additionally, at least some sources of proof will emanate from party and nonparty offices located in or within 30 miles of the Sherman Division. In contrast, the parties have not identified any witnesses or sources of proof located in the Marshall Division. This case accordingly should be transferred to the Sherman Division for trial. *See Sanger Ins. Agency, Inc. v. HUB Int'l, Ltd.*, 2:13-cv-528-JRG, 2014 WL 5389936, at *6 (E.D. Tex. Mar. 25, 2014) (transferring to the Sherman Division where party and nonparty witnesses "can more conveniently appear within the Sherman Division; at least some documentary evidence will be located in the Sherman Division; and, the Sherman Division has a localized interest in adjudicating a dispute involving one of its residents").

**I.      Factual Background**

   **A.  Locations of Party Witnesses and Sources of Proof.**

Barkan Wireless IP Holdings, L.P. ("Barkan") alleges that CommScope and Sprint[1] infringe U.S. Patent Nos. 8,014,284, 8,559,312, and 9,392,638 (collectively, the "Asserted Patents"). *See* Dkt. 25, Barkan's Amended Complaint. Barkan's contentions focus on products provided by three different companies: defendant CommScope, nonparty Airspan Networks Inc. ("Airspan"), and nonparty Casa Systems ("Casa"). Ex. 1, Barkan's Amended Infringement Contentions, at 3, 10. Barkan alleges that CommScope and Sprint directly infringe the Asserted

---

[1] "Sprint" refers collectively to Sprint Corporation, Sprint Communications Co., L.P., Sprint Solutions, Inc., and Spring Spectrum L.P.

1

Patents, and indirectly infringe the Asserted Patents through their customers. *See, e.g.*, Dkt. 25, ¶¶ 45-46. Barkan makes no allegations against third parties Airspan and Casa.

CommScope is headquartered in Hickory, North Carolina. In 2015, CommScope acquired another company, Airvana, which had developed and sold the CommScope products accused in this case. CommScope maintains an office in Chelmsford, Massachusetts, where Airvana was based. CommScope also maintains an office in Richardson, Texas, within the Sherman Division. Among the CommScope witnesses in CommScope's Richardson office are employees with knowledge of maintenance and support, financial information, and business strategy related to the CommScope accused products. Sprint is headquartered in Overland Park, Kansas, and maintains an office in Reston, Virginia. CommScope expects that Sprint's sources of proof are collected primarily from its offices in Overland Park, Kansas, and Reston, Virginia. CommScope is not aware of any places of business of Barkan. *See* Dkt. 25, ¶ 2 (Barkan failing to allege any places of business of Barkan in its Amended Complaint).

The named inventor of the Asserted Patents, Dr. Elad Barkan, is the only Barkan employee that Barkan lists in its initial disclosures. Ex. 2, Barkan's Initial Disclosures, at 3. Dr. Barkan resides in Israel. Dkt. 25, ¶ 2.

CommScope's initial disclosures identify thirteen CommScope employees having knowledge of potentially relevant facts in this case. Ex. 3, CommScope's Initial Disclosures, at 4-5. Barkan's disclosures additionally identify two CommScope employees allegedly with knowledge relevant to this case. Ex. 2, Barkan's Initial Disclosures, at 5. The table attached hereto as Exhibit 5 lists each CommScope witness, their knowledge of potentially relevant facts as alleged in each side's initial disclosures, and their respective locations.

Sprint's disclosures identify sixteen Sprint employees having knowledge of potentially

subpoena power between the Marshall and Sherman divisions to become an issue in this case. This factor is, therefore, neutral. *See Radmax*, 720 F.3d at 288.

The other practical problems factor is also neutral. While CommScope defers to the Court's preference, CommScope anticipates Chief Judge Gilstrap may continue to preside over this case if it is transferred to the Sherman Division. To the extent that the familiarity of this Court with the Asserted Patents from the prior Samsung Case is considered unique to the Marshall Division, the parties will continue to benefit from that familiarity if the case is transferred and Chief Judge Gilstrap continues to preside.

### C. The Public Interest Factors Clearly Favor Transfer.

#### i. The Local Interest Factor Renders the Sherman Division the Clearly More Convenient Forum.

The "local interest in having localized interests decided at home" factor evaluates the "factual connection with the events of [the] case." *In re Volkswagen I*, 371 F.3d at 206. "[J]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id*. The local interest factor favors the Sherman Division because: (1) CommScope's Richardson office is in the Sherman Division; (2) none of the parties has offices in the Marshall Division; and (3) several CommScope witnesses are in the Sherman Division, some of whose work is called into question by Barkan's indirect infringement allegations. To the extent Barkan argues the Marshall Division has a local interest in this case by alleging that accused products are sold and used in the Marshall Division, that argument is unpersuasive, because it is not particular to the Marshall Division and applies nationwide, including in the Sherman Division.

*First*, the local interest factor favors the Sherman Division because CommScope's Richardson office is in the Sherman Division. Barkan highlights CommScope's Richardson office in its Amended Complaint. *See* Dkt. 25, ¶ 16. CommScope's initial disclosures identify four

13

Dated:  April 10, 2020               Respectfully submitted,

                                     By:  /s/ *Eric H. Findlay*___
                                     Douglas M. Kubehl (LEAD ATTORNEY)
                                     Texas State Bar No. 00796909
                                     E-mail: doug.kubehl@bakerbotts.com
                                     Jeffery Scott Becker
                                     Texas State Bar No. 24069354
                                     E-mail:  jeff.becker@bakerbotts.com
                                     Melissa Leyla Muenks
                                     Texas State Bar No. 24097442
                                     E-mail:  melissa.muenks@bakerbotts.com
                                     **BAKER BOTTS L.L.P.**
                                     2001 Ross Avenue
                                     Dallas, Texas 75201
                                     Telephone:  (214) 953-6500
                                     Facsimile:  (214) 953-6503

                                     Jennifer Librach Nall
                                     Texas State Bar No. 24061613
                                     E-mail:  jennifer.nall@bakerbotts.com
                                     Christopher James Ratway
                                     Texas State Bar No. 24100978
                                     E-mail:  christopher.ratway@bakerbotts.com
                                     **BAKER BOTTS L.L.P.**
                                     98 San Jacinto Blvd #1500
                                     Austin, TX 78701
                                     Telephone: (512) 322-2500
                                     Facsimile: (214) 953-6503

                                     Eric Findlay
                                     Texas State Bar No. 00789886
                                     Findlay Craft, P.C.
                                     102 N. College Avenue, Suite 900
                                     Tyler, Texas  75702
                                     (903) 534-1100
                                     Fax: (903) 534-1137
                                     E-mail: EFindlay@FindlayCraft.com

                                     **ATTORNEYS FOR DEFENDANT
                                     COMMSCOPE TECHNOLOGIES LLC.**

TQD_TX-00044891

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served via e-mail on April 10, 2020.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

I hereby certify that CommScope has complied with the meet and confer requirements set forth in Local Rule CV-7(h).  Counsel for CommScope and counsel for Barkan met and conferred on April 9, 2020.  Barkan indicated that it is opposed to the relief sought in this motion.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under Local Rule CV-5(d), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Eric H. Findlay*
Eric H. Findlay

TQD_TX-00044892