# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>          *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>          *Defendants*. | Civil Action No.: 2:21-cv-310 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE

## **TABLE OF CONTENTS**

                                                                                                                                       **Page**

I.     INTRODUCTION. ................................................................................................ 1
II.    TQ DELTA IGNORES THE SUBSTANTIAL AMOUNT OF WORK ALREADY PERFORMED BY THE COURT IN THE DISTRICT OF DELAWARE. .......................................................................................................... 1
III.   THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER. ............. 4
IV.   CONCLUSION. ..................................................................................................... 5

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Associated Recovery, LLC v. Butcher*,
   No. 2:16-cv-00126-JRG-RSP, 2017 WL 497576 (E.D. Tex. Feb. 7, 2017) ............................. 4

*Cont'l Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) .............................................................................................................. 4

*Motion Games, LLC v. Nintendo Co.*,
   No. 6:12-CV-878-JDL, 2015 WL 11143486 (E.D. Tex. Mar. 18, 2015) ................................ 5

*Seven Networks, LLC v. Google LLC*,
   No. 2:17-CV-00441-JRG, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) ............................. 5

*TiVo Inc. v. Cisco Sys., Inc.*,
   No. 2:12-CV-311-JRG, 2012 WL 3307407 (E.D. Tex. Aug. 13, 2012) ................................. 1

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ............................................................................................ 3

**I.      INTRODUCTION.**

The Court should grant CommScope's motion to transfer this case to the District of Delaware. TQ Delta denies that it was forum shopping by filing in this District, *see* Opp. at 3, but nowhere in its opposition does TQ Delta address its inexplicable decision to assert ***the same claims*** from many of the ***same patents*** against ***the same accused products*** in this case and the *2Wire* case in Delaware. TQ Delta completely ignores the significant amount of work that Judge Andrews already has put into addressing patents and accused products TQ Delta has put at issue in this case. The overlap between this case and the *2Wire* case alone warrants transferring the case to Delaware.

TQ Delta devotes the bulk of its opposition ignoring this essential history and context and, instead, mechanically addressing the private and public interest factors. But through two jury trials in Delaware—with two more upcoming in the near future—TQ Delta has never deposed or called at trial **_any_** of the party or non-party witnesses whose convenience it claims is so important that this case should remain in Texas. The Court should reject TQ Delta's transparent attempt to manufacture supposed connections to this District and grant CommScope's motion.

**II.     TQ DELTA IGNORES THE SUBSTANTIAL AMOUNT OF WORK ALREADY PERFORMED BY THE COURT IN THE DISTRICT OF DELAWARE.**

"The Supreme Court instructs trial courts that the existence of multiple lawsuits involving the same issues is a *paramount consideration* when determining whether a transfer is in the interest of justice." *TiVo Inc. v. Cisco Sys., Inc.*, No. 2:12-CV-311-JRG, 2012 WL 3307407, at *1 (E.D. Tex. Aug. 13, 2012) (emphasis in original) (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19 (1960)). For this reason, in its opening brief, CommScope focused on the substantial work that Judge Andrews has performed and will continue to perform in the *2Wire* case relating to asserted patents and accused products that TQ Delta also has put at issue in this case. *See* Mot. at 3–6.

As set forth more fully in CommScope's opening brief, the work that Judge Andrews has

1

done includes, at least, issuing more than ten claim construction orders, resolving multiple dispositive motions for at least five different patent families, and conducting two full jury trials on patents asserted in this case against CommScope. *Id.* Judge Andrews' years of work in the *2Wire* case covers six of the same patents asserted in this case,[1] many of the same DSL standards (e.g., ADSL2, VDSL2) that TQ Delta contends reads on those six patents, many of the same experts (including Dr. Cimini, whom CommScope has already disclosed), and many of the same accused products at issue in this case (including the Pace 5168N, 5168NV, 5268AC, 4111N, and 5031NV gateways). *See* Mot. at 4; *compare* Ex. 18 at 5–6, *with* Ex. 19 at 4 n.1; Dkt. No. 74-1.[2]

In its opposition, TQ Delta fails to inform the Court that Judge Andrews has scheduled two more liability jury trials in the *2Wire* case to occur the weeks of July 18, 2022 (on claims 8 and 10 of the '835 Patent, at issue here) and September 26, 2022 (on claim 14 of the '008 Patent, at issue here, among other related patents)—both of which will be completed before the January 3, 2023 trial date in this matter. With respect to the July 18 trial, even though Judge Andrews already has granted summary judgment of infringement with respect to the asserted claims of the '835 Patent, TQ Delta's infringement contentions in this case accuse a product—the Pace 5168NV gateway— that already has been found to infringe by Judge Andrews. *Compare* Ex. 20 at 4 ("Testing was performed on the Pace 5168NV."), *with* Ex. 21 at 17 ("Testing was performed on the 2WIRE/PACE 5168NV[.]"). TQ Delta also relies on the exact same standard, VDSL2, for its infringement contentions in both cases. *Compare* Ex. 20 at 1, *with* Ex. 21 at 1.

The September 26 trial in Delaware also overlaps with this case. For that trial, TQ Delta

---

[1] The overlapping patents are U.S. Patent Nos. 7,453,881 (the "'881 Patent"); 7,570,686 (the "'686 Patent"); 7,844,882 (the "'882 Patent"); 8,090,008 (the "'008 Patent"); 8,276,048 (the "'048 Patent"); and 8,462,835 (the "'835 Patent").

[2] Unless otherwise noted, all cited exhibits are attached to the Reply Declaration of Andrew Ong.

2

has accused 2Wire of infringing claim 14 of the '008 Patent. *See* Ex. 18 at 4. Claim 14 is also the sole claim from the '008 Patent asserted against CommScope in this matter. *See* Ex. 19 at 2. Moreover, all four of the accused products for the '008 Patent in Delaware—the Pace 5031NV, 5168N, 5168NV and 5268AC gateways—are accused products here. *See id.* at 4 n.1. And, again, TQ Delta relies on the same VDSL2 standard for infringement in both cases.

Nowhere in its opposition does TQ Delta even try to justify the incredible waste and burden on the courts and the parties of conducting multiple jury trials in this District and in Delaware on the same patents and same accused products within a six-month time span. Instead, TQ Delta focuses on the purported differences between the two cases. *See* Opp. at 12–14. However, complete overlap in facts and issues is not required for this factor to weigh in favor of transfer. Rather, judicial economy favors "having the same district court try the cases involving the same patents," because even where the cases do not "involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).[3]

Moreover, TQ Delta exaggerates the differences that it contends weigh against transfer to Delaware. For example, TQ Delta points out that seven of the patents asserted against CommScope in this case are not asserted against 2Wire in Delaware. *See* Opp. at 12. TQ Delta, however, fails to address the fact that all seven of these patents are in the same family as patents that TQ Delta has asserted in Delaware against 2Wire and other DSL equipment manufacturers (including ADTRAN), and Judge Andrews already has issued claim construction orders for terms

---

[3] In its opposition, TQ Delta speculates that Judge Andrews may not be able to fold this case into the pending case there if transfer is ordered. *See* Opp. at 13. TQ Delta's speculation is no basis to deny transfer; by filing here, TQ Delta has deprived Judge Andrews of the ability to make that determination so far.

3

that are present in patents in this case.

- U.S. Patent No. 8,468,411 (the "'411 Patent"), asserted here, was also asserted in Delaware against ADTRAN as one of the "Family 9" patents. U.S. Patent Nos. 9,094,348 (the "'348 Patent"), 9,485,055 ("the '055 Patent"), and 10,833,809 ("the '809 Patent") all claim priority to the same earliest application as the other Family 9 patents. Judge Andrews' Family 9 claim construction order addresses a number of terms present in the patents in this case, including, for example, "portion of the [shared] memory," "transceiver," "packet," and "wherein a message transmitted during initialization indicates how the memory has been allocated between the retransmission function and the interleaving and/or deinterleaving function." *See* Ex. 22.

- U.S. Patent Nos. 8,937,988 (the "'988 Patent") and 9,154,354 (the "'354 Patent") both claim priority to U.S. Patent No. 8,625,660 (the "'660 Patent"), which was asserted as "Family 10" against ADTRAN in Delaware. Although the '660 Patent is not at issue here, Judge Andrews' claim construction order for Family 10 addresses terms that are also present in the '988 Patent and/or '354 Patent, including, for example, "transceiver," "Signal to Noise Ratio (SNR) margin," and "multicarrier." *See* Ex. 23.

- U.S. Patent No. 10,567,112 (the "'112 Patent") claims priority to a chain of applications that includes the '835 Patent. In addition to construing multiple claim terms from the '835 Patent, Judge Andrews' claim construction order for Family 6 also addresses claim terms common to both the '112 and '835 Patents, including, for example, "FIP setting," "steady state," and "transceiver." *See* Ex. 24.

Given the substantial overlap between the two cases outlined above, there can be no real dispute that there exists a real risk of inconsistent rulings or judgments if this case is not transferred to the District of Delaware. *See Associated Recovery, LLC v. Butcher*, No. 2:16-cv-00126-JRG-RSP, 2017 WL 497576, at *13 (E.D. Tex. Feb. 7, 2017) (noting that "perhaps the soundest reason for transferring this case to the Northern District of Texas is the avoidance of inconsistent rulings or judgments"). Avoiding the existence of multiple lawsuits covering the same patents and the same products, as here, is precisely what the Supreme Court deemed to be a "paramount consideration" in the transfer analysis. *See Cont'l Grain*, 364 U.S. at 19. Accordingly, the Court should grant CommScope's motion to transfer.

### III. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER.

TQ Delta spends the majority of its opposition attempting to manufacture witness connections to this District. The Court should reject TQ Delta's argument because TQ Delta has never deposed or called ***any*** of the witnesses identified in its opposition in the multiple previous

4

trial in Delaware and, therefore, there is no reason to believe that it will do so in this case either.

For example, TQ Delta says that its Managing Director, Mark Roche, lives in this District. *See* Opp. at 9. Setting aside the fact that convenience to Mr. Roche, a party witness, is given little weight, *see Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00441-JRG, 2018 WL 4026760, at *9 (E.D. Tex. Aug. 15, 2018), Mr. Roche has not testified in either of the two Delaware trials to date. TQ Delta also identifies individuals listed on prior art references that supposedly reside in or near this District, *see* Opp. at 6 n.2, but no prior artist has testified in either of the prior Delaware trials and none will be testifying in either of the upcoming trials either. TQ Delta has never deposed anyone from AT&T during the pendency of the 2Wire case in Delaware, and no one from AT&T has testified or will testify during any of the Delaware trials.

Finally, TQ Delta paternalistically contends that trial would be more convenient for CommScope in this District because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* at 9. CommScope's CEO obviously is not a witness in this technical patent case. No party, including TQ Delta, has called to the stand any CEO of CommScope or its predecessors in any prior Delaware trial, highlighting the irrelevance of CEO testimony. He is not identified in CommScope's Initial Disclosures, and, even if he had any discoverable information, TQ Delta must seek that information from lower-ranking officials at CommScope. *See Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015) (noting that "the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser ranking employees") (internal quotations and citation omitted).

## IV. CONCLUSION.

For the reasons set forth above and in its opening brief, CommScope respectfully requests the Court transfer this case to the District of Delaware.

5

| | |
|---|---|
| Dated this 25th day of February, 2022 | Respectfully submitted,<br><br>By: */s/ Eric H. Findlay*<br>Eric H. Findlay<br>State Bar No. 00789886<br>Brian Craft<br>State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave, Ste. 900<br>Tyler, TX 75702<br>903-534-1100 (t)<br>903-534-1137 (f)<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>Douglas J. Kline<br>Christie Larochelle<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA  02210<br>P:  (617) 570-1000<br>F:  (617) 523-1231<br>dkline@goodwinlaw.com<br>clarochelle@goodwinlaw.com<br><br>Brett Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>P:  (415) 733-6000<br>F:  (415) 677-9041<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com<br><br>Andrew Ong<br>GOODWIN PROCTER LLP<br>601 Marshall St.<br>Redwood City, CA 94063<br>P: (650) 752-3100<br>F: (650) 853-1038<br>aong@goodwinlaw.com<br><br>***Attorney for Defendants*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay
