IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED**<br><br><br><br>Civil Action 2:21-cv-310-JRG<br>(Lead Case) |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | § § § § § § | Civil Action No. 2:21-cv-309-JRG<br>(Member Case) |

**UNOPPOSED MOTION BY PLAINTIFF TQ DELTA FOR LEAVE
TO CORRECT ITS INFRINGEMENT CONTENTIONS**

Plaintiff TQ Delta, LLC ("TQ Delta") respectfully moves for leave to serve corrected versions of its Infringement Contentions to the CommScope Defendants[1] and Nokia Defendants[2] (collectively, "Defendants"). This motion is unopposed.

This motion is necessary because TQ Delta recently discovered various typographical and clerical errors in the cover pleading and certain claim charts of TQ Delta's Infringement

---

[1] The CommScope Defendants are Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC.
[2] The Nokia Defendants are Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation

Contentions that were served on the Defendants on November 4, 2021. The errors need to be corrected to ensure accuracy and avoid confusion as this case proceeds. The proposed corrections are not substantive in that they do not add or change the infringement theories, accused products, or asserted patents. The clerical and typographical errors are categorized below with representative screenshots showing the nature of the proposed amendments:

**CATEGORY 1** — The claim chart included the entire text of the asserted claim, but the claim number was inadvertently omitted from the claim chart. TQ Delta will correct these errors by adding the correct number of the asserted claim to the affected claim charts.

| 26. The transceivers of claim 25, wherein the at least one transmission parameter | **ITU-T G.998.2 Ethernet Bonding Standard** <br><br> The Accused Products utilize a Reed Solomon Coding parameter value, an interleaving parameter value, a coding parameter value, a codeword size value or a framing parameter value. *See, e.g.,* IEEE Standard 802.3ah-2004 at § 61.2.2.5 *PME Aggregation restrictions*: |
|---|---|

*Figure 1 - Representative Screenshot - Adding claim number to claim chart.*

**CATEGORY 2** — A claim chart for an asserted claim was served, but that asserted claim was inadvertently omitted from the cover pleading. TQ Delta will correct these errors by adding the asserted claim to the cover pleading.

> TQ Delta asserts that the Nokia Defendants infringe at least claims 17, 18, 19, 36, 37, 38, and 40 of 7,570,686 ("the '686 Patent"); at least claims 9, 13, 14, and 15 of 7,844,882 ("the '882 Patent"); at least claim 14 of 8,090,008 ("the '008 Patent"); at least claims 10, 11, 17, 18, 19, and 25 of 8,468,411 ("the '411 Patent"); at least claims 10, 28, and 36 of 8,495,473 ("the '5473 Patent"); at least claims 8, 9, and 11 of 8,594,162 ("the '162 Patent"); at least claims 16, 17, 18, 30, 31, 32, 37, 38, 39, 44, 53, 54, 55, and 60 of 8,595,577 ("the '577 Patent"); at least claims 16 and 22 of 8,937,988 ("the '988 Patent"); at least claims 1, 9, 10, 11, 12, and 13 of 9,014,193 ("the '193 Patent"); at least claims 1, 2, 3, 4, 9, 10, 11, and 12 of 9,094,348 ("the '348 Patent"); at least claims 10, 11, and 12 of 9,154,354 ("the '354 Patent"); at least claims 8, 9, 13, 14, 15, 16, 17, 18, and 21 of 9,300,601 ("the '601 Patent"); at least claims 11, 12, 17, and 19 of 9,485,055 ("the

*Figure 2 - Representative Screenshot - Adding asserted claim to cover pleading.*

**CATEGORY 3** — The claim chart included the entire text of an asserted claim, but the asserted claim was inadvertently misnumbered using the number from another claim. TQ Delta will correct these errors by amending the affected claim charts to reflect the correct claim number so that it corresponds to the claim text.



*Figure 3 - Representative Screenshot - Correcting the claim number.*

**CATEGORY 4** — An asserted dependent claim was listed in the cover pleading, but that asserted dependent claim was inadvertently omitted from the claim chart. TQ Delta will correct

these errors by amending the affected claim chart to include infringement contentions for the missing asserted dependent claim.



*Figure 4 - Representative Screenshot - Adding contentions to claim chart.*

If the Court wishes to review all of the proposed corrections to the cover pleading and each claim chart, TQ Delta can submit them promptly via a supplemental filing.

TQ Delta has conferred with the Defendants about these errors, identified the errors to them, and provided them with redlined versions of the corrected cover pleading and corrected claim charts. The Defendants do not oppose this motion.

Good cause exists to grant this motion because (1) TQ Delta promptly moved to correct the infringement contentions by identifying them to the Defendants, conferring with the Defendants about the necessary corrections, and confirming the Defendants' non-opposition to this motion; (2) correcting these clerical and typographical errors is important to ensure the accuracy of the contentions and avoid confusion for the parties, expert witnesses, and perhaps the Court as this case proceeds; and (3) there is no prejudice to the Defendants if the corrections are allowed, and the Defendants have not alleged that they would be prejudiced.

For at least the foregoing reasons, TQ Delta's Motion should be granted.

Dated: March 7, 2022

Respectfully submitted,

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 7, 2022, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ William E. Davis, III*
William E. Davis, III

## CERTIFICATE OF CONFERENCE

    The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that the CommScope Defendants and Nokia Defendants are unopposed to this motion.

*/s/ William E. Davis, III*
William E. Davis, III
