IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>    *Defendants*. | CIV. A. NO.  2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>    *Defendants*. | CIV. A. NO.  2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>    *Third-Party Plaintiff*,<br>  v.<br><br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>    *Third-Party Defendants*. | |

**NOKIA'S UNOPPOSED MOTION FOR LEAVE TO
CORRECT ITS INVALIDITY CONTENTIONS**

Pursuant to the Docket Control Order (Dkt. 062), on January 13, 2022, Defendants Nokia of America Corporation, Nokia Corporation, and Nokia Solutions and Networks Oy (collectively,

"Nokia") served their Patent Local Rule 3-3 Invalidity Contentions ("January 13 Invalidity Contentions") as to claims 17, 18, 19, 36, 37, 38, and 40 of 7,570,686 ("the '686 Patent"); claims 9, 13, 14, and 15 of 7,844,882 ("the '882 Patent"); claim 14 of 8,090,008 ("the '008 Patent"); claims 10, 11, 17, 18, 19 and 25 of 8,468,411 ("the '411 Patent"); claims 10, 28, and 36 of 8,495,473 ("the '5473 Patent"); claims 8, 9, and 11 of 8,594,162 ("the '162 Patent"); claims 16, 17, 18, 30, 31, 32, 37, 38, 39, 44, 53, 54, 55, and 60 of 8,595,577 ("the '577 Patent"); claims 16 and 22 of 8,937,988 ("the '988 Patent"); claims 1, 9, 10, 11, 12, and 13 of 9,014,193 ("the '193 Patent"); claims 1, 2, 3, 4, 9, 10, 11, and 12 of 9,094,348 ("the '348 Patent"); claims 10, 11, and 12 of 9,154,354 ("the '354 Patent"); claims 8, 9, 13, 14, 15, 16, 17, 18, and 21 of 9,300,601 ("the '601 Patent"); claims 11, 17, and 19 of 9,485,055 ("the '055 Patent"); claims 2, 3, and 4 of 9,547,608 ("the '608 Patent"); claims 1 and 3 of 9,894,014 ("the '014 Patent"); claims 1, 2, 3, 4, and 8 of 10,044,473 ("the '4473 Patent"); claims 21, 22, and 23 of 10,409,510 ("the '510 Patent"); claims 8, 10, 11, 12, and 14 of 10,567,112 ("the '112 Patent"); and claims 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20, 22, 23, 24, 25, 27 of 10,833,809 ("the '809 Patent) (collectively the "Asserted Patents"). Since the time of service, Nokia has reviewed its invalidity contentions and identified several inadvertent clerical errors. Accordingly, pursuant to Patent Rule 3-6(b), Nokia respectfully requests an order granting leave to amend its invalidity contentions. TQ Delta does not oppose Nokia's motion for leave.

On February 2, 2022, Nokia emailed TQ Delta to identify the errors and provided corrected copies of the relevant charts at that time. The errors that require correction are limited to the following:

- Chart F2-193A: Revise second "Claim 10" listing to reflect Claim 11 label and claim language. Disclosure cited in as-served charts is correct.
- Chart F2-601D: Page 1 – revise "prior art to 448 patent" to list the 601 patent.

- Chart F2-601F: PDF conversion error cut off claims 15D, 15E, 16, 17, 18, 21 – re-PDF to include these claims.
- Chart F3-5473A: Page 1 – revise language "prior art to the 882 patent" to list the '5473 patent.
- All 008 Charts: Revise "Claim 1" headings to read "Claim 14."
- All 348 Charts: Revise [11A] (under "Claim 10") to say [10A].
- All 809 Charts: Revise duplicate numbering of [1E] to be [1F]; delete extraneous clam language in [12A]; delete duplicate "wherein instructions further" in 20A.
- All '4473 Charts: Revise [1B] to say "transmitting, by the transceiver" instead of "transmit."
- All '882 Charts: Revise [13C] to say "reception" instead of "transmission"; revise [13D] to say "transmitted" instead of "received"; and revise 13[E] to say "shared" instead of "shred" per the Certificate of Correction.

There is good cause to permit these corrections because (1) less than a month passed between Nokia's service of the January 13th Invalidity Contentions and the February 2nd service of the corrected charts; (2) these errors are inadvertent clerical errors that require correction to make Nokia's contentions as to invalidity clear, and therefore the corrections are important; and (3) there is no prejudice to TQ Delta. TQ Delta has had an opportunity to review the corrected charts and does not oppose the proposed corrections. TQ Delta does not seek a continuance in light of these corrections. For the reasons set forth above, Nokia respectfully requests that the Court grant Nokia's unopposed motion for leave to correct its invalidity contentions.

Dated: March 9, 2022                    Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants
Nokia Corporation, Nokia Solutions
and Networks Oy, and Nokia
 of America Corporation and Third-
Party Plaintiff, Nokia of America
Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 9, 2022.

                                              /s/ *M. Scott Stevens*
                                              M. Scott Stevens

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for all parties met and conferred regarding the relief requested above. TQ Delta indicated the relief requested is unopposed.

                                              /s/ *M. Scott Stevens*
                                              M. Scott Stevens