# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>v.<br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>    *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>    *Plaintiff*,<br>v.<br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>    *Defendants*.<br><br>**NOKIA OF AMERICA CORP.,**<br>    *Third-Party Plaintiff*,<br>v.<br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>    *Third-Party Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4-3 ("P.R. 4-3") and the Court's Docket Control Order (Dkt. No. 62, Plaintiff TQ Delta, LLC ("TQ Delta") and Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology,

Inc., and ARRIS Enterprises, LLC (the "CommScope Defendants") and Defendants Nokia of America Corp., Nokia Corp. and Nokia Solutions and Networks Oy (the "Nokia Defendants") hereby provide their Joint Claim Construction and Prehearing Statement ("Joint Statement"). This Joint Statement addresses the agreed and disputed claim terms and phrases from the asserted claims of the following patents: 7,453,881 ("the '881 Patent"); 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,276,048 ("the '048 Patent"); 8,462,835 ("the '835 Patent"); 8,468,411 ("the '411 Patent"); 8,495,473 ("the '5473 Patent"); 8,594,162 ("the '162 Patent"); 8,595,577 ("the '577 Patent"); 8,937,988 ("the '988 Patent"); 9,014,193 ("the '193 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,300,601 ("the '601 Patent"); 9,485,055 ("the '055 Patent"); 9,547,608 ("the '608 Patent"); 9,894,014 ("the '014 Patent"); 10,044,473 ("the '4473 Patent"); 10,409,510 ("the '510 Patent"); 10,567,112 ("the '112 Patent") and 10,833,809 ("the '809 Patent") (collectively, the "Patents-in-Suit").

1. **P.R. 4-3(a)(1): Agreed Claim Constructions**

   The parties do not presently have agreed claim constructions.

2. **P.R. 4-3(a)(2): Disputed Claim Constructions**

   Exhibits A and B set forth the disputed claim terms on a patent-by-patent basis, each party's proposed claim construction or indefiniteness position for each disputed claim term, an identification of all references from the specification or prosecution history that support that position, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. All parties reserve the right to rely upon any intrinsic or extrinsic evidence identified by any other party, and any evidence obtained through claim

construction discovery. In addition, each party reserves the right to amend, correct, or supplement its claim construction positions and supporting evidence in response to any change of position by any other party, or for other good cause.

3.  **P.R. 4-3(a)(3): Length of Claim Construction Hearing**

    TQ Delta's Position

    TQ Delta believe that the Court can address the claim-construction issues within three hours (half a day), divided equally between the parties, given that there are similar issues raised across groups of claim terms.

    Defendants' Position

    Given that terms from 22 asserted patents are in dispute, Defendants believe that the Court can address the claim-construction issues within one day, divided equally between the parties.

4.  **P.R. 4-3(a)(4): Live Witness Testimony**

    The parties currently do not expect to call any live witnesses at the Claim Construction Hearing.

5.  **P.R. 4-3(a)(5): Other Issues**

    TQ Delta's Position

    TQ Delta believes that there are no issues to be addressed a prehearing conference.  For the reasons in TQ Delta's briefing, Defendants' Motion below should be denied.  Defendants did not in its briefing address any claim-term issues that entry of its Motion would reduce.  Nor does it identify any such issues below.  In addition, because many of the disputes fall across a group of terms (and multiple claims, as reflected in the attached charts), forcing TQ Delta to artificially narrow the number of asserted claims, as Defendants' request, at this stage of the case is unlikely not serve to narrow the issues for the Court.

    Defendants' Position

Defendants identify the following opposed motion as an issue to potentially be addressed at a claim construction prehearing conference: Defendants' Opposed Motion for Entry of Order Focusing Patent Claims and Prior art, Dkt. 77.

TQ Delta currently asserts 80 claims against CommScope and 128 claims against Nokia. *See* Dkt. 77 at 2. Defendants seek a narrowing order whereby Plaintiff shall serve a Preliminary Election of Asserted Claims by April 8, 2022 and a Final Election of Asserted Claims by July 18, 2022. *See* Dkt. 77-1. The *Markman* hearing is set for June 3, 2022. Dkt. 62. The proposed Preliminary Election of Asserted Claims shall identify no more than ten asserted claims per patent and no more than a total of 32 claims. Dkt 77-1. Therefore, if the Court enters Defendants' proposed narrowing order, the asserted claims will be significantly reduced before the claim construction hearing, potentially eliminating claim construction disputes. Pursuant to P.R. 4-3(a)(5), Defendants propose that such a prehearing conference take place before April 8, 2022, the date for the proposed Preliminary Election of Asserted Claims.

## 6. P.R. 4-3(b): Simultaneous Service of Disclosure of Expert Testimony

TQ Delta states that it intends to rely on expert testimony in its claim construction briefing and will serve on the date of this filing a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B) for each expert on which it intends to rely to support their proposed positions. TQ Delta reserves the right to rely on expert testimony in its responsive claim construction briefing in response to Defendants' briefing and/or any expert testimony on which Defendants rely.

Defendants state that they intend to rely on expert testimony in their claim construction briefing and will serve on the date of this filing a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B) for each expert on which they intend to rely to support their proposed claim construction or indefiniteness positions. Defendants reserve the right to rely on expert testimony in their responsive claim construction briefing in response to TQ Delta's briefing and/or

any expert testimony on which TQ Delta relies.

Dated: March 14, 2022

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

Respectfully submitted,

By: /s/ *M. Scott Stevens (with permission William E. Davis, III)*
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400

5

Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation, Nokia Solutions*
*and Networks Oy, and Nokia*
*of America Corporation and Third-Party*
*Plaintiff, Nokia of America Corporation*

By: /s/ *Andrew Ong (with permission William E. Davis, III)*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
**GOODWIN PROCTER LLP**
601 Marshall St.
Redwood City, CA 94063

6

        P: (650) 752-3100
        F: (650) 853-1038
        aong@goodwinlaw.com

        ATTORNEYS FOR THE COMMSCOPE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

/s/ William E. Davis, III
William E. Davis, III
