# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,** *Plaintiff*, v. **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG (Lead Case) |
| **TQ DELTA, LLC,** *Plaintiff*, v. **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,** *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG (Member Case) |
| **NOKIA OF AMERICA CORP.,** *Third-Party Plaintiff*, v. **BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,** *Third-Party Defendants*. | |

**NOKIA'S SUR-REPLY IN OPPOSITION TO TQ DELTA'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS [DKT. NO. 86]**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   TQ DELTA HAS NOT ACTED DILIGENTLY............................................................... 2

III.  UNDER TQ DELTA'S MISCHARACTERIZATION OF THE SCOPE OF THE
      AMENDMENT, IT IS NOT IMPORTANT ENOUGH TO WARRANT THE
      AMENDMENT................................................................................................................... 3

IV.   TQ DELTA'S AMENDMENT WOULD SEVERELY PREJUDICE NOKIA ................. 4

V.    A CONTINUANCE WOULD NOT CURE THE PREJUDICE TO NOKIA ................... 5

VI.   CONCLUSION................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Global Sessions LP v. Travelocity.com LP*,
    No. 6:10-cv-00671, 2012 U.S. Dist. LEXIS 73153 (E.D. Tex. May 25, 2012) ....................4, 5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    No. 2:13-cv-17-RWS-RSP, 2018 U.S. Dist. LEXIS 12831 (E.D. Tex. Jan. 26,
    2018) .........................................................................................................................................3

*MedioStream, Inc. v. Microsoct Corp.*,
    No. 2:08-CV-369-CE, 2010 U.S. Dist. LEXIS 110420 (E.D. Tex. Oct. 18,
    2010) .........................................................................................................................................3

*Phenix Longhorn, LLC v. Wistron Corp.*,
    No. 2:17-CV-00711-RWS, 2019 U.S. Dist. LEXIS 218351 (E.D. Tex. Aug.
    16, 2019) ...............................................................................................................................1, 2

## **TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Email correspondence between K. Wroblewski and B. Davis, dated Dec. 8, 2021 ("2021.12.08 Email Correspondence from K. Wroblewski to B. Davis") |

I.   **INTRODUCTION**

TQ Delta attempts to distract from its desire to enlarge an already-too-big litigation and its own lack of diligence by arguing, incredibly, that *Nokia* somehow "prevented" TQ Delta's Motion and that *Nokia*'s alleged "lack of good faith and diligence" caused TQ Delta's delays.  Reply at 1. TQ Delta's arguments confuse the standard for amendment, under which **TQ Delta** must show its *own* diligence and good cause.  But regardless, Nokia did no such thing.  TQ Delta—on its own— elected not to pursue leave to amend until months had passed, meanwhile allowing the full exchange of contentions and the onset of claim construction.  During those months, Nokia appropriately considered TQ Delta's infringement contentions as served, which "frame the scope of the case." *Phenix Longhorn, LLC v. Wistron Corp.*, No. 2:17-CV-00711-RWS, 2019 U.S. Dist. LEXIS 218351, at *11-12 (E.D. Tex. Aug. 16, 2019); *see also* P.R. 3-1(b) ("This identification shall be as specific as possible.").

Specifically, during the nearly *four months* between TQ Delta's infringement contentions and its belated Motion, Nokia worked diligently to investigate noninfringement and invalidity, while assessing claim construction in those contexts.  If TQ Delta's amendment were allowed, Nokia would be forced to re-do its analysis of the patent from the last nearly five months[1] in light of the amended contentions, in the midst of the ongoing claim construction process.

While TQ Delta sat on its hands, Nokia also worked diligently to seek agreement with TQ Delta to narrow the scope of this overly burdensome case that currently involves 19 patents and approximately 100 claims against Nokia.  *See generally* Dkt. 77 (Defendants' Opposed Motion for Entry of Order Focusing Patent Claims and Prior Art, the "Narrowing Motion").  Those separate

---

[1] TQ Delta served its P.R. 3-1 Disclosures on November 4, 2021, Mot. at 4, and thus nearly five months have passed since that time.

1

discussions did not impede or prevent TQ Delta's Motion.  TQ Delta ultimately rejected Defendants' proposed narrowing and instead sought to expand the case by filing its Motion seeking leave to accuse an *entirely new standard* of infringement.  TQ Delta's proposed amendment should be denied.

## II.     TQ DELTA HAS NOT ACTED DILIGENTLY

TQ Delta makes three arguments that it acted diligently in seeking leave to amend its infringement contentions.  Reply at 1-3.  Each of these arguments fails.

First, TQ Delta argues that G.vector was "within the bounds of the infringement theories previewed in the Complaint," and therefore TQ Delta's "infringement case has been in plain sight since the Complaint was filed."  Reply at 1-2.  But had G.vector actually been a "material part" of its infringement theory, Reply at 4, TQ Delta would have included the standard in its infringement contentions, which by rule must be "as specific as possible," P.R. 3-1(b), and which "frame the scope of the case."  *Phenix Longhorn*, 2019 U.S. Dist. LEXIS 218351, at *11-12.  Nokia was entitled to rely, and did rely, on TQ Delta's infringement contentions as actually served, just as envisioned by this Court's rules.

Second, TQ Delta argues that its "legitimate excuse" for its lack of diligence is that it forgot to accuse G.vector.  *See* Reply at 2 (stating that its "legitimate excuse" is that "the G.Vector Standard was inadvertently omitted [from the Infringement Contentions], which TQ Delta regrets, due to a simple oversight and mistake during the process of creating the Infringement Contentions").  This is no "excuse," it is not good cause, and it certainly does not excuse TQ Delta's lack of diligence after it recognized its omission.  Nonetheless, TQ Delta argues that it expected Nokia to assume G.vector was accused, even though it was not, and even though TQ Delta itself did not notice G.vector's absence from the infringement contentions until one month after those contentions were served.  Reply at 4.  TQ Delta now posits that the onus was on Nokia

2

to *infer* TQ Delta's infringement theories regarding G.vector when the infringement contentions actually served said nothing about it, and TQ Delta had filed no motion seeking to amend them.

Third, TQ Delta argues that it was diligent during the following three months before it moved for leave because it "tr[ied] to resolve the issue by agreement."  Reply at 2-3.  But Nokia made its opposition clear in December 2021, and yet TQ Delta let the issue lie until finally filing its Motion in February 2022.  Ex. 1 (2021.12.08 Email Correspondence from K. Wroblewski to B. Davis) at 1 ("As discussed on the meet and confer, Nokia will also oppose TQ Delta's request to amend its infringement contentions.").[2]  Had TQ Delta been diligent, it would have moved for leave to amend upon learning of Nokia's opposition last year.  But TQ Delta delayed.  Nokia neither prevented the Motion nor caused the delays.  *See* Reply at 1.

In short, TQ Delta failed to accuse G.vector in its infringement contentions and then failed to act diligently to move for leave to amend its infringement contentions.  The Motion should be denied.  *See Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-17-RWS-RSP, 2018 U.S. Dist. LEXIS 12831, at *6-7 (E.D. Tex. Jan. 26, 2018) ("The lack of diligence alone . . . may support denial of leave to amend infringement contentions.").

### III.   UNDER TQ DELTA'S MISCHARACTERIZATION OF THE SCOPE OF THE AMENDMENT, IT IS NOT IMPORTANT ENOUGH TO WARRANT THE AMENDMENT

After attempting to downplay the alleged importance of the proposed amendment in its Motion by characterizing it as the addition of a "single citation" to one claim chart, Mot. at 1, TQ

---

[2] *MedioStream, Inc. v. Microsoft Corp.* is distinguishable.  In *MedioStream*, The Court concluded that the plaintiff was diligent because it was "clear from the briefing of both [parties] that . . . substantive discussions [between the parties] continued through the filing of the" motion. *MedioStream, Inc. v. Microsoct Corp.*, No. 2:08-CV-369-CE, 2010 U.S. Dist. LEXIS 110420, at *14-15 (E.D. Tex. Oct. 18, 2010).  Here, however, Nokia made clear that the present Motion was opposed when TQ Delta first raised the issue in December 2021.  Ex. 1 (2021.12.08 Email Correspondence from K. Wroblewski to B. Davis) at 1.

Delta asserts that its proposed amendment is important because it "directly bears on infringement and damages issues." Reply at 3. Again, all proposed amendments to infringement contentions bear on such issues, so this argument carries no meaningful weight.

TQ Delta's only other argument regarding the alleged importance of its proposed amendment is that it had cited the G.vector standard in its Complaint. But this argument underscores TQ Delta's awareness of the standard at the outset of the case, and therefore any alleged importance "should have generated a commensurate amount of diligence." *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-00671, 2012 U.S. Dist. LEXIS 73153, at *23-24 (E.D. Tex. May 25, 2012). Here, TQ Delta did not act diligently, and thus the relative "importance" (or not) of the amendment supports denying the Motion.

### IV. TQ DELTA'S AMENDMENT WOULD SEVERELY PREJUDICE NOKIA

TQ Delta does not deny that it is attempting to add a new infringement theory premised on "what could be considered a separate standard." Mot. at 2. TQ Delta also does not deny that its proposed amendment would affect Nokia's invalidity contentions and would do so in the midst of the claim construction process. Reply at 4. Moreover, TQ Delta does not deny that its damages theory is likely to be tied to the **number** of standards allegedly being practiced by the accused products and that, therefore, its damages request is dependent on its proposed amendment.

Further, if TQ Delta's amendment were allowed, at minimum, Nokia will need to: evaluate the infringement contentions; evaluate its invalidity contentions; potentially search for new prior art; potentially chart new prior art; potentially seek leave to amend its invalidity contentions; re-evaluate its claim construction positions; and meet and confer with TQ Delta regarding any proposed amendments to claim construction positions, all while the parties are conducting claim construction discovery and preparing their claim construction briefs, and all of which could also yield new claim construction issues after the deadlines for addressing such issues have passed.

*See, e.g.*, *Global* Sessions, 2012 U.S. Dist. LEXIS 73153, at *23-24 (where "the claim construction hearing [was] one month away," it prejudiced the accused infringer due to "little time to conduct new prior art searches or reassess its invalidity theories"). Nokia would be severely prejudiced should TQ Delta's proposed amendment be allowed.

On the other hand, TQ Delta does not argue that the proposed amendment is dispositive as to infringement of the '162 Patent. TQ Delta also does not argue that denial of leave would be detrimental to its case. Nor can TQ Delta make such an argument, particularly where it asserts an alternate theory of infringement for the '162 Patent, and where it maintains infringement allegations as to 18 other patents. TQ Delta's proposed amendment should be denied.

V. A CONTINUANCE WOULD NOT CURE THE PREJUDICE TO NOKIA

Finally, TQ Delta argues that "there is sufficient time for G.vector to be incorporated into the case" given that the claim construction process and other deadlines are ongoing. Reply at 5. But what TQ Delta characterized at the outset of the briefing on this Motion as an addition of a "single citation" to its infringement contentions, Mot. at 1, would have a spiral effect on the rest of the litigation, as described earlier. TQ Delta's proposed amendment would expand the case at the critical stage of claim construction—precisely when the parties should be working to narrow the case and conserve the Court's and the parties' resources. *See generally* Dkt. 77 (Narrowing Motion).

VI. CONCLUSION

For the reasons shown, this Court should deny TQ Delta's Motion.

Dated: March 21, 2022                                     Respectfully submitted,

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*

6

*Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation and Third-Party Plaintiff, Nokia of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 21, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens