IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, | § § § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | CIVIL ACTION NO. 2:21-CV-00310-JRG |
| v. | | |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., ARRIS ENTERPRISES, LLC, | | |
| *Defendants*. | | |

# ORDER

Before the Court is Defendants' Opposed Motion to Transfer Venue to The District of Delaware (Dkt. No. 32) (the "Motion"). In the Motion, Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") request the Court transfer the above-captioned case to the District of Delaware under 28 U.S.C. § 1404(a).

Having considered the Motion, the associated briefing, and for the reasons set forth below, the Court finds that the Motion should be **DENIED**.

## I.    BACKGROUND

Plaintiff TQ Delta, LLC ("TQ Delta") filed the above-captioned action against CommScope on August 13, 2021, alleging infringement of United States Patent Nos. 7,453,881 ("the '881 Patent"); 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the

1

'008 Patent"); 8,276,048 ("the '048 Patent"); 8,462,835 ("the '835 Patent"); 8,468,411 ("the '411 Patent"); 8,937,988 ("the '988 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,485,055 ("the '055 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, the "Asserted Patents").  (Dkt. No. 1.)

TQ Delta is a is a limited liability company organized and existing under the laws of the State of Delaware and having a principal place of business in Austin, Texas. Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises LLC are corporations organized and existing under the laws of the State of Delaware and can be served through their respective registered agents in Wilmington, DE.  Defendants ARRIS International Limited f/k/a Arris International plc and ARRIS Global Ltd. are corporations duly organized and existing under the laws of England and Wales.

## II.     LEGAL STANDARD

In evaluating a motion to transfer pursuant to § 1404(a), the Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. The public interest factors include: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized interests decided at home;" (3) "the familiarity of the forum with the law that will govern the case;" and (4) "the avoidance of unnecessary problems of conflict of laws." *Id*.

To support a claim for transfer under § 1404(a), a movant must demonstrate that the transferee venue is "clearly more convenient" than the current District. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The elevated burden to show that the transferee forum is "clearly more convenient" reflects the respect owed to the Plaintiff's choice of forum. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

### III.  ANALYSIS

#### A. The relative ease of access to sources of proof disfavors transfer.

CommScope argues that this factor "weighs in favor of transfer" because it has not identified any "documentary evidence located within the Eastern District of Texas" and the District of Delaware has conducted "extensive litigation of the Asserted Patents." (Dkt. No. 32 at 9-10.)

TQ Delta responds that this factor weighs against transfer because "both TQ Delta and CommScope have sources of proof in Texas, including in this District."  (Dkt. No. 89 at 4.)  In particular, TQ Delta argues that it "has kept evidence in this District at the home office of TQ Delta's Managing Director, Mark Roche, who has worked and resided in Plano since March 2020," and "[t]he balance of TQ Delta's evidence is in Austin." (*Id*. at 4.)  TQ Delta further contends that "CommScope also appears to have relevant sources of proof in this District," including at "CommScope's Richardson office" that "employs almost 300 employees, including the President and CEO (Mr. Treadway)." (*Id*. at 5.)  CommScope does not address or refute TQ Delta's arguments in its Reply.  (Dkt. No. 92.)

The Court agrees with TQ Delta and concludes that this factor disfavors transfer. CommScope has identified no sources of proof in Delaware and failed to deny or even discuss the potential and actual sources of proof TQ Delta identified in Texas and in this District.  The District of Delaware's experience with some of the Asserted Patents in this case does not impact this factor.

3

While the court only gives minimal weight to TQ Delta's assertions that CommScope "appears to have" relevant evidence in this District and acknowledges that both parties' documents are likely available electronically, the fact remains that TQ Delta squarely identified its own documents that are kept in this District and put forward a plausible contention that CommScope also keeps documents here.  CommScope offers *nothing* to balance the scales.  As a result, the Court concludes that this factor disfavors transfer.

> **B. The availability of compulsory process to secure the attendance of witnesses disfavors transfer.**

CommScope argues that this factor favors transfer because "[t]here are no known third-party witnesses located within the Eastern District of Texas" and "third-party witnesses relevant to this case," such as Broadcom—which is located in San Jose, California—have "participated actively in the Delaware cases." (Dkt. No. 32 at 10.)

TQ Delta responds that "[t]here are non-party potential witnesses in this District and elsewhere in Texas—all of whom are subject to this Court's absolute subpoena power under Rule 45." (Dkt. No. 89 at 5.)  TQ Delta specifically identifies five "prior artists CommScope identified in its Invalidity Contentions" who reside within this District. (*Id*.)  TQ Delta further identifies two former CommScope employees and twenty-four additional prior artists identified by CommScope, all of whom reside in Texas.  Lastly, TQ Delta identifies AT&T, which is headquartered in Dallas, Texas, and is "a major customer of CommScope's Accused Products." (*Id*. at 7.)

In reply, CommScope argues that the witnesses identified by TQ Delta are not important or likely to testify based on the fact that those same witnesses "ha[ve] not testified in either of the two Delaware trials to date." (Dkt. No. 92 at 5.)

The Court agrees with TQ Delta that this factor disfavors transfer.  TQ Delta named at least five individuals living in this District and twenty-seven additional individuals living in Texas, all

of whom appear to have knowledge that is potentially material and relevant to this case. CommScope named *no witnesses* within the subpoena power of the District of Delaware. Rather, CommScope once again attempts to improperly import consideration of the Delaware Court's experience with related patents into this factor. Such considerations are not relevant here.[1] Beyond that, CommScope merely argues that the specific witnesses named by TQ Delta are not actually important to the case or likely to testify at trial. However, the Federal Circuit has repeatedly cautioned against requiring a party "to show that [a] potential witness has more than relevant and material information at this point in the litigation." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021); *Netflix*, 2022 WL 167470 at *3 (concluding that the parties need only provide a "sufficient explanation of why the identified third-party . . . likely had information relevant and material to the issues to be litigated in this case"). All identified third-party witnesses appear to have relevant and material information at this point in the case. On balance, TQ Delta has named over thirty individuals subject to compulsory process in this District and CommScope has named *none* in Delaware. Without something more, the Court concludes that this factor disfavors transfer.

### C. The cost of attendance for willing witnesses disfavors transfer.

CommScope argues that its witnesses with likely relevant information "reside in Georgia, Pennsylvania, California, and Austin, Texas" and "[f]or some of those witnesses, it would be more convenient and less costly to travel to Delaware than to Texas." (Dkt. No. 32 at 11.) CommScope also argues that because TQ Delta's witnesses "have previously appeared at trials conducted in the

---

[1] CommScope's arguments regarding Broadcom witnesses are likewise neither persuasive nor relevant. First, Broadcom's willingness to participate in other cases says nothing about its willingness to participate in this case. Second, this factor concerns the ability of a district to compel participation by witnesses, something that neither this District nor the District of Delaware has over Broadcom.

District of Delaware, TQ Delta cannot be heard to complain that it would be inconvenient for them to attend additional trials in Delaware." (*Id*.)

TQ Delta responds that CommScope has named no willing witnesses in Delaware but argues that "[t]here are relevant witnesses in this District" and "almost all of the witnesses are closer to this Court than Delaware." (Dkt. No. 89 at 8.)  TQ Delta contends that its own CEO resides in this District and another relevant TQ Delta employee resides in Austin, Texas. (*Id*.)  With regard to CommScope, TQ Delta argues that CommScope's CEO works in this District and the company has a "significant engineering group" in Austin, Texas. (*Id*.)  TQ Delta goes on to name six specific CommScope employees based in Austin. TQ Delta further notes that a CommScope executive with relevant knowledge resides in San Antonio, Texas. (*Id*. at 10-11.) Lastly, TQ Delta notes that this District would be a geographically more convenient location than Delaware for CommScope's employees based in California and Atlanta, Georgia. (*Id*. at 11.)  In reply, CommScope argues that "CommScope's CEO obviously is not a witness" because he "has called to the stand any CEO of CommScope or its predecessors in any prior Delaware trial." (Dkt. No. 92 at 5.)

The Court agree with TQ Delta that this factor disfavors transfer.  CommScope has named no willing witnesses for whom Delaware would be more convenient that this District.  Rather, CommScope merely states without explanation that Delaware may be more convenient "for some" unnamed allegedly relevant witnesses.  The Court notes that CommScope included witnesses residing Austin, Texas, in its generic list of those who may find Delaware more convenient, which further strains the credibility of its argument.  On the other hand, TQ Delta meticulously names and lists potential witnesses from both parties, as well as third parties, who reside in Texas, this District, or in geographic areas considerably closer to this District than to Delaware.

6

CommScope's rebuttal arguments about which witnesses have and have not been called to the stand in past cases in Delaware is not probative as to this factor and is afforded no weight. Thus, the Court concludes that this factor disfavors transfer.

### D. Other practical problems that make trial of a case easy, expeditious, and inexpensive weigh in favor of transfer.

CommScope argues that this factor favors transfer because the District of Delaware has considerable experience with some of the patents-in-suit. Specifically, CommScope represents that the District of Delaware "has already issued *Markman* opinions for six of the patents asserted here," "the '112 Patent asserted against CommScope here is a continuation of the '835 Patent construed by Judge Andrews," "three patents at issue in this case have been tried to a jury in the Delaware case," "litigation of two additional patents asserted here have proceeded through dispositive motions," and "TQ Delta admits that all of the Patents-in-Suit are related to similar DSL technology." (Dkt. No. 32 at 12.)

TQ Delta responds that over half of the patent-in-suit in this case are not asserted in the Delaware case referenced by CommScope, "the patents that were asserted in [Delaware] do not have the same asserted claims," and "this case involves patents, standards [], products [], and parties [] that are not at issue in the [Delaware] case." (Dkt. No. 89 at 12.) TQ Delta goes on describe numerous ways in which this case will require additional discovery, *Markman* proceedings, and other issues regardless of the forum. (*Id.* at 12-13.)

The Court agrees with CommScope that this factor favors transfer. However, the Court acknowledges that TQ Delta's arguments are not without merit. This case involves thirteen patents and fewer than half of those have been litigated at all in the District of Delaware. However, it is undeniable that Delaware has considerable experience with the technology at issue. Thus, the Court concludes that this factor favors transfer.

7

**E. The public interest factors are neutral or slightly disfavor transfer.**

CommScope argues that "the public interest factors also favor transfer or are neutral." (Dkt. No. 32 at 12.)  With regard to local interests, CommScope argues that "District of Delaware has a strong local interest in this dispute, as all parties involved in this litigation are Delaware corporations or limited liability companies" (*Id.*)  TQ Delta responds that "[t]his District has a local interest given that Mr. Roche resides in this District, CommScope's CEO lives in Dallas and works at CommScope's major office in this District, AT&T is in Dallas, [] TQ Delta is located nearby in Austin," and "the negotiations that led up to this case occurred in Austin." (Dkt. No. 89 at 15.)  The Court agrees with TQ Delta that this factor disfavors transfer.  On balance, TQ Delta has shown a much more thorough and substantial connection between both parties and this district.  CommScope relies entirely on corporate registration, which is at best a minor tie to the District of Delaware.  *Constellation Techs. LLC v. Time Warner Cable Inc.*, 2014 U.S. Dist. LEXIS 132986, at *11 (E.D. Tex. Sep. 23, 2014) (holding that parties' incorporation in Delaware did not provide a local interest because it was "not a connection to 'the events that gave rise to this suit'").

CommScope contends the remaining factors are neutral.  TQ Delta responds that administrative difficulty flowing from Court Congestion disfavors transfer because there are "significant time-to-trial differences between this Court and Delaware" and cites specific statistics showing the differences.  (Dkt. No. 89 at 14.)  The Court agrees with TQ Delta that this factor disfavors transfer, although the Court does not give this factor dispositive weight.  Regarding the familiarity of the forum with the law that will govern the case, TQ Delta contends that it "asserts that CommScope has relinquished its right to reasonable and non-discriminatory terms, including under Texas state law" and "[t]hese Texas state-law claims . . . weigh against transferring this case to another state that is not as familiar with Texas state law." (*Id.* at 15.)  In reply, CommScope

8

does not address or rebut this argument. As it is unrebutted, the Court concludes that this factor disfavors transfer.

### F. The totality of the factors fails to show that Delaware is a clearly more convenient forum.

In sum, three of the four private interest factors and three of the four public interest factors disfavor transfers. The remaining public interest factor is neutral. The only factor that favors transfer are the practical problems that make trial of a case easy, expeditious, and inexpensive in Delaware due to that district's experience with six of the thirteen patents at issues in this case. The Court acknowledges that in certain cases considerations of judicial economy can outweigh considerations of convenience. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) (concluding considerations of convenience were outweighed by the Court's "substantial experience with the patent-in-suit"). However, in this case, CommScope relies entirely on the Delaware litigation and effectively presents no arguments or evidence related to the other factors in the transfer analysis. On the other hand, TQ Delta provides substantial and persuasive evidence with regard to nearly all the factors. Thus, the Court concludes that Delaware's experience with some of the Asserted Patents cannot outweigh the six other factors that clearly disfavor transfer.

## IV.   CONCLUSION

For the reasons stated herein, Defendants' Opposed Motion to Transfer Venue to The District of Delaware (Dkt. No. 32) is **DENIED**.

**So ORDERED and SIGNED this 28th day of March, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

9