# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,** *Plaintiff,* v. **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** *Defendants.* | CIV. A. NO. 2:21-CV-310-JRG (Lead Case) |
| **TQ DELTA, LLC,** *Plaintiff,* v. **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,** *Defendants.* | CIV. A. NO. 2:21-CV-309-JRG (Member Case) |
| **NOKIA OF AMERICA CORP.,** *Third-Party Plaintiff,* v. **BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,** *Third-Party Defendants.* | |

## NOKIA'S OPPOSED MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Factual Background | 2 |
| III. | Applicable Law | 4 |
| IV. | Argument | 4 |
| | A. Nokia Was Diligent in Discovering and Disclosing the New Art and Seeking Leave to Amend | 4 |
| | B. Nokia's Amendment Is Important | 6 |
| | C. Nokia's Amendment Would Not Prejudice TQ Delta | 8 |
| | D. Neither Party Seeks a Continuance, and a Continuance Is Not Necessary | 10 |
| V. | Conclusion | 10 |

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alt v. Medtronic, Inc.*,
  No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) ......................... 8, 10

*Comp. Acceleration Corp. v. Microsoft Corp.*,
  481 F. Supp. 2d 620 (E.D. Tex. 2007) ............................................................................... 8, 9

*Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*,
  No. 2:14-cv-911-JRG, 2016 U.S. Dist. LEXIS 191646 (E.D. Tex. Mar. 21, 2016) ................ 6

*Evicam Int'l, Inc. v. Enf't Video, LLC*,
  No. 4:16-cv-105, 2016 U.S. Dist. LEXIS 155052 (E.D. Tex. Nov. 8, 2016) ........................... 7

*Motio, Inc. v. Avnet, Inc.*,
  No. 4:12-cv-647, 2015 U.S. Dist. LEXIS 139280 (E.D. Tex. Oct. 13, 2015) .......................... 5

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  No. 2:17-cv-235-JRG, 2018 U.S. Dist. LEXIS 122748 (E.D. Tex. July 23, 2018) ............. 4, 7

*Thomas Swan & Co. v. Finisar Corp. & Fujitsu Network Commc'ns, Inc.*,
  No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 194431 (E.D. Tex. Apr. 29, 2014) ................. 4

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Correspondence from Darlena Subashi to Bo Davis dated March 8, 2022 |
| 2 | Correspondence from Darlena Subashi to Bo Davis dated March 22, 2022 |
| 3 | Email correspondence between counsel for Nokia and counsel for TQ Delta dated March 23, 2022 – March 31, 2022, regarding TQ Delta v Nokia, 2:21-cv-309-JRG – Nokia's Amended Invalidity Contentions |
| 4 | Excerpts of redline version of Nokia Defendants' Amended Invalidity Contentions Cover Pleading (March 23, 2022) |
| 5 | Excerpts of Exhibit F4-008O to Nokia Defendants' Amended Invalidity Contentions (March 23, 2022) |
| 6 | Excerpts of Exhibit F4-008P to Nokia Defendants' Amended Invalidity Contentions (March 23, 2022) |

I.  **INTRODUCTION**

Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp. (collectively, "Nokia") hereby move the Court pursuant to P.R. 3-6(b) for leave to amend their invalidity contentions for the good cause shown herein.  Specifically, Nokia seeks to amend its invalidity contentions to add one secondary reference to its invalidity contentions for the Family 1 Patent (the "Family 1 Art"), one secondary reference to its invalidity contentions for the Family 2 Patents (the "Family 2 Art"), and two primary references to its invalidity contentions for the Family 4 Patent (the "Family 4 Art") (collectively, the "New Art").  Nokia served the proposed amended invalidity contentions on TQ Delta, LLC ("TQ Delta") on March 23, 2022 and simultaneously identified a corresponding number of prior art references that Nokia is dropping from the case.[1]

Nokia acted diligently in all aspects of its proposed amendment.  Specifically, Nokia acted diligently in promptly: (1) informing TQ Delta of the New Art; (2) serving TQ Delta with amended contentions; and (3) moving for leave to amend its contentions.  Further, Nokia's amendment is important because: (1) the New Art potentially anticipates or renders obvious the Family 4 Patent and is otherwise relevant to the validity of the Family 1 Patent and the Family 2 Patents; (2) the Family 4 Art is relevant to TQ Delta's claim construction positions as to the Family 4 patent; and (3) certain of the New Art is authored by Nokia employees, and thus Nokia needs to discuss the New Art at trial to provide a full picture of invalidity to the jury.  Nokia's amendment would not prejudice TQ Delta, as TQ Delta long ago submitted its infringement contentions and there is time in the schedule for TQ Delta to evaluate the New Art.  Further, there is no additional burden on

---

[1] That is, Nokia dropped one secondary reference for Family 1, one secondary reference for Family 2, and two primary references for Family 4.

1

TQ Delta where Nokia's proposed amendment and corresponding drop of prior art references results in no additional prior art being added to the case. Finally, Nokia's understanding from meeting and conferring with TQ Delta is that neither party seeks a continuance to address the amendment. Therefore, for good cause shown, Nokia respectfully submits that the Motion should be granted.

## II. FACTUAL BACKGROUND

After reviewing and analyzing a mass of prior art for this 19-patent, 100-claim case, pursuant to the Docket Control Order, Nokia served its invalidity contentions on TQ Delta on January 13, 2022. Dkt. 64. The CommScope Defendants[2] in the consolidated case also served their invalidity contentions on January 13, 2022. Dkt. 65.

Despite Nokia's significant efforts in reviewing and charting the prior art, Nokia identified additional potentially anticipatory and obviousness references after the deadline for Nokia's invalidity contentions. Specifically, counsel for Nokia first became aware of the New Art beginning on February 21, 2022 through March 3, 2022. Ex. 3 at 1. Shortly thereafter, on March 8, 2022, Nokia informed TQ Delta that it had recently identified additional prior art to the Asserted Patents and that it intended to promptly amend its invalidity contentions to add the recently identified prior art. Ex. 1. In particular, Nokia identified the Family 1 Art and the Family 4 Art as new art to be charted against the Asserted Patents. *Id.* at 2. Nokia also informed TQ Delta in that correspondence that "when Nokia serves its amended invalidity contentions, Nokia will identify an equal number of references that it is dropping from its invalidity contentions." *Id.* at 1. "In other words, Nokia's amendment will result in a net-zero number of additional prior art

---

[2] CommScope Holding Co., Inc., CommScope Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc., and Arris Enterprises, LLC (collectively, the "CommScope Defendants").

2

references." *Id.* Nokia served additional correspondence on TQ Delta on March 22, 2022 identifying the Family 2 Art. Ex. 2.

Nokia worked diligently to chart the New Art and identify references to drop from its original invalidity contentions. On March 23, 2022, one day after sending its second correspondence to TQ Delta, Nokia served amended invalidity contentions to add the New Art and to correspondingly drop references from the case. *See* Ex. 3 at 4; Ex. 4 at 12-14, 119-120, 220-22.

The New Art and the dropped references are shown below:

| Asserted Patents | New Art | Dropped References |
|---|---|---|
| Family 1 | ITU-T Recommendation G.712 | U.S. Patent No. 5,838,268 to Frenkel |
| Family 2 | Alcatel A1000 ASAM ADSL | ITU-T Recommendation G.997.1 (06/99) |
| Family 4 | "A Method to Reduce the Probability of Clipping in DMT-Based Transceivers" by Denis J. G. Mestdagh and Paul M. P. Spruyt | EP Patent No. 0743768 to Narahashi |
| | "A Comparison of Peak Power Reduction Schemes for OFDM" by Stefan H. Müller and Johannes B. Huber | EP Patent No. 0895389 to Williams |

TQ Delta stated on March 24, 2022 that "Nokia's purported amended invalidity contentions violate the local rules as Nokia ha[d] not sought leave to amend" and informed Nokia that TQ Delta objected to the amended contentions. Ex. 3 at 4. Nokia responded that Nokia "intend[ed] to seek leave to amend its invalidity contentions [the following] week in compliance with the local rules" and that Nokia had "served these revised contentions now to allow TQ Delta to review prior to seeking leave to amend." Ex. 3 at 3. The parties met and conferred on March 30, 2022, where TQ Delta stated that it opposes the Motion. Ex. 3 at 1.

3

### III. APPLICABLE LAW

The local patent rules permit two types of amendments to invalidity contentions: (1) amendments as of right and (2) amendments by order of the Court. *See* P.R. 3-6. Amendments as of right are appropriate only when the patentee "believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2).[3] A "good cause" standard attaches to leave by order of the Court. P.R. 3-6(b).

A district court "has broad discretion to determine what constitutes such good cause to amend." *Thomas Swan & Co. v. Finisar Corp. & Fujitsu Network Commc'ns, Inc.*, No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 194431, at *3 (E.D. Tex. Apr. 29, 2014). In determining good cause, courts in this district consider four factors: "(1) the explanation for the party's failure to meet the deadline," *i.e.*, diligence, "(2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-235-JRG, 2018 U.S. Dist. LEXIS 122748, at *8 (E.D. Tex. July 23, 2018).

### IV. ARGUMENT

Because Nokia acted diligently in amending its contentions, and because Nokia's amendment is important and would not prejudice TQ Delta, Nokia's Motion should be granted. Neither party seeks a continuance to address Nokia's amendment.

#### A. Nokia Was Diligent in Discovering and Disclosing the New Art and Seeking Leave to Amend

Despite Nokia working diligently to identify and chart art for this 19-patent, 100-claim case, counsel for Nokia did not uncover the New Art until shortly before it served its March 8,

---

[3] This case has not yet reached a claim construction ruling, and P.R. 3-6(a)(2) is not applicable to the Motion.

2022 correspondence to TQ Delta. Upon discovery of the New Art, however, Nokia promptly informed TQ Delta of the New Art so that TQ Delta could perform any required analysis in the context of the ongoing claim construction deadlines. Nokia then worked diligently to chart that art and file the present Motion. Mindful of the need to work toward narrowing the case to a manageable number of claims and prior art references, Nokia also worked to identify corresponding primary and secondary references that it would drop from the case should the amendment be permitted. *See generally* Dkt. 77 (Defendants' Opposed Motion for Entry of Order Focusing Patent Claims and Prior Art). In all, from the time that Nokia served its original invalidity contentions to the time of this Motion, only a little over two months passed. Nokia was therefore diligent in discovering and disclosing the New Art and seeking leave to amend. *See, e.g.*, *Motio, Inc. v. Avnet, Inc.*, No. 4:12-cv-647, 2015 U.S. Dist. LEXIS 139280, at *6-12 (E.D. Tex. Oct. 13, 2015) (granting motion for leave to supplement invalidity contentions where defendants acted with the "utmost diligence" where they "immediately contacted Plaintiff and disclosed as much information about [the prior art] as soon as was possible, and quickly filed th[e] motion to amend").

To the extent that TQ Delta attempts to compare TQ Delta's Motion for Leave to Amend Its Infringement Contentions Against the Nokia Defendants ("TQ Delta's Motion for Leave"), Dkt. 85, and the diligence that TQ Delta alleges therein to the present Motion, TQ Delta is sorely mistaken. Nokia's diligence in seeking to amend its invalidity contentions is worlds apart from TQ Delta's lackadaisical approach to its infringement contentions.

In TQ Delta's Motion for Leave, TQ Delta admitted that it was aware of the standard that it eventually sought to add to its infringement contentions ***at the time of the Complaint*** and simply forgot to accuse that standard in its infringement contentions. Dkt. 86 at 3; Dkt. 106 at 2. On the

5

other hand, despite its diligent discovery, review, and analysis of a mountain of prior art to address TQ Delta's overbroad case, counsel for Nokia did not identify the New Art until shortly before its March 8, 2022 correspondence to TQ Delta. Further, TQ Delta inexplicably sat on its hands for nearly three months before moving forward and seeking leave to amend its infringement contentions, *see* Dkt. 86 at 4, while Nokia promptly followed through with its proposed amendment, with only a little over three weeks elapsing between Nokia identifying the New Art to TQ Delta and filing the present Motion. *See* Ex. 1. Finally, while TQ Delta's Motion for Leave does nothing to work toward narrowing the case and instead plows ahead to add an entirely new accused standard, Nokia diligently identified prior art references to drop from its case such that the result of the amendment is a net-zero addition of prior art references. Because Nokia was diligent in uncovering the New Art, informing TQ Delta, charting it, and seeking leave, the Motion should be granted.

### B. Nokia's Amendment Is Important

The New Art that Nokia seeks to add to its invalidity contentions is "important to a full and fair resolution of the validity question in this case." *See Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG, 2016 U.S. Dist. LEXIS 191646, at *17 (E.D. Tex. Mar. 21, 2016). Specifically, the New Art is important for at least three reasons: (1) the Family 4 Art potentially anticipates or renders obvious the Family 4 Patent and is otherwise relevant to the validity of the Family 1 Patent and the Family 2 Patents; (2) the Family 4 Art is relevant to TQ Delta's claim construction positions as to the Family 4 patent; and (3) as to the Family 2 Art and Family 4 Art, certain of the new references were authored by Nokia employees, and thus Nokia needs to discuss the New Art at trial to provide a full picture of invalidity to the jury.

First, the Family 4 Art potentially discloses or renders obvious each and every limitation of the asserted claim of the Family 4 Patent. *See* Ex. 4 at 220-22. Because the Family 4 Art

invalidates the asserted claim, and the other New Art contributes to the obviousness case against the Family 1 Patent and Family 2 Patents, the New Art is "relevant and important to this matter." *Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-cv-105, 2016 U.S. Dist. LEXIS 155052, at *7 (E.D. Tex. Nov. 8, 2016).  Allowing leave to amend the contentions "increas[es] the likelihood of invalidating the patents-in-suit based on obviousness and anticipation challenges," and therefore the proposed amendment is important to the case.  *See id.*; *see also Team Worldwide Corp.*, 2018 U.S. Dist. LEXIS 122748, at *14-15 ("[T]he proposed art may be important to Walmart and the Intervenor-Defendants' invalidity case.  This is especially true if they have the potential to render every asserted claim invalid as anticipated or obvious.").

Second, as to the Family 4 Art, that art is relevant to TQ Delta's claim construction positions as to the Family 4 Patent.  Specifically, TQ Delta seeks a construction of the term "substantially scramble the phase characteristics of the plurality of carrier signals" as "adjust the phase characteristics of the carrier signals by varying amounts to produce a transmission signal with a reduced peak to-average power ratio (PAR)." Dkt. 107-1 at 80.  Nokia disagrees that this construction is proper, where it imports a potential result of the alleged invention into the claim language.  Nonetheless, Nokia's Family 4 Art addresses this construction by similarly disclosing methods and apparatuses according to the alleged invention that produce a transmission signal with a reduced peak-to-average power ratio (PAR).  *See* Ex. 5 at 13-19; Ex. 6 at 21-34. Accordingly, to the extent the Court adopts TQ Delta's construction, the Family 4 Art is important to resolution of this case.  To the extent that the Court denies the present Motion and adopts TQ Delta's construction, Nokia would move forward to amend its invalidity contentions to add the Family 4 Art pursuant to P.R. 3-6(a)(2)(B) (allowing amendment of invalidity contentions without leave if the party "believes in good faith that the Court's Claim Construction Ruling so requires").

7

Finally, as to the Family 2 Art and certain of the Family 4 Art, the art was authored by Nokia employees, and thus, the proposed amendment affects Nokia's ability to paint a complete picture of the state of the prior art, which is critical to its invalidity defense. In particular, it is necessary for Nokia to be able to explain to the jury that Nokia itself is an innovator and in fact was aware of the alleged inventions of the Asserted Patents through its own research and development efforts prior to the priority dates for the Asserted Patents.[4] *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435, at *15-16 (E.D. Tex. Feb. 1, 2006) (holding that a defendant had good cause to amend its invalidity contentions to add eight prior art references where "[the defendant] would suffer significant prejudice in the event it was not allowed to present these references"); *Comp. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007) (permitting defendant to supplement to include prior art that was owned by the defendant partly in view of importance of the references to the defendant's defenses).

Therefore, the New Art is important to Nokia's case, weighing in favor of permitting amendment.

### C.  Nokia's Amendment Would Not Prejudice TQ Delta

If the Court allows the amendment, TQ Delta would not suffer any prejudice for at least three reasons: (1) the proposed amendment does not expand the number of references asserted in the invalidity case; (2) TQ Delta has been on notice of at least one of the prior art references since January 13, 2022; and (3) the early state of discovery further negates any prejudice that TQ Delta may claim.

---

[4] To the extent that TQ Delta argues that Nokia should have identified this art sooner because it was authored by Nokia employees, Nokia notes that a simple assignee search for Nokia patents results in tens of thousands of hits. Despite a diligent investigation, counsel for Nokia were only alerted to the New Art beginning on February 21, 2022. Ex. 3 at 1.

First, mindful of the already-unwieldy nature of this case, Nokia identified references that it will drop from its invalidity defense should the amendment be allowed. *See* Ex. 4 at 12-14, 119-120, 220-22. Thus, granting this Motion will not increase the total number of prior art references that TQ Delta will need to address in this case, thereby negating any prejudice that TQ Delta may claim.

Second, as one of the Family 4 references, TQ Delta has been on notice of this reference since at least January 13, 2022, as the reference was identified by the CommScope Defendants against the Family 4 Patent. Thus, TQ Delta has been on notice of this reference for over two months and has had ample opportunity to analyze this reference, including in the context of the ongoing claim construction proceedings as well as in its general preparation of the case. TQ Delta cannot claim prejudice as to any alleged lack of an opportunity to analyze the charted art. Further, as to the other Family 4 Art, similarly, CommScope identified art by the same authors. Where TQ Delta was on notice of at least some of the newly identified references, TQ Delta cannot claim prejudice in any failure to analyze the references over the preceding two months.

Third, TQ Delta long ago submitted its infringement contentions, which were not premised on Nokia's invalidity contentions. *See* P.R. 3-1; P.R. 3-3. Further, the early state of discovery negates any prejudice that TQ Delta may claim. On the parties' meet and confer, TQ Delta did not identify any prejudice beyond its need to assess the art, and ample time remains in the case schedule for this review. The *Markman* hearing will not take place for more than two months, and the close of discovery is more than four months away. Dkt. 62 at 3-4. Neither party has taken any depositions, and trial is not scheduled until January 2, 2023. Dkt. 62 at 1. Thus, TQ Delta has ample time to obtain any additional information regarding the prior art that it may seek. Under similar circumstances, courts have permitted a party to supplement its invalidity contentions to

9

add prior art references. *See Comp. Acceleration Corp.*, 481 F. Supp. 2d at 625-26 (finding a "lack of unfair prejudice and [] ample time for a response by [Plaintiff] without disrupting the court's schedule" where the claim construction hearing was set about a month away, four months remained before the discovery deadline, and Plaintiff was aware of the prior art reference being added because it had been cited as prior art in four other patents filed by the co-inventor of the patent-in-suit); *Alt*, 2006 U.S. Dist. LEXIS 4435, at *16 (noting that any prejudice that could arise as a result of the Defendant being granted leave to amend its invalidity contentions after the *Markman* hearing had already passed "would likely arise in connection with the discovery deadline or [Plaintiff's] ability to prepare expert witnesses, . . . [which still] can be easily cured"). Therefore, TQ Delta cannot claim prejudice from the proposed amendment, and the Motion should be granted.

      **D.**    **Neither Party Seeks a Continuance, and a Continuance Is Not Necessary**

Finally, because this case is in the early stages of discovery, Nokia's amendment does not require any extension of existing case deadlines or the trial date, and neither party requests a continuance.

**V.**    **CONCLUSION**

For the reasons shown, this Court should grant Nokia's Motion.

Dated: April 1, 2022                                    Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*

11

*Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation and Third-Party Plaintiff, Nokia of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 1, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Nokia and TQ Delta met and conferred regarding the relief requested above on March 30, 2022. The parties met and conferred over telephone and email to resolve their dispute but were unable to do so. Counsel for TQ Delta indicated that it is opposed the relief sought in this motion.

/s/ *M. Scott Stevens*
M. Scott Stevens