IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>  v.<br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>  v.<br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>     *Third-Party Plaintiff*,<br>  v.<br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>     *Third-Party Defendants*. | |

**NOKIA'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR LEAVE TO
<u>AMEND ITS INVALIDITY CONTENTIONS</u>**

## **TABLE OF CONTENTS**

|      |                                                                                                           | **Page** |
|------|-----------------------------------------------------------------------------------------------------------|----------|
| I.   | NOKIA WAS DILIGENT IN DISCOVERING AND DISCLOSING THE NEW ART AND SEEKING LEAVE TO AMEND ................. | 2        |
| II.  | NOKIA'S AMENDMENT IS IMPORTANT ...................................................                        | 3        |
| III. | NOKIA'S AMENDMENT WOULD NOT PREJUDICE TQ DELTA ..................                                         | 4        |
| IV.  | NEITHER PARTY SEEKS A CONTINUANCE, AND A CONTINUANCE IS NOT NECESSARY ......... | 5        |
| V.   | CONCLUSION ...................................................                                            | 5        |

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alt v. Medtronic, Inc.*,
   No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) ...............................4

*Comp. Acceleration Corp. v. Microsoft Corp.*,
   481 F. Supp. 2d 620 (E.D. Tex. 2007) ....................................................................................4

*MacroSolve, Inc. v. Antenna Software*,
   No. 6:11-cv-287, 2013 U.S. Dist. LEXIS 102954 (E.D. Tex. July 23, 2013) .........................4

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
   No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 48376 (E.D. Tex. May 5, 2011) .............5

*Motio, Inc. v. Avnet, Inc.*,
   No. 4:12-cv-647, 2015 U.S. Dist. LEXIS 139280 (E.D. Tex. Oct. 13, 2015) .........................3

*Thomas Swan & Co. v. Finisar Corp.*,
   No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 191708 (E.D. Tex. Aug. 11, 2014) ................5

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| 1 | Correspondence from Darlena Subashi to Bo Davis dated March 8, 2022 |
| 2 | Correspondence from Darlena Subashi to Bo Davis dated March 22, 2022 |
| 3 | Email correspondence between counsel for Nokia and counsel for TQ Delta dated March 23, 2022 – March 31, 2022, regarding TQ Delta v Nokia, 2:21-cv-309-JRG – Nokia's Amended Invalidity Contentions |
| 4 | Excerpts of redline version of Nokia Defendants' Amended Invalidity Contentions Cover Pleading (March 23, 2022) |
| 5 | Excerpts of Exhibit F4-008O to Nokia Defendants' Amended Invalidity Contentions (March 23, 2022) |
| 6 | Excerpts of Exhibit F4-008P to Nokia Defendants' Amended Invalidity Contentions (March 23, 2022) |

---

[1] Exhibit numbering carries over from Nokia's opening brief, Dkt. 112.

TQ Delta's primary objection to Nokia's proposed amendment to its invalidity contentions appears to stem from Nokia's alleged failure to explain why Nokia's outside counsel did not locate the New Art[2] earlier. *See* Dkt. 116 (the "Response" or "Resp.") at 1 ("Nokia does not explain ***why*** its counsel allegedly did not become aware of the Additional Prior Art sooner."). But as Nokia stated in its opening brief (Dkt. 112, the "Motion" or "Mtn."), despite its significant efforts in reviewing and charting a mountain of prior art for this 19-patent, 100-claim case, the New Art came to Nokia's outside counsel's attention a little over a month after the deadline for invalidity contentions. Mtn. at 2. Given the magnitude of this overbroad case and despite Nokia's extensive efforts to identify all pertinent prior art, Nokia's outside counsel discovered additional relevant information that it immediately identified to TQ Delta.

By its own admission, TQ Delta was aware of certain pieces of the New Art prior to the Complaint being filed in this case and at least as of January 13, 2022. *See* Resp. at 1-3. Further, TQ Delta identifies no harm that stems from the New Art, noting merely that TQ Delta has already "formulated its claim-construction positions." Resp. at 10. But in supporting its own motion to belatedly amend its infringement contentions, TQ Delta asserted the opposite view—stating that such an "argument should not be given any weight given that claim construction is decided based on the intrinsic evidence, not based on [contention] positions." Dkt. 106 at 5.

TQ Delta does not otherwise dispute that Nokia was diligent in charting the New Art and filing the Motion, nor could it. Moreover, any alleged prejudice to TQ Delta is easily outweighed by the importance of the amendment. Therefore, the Court should grant the present Motion and allow Nokia to amend its invalidity contentions.

---

[2] Defined in Nokia's Motion, Dkt. 112, at 1.

### I.  NOKIA WAS DILIGENT IN DISCOVERING AND DISCLOSING THE NEW ART AND SEEKING LEAVE TO AMEND

TQ Delta does not dispute that Nokia was diligent once Nokia's outside counsel became aware of the New Art, that is, from February 21, 2022 through the filing of this Motion. *See* Resp. at 6-9.  TQ Delta's complaint regarding Nokia's diligence is limited to Nokia's actions **before** February 21, 2022, where TQ Delta alleges that Nokia's outside counsel theoretically could have been aware of the New Art before the deadline for invalidity contentions. *See* Resp. at 7-9.  Nokia addresses TQ Delta's complaints regarding each piece of the New Art in turn below.

**Mestdagh** – TQ Delta incorrectly asserts that Nokia made a false statement to the Court "that *its counsel* was not aware of Mestdagh until after February 21, 2022" because, according to TQ Delta, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Resp. at 7 (emphasis added).  Nokia's reference to "counsel" in the Motion referred to outside counsel, not in-house counsel, and so there was no false statement.  Nokia's outside counsel were not aware of the Mestdagh article until February 21, 2022.  Mtn. at 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Thus, TQ Delta knew about the art, removing any possibility of harm.  Further, although TQ Delta argues that excluding Mestdagh "allowed Nokia to first get a preview of TQ Delta's claim construction positions and obtain a potential tactical advantage," Resp. at 8, that statement is demonstrably untrue.  As both Nokia and TQ Delta pointed out in their briefs, the Mestdagh article was identified in CommScope's invalidity contentions (Mtn. at 9; Resp. at 3), and thus TQ Delta's claim construction positions presumably took the reference into account.

**Müller, G.712, Alcatel A1000** – As to the remaining three pieces of New Art, TQ Delta

2

makes general assertions that "[p]ublicly available information about [the references] has been around for many years," that "Nokia employees . . . authored some of them," and that "some were cited in CommScope's Invalidity Contentions that Nokia received on January 13, 2022." Resp. at 8. Taking TQ Delta's complaints in reverse order, Nokia already explained in its Motion that TQ Delta will not be prejudiced precisely because CommScope had identified art by the same authors in its invalidity contentions. Mtn. at 9. Next, it is precisely because Nokia employees authored certain of the references that the amendment is important to Nokia's case. It is necessary for Nokia to be able to explain to the jury that Nokia itself in fact was aware of the alleged inventions of the Asserted Patents through its own research and development efforts prior to the priority dates of the Asserted Patents, thus reinforcing the lack of novelty. Mtn. at 8. Finally, TQ Delta's assertion that "[p]ublicly available information about [the references] has been around for many years" is likely true in all patent cases—particularly for publicly available prior art—and does not negate a party's diligence in charting newly located art and immediately filing a motion seeking leave to amend, just as Nokia has done here. *See, e.g.*, *Motio, Inc. v. Avnet, Inc.*, No. 4:12-cv-647, 2015 U.S. Dist. LEXIS 139280, at *6-12 (E.D. Tex. Oct. 13, 2015). Nokia's diligence supports granting the Motion.

II. **NOKIA'S AMENDMENT IS IMPORTANT**

TQ Delta makes two arguments that Nokia's amendment is not important, but neither is apt. First, TQ Delta argues that Nokia was not diligent in identifying the New Art, and so the amendment cannot be important. *See* Resp. at 9. This is incorrect. Nokia's outside counsel was diligent (as described in the previous section), and the importance of the amendment is reflected by the speed with which Nokia acted. There is no dispute that Nokia moved expeditiously to place TQ Delta on notice, chart the art, and file the present Motion as soon as it became aware of the New Art. *See* Resp. at 6-9; Mtn. at 2-3. Nokia's diligent conduct after its outside counsel became

3

aware of the New Art is highly indicative of the relative importance of the New Art.

Second, TQ Delta argues that the amendment is unimportant because Nokia has identified other anticipatory references and obviousness references against the Asserted Patents. *See* Resp. at 9. TQ Delta therefore argues that "Nokia's new invalidity theories based on the Additional Prior Art are merely duplicative of other prior art." *Id.* The fact that the New Art anticipates or renders obvious does not mean that the art is duplicative of other prior art. Moreover, as explained above, certain of the New Art represents new primary references, confirming that they are not duplicative of other prior art. *See* Mtn. at 6-7. Further, as Nokia explained in its Motion, the Family 4 Art is relevant to TQ Delta's claim construction positions. Mot. at 7. Also, as to both the Family 2 Art and the Family 4 Art, certain of the new references were authored by Nokia employees, and thus Nokia needs to discuss the New Art at trial to provide a full picture of invalidity to the jury. *See* Mtn. at 8 (citing *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435, at *15-16 (E.D. Tex. Feb. 1, 2006); *Comp. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007)). The importance of the amendment therefore weighs in favor of granting the Motion.

The case relied on by TQ Delta, *MacroSolve v. Antenna Software*, is distinguishable. *See* Resp. at 9 (citing *MacroSolve, Inc. v. Antenna Software*, No. 6:11-cv-287, 2013 U.S. Dist. LEXIS 102954 (E.D. Tex. July 23, 2013)). In *MacroSolve*, the defendant failed to explain its lack of diligence in filing the motion, and failed to explain how the additional references were non-cumulative. *Id.* at *15-17. Here, by comparison, Nokia has demonstrated its diligence and has explained how the references are not duplicative of other prior art in this case. *See* Mtn. at 1, 6. Thus, TQ Delta's case law is inapposite.

### III. NOKIA'S AMENDMENT WOULD NOT PREJUDICE TQ DELTA

TQ Delta's only argument that it would be prejudiced by the amendment is that "TQ Delta

has formulated its claim-construction positions and, if the amendment is allowed, would have to spend more time and resources in evaluating the new theories and modifying its existing constructions." Resp. at 10.  But TQ Delta itself has rejected that very argument, stating in support of its own motion for leave to amend that the argument "should not be given any weight given that claim construction is decided based on the intrinsic evidence," not invalidity or infringement positions.  Dkt. 106 at 5 (citing and quoting *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 U.S. Dist. LEXIS 48376, at *15 (E.D. Tex. May 5, 2011); *see also Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 191708, at *6-7 (E.D. Tex. Aug. 11, 2014).  TQ Delta has not identified any other alleged prejudice, and there is none.

TQ Delta also failed to rebut or dispute any of Nokia's reasons why there is no prejudice to TQ Delta.  As Nokia explained in its Motion, "(1) the proposed amendment does not expand the number of references asserted in the invalidity case; (2) TQ Delta has been on notice of at least one of the prior art references since January 13, 2022; and (3) the early state of discovery further negates any prejudice that TQ Delta may claim." Mtn. at 8.  For each of these reasons, the lack of prejudice to TQ Delta weighs strongly in favor of allowing the amendment.

### IV.   NEITHER PARTY SEEKS A CONTINUANCE, AND A CONTINUANCE IS NOT NECESSARY

Finally, Nokia's amendment does not require any extension of existing case deadlines or the trial date, and neither party requests a continuance, and therefore this factor is neutral.

### V.   CONCLUSION

For the reasons shown, this Court should grant Nokia's Motion.

5

Dated: April 25, 2022

Respectfully submitted,

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

6

██████████████████████

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants
Nokia Corporation, Nokia Solutions
and Networks Oy, and Nokia
of America Corporation and Third-
Party Plaintiff, Nokia of America
Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on counsel for TQ Delta via e-mail on April 25, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served electronically on April 27, 2022, on all counsel who have consented to electronic service via ECF.

/s/ *M. Scott Stevens*
M. Scott Stevens