**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQ DELTA, LLC, § § § § § § § § § § § § § § § § § | | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO.  2:21-CV-00310-JRG (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | | |
| *Defendants*. | | |

| | | |
|---|---|---|
| v. § § § § § § § § | | |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | | CIVIL ACTION NO.  2:21-CV-00309-JRG (MEMBER CASE) |
| *Defendants*. | | |

| | | |
|---|---|---|
| NOKIA OF AMERICA CORP. § § § § § § § § § § § § | | |
| *Third-Party Plaintiff*, | | |
| v. | | CIVIL ACTION NO.  2:21-CV-00309-JRG (MEMBER CASE) |
| BROADCOM CORP., CORADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD. | | |
| *Third-Party Defendants*. | | |

**<u>ORDER FOCUSING PATENT CLAIMS AND PRIOR ART</u>**

Before the Court is Defendants Nokia of America Corporation, Nokia Corporation, Nokia Solutions and Networks Oy (collectively, "Nokia"), and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC's (collectively, "Commscope") (together with Nokia, "Defendants") Opposed Motion for Entry of Order Focusing Patent Claims and Prior Art (the "Motion"). (Dkt. No. 77). Having considered the parties' disputes, the Court enters the following Order Focusing Patent Claims and Prior Art.

The Court ORDERS[1] as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Phased Limits on Asserted Claims and Prior Art References*

2. By May 9, 2022, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. No later than May 18, 2022, the patent defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[2]

3. No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims,

---

[1] The parties are encouraged to discuss limits lower than those set forth in this order based on case-specific factors such as commonality among asserted patents, the number and diversity of accused products, the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues in the case that will be presented to the judge and/or jury. In general, the more patents that are in the case, the lower the per-patent limits should be. In cases involving several patent families, diverse technologies, disparate claims within a patent, or other unique circumstances, absent agreement of the parties, the court will consider flexibly whether circumstances warrant expanding the limits on asserted claims or prior art references. The parties shall jointly submit any proposed modifications by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures.

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims.  By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references.  For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4. If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

*Modification of this Order*

5. Subject to Court approval, the parties may seek modification of this Order by agreed motion but should endeavor to limit the asserted claims and prior art references to the greatest extent possible.  Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification.  Motions to modify other portions of this Order are committed to the sound discretion of the Court,[3] and the Court, based on the unique circumstances of this case, may at anytime enter, *sua sponte*, such additional orders narrowing claims and prior art references, as justice requires.

**So ORDERED and SIGNED this 2nd day of May, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.