IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED**<br><br><br><br>**Civil Action 2:21-cv-310-JRG**<br>**(Lead Case)** |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ | **Civil Action No. 2:21-cv-309-JRG**<br>**(Member Case)** |

**PLAINTIFF TQ DELTA'S SURREPLY IN OPPOSITION TO
NOKIA'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS
[DKT NO. 112]**

## I. INTRODUCTION

Nokia provides no facts or evidence to meet its burden to show diligence. Instead, it relies on conclusory assertions that it conducted a "diligent investigation," "demonstrated its diligence," and that its "outside counsel was diligent." Mtn at 8, fn. 4; Reply at 3-4. Nokia still has not explained why it failed to include the Additional Prior Art in its Invalidity Contentions; who, if anyone, was involved in its prior art search; or what, if anything, was done to search for prior art that would allow the Court to assess its diligence. It completely fails to address the fact that Nokia itself was aware of the Mestdagh reference. The absence of any evidence of diligence is fatal to Nokia's Motion. In contrast, TQ Delta has presented evidence showing Nokia's lack of diligence and that for some references Nokia knew of and for others that it should have known of the Additional Prior Art at least several *years* before the Invalidity Contentions deadline.

Nokia stated in its Motion that "**counsel for Nokia** first became aware of the New Art beginning on February 21, 2022, through March 3, 2022." Mtn at 2 (emphasis added). But faced with the email evidence presented in TQ Delta's Response, Nokia does not deny in its Reply that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Nokia does not explain why it did not disclose this fact in its Motion. TQ Delta uncovered the truth in the ▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬ Nokia argues for the first time that the word "counsel" was only meant to refer to its outside counsel.

Nokia failed to exercise *any* diligence in finding the Additional Prior Art. Thus, the Court need not consider whether the proposed amendment is important, whether Nokia was diligent in moving to amend its Invalidity Contentions or whether the proposed amendments would prejudice TQ Delta. Because it has not demonstrated good cause for allowing its amendment, Nokia's Motion should be denied.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## II.   ARGUMENT

Nokia has not provided any evidence to support its conclusory assertions that it conducted a "diligent investigation," "demonstrated its diligence," and that its "outside counsel was diligent." Mtn at 8, fn. 4; Reply at 3-4.  It did not present any evidence about whether outside counsel, in-house counsel, experts, and/or third-party firms, if any, were used in its prior art search; when its prior art search began; whether and which external or internal sources were searched; whether its outside and in-house counsel discussed prior art searches; whether its in-house counsel and critical employees were interviewed, or whether their emails were searched for potential prior art.

Nokia told the Court in its Motion that "counsel for Nokia first became aware of the New Art beginning on February 21, 2022, through March 3, 2022." Mtn at 2.  Nokia chose not to disclose that in using the word "counsel," it was *excluding* its in-house counsel who had ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Nokia provided no explanation for its unreasonably narrow definition of "counsel" until after TQ Delta's investigation uncovered that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Nokia clarifies in Reply that its "outside counsel was diligent." Mtn. at 3.  Given that Mestdagh was publicly available demonstrates a prima facie lack of diligence.  The fact that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ should be dispositive.

The Mestdagh article was the proverbial "low-hanging fruit"; ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Nokia does not dispute that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

██████████████████████████

██████████████ Dkt. No. 116-1, Chin Decl., at ¶ 2. ████████████████████████

████████████████████████████████████ making it more apparent that it was because of Nokia's lack of diligence that the Mestdagh article and other Additional Prior Art were not included in its Invalidity Contentions. Nokia's privilege log (served after TQ Delta filed its Response) shows ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

They likely also had oral communications, which are not logged. Their communications would have been the apparent opportunities to discuss whether ████████████████████

████████████████████████████ Nokia has provided no evidence that such discussions occurred. Under these circumstances, Nokia's failure to include the Mestdagh article or the other Additional Prior Art in its Invalidity Contentions speaks to its persistent lack of diligence.

Because Nokia has not demonstrated diligence in discovering the Additional Prior Art, the Court need not consider whether Nokia was diligent in moving to amend its Invalidity Contentions or whether the proposed amendments would prejudice TQ Delta. *See O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Phenix Longhorn, LCC v. Wistron Corp.,* No. 2:17-cv-00711-RWS, 2019 U.S. Dist. LEXIS 218351, at *10-11 (E.D. Tex. 2019) ("On this record, the Court finds that Phenix's lack of diligence is sufficient grounds for denial of the instant Motion to Amend. . . the Court finds that any argument as to the importance

of Phenix's proposed amendments is undermined by Phenix's lack of diligence."); *In re Personalweb Techs.*, No. 18-md-02834-BLF (SVK), 2019 U.S. Dist. LEXIS 234767, at *23 (N.D. Cal. 2019) ("If the Court determines that the moving party was not diligent, the inquiry may end there.").

If the Court considers the importance of the amendments, TQ Delta respectfully submits that any alleged importance is far outweighed by the commensurate lack of diligence shown by Nokia. *See Realtime Data, LLC v. Oracle Am., Inc.*, No. 6:16-cv-00088-RWS-JDL, Docket No. 99 at 7 (E.D. Tex. Dec. 14, 2016) ("[t]he relative importance . . . should have 'generated a commensurate amount of diligence.'").  A denial of Nokia's Motion does not necessarily mean that Nokia will be unable to present to the jury its prior research and development efforts. Nokia will still have a fair opportunity to defend itself with the prior art that it timely asserted.

Nokia also argues that "TQ Delta will not be prejudiced precisely because CommScope had identified art by the same authors in its invalidity contentions." Mtn at 3.  The fact that CommScope found and timely included the Mestdagh and Müller articles (both written by Nokia's current or former employees) in its Invalidity Contentions, while Nokia did not, makes it clear that Nokia did not exercise reasonable diligence.  Nokia cannot shirk its duty to demonstrate reasonable diligence by relying on the argument that TQ Delta will not be prejudiced. *See Life Techs. Corp. v. Biosearch Techs., Inc.,* No. C 12-00852 WHA, 2012 U.S. Dist. LEXIS 132478, at *11-12 (N.D. Cal. 2012) ("[D]efendants repeatedly argue that there is no prejudice from their failures to disclosure because plaintiffs should have known what was going to used as prior art as to each asserted claim limitation. This argument is unpersuasive . . . unless reasonable diligence has been found, prejudice need not be considered in failures to comply with patent local rules.").

For these reasons, Nokia's Motion should be denied.

Dated: May 2, 2022

Respectfully submitted,

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this May 2, 2022, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ William E. Davis, III*
William E. Davis, III

███████████████████████████

      ████████████████████████████████████

████████████████████████████████████████████████████
██████████████████████████████

                                        █████████████
                                        █████████████