# EXHIBIT 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>2WIRE, INC.,<br><br>    Defendant. | Civil Action No. 1:13-cv-01835-RGA |
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZYXEL COMMUNICATIONS, INC<br>and<br>ZYXEL COMMUNICATIONS<br>CORPORATION,<br><br>    Defendants. | Civil Action No. 1:13-cv-02013-RGA |
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ADTRAN, INC.,<br><br>    Defendant. | Civil Action No. 1:14-cv-00954-RGA |

| | |
|---|---|
| ADTRAN, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>TQ DELTA, LLC,<br><br>          Defendant. | Civil Action No. 1:15-cv-00121-RGA |

## MEMORANDUM OPINION

Brian E. Farnan, and Michael J. Farnan, FARNAN LLP, Wilmington, DE; Peter J. McAndrews, Esq. (argued) and Rajendra A. Chiplunkar, MCANDREWS, HELD & MALLOY, (Chicago, IL).

    Attorneys for Plaintiff

Colm F. Connolly and Jody Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE; Brett M. Schuman (argued), Rachel M. Walsh (argued), and David L. Simpson, GOODWIN PROCTOR LLP, San Francisco, CA.

    Attorneys for Defendant 2WIRE, Inc.

Kenneth L. Dorsney, MORRIS JAMES LLP, Wilmington, DE.

    Attorney for Defendants Adtran Inc. and Zyxel Communications Inc.

January 30, 2018

*/s/ Richard G. Andrews*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is the issue of claim construction of multiple terms in U.S. Patent Nos. 7,570,686 ("the '686 patent"); 7,835,430 ("the '430 patent"); 7,889,784 ("the '784 patent"); 8,238,412 ("the '412 patent"); and 9,432,956 ("the '956 patent"). The Court has considered the Parties' Joint Claim Construction Brief. (Civ. Act. No. 13-01835-RGA, D.I. 342; Civ. Act. No. 13-02013-RGA, D.I. 327; Civ. Act. No. 14-00954-RGA, D.I. 180; Civ. Act. No. 15-00121-RGA; D.I. 182).[1] The Court heard oral argument on September 5, 2017. (D.I. 357). The Court subsequently heard testimony from two technical experts and received supplemental submissions.

## I. BACKGROUND

The patents-in-suit represent "Family 1" of the patents that Plaintiff has asserted against Defendants, and they all share a common specification. (D.I. 342 at 12 n.1). The Family 1 patents claim both an apparatus and method for the reliable exchange of diagnostic and test information over a multicarrier communications system.

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (citation omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324) (alteration in original). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments,*

---

[1] Unless otherwise specifically noted, all references to the docket refer to Civil Action No. 13-1835-RGA.

158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude the inventor's device is rarely the correct interpretation." *Osram GMBH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (citation omitted).

## III. CONSTRUCTION OF DISPUTED TERMS

The asserted patents claim both an apparatus and a method for the reliable exchange of diagnostic and test information over a multicarrier communications system. Plaintiff asserts claim 5 of the '686 patent, claims 1 and 2 of the '430 patent, claims 1 and 2 of the '784 patent, claims 1-4 of the '412 patent, and claims 1-4 of the '956 patent. (D.I. 342 at 28-32). Claim 5 of the '686 patent is representative and reads as follows:

> 5. A diagnostic system capable of communicating diagnostic information over a communication channel using multicarrier modulation comprising:
>
> a *transceiver* capable of transmitting or receiving an initiate diagnostic mode message; and
>
> a *message determination module capable of determining and, in cooperation with the transceiver, transmitting a diagnostic message* from the transceiver, wherein the diagnostic message comprises a plurality of data variables representing the *diagnostic information* about the communication channel and *each bit in the diagnostic message is mapped to at least one DMT signal*, and wherein one variable comprises an *array representing frequency domain received idle channel noise information.*

('686 patent, claim 5) (disputed terms italicized).

3

1. **"transceiver"**

   a. *Plaintiff's proposed construction*: "communications device capable of transmitting and receiving data wherein the transmitter portion and receiver portion share at least some common circuitry"

   b. *Defendants' proposed construction*: "communications device capable of transmitting and receiving data"

   c. *Court's construction*: "communications device capable of transmitting and receiving data wherein the transmitter portion and receiver portion share at least some common circuitry"

This term appears in all five of the asserted patents. The parties agree that a transceiver is a communications device that can transmit and receive data. They also agree that transceiver should be given its plain and ordinary meaning, but dispute whether the plain and ordinary meaning requires that the transceiver's transmitter and receiver portions share common circuitry. (D.I. 342 at 35). The specification does not provide an explicit definition of transceiver.

Plaintiff offers two dictionary definitions as extrinsic evidence that a person of ordinary skill ("POSA") would understand that a transceiver's transmitter and receiver portions share common circuitry. (*Id.* at 34). Both definitions include a limitation that a transceiver's transmitter and receiver share common circuitry. (D.I. 343 at A53, A57). Defendants criticize Plaintiff's proposed construction as "an extraneous, irrelevant constraint" that improperly imports a limitation and relies "wholly on evidence extrinsic to the asserted patents." (D.I. 342 at 35, 36, 41).

Evaluating the intrinsic evidence in light of the dictionary definitions provided suggests that a POSA would understand the transmitter and receiver portions to share common circuitry or components. *Phillips*, 415 F.3d at 1318 ("Because dictionaries, and especially technical dictionaries, endeavor to collect the accepted meanings of terms used in various fields of science and technology, those resources have been properly recognized as among the many tools that can

4