IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>  Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>           (Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>           (Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>  Third-Party Defendants. | ▬▬▬▬▬▬▬▬▬▬ |

**THIRD-PARTY DEFENDANTS' RESPONSE TO THIRD PARTY PLAINTIFF'S
NEW ARGUMENTS AND EVIDENCE**

Third-Party Plaintiff Nokia of America Corp. ("Nokia") improperly introduces new arguments and evidence in its Sur-Reply in Opposition to the Motion to Dismiss (the "Sur-Reply") (Dkt. 139), which Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") respectfully request that the Court disregard because the new arguments and evidence are factually incorrect and procedurally improper.

Facing dismissal after raising faulty claims based on a terminated agreement,  . See Dkt. 139-2; see also Sur-Reply at 4-6. This maneuver is both factually baseless and procedurally improper.

.[2] See Exhibit A, attached hereto.

. See Dkt. 114-6; see also Dkt. 70, ¶¶ 17, 21-22; Dkt. 127 at 4.[3].

---

[1]

[2] This is consistent with Nokia's Answer to TQ Delta's Complaint (Dkt. 69), where Nokia "denies that it has known about all of the Asserted Patents prior to the Complaint." Dkt. 69, ¶ 31.

[3]

1

Second, introduction of this evidence at this late stage is procedurally improper. Nokia was clearly in possession of this email prior to filing its Complaint (Dkt. 70), and this evidence could have been raised in Nokia's Complaint (Dkt. 70) or at least in its Opposition to the Third Party-Defendants' Motion to Dismiss ("Opposition") (Dkt. 127). As Nokia is only improperly raising it now in a late effort to save its faulty Complaint, the Court should disregard such evidence and not entertain Nokia's improper tactics. *See Deutsche Bank Nat'l Tr. Co. as Tr. of Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, No. 4:19-CV-00875-ALM-CAN, 2020 WL 7658065, at *7 (E.D. Tex. Nov. 16, 2020), *report and recommendation adopted*, No. 4:19-CV-00875, 2021 WL 716750 (E.D. Tex. Feb. 24, 2021) (holding that it is improper to submit evidence in connection with a sur-reply that "should have, and could have, been filed at the same time" as the response to the underlying motion).

Therefore, Broadcom respectfully requests the Court disregard Nokia's arguments ███ ████████████, and for all of the reasons set forth above and in its prior pleadings, Broadcom respectfully requests that this Court grant its Motion to Dismiss (Dkt. 114) and dismiss Nokia's Third-Party Complaint (Dkt. 70) with prejudice.

Dated: May 20, 2022                                Respectfully submitted:

                **GILLAM & SMITH, LLP**

                */s/ Melissa R. Smith*
                Melissa Richards Smith (State Bar No. 24001351)
                303 S. Washington Ave.
                Marshall, TX 75670
                Telephone: (903) 934-8450
                Facsimile: (903) 934-9257
                Email: melissa@gillamsmithlaw.com

                *Counsel for Third-Party Defendants*
                *BROADCOM CORP., BROADCOM INC., AND*
                *AVAGO TECHNOLOGIES INTERNATIONAL*
                *SALES PTE. LTD.*

4



4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 20, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

*/s/ Melissa R. Smith*
