# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                     *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>                     *Defendants*. | Civil Action No.: 2:21-cv-310-JRG |

## COMMSCOPE DEFENDANTS' OPPOSED MOTION FOR A PARTIAL STAY

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION. ........................................................................................................... 1

II.   FACTUAL BACKGROUND. ....................................................................................... 2

    A.   TQ Delta's Lawsuit Against 2Wire in the District of Delaware. .......................... 2

    B.   This Litigation. ..................................................................................................... 5

    C.   CommScope's Proposed Agreement to Be Bound. .............................................. 5

III.  LEGAL STANDARD. ................................................................................................... 6

IV.   THE COURT SHOULD EXERCISE ITS INHERENT POWER AND STAY
      THE CASE WITH RESPECT TO THE SIX PATENTS AT ISSUE IN
      DELAWARE. ................................................................................................................. 6

    A.   Granting a Partial Stay Will Not Unduly Prejudice or Tactically
           Disadvantage TQ Delta. ....................................................................................... 7

    B.   A Partial Stay Will Simplify the Issues in This Case and Simplify the
           Trial. ..................................................................................................................... 9

    C.   Discovery Is Not Complete and a Trial Date Has Not Been Set. ....................... 10

V.    CONCLUSION. ............................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Motorola Mobility, Inc. v. TiVo, Inc.*,
 No. 5:11CV53, 2011 WL 13196554 (E.D. Tex. July 6, 2011) ......................................... 6, 7, 8

*Soverain Software LLC v. Amazon.com*,
 356 F. Supp. 2d 660 (E.D. Tex. 2005) ............................................................................... 1, 6

*TQ Delta, LLC v. 2Wire, Inc.*,
 No. 13-cv-01835-RGA (D. Del.), D.I. 380 (Ex. 1) ........................................................ 2, 3, 4

I.       **INTRODUCTION.**

This case involves six patents that are also at issue in a case brought by TQ Delta against CommScope's predecessor-in-interest in the District of Delaware. For several of those patents, the very same claims are at issue in both cases, including some instances where the Delaware court has already presided over a jury trial and ruled on post-trial motions on overlapping claims and other instances where the Delaware court will soon preside over a jury trial on overlapping claims. Indeed, by the time this case is scheduled for jury selection, the Delaware court will have presided over jury trials on five of the six overlapping patents and invalidated claims of the other patent.[1] Moreover, TQ Delta accuses the same products of infringing the patents by practicing the same standards in both cases. It is unfair to CommScope to have to defend the same allegations at the same time—e.g., a trial on the sole asserted claim of one of the patents is scheduled to begin just a month before jury selection in this case.

In addition, all of the *Soverain* factors favor this Court staying the case with respect to the six patents—(1) TQ Delta will not suffer any undue prejudice since it will already have had its day in court in Delaware; (2) the case will be simplified by reducing the number of patents, claims, claim construction disputes, and accused standards; and (3) judicial and party resources will be spared since this case is still in the midst of fact discovery. In fact, all three *Soverain* factors weigh heavily in favor of a stay given that, as discussed below, CommScope offered to be bound by any invalidity/validity and infringement/non-infringement rulings issued by the court in Delaware relating to the six overlapping patents. TQ Delta rejected CommScope's offer, necessitating the filing of this motion.[2]

---

[1] Judge Andrews in Delaware found claim 5 of U.S. Patent No. 7,570,686 invalid.
[2] On May 17 and 23, 2022, counsel for the parties conferred in a good-faith attempt to resolve this motion by agreement, as set forth in L.R. CV-7. This motion is opposed because TQ Delta does not agree to stay this case as to the six patents overlapping with the Delaware case.

1

Accordingly, CommScope respectfully requests that this Court exercise its inherent power to control its docket and stay this case with respect to the six patents.[3]

## II.    FACTUAL BACKGROUND.

### A.    TQ Delta's Lawsuit Against 2Wire in the District of Delaware.

On November 4, 2013, TQ Delta filed suit against Pace Americas, Inc. ("Pace") in the District of Delaware.  Pace's subsidiary, 2Wire, Inc. ("2Wire"), was later added to the case because 2Wire, not Pace, was the entity manufacturing and selling DSL gateways accused by TQ Delta of infringing its patents.  In the operative Third Amended Complaint in that case, TQ Delta alleges that 2Wire infringes 24 total patents relating to DSL technology, including, in particular, six overlapping patents asserted in this case— U.S. Patents Nos. 7,453,881 ("the '881 Overlapping Patent"); 7,570,686 ("the '686 Overlapping Patent"); 7,844,882 ("the '882 Overlapping Patent"); 8,090,008 ("the '008 Overlapping Patent"); 8,276,048 ("the '048 Overlapping Patent"); and 8,462,835 ("the '835 Overlapping Patent") (collectively, "the Overlapping Patents").  *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-cv-01835-RGA (D. Del.), D.I. 380 (Ex. 1).[4]

On April 4, 2019, CommScope Holding Company, Inc. acquired the successor-in-interest of 2Wire.  D.I. 17, Counterclaims, ¶ 22; No. 13-cv-01835-RGA (D. Del.), D.I. 1125 (second amended corporate disclosure statement) (Ex. 2).

For case management purposes, Judge Andrews broke up the 24 patents asserted against 2Wire in the Delaware case into six different patent "families."  The Overlapping Patents fall into the following families in the *2Wire* litigation in Delaware:

- Family 1 – '686 Overlapping Patent

---

[3] On May 9, 2022, pursuant to the Court's Order Focusing Patent Claims and Prior Art (D.I. 128), TQ Delta narrowed the number of claims asserted against CommScope to 32.  However, TQ Delta did not drop any asserted patents against CommScope, so there remain 13 patents asserted in the case against CommScope.

[4] All exhibits are attached to the Declaration of Andrew S. Ong ("Ong Decl.") submitted herewith.

2

- Family 2 – '881 Overlapping Patent
- Family 3 – '048 and '882 Overlapping Patents
- Family 4 – '008 Overlapping Patent
- Family 6 – '835 Overlapping Patent

The parties in the *2Wire* case have engaged in extensive litigation for each of the six families in Delaware, including for the Overlapping Patents.

For Family 1, Judge Andrews issued an opinion construing claims of the Family 1 patents, including claims of the '686 Overlapping Patent. No. 13-cv-01835-RGA (D. Del.), D.I. 477 (Ex. 3). Judge Andrews invalidated the only asserted claim of the '686 Overlapping Patent, claim 5, finding it indefinite. *Id.*, at 17–24. Judge Andrews also denied TQ Delta's request to substitute new claims of the '686 Overlapping Patent, including claim 36 asserted here. *See id.*, D.I. 437 (Ex. 4). Judge Andrews ultimately granted summary judgment for 2Wire on the only Family 1 patent remaining in the case against 2Wire. *Id.*, D.I. 1028 (Ex. 5), at 17.

For Family 2, Judge Andrews issued an opinion construing claims of the Family 2 patents, including claims 17 and 18 of the '881 Overlapping Patent that are also asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 486 (Ex. 6). The court also ruled on the parties' competing summary judgment motions, all relating to claims 17 and 18. *Id.*, D.I. 1058 (Ex. 7). The court subsequently held a jury trial on infringement and invalidity of claims 17 and 18 of the '881 Overlapping Patent, entering judgment in TQ Delta's favor after the jury returned its verdict. *Id.*, D.I. 1271 (Ex. 8); D.I. 1276 (Ex. 9). The court also ruled on 2Wire's motion for judgment as a matter of law or, in the alternative, for a new trial for Family 2. *Id.*, D.I. 1354 (Ex. 10).

For Family 3, Judge Andrews issued an opinion construing claims of the Family 3 patents, including ruling on the definiteness of claim 13 of the '882 Overlapping Patent asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 445 (Ex. 11). The court further ruled

3

on the parties' competing summary judgment motions, again addressing the '048 and '882 Overlapping Patents. *Id.*, D.I. 1106 (Ex. 12). The court subsequently held a jury trial on infringement and invalidity of the asserted claims of the Family 3 patents, including claim 1 of the '048 Overlapping Patent and claim 13 of the '882 Overlapping Patent, both of which are asserted against CommScope here, entering judgment in TQ Delta's favor after the jury returned its verdict. *Id.*, D.I. 1187 (Ex. 13); D.I. 1188 (Ex. 14). The court also ruled on 2Wire's motion for judgment as a matter of law or, in the alternative, for a new trial for Family 3. *Id.*, D.I. 1239 (Ex. 15).

For Family 4, the Delaware court issued an opinion construing claims of the Family 4 patents, including claim 14 of the '008 Overlapping Patent, the sole claim from Family 4 asserted against CommScope here. No. 13-cv-01835-RGA (D. Del.), D.I. 473 (Ex. 16). The court subsequently ruled on the parties' summary judgment motions, denying all such motions. *Id.*, D.I. 1585 (addressing infringement) (Ex. 17); D.I. 1589 (addressing invalidity) (Ex. 18). A jury trial on the Family 4 patents, including claim 14 of the '008 Overlapping Patent, which is asserted against CommScope here, is scheduled for November 28, 2022. *Id.*, D.I. 1597 (Ex. 19).

For Family 6, the court in Delaware issued an opinion construing claims of the Family 6 patents, including claims 8 and 10 of the '835 Overlapping Patent asserted against CommScope here. *Id.*, D.I. 535 (Ex. 20). The court has ruled on the parties' summary judgment motions, granting TQ Delta's motion for summary judgment of infringement of the '835 Overlapping Patent by products that practice the VDSL2 standard and denying the parties' motions as to invalidity of the '835 Overlapping Patent. *Id.*, D.I. 1567 (infringement) (Ex. 21); D.I. 1580 (invalidity) (Ex. 22). A jury trial on the validity of claims 8 and 10 of the '835 Overlapping Patent is scheduled for July 18, 2022. *Id.*, D.I. 1567, 1580, 1594 (Ex. 23).

**B.     This Litigation.**

On August 13, 2021, TQ Delta filed suit against CommScope, alleging that CommScope infringes the Overlapping Patents, as well as U.S. Patent Nos. 8,468,411 ("the '411 Patent"); 8,937,988 ("the '988 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,485,055 ("the '055 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, "the Patents-in-Suit") by importing into the United States, or using, selling, or offering for sale in the United States certain digital subscriber line ("DSL") equipment.  D.I. 1, ¶ 2.  According to TQ Delta, all of the asserted claims of the Patents-in-Suit relate to DSL standards, including ADSL2/2+, VDSL2, G.bond, G.inp, G.vector, and G.fast.  D.I. 1, ¶ 34.

A claim construction hearing is scheduled for June 1, 2022; fact discovery is scheduled to close on August 15, 2022; expert discovery is scheduled to close on September 19, 2022; and jury selection is scheduled to begin on January 2, 2023.  D.I. 62 (as modified by April 20, 2022 Notice of Hearing).

**C.     CommScope's Proposed Agreement to Be Bound.**

During the meet-and-confer process, CommScope proposed that, if TQ Delta agreed to stay this case as to the six Overlapping Patents, CommScope would agree to be bound by the rulings from Judge Andrews in Delaware as to the Overlapping Patents.  In particular, CommScope proposed the following in writing:

> CommScope is willing to agree, if a stay is a granted as to the six overlapping patents, as follows:
>
> - For the six overlapping patents, CommScope agrees to be bound by any invalidity or validity rulings issued by Judge Andrews in Delaware.
>
> - For the six overlapping patents, CommScope agrees to be bound by any infringement or non-infringement rulings issued by Judge Andrews in Delaware relating to the products accused of infringement in both Delaware and Texas (i.e., 5031NV, 5168N, 5168NV, and 5268AC).

5

> CommScope's proposed agreement above is conditioned on the following:
>
> - There is no agreement for CommScope to be bound by any rulings in Delaware if Judge Gilstrap denies CommScope's motion to stay.
>
> - TQ Delta agrees that it shall not use any agreement by CommScope to be bound to the rulings in Delaware as part of any IPR proceedings initiated by CommScope.

5/19/2022 A. Ong email to TQ Delta counsel (Ex. 26). TQ Delta rejected CommScope's offer.

### III. LEGAL STANDARD.

"The district court has the inherent power to control its own docket, including the power to stay proceedings. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. In deciding whether to stay litigation, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Motorola Mobility, Inc. v. TiVo, Inc.*, No. 5:11CV53, 2011 WL 13196554, at *3 (E.D. Tex. July 6, 2011) (internal quotations omitted) (citing *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) and *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

### IV. THE COURT SHOULD EXERCISE ITS INHERENT POWER AND STAY THE CASE WITH RESPECT TO THE SIX PATENTS AT ISSUE IN DELAWARE.

As detailed below, all three of the *Soverain* factors favor this Court staying the case with respect to the Overlapping Patents.

### A. Granting a Partial Stay Will Not Unduly Prejudice or Tactically Disadvantage TQ Delta.

The first stay factor examines whether the non-moving party will be prejudiced or put at a tactical disadvantage if a stay is granted. Here, TQ Delta will not be prejudiced because it will have already been afforded a jury trial on each of the Overlapping Patents by the time this case is scheduled for jury selection.

The Overlapping Patents fall into the following five of six patent families:

- Family 1 – '686 Overlapping Patent
- Family 2 – '881 Overlapping Patent
- Family 3 – '048 and '882 Overlapping Patents
- Family 4 – '008 Overlapping Patent
- Family 6 – '835 Overlapping Patent

The parties in the Delaware case have engaged in extensive litigation for each of the six families, including for the Overlapping Patents. The Delaware court held hearings and issued claim construction orders for each of the Overlapping Patents. *See* No. 13-cv-01835-RGA (D. Del.), D.I. 477 (Family 1); D.I. 486 (Family 2); D.I. 445 (Family 3); D.I. 473 (Family 4); D.I. 535 (Family 6).

For Family 1, the Delaware court invalidated asserted claim 5 of the '686 Overlapping Patent and ultimately granted summary judgment on some claims of other patents in the family. *Id.*, D.I. 477 at 17–24; D.I. 1028. For Family 2, and following summary judgment proceedings, the Delaware court held a jury trial on infringement and validity and ruled on post-trial motions, including on claims 17 and 18 of the '881 Overlapping Patent asserted against CommScope here. *See id.*, D.I. 1058; D.I. 1268, D.I. 1354. Similarly, on Family 3, the Delaware court has held summary judgment proceedings and a jury trial on infringement and validity and ruled on post-trial motions, including on claim 1 of the '048 Overlapping Patent and claim 13 of the '882 Overlapping Patent asserted against CommScope here. *See id.*, D.I. 1106; D.I. 1188, D.I. 1239.

The Delaware court has ruled on summary judgment motions for Family 4, and a jury trial is scheduled for November 28, 2022, including on the sole claim of the '008 Overlapping Patent asserted against CommScope here, claim 14. *See id.*, D.I. 1585, 1589, 1597. The Delaware court has ruled on summary judgment motions for Family 6, and a jury trial is scheduled for July 18, 2022, including on the validity of claims 8 and 10 of the '835 Overlapping Patent asserted against CommScope here. *See id.*, D.I. 1567, 1580, 1594.

Moreover, the products and standards accused in this case with respect to the Overlapping Patents are nearly identical to the products at issue in Delaware. For example, the table below shows the standards accused in each case with respect to the Overlapping Patents, as well as the overlapping accused products.

| Overlapping Patent | Accused Products (Chip) | | Accused Standards | |
|---|---|---|---|---|
| | **Delaware** | **Texas** | **Delaware** | **Texas** |
| '686 | 3600HGV (Accelity DA87781) | 3600HGV not accused in Texas. | VDSL2 | VDSL2 |
| '881 | 5168N, 5168NV, 5268AC (BCM63168) | All products accused in Delaware also at issue in Texas | G.bond | G.bond |
| '048 | 5031NV (BCM6368), 5168N, 5168NV, 5268AC (BCM63168), i3812V, 3801HGV (BCM6091 chipset) | 5031NV, 5168N, 5168NV, 5268AC | VDSL2 | VDSL2 |

8

| Overlapping Patent | Accused Products (Chip) | | Accused Standards | |
|---|---|---|---|---|
| | Delaware | Texas | Delaware | Texas |
| '882 | 5031NV (BCM6368), 5168N, 5168NV, 5268AC (BCM63168), i3812V, 3801HGV (BCM6091) | 5031NV, 5168N, 5168NV, 5268AC | VDSL2 | VDSL2 |
| '008 | 5031NV (BCM6368), 5168NV (BCM63168) | All products accused in Delaware also at issue in Texas | VDSL2 | VDSL2 |
| '835 | 5031NV (BCM6368), 5168N, 5168NV, 5268AC (BCM63168) | All products accused in Delaware also at issue in Texas | VDSL2 | VDSL2 |

Therefore, by the time that jury selection is scheduled in this case, TQ Delta will have had its day in court with respect to liability issues on each of the Overlapping Patents. And, while the damages trial is not yet scheduled in the Delaware case, the court has indicated that it intends to move forward with damages after all liability trials are concluded. The Family 4 trial scheduled for November 28, 2022 is the last liability trial in the Delaware case. Therefore, it is likely that the damages trial in the Delaware case will occur sometime in 2023. Finally, CommScope has agreed, subject to the conditions discussed above, to be bound by any rulings by the court in Delaware. Accordingly, TQ Delta will not be prejudiced, and this factor favors granting a partial stay.

      **B.    A Partial Stay Will Simplify the Issues in This Case and Simplify the Trial.**

The second stay factor considers whether judicial and party resources will be spared as a result of a stay. Here, they will. In particular, staying the case with respect to the Overlapping Patents would simplify the issues and trial in this case because it would reduce the number of

9

patents-in-suit in the CommScope case from thirteen to seven and the number of patents-in-suit across both cases from twenty-two to sixteen. Moreover, thirteen patents is too many for one trial and it would be prejudicial to CommScope to have to defend itself in such a trial. *See*, *e.g.*, John R. Allison et. al., *Understanding the Realities of Modern Patent Litigation*, 92 Tex. L. Rev. 1769, 1796 (2014) (Ex. 24) (concluding, based on a study of empirical evidence, that factfinders in multi-patent cases "were significantly more likely to rule for the patentee"); *see also* Salvatore, C., *Albright Worried Multipatent Trials Ask Too Much of Jurors*, Law360 (Dec. 18, 2020) (Ex. 25) (quoting W.D. Texas Judge Alan Albright as saying "I don't think it's fair to have a jury trying to handle more than two or three patents at a time" and indicating that he would break a case with seven or eight patents into two or three trials). A partial stay also would remove an allegedly infringing standard (G.bond) from the case, thereby simplifying the case and trial.[5] With respect to claim construction alone, a stay would reduce the number of disputed terms from twenty-four to fifteen.

Accordingly, this factor strongly supports granting a partial stay.

### C. Discovery Is Not Complete and a Trial Date Has Not Been Set.

The third stay factor examines the degree of resources that can be saved by looking at the stage of the case. Here, this case is only in the beginning stages and a partial stay would greatly reduce the burden on this Court and on the parties.

The deadline to substantially complete document production has only recently passed and the close of fact discovery is still nearly three months away. D.I. 62, 3. Moreover, expert discovery is not scheduled to close for another four months. *Id.* Accordingly, this factor strongly favors

---

[5] TQ Delta already proved in the Delaware case that products that practice G.bond infringe the '881 Overlapping Patent. By pointing this out, CommScope does not intend to waive any right to challenge that verdict on appeal.

10

granting a stay since discovery burdens, both fact and expert, could be greatly reduced by staying the case with respect to the Overlapping Patents.

## V.     CONCLUSION.

In the interest of judicial efficiency, this Court should exercise its inherent power to stay the portion of the case related to the Overlapping Patents for which liability issues will be decided in Delaware.

Dated this 24th day of May, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com

11

rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on May 24, 2022.

> */s/ Eric H. Findlay*
> Eric H. Findlay

### CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h) on May 17 and 23, 2022. Counsel for the parties conferred in a good-faith attempt to resolve this motion by agreement. This motion is opposed because TQ Delta does not agree to stay this case as to the six patents overlapping with the Delaware case.

> */s/ Brian Craft*
> Brian Craft