# EXHIBIT 25

Case 2:21-cv-00310-JRG   Document 152-27   Filed 05/24/22   Page 2 of 3 PageID #:  5755



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Albright Worried Multipatent Trials Ask Too Much Of Jurors

By **Cara Salvatore**

Law360 (December 18, 2020, 5:39 PM EST) -- Texas federal Judge Alan Albright says he's so concerned about jurors getting lost in IP trials that he'd rather chop up cases with multiple patents into multiple trials.

Trials involving more than a very small number of patents ask too much of the jury in terms of understanding, the judge said Wednesday, speaking at a panel sponsored by Magna Legal Services and Winston & Strawn LLP on how to communicate with jurors.

"I don't think it's fair to have a jury trying to handle more than two or three patents at a time," Judge Albright said at the event.

"With every additional patent, their ability to follow along with the number of claims that might be involved, the number of different technologies that might be involved, that's going down," the judge said.

Joining Judge Albright on the panel were Winston & Strawn partner Tom Melsheimer and Tensegrity Law Group LLP's Matthew Powers. Both agreed with the judge's assessment of overwhelmed juries.

Powers said jurors start to get lost if there are too many topics in focus, whether those topics are trial themes or patents.

In a trial with six or seven patents, "The people who try to hit all six or seven patents equally are losing the opportunity to control where the debate is," Powers said. He said trial lawyers should narrow down and focus on "hinge issues."

Judge Albright said he's presiding right now over a case with "seven or eight" patents, and the parties have made opposite requests about how to try the case. One side wants a single trial with all of the patents; the other has requested individual trials, one for each patent.

Judge Albright, who didn't identify the matter, said he'll go somewhere in the middle, with at least two and possibly three trials.

That number of patents is simply too much of a cognitive load in one trial "to expect a jury to fully understand," he said — especially for a technical matter.

"I think if there is more than one patent, that also increases the likelihood that the jury will care as much, if not more, about the performance. Not the content — the performance of the lawyers and the witnesses, and their visceral reaction to it," Judge Albright said.

Melsheimer agreed that patent trials can overwhelm jurors. And he pointed out that each patent isn't just one single informational item; it's a list of individual independent and dependent claims, each and every one of which has to be reviewed painstakingly with the jury at the start of the trial.

It gets harder with more patents, Melsheimer said. So in a trial with two patents: "Look, you're going to have to do that death march for all the claims of both patents. And if anyone's found a great way to do that, they're probably not on this seminar, because they're retired," he said.

Case 2:21-cv-00310-JRG   Document 152-27   Filed 05/24/22   Page 3 of 3 PageID #:  5756

Judge Albright isn't the first to be worried about too many patents stuffed into one trial. A California federal judge told parties in 2017 he was concerned about the **possibility of 10 or more patents** in one 16-hour trial, saying it would be overkill.

--Editing by Adam LoBelia.

---

All Content © 2003-2022, Portfolio Media, Inc.