IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>　　Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED**<br><br><br><br><br>**Civil Action 2:21-cv-310-JRG**<br>**(Lead Case)** |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§ | **Civil Action No. 2:21-cv-309-JRG**<br>**(Member Case)** |

**JOINT MOTION FOR CLARIFICATION OF**
**ORDER FOCUSING PATENT CLAIMS AND PRIOR ART (DKT. 128)**

Defendants and TQ Delta jointly move to seek clarification of the Court's Order Focusing Patent Claims and Prior Art (Dkt. 128). In particular, the parties disagree whether the Preliminary Election of Asserted Claims applies per case, or across both consolidated cases. The parties have agreed to each state their position in one page.

**TQ Delta's Position**

As the Court is aware, this matter consists of two consolidated cases against CommScope (13 patents) and Nokia (19 patents) related to DSL standards. TQ Delta believes that the limits on asserted claims in the Order apply on a per-case basis. The cases were filed separately and have not been consolidated for trial. They involve different defendants, different products, and twelve non-overlapping patents. Each case will involve its own infringement expert report(s). And, while both cases generally involve the same DSL standards, each case involves different types of products. For example, CommScope provides customer-premises equipment ("CPE") (e.g., a home modem) while Nokia provides CPE and central office equipment.

These distinctions result in some claims that are asserted against Nokia but not CommScope (and *vice versa*). Defendants' view that the limits on the asserted claims apply across <u>both</u> consolidated cases would prejudice TQ Delta. TQ Delta has considerably narrowed its claims: to 32 from over 100 in *Nokia* and to 32 from over 70 in *CommScope*. Defendants would use the fact of pretrial consolidation to impose limits of the Model Order (which contemplates a single case) across two cases that do not have complete overlap in patents and product types. And it would limit the asserted claims in each case beyond what the Order states (to reduce the number of claims to 32 claims in <u>both</u> cases would result in less than 32 claims in *CommScope* and less than 32 claims in *Nokia*). Defendants do not provide a sufficient reason for that reduction.[1] TQ Delta thus respectfully requests the Court enforce the Order as written, on a per-case basis.

---

[1] Defendants' argument about the Order requiring single election of prior art in both cases is undercut by the fact that Defendants served two prior art elections: one in *CommScope* and one in *Nokia*. These elections asserted, in total, more than the number of references allowed under Defendants' current reading of the Order.

**Defendants' Position**

Defendants respectfully submit that TQ Delta has followed neither the word nor the spirit of the Focusing Order. Paragraph 2 of the Focusing Order states, "the patent claimant shall serve ***a*** Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims" and that "the patent ***defendants*** shall serve ***a*** Preliminary Election of Asserted Prior Art" (emphases added). This language appears to require elections not on a per-defendant basis, but across the consolidated cases in which the Order was entered, consistent with the relief requested by Defendants. TQ Delta ignored the plain language of the Order and elected 32 claims per defendant, leaving a total of 50 asserted claims still at issue.[2]

TQ Delta has also acted contrary to the spirit of the Focusing Order, to narrow the case to issues that will actually be tried. TQ Delta strategically elected its asserted claims without dropping a single asserted patent, leaving a total of 22 unique patents. TQ Delta's decision did nothing to narrow the issues before the Court. Requiring that TQ Delta narrow claims across both Defendants (and, by extension, narrow the number of patents) follows the spirit of the Focusing Order.

Finally, for tactical reasons TQ Delta downplays the substantial overlap of the asserted patents in the *CommScope* and *Nokia* cases. Although TQ Delta asserts 13 patents against CommScope and 19 patents against Nokia, only 3 patents asserted against CommScope do not overlap with Nokia. Indeed, the same 7 patent families are asserted against both defendants. So significant is the overlap that Defendants jointly submitted a single *Markman* brief. Accordingly, to narrow disputes for the upcoming *Markman* hearing and encourage conservation of resources, Defendants respectfully request that the Court enforce the Focusing Order as written.

---

[2] After TQ Delta made its election on a per defendant basis, Defendants made their prior art election on a per defendant basis to preserve their rights. Should the Court enforce the Order as interpreted by Defendants, Defendants will serve a single prior art election.

Dated: May 25, 2022

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC

Respectfully submitted,

By: /s/ Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nicholas C. Marais (NC Bar # 53533)

**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

John D. Haynes (GA Bar #340599)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree St. NE
Tel: (404) 881-7000
Fax: (404) 881-7777
Email: Bob.Lee@alston.com

Sam Bragg (TX Bar # 24097413)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel: 214.922.3400
Fax: 214.922.3899
Email: sam.bragg@alston.com

By: /s/ Andrew Ong
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT, P.C.**
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
**GOODWIN PROCTER LLP**

4

100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
**GOODWIN PROCTER LLP**
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

ATTORNEYS FOR THE COMMSCOPE DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this this May 25, 2022, with a copy of this document via CM/ECF.

/s/ William E. Davis, III
William E. Davis, III

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that the foregoing motion is joined in its entirety by Plaintiff TQ Delta, LLC and the Nokia Defendants and the CommScope Defendants.

/s/ Christian J. Hurt
Christian J. Hurt
