# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>          *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>          *Defendants*. | Civil Action No.: 2:21-cv-310-JRG |

## DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

Defendants respectfully submit this supplemental claim construction brief to address the Patent Owner's Preliminary Responses submitted by TQ Delta two days ago, on May 25, 2022, in *inter partes* review ("IPR") proceedings initiated by CommScope and Nokia relating to the '835 patent. TQ Delta's Preliminary Responses are attached hereto as Exhibits 37 and 38.

In TQ Delta's Preliminary Responses, TQ Delta proposes a different construction of the term "flag signal"[1] than the one it has proposed the Court adopt for purposes of this case. TQ Delta has told the PTAB that the term "flag signal" means a "signal used to indicate when an updated FIP setting is to be used, *where the signal does not include information (e.g., a FEC codeword counter value) specifying when the updated FIP setting is to be used*." Ex. 37 at 9 (emphasis added). TQ Delta's shift is significant for at least two reasons.

First, in its claim construction briefing to this Court, TQ Delta (falsely) told the Court that its proposed construction for the "flag signal" term is the construction that was "agreed-to in the Delaware case." Dkt. No. 124 at 21. TQ Delta's proposed construction here is materially different than the one adopted by Judge Andrews. And, in its recent IPR filings, TQ Delta spends three pages arguing that Judge Andrews' construction for this term is wrong. Ex. 37 at 5–9.

Second, TQ Delta's proposal to this Court includes a negative limitation (that "the signal does not contain message data indicating" certain things) that is different than the negative limitation in the proposed construction that TQ Delta just provided to the PTAB (that "the signal does not include information . . . specifying" certain things). This Court should not adopt any of the flavors of the negative limitation offered by TQ Delta or adopted in Delaware. Foremost, nothing in the intrinsic evidence supports the negative limitation in TQ Delta's construction. And to that same point, TQ Delta does not even propose the same negative limitation in the IPR

---

[1] This term is in claims 8 and 24 of the '835 Patent and claims 8 and 9 of the '112 Patent.

1

proceedings that it now asserts here, despite that both the PTAB and this Court will apply the same claim construction standard.  *See* 37 C.F.R. §42.100(b); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).  TQ Delta appears to be strategically taking different positions in district court and before the PTAB to try to preserve the validity of the '835 patent over the prior art.  That strategy is improper and should be rejected by the Court; what matters is the meaning of the term "flag signal" in the context of the intrinsic record, and here TQ Delta's proposal—in particular its parenthetically appended negative limitation—is not supported.

For these reasons and those set forth in Defendants' Responsive Claim Construction Brief (Dkt. No. 135 at 21), the Court should adopt Defendants' proposed construction of "flag signal" and reject TQ Delta's construction.

Dated this 27th day of May, 2022              Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

Brett Schuman

2

Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777

3

Email: john.haynes@alston.com
Email: michael.deane@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

***Counsel for Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation and Third-Party Plaintiff, Nokia of America Corporation***

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on May 27, 2022.

*/s/ Eric H. Findlay*
Eric H. Findlay
