IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>v.<br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>v.<br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>     *Third-Party Plaintiff*,<br>v.<br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>     *Third-Party Defendants*. | |

**NOKIA'S OPPOSITION TO THE THIRD-PARTY
DEFENDANTS' MOTION FOR LEAVE TO FILE AN ADDITIONAL RESPONSE**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Argument .................................................................................................................... 1
    A. Nokia Properly Responded to Broadcom's New Theory ........................................ 1
    B. Nokia Would be Prejudiced If It Were Not Able to Respond to
        Broadcom's New and Factually Incorrect Assertions ........................................... 4

III. Conclusion .................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Corinth Invs. Holdings, LLC v. Evanston Ins. Co.*,
  No. 4:13-CV-00682, 2014 U.S. Dist. LEXIS 118990 (E.D. Tex. Jun. 9, 2014) ........................2

*Lynch v. Union Pac. R.R. Co.*,
  No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674 (N.D. Tex. Nov. 6, 2015)....................2

*Newby v. Enron Corp.*,
  465 F. Supp. 2d 687 (S.D. Tex 2006) .......................................................................................3

██████████████████████████████████████

I. **INTRODUCTION**

Broadcom's Motion for Leave to File an Additional Response (Dkt. 144, "Mtn. Leave") related to its Motion to Dismiss (Dkt. 114, "Mtn to Dismiss") is without merit. Broadcom has already had the opportunity to respond to Nokia's theories of indemnification—twice. Indeed, Broadcom's additional proposed response (Dkt. 145) merely seeks to have this Court disregard pertinent argument and evidence that directly contradicts one of Broadcom's newly created theories (for which it withheld pertinent facts) of why it should be dismissed from this case.

Broadcom couches its motion for leave to file an additional response under the guise that Nokia improperly submitted "new arguments and evidence." Mtn. Leave at 1. But that is not the case. Nokia submitted additional relevant evidence to support an argument it has consistently maintained—*i.e.*, an argument Nokia made in Nokia's Opposition to the Third-Party Defendants' Motion to Dismiss (Dkt. 127, "Opposition")—that Nokia's right to seek indemnification survived ████████████████████████████████████████. Moreover, Nokia's submission of this evidence was in direct response to Broadcom's newly made (but without merit) argument that █ ████████████████████████████████████████████████████████████████████ (Dkt. 133, "Reply") at 2. As no new arguments were propagated by Nokia, Nokia respectfully requests that this Court deny Broadcom's motion for leave.

II. **ARGUMENT**

  A. **Nokia Properly Responded to Broadcom's New Theory**

In its Reply, Broadcom argued for the first time that Nokia's right to indemnification █ ████████████████████████████████████████████████████████████████████ ██████████████ Nokia's argument in its sur-reply, as well as its reliance on Exhibit 8, was in direct response to this newly asserted (and plainly incorrect) theory. Where arguments are "specifically directed at and responsive to arguments and evidence" from responsive briefing,

1

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

those matters are not considered "raised for the first time." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674, at *2 (N.D. Tex. Nov. 6, 2015).  The caselaw cited by Broadcom acknowledges the same. *See Corinth Invs. Holdings, LLC v. Evanston Ins. Co.*, No. 4:13-CV-00682, 2014 U.S. Dist. LEXIS 118990, at *8 (E.D. Tex. Jun. 9, 2014) (noting that "arguments made in a sur-reply brief are [] limited to issues raised in the reply"), order adopted, No. 4:13-CV-00682, 2014 U.S. Dist. LEXIS 118008, at *1 (E.D. Tex. Aug. 25, 2014)).

Nokia was entitled to respond to Broadcom's newly asserted argument, that is, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In its initial motion to dismiss, Broadcom's argument was limited to asserting ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Indeed, the premise of Broadcom's argument was that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nokia responded, in its Opposition, that it was "clear from the language and context of the contract that the parties intended for the indemnification provision to survive," and that "[u]nder these facts, Nokia ha[d] plausibly stated a claim for indemnification under the ▇▇▇." Opposition at 12.  Nokia's reference to "these facts" included ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ It was then only in its Reply that Broadcom asserted—after seemingly accepting Nokia's theory that the indemnification provision ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and with the benefit of certain relevant facts laid out by Nokia—that it was not obligated to indemnify Nokia because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  As this was the first time Broadcom had made such an argument, Nokia was entitled to respond to that argument in its sur-reply with both argument and evidence.  Nokia's

2

███████████████████████████████████████████████████

right to respond, however, does not grant Broadcom free reign to file yet another response.

In this case, not only was Nokia's argument properly responsive to Broadcom's reply, it likewise finds support in its original theories of indemnification set forth in Nokia's Opposition. Where, as here, the sur-reply responded to previous briefs and did not raise new legal arguments, there is no prejudice to the opposing party, and thus no reason to file another response. *See Newby v. Enron Corp.*, 465 F. Supp. 2d 687, 691 (S.D. Tex 2006) (stating that after reviewing the parties "surreplies[,] the Court finds that allowing Defendants' surreplies will cause no prejudice as long as the surreplies respond to previous briefs and do not raise new legal arguments"). Here, Nokia's legal theory never changed. Nokia merely pointed to its prior legal theory that ████████████ ████████████████████████████████████████████████████████████████████████████████. *Id.* (finding that there was no new argument where the Defendants' pointed to "points previously made in its opposition"). Accordingly, as Broadcom had opportunity to respond to Nokia's theory in its reply, it is not entitled to get a third bite at briefing simply because it is dissatisfied with its first two briefs.

Moreover, Nokia's Exhibit 8, which Broadcom claims to be new evidence, is likewise not prejudicial to Broadcom. Exhibit 8 is an email ████████████████████████████████ ████████████████████████████████████. *See* (Dkt. 139, "Sur-reply") at iii. Broadcom was therefore in possession of the email and the information contained therein. Thus, Broadcom was aware that Nokia had reached out ██████████████████████ regarding indemnity, but still proceeded with the unfounded assertion that █████████████████ ███████████████████████████████. As explained in Nokia's sur-reply, Nokia first received communications from TQ Delta regarding alleged infringement of certain of the Asserted Patents ██████, and TQ Delta's communications continued through the years leading to TQ

3

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Delta's lawsuit against Nokia filed in 2021. During those years, while Nokia disagreed at every turn with TQ Delta's assertions, Nokia repeatedly approached Broadcom regarding indemnification. But, when Nokia approached Broadcom ▬▬▬▬▬▬▬▬▬▬ regarding TQ Delta's claims of infringement, Broadcom refused to acknowledge Nokia's indemnification claim, in part because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Broadcom cannot now exclude this evidence merely because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬, especially in view of the fact that this evidence was equally accessible to both Nokia and Broadcom.

Because Nokia did not put forth any new legal theories, Broadcom was not prejudiced by Nokia's sur-reply. Accordingly, Broadcom is not entitled to an additional response.

### B. Nokia Would be Prejudiced If It Were Not Able to Respond to Broadcom's New and Factually Incorrect Assertions

As was made clear in Nokia's sur-reply, Broadcom's assertion that Nokia made no claim for indemnification ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Broadcom cannot now exclude Nokia's argument and evidence simply because it is unfavorable to Broadcom. Nokia was entitled to respond to Broadcom's new argument, including with additional evidence, to counter Broadcom's facially incorrect statement.

Indeed, it is Nokia's position that Broadcom misrepresented the facts of this case in trying to create a "heads I win, tails you lose" theory of the relevant contract. Particularly, Broadcom simultaneously asserts that Nokia sought indemnification ***too early*** (▬▬▬▬▬▬▬ ▬▬▬▬) and also that Nokia sought indemnification ***too late*** (▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). At the same time, Broadcom is now asking this Court to exclude key evidence that Nokia ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Excluding Nokia's arguments and evidence that rebut

4

Broadcom's incorrect assertion would thus prejudice Nokia. Because Broadcom's briefing underlying this motion for leave merely asks this Court to "disregard Nokia's arguments with respect to Exhibit 8," *see* Dkt. 145, as opposed to responding to the weight of the evidence itself, additional briefing will not be helpful to this Court.

### III.  CONCLUSION

Nokia respectfully requests that the Court deny Broadcom's Motion for Leave to File an Additional Response.

Dated: May 27, 2022	Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nicholas C. Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400

6

███████████████████████████

Fax: 214.922.3899

*Counsel for Defendants
Nokia Corporation, Nokia Solutions
and Networks Oy, and Nokia
 of America Corporation and Third-
Party Plaintiff, Nokia of America
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on counsel of record via e-mail on May 27, 2022.

          /s/ *M. Scott Stevens*
          M. Scott Stevens

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Nokia is authorized to file this document under seal pursuant to Paragraph 16 of the Protective Order and Local Rule CV-5(a)(7) because it contains confidential material.

          /s/ *M. Scott Stevens*
          M. Scott Stevens