IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § | **JURY TRIAL DEMANDED** |
| | § § § § § § § | Civil Action 2:21-cv-310-JRG<br>(Lead Case) |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | § § § § § § | Civil Action No. 2:21-cv-309-JRG<br>(Member Case) |

**PLAINTIFF TQ DELTA'S RESPONSE TO
COMMSCOPE DEFENDANTS' OPPOSED MOTION
FOR A PARTIAL STAY**

██████████████████████████████████

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ............................................................................................................ 1

II.    FACTUAL & PROCEDURAL BACKGROUND ........................................................... 1

III.    LEGAL STANDARD ...................................................................................................... 4

III.    ARGUMENT .................................................................................................................... 4

    A.    A Stay Is Likely to Complicate This Case, Not Simplify It ................................. 4

    B.    A Stay Will Unduly Prejudice TQ Delta and Give CommScope a Tactical Advantage ............................................................................................................. 8

    C.    The Stage of the Proceedings Weighs Against a Stay ........................................ 11

IV.    CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Castanho v. Jackson Marine, Inc.*
  484 F. Supp. 201 (E.D. Tex. 1980)......................................................................................4

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*
  No. 2:20-cv-269 (E.D. Tex. Dec. 10, 2021))......................................................................10

*IMAX Corp. v. In-Three, Inc.*
  385 F. Supp. 2d 1030 (C.D. Cal. 2005)..............................................................................4

*Intellectual Ventures I LLC v. Toshiba Corp.*
  No. 13-453-SLR/SRF, 2015 U.S. Dist. LEXIS 63859
  (D. Del. 2015).....................................................................................................................8

*Light Transformation Techs., LLC v. Light Sci. Grp. Corp.*
  Civil Action No. 2:12-CV-826-MHS-RSP, 2014 U.S. Dist. LEXIS 187715
  (E.D. Tex. 2014)...............................................................................................................10

*Longhorn HD LLC v. NetScout Sys.*
  Civil Action No. 2:20-CV-00349-JRG, 2022 U.S. Dist. LEXIS 2852
  (E.D. Tex. Jan. 6, 2022)....................................................................................................10

*NFC Tech. LLC v. HTC Am., Inc.*
  2015 U.S. Dist. LEXIS 29573, (E.D. Tex. Mar. 11, 2015)................................................4

*Packet Intel. LLC v. NetScout Sys.*
  No. 2:16-CV-00230-JRG, 2022 U.S. Dist. LEXIS 81077 (E.D. Tex. 2022).....................4

*Realtime Data, LLC v. Rackspace US, Inc.*
  No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 116222 (E.D. Tex. 2017).........12

*Telemac Corp. v. Teledigital, Inc.*
  450 F. Supp. 2d 1107 (N.D. Cal. 2006)............................................................................11

*TQ Delta, LLC v. Pace Americas, Inc.*
  Civil Action No. 1:13-cv-01835-RGA (Del. D. Feb. 7, 2014)..................................*passim*

*Trover v. Dedicated Micros USA*
  2015 U.S. Dist. LEXIS 29572 (E.D. Tex. 2015)..............................................................12

**Other Authority**

28 U.S.C. § 1292(c).......................................................................................................................9

I.      **INTRODUCTION**

CommScope seeks to partially stay this case with respect to six patents from five of the seven patent families at issue (Families 1, 2, 3, 4, and 6).  It proposes a limited conditional agreement that it will be bound by the rulings issued by Judge Andrews in Delaware (presumably after an appeal) for (1) only some of the asserted claims of the six Delaware patents overlapping in this case; and (2) for only <u>four</u> of the over <u>twenty</u> products at issue in this case.  But its requested stay covers <u>all</u> of the asserted claims in the case for the six overlapping patents (including claims not asserted in Delaware) and <u>all</u> of the accused products (including products not accused in Delaware).  The result is that, regardless of what happens in Delaware, CommScope will seek to litigate the Overlapping Patents after the stay lifts (including, among other things, using new prior art references to attack patents that were already found valid in Delaware).

This approach will not simplify this case; it will only complicate it by dividing this case into two proceedings, spaced over a year apart.  The delay will unduly consume Court resources and prejudice TQ Delta by postponing resolution of its dispute with CommScope by over a year without the potential of significant issue simplification.  In contrast, this case is approaching a January, 2023 trial date, and the Court has already held a *Markman* hearing and issued Orders to help streamline these cases for trial. The efficient path is to let this case—which involves <u>all</u> patents, products, and standards disputed between the parties—proceed to trial in January.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

TQ Delta's case in Delaware has been pending since November, 2013.  On November 4, 2013, TQ Delta filed suit in the District of Delaware against Pace Americas, Inc. alleging patent infringement.  On February 7, 2014, TQ Delta amended its complaint to join Pace's subsidiary,

2Wire, Inc. ("2Wire") in the suit. *TQ Delta, LLC v. Pace Americas, Inc.* (hereinafter "*2Wire*"), No. 1:13-cv-01835-RGA, Dkt No. 24 (Del. D. Feb. 7, 2014).

During the Delaware proceedings, Pace was acquired. In 2016, Arris International PLC ("Arris") acquired Pace, and, in 2018, CommScope acquired Arris. TQ Delta filed this lawsuit against CommScope in August, 2021 to address all of CommScope's DSL products, the majority of which are products not at issue in Delaware (such as the Arris products). *See, e.g.*, Complaint (Dkt. No. 1), at ¶ 34, n. 12 and 13 (identifying Arris-branded NVG44x and FST1305 products); Exh. A, at 4 n.1 (Preliminary Infringement Contentions cover pleading identifying over 20 exemplary products). According to CommScope, the *2Wire* case involves four 2Wire products that are also at issue in this case: 5031NV, 5186N, 5168NV, and 5268AC.

CommScope seeks to stay six patents that are at issue in this case that are also at issue in *2Wire* (the "Overlapping Patents"). The Delaware case has been separated into liability proceedings (and trials) on each patent "family" to be followed by a damages phase at a later time. Below are the six Overlapping Patents, identified by Family.

- U.S. Patent No. 7,570,686 ("the '686 Patent") (Family 1);
- U.S. Patent No. 7,453,881 ("the '881 Patent") (Family 2);
- U.S. Patent No. 7,844,882 ("the '882 Patent") (Family 3);
- U.S. Patent No. 8,276,048 ("the '048 Patent") (Family 3);
- U.S. Patent No. 8,090,008 ("the '008 Patent") (Family 4); and
- U.S. Patent No. 8,462,835 ("the '835 Patent") (Family 6) (collectively, "Overlapping Patents").

The status of the Overlapping Patents in *2Wire* is as follows:

██████████████████████████████████████

| Family | Status |
|---|---|
| Family 1 ('686 Patent) | The Court found the asserted claim indefinite in 2018 (that claim is not asserted in this case). *2Wire* (Dkt. No. 477). |
| Family 2 ('881 Patent) | A jury found infringement and validity at trial in January, 2020, and the Court denied 2Wire's post-trial motions in September, 2020. *2Wire* (Dkt. Nos. 1187, 1239). |
| Family 3 ('882 and '048 Patents) | A jury found infringement and validity at trial in May, 2019, and the Court denied 2Wire's post-trial motions in August, 2019. *2Wire* (Dkt. Nos. 1187, 1239). |
| Family 4 ('008 Patent) | A jury trial on infringement and validity is set for November 28, 2022. *2Wire* (Dkt. No. 1597). |
| Family 6 ('835 Patent) | The Court granted summary judgment of infringement in June, 2021, and the validity trial is set for July 18, 2022. *2Wire* (Dkt. Nos. 1567, 1594). |

The Delaware court has not set a damages trial, and there have not been any appeals to the Federal Circuit of the jury trials that have been completed in Delaware. The only overlap between patent families in this case where liability is still being litigated in Delaware is Family 4 and Family 6, and only with respect to four (4) overlapping products. For Families 1, 2, and 3, liability has been determined in Delaware, so there is no reason to stay those families as to CommScope. Yet CommScope seeks to stay all of these families despite the presence of only four (4) overlapping products and only two (2) patent families for which liability is still being litigated.

This case has advanced. The Court has set a trial date of January 2, 2023. Dkt. No. 62. The deadline for substantial completion of documents passed on April 22, 2022. *Id.* The Court held a *Markman* hearing on June 1, 2022. Fact discovery closes on August 15, 2022. *Id.* For the Overlapping Patents, all of CommScope's DSL-compliant products (including those that originated from Arris) are alleged to infringe claims of the Overlapping Patents. *See, e.g.,*

Complaint (Dkt. No. 1), at ¶¶ 52, 63–64, 73, 83, 93, 103 (identifying Arris-branded NVG44x as infringing each of the Overlapping Patents).

### III. LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Packet Intel. LLC v. NetScout Sys.*, No. 2:16-CV-00230-JRG, 2022 U.S. Dist. LEXIS 81077, at *40 (E.D. Tex. May 4, 2022). District courts typically consider three factors when determining whether to grant a stay: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.* (quoting *NFC Tech. LLC v. HTC Am., Inc.*, 2015 U.S. Dist. LEXIS 29573, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)).

### IV. ARGUMENT

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Castanho v. Jackson Marine, Inc.*, 484 F. Supp. 201, 209 (E.D. Tex. 1980); *accord IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005) (internal citations omitted). CommScope has not made that showing.

#### A. A Stay Is Likely to Complicate This Case, Not Simplify It

A stay is unlikely to simplify this case in any meaningful way. Regardless of what happens (or has happened) in Delaware, CommScope will still litigate the Overlapping Patents in this Court. The result is that this case will likely become more complicated—dividing a single case that involves <u>all</u> of CommScope's DSL products and TQ Delta patent families into two serial cases with overlapping products and issues. CommScope's stipulation does not reduce this inefficiency.

First, CommScope seeks to stay allegations for all CommScope's DSL-compliant products regarding the Overlapping Patents, not just the four 2Wire products covered by CommScope's stipulation. This fact is significant because this case includes at least twenty accused products (which includes Arris-branded products), while CommScope has only agreed to stipulate to rulings on four 2Wire-branded products. *Compare* Mot. at 5 (stipulating only as to the 5031NV, 5186N, 5168NV, and 5268AC) *with* Exh. A, at 4 n.1 (listing over twenty exemplary accused products).[1] This means that, post-stay, CommScope will continue to dispute infringement for at least fifteen-plus products for the Overlapping Patents because those products are not subject to CommScope's stipulation.

That includes, for example, claims relating to products that practice the G.bond standard. CommScope asserts that its requested stay will "remove an allegedly infringing standard (G.bond) from the case." Mot. at 10. But CommScope's stipulation does not say that. CommScope's stipulation relating to G.bond only covers three 2Wire products (5168N, 5168NV, and 5268AC). Mot. at 5–6, 8. TQ Delta, however, has accused all of CommScope's G.bond-compliant products. That includes Arris-based products that are not at issue in Delaware. *See* Complaint (Dkt. No. 1), at ¶ 52 n.18 (identifying Arris NVG44xx product as infringing based on compliance with G.bond). Thus, even though the G.bond claims have gone to trial in Delaware for the 2Wire products—with findings of infringement and validity—CommScope still seeks to argue in this case that its Arris-based products do not infringe after the stay lifts (which will likely be over a year from now).

Second, CommScope's stipulation does not cover claims that are asserted here, but not in the Delaware. Within the Overlapping Patents, there is not complete overlap between the asserted

---

[1] TQ Delta disagrees with CommScope's representation of what products are accused in Delaware but not in Texas (*e.g.*, 3600HGV, i3812V, 3801HGV). Those products are accused in this case.

5

<u>claims</u> in the Delaware case and in this case. This means, post-stay, CommScope seeks to argue invalidity or noninfringement of claims that are not asserted in Delaware—these claims will remain even if CommScope obtains a complete victory in Delaware. 35 U.S.C. § 282 ("Each claim of a patent . . . shall be presumed valid independently of the validity of other claims"). This is a significant amount of claims (differing claims emphasized and underlined in the table below).

| Family | Overlapping Patents | Delaware Asserted Claims | Texas Asserted Claims |
|---|---|---|---|
| Family 1 | '686 | Claim 5 | Claims **17**, **26**, and **37** |
| Family 2 | '881 | Claims 17 and 18 | Claims 17, 18, and **23** |
| Family 3 | '882 | Claim 13 | Claims 13, **14**, and **15** |
| Family 3 | '048 | Claim 1 | Claims 1, **4**, **6**, and **7** |
| Family 4 | '008 | Claim 14 | Claim 14 |
| Family 6 | '835 | Claims 8 and 10 | Claims 8, 10, and **26** |

This reality compounds the inefficiency from the lack of overlap in Accused Products. For example, the Delaware Court found on summary judgment that 2Wire's products infringed claims 8 and 10 of the '835 Patent as a matter of law based on their compliance with certain portions of the DSL standards. *TQ Delta, LLC v. 2Wire, Inc.*, Civil Action No. 13-1835-RGA, 2021 U.S. Dist. LEXIS 119765 (D. Del. June 28, 2021). But CommScope will not agree to be bound by that holding as to the over fifteen DSL-compliant products in this case that are not at issue in Delaware. And CommScope will not agree to a finding of infringement on claim 26 of the '835 Patent for <u>any</u> products. But CommScope seeks to stay <u>all</u> proceedings here on the '835 Patent. CommScope thus will likely contest liability on the '835 Patent once the stay lifts regardless of what happens in the Delaware case.

The same is true of the Family 1, 2, and 3 Patents. Because there is <u>no</u> overlap in claims for the '686 Patent (Family 1), and the only asserted claim in Delaware was found indefinite, whatever transpires in Delaware will not impact this case. Likewise, a stay of Family 2 ('881

Patent) and Family 3 ('882 and '048 Patents) is unlikely to simplify this case. Those patents have gone to a verdict in Delaware—finding infringement and validity—which the Delaware Court upheld on post-trial motions. *2Wire* (Dkt. Nos. 1239, 1354). But CommScope has not agreed to be bound by that verdict across all products and claims in this case. It has only agreed to be bound to the Court's rulings on a <u>limited</u> set of claims on a <u>limited</u> number of products—and its stipulation apparently only applies after a Federal Circuit appeal concludes. The practical result is that CommScope will likely dispute infringement and validity of Families 2 and 3 after the stay lifts.[2]

<u>Third</u>, a stay will not conserve resources. The only overlap with respect to patent families in which liability is being litigated are Families 4 and 6. There are at least fifteen products in this case that are not at-issue in Delaware. Should a stay issue, CommScope will still dispute liability and damages for the non-Overlapping Patents. For the Overlapping Patents, the narrow nature of CommScope's stipulation virtually ensures that CommScope will continue to dispute liability and damages for those patents post-stay. A stay will require the parties to expend more resources.

A stay will not simplify or eliminate these proceedings; it will only delay them at least a year. In fact, CommScope is asking the Court to bifurcate its case into two proceedings in Texas. The net result is that CommScope and TQ Delta may be forced into three trials, those already conducted in Delaware and to be conducted in the coming months, and then two trials in Texas, one on the non-Overlapping Patents and then another at least a year later on the Overlapping

---

[2] In addition, CommScope appears to agree to only the *specific* prior art findings for the Family 2 and 3 verdicts, and not generally to a finding of validity. *See 2Wire* (Dkt. Nos. 1187) (Family 3 Jury Verdict) and 1271 (Family 2 Jury Verdict) (providing a specific verdict form for validity). CommScope thus will likely continue to attack the validity of these patents with different references after a stay lifts.

7

Patents. And this is even before considering that three of the six Overlapping Patents are also asserted against Nokia—meaning that this Court would address the validity of those patents and the application to relevant DSL standards regardless of a stay. This factor weighs against a stay. *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR/SRF, 2015 U.S. Dist. LEXIS 63859, at *9–10 (D. Del. May 15, 2015) (explaining that "the burden of litigation will not be reduced even if a stay was put in place" where discovery on the accused products "will proceed regardless of whether the stay is granted or not").

CommScope's Motion ignores all of this. It instead claims that "thirteen patents is too many for one trial and it would be prejudicial to CommScope to have to defend itself in such a trial." Mot. at 10. But that argument is not a simplification argument. And the Court has already addressed that alleged prejudice when it entered the Order Focusing Patent Claims and Prior Art. Dkt. Nos. 128. A stay also does not solve CommScope's claimed prejudice because it will result in CommScope having to try two trials in this Court on overlapping subject matter rather than one streamlined trial. CommScope has failed to show that a stay will simplify this case.

### B. A Stay Will Unduly Prejudice TQ Delta and Give CommScope a Tactical Advantage

A stay will unduly prejudice TQ Delta. It will result in TQ Delta potentially having to try two cases in this Court—instead of one. And it will delay that ultimate resolution by an indeterminate time, through a final Federal Circuit appeal of the Delaware cases, which will complete years from now. That delay will prejudice TQ Delta, who has already been trying to resolve its claims against CommScope for the better part of ten years without final resolution.

In the meantime, CommScope will obtain a tactical advantage. While the Overlapping Patents against CommScope are stayed, CommScope will obtain yet another bite at the invalidity and noninfringement apple through Nokia—three of the six Overlapping Patents are set for trial

8

against Nokia in January. Should Nokia's defenses fail, CommScope can use the proceedings as a roadmap to further retool its defenses. Because CommScope's requested stay encompasses <u>all</u> of the products accused of infringing the Overlapping Patents—but CommScope's stipulation only applies to <u>four</u> 2Wire products—CommScope will dispute liability once a stay lifts.

And when the stay might lift is an unknown date far into the future. CommScope appears to request a stay that lasts through a final Federal Circuit appeal. The Delaware Court has already ruled on post-trial motions for the Families 2 and 3 verdicts and entered summary judgment of infringement on the '835 Patent (Family 6). But CommScope has not agreed to be bound by those rulings in this case <u>now</u> and allow this case to move forward accordingly—it is asking this Court to stay those patents without identifying when the stay would lift. The reason for that request would only be to delay this case and allow an appeal of the Delaware Court's rulings.

CommScope deflects by pointing to a damages trial that it claims will happen "sometime in 2023." Mot. at 9. This speculation is optimistic, given that post-trial orders and expert discovery on damages would need to complete prior to a damages trial. But CommScope does not state that its requested stay would lift when a damages trial is set. And there is no reason that the damages trial setting would impact the stay—CommScope's stipulation only applies to liability, not damages. And liability has already been decided on most of the Overlapping Patents in Delaware. It appears that CommScope intends to take an appeal once liability has been fully determined (which could occur prior to a damages trial, 28 U.S.C. § 1292(c)), and CommScope's proposed stay would extend through that appeal.

It is highly unlikely that liability verdicts, post-trial orders, and an appeal will conclude by next year. The last liability trial is set for November 28, 2022 and a Federal Circuit appeal is likely to conclude 15-20 months later, pushing the stay into 2024 to 2025. *See, e.g.*,

9

https://cafc.uscourts.gov/wp-content/uploads/reports-stats/disposition-time/06_Med_Disp_Time_MERITS_table.pdf (showing median time of twelve months from docketing to disposition for District Court appeals); *2Wire* (Dkt. No. 1239) (entering order denying post-trial motions three months after verdict); *2Wire* (Dkt. No. 1354) (entering order denying post-trial motions eight motions after verdict). And all of this assumes that the appeal resolves liability, as opposed to ordering a new trial, which would essentially reset the clock.

This Court, on the other hand, is set for trial in January, 2023 in a case that involves <u>all</u> patent families, products, and standards. Significantly delaying that date for the Overlapping Patents, without a sufficient simplification of the issues, is "far from non-prejudicial." *Longhorn HD LLC v. NetScout Sys.*, No. 2:20-CV-00349-JRG, 2022 U.S. Dist. LEXIS 2852, at *6 n.3 (E.D. Tex. Jan. 6, 2022) (quoting *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, Case No. 2:20-cv-269, Dkt. No. 227 at 3 n.1 (E.D. Tex. Dec. 10, 2021)).

CommScope claims that TQ Delta will have its "day in court" in Delaware, so it will not be prejudiced. Mot. at 9. This is not accurate. CommScope's proposed stipulation does not match its stay request. The vast majority of the products here—which are not at issue in Delaware—are asserted to infringe the Overlapping Patents. But CommScope has not agreed to be bound for those products. Nor has CommScope agreed to be bound for claims of the Overlapping Patents asserted in this case, but not in Delaware. TQ Delta will thus only have its day in court for those products and patents and claims after the stay lifts, which could take years.

Finally, CommScope's proposed stay is likely to cause TQ Delta to face evidentiary prejudice. During the length of the stay, witnesses' memories may further fade, key witnesses will move and change employment, and documents may be lost. *See Light Transformation Techs., LLC v. Light Sci. Grp. Corp.*, No. 2:12-CV-826-MHS-RSP, 2014 U.S. Dist. LEXIS 187715, at *7

████████████████████████████████████████

(E.D. Tex. Mar. 27, 2014) (denying stay and finding the "elements of Plaintiff's claimed prejudice—inability to enforce its patents and loss of evidence (and memory) to time—would definitely occur during the year(s) of a stay"); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (concluding that staying the case could lead to "further loss of information" and a "tactical advantage.").

The risk of evidence loss is not hypothetical, and it has already happened during the almost decade-long dispute between the parties. In July 2021, ████████████ ████████████ ████████████████████████ passed away. See Exh. B, Depo Tr. of Jim Shead (1/21/22) at 20:3-10. ████████████ was involved in ████████████████████████ ████████████████████████████████████████████████ ████████████ This factor weighs against granting a stay.

### C.   The Stage of the Proceedings Weighs Against a Stay

The stage of the proceedings weigh against a stay. The parties have already expended considerable resources (in both time and money) in litigation. The deadline to substantially complete document production passed more than a month ago on April 22, 2022. Dkt. No. 62.

- TQ Delta has produced over 375,000 pages of documents to Nokia and CommScope. CommScope has produced over 17,000 pages of documents to TQ Delta. Nokia has produced over 285,000 pages of documents to TQ Delta.

- TQ Delta has served 18 interrogatories on CommScope and 18 interrogatories on Nokia. CommScope and Nokia have responded to those interrogatories. CommScope has served 35 interrogatories on TQ Delta, and TQ Delta has responded to those interrogatories. Nokia has served 20 interrogatories on TQ Delta, and TQ Delta has responded to Nokia's interrogatories Nos. 1-17, and the deadline for responding to Nokia's interrogatories Nos. 18-20 is in June 2022. Nokia has served 12 requests for admission on TQ Delta, and the deadline for responding to those requests is in June 2022.

- CommScope and Nokia deposed TQ Delta's expert Dr. Todor Cooklev on April 8, 2022. CommScope has requested to take inventor Marco Tzannes' deposition on June 20 and TQ Delta's Rule 30(b)(6) deposition in late June or July. TQ Delta anticipates taking personal and Rule 30(b)(6) depositions of four Nokia witnesses in mid-June.

- CommScope has served subpoenas on third-parties Sisvel, Brandywine, and Acacia. TQ Delta has served subpoenas on the defendants' customers AT&T and Frontier Networks. And Nokia has served subpoenas on third-party Aware, Inc., from whom TQ Delta acquired the Asserted Patents ▇▇▇. The testimonial and documentary evidence from these third-parties are likely relevant to TQ Delta's cases against CommScope and Nokia. All of the parties have served subpoenas on the chip supplier Broadcom.

Moreover, the claim construction hearing has already occurred, having been held on June 1. *Id.* Less than six months separate the time briefing will conclude on this Motion (June 22) and the date set for the pretrial conference (November 28). Trial is set for January 2, 2023.[3] This Court has, on more than one occasion, denied a motion to stay in cases where the stage of the proceedings was either comparable or less advanced. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 116222, at *4–5 (E.D. Tex. July 25, 2017) (denying stay when "[t]he discovery deadline is rapidly approaching and the dispositive motion deadline is a little over two months away"); *Light Transformation*, 2014 U.S. Dist. LEXIS 187715, at *7 (denying stay prior to claim construction hearing and when pretrial conference was set approximately 10 months away). CommScope fails to cite any authority for its contention that the stage of the proceedings supports a stay. *See* Mot. at 10–11.

CommScope also could have filed this Motion sooner, but declined to do so. CommScope fails to point to any recent facts that required bringing this Motion now, as opposed to after TQ Delta filed this suit (in August, 2021) or served infringement contentions (November, 2021). CommScope instead waited for months to file its Motion. The status of this case and CommScope's delay in filing this Motion weigh against a stay. *See Trover Grp., Inc. v. Dedicated*

---

[3] CommScope claims that a trial date has not been set in this matter. Mot. at 10. That is incorrect. Per the Docket Control Order, the trial date is January 2, 2023. *See* Dkt. No. 62.

*Micros USA*, No. 2:13-CV-1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *11 (E.D. Tex. Mar. 11, 2015) ("The pattern of delay on the defendants' part cuts against granting a stay.").

## V. CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that the Court deny CommScope's Motion for a Partial Stay.

Dated: June 7, 2022

Respectfully submitted,

By: */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this June 7, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis III  
William E. Davis, III
