**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>      Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>(Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>(Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>      Third-Party Defendants. | |

**OPPOSED MOTION TO ENTER AMENDED DOCKET CONTROL ORDER**

Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") respectfully request that the Court enter an Amended Docket Control Order as set forth below. As Third-Party Plaintiff Nokia of America Corp. ("NoAC") filed its Complaint against Broadcom on January 28, 2022 (ECF No. 70), and as Broadcom entered its appearance in this case on April 14, 2022, by filing its Motion to Dismiss (ECF No. 114), good cause exists to amend the current Docket Control Order because there are certain current deadlines that cannot be met despite Broadcom's diligence. For example, the deadlines for Initial and Additional Disclosures and Substantial Completion of Document Production had already passed before the parties began negotiating a revised Docket Control Order. *See* Fed. R. Civ. P. 16(b); *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). The parties have met and conferred to discuss these issues on numerous occasions, with the last meet and confer occurring on June 17, 2022.

As noted below and in the attached Exhibits A and B, Broadcom is making two proposals in an effort to reduce the disruption to the current Court schedule.

As seen in Exhibit A and Proposal A (and the related Motion for Entry of a Partially Disputed Amended Discovery Order filed concurrently herein), Broadcom requests that its discovery obligations be limited to the sole claim of indemnification directed towards Broadcom, in accordance with Fed. R. Civ. P. 26(b)(1) and CV-26(d). And if discovery is so limited, Broadcom's Proposal A would only necessitate minor adjustments to the current Docket Control Order, and in fact would only adjust the currently concluded dates for filing the proposed amended docket control and discovery orders, filing the proposed amended protective order, and for the substantial completion of document production and exchange of privilege logs.

Plaintiff TQ Delta, LLC ("TQ Delta") does not oppose this limitation and Proposal A; Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC ("CommScope") take no position on this limitation and Proposal A; and Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of American Corp. ("Nokia") oppose this limitation and Proposal A.

With respect to Exhibit B and Proposal B, it is Nokia's position that Broadcom should be subject to full discovery on all the parties' claims and defenses, including discovery related to damages and the validity and infringement of the Asserted Patents, claims to which Broadcom is not a party. It is Broadcom's position that this is in contravention of Fed. R. Civ. P. 26(b)(1) and CV-26(d), as Nokia is seeking party discovery through a third-party in an attempt to make an end run around its deficient claim for indemnification.[1] But if the Court determines that Broadcom is subject to such full discovery, then Broadcom requests the full opportunity to conduct discovery as a party in the underlying patent infringement case, which will necessitate extending the majority of the deadlines. Extension is necessary, for example, because Broadcom's discovery period has just started, yet fact discovery is set to close in two months, at the same time as expert disclosures, while Nokia will have had nine months to prepare for these deadlines. As such, Broadcom's Proposal B requests a four-month extension to the discovery periods, which would then necessitate extending out the remaining deadlines.

TQ Delta opposes Proposal B, whereas CommScope and Nokia do not take a position.

---

[1] Broadcom has repeatedly informed Nokia that it is willing to agree to accept service and substantively respond to a duly issued subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta.

Dated: June 22, 2022                           Respectfully submitted:

**ADSERO IP LLC**

*/s/ Melissa R. Smith*
Daniel S. Young
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066 (telephone)
(833) 793-0703 (facsimile)

**GILLAM & SMITH, LLP**
Melissa Richards Smith (State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 22, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

On June 17, 2022, counsel for Broadcom contacted counsel for Nokia regarding this motion.  Counsel for Nokia stated that it opposed this motion.

*/s/ Melissa R. Smith*