## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, <br>    Plaintiff, <br><br> v. <br><br> COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** <br><br><br><br><br> Civil Action 2:21-cv-310-JRG <br> (Lead Case) |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP. <br><br>    Defendants. | § § § § § § | Civil Action No. 2:21-cv-309-JRG <br> (Member Case) |

### PLAINTIFF TQ DELTA'S SUR-REPLY IN OPPOSITION TO COMMSCOPE DEFENDANTS' OPPOSED MOTION FOR A PARTIAL STAY

I.   **INTRODUCTION**

CommScope now agrees to be bound by Delaware only with respect to products containing certain ▬▬▬▬ chipsets—namely, the ▬▬▬▬ and the ▬▬▬▬. But this half-measure leaves at issue the universe of CommScope products that infringe the asserted patents and use other chipsets—which, based on CommScope's initial (and still incomplete) discovery responses is more than half the accused products in this case. CommScope refuses to be bound with respect to those products but requests a stay with respect to all products and damages for the Overlapping Patents. The upshot is that the stay will not meaningfully simplify the case, but it will guarantee two trials.

Agreeing to be bound by the outcome in Delaware only for products that use the same chipset is essentially meaningless. For the products that have been found to infringe the asserted claims in Delaware, CommScope is merely agreeing to infringement and validity where infringement and validity have already been decided. Those issues are being litigated in this case with respect to a subset of earlier product models at issue in Delaware because CommScope successfully resisted discovery and contentions related to the later Arris and 2Wire products and inclusion of those products in the proceedings in Delaware. *See* Exh. A, *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835-RGA, Dkt Nos. 1562–1564. Having excluded those acts of infringement from Delaware, CommScope's proposed stipulation appears to exclude the later 2Wire and Arris products not at issue in Delaware because those products are not "accused of infringement in both Delaware and Texas." *See* Mot. at 5.

CommScope's stipulation thus does not simplify any issues or obviate the need for this Court to try the asserted claims; rather it only creates another delayed trial. Even under CommScope's new conditional stipulation to be bound by all products containing the ▬▬▬▬

1

and ▮▮▮▮ chipset, approximately 17 accused products, more than half, do not overlap with the Delaware case. And CommScope does not agree to be bound by the Delaware Court's ultimate validity judgments, instead reserving its right to challenge validity in Texas on new grounds. Finally, the issue of damages is not covered by CommScope's proposed stipulation, meaning the resolution of this issue would be unnecessarily delayed for at least a year.

There is no plausible scenario where CommScope's requested stay results in the simplification of any issues because it does not address: (1) all of the products at issue in this case; (2) all of the claims for the Overlapping Patents with regard to infringement and validity; or (3) damages issues resulting from the different time periods and products at-issue between the Texas and Delaware cases. The only result is unnecessary delay creating substantial prejudice to TQ Delta.

## II. ARGUMENT

### A. CommScope's New Stipulation Will Not Simplify This Case

CommScope expands its stipulation to be bound by Delaware to all products with the ▮▮▮▮ and ▮▮▮▮ chipsets, increasing the number of products subject to the stipulation from 4 to 14. Reply at 1–2. But CommScope's requested stay applies to the at least 17 products in this case that do not appear to use those chipsets. *See* Exh. B, CommScope's First Supp. Objs. and Resp. to Plaintiff's First Set of Interrogatories, at 52–54.[1] And CommScope refuses to be

---

[1] Through its discovery responses, CommScope has affirmatively represented that 12 of the Accused Product use a ▮▮▮▮ chipset and 2 use the ▮▮▮▮ chipset. On the other hand, CommScope failed to identify a DSL chipset for 8 of the accused products and identified a chipset different from the ▮▮▮▮ and ▮▮▮▮ for 9 of the accused products. *See* Exh. B, CommScope's First Supplement Objections and Responses to Plaintiff's First Set of Interrogatories, at 52–54.

2

bound for those products, meaning that CommScope seeks to litigate those products once the stay lifts.

CommScope also does not explain how a stay will simplify this case regarding the additional and different claims asserted here. For example, CommScope points to the alleged similarity between claims 10 and 26 in the '835 Patent to argue that the Delaware judgment on claim 10 (found to be infringed) will simplify the issues for claim 26. But CommScope refuses to agree that the Delaware judgment on claim 10 would preclude further litigation here on claim 26, even for the limited subset of products at issue in both Delaware and this Court. This disconnect means that CommScope wants it both ways—using the alleged similarity of the claims to obtain a stay without actually binding itself to the Delaware outcome for those similar claims.

CommScope next retreats to requesting a stay of only two of the six Overlapping Patents, the '008 Patent (Family 4) and the '835 Patent (Family 6). But this narrower request has the same problems. CommScope will still dispute infringement of the majority of the accused products in this case regardless of what happens in Delaware. And CommScope will also (almost assuredly) present other invalidity arguments not specifically addressed in Delaware. And, of course, the issue of damages will require litigation in this Court regardless of the events in Delaware. A stay will not "remov[e]" Family 4 and Family 6 from this case; it will just delay the ultimate resolution.

If CommScope sincerely sought to simplify issues in this case, it would agree that the products containing the ▮▮▮▮ and ▮▮▮▮ chipsets infringe the asserted claims of the Overlapping Patents that have already been adjudicated in Delaware to infringe, and not seek to stay the remaining accused products (at least half of the case). Ironically, CommScope refused to allow new products to be added in Delaware when TQ Delta requested supplemental discovery and contentions regarding any colorable differences between the products found to infringe and

3

CommScope's later-released or later-acquired (Arris) products.  *See* Exh. A, *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835-RGA, Dkt Nos. 1562–1564.  CommScope cries for efficiency when it wants to stay this case, yet opposed TQ Delta's reasonable requests to incorporate these products into the Delaware litigation.

### B. CommScope Fails to Rebut TQ Delta's Claims of Prejudice

CommScope has not relinquished its ability to demand a second trial, post-stay.  It is undisputed that TQ Delta will face prejudice if, instead of a single trial in January, it must proceed to two trials, spaced far apart, to resolve this case.  CommScope also does not explain when its proposed stay would lift (*e.g.*, until its appeals are exhausted), which will cause further delay and resulting prejudice.  *See Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017) ("The thirteen-month stay, plus delay that will result from appeals, would unduly deprive Personal Audio of timely enforcement of its rights.").  CommScope also does not address the tactical disadvantage TQ Delta would suffer from a stay, including evidentiary prejudice and that CommScope would get another bite at the validity and infringement apple through the Nokia case.

### C. The Stage of the Proceedings Weigh Against a Stay

CommScope does not dispute that this case has progressed past the *Markman* stage (with fact and expert discovery set to complete this summer).  CommScope distinguishes TQ Delta's cases (*Realtime Data* and *Light Transformation*) on the basis that they are IPR cases.  That is a distinction without a difference because this factor looks to the status of *this case* when a stay motion is requested.  And this case is not in its early stages; it is in a stage comparable to both *Realtime Data* and *Light Transformation*.  *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 116222, at *4–5 (E.D. Tex. July 25, 2017);

4

*Light Transformation Techs., LLC v. Light Sci. Grp. Corp.*, No. 2:12-CV-826-MHS-RSP, 2014 U.S. Dist. LEXIS 187715, at *7 (E.D. Tex. Mar. 27, 2014).

CommScope's basis for waiting to file this Motion—its litigation strategy to avoid a trial in this Court—is not a sufficient justification. CommScope does not dispute that it could have filed this Motion months ago; it chose not to. And that decision weighs against a stay.

### III. CONCLUSION

For the foregoing reasons, TQ Delta respectfully asks that the Court deny CommScope's Motion for a partial stay.

Dated: June 21, 2022

Respectfully submitted,

By: */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

5

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this June 21, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III