# EXHIBIT A



March 8, 2021

**VIA E-File**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      **Re:**    *TQ Delta, LLC v. 2Wire, Inc.*
               C.A. No. 13-cv-1835-RGA

Dear Judge Andrews:

TQ Delta respectfully submits this letter to request an order regarding two important issues that will facilitate the ultimate resolution of the present case against 2Wire. TQ Delta recently requested that 2Wire agree to provide (1) supplemental unit and dollar sales information for the accused products through current and (2) 2Wire's contention regarding whether any new versions of the accused products were sold that are materially different from the accused products that were adjudicated to infringe in the May 2019 and January 2020 trials (e.g., due to a firmware update that includes a substantial change to infringing functionality). This information will advance the present case by using available time to complete inevitable discovery, provide a more fulsome view of 2Wire's damages, identify whether any new triable liability issues exist for updated products, and facilitate potential settlement. The parties met and conferred on February 18, 2021 and were unable to reach agreement on these matters.

**Updating Sales of Accused Products (last done through Q2 2017)**

First, TQ Delta asks for an order that 2Wire update its unit and dollar sales information for the accused products. 2Wire last updated its sales through the second quarter of 2017—over three and one half years ago.

Given the long passage of time, TQ Delta does not have a full understanding of the amount of potential damages or the current mix of accused products. Nor are projections necessarily helpful, as particular models of accused products may or may not include functionality relevant to a particular patent family, and the mix of accused products has changed over time.[1]

---

[1] One additional reason why projections are not helpful in the present case is that, on January 1, 2017, 2Wire was acquired and merged into another entity. *See* D.I. 1125 (2Wire corporate disclosure statement). The acquiring entity (or an affiliate of which) had already been selling its own line of DSL products under the ARRIS brand. TQ Delta understands that 2Wire's accused products and the ARRIS-progeny line of DSL products were sold for a period of time in parallel but that the accused products may have been phased out down to zero in favor of the ARRIS-progeny DSL products. Market research projections are unhelpful because they estimate total sales for the ultimate parent entity and do not distinguish between the accused products and ARRIS-progeny products.

2Wire argues that production of sales information for accused products sold after the second quarter of 2017 should be put-off indefinitely because no damages trial has been scheduled. But 2Wire's position fails to recognize that discovery of this information is inevitable because the accused products have already been adjudicated to infringe two of the asserted patent families (Families 2 and 3). Further delay will only serve to delay the ultimate resolution of the case. Providing this information now will also provide a fulsome view of potential damages for the 2Wire accused products, and thereby facilitate potential settlement.

Finally, the burden on 2Wire to update its unit and dollar sales information for the accused products is minimal, as it requires little more that running a report from a computer database and supplementing its response to a single interrogatory (TQ Delta Interrogatory No. 6).

TQ Delta therefore respectfully requests an order that 2Wire (1) produce supplemental sales information for the accused products at least through the end of the most recently completed fiscal quarter and (2) state whether there will be any additional sales of the accused products thereafter.

**Limited Contention Discovery Regarding Material Differences With The Adjudicated Infringing Accused Products**

Second, TQ Delta requests limited contention discovery regarding any purported material differences between the accused products sold through the second quarter of 2017 and those sold thereafter. This information is at least relevant to whether any post-Q2 2017 versions of the accused products (e.g., accused products with updated firmware) are, or are not, colorably different from the accused products already found to infringe the Family 2 and Family 3 patents ("Adjudicated Infringing Products"). (*See* D.I. 1186 (Family 3 verdict) and D.I. 1270 (Family 2 Verdict).) Precedent allows for damages for products that are not colorably different than products adjudicated to infringe. *See, e.g.*, *XpertUniverse, Inc. v. Cisco Sys., Inc*., Case No. 09-cv-157, 2013 WL 6118447 at *10 (D. Del., Nov. 20, 2013) (applying a "not more than colorably different" test for new products not previously found to infringe); *cf. Apple Inc. v. Samsung Elecs. Co*., No. 12-CV- 00630-LHK, 2018 WL 905943, at *4 (N.D. Cal. Feb. 15, 2018) (applying two part test to newly accused products to assess the issue of ongoing royalties).

In view of the respective Family 2 and Family 3 jury verdicts *already* having found infringement and validity, the requested discovery is inevitable. *See, e.g., Creative Internet Advertising Corp. v. Yahoo! Inc.,* 674 F.Supp.2d 847 (E.D. Tex. 2009) (holding that non-adjudicated products were properly included in the royalty base where those products used the same "logic" as the adjudicated infringing products); *see also Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18 C 0825, 2020 WL 1701861 (N.D. Ill. Apr. 8, 2020) (allowing additional, post-claim construction discovery regarding supplemental damages claims including identifying additional model numbers of products using the infringing technology).

Limited discovery on the issue of colorable differences is best conducted now, during this available time window, as the Court has yet to set a schedule for the damages trial(s). This would allow for efficient use of the open schedule for the 2Wire case, as the Family 4 and 6 liability trials have been taken off calendar in view of concerns over COVID-19 and the damages trial is not yet on calendar. To the extent 2Wire contends that any post-Q2 2017 accused products are colorably

different, the parties can then analyze any factual support for such contention, attempt to resolve any dispute, and, if necessary, raise the dispute with the Court to determine whether it can be summarily resolved.

2Wire does not argue that the requested discovery is not necessary. Rather, 2Wire argues that the parties should put off this discovery until some unknown future date because the damages trial(s) are not yet scheduled. But 2Wire provides no reason why delaying this inevitable discovery would result in any efficiency. To the contrary, delaying this discovery would only serve to further delay the ultimate resolution of this long-pending case.

At bottom, there is no good reason to delay any dispute over the issue of colorable differences.

TQ Delta therefore seeks limited contention discovery as to (a) whether there are any new versions of the Accused Products (i.e., comprising any hardware/software/firmware/source code changes), (b) whether 2Wire contends that any such new versions of Accused Products are colorably different from the versions of the Accused Products that were found to infringe in the May 2019 and January 2020 trials, and, if so, (c) the bases for any contention that the new version does not infringe the asserted Family 2 and/or Family 3 patents as a result of any asserted colorable differences. In particular, TQ Delta respectfully requests that the Court order 2Wire to provide the following:

(1) supplementation of 2Wire's responses to Interrogatory Nos. 10 and 18 to identify any "Release Version" and "Modem Firmware Version" for the 5168N, 5168NV, 5268AC, 5031NV, i3812V, and 3801HGV beyond those identified in the table provided in 2Wire's current response to Interrogatory No. 18;

(2) identification of any material change to the hardware/software/firmware/source code of any of the Accused Products and/or their DSL chipsets and an explanation of how any such change amounts to a colorable difference when compared to the Accused Products adjudicated to infringe;

(3) documents and things showing any asserted material change to the hardware/software/firmware/source code of any of the Accused Products and/or their DSL chipsets; and

(4) identification of the 2Wire employees and other individuals (other than legal counsel) most knowledgeable regarding the foregoing.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)

3

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, March 8, 2021 4:13 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:13-cv-01835-RGA TQ Delta LLC v.  2Wire Inc. Letter |

**CAUTION: External Email From: ded_nefreply@ded.uscourts.gov**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Farnan, Michael on 3/8/2021 at 5:12 PM EST and filed on 3/8/2021
**Case Name:**    TQ Delta LLC v. 2Wire Inc.
**Case Number:**    1:13-cv-01835-RGA
**Filer:**
**Document Number:** 1562

**Docket Text:**
**Letter to The Honorable Richard G. Andrews from Michael J. Farnan regarding Request to Update Financial Documents and Accused Products. (Farnan, Michael)**


**1:13-cv-01835-RGA Notice has been electronically mailed to:**

Amanda Tessar     atessar@perkinscoie.com, atessar-efile@perkinscoie.com

Andrew B. Karp     akarp@mcandrews-ip.com

Andrew S. Ong     aong@goodwinlaw.com, BGee@goodwinlaw.com

Ari B. Lukoff     ALukoff@robinskaplan.com, jsavina@robinskaplan.com

Ashley M. Ratycz     aratycz@mcandrews-ip.com, e@mcandrews-ip.com

Benjamen C. Linden     Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

Brett M. Schuman     bschuman@goodwinlaw.com, marywong@goodwinprocter.com

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Christine Dealy Haynes     haynes@rlf.com, karen-mccool-8938@ecf.pacerpro.com, McCool@rlf.com, rivituso@rlf.com

David A. Prange     dprange@robinskaplan.com, lbuck@robinskaplan.com

Douglas J. Kline     DKline@goodwinlaw.com

Elizabeth M. Manno     emanno@perkinscoie.com

James P. Murphy     jmurphy@mcandrews-ip.com

Jeffrey L. Moyer     moyer@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com, nelson@rlf.com

Jody Barillare     jody.barillare@morganlewis.com, lori.gibson@morganlewis.com, PHCalendarDepartment@morganlewis.com

John V. Gorman     john.gorman@morganlewis.com, lori.gibson@morganlewis.com

Michael J. Carrozza     mcarrozza@mcandrews-ip.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Michael S. Tomsa     mtomsa@mcandrews-ip.com

Monte Cooper     mcooper@goodwinlaw.com

Paul W. McAndrews     pwmcandrews@mcandrews-ip.com, e@mcandrews-ip.com

Peter J. McAndrews     pmcandrews@mcandrews-ip.com, dscott@mcandrews-ip.com

Rachel M. Walsh     rwalsh@goodwinprocter.com, bgee@goodwinprocter.com

Rajendra A. Chiplunkar     rchiplunkar@mcandrews-ip.com, HMACK@mcandrews-ip.com

Sharon A. Hwang     shwang@mcandrews-ip.com, eciner@mcandrews-ip.com

Sharon E. Roberg-Perez     sroberg-perez@robinskaplan.com, bpeterson@robinskaplan.com

Thomas J. Wimbiscus     twimbiscus@mcandrews-ip.com

William E. Manske     WManske@RobinsKaplan.com

**1:13-cv-01835-RGA Filer will deliver document by other means to:**

Cindy Chang

UNDELIVERABLE EMAIL 1/26/2021


Ian Chen
UNDELIVERABLE EMAIL 10/29/2018


Ryan L. Scher
UNDELIVERABLE EMAIL 3/16/15

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/8/2021] [FileNumber=4462781-0]
[c75bed1f06526fb9f3d4d59d3bba72e158685efb115239faa98bd8cdbe01b527b7f0
712e8b61a7e116e70fd32d469b9e3abe81ba2d4c4148f790778a33264db9]]

# Morgan Lewis

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

March 15, 2021

<u>VIA E-File</u>
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *TQ Delta, LLC v. 2Wire, Inc.,* C.A. No. 13-cv-1835-RGA

Dear Judge Andrews:

The Court should deny TQ Delta's request for damages-related discovery as premature. The Court previously bifurcated and postponed the damages phase of this case until after all liability issues have been resolved. D.I. 943. Liability issues with respect to the Family 4 and 6 patents remain unresolved, and the trials for those patents have been postponed indefinitely. Therefore, the damages phase of this case is not yet active. Thus, if 2Wire provided the discovery and analyses TQ Delta is demanding now, 2Wire would almost certainly have to repeat the same discovery and analyses when it is time to try damages. TQ Delta has not articulated a pressing need for this information now, or any prejudice to TQ Delta if 2Wire provides this information only one time when the damages issues are set for adjudication.

However, if the Court grants TQ Delta's request, 2Wire respectfully requests that the Court also order TQ Delta to update and supplement its damages-related discovery responses, including those directed to TQ Delta's license agreements and offers covering the asserted patents (at least 2Wire's Request for Production Nos. 6 and 7). 2Wire raised this with TQ Delta during the conference that proceeded TQ Delta's filing of its letter; TQ Delta did not state a definitive position on whether it would supplement.

**1. TQ Delta's Request To Have 2Wire Update Sales Data Now, Before Liability Is Fully Resolved and Before Any Damages Phase Has Been Scheduled, Should be Denied.**

TQ Delta asks the Court to order 2Wire to produce supplemental sales information for the accused products now, and to state whether there will be any additional sales of the accused products thereafter. TQ Delta's request should be denied. First, because 2Wire expects to update its sales figures after all liability issues are resolved and before trial on damages, 2Wire

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street
Suite 2201
Wilmington, DE 19801         ☎ +1.302.574.3000
United States                      📠 +1.302.574.3001

March 15, 2021
Page 2

will have to repeat this exercise at that time. This is particularly true for any projection of future sales figures for the accused products which will soon be rendered useless in the face of actual sales figures produced at a later time for the same time period. Second, TQ Delta's request that 2Wire state whether there will be additional sales of accused products is untethered to any discovery request and not relevant to any issues in the case.

Moreover, TQ Delta has not articulated any pressing need for 2Wire to supplement its responses now, when fact discovery has long been closed, and a damages trial is not yet scheduled. Instead, TQ Delta merely argues that such discovery is inevitable, states without explanation that delay in discovery could delay ultimate resolution of this case, and that discovery now could potentially assist with settlement. D.I. 1562 at 2. First, that discovery is inevitable only weighs in favor of postponing any supplementation until later, as 2Wire inevitably will have to update its sales figures again when damages are ready to be tried. Second, TQ Delta has not explained why a delay in discovery would lead to a delay in resolution. For example, TQ Delta has not explained what additional work TQ Delta would need to do to analyze sales figures once 2Wire provides them, or how much time it would take. Instead, delay in discovery would actually lead to efficiency as it would minimize the number of times 2Wire performs its analysis. Third, if the parties thought an exchange of this information now would be helpful to any potential settlement discussion, TQ Delta would not have to seek an order from this Court compelling 2Wire to provide the information.

In sum, TQ Delta cannot justify requiring 2Wire to provide this information now. Therefore, 2Wire respectfully requests that the Court deny TQ Delta's untimely request to update its sales figures now.

**2. TQ Delta's Premature Request For An Infringement Analysis Of New or Changed Products.**

TQ Delta next requests discovery regarding any material differences between the accused products sold through the second quarter of 2017 and those sold thereafter. Again, TQ Delta's request is premature and inefficient, and should be denied.

First, the majority of this information is not tied to any issued discovery request. TQ Delta merely requests this information, long after fact discovery has closed, without identifying any basis for doing so. This alone indicates that the Court should deny TQ Delta's request.

Second, any inquiry into whether any new products are "materially" or "colorably" different from accused products should also be postponed until after all liability issues have been determined. First, because this information is primarily, if not entirely in the possession of third party Broadcom, and fact discovery closed over two years ago, 2Wire is not able to subpoena for this information now. Second, at least some of the 2Wire products found to infringe the Family 2 and/or Family 3 patents are also accused of infringing the Family 4 and/or Family 6 patents. Because the Family 4 and 6 trials have been indefinitely postponed, and there has been no determination whether 2Wire's products infringe all of TQ Delta's asserted patents (and how), 2Wire does not know at this point all of the features that may be relevant to this analysis. Even if 2Wire conducted this analysis now for features found to infringe the Family 2 and Family 3

March 15, 2021
Page 3

patents, 2Wire may have to repeat this analysis if liability is found on either Family 4 or 6. It makes no sense to have 2Wire do this analysis twice (or more often), as TQ Delta seems to want 2Wire to do.

TQ Delta's cases do not support discovery into damages and changes to the accused products now. Instead, damages discovery for non-accused products makes most sense *after* liability is fully resolved. *See, e.g.*, *Apple Inc. v. Samsung Elecs*. Co., No. 12-CV- 00630-LHK, 2018 U.S. Dist. LEXIS 25377, 2018 WL 905943, at *4 (N.D. Cal. Feb. 15, 2018) (addressing damages for related products only after reaching an infringement determination on asserted products); *see also Creative Internet Advertising Corp. v. Yahoo! Inc.*, 674 F.Supp.2d 847 (E.D. Tex. 2009) (following analysis set forth in *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011) (en banc), which requires showing, as a first step, that "'the newly accused product is not more than colorably different from the product *found* to infringe'" (emphasis added)). TQ Delta's citation of *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.* is also inapposite. There, the court ordered supplementation of discovery response after claim construction. No. 18 C 0825, 2020 WL 1701861, at *1 (N.D. Ill. Apr. 8, 2020). However, in that case, supplementation was ordered because the original responses were deemed insufficient, not because the court found a special need for supplementing interrogatory responses after claim construction. *See, e.g., id*. at *7 (describing absence of existing additional responsive information that was not supplied in original response). The court there did not address the timing of discovery where liability and damages were bifurcated, and the damages issues could be tried years hence. *See generally id*. Moreover, in *XpertUniverse, Inc. v. Cisco Sys., Inc*., Case No. 09-cv-157 (RGA), 2013 WL 6118447 at *10 (D. Del., Nov. 20, 2013), this Court <u>denied</u> Plaintiff's request for pre-verdict sales information without prejudice to Plaintiff filing a new action for patent infringement, citing *Fractus, S.A. v. Samsung Electronics Co., Ltd.*, 2013 WL 1136964, *2 (E.D. Tex. Mar. 15, 2013). 2013 WL 6118447 at *10.

2Wire therefore respectfully requests that the Court deny TQ Delta's request to provide analysis now regarding changes to 2Wire's accused products.

### 3. Any Court-Ordered Supplementation Of Discovery Should Be Mutual.

If the Court agrees with TQ Delta that now is the right time to update prior discovery responses, 2Wire respectfully requests that TQ Delta should be ordered to supplement its responses and document production in response to 2Wire's requests relating to licensing, including but not limited to Request for Production Nos. 6 (copies of license agreements of the asserted patents) and 7 (terms of offers to license the asserted patents).

Respectfully submitted,

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)

cc: Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>2WIRE, INC.,<br><br>　　　　Defendant. | C.A. No. 13-cv-1835-RGA |

[**PROPOSED ORDER**]

This _____ day of _____, 2021, having considered Plaintiff TQ Delta, LLC's request for supplemental disclosure of sales information for the accused products and limited contention discovery (D.I. 1562) and the parties' arguments in support of and in opposition thereto;

IT IS HEREBY ORDERED that TQ Delta's request is DENIED in its entirety.

_____
The Honorable Richard G. Andrews

ACTIVE/107864171.2

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, March 15, 2021 4:29 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:13-cv-01835-RGA TQ Delta LLC v. 2Wire Inc. Letter |

**CAUTION: External Email From: ded_nefreply@ded.uscourts.gov**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Barillare, Jody on 3/15/2021 at 5:28 PM EDT and filed on 3/15/2021
**Case Name:**     TQ Delta LLC v. 2Wire Inc.
**Case Number:**   1:13-cv-01835-RGA
**Filer:**
**Document Number:** 1563

**Docket Text:**
**Letter to The Honorable Richard G. Andrews from Jody C. Barillare regarding denial of TQ Delta's request for damages-related discovery. (Attachments: # (1) Text of Proposed Order)(Barillare, Jody)**


**1:13-cv-01835-RGA Notice has been electronically mailed to:**

Amanda Tessar     atessar@perkinscoie.com, atessar-efile@perkinscoie.com

Andrew B. Karp     akarp@mcandrews-ip.com

Andrew S. Ong     aong@goodwinlaw.com, BGee@goodwinlaw.com

Ari B. Lukoff     ALukoff@robinskaplan.com, jsavina@robinskaplan.com

Ashley M. Ratycz     aratycz@mcandrews-ip.com, e@mcandrews-ip.com

Benjamen C. Linden     Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

Brett M. Schuman     bschuman@goodwinlaw.com, marywong@goodwinprocter.com

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Christine Dealy Haynes     haynes@rlf.com, karen-mccool-8938@ecf.pacerpro.com, McCool@rlf.com, rivituso@rlf.com

David A. Prange     dprange@robinskaplan.com, lbuck@robinskaplan.com

Douglas J. Kline     DKline@goodwinlaw.com

Elizabeth M. Manno     emanno@perkinscoie.com

James P. Murphy     jmurphy@mcandrews-ip.com

Jeffrey L. Moyer     moyer@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com, nelson@rlf.com

Jody Barillare     jody.barillare@morganlewis.com, lori.gibson@morganlewis.com, PHCalendarDepartment@morganlewis.com

John V. Gorman     john.gorman@morganlewis.com, lori.gibson@morganlewis.com

Michael J. Carrozza     mcarrozza@mcandrews-ip.com

Michael J. Farnan     mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Michael S. Tomsa     mtomsa@mcandrews-ip.com

Monte Cooper     mcooper@goodwinlaw.com

Paul W. McAndrews     pwmcandrews@mcandrews-ip.com, e@mcandrews-ip.com

Peter J. McAndrews     pmcandrews@mcandrews-ip.com, dscott@mcandrews-ip.com

Rachel M. Walsh     rwalsh@goodwinprocter.com, bgee@goodwinprocter.com

Rajendra A. Chiplunkar     rchiplunkar@mcandrews-ip.com, HMACK@mcandrews-ip.com

Sharon A. Hwang     shwang@mcandrews-ip.com, eciner@mcandrews-ip.com

Sharon E. Roberg-Perez     sroberg-perez@robinskaplan.com, bpeterson@robinskaplan.com

Thomas J. Wimbiscus     twimbiscus@mcandrews-ip.com

William E. Manske     WManske@RobinsKaplan.com

**1:13-cv-01835-RGA Filer will deliver document by other means to:**

Cindy Chang
UNDELIVERABLE EMAIL 1/26/2021


Ian Chen
UNDELIVERABLE EMAIL 10/29/2018


Ryan L. Scher
UNDELIVERABLE EMAIL 3/16/15

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/15/2021] [FileNumber=4470344-0
] [40d971e4e91e8e812e5f8f22538aaabc189e792a08024fd263a14338e5f4055fffa
397c055d643da1685097fb1f37f4179e36b1334f6db53c98d62791229e358]]
**Document description:** Text of Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/15/2021] [FileNumber=4470344-1
] [435c071f49c85f4de7e1f20fd1bc654b8aed89f1ab8ce74e96363d6b2d6a16f9d7e
1a7c41743e5ca1d90603e0ee93b5bcbb84a959a276b187f67b62352664550]]

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>2WIRE, INC.,<br><br>               Defendant. | C.A. No. 13-cv-1835-RGA |

[~~PROPOSED~~ ORDER]

This __19__ day of __April__, 2021, having considered Plaintiff TQ Delta, LLC's request for supplemental disclosure of sales information for the accused products and limited contention discovery (D.I. 1562) and the parties' arguments in support of and in opposition (D.I. 1563) thereto;

IT IS HEREBY ORDERED that TQ Delta's request is DENIED in its entirety.

_/s/ Richard G. Andrews_
The Honorable Richard G. Andrews

ACTIVE/107864171.2

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Monday, April 19, 2021 11:41 AM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:13-cv-01835-RGA TQ Delta LLC v. 2Wire Inc. Order |

**CAUTION: External Email From: ded_nefreply@ded.uscourts.gov**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 4/19/2021 at 12:41 PM EDT and filed on 4/19/2021
**Case Name:** TQ Delta LLC v. 2Wire Inc.
**Case Number:** 1:13-cv-01835-RGA
**Filer:**
**Document Number:** 1564

**Docket Text:**
**ORDER: Plaintiff's request for supplemental disclosure of sales information for the accused products and limited contention discovery (D.I. [1562]) and the parties' arguments in support of and in opposition (D.I. [1563]) is DENIED in its entirety. Signed by Judge Richard G. Andrews on 4/19/2021. (nms)**

**1:13-cv-01835-RGA Notice has been electronically mailed to:**

Jeffrey L. Moyer     moyer@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com, nelson@rlf.com

Brian E. Farnan     bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Christine Dealy Haynes     haynes@rlf.com, McCool@rlf.com, karen-mccool-8938@ecf.pacerpro.com, rivituso@rlf.com

Amanda Tessar     atessar@perkinscoie.com, atessar-efile@perkinscoie.com

1

Paul W. McAndrews    pwmcandrews@mcandrews-ip.com, e@mcandrews-ip.com

Sharon E. Roberg-Perez    sroberg-perez@robinskaplan.com, bpeterson@robinskaplan.com

Jody Barillare    jody.barillare@morganlewis.com, PHCalendarDepartment@morganlewis.com, lori.gibson@morganlewis.com

Michael J. Farnan    mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Monte Cooper    mcooper@goodwinlaw.com

Ari B. Lukoff    ALukoff@robinskaplan.com, jsavina@robinskaplan.com

Brett M. Schuman (Terminated)    bschuman@goodwinlaw.com, marywong@goodwinprocter.com

Rachel M. Walsh    rwalsh@goodwinprocter.com, bgee@goodwinprocter.com

Sharon A. Hwang    shwang@mcandrews-ip.com, eciner@mcandrews-ip.com

Michael S. Tomsa    mtomsa@mcandrews-ip.com

Peter J. McAndrews    pmcandrews@mcandrews-ip.com, dscott@mcandrews-ip.com

Thomas J. Wimbiscus    twimbiscus@mcandrews-ip.com

Elizabeth M. Manno    emanno@perkinscoie.com

Michael J. Carrozza    mcarrozza@mcandrews-ip.com

Andrew S. Ong    aong@goodwinlaw.com, BGee@goodwinlaw.com

Rajendra A. Chiplunkar    rchiplunkar@mcandrews-ip.com, HMACK@mcandrews-ip.com

Benjamen C. Linden    Blinden@RobinsKaplan.com, BMiller@RobinsKaplan.com

David A. Prange    dprange@robinskaplan.com, lbuck@robinskaplan.com

James P. Murphy    jmurphy@mcandrews-ip.com

Cindy Chang    cindychang@goodwinlaw.com

Douglas J. Kline    DKline@goodwinlaw.com

Andrew B. Karp    akarp@mcandrews-ip.com

John V. Gorman    john.gorman@morganlewis.com, lori.gibson@morganlewis.com

William E. Manske    WManske@RobinsKaplan.com

Ashley M. Ratycz    ARatycz@mcandrews-ip.com

**1:13-cv-01835-RGA Filer will deliver document by other means to:**

Ian Chen
UNDELIVERABLE EMAIL 10/29/2018


Ryan L. Scher
UNDELIVERABLE EMAIL 3/16/15

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/19/2021] [FileNumber=4500841-0
] [24bebab4b2c56128fd7f6d63a62f2b564cbdc8e23d40741e7bf75096cded1008cb2
0a92fbe0c42ad064ae1a4827a23a6f42de3f9d42223ea1ec9beb488b40dfc]]

3