**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQ DELTA, LLC, | § § § § | |
| *Plaintiff*, | | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00310-JRG |
| | § § | (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § § | |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| v. | § § | |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | § § § § § | CIVIL ACTION NO. 2:21-CV-00309-JRG (MEMBER CASE) |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| NOKIA OF AMERICA CORP. | § § § § | |
| *Third-Party Plaintiff*, | | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00309-JRG |
| | § § | (MEMBER CASE) |
| BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD. | § § § § § | |
| *Third-Party Defendants*. | § § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendants Nokia Corporation and Nokia Solutions and Networks Oy's (collectively, "Nokia") Motion to Dismiss Under Rule 12(b)(6) for Failure to Plead Compliance with the Actual Notice and Marking Requirements of 35 U.S.C. § 287(a) (the "Motion"). (Dkt. No. 44). In the Motion, Nokia requests that the Court dismiss (1) Plaintiff TQ Delta, LLC's ("TQ Delta") claims related to expired patents and (2) TQ Delta's claim to entitlement of past damages for unexpired patents because Nokia argues that TQ Delta failed to plead actual notice before filing its Complaint and compliance with the marking provisions of 35 U.S.C. § 287(a). (*Id.* at 6, 14). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

**I. BACKGROUND**

On August 13, 2021, TQ Delta filed its Complaint against Nokia in Case No. 2:21-cv-309 (the "-309 action"), asserting infringement of 19 patents: U.S. Patent Nos. 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,468,411 ("the '411 Patent"); 8,495,473 ("the '5473 Patent"); 8,594,162 ("the '162 Patent"); 8,595,577 ("the '577 Patent"); 8,937,988 ("the '988 Patent"); 9,014,193 ("the '193 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,300,601 ("the '601 Patent"); 9,485,055 ("the '055 Patent"); 9,547,608 ("the '608 Patent"); 9,894,014 ("the '014 Patent"); 10,044,473 ("the '4473 Patent"); 10,409,510 ("the '510 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent") (collectively, "the Asserted Patents"). (-309 action, Dkt. No. 1 at 5). That same day, TQ Delta filed a related lawsuit against Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC's (collectively, "Commscope") in Case No. 2:21-cv-310 (the "-310 action"). (-310 action, Dkt. No. 1). On October

22, 2021, the Court consolidated the -309 and -310 actions with the -310 action designated as the lead case.  (-310 action, Dkt. No. 23).

On October 22, 2021, Nokia initially filed its Motion in the -309 action, requesting dismissal of claims related to the expired patents and entitlement to past damages as to the unexpired patents. (-309 action, Dkt. No. 20 at 6).  Nokia contends that at least the '008, '988, and '354 Patents are expired.  (-309 action, Dkt. No. 20 at 6 n.3; -310 action, Dkt. No. 44 at 6 n.3).  After the Court consolidated the above-captioned actions, Nokia refiled its Motion in the -310 action on November 22, 2021.  (*See* -310 action, Dkt. No. 44).  The issues have now been fully briefed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if it "fails to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019).  In evaluating a motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff."  *Id.* at 827 (quoting *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019)).  The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'"  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936 (E.D. Tex. 2016) (Bryson, J.) (quoting *Sinner v. Switzer*, 562 U.S. 521, 530 (2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  A "motion to dismiss under [R]ule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III.    DISCUSSION

Nokia argues that TQ Delta failed to meet its burden under 35 U.S.C. § 287(a) and sufficiently plead those requirements in its complaint.  (-310 action, Dkt. No. 44 at 10).  Nokia

3

states that "TQ Delta does not allege that it, its predecessor Aware, or any of its licensees have complied with the marking provisions of § 287(a) or that it provided actual notice of infringement to Defendants prior to filing this suit." (*Id.*). Nokia asserts that the only relevant contentions in TQ Delta's complaint to notice "are recited in connection with communications relate to licensing negotiations and . . . Nokia['s] . . . knowledge of the standards setting organization." (*Id.*). Nokia argues that such contentions are insufficient to provide actual notice of infringement because notice must be the patentee's affirmative act in order to "provide the accused infringer with a specific charge of infringement." (*Id.* (citing *Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994))). Further, Nokia argues that TQ Delta failed to mark and to notify Nokia of potential infringement, and therefore, TQ Delta cannot recover damages for the expired patents and its damages as to the unexpired patents are limited to the date of the Complaint. (-310 action, Dkt. No. 44 at 11–13).

TQ Delta asserts that its Complaint pleads sufficient facts concerning the parties' long history and Nokia's knowledge of its infringement. (-310 action, *See* Dkt. No. 34 at 5 (quoting Dkt. No. 1 ¶ 31)). TQ Delta argues that its allegations are based on extensive materials that are in Nokia's possession, including patent listings, technical documentation, and claim charts. (*Id.* at 6). TQ Delta cites to a claim chart, which it claims Nokia's predecessor (Alcatel-Lucent) possessed in 2014, which provides for the asserted patent, example infringing standards, and identification of infringing Alcatel-Lucent products.[1] (*Id.* at 6–7).

The marking statute, 35 U.S.C. § 287(a), requires patentees to mark "patented articles" and "in the event of failure so to mark, no damages shall be recovered by the patentee in any action for

---

[1] In considering Nokia's Motion, the Court has not examined any information outside the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996) ("[T]he [district] court may not look beyond the pleadings in ruling on the motion [to dismiss].").

infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." "[A] patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Artic Cat Inc. v. Bombardier Rec. Prods.*, 867 F.3d 1350, 1365 (Fed. Cir. 2017). The Federal Circuit noted that "[t]he patentee bears the burden of pleading and proving [it] complied with § 287(a)'s marking requirement." *Id.* at 1366. Further, "[c]ompliance with § 287 is a question of fact." *Id.*

The Court finds that TQ Delta has met its burden to plead facts that, if taken as true, comply with the marking requirements pursuant to 35 U.S.C. § 287(a). In its Complaint, TQ Delta pleads:

> Nokia has known about the TQ Delta Patents and its infringement since prior to filing of this Complaint. TQ Delta first contacted Nokia's predecessor (Alcatel-Lucent) in 2013 to initiate licensing discussions. TQ Delta has had near-continuous communications with Alcatel-Lucent (and then Nokia) since that time, including attending multiple in-person meetings. In multiple correspondences, TQ Delta identified a number of products it believed are covered by TQ Delta's patents.

(-309 action, Dkt. No. 1 ¶ 31). The Federal Circuit has held that pleading, "the 'infringements have been willful and with full knowledge of the [Asserted Patents]," was sufficient to plead compliance with the marking statute. *Sentry Prot. Prods. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). Here, TQ Delta's pleadings meet and exceed the level of pleading affirmed by the Federal Circuit.[2] TQ Delta further alleges underlying facts in its Complaint that support its marking pleading, including various communications and meetings in which Nokia would have been informed of its

---

[2] TQ Delta pleads, "Over years of discussion, TQ Delta was prepared to offer and did offer to license, repeatedly, any TQ Delta Patents subject to the PSLDs to Nokia on a worldwide, non-discriminatory basis and on reasonable terms and conditions, including in its April, 2018, July, 2018, June, 2020, November, 2020, and December, 2020 offers to Nokia." (*Id.* ¶ 260). Not only does TQ Delta plead that "Nokia has known or was willfully blind to its infringement of TQ Delta's patents," TQ Delta also pleads that Nokia should have been known about its alleged infringement based on "the publication of the ITU DSL standards and Nokia's (and its predecessors', such as Alcatel Lucent's) involvement with the standards." (*Id.* ¶¶ 32, 33).

allegedly infringing activity. (-309 action, *See* Dkt. No. 1 ¶ 31). Accordingly, TQ Delta sufficiently pleads compliance with and actual notice of 35 U.S.C. § 287, and its claims should not be dismissed.

## IV. CONCLUSION

For the reasons stated herein, TQ Delta's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 28th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE