IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>(Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>(Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>    Third-Party Defendants. | |

**NOKIA AND COMMSCOPE'S OPPOSITION AND RESPONSE
TO BROADCOM'S MOTION TO ENTER AN
AMENDED DISCOVERY ORDER**

Nokia of America Corp. ("Nokia") and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") hereby respond to the Opposed Motion to Enter Amended Discovery Order (Dkt. No. 179) filed by Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom").

Specifically, Broadcom's motion sets forth two proposals to amend the Discovery Order. Accordingly, Nokia and CommScope submit one, consolidated opposition and response that provides each parties' response to the issues set forth therein.

**I.   NOKIA'S POSITIONS**

Nokia opposes the Opposed Motion to Enter Amended Discovery Order (Dkt. No. 179) set forth by Third-Party Defendants Broadcom. Specifically, Broadcom's motion sets forth two proposals to amend the discovery order. Broadcom's Proposal A "requests that its discovery obligations be limited to the sole claim of indemnification directed towards Broadcom." DO Mot. at 2. For at least the reasons below, Nokia opposes Proposal A. As to Proposal B, Broadcom "request[s] the full opportunity to conduct discovery as a party in the underlying patent infringement case" and requests "extending the majority of the deadlines." DO Mot. at 3. Nokia takes no position as to Proposal B.

Despite being a party to this case for nearly five months and despite raising suggested changes to the DCO and DO several months ago, Broadcom only now approaches the Court—with roughly six weeks remaining in discovery. Broadcom has taken the position that discovery has not yet opened as to it—a position belied by logic and case law. *See, e.g.*, *Evanston Ins. Co. v. McDonnell Coates LLLP*, No. 3:20-CV-0770-D, 2021 U.S. Dist. LEXIS 109536, *5-6 (N.D. Tex. June 11, 2021) ("A number of district courts have also held that Rule 26 does not prohibit or

stay discovery served on parties added after a Rule 26(f) conference, and that Rule 26 does not require an additional conference with later-added parties."). Broadcom's gamesmanship should go no further.

With respect to Proposal A, in requesting that discovery be limited to the sole claim of indemnification, Broadcom fails to provide any justification for why discovery beyond that claim of indemnification would be irrelevant to the additional claims at issue in this case, or why such discovery would be overly burdensome. Nor can it. Tellingly, Broadcom has already responded to TQ Delta's discovery requests and produced certain, but not all, technical documentation, pricing information, and source code. But Broadcom does not want to respond to Nokia's requests for other technical information, licensing information, or pricing information. In light of Broadcom's complete failure to engage in any discovery process received from Nokia, Nokia anticipates having to file a motion to compel in the near future.

The discovery sought from Broadcom will directly affect the claims against Nokia and Nokia's defenses to those claims. And Nokia's request for indemnification specified that "pursuant to the Frame Agreement and Nokia's request, Broadcom has an obligation to ***defend or settle***, at its expense, the present infringement claims asserted against Nokia in this lawsuit." Dkt. No. 69 at 47-48. Thus, Nokia's claim for indemnification includes the demand that Broadcom provide discovery necessary to allow it to defend itself, and that requires providing discovery as to the infringement and damages claims at issue in this action. Such a request comports with Rule 14 of the Federal Rules of Civil Procedure, which gives Broadcom the right to "assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim" and "assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

Importantly, Broadcom supplies most of the chipsets present in the technology at issue. Those chipsets perform the majority of the accused functionality within the accused products of this case. Broadcom is the only party in possession of the essential technical and pricing information at the heart of this case, and so limiting discovery to indemnification alone would severely prejudice Nokia. Moreover, the claims against Nokia are inherently intertwined with Nokia's claim for indemnification against Broadcom. For example, Broadcom is the only party in possession of relevant cost information related to its chipsets—which would be relevant at a minimum to any theories of apportionment and thus directly impact Nokia's claim for indemnification. This Court has previously held that information, sought from third parties, that forms the basis for claims and defenses at issue are relevant and discoverable. *See e.g.*, *Biote Med., LLC v. Jacobsen*, No. 4:18-cv-00866, 2021 U.S. Dist. LEXIS 18097, at *49—50 (E.D. Tex. Feb. 1, 2021). The information sought from Broadcom is likely to have an immense impact on the outcome of a claim or defense, deserves to be considered in the preparation, evaluation, or trial of a claim or defense, and is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

Indeed, all categories of information sought by Nokia are highly relevant to the claims of the present action. Federal Rule of Civil Procedure 26 provides for broad discovery regarding any unprivileged matter relevant to a claim or defense of any party. *Zoltek Corp. v. U.S.*, 104 Fed. Cl. 647, 655 (2012). To be considered relevant, the information need only be reasonably calculated to lead to the discovery of admissible evidence. *Id.* The Local Rules for this Court provide further guidance in evaluating relevancy. *E-Contact Techs. V. Apple, Inc.*, NO. 1:12-CV-471, 2013 U.S. Dist. LEXIS 197010, at *6 (E.D. Tex. Feb. 6, 2013). The evaluation should consider whether the information "(1) includes information that would not support the disclosing parties' contentions;

(2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties; (3) it is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." *Id* at \*7 (citing E.D. Tex. R. CV-26(d)(1)-(5)). Nokia implead Broadcom in the present action in order to allow it to better defend itself. Broadcom is a party to the present case, and Nokia seeks discovery regarding unprivileged matter relevant to all claims and defenses involved in the present case including, for example, indemnification, infringement, invalidity, and damages. For these reasons, Nokia respectfully requests that Proposal A of Broadcom's motion be denied.

As noted above, Nokia takes no position on Proposal B.

## II. COMMSCOPE'S POSITIONS

With respect to the proposed Amended Discovery Order, CommScope takes no position as to Broadcom's Proposal A, and having received confirmation that Broadcom does not intend to seek party discovery from CommScope, takes no position as to Broadcom's Proposal B.

Dated: July 6, 2022

Respectfully submitted,

By: */s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111

Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com
Email: katie.donald@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation and Nokia Solutions*
*and Networks Oy and*
*Defendant/Third-Party Plaintiff*
*Nokia of America Corporation*


By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886

Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Counsel for Defendants
CommScope Holding Company, Inc.,
CommScope Inc., ARRIS International
Limited, ARRIS Global Ltd., ARRIS US
Holdings, Inc., ARRIS Solutions, Inc.,
ARRIS Technology, Inc., and ARRIS
Enterprises, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 6, 2022, on all counsel who have consented to electronic service via ECF.

        /s/ *M. Scott Stevens*
        M. Scott Stevens