**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

TQ DELTA, LLC,

Plaintiff,

v.

COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,

Defendants.

Civil Action No. 2:21-CV-00310-JRG
(Lead Case)

Civil Action No. 2:21-CV-00309-JRG
(Member Case)

NOKIA OF AMERICA CORP.,

Third-Party Plaintiff,

v.

BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,

Third-Party Defendants.

**OPPOSED MOTION TO ENTER AMENDED PROTECTIVE ORDER**

Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") respectfully file this Opposed Motion to Enter Amended Protective Order pursuant to the proposed dates in the Opposed Motion to Enter Amended Docket Control Order (ECF No. 178), and in support thereof show as follows. As Third-Party Plaintiff Nokia of America Corp. ("NoAC") filed its Complaint against Broadcom on January 28, 2022 (ECF No. 70), and as Broadcom entered its appearance in this case on April 14, 2022, by filing its Motion to Dismiss (ECF No. 114), good cause exists to amend the current Protective Order because Broadcom was not a party to the prior negotiations regarding the current Protective Order, and the current Order does not provide the necessary safeguards to protect Broadcom's confidential source code. The parties have met and conferred to discuss these issues on numerous occasions, with the last meet and confer occurring on July 6, 2022.

As noted below and in the prior the Opposed Motion to Enter Amended Docket Control Order (ECF No. 178) and Opposed Motion to Enter Amended Discovery Order (ECF No. 179), Broadcom is making two proposals in an effort to reduce the disruption to the current status quo. With respect to the previously raised Proposal A, if the Court grants Broadcom's request that its discovery obligations be limited to the sole claim of indemnification directed towards Broadcom, in accordance with Fed. R. Civ. P. 26(b)(1) and CV-26(d), then Broadcom agrees to be bound to the current Protective Order with respect to discovery related to the indemnification claim as the parties can handle any negotiations regarding source code production and related restrictions pursuant to the third-party subpoenas.

As noted in the Opposed Motion to Enter Amended Docket Control Order (ECF No. 178), Plaintiff TQ Delta, LLC ("TQ Delta") does not oppose the discovery limitation and Proposal A; Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International

Limited, ARRIS Global Ltd., ARRIS US Holdings Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC ("CommScope") take no position on this limitation and Proposal A; and Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of American Corp ("Nokia") oppose the discovery limitation and Proposal A.

With respect to Proposal B, it is Nokia's position is that Broadcom should be subject full discovery on all the parties' claims and defenses, including discovery related to damages and the validity and infringement of the Asserted Patents, claims to which Broadcom is not a party. It is Broadcom's position that this is in contravention of Fed. R. Civ. P. 26(b)(1) and CV-26(d) as Nokia is seeking party discovery through a third-party in an attempt to make an end run around its deficient claim for indemnification. But if the Court determines Broadcom is subject to discovery apart from the claim between Nokia and Broadcom, then Broadcom requests the full opportunity to conduct discovery as a party in the underlying case. And given that Broadcom was not able to participate in the negotiation of the current protective order provisions, specifically the source code provisions, Broadcom now requests the opportunity to negotiate such provisions.

As seen in the attached Exhibit A, if Broadcom is subject to full discovery on all of the parties' claims, Broadcom requests minor revisions to the source code provisions of the current Protective Order to adequately protect from unauthorized disclosure of Broadcom's source code. It is Broadcom's position that these additional restrictions are narrowly tailored and reasonable given the highly confidential proprietary nature of Broadcom's source code and the fact that TQ Delta and Broadcom previously agreed to similar provisions in negotiating a protective order in response to TQ Delta's subpoena in the related litigations *TQ Delta, LLC v. 2Wire, Inc.*, Case No. 1:13-cv-1835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies*, Case No. 1:13-cv-1836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications, et al.*, Case No. 1:13-cv-02013-RGA

(D. Del.); *TQ Delta, LLC v. ADTRAN, Inc.*, Case No. 1:14-cv-00954RGA (D. Del.) (see attached Exhibit B).

TQ Delta believes the current protective order is adequate and opposes the proposed revisions; CommScope agrees to aspects of Broadcom's proposed Protective Order but disagrees as to certain provisions as seen in the attached Exhibit C (which shows the redlines that the parties were not able to come to an agreement on) and ultimately maintains that the protective order as originally entered is adequate and opposes the proposed revisions; and Nokia believes the current protective order is adequate and opposes the proposed revisions.

Dated: July 6, 2022

Respectfully submitted:

**ADSERO IP LLC D/B/A/**
**SWANSON & BRATSCHUN LLC**

*<u>/s/ Melissa R. Smith</u>*
Daniel S. Young
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066 (telephone)
(833) 793-0703 (facsimile)

**GILLAM & SMITH, LLP**
Melissa R. Smith
(State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 6, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Third-Party Defendants have met and conferred with counsel for Nokia regarding this motion. Counsel for Nokia has indicated that they oppose the relief sought in this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith