# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **TQ DELTA, LLC,** | § § § § § § | |
| Plaintiff, | | **JURY TRIAL DEMANDED** |
| v. | | |
| **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** | § § § § § § § § § | **Civil Action 2:21-cv-310-JRG (Lead Case)** |
| **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.** | § § § § § | **Civil Action No. 2:21-cv-309-JRG (Member Case)** |
| Defendants. | | |
| **NOKIA OF AMERICA CORP.** | § § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| **BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,** | § § § § § | |
| Third-Party Defendants. | § | |

**PLAINTIFF TQ DELTA, LLC'S RESPONSE TO
BROADCOM'S MOTION TO ENTER AMENDED DOCKET CONTROL ORDER**

Plaintiff TQ Delta, LLC ("TQ Delta") does not oppose Broadcom's Motion to Enter Amended Docket Control Order (Dkt. 178) with respect to Proposal A, reflected in Exhibit A to Broadcom's Motion, primarily because it would maintain the current trial date of January 2, 2023, which is of paramount importance to TQ Delta.

However, TQ Delta opposes Broadcom's Motion with respect to Proposal B, reflected in Exhibit B to Broadcom's Motion, primarily because it would delay the trial for four months, which would be unfairly prejudicial to TQ Delta.  The dispute between Broadcom and Nokia is limited to the issue of indemnification, which is distinct from the infringement, invalidity, and damages issues in TQ Delta's case against Nokia.  Thus, it would be unfairly prejudicial to TQ Delta if the trial is delayed by four months just to accommodate Nokia's preference that Broadcom be subject to full discovery on all the parties' claims and defenses when Nokia only needs discovery from Broadcom with respect to the indemnification issue, which it can obtain via Proposal A.

To the extent that Nokia argues that it needs discovery from Broadcom on other issues, Nokia could still get that discovery from Broadcom by serving a subpoena, which Broadcom has indicated it would accept and provide a substantive response. *See* Mtn at 3, fn. 1 ("Broadcom has repeatedly informed Nokia that it is willing to agree to accept service and substantively respond to a duly issued subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."). Given Broadcom's willingness to accept and provide a substantive response to a subpoena from Nokia, there would be no prejudice against Nokia under Proposal A.  In contrast, Proposal B would unfairly prejudice TQ Delta by delaying the trial by at least four months.  Nokia has had ample time to obtain discovery from Broadcom, but it has delayed in doing so.  Nokia identified Broadcom as a potential party in its Initial Disclosures, served on December 9, 2021.  Still, Nokia did not serve a subpoena to Broadcom and,

in fact, waited nearly two more months before filing its Third-Party Complaint against Broadcom on January 28, 2022.

Instead of Proposal A or Proposal B, TQ Delta believes that the disputed issue of indemnification between Broadcom and Nokia would be best addressed by severing Nokia's indemnification claim into a separate matter with its own docket control order, protective order, and discovery order that are catered to the specific needs of the disputed indemnification issue of that case.  Severing the indemnification claim would avoid interrupting the course of this case and avoid changing deadlines or the trial date, particularly given that less than six weeks are remaining in discovery.  Nokia will not suffer any prejudice if its indemnification claim is severed.  In contrast, TQ Delta would be unfairly prejudiced, and Nokia would obtain a tactical advantage if the trial date is delayed by four months.  Accordingly, severance of Nokia's indemnification claim is the best option under the circumstances.  TQ Delta anticipates filing a motion to sever.

For the preceding reasons, TQ Delta respectfully requests that the Court deny Broadcom's Motion with respect to Proposal B.

Dated: July 6, 2022

Respectfully submitted,

By: */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997

        rfink@davisfirm.com

        Ty Wilson
        Texas State Bar No. 24106583
        twilson@davisfirm.com

        **The Davis Firm PC**
        213 N. Fredonia Street, Suite 230
        Longview, Texas 75601
        Telephone: (903) 230-9090
        Facsimile: (903) 230-9661

        **ATTORNEYS FOR PLAINTIFF**
        **TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments to it are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 6, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

        */s/ William E. Davis, III*
        William E. Davis, III