# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,** *Plaintiff*, v. **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG (Lead Case) |
| **TQ DELTA, LLC,** *Plaintiff*, v. **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,** *Defendants*. **NOKIA OF AMERICA CORP.,** *Third-Party Plaintiff*, v. **BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,** *Third-Party Defendants*. | CIV. A. NO. 2:21-CV-309-JRG (Member Case) |

**NOKIA'S REPLY TO THIRD-PARTY DEFENDANTS' SUPPLEMENTAL BRIEFING**

███████████████████████████████████

## TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Broadcom Represented to Nokia That It Would Not ███████████████████
███████████ ............................................................................................................. 1

III. Nokia's Introduction of This Key Evidence Was Procedurally Proper ............................... 2

IV. Conclusion ................................................................................................................. 3

i

██████████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Lynch v. Union Pac. R.R. Co.*,
   No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674 (N.D. Tex. Nov. 6, 2015)....................2

██████████████████████████████

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| 1 | ██████████████████████████ |
| 2 | Correspondence from ████████████████ |
| 3 | Correspondence from ████████████████ |
| 4 | Correspondence from ████████████████ |
| 5 | Email correspondence from ████████████ |
| 6 | Correspondence from ████████████████ |
| 7 | Correspondence from ████████████████ |
| 8 | Email correspondence from ████████████ |
| 9 | Letter correspondence from ███████████ |

---

[1] Exhibit numbering continues from Nokia's Sur-Reply in Opposition to the Third-Party Defendants' Motion to Dismiss, Dkt. 139.

## I. INTRODUCTION

Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") filed a supplemental brief alleging that Third-Party Plaintiff Nokia of America Corp.'s ("Nokia") arguments are (1) factually incorrect and (2) procedurally improper. Both arguments fail for the reasons described below.

## II. BROADCOM REPRESENTED TO NOKIA THAT IT WOULD NOT ▮▮▮▮▮

Broadcom's supplemental brief misrepresents the importance of an email communication that Nokia had introduced in its sur-reply. *See generally* Ex. 8. The email communication occurred



Ex. 8.

Ex. 8 (emphasis added). Nokia thus introduced this email as evidence that Broadcom would not "acknowledge Nokia's indemnification claims ***because*** ▮▮▮▮▮" Dkt. 139 ("Sur-Reply") at 5.

Nokia introduced the email to directly rebut the new position Broadcom took in its reply—namely, that Broadcom is not bound by its indemnity obligations to Nokia because ▮▮▮▮▮. *See* Dkt. 133 ("Reply") at 5. The email shows that Nokia ***did*** trigger Broadcom's indemnity obligations but that Broadcom had ▮▮▮▮▮. Ex.

1

8 (emphasis added). In effect, the email demonstrates two things. First, it demonstrates that Nokia requested indemnification ███████████████. Second, the email demonstrates that Broadcom attempted to ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, because Broadcom subsequently █████████████████████████████████ the email is evidence that Broadcom had conveniently created a "heads I win, tails you lose" theory of the relevant contract.

Importantly, in Nokia's sur-reply, Nokia also explained that during the years that TQ Delta had threatened litigation, "Nokia repeatedly approached Broadcom regarding indemnification." *Id.* As examples, Nokia explained that it had approached Broadcom ███████ but Broadcom responded with its new position that it did not have to indemnify Nokia ██████████ *Id.* In its supplemental briefing here, Broadcom does not dispute that Nokia had requested indemnification ████████████████████████████████████████████. *See, e.g.*, Ex. 9 ████████████████████████████████████████████████████████. Rather, Broadcom attempts to obfuscate the issue by mischaracterizing the intent of Nokia's evidence. Nokia thus respectfully requests that this Court consider this evidence in rebuttal to Broadcom's shifting theories for why it allegedly owes no indemnification obligation to Nokia.

## III. NOKIA'S INTRODUCTION OF THIS KEY EVIDENCE WAS PROCEDURALLY PROPER

Broadcom also contends that Nokia's introduction of this evidence was procedurally improper. As Nokia explained in its opposition to additional briefing, Nokia submitted the additional evidence in support of the argument it has consistently maintained—that Nokia's right to seek indemnification ████████████████████████. *See* Dkt. 155 ("Opposition to Addl.

2

██████████████████████████████████████████

Briefing"). Nokia submitted the evidence in direct response to Broadcom's new argument that the ██████████████████████████████████████████████████████████ Reply at 2. Thus, Nokia's evidence was "specifically directed at and responsive to arguments and evidence" from responsive briefing, and thus was not being "raised for the first time." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674, at *2 (N.D. Tex. Nov. 6, 2015).

In Broadcom's initial motion to dismiss, Broadcom limited its argument to asserting that it ███████████████████████████████████████████████████████████████████. *See* Dkt. 114 ("Mtn to Dismiss") at 9–11. Nokia responded that it was "clear from the language and context of the contract that ███████████████████████████████████████," and that "[u]nder these facts, ██████████████████████████████ ██████ Opposition at 12. Nokia's reference to "these facts" included ████████████ █████████████████████████████████████████████████. *Id.* at 4. It was then only in its Reply that Broadcom asserted that it was not obligated to indemnify Nokia because Nokia failed to make a claim for indemnification ████████████████ █████████. As this was the first time Broadcom had made such an argument, Nokia was entitled to respond to that argument in its sur-reply with both argument and evidence.

IV.  **CONCLUSION**

For the foregoing reasons, Nokia respectfully requests that this Court deny Broadcom's Motion to Dismiss.

3

██████████████████████████████████

Dated: July 5, 2022                                 Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Stephen R. Lareau (NC Bar # 42992)
Nicholas C. Marais (NC Bar # 53533)
Karlee Wroblewski (NC Bar # 55043)
**ALSTON & BIRD LLP**
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: stephen.lareau@alston.com
Email: nic.marais@alston.com
Email: karlee.wroblewski@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com
Email: katie.donald@alston.com

Darlena Subashi (NY Bar # 5780747)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
**ALSTON & BIRD LLP**
Chase Tower

2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation,*
*Nokia Solutions and Networks Oy, and*
*Nokia of America Corporation and*
*Third-Party Plaintiff*
*Nokia of America Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on counsel of record via e-mail on July 5, 2022.

/s/ *M. Scott Stevens*  
M. Scott Stevens

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Nokia is authorized to file this document under seal pursuant to Paragraph 16 of the Protective Order and Local Rule CV-5(a)(7) because it contains confidential material.

/s/ *M. Scott Stevens*  
M. Scott Stevens

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 7, 2022, on all counsel who have consented to electronic service via ECF.

/s/ *M. Scott Stevens*
M. Scott Stevens