# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants.* | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants.* | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |
| Nokia of America Corp.,<br>    *Third-Party Plaintiff,*<br><br>v.<br><br>Broadcom Corp., *et al.*,<br>    *Third-Party Defendants.* | |

**TQ DELTA, LLC'S**
**FIRST MOTION TO COMPEL DEPOSITION FROM NOKIA**

### I. SUMMARY AND BACKGROUND FACTS

TQ Delta, LLC ("TQD") moves to compel Nokia Corp, *et al.* ("Nokia") under FED. R. CIV. P. ("Rule") 37 to provide Danny Van Bruyssel—a DSL Physical Architect at Nokia—for a 30(b)(1) deposition. Nokia's is refusing to provide Mr. Van Bruyssel based on a reading of the Rules deliberately foreclosed by the Rule-makers and rejected by this Court and the district courts of every circuit that has addressed the question. Nokia's position is that, since Mr. Van Bruyssel testified as its 30(b)(6) witness, he cannot separately be deposed for his personal knowledge under Rule 30(b)(1); that Rule 30(d)(1)'s limit of 7 hours limits the total time a person may be deposed regardless of form. As shown below, that interpretation has been rejected, and TQD asks the Court to compel Nokia to promptly produce Mr. Van Bruyssel for a 30(b)(1) deposition given the imminent August 15 fact-discovery and opening-expert-report deadlines. If the Court rules TQD is not entitled to a separate 30(b)(1) deposition, TQD asks the Court for additional time to depose Mr. Van Bruyssel under Rule 30(d)(1), which provides "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." TQD believes the Court's ruling will be helpful to the bar, as Nokia's approach is becoming more common.

To be clear, TQD is not seeking Mr. Van Bruyssel's Rule 30(b)(1) deposition to harass either him or Nokia. Mr. Van Bruyssel's relevant personal knowledge, including experience with the accused DSL products, ████████████████████████, and role as an ITU standardization representative for Nokia's predecessor Alcatel-Lucent and in related standards-setting organizations, is why TQD sought his personal deposition. But, after he was noticed under Rule 30(b)(1), Nokia designated him on 24 different 30(b)(6) topics restricted to a narrow scope.[1]

---

[1] Nokia designated, at least, three different witnesses on each of these 24 topics—Mr. Van Bruyssel, Patrick Morris, and an "[a]dditional witness to be identified." Mr. Van Bruyssel's 30(b)(6) testimony was limited by Nokia to "CO ETSI Products (excluding bonding)." From Mr. Van Bruyssel's deposition, the ETSI restriction appears to be European versions of its products.

1

Deposing him on Nokia's knowledge of these topics consumed every minute of Rule 30(d)(1)'s seven hours. TQD still needs to depose Mr. Van Bruyssel on his relevant personal knowledge (as opposed to Nokia's knowledge), and TQD would not be going to the considerable time and expense of this Motion if it did not need to do so. There are about 30 days left in discovery, and TQD has no interest in spending any more time with Mr. Van Bruyssel than necessary. Beyond that, the Court's Discovery Order (Dkt. No. 60) limits the number of hours TQD can spend in depositions on Nokia.

## II. NOKIA'S POSITION IS CONTRARY TO THE RULES AND A GREAT WEIGHT OF CASELAW

### A. The Rule-makers Foreclosed Nokia's Argument

The Rule-makers anticipated and expressly rejected Nokia's reading. They worded Rule 30(d)(1) so that its limit applies to "a deposition," not, for example, "a person" as Nokia attempts to interpret it. Anticipating Nokia's argument, they also stated, in the Committee Notes the year the rule was added, that, "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Committee Notes on Rule—2000 Amendment. In other words, each 30(b)(6) deposition is a <u>separate</u> 7-hour deposition. This was in concert with the protection built into Rule (30)(b)(6) that "[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Rule 30(b)(6).

Stepping back, Nokia's interpretation is also contrary to the Rules because, under Rule 30(b)(6), it is not the "person" being deposed under Rule 30(b)(6) but the organization who is speaking through that person with his or her consent. Rule 30(b)(6). The individual sitting in the chair is not themselves; they are the person who happens to be possessed by the organization to

2

speak on its behalf at that moment.[2] The Rule 30(b)(6) and 30(b)(1) depositions are fundamentally separate because two different entities are being deposed—the organization and a person.

### B. Courts Across the Circuits Have Repeatedly Rejected Nokia's Interpretation

Shortly after Rule 30(d)(1) was enacted in 2000, courts addressed Nokia's interpretation and rejected it. An early (and widely cited) decision, considered the same issue Nokia now repeats and held that "[a]n interpretation that would lead to such absurd results must be rejected":

> [T]he parties dispute whether the presumptive seven-hour time limit set forth in Fed.R.Civ.P. 30(d)(2) applies cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) or whether the individual deposition and the 30(b)(6) deposition are subject to independent seven-hour presumptive time limits. For the reasons set forth below, I conclude that the latter interpretation is correct and that the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits.
>
> ....
>
> As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, a 30(b)(6) deposition should be subject to its own independent seven-hour limit.
>
> <u>If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge.</u> Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock. <u>An interpretation that would lead to such absurd results must be rejected.</u>
>
> ....

---

[2] *See* 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("Wright and Miller") ("Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for the corporation").

3

Accordingly, I conclude that <u>the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit</u>.

*Sabre v. First Dominion Capital, L.L.C.*, 01 Civ. 2145, 2001 U.S. Dist. LEXIS 20637, at *1-3 (S.D.N.Y. Dec. 10, 2001) (emphasis added). *Sabre*'s has been followed in the Second Circuit.

*Sabre*'s conclusion—that 30(b)(6) and 30(b)(1) are separate depositions, each presumptively entitled to the 7-hour limit—has also been followed in this District and this Circuit. *See, e.g., Genband US LLC v. MetaSwitch Networks Corp. et al.*, Case No. 2:14-cv-33-JRG-RSP, Dkt. No. 200 at *1 (E.D. Tex. May 21, 2015) (granting sanctions as Defendants' positions were not "substantially justified" and holding "[t]he Court having determined that the deponent was properly noticed for both an individual deposition and a Rule 30(b)(6) deposition, Defendants should not have unilaterally terminated the deposition after 7 hours under Rule 30(d)(1)"); *Schmidt v. McKee*, No. B-10-20, 2012 U.S. Dist. LEXIS 201565, at *12 (S.D. Tex. Feb. 21, 2012) (favorably citing *Sabre*); *S. Tex. Neon Sign Co. v. Ixtapa, Inc.*, No. L-08-0116, 2009 U.S. Dist. LEXIS 148335, at *4 (S.D. Tex. June 2, 2009) (same, stating "Thus, Plaintiff was allowed to depose Mr. Gonzales for seven hours in his individual capacity and for seven hours as Defendant's corporate representative"); *SimpleAir, Inc. v. AWS Convergence Techs., Inc., et al.*, Case No. 2:09-cv-289 at *1 (E.D. Tex. Feb. 29, 2012) (noting "Defendants deposed Mr. Payne for fourteen hours pursuant to Rules 30(b)(6) and 30(b)(1). Fed. R. Civ. P. 30(b)(1), 30(b)(6)").

With the exception of the First Circuit (where counsel were unable to locate a case on the issue), all of the regional circuits appear to have also followed *Sabre*. Many cases are cited below as examples, but all of the available citations would exceed the page-limits. The rule has also been followed in the Third Circuit, Fourth, and Sixth Circuits. *See, e.g., IOEngine, LLC v. Paypal Holdings, Inc.*, Case No. 18-452-WCB, Dkt. No. 329 at *14-17 (D. Del. Sept. 30, 2021); *In re Plastics Additives Antitrust Litig.*, 2007 U.S. Dist. LEXIS 118574, at *8 (E.D. Pa. July 18, 2007)

("Defendant's contention that this latest notice to depose Yoshino is invalid because he has already been deposed is patently without merit"); *Caraustar Indus. v. N. Ga. Converting, Inc.*, No. 3:04CV187-H, 2006 U.S. Dist. LEXIS 105416, at *6 (W.D.N.C. Mar. 22, 2006) (denying protective order for 30(b)(1) deposition after a 30(b)(6) deposition on the grounds the plaintiff was entitled to take it as a separate deposition); *See Prasad v. George Wash. Univ.*, 325 F.R.D. 1, 5 (D.D.C. 2018) ("Plaintiff is entitled to take a Rule 30(b)(6) deposition on this topic notwithstanding the fact that she has taken Rule 30(b)(1) depositions of witnesses who had personal knowledge of training policies. As the rules and cases make clear, Rule 30(b)(6) and Rule 30(b)(1) serve different purposes"). *Smith v. General Mills*, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15 (S.D. Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition").

It has also been followed in the Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits. *See, e.g.*, *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175, Dkt. No. 497 at *2 (E.D. Il. Jan. 25, 2022) ("[i]f an individual is deposed simultaneously in their individual capacity under Rule 30(b)(1) and as a corporate designee under Rule 30(b)(6), those two depositions are considered to be separate for purposes of allotting (and limiting) time. … Thus, the deposing party is 'entitled to two seven-hour sessions'"); *Hastings v. FCA US LLC*, No. 4:19-cv-04067, 2021 U.S. Dist. LEXIS 197308, at *2-4 (W.D. Ark. Oct. 13, 2021) (holding "[t]he possibility that Mr. Stewart might have to be deposed as a fact witness and then again as a 30(b)(6) witness is not a basis in which to seek a protective order"); *Am. Home Assurance Co. v. Greater Omaha Packing Co.*, No. 8:11CV270, 2013 U.S. Dist. LEXIS 129638, at *3-4 (D. Neb. Sep. 11, 2013) (denying plaintiff's request to overcome presumption that separate 7-hour time limits apply under 30(b)(6) and

5

30(b)(1)); *Dynetix Design Sols., Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 U.S. Dist. LEXIS 169015, at *6 (N.D. Cal. Nov. 27, 2012) ("Ninth Circuit courts have held that individuals noticed as an individual witness under Rule 30(b)(1) and also as the corporate representative under 30(b)(6) are 'presumptively subject to independent seven-hour time limits.'"); *The Cincinnati Ins. Co. v. Desert State Life Mgmt.*, No. 18-981, 2020 U.S. Dist. LEXIS 163307, at *14-15 (D.N.M. Sep. 8, 2020) (considering *Sabre* and holding "Defendants can take two depositions of Mr. Peters, one as an individual fact witness and one as a Rule 30(b)(6) witness, each subject to the 7-hour time limit"); *Hagler v. Williams*, No. 1:19-cv-03015-JPB, 2021 U.S. Dist. LEXIS 160399, at *5 (N.D. Ga. Aug. 25, 2021) ("the Court finds that Hagler's deposition as a corporate representative pursuant to Rule 30(b)(6) and as an individual pursuant to Rule 30(b)(1) are separate matters. Each should thus have its own individual seven-hour limit.").

### III.   THE COURT SHOULD COMPEL MR. VAN BRUYSSEL'S DEPOSITION

TQD asks the Court to adopt *Sabre*'s holding that "the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit" and compel Mr. Van Bruyssel's personal deposition. To be clear, TQD understands, under *Sabre*'s measured holding, that the 7-hours per deposition is only presumptive and that the total time for a person's deposition should still be considered by counsel, such as in circumstances where the 30(b)(6) and 30(b)(1) depositions of a closely held corporation are likely duplicative. As shown above, *Sabre*'s view is in keeping with the intent of the Rule-makers and has, over the last two decades, been applied across the regional circuits. It is also in keeping with the practice in this District (e.g., *Genband*), and existing protections, such as caps on total deposition hours and the availability of protective orders under the rules, are more than adequate to prevent any hypothetical abuse.

6

██████████████████████

Again, TQ Delta needs Mr. Van Bruyssel's personal deposition because his relevant knowledge goes beyond the ETSI-specific topics Nokia designated him on. In addition to working as a DSL PHY Architect for Nokia, his LinkedIn profile shows he worked in that same role <u>for twenty years</u> at Nokia's predecessor Alcatel-Lucent, including as an "ITU standardization representative," and that his "Top Skills" are the relevant DSL standards in this case. (Exh. A).

████████████████████████████████████
████████████████████████
████████████████
████ (See Exh. B). During the parties' meet-and-confer, Nokia did not offer any reason, unique to Mr. Van Bruyssel, why he cannot be presented for a personal deposition. In a June 10, 2022 email, however, Nokia took the position that TQ Delta was only allowed "1 day of 7 hours" per witness, that TQD had asserted multiple patents, and "[t]o the extent TQ Delta believes more time is required, that is a problem of its own making." (*See* Exh. C). But Mr. Van Bruyssel's individual deposition would be necessary if only a single patent were asserted.

## IV.   CONCLUSION

TQD asks the Court to compel Nokia to promptly provide Mr. Van Bruyssel for his 30(b)(1) deposition. In its interpretation of the Rules, Nokia is engaging in the type of gamesmanship described in *Sabre*, "limit[ing] the testimony of an individual … by designating the individual as a 30(b)(6) witness [and arguing] every minute spent … [is] deducted from the time available to probe the witness's individual knowledge." To the extent the Court disagrees with TQD's interpretation of the Rules, TQD asks for additional time under Rule 30(d)(1). TQD does not know how long Mr. Van Bruyssel's personal deposition will take, since it does not know the full extent of his knowledge, but TQD anticipates it will take somewhere between 4 to 6.5 hours. TQD also requests any additional relief the Court considers just and proper.

Dated: July 11, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**Counsel for TQ Delta, LLC**

RESTRICTED – ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this July 11, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV
Rudolph Fink IV



## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiff Mobile Equity Corp. and Defendant Walmart, Inc. have reached an impasse and that this motion is opposed, as summarized below:

- On June 9, 2022, after Nokia designated Mr. Van Bruyssel on 30(b)(6) topics, TQD wrote Nokia and stated that the deposition might need to continue to the following day.

- On June 10, Nokia responded and took the position that "Consistent with the FRCP 30, each witness is being made available for '1 day of 7 hours." That day, TQD responded, asking several questions and stating "a 30(b)(6) deposition and 30(b)(1) deposition are separate

9

RESTRICTED – ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

depositions." Nokia's response was "[e]ach of Nokia's witnesses are available for one 7-hour day." TQD asked for a meet and confer that day. Counsel for the parties conferred and reached an impasse. The parties agreed the depositions could go forward as 30(b)(6) depositions, that counsel would confirm if a 30(b)(1) deposition was occurring, and that neither party was waving its arguments by proceeding in this fashion.

- On June 15, TQD took Mr. Van Bruyssel's 30(b)(6) deposition and left it open based on the parties existing disputes.

- On July 6, counsel for Nokia—Scott Stevens, Adam Ahnhut, Karlee Wrobleski, and Katherine Donald—and counsel for TQD—Bo Davis, Christian Hurt, Rudy Fink, Ed Chin, and Ty Wilson—met and conferred, including on the topics in this Motion. Nokia took the position that it would not provide Mr. Van Bruyssel for deposition.

- On July 8, counsel for Nokia— Scott Stevens and Karlee Wrobleski-and counsel for TQD—Bo Davis and Rudy Fink—met and conferred, including on the topics in this Motion. The parties reached an impasse on the topics in this Motion.

/s/ William E. Davis, III
William E. Davis, III