# EXHIBIT B



July 5, 2022

**VIA E-MAIL**

M. Scott Stevens
Alston & Bird
One South at I Plaza
101 S. Tryon St., Suite 4000
Tel: (704) 444-1025
Email: scott.stevens@alston.com

Re:   TQ Delta, LLC v. Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.; Nokia of America Corp. v. Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd.
Case No. 2:21-cv-0309-JRG (E.D. Texas) (Member Case)

Mr. Stevens:

I am writing in response to your June 24, 2022, letter, our meet and confer on June 28, 2022, your subsequent email from June 30, 2022, and our meet and confer on July 5, 2022.  After reviewing the additional information and limitations you presented on the calls and in your email, Broadcom maintains its objections as noted in its June 15, 2022, letter and Objection and Responses to Nokia's Interrogatories, which are further detailed below.[1]

**Broadcom's Response to Request Nos. 1 and 14**: Per our discussions, Nokia agrees to limit its requests for license agreements to the license agreements and related royalty or sales reports necessary to perform a damages analysis, not the surrounding documents and communications. Broadcom has produced relevant documents in response to these requests with respect to the agreements between Nokia and Broadcom and further notes that Nokia should be in possession of any agreements between Nokia and Broadcom.  Furthermore, Broadcom notes that license agreements and related royalty or sales reports necessary to perform a damages analysis were previously produced in *TQ Delta, LLC v. 2Wire*, Inc., Case No. 1:13-cv-1835-RGA (D. Del.), *TQ Delta, LLC v. Zhone Technologies*, Case No. 1:13-cv-1836-RGA (D. Del.), *TQ Delta, LLC v. Zyxel Communications*, et al., Case No. 1:13-cv-02013-RGA (D. Del.), and *TQ Delta, LLC v. ADTRAN*, Inc., Case No. 1:14-cv-00954RGA (D. Del.) (the "Prior Litigations").  Broadcom thus objects to the production of any other documents under these requests with respect to "any third parties" other than Nokia, as these requests seek information that is in Nokia and TQ Delta's possession, are overbroad and unduly burdensome as they seek information that is not relevant to the claims between Nokia and Broadcom, are not proportional to the needs of the case, are sought for an

---

[1] Thank you for your recitation of events leading up to the leader; we note that you have the incorrect date for when Broadcom served its initial production and responses.

ADSERO IP LLC
8210 SouthPark Terrace
Littleton, Colorado 80120
USA

WEB    www.AdseroIP.com
EMAIL  kdallow@AdseroIP.com
PHONE  +1 303-268-0066
FAX    +1 303-268-0065

improper purpose, are not required to be disclosed under the Local Rules, and/or are calculated to annoy, embarrass, oppress, harass, or cause undue expense to Broadcom.

Nokia notes that these requests are "required to allow Nokia to fully evaluate its indemnification claim against Broadcom and to allow Nokia to assess any license to technology comparable to that alleged in the Asserted Patents."  However, Nokia has not explained how third-party agreements are relevant to a claim for indemnificationbetween Nokia and Broadcom, especially considering Nokia's statement in its Opposition to Broadcom's Motion to Dismiss that "[t]he pertinent language is unambiguous, and thus there is no ambiguity that justifies turning to parol evidence."  Thus, it is hard to see how Nokia now believes that these documents are relevant, especially as they implicate parol evidence involving third-parties.

Furthermore, Nokia has not explained how these documents are relevant to its damages calculation in connection with defending its claim of infringement, a claim that Broadcom is not a party to and thus outside the scope of the dispute between Nokia and Broadcom.  This is especially true when balanced against the burden imposed on Broadcom, and the fact that Nokia is improperly seeking this discovery while maintaining a deficient claim for indemnification based on a terminated agreement.  In addition, when also taking into consideration the fact that the most relevant agreements for a comparable license analysis would be TQ Delta's and/or Nokia's own agreements, including agreements TQ Delta has entered into with respect to the Asserted Patents, and the fact that TQ Delta and Nokia are in possession of license agreements produced in the Prior Litigations, Nokia has not shown how the relevancy of these additional documents outweighs the burden imposed on Broadcom.  Thus, Broadcom maintains its objections as noted above and in its June 15, 2022, letter, and will not produce any additional documents with respect to these requests.

**Broadcom's Response to Request Nos. 1 and 11**: Nokia is in possession of the prices paid to Broadcom for the Broadcom chipsets and Broadcom has consented to the production of such information in this Action.  Furthermore, Nokia and TQ Delta are in possession of price information from the Prior Litigations.  Thus, Broadcom objects to these requests as these requests seek information that is in Nokia and TQ Delta's possession, are overbroad and unduly burdensome as they seek information that is not relevant to the claims between Nokia and Broadcom, are not proportional to the needs of the case, are sought for an improper purpose, are not required to be disclosed under the Local Rules, and/or are calculated to annoy, embarrass, oppress, harass, or cause undue expense to Broadcom.

Nokia notes that these requests are "relevant to assess TQ Delta's damages assertions in this litigation."  As stated above, Broadcom is not a party to any claim of infringement by TQ Delta, and the discovery sought is outside the scope of Nokia's claim of indemnification against Broadcom.  Further, even if Broadcom was subject to this discovery, Nokia has not explained how these additional documents are relevant to its damages calculation in connection with defending its

==claim of infringement.== As discussed above, this is especially true when balanced against the burden imposed on Broadcom, and the fact that Nokia has this discovery in its possession but is improperly seeking this discovery from Broadcom while maintaining a deficient claim for indemnification based on a terminated agreement.  As the infringement claim is directed to Nokia's products and ==Nokia is in possession of the price it pays to incorporate Broadcom chips into its products==, Nokia has not shown how the relevancy of these documents outweighs the burden imposed on Broadcom, especially when considering the fact that TQ Delta and Nokia are in possession of related information from the Prior Litigations.  Thus, Broadcom maintains its objections as noted above and in its June 15, 2022, letter, and will not produce any additional documents with respect to these requests.[2]

**Broadcom's Response to Request No. 7**: Per our discussions, Nokia agrees to limit its request for pricing of Broadcom chipsets sold to customers or third parties other than Nokia to purchase agreements, purchase orders, and BOMs, rather than "all documents." Broadcom has produced relevant documents in response to these requests with respect to the agreements between Nokia and Broadcom and further notes that Nokia should be in possession of any agreements between the parties and from the Prior Litigation.  Broadcom objects to the production of any other documents under this request with respect to "any third parties" other than Nokia, as this request seeks information that is in Nokia and TQ Delta's possession, is overbroad and unduly burdensome as it seeks information that is not relevant to the claims between Nokia and Broadcom, is not proportional to the needs of the case, is sought for an improper purpose, is not required to be disclosed under the Local Rules, and/or is calculated to annoy, embarrass, oppress, harass, or cause undue expense to Broadcom.

Nokia notes that these requests are "required to allow Nokia to fully evaluate its indemnification claim against Broadcom."  However, as discussed above, Nokia has not explained how third-party agreements are relevant to the present indemnification dispute between Nokia and Broadcom, especially considering Nokia's statement in its Opposition to Broadcom's Motion to Dismiss that "[t]he pertinent language is unambiguous, and thus there is no ambiguity that justifies turning to parol evidence."  Thus, it is hard to see how Nokia now believes that these documents are relevant, especially as they implicate parol evidence involving third-parties.

And while Nokia belatedly noted that these are also relevant to the damages issues as discussed on the calls, Nokia again ignores that such discovery is both outside the scope of the

---

[2]  In addition, Broadcom further objects to these requests to the extent they seek "all communications" including ESI, before the parties have negotiated an ESI Discovery Order

3

**ADSERO IP**

dispute between Nokia and Broadcom, as well as the burden imposed on Broadcom.  ==As the infringement claim is directed to Nokia's products and Nokia is in possession of the price it pays to incorporate Broadcom chips into its products, Nokia has not shown how the relevancy of these documents outweighs the burden imposed on Broadcom, especially when considering the fact that TQ Delta and Nokia are in possession of related information from the Prior Litigations.==  As such, Nokia has not shown how the relevancy of these documents outweighs the burden imposed on Broadcom, especially when considering that Nokia and TQ Delta are possession of this information from the Prior Litigations.  Thus, Broadcom maintains its objections as noted above and in its June 15, 2022, letter, and will not produce any additional documents with respect to these requests.

Furthermore, Broadcom continues to reserve all rights and objections with respect to any discovery sought by Nokia, including its objections regarding the proper scope of discovery related to Nokia's deficient third-party Complaint.  However, as Broadcom noted in its April 1, 2022, letter, Broadcom will agree to accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta.

Sincerely,

*s/Kent T. Dallow*

Kent T. Dallow

cc:   Daniel Young
      Ken Chang

4