# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>     Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>        (Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>        (Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>     Third-Party Defendants. | |

**DECLARATION OF KENT T. DALLOW IN SUPPORT OF
REPLY IN SUPPORT OF
OPPOSED MOTION TO ENTER AMENDED DOCKET CONTROL ORDER**

I, Kent T. Dallow, hereby declare as follows:

1.      I am an attorney at the law firm of Adsero IP, counsel for Third-Party Defendants

Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom").  I am a member in good standing of the Colorado bar and am admitted to practice *pro hac vice* before this Court.  I am filing this declaration in support of Broadcom's **REPLY IN SUPPORT OF OPPOSED MOTION TO ENTER AMENDED DOCKET CONTROL ORDER.**  Except where otherwise indicated, I have personal knowledge of the facts stated herein, and if called to testify as a witness in this matter, I would testify truthfully under oath as to each of the statements in this declaration.

2.     On February 10, 2022, Third-Party Plaintiff Nokia of America Corp. ("Nokia") served Broadcom with Nokia's Third-Party Complaint for Indemnification (the "Complaint," Dkt. No. 70).

3.     On February 22, 2022, Nokia agreed to an extension of time for Broadcom to investigate the claim and respond to the Complaint (Dkt. Nos. 87, 88).

4.     Again, on March 23, 2022, Nokia agreed to a second extension of time for Broadcom to continue to investigate the claim and respond to the Complaint (Dkt. Nos. 109, 110).

5.     On April 1, 2022, Broadcom sent a letter to Nokia, attaching its proposed Motion to Dismiss, identifying the deficiencies in Nokia's Complaint as well as the requirement for arbitration, and offering to "accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."  Attached as Exhibit B is a true and correct copy of Broadcom's April 1, 2022 correspondence.

6.     As Nokia maintained its deficient Complaint, on April 14, 2022, Broadcom filed its Motion to Dismiss (Dkt. No. 114).

7.     On April 28, 2022, Nokia filed its Opposition to Broadcom's Motion to Dismiss, maintaining its claim for indemnification (Dkt. No. 127).

8.     Two weeks after filing its Motion to Dismiss and a day after Nokia filed its Opposition to the same, on April 29, 2022, Counsel for Broadcom requested a meet and confer with counsel for Nokia, TQ Delta, and CommScope regarding submitting a revised docket control

and discovery order.  A true and correct copy of the email chain between counsel for Broadcom, Nokia, TQ Delta LLC ("TQ Delta") and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively "CommScope"), discussing Broadcom's request to amend the Docket Control and Discovery Control Orders, is attached hereto as Exhibit C.

9.      On May 4, 2022, Nokia served its Interrogatories and Document Request Letter on Broadcom, true and accurate copies of which are attached as Exhibits D and E.

10.     On May 16, 2022, due to scheduling conflict and delays on behalf of counsel for Nokia, TQ Delta, and CommScope, the parties were finally able to meet and confer on the revised docket control and discovery order.  *See* Exhibit C at 28.

11.     On May 17, 2022, Nokia informed Broadcom that it opposes Broadcom's stipulation regarding limiting discovery and takes no position on the request to amend the schedule. *Id*. at 28-29.

12.     On May 19, 2022, Nokia informed Broadcom that it would not be submitting any proposals for a revised Docket Control or Discovery Order.  *Id*. at 26.

13.     On May 25, 2022, Broadcom circulated its proposed revised Docket Control and Discovery orders to counsel for Nokia, TQ Delta, and CommScope.  *Id*. at 25.

14.     On June 3, 2022, Broadcom objected to Nokia's Interrogatories and Document Request Letter as premature given the parties' negotiations on the Discovery and Docket Control orders, and once again offered to "agree to accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."  Attached as Exhibit F is a true and accurate copy of Broadcom's June 3, 2022 correspondence.

15.     On June 8, 2022, due to scheduling conflicts and delays on behalf of counsel for Nokia, TQ Delta, and CommScope, the parties are able to meet and confer again on Broadcom's proposals.  *See* Exhibit C at 8.

16.     On June 9, 2022, Nokia and Broadcom met and conferred regarding Broadcom's objections to Nokia's Interrogatories and Document Request Letter.

17.     On June 10, 2022, and June 13, 2022, CommScope and TQ Delta provided their respective positions on Broadcom's proposed amended Discovery and Docket Control Orders.  *Id.* at 3-6.

18.     On June 15, 2022, pursuant to the parties' meet and confer, Broadcom served its initial document production and objections and responses to Nokia's Interrogatories and Document Request Letter in response to the parties' meet and confer, by identifying the documents it consented to have produced from the previous litigations[1], as well as identifying the documents it produced pursuant to TQ Delta and CommScope's subpoenas in the present matter, in addition to Nokia's discovery requests, totaling 41,771 pages of documents.  In addition, Broadcom again reiterated that "Broadcom will respond to any proper subpoena served by Nokia."  Attached as Exhibit G is a true and accurate copy of Broadcom's June 15, 2022 correspondence.

19.     On June 17, 2022, Broadcom circulated its revised Docket Control and Discovery Orders based on the parties' meet and confers, indicating that it would file the motions on June 22, 2022, pending any further negotiations.  *See* Exhibit C at 1.

20.     On June 22, 2022, Broadcom filed its Opposed Motions to Enter Amended Docket Control Order and Discovery Order (Dkt. Nos. 178, 179).

21.     Attached as Exhibit H is a true and accurate copy of the Third-Party Subpoena served by TQ Delta on Broadcom on March 10, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

This declaration was executed this 13th day of July, 2022, in Denver, Colorado.

---

[1] *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies*, No. 1:13-cv-01836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications*, et al., No. 1:13-cv-02013-RGA (D. Del.); and *TQ Delta, LLC v. ADTRAN, Inc.*, No. 1:14-cv-00954-RGA (D. Del.).

*/s/ Kent T. Dallow*
Kent T. Dallow