# EXHIBIT B



April 1, 2022

**FRE 408 Communication**
*Confidential Information*

***VIA E-MAIL***

Matthew Scott Stevens
Alston & Bird LLP-NC
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
scott.stevens@alston.com

**Re:**   ***Nokia of America Corp. v. Broadcom Corp.*, et al. pending in the United States District Court for the Eastern District of Texas (Case No. 2:21-CV-00310-JRG) (the "Litigation")**
**Our Ref. 0686.211**

Dear Mr. Stevens:

Our firm represents Broadcom Corp., and related companies, including without limitation Broadcom Inc. and Avago Technologies International Sales Pte. Ltd., (collectively "Broadcom") in intellectual property matters. We write with respect to the above captioned Litigation and the Complaint Nokia of America Corp. filed on January 28, 2022 [Dkt. 106] (the "Complaint").

Based on our investigation to date, it does not appear that Nokia has a valid claim against Broadcom for indemnification under the Frame Purchase Agreement (the "Agreement"). As set forth in the attached draft Motion to Dismiss, the Agreement, which is the basis for Nokia's claim for indemnification, was terminated effective January 1, 2021, and does not contain a survival provision. Furthermore, even if Nokia still alleges a right to indemnification under the Agreement despite Broadcom's termination, the Agreement requires that all disputes arising from, or in connection with, the Agreement be resolved by arbitration. For at least these reasons, Nokia's Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) and, in the event the arbitration clause remains in force, the Eastern District of Texas is not the proper forum under Fed. R. Civ. P. 12(b)(3), nor does it have subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

ADSERO IP LLC
8210 SouthPark Terrace
Littleton, Colorado 80120
USA

WEB    www.AdseroIP.com
EMAIL  DYoung@AdseroIP.com
PHONE  +1 303-268-0066
FAX    +1 303-268-0065



      For at least these reasons, we respectfully request that Nokia file a notice of dismissal of the Complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A) by April 12, 2022. We further request confirmation of Nokia's agreement to take this action by April 8, 2022. If Nokia agrees to dismiss the Complaint, Broadcom will agree to accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta. In addition, to the extent Nokia still, in good faith, believes that Broadcom has an indemnification obligation to Nokia under the Agreement despite its termination, Broadcom will agree to enter a tolling agreement such that the parties can preserve their respective rights to arbitrate the dispute upon the conclusion of Nokia's litigation with TQ Delta.

      Thank you in advance for your anticipated cooperation in this matter and we look forward to receiving your response. Please note that nothing in this letter should be construed as a waiver of any rights by Broadcom, including without limitation, the right to amend the attached draft Motion to Dismiss to add additional defenses and/or counterclaims.

      Very truly yours,

      *s/ Daniel S. Young*

      Daniel S. Young

Enclosures

cc:    Kent Dallow