# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TQ DELTA, LLC,**<br>         *Plaintiff*,<br>v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>         *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>         *Plaintiff*,<br>v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>         *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>         *Third-Party Plaintiff*,<br>v.<br><br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>         *Third-Party Defendants*. | |

**NOKIA'S FIRST SET OF
<u>INTERROGATORIES TO BROADCOM (NOS. 1-4)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Eastern District of Texas, Third-Party Plaintiff Nokia of

America Corporation (collectively "Defendants" or "Nokia"), serves the following interrogatories and requests that, within thirty (30) days after service, Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE. Ltd., (collectively, "Broadcom") answer each interrogatory fully and separately, in writing and under oath, by an officer or agent of Broadcom who is authorized to give answers on its behalf. Nokia further requests that Broadcom answer these interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Definitions and Instructions set forth below, and supplement such answers as required by Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

The following definitions shall apply to the interrogatories that follow:

1.  The terms "You," "Your," or "Broadcom" refer to the third-party defendants in the above-captioned action, Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd. (collectively, "Broadcom"), and any persons or entities operating under its control or on its behalf, including owners, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person or entity who served in any such roles at any time, as well as corporate subsidiaries, affiliates, divisions, predecessor companies or proprietorships, or any joint venture to which Broadcom, or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships is a party.

2.  "TQ Delta," or "Plaintiff," refers to Plaintiff TQ Delta, LLC ("TQ Delta") and any entities or persons operating under their control or on their behalf, including their officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys (including but not limited to prosecution counsel), accountants, or any person who served in any such roles at any time, as well as corporate subsidiaries, affiliates, divisions, predecessor companies or proprietorships, or any joint venture to which TQ Delta, or one of their corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, is a party.

3.  The phrase "this Action" shall mean and refer to the above-captioned action filed in the Eastern District of Texas.

4.  "Asserted Patents" and "Asserted Patent" shall refer to all patents that TQ Delta has asserted against the defendants in the Amended Complaints filed in this Action, including United States Patent Nos. 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,468,411 ("the '411 Patent"); 8,495,473 ("the '5473 Patent");

3

8,594,162 ("the '162 Patent"); 8,595,577 ("the '577 Patent"); 8,937,988 ("the '988 Patent"); 9,014,193 ("the '193 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,300,601 ("the '601 Patent"); 9,485,055 ("the '055 Patent"); 9,547,608 ("the '608 Patent"); 9,894,014 ("the '014 Patent"); 10,044,473 ("the '4473 Patent"); 10,409,510 ("the '510 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent"); and any other patent(s) that TQ Delta asserts in this Action.

     5.    The phrase "Accused Instrumentality" shall mean any apparatus, product, device, process, method, act, composition, system, computer-readable medium or other instrumentality that TQ Delta alleges infringes any claim of the Asserted Patents.

     6.    The term "BCM Chipsets" means the chipsets that Broadcom provides Defendants for use in the Accused Products that TQ Delta contends infringe the Asserted Patents.

     7.    "Asserted Claim" shall mean any claim of any Asserted Patent that TQ Delta asserts is infringed by any Accused Instrumentality.

     8.    The phrase "Potential Prior Art," for purposes of these interrogatories, shall mean all documents, things, systems, products, prototypes, samples, patents, patent applications, printed publications, disclosures, sales, offers for sale or license, public uses, demonstrations, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103. For purposes of clarity, the phrase "Potential Prior Art" shall include all documents, knowledge, and systems that existed, purport to have existed, include, recite, or are otherwise associated with a date prior to the filing date of the Asserted Patents and that relate to the technical subject matter of the Asserted Patents, whether or not you contend that such document or system actually qualifies as prior art under the applicable statute and regardless

of whether or not you contend that such document system meets each and every element of any Asserted Claim.

9. The term "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of the Asserted Patents, or patents or applications related to the Asserted Patents, as well as offers or requests to grant such license.

10. "Document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in Broadcom's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

11. The terms "any" and "all" shall be construed as "any and all."

12. The terms "each" and "every" shall be construed as "each and every."

13. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

14. The term "date" or "dates" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

15. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

16. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

17. References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

18. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

19. The use of the term "the" shall not be construed as limiting the scope of any request.

20. The use of the singular shall also include the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply to answering the interrogatories below:

1. When answering and responding to these interrogatories, you are requested to furnish all information available to Broadcom, its attorneys, accountants, investigators, representatives, agents or any other person acting on Broadcom behalf and not merely such information as is known by your own personal knowledge. If you cannot answer or respond in full after exercising due diligence to secure the information, answer or respond, to the extent possible, specifying the reason or reasons for your inability to respond to the remainder.

2. Any recipient of these interrogatories who withholds any requested information by reason of a claim of privilege or attorney work product, or who objects to any part of these interrogatories, shall state the nature of the privilege or objection and provide sufficient information to permit a full determination of whether the claim or objection is proper.

3. Any recipient of these interrogatories who objects to any portion or subpart of these interrogatories shall state the objection to such portion or subpart, and shall answer any unobjectionable portion(s) or subpart(s) and/or provide the unobjectionable information requested.

4. Any recipient of these interrogatories who elects to produce Documents in-lieu of providing a written response to an interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, shall provide a list identifying for each such Document produced (1) the interrogatory to which the Document(s) is responsive and (2) the production number(s) of such Documents identified for each response.

5. The interrogatories are to be considered as continuing and Broadcom must provide, by way of supplementary answers, such additional information as you or any other person(s) acting on Broadcom's behalf may hereafter obtain which will supplement or otherwise modify any answers to the interrogatories.

## INTERROGATORIES

### NOKIA'S INTERROGATORY NO. 1

Identify all documents and source code that may tend to show noninfringement of the Asserted Patents.

### NOKIA'S INTERROGATORY NO. 2

Identify all documents reflecting any evaluation, investigation, or analysis related to the alleged infringement, validity, patentability, and/or enforceability of any claim of the Asserted Patents.

### NOKIA'S INTERROGATORY NO. 3

Identify documents relating to compliance tests or evaluation of the BCM chipsets that relate to compliance with the ITU Standards set forth in the Complaint.

### NOKIA'S INTERROGATORY NO. 4

Identify all factual bases, including documents, that Broadcom contends support its claim that it does not owe indemnification in the above-captioned litigation.

Dated: May 4, 2022

Respectfully submitted,

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)

>Michael Deane (GA Bar # 498195)
>ALSTON & BIRD LLP
>One Atlantic Center
>1201 West Peachtree Street
>Suite 4900
>Atlanta, GA 30309
>Tel:  404.881.7737
>Fax:  404.881.7777
>Email: john.haynes@alston.com
>Email: michael.deane@alston.com
>
>Adam Ahnhut (TX Bar # 24106983)
>ALSTON & BIRD LLP
>Chase Tower
>2200 Ross Avenue, Suite 2300
>Dallas, TX 75201
>Tel: 214.922.3400
>Fax: 214.922.3899
>Email: adam.ahnhut@alston.com
>
>Darlena Subashi (NY Bar #5780747)
>ALSTON & BIRD LLP
>90 Park Avenue
>15th Floor
>New York, NY  10016
>Tel: 212.210.9400
>Fax: 212.210.9444
>Email: Darlena.subashi@alston.com
>
>*Counsel for Defendants*
>*Nokia Corporation and Nokia Solutions*
>*and Networks Oy and*
>*Defendant/Third-Party Plaintiff*
>*Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served electronically on May 4, 2022, on all counsel who have consented to electronic service.

                                              /s/ *M. Scott Stevens*
                                              M. Scott Stevens