# EXHIBIT E

# ALSTON & BIRD

One South at The Plaza
101 S Tryon St., Suite 4000
Charlotte, NC 28205
704-444-1000

M. Scott Stevens  Direct Dial: 704.444.1025  Email: scott.stevens@alston.com

May 4, 2022

VIA EMAIL

Daniel S. Young
Adsero IP LLC
8210 SouthPark Terrance
Littleton, CO 80120

Re: *TQ Delta, LLC v. Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.; Nokia of America Corp. v. Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd.,* Case No. 2:21-cv-0309-JRG (E.D. Texas) (Member Case)

Dear Mr. Young,

Under the Court's Model Discovery Order, Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd. (collectively, "Broadcom") is required to produce all documents, electronically stored information, and tangible things in its possession, custody, or control that are relevant to the pleaded claims or defenses in the above-captioned action. The list below contains a more comprehensive list of information sought by Nokia.

This letter includes a list of some of the documents that Broadcom's production should include. The list below is not exhaustive and does not limit or modify Broadcom's obligations to search for and produce all the documents required under the Court's orders and the Local Rules. Third-party plaintiff Nokia of America Corporation ("Nokia") may supplement this list as discovery progresses.

For purposes of this letter, the following definitions apply.

The term "*Action*" means the above-captioned lawsuit, *TQ Delta, LLC v. Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.; Nokia of America Corp. v. Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd.,* Case No. 2:21-cv-0309-JRG (E.D. Texas) (Member Case).

The term "*documents*" means every document or other record of any kind to the broadest extent permitted under the Federal Rules of Civil Procedure, including, without

Alston & Bird LLP                                                                                   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy. It shall further include all aural, visual records, or representations (including, without limitation, photographs, negatives and prints), microfiche, microfilm, film, videotape, sound recordings, and motion pictures and computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.).

The term "*TQ Delta*" refers to the plaintiff in the above-captioned action, TQ Delta, LLC, and any persons or entities operating under its control or on its behalf, including owners, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person or entity who served in any such roles at any time, as well as corporate subsidiaries, affiliates, divisions, predecessor companies or proprietorships, or any joint venture to which TQ Delta, or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships is a party.

The term "*Defendants*" or "*Third-Party Plaintiff*" means the defendants named in the above-captioned action, including Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation.

The terms "*You*," "*Your*," or "*Broadcom*" refer to the third-party defendants in the above-captioned action, Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd. (collectively, "Broadcom"), and any persons or entities operating under its control or on its behalf, including owners, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person or entity who served in any such roles at any time, as well as corporate subsidiaries, affiliates, divisions, predecessor companies or proprietorships, or any joint venture to which Broadcom, or one of its corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships is a party.

The term "*Asserted Patents*" means United States Patent Nos. 7,570,686 ("the '686 Patent"); 7,844,882 ("the '882 Patent"); 8,090,008 ("the '008 Patent"); 8,468,411 ("the '411 Patent"); 8,495,473 ("the '5473 Patent"); 8,594,162 ("the '162 Patent"); 8,595,577 ("the '577 Patent"); 8,937,988 ("the '988 Patent"); 9,014,193 ("the '193 Patent"); 9,094,348 ("the '348 Patent"); 9,154,354 ("the '354 Patent"); 9,300,601 ("the '601 Patent"); 9,485,055 ("the '055 Patent"); 9,547,608 ("the '608 Patent"); 9,894,014 ("the '014 Patent"); 10,044,473 ("the '4473 Patent"); 10,409,510 ("the '510 Patent"); 10,567,112 ("the '112 Patent"); and 10,833,809 ("the '809 Patent"). Where appropriate, this term includes the application(s) that matured into the Asserted Patents.

The term "*Asserted Claims*" means the claims of the Asserted Patents that TQ Delta contends are infringed by Defendants.

The term "*Accused Products*" means the products of Defendants that TQ Delta contends infringe the Asserted Patents.

The term "*BCM Chipsets*" means the chipsets that Broadcom provides Defendants for use in the Accused Products that TQ Delta contends infringe the Asserted Patents.

      The term "***Potential Prior Art***" means all documents, things, systems, products, prototypes, samples, patents, patent applications, printed publications, disclosures, sales, offers for sale or license, public uses, demonstrations, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103. For purposes of clarity, the phrase "Potential Prior Art" shall include all documents, knowledge, and systems that existed, purport to have existed, include, recite, or are otherwise associated with a date prior to the filing date of the Asserted Patents and that relate to the technical subject matter of the Asserted Patents, whether or not you contend that such document or system actually qualifies as prior art under the applicable statute and regardless of whether or not you contend that such document system meets each and every element of any Asserted Claim.

      The term "***Patent Practicing Products***" means all devices, prototypes, products, or systems that allegedly embody, fall within the scope of, or practice the subject matter of the Asserted Patents.

      The term "***Prior TQ Delta Litigations***" means all prior lawsuits in which TQ Delta alleged infringement of one or more of the Asserted Patents.

1. All documents mentioning or concerning Defendants, the BCM chipsets, or the Accused Products.

2. Correspondence with any device manufacturers regarding the Asserted Patents or Accused Products.

3. Documents and source code relating to the research, design, development, manufacture, assembly, testing, or operation of any BCM chipsets.

4. All Documents reflecting any evaluation, investigation, or analysis related to the alleged infringement, validity, patentability, and/or enforceability of any claim of the Asserted Patents.

5. All technical specifications, including, but not limited to, the specifications reflecting the default values and enabled features, related to the accused functionalities of the Accused Products.

6. Any prior art of which Broadcom is aware that may pre-date the Asserted Patents.

7. All Documents sufficient to show pricing of the BCM chipsets, including, but not limited to purchase agreements, purchase orders, and BOMs.

8. Communications and documentation reflecting Broadcom's relationship with Nokia and any responsibility to provide indemnification.

9. Documents sufficient to identify the corporate structure of Broadcom, including organization charts, formation documents, state and/or federal corporate filings, and documents showing each person or entity who controls or owns Broadcom, either in whole or in part.

10. Documents relating to any valuation of the Asserted Patents.

11. Documents and analyses relating to the Asserted Patents and BCM chipsets.

12. Reports, market surveys, analyses, surveys or other documents relating to any demand for the BCM chipsets, Accused Products, or any product that allegedly embodies the subject matter of the Asserted Patents.

13. All documents relating to any attempt by TQ Delta or any third party acting on TQ Delta's behalf to commercialize, monetize, or exploit the Asserted Patents or any Patent Practicing Product.

14. All agreements or sought-after agreements relating to one or more of the Asserted Patents, including assignment agreements, license agreements, settlement agreements, covenants not to sue, and communications regarding the same.

15. Documents relating to the development of the ITU Standards set forth in the Complaint.

16. Documents relating to TQ Delta's assertion that compliance with such standards results in infringement of the Asserted Patents.

17. Documents relating to compliance tests or evaluation of the BCM chipsets that relate to compliance with the ITU Standards set forth in the Complaint.

18. Documents sufficient to identify the products accused of infringement by TQ Delta in the Prior TQ Delta Litigations.

19. Any responses to written discovery served by Broadcom in the Prior TQ Delta Litigations, including responses to interrogatories and requests for admission.

20. Transcripts for each deposition of Broadcom individuals from the Prior TQ Delta Litigations.

21. Documents sufficient to identify any products containing BCM chipsets covered by any license or settlement agreement relating to the Prior TQ Delta Litigations.

22. All existing English-language translations of documents sought by any request, whether by a human or a machine.

23. All documents that You rely upon or reference in preparing written discovery (including responses to interrogatories and requests for admission), disclosures pursuant to Fed. R. Civ. P. 26 and Local Patent Rule disclosures, and motions or other pleadings (including any responses, replies, or sur-replies).

24. All documents produced by Broadcom in the Prior TQ Delta Litigations.

*****

Should TQ Delta have any questions regarding the information sought in this letter, please promptly raise them with counsel for Nokia so that any issues can be efficiently resolved.

May 4, 2022
Page 5

                                                        Sincerely,

                                                        /s/ *M. Scott Stevens*

                                                        M. Scott Stevens

CC: Counsel of Record