# EXHIBIT G



June 15, 2022

**VIA E-MAIL**

M. Scott Stevens
ALSTON & BIRD LLP
One South at The Plaza
101 S Tryon St., Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1025
Email: scott.stevens@alston.com

**Re:** ***TQ Delta, LLC v. Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.; Nokia of America Corp. v. Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales PTE Ltd.,***
**Case No. 2:21-cv-00309-JRG (E.D. Texas) (Member Case)**
**Our Ref. 0686.211**

Dear Mr. Stevens:

I am writing in response to your May 4, 2022, letter, and the parties' subsequent communications. As you are aware, the parties are currently negotiating an amended Discovery and Docket Control order and Broadcom previously objected to your discovery requests as premature and untimely on June 3, 2022. As the parties have met and conferred on these issues, in an effort to resolve the parties' disputes on the timing of discovery, Broadcom is concurrently producing documents in connection with this letter, and subject to the objections noted below. Further, Broadcom will continue to comply with all of its discovery obligations pursuant to the schedule set forth in the Court's Amended Docket Control Order, if and when it issues.

As noted in Broadcom's Motion to Dismiss and related filings, and the parties' subsequent communications, it is Broadcom's position that Nokia's claim for indemnification is fatally deficient due to the fact that Broadcom terminated the contract at issue before Nokia made a claim for indemnification. Furthermore, given Nokia's insistence on seeking improper party discovery of Broadcom in contrast to the third-party discovery that Broadcom reasonably offered and that the other parties to this case are participating in, it appears that Nokia's sole purpose in filing and maintaining its deficient Complaint is to pursue improper discovery. This becomes even more troubling after learning on the meet and confer on June 10, 2022, that Nokia's primary motivation in seeking improper discovery is to gain access to Broadcom's highly-confidential and proprietary chip pricing information. As such, while Broadcom will treat your Requests as notice of what materials Nokia believes

ADSERO IP LLC
8210 SouthPark Terrace
Littleton, Colorado 80120
USA

WEB   www.AdseroIP.com
EMAIL   kdallow@AdseroIP.com
PHONE   +1 303-268-0066
FAX   +1 303-268-0065

are relevant and should be produced, Broadcom objects to your Requests to the extent that they:

  i. are overbroad, unduly burdensome, seek information that is not relevant to the claims between Nokia and Broadcom, are not proportional to the needs of the case, are sought for an improper purpose, are not required to be disclosed under the Local Rules, and/or are calculated to annoy, embarrass, oppress, harass, or cause undue expense to Broadcom;
  ii. ask Broadcom to produce documents or other information that is not within the possession, custody, or control of Broadcom;
  iii. ask Broadcom to produce documents or other information that is in the possession, custody, or control of Nokia, or available to Nokia from other parties or public sources;
  iv. seek to impose upon Broadcom a greater or different obligation than required by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Eastern District of Texas, or any other applicable statute, rule, or order;
  v. seek information or documents protected by the attorney-client privilege, attorney-work product protection, common interest privilege, and/or any other applicable privilege or protection provided by law;
  vi. request documents or information regarding the trade secrets or other confidential and proprietary information of third parties, or documents or information subject to confidentiality agreements involving third parties, and which are not suitably protected from unwarranted disclosure and use without the consent of such other party;
  vii. seek discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, the Local Rules, or any other applicable order; and/or
  viii. are unreasonably cumulative, redundant, or duplicative of other requests, and/or to the extent they are cumulative and duplicative of other forms of discovery that are more convenient and less burdensome.

Subject to the above objections, Broadcom identifies the documents it produced as a non-party in the previous litigations *TQ Delta, LLC v. 2Wire, Inc.*, Case No. 1:13-cv-01835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies.*, Case No. 1:13-cv-01836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications, et al.*, Case No. 1:13-cv-02013-RGA (D. Del.); and *TQ Delta, LLC v. ADTRAN, Inc.*, Case No. 1:14-cv-00954-RGA (D. Del.), bearing Bates Nos. BRCM000001-BRCM021821, which have been reproduced

ADSERO IP

in this case by Plaintiff TQ Delta. In addition, Broadcom produced responsive, non-privileged documents in its possession, custody, or control, that were located after a reasonable search and inquiry in response to TQ Delta and CommScope's subpoenas with Bates Nos. BRCM021822-BRCM041524. Broadcom also produced responsive, non-privileged documents in its possession, custody, or control, that were located after a reasonable search and inquiry, with Bates Nos. BRCM041525-BRCM041771, in connection with its Additional Disclosures, with respect to Nokia of America Corp.'s claim for indemnity, served concurrently herewith. Broadcom has also made available relevant source code for review pursuant to TQ Delta and CommScope's subpoenas. If Nokia seeks to inspect Broadcom's Source Code, Broadcom once again reiterates its position that Broadcom will respond to any proper subpoena served by Nokia.

Broadcom will continue to make a good faith, reasonable, and diligent effort to locate and produce relevant documents, consistent with its discovery obligations and the above objections. If you contend that there are any deficiencies in Broadcom's document production, please do not hesitate to contact me regarding any specific issues and we can coordinate a lead/local meet and confer as detailed in the current and proposed Discovery Orders.

Sincerely,

*s/Kent T. Dallow*

Kent T. Dallow

cc: Daniel Young
    Ken Chang