**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>   Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>(Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>(Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>   Third-Party Defendants. | |

**REPLY IN SUPPORT OF
OPPOSED MOTION TO ENTER AMENDED DISCOVERY ORDER**

Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") respectfully file this Reply in Support of its Opposed Motion to Enter Amended Discovery Order (Dkt. No. 179). As Third-Party Plaintiff Nokia of America Corp. ("Nokia") raised several factual inaccuracies in its Opposition (Dkt. No. 193), Broadcom replies as follows.

Initially, Broadcom wants to correct the record with respect to the facts regarding Broadcom's involvement in discovery in this case, which Broadcom has been diligently participating in since Nokia opposed Broadcom's Motion to Dismiss (Dkt. No. 114) on April 28, 2022. In fact, two weeks after it filed its Motion to Dismiss, and one day after Nokia filed its Opposition (Dkt. No. 127), Broadcom requested a meet-and-confer to discuss amending the Docket Control and Discovery Orders. *See* Declaration of Kent T. Dallow in Support of Reply in Support of Opposed Motion to Enter Amended Docket Control Order ("Dallow Decl."). Dkt. No.209-1 at ¶¶ 7-8. Counsel for Broadcom then followed up with the parties on four separate instances before counsel for TQ Delta, CommScope, and Nokia were able schedule the first meet-and-confer. *Id*. And after submitting its proposals, Broadcom then followed up with the parties on <u>twelve separate instances</u> before being able to schedule the next meet-and-confer on June 8, 2022. *Id.* at ¶¶ 13, 15. And after additional correspondence establishing the party's relative positions, Broadcom finally was able to circulate final proposals on June 17, 2022, for filing on June 22, 2022. *Id*. at ¶¶ 17-18, 20. Throughout this time, Broadcom also substantively responded to Nokia's Interrogatories and Document Request letter, coordinating the production of 41,771 pages of documents, and addressing TQ Delta's request to review Broadcom's source code pursuant to its subpoena. *Id*. at ¶¶ 18, 21.

Further, Nokia incorrectly asserts that "Broadcom has already responded to TQ Delta's discovery requests and produced certain, but not all, technical documentation, pricing information, and source code. But Broadcom does not want to respond to Nokia's requests for other technical information, licensing information, or pricing information." Dkt. No. 193 at 3. As noted above, Nokia mischaracterizes Broadcom's production, as Broadcom responded to TQ Delta's Third-Party Subpoena (*see* Dallow Decl. at ¶ 21), served March 10, 2022, not those discovery requests of any of the parties whose scope was beyond the claim of indemnification (*see* Dallow Decl. at ¶ 9). In fact, Nokia's claim of severe prejudice is of its own creation, as Nokia could have served its own third-party subpoena on Broadcom at least as early as December 9, 2021, when Nokia identified Broadcom in its Initial Disclosures (as noted by TQ Delta in its Opposition, Dkt. No. 195). To date, Nokia has still not served a third-party subpoena on Broadcom.

As can be gleaned from Nokia's Opposition, Nokia is still trying to impose an obligation on Broadcom "to defend or settle, at its expense, the present infringement claims asserted against Nokia in this lawsuit" even after facing dismissal for its deficient claim for indemnification based on a terminated agreement. Opposition at 3. But the facts are clear: Broadcom has zero obligation to defend Nokia in this lawsuit, Broadcom is not a party to TQ Delta's claim for infringement, and Nokia had the opportunity to request the information it seeks to defend itself via third-party subpoena since at least December 9, 2021.

Thus, for the foregoing reasons, and the reasons stated in its Opposed Motion to Enter an Amended Discovery Order and Opposed Motion to Enter an Amended Docket Control Order (Dkt. Nos. 178, 179), Broadcom requests that its discovery obligations be limited to the sole claim of indemnification directed towards Broadcom, in accordance with Fed. R. Civ. P. 26(b)(1) and CV-26(d). But if the Court determines that Broadcom is subject to such full discovery, then Broadcom

requests the full opportunity to conduct discovery as a party in the underlying case, necessitating the modification of the Discovery Order and extending the majority of the deadlines in the Docket Control Order.

Dated: July 13, 2022

Respectfully submitted:

**ADSERO IP LLC**

*/s/ Melissa R. Smith*
Daniel S. Young
Kenneth S. Chang
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066 (telephone)
(833) 793-0703 (facsimile)
Email: dyoung@adseroip.com
Email: ken@adseroip.com
Email: kdallow@adseroip.com

**GILLAM & SMITH, LLP**
Melissa Richards Smith (State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 13, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

>  */s/ Melissa R. Smith*
>  Melissa R. Smith