IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>      *Plaintiff,*<br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>      *Defendants.* | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>      *Plaintiff,*<br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>      *Defendants.* | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>      *Third-Party Plaintiff,*<br>  v.<br><br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>      *Third-Party Defendants.* | |

**NOKIA'S MOTION TO COMPEL DISCOVERY FROM TQ DELTA**

Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp. ("Nokia") respectfully move the Court for an Order compelling Plaintiff TQ Delta, LLC ("TQ Delta") to produce (1) unredacted copies of documents that TQ Delta has redacted on the basis of sensitivity (and not privilege); and (2) documents presented between TQ Delta and Aware, Inc. ("Aware") during the acquisition of the Asserted Patents which concern their value. The Protective Order in this case, Dkt. 61, contains more than adequate protection to protect TQ Delta's highly confidential information. In view of the Protective Order, TQ Delta's sensitivity concerns are unwarranted. Nokia has produced more than its fair share of sensitive information under the same order. Furthermore, the redacted information is relevant to the valuation of the patent portfolio (*i.e.*, damages). As to the second category of documents, TQ Delta has refused to produce documents evidencing the offers, counter-offers, presentations, and related materials that were exchanged between TQ Delta and Aware during the acquisition of the Asserted Patents from Aware. This information is highly relevant to the damages analysis. Therefore, Nokia respectfully asks the Court to order TQ Delta to provide these documents in unredacted form.

## BACKGROUND

On May 13, 2022, Nokia served a letter to lead counsel of TQ Delta requesting the documents subject to this motion. See Ex. A. TQ Delta has never responded to Nokia's letter. On June 10 and 22, 2022, counsel for Nokia and TQ Delta held two separate meet and confers, and Nokia followed-up with emails on June 15 and 24, 2022. Again, TQ Delta failed to respond to any emails, and continued to delay meaningful discussion regarding the documents subject to this motion because it was "busy with depositions" and its other document production, which has mainly consisted of reproducing documents that were already collected and produced in other pending litigations.

The parties also had a meet and confer with lead and local counsel on July 5, 2022, where the parties concluded they reached an impasse regarding the documents subject to this motion. During all meet and confers, counsel for Nokia made clear that TQ Delta could not unilaterally decide to redact information that is relevant and non-privileged. Rather than address Nokia's concerns substantively, TQ Delta has reiterated how busy it has been reproducing documents already collected, and, that they do not intend to reproduce these documents in unredacted form.[1]

Furthermore, TQ Delta incorrectly represented to Nokia's counsel on multiple meet and confers that it would not un-redact these documents because they were produced *only* in redacted form in other litigations. But that can't be entirely correct because the District Court of Delaware compelled TQ Delta to produce the same category of documents with regard to at least some of the documents requested here. That Court required TQ Delta "to produce each of the documents listed on the redaction log in their unredacted form subject to the protections of the confidentiality order entered in this action." *TQ Delta LLC v. ZyXEL Comm. Inc.*, 1:13-cv-02013, Dkt. 470 at 11 (D. Del. Jan. 31, 2018) (affirmed by Judge Andrews, Dkt. 492 (D. Del. June 8, 2018)). These documents "include[d] seven (7) documents which have been redacted, including a ***limited liability company agreement and certain financial statements***." *Id* (emphasis added). The District of Delaware also found that "TQ Delta redacted these documents to prevent [the party] from possessing the redacted information." *Id.* These documents fall into the same subject matter category as those sought by this motion.

Additionally, the District Court of Delaware ordered "TQ Delta to produce any

---

[1] Nokia has always maintained that its request to TQ Delta encompasses reproducing all redacted documents in unredacted form, subject to legitimate privilege objections. The parties, however, have focused their discussion on certain topics addressed in this motion because they are most time-sensitive to upcoming depositions.

communications between Aware and TQ Delta during the negotiation of the Agreement." *Id.* While the parties in this case have agreed to not *conduct* ESI, Nokia has asked for documents relating to the negotiation of the ▬▬▬▬▬▬▬▬, which governed the acquisition of the Asserted Patents by TQ Delta from Aware. TQ Delta has refused to make any production regarding this negotiation. And while Nokia maintains that TQ Delta does not need to *conduct* ESI discovery for this case, such communications and documents have already been produced in other litigations. Thus, it would not be burdensome for TQ Delta to reproduce such here.

Because TQ Delta's refusal to provide certain discovery is clearly linked to shielding relevant information regarding its patent portfolio, which Nokia believes to be TQ Delta's only asset, Nokia is forced to ask the Court to intervene and compel TQ Delta to produce information essential to the issues of this case.

1. **Redacted Financials (Request Nos. 21 and 59).**[2]

TQ Delta has failed to produce unredacted financial documents. To date, TQ Delta has only produced financials from the time period of ▬▬▬▬. While Nokia is hopeful that TQ Delta will soon produce its missing financials (i.e., ▬▬▬▬)[3], TQ Delta has also indicated that these financials would be produced with the same redactions. Thus, Nokia requests that *all* financials produced in this action be reproduced in unredacted form.

TQ Delta is a non-practicing entity.[4] And because it has no products and sales information,

---

[2] The Request Nos. that are the subject of this motion reference Nokia's original document production letter to TQ Delta dated February 11, 2022, attached to the present motion as Ex. D.

[3] Should TQ Delta fail to produce its financials by the close of business on Friday, July 15, Nokia intends to move this Court to compel TQ Delta to produce its financials dated ▬▬▬▬.

[4] Techquity Capital Management, which advises TQ Delta, LLC, reported to the SEC on June 13, 2022 that it is compensated based on "a percentage of assets under [its] management" and "performance-based fees". https://sec.report/AdviserInfo/Firms/162322/Form-ADV-162322.pdf.

one direct way that Nokia can value TQ Delta's patent portfolio is by evaluating its financial reports, which currently redact the valuation of TQ Delta's patent assets. *See, e.g.,* Ex. B at 6. Furthermore, based on a valuation report prepared on TQ Delta's behalf, Nokia is under the impression that the "TQ Delta Patent Portfolio" ████████████████████████████ ████████████████████████████████████████████████. Ex. C at 8-13.

This Court has previously held that documents may be subjected to redactions only for privilege. *Travelpass Grp. v. Caesars Entm't Corp.*, No. 5:18-cv-153-RWS-CMC, 2021 U.S. Dist. LEXIS 169581, at *39-42 (E.D. Tex. May 11, 2021). TQ Delta, therefore, should produce its financials without redactions unless it provides a compelling reason for why the redactions concern only privileged information.

Accordingly, Nokia respectfully asks that the Court compel TQ Delta to produce all financial information dated ████████ in unredacted form.

2. **Valuation Reports Regarding the Asserted Patents (Request Nos. 31, 32, and 59)**

TQ Delta has refused to produce unredacted documents responsive to this category because these documents contain "privileged" information. If so, TQ Delta has clearly waived such by producing these reports and "cherry-picking" the most relevant passages to redact. For instance, TQ Delta redacted the following sentence: ████████████████████ ████████████████████████████████████████████████ ████████████████████████████ *See* Ex. C at 27. Nokia is entitled to know ████████ ████████████████████████████████████████████ When asked why these documents were generally redacted, TQ Delta responded that its Delaware counsel redacted these for another litigation, but TQ Delta's current counsel provided no substantive response.

Because TQ Delta has produced these documents and redacted the portions it found self-

serving to do so, Nokia asks the Court to compel TQ Delta to produce all valuation reports from ▮ in unredacted form.

### 3. Invoices Paid by TQ Delta to ▮ (Nos. 41, 42, and 59)

TQ Delta has refused to produce unredacted documents responsive to this category because these documents contain "privileged" information. When asked on a meet and confer why TQ Delta redacted the following, ▮ ▮ ▮ TQ Delta gave no substantive answer. *See* Ex. E at 4. These invoices are highly relevant because the ▮ ▮ ▮ ▮ ▮ *See* Ex. F at 2. Furthermore, TQ Delta has failed to produce any invoices dated after ▮. A full comprehensive review of how much both of these individuals have been paid is highly relevant to bias and motivation of these individuals in this case.

Thus, Nokia asks this Court to compel TQ Delta to produce all invoices to date paid out to the ▮ in unredacted form, subject to legitimate privilege objections.

### 4. TQ Delta's LLC Agreements (Nos. 41, 42, and 59)

TQ Delta has produced its LLC Agreement and related amendments in this action, however, it has continued to assert that certain Schedules attached to the ▮ ▮ contain sensitive business information pertaining to investors. *See* Exs. G and H. Again, TQ Delta cherry-picks which information it would like to hide via

redactions without providing any justification for its actions. On one hand, it redacted Schedules A of the  *See* Ex. G. On the other hand, Schedule B is not redacted, but it contains updated ▮▮▮. *Id.* And finally, Schedule C does not redact ▮▮▮. *Id.* TQ Delta should not be so entitled to redact information that is relevant to which companies and/or people have an interest in this litigation[5], and is clearly non-privileged. Furthermore, the District of Delaware compelled the production of the same documents. Thus, Nokia asks this Court to compel TQ Delta to produce all LLC related documents in unredacted form.

**5. TQ Delta's Negotiation Documents Concerning the Acquisition of the Asserted Patents (Nos. 31, 32, and 59)**

The last category of documents pertains to documents which TQ Delta refuses to produce, even in unredacted form. As discussed above, TQ Delta was already required to produce "any communications between Aware and TQ Delta during the negotiation of the Agreement." *TQ Delta LLC v. ZyXEL Comm. Inc.*, 1:13-cv-02013, Dkt. 470 at 11 (D. Del.). This should have encompassed the same documents that Nokia seeks in this action, including, but not limited to,

---

[5] For instance, Schedule C in Ex. G states that ▮▮▮. Techquity Capital Management is an adviser to both Techquity, L.P. and TQ Delta, LLC as recent as June 13, 2022. https://sec.report/AdviserInfo/Firms/162322/Form-ADV-162322.pdfhttps://sec.report/AdviserInfo/Firms/162322/Form-ADV-162322.pdf.

Techquity Capital Management is also indirectly owned by a few investors, including ASD Investments, LLC, owned by Abha Devine who is TQ Delta's sole 30(b)(6) witness in this case to date, and Roche Holdings, LLC, owned by Mark Roche, who is the current Managing Director, Chief Compliance Officer of Techquity Capital Management. *Id.*

offers and counter-offs presented by TQ Delta and Aware, all presentations and technical materials, and already-produced communications between TQ Delta and Aware. As Judge Andrews made clear in his decision regarding the same, TQ Delta and Aware "were sitting on opposite sides of the bargaining table negotiating the sale of a patent portfolio from one to the other" and therefore shared no joint common interest. *TQ Delta, LLC v. ZyXEL Communications, Inc.*, 1:13-cv-02013, Dkt. 534 at 3 (D. Del., June 8, 2018). As TQ Delta's business is to litigate and license as opposed to competing in the marketplace, the negotiation back and forth regarding the acquisition of these patents is highly relevant to determining how the patented technology was previously valued. Thus, Nokia asks the Court to compel TQ Delta to produce all negotiation documents and previously produced negotiation communications regarding the acquisition of the Asserted Patents.

*************************

To date, TQ Delta has refused to produce relevant documents in response to Nokia's requests and routinely fails to commit to producing material in a timely fashion. Because the discovery identified in this motion is critical to Nokia's ongoing expert work for its damages reports, Nokia respectfully asks the Court to order TQ Delta to produce the categories of documents identified in this motion no later than seven (7) days after the Court enters an order compelling their production.

Dated: July 11, 2022

Respectfully submitted,

By: */s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP

One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com
Email: katie.donald@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 11, 2022.

/s/ M. Scott Stevens

M. Scott Stevens

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(i), I hereby certify that counsel for Nokia and TQ Delta participated in a lead and local meet and confer to discuss the issues presented in this motion on multiple occasions, including on Friday, June 10, Wednesday, June 22, and Tuesday, July 5. Beyond conveying its particularized concerns orally on these dates, Nokia also served a letter on May 13, 2022. TQ Delta never provided its formal, written response following any of Nokia's correspondences.

/s/ M. Scott Stevens

M. Scott Stevens

/s/ M. Scott Stevens

M. Scott Stevens