# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>(Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>(Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>    Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE SECOND RESPONSE TO THIRD PARTY PLAINTIFF'S NEW ARGUMENTS AND EVIDENCE**

Broadcom[1] files this motion with reluctance.  As it did once before, Nokia[2] has again improperly introduced new evidence for the first time in its Reply to Third-Party Defendants' Supplemental Briefing (the "Reply") (Dkt. No. 191), thus depriving Broadcom of any opportunity to address the evidence.  As the Court ruled last time (*see* Dkt. No. 187), Broadcom should be afforded an opportunity to respond.  Pursuant to Local Rule CV-7(k), Broadcom respectfully requests leave to file a response to Nokia's new arguments and evidence.  Broadcom's proposed three-page response is being filed immediately after this motion for leave.

Nokia's Reply is the third brief it has filed in opposition to Broadcom's Motion to Dismiss (Dkt. No. 114), but it is the first brief that attaches Exhibit 9, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Nokia argues that this letter supports its argument that it requested indemnification from Broadcom ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Nokia is wrong on the facts, but as it stands Broadcom has been deprived of the opportunity to explain why.

Pursuant to this Court's rules, it is improper for a party to submit new evidence in connection with a reply when that evidence "should have, and could have, been filed at the same time" as the response to the underlying motion.  *Deutsche Bank Nat'l Tr. Co. as Tr. of Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, No. 4:19-CV-00875-ALM-CAN, 2020 WL 7658065, at *7 (E.D. Tex. Nov. 16, 2020), report and recommendation adopted, No. 4:19-CV-00875, 2021 WL 716750 (E.D. Tex. Feb. 24, 2021).

---

[1] "Broadcom" refers to Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd., collectively.
[2] "Nokia" refers to Third-Party Plaintiff Nokia of America Corp.

Broadcom requests the Court permit it to respond if the Court potentially may rely on the new evidence, as the Court did when Nokia improperly introduced new evidence with its Sur-Reply.

Broadcom recognizes that briefing cannot go on endlessly. But that is precisely why there are rules preventing the introduction of new evidence for the first time in Reply briefs. Therefore, Broadcom respectfully requests the Court grant it leave to file a Second Response in Support of its Motion to Dismiss ("Second Response"), which is filed concurrently herewith.

Dated: July 12, 2022      Respectfully submitted:

*/s/ Melissa R. Smith*
Melissa R. Smith
(State Bar No. 24001351)
**GILLAM & SMITH, LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Daniel S. Young
Kenneth S. Chang (admitted *Pro Hac Vice*)
Kent Dallow (admitted *Pro Hac Vice*)
**ADSERO IP LLC**
8210 Southpark Terrace
Littleton, CO 80120
Telephone: (303) 268-0066
Facsimile: (833) 793-0703
Email: dyoung@adseroip.com
Email: ken@adseroip.com
Email: kdallow@adseroip.com

*Counsel for Third-Party Defendants*
*BROADCOM CORP., BROADCOM INC., AND*
*AVAGO TECHNOLOGIES INTERNATIONAL*
*SALES PTE. LTD.*



## CERTIFICATE OF CONFERENCE

On July 12, 2022, counsel for Broadcom contacted counsel for Nokia regarding this motion. Counsel for Nokia stated that it opposed this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

*/s/ Melissa R. Smith*
Melissa R. Smith

3