IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>    (Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>    (Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>    Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' SECOND RESPONSE TO THIRD PARTY
PLAINTIFF'S NEW ARGUMENTS AND EVIDENCE**

Third-Party Plaintiff Nokia of America Corp. ("Nokia") improperly introduces new arguments and evidence in its Reply to Third-Party Defendants' Supplemental Briefing (the "Reply") (Dkt. No. 191), which Broadcom respectfully requests that the Court disregard because the new arguments and evidence are again factually incorrect and procedurally improper.

Factually, the new letter in this instance again demonstrates that the alleged Nokia email is not a valid tender of indemnification and Nokia did not intend it as such. Instead, Broadcom's response ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

As seen above, Nokia again has omitted key information in its Reply, and Nokia's omissions again glare brightly when compared to its ███████████████████████████████████████████████████████████████████████████████████████████████████. *See* Dkt. No. 114-6; *see also* Dkt. No. 70 at 47-48, ¶¶ 17, 21-22; Dkt. No. 127 at 4.[1] As seen its Complaint against Broadcom, Nokia specifically pled that ███████████████████████████████████████████

---

[1] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

██████████████████████████████████ Dkt. No. 70 at 47, ¶ 17.  Nokia reiterated that "█████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

█████████ *Id.* at 47-48, ¶¶ 21-22.  Moreover, in its Opposition, Nokia maintained its sole

reliance on the ████████████ notice date by again stating that ████████████████████████

████████████████████████████████████████████████████████████████████████████████

█████████ Dkt. No. 127 at 4.  ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

Procedurally, introduction of this evidence at this late stage is improper.  In its Reply, Nokia continues to rely on the illusory argument that Broadcom took a new position in its Sur-Reply that necessitated this new evidence.  *See* Dkt. No. 191 at 1 ████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████).  The "new" position, however, is Broadcom's core argument set forth extensively in its Motion to Dismiss and its Reply.  *See, e.g.,* Dkt. No. 114 at 1 ███████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████); *id.* at 3 ██████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

2

███████████████████████████████████████████████████████████████████

████████████████ *id.* at 7 ███████████████████████████████████████

██████████████████████████████████████

Furthermore, Nokia was clearly in possession of this letter prior to filing its Complaint, and this evidence could have been raised in Nokia's Complaint or at least in its Opposition. And tellingly, during the parties meet and confer on July 11, 2022, Nokia would neither confirm nor deny whether it had this letter in its possession prior to filing the complaint. As Nokia is again attempting to game the system by improperly raising new evidence in a last-ditch effort to save its faulty Complaint, the Court should disregard such evidence and not entertain Nokia's improper tactics. *See Deutsche Bank Nat'l Tr. Co. as Tr. of Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, No. 4:19-CV-00875-ALM-CAN, 2020 WL 7658065, at *7 (E.D. Tex. Nov. 16, 2020), report and recommendation adopted, No. 4:19-CV-00875, 2021 WL 716750 (E.D. Tex. Feb. 24, 2021) (holding that it is improper to submit evidence in connection with a reply that "should have, and could have, been filed at the same time" as the response to the underlying motion).

Therefore, Broadcom respectfully requests the Court disregard Nokia's arguments with respect to Exhibit 9 (Dkt. No. 191-3), and for all of the reasons set forth above and in its prior pleadings, Broadcom respectfully requests that this Court grant its Motion to Dismiss (Dkt. No. 114) and dismiss Nokia's Third-Party Complaint (Dkt. No. 70) with prejudice.

Dated: July 12, 2022               Respectfully submitted:


                                   */s/ Melissa R. Smith*
                                   Melissa R. Smith
                                   (State Bar No. 24001351)
                                   **GILLAM & SMITH, LLP**
                                   303 S. Washington Ave.
                                   Marshall, TX 75670
                                   Telephone: (903) 934-8450
                                   Facsimile: (903) 934-9257
                                   Email: melissa@gillamsmithlaw.com

                                   Daniel S. Young
                                   Kenneth S. Chang (admitted *Pro Hac Vice*)
                                   Kent Dallow (admitted *Pro Hac Vice*)
                                   **ADSERO IP LLC**
                                   8210 Southpark Terrace
                                   Littleton, CO 80120
                                   Telephone: (303) 268-0066
                                   Facsimile: (833) 793-0703
                                   Email: dyoung@adseroip.com
                                   Email: ken@adseroip.com
                                   Email: kdallow@adseroip.com

                                   *Counsel for Third-Party Defendants*
                                   *BROADCOM CORP., BROADCOM INC., AND*
                                   *AVAGO TECHNOLOGIES INTERNATIONAL*
                                   *SALES PTE. LTD.*



## CERTIFICATE OF CONFERENCE

On July 11, 2022, counsel for Broadcom contacted counsel for Nokia regarding this motion. Counsel for Nokia stated that it opposed this motion.

                                                    */s/ Melissa R. Smith*  
                                                    Melissa R. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3):

                                                    */s/ Melissa R. Smith*  
                                                    Melissa R. Smith