# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |
| Nokia of America Corp.,<br>    *Third-Party Plaintiff*,<br><br>v.<br><br>Broadcom Corp., *et al.*,<br>    *Third-Party Defendants*. | |

**PLAINTIFF TQ DELTA, LLC'S AND THE BROADCOM THIRD-PARTY DEFENDANTS' JOINT MOTION TO SEVER NOKIA AMERICA'S INDEMNIFICATION CLAIM AGAINST BROADCOM**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 1

III.   APPLICABLE LAW ............................................................................................... 3

IV.    ARGUMENT ........................................................................................................... 3

       A.     Indemnification Claims Are Commonly Severed ....................................... 4

       B.     Severance of the Indemnification Claim Will Lead to Convenience and
              Fairness ........................................................................................................ 5

              1.   The Third-Party Indemnification Claim Depends on Different Factual
                   and Legal Issues ................................................................................ 5

              2.   Nokia's Indemnification Claim Should Be Separately Managed ...... 5

              3.   Broadcom and TQ Delta Will Be Prejudiced Without a Severance ... 6

              4.   Severance Avoids Potential Factual and Procedural Issues ............. 7

       C.     Nokia and CommScope Will Not Be Prejudiced by a Severance ............... 8

       D.     If the Indemnification Claim Is Not Severed, the Trial Will Be Unnecessarily
              Complicated and Create Jury Confusion .................................................. 10

V.     CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bondit LLC v. Hallows Movie Inc.*
   No. 2:19-cv-09832-SB-RAO, 2021 U.S. Dist. LEXIS 77258
   (C.D. Cal. Apr. 20, 2021) ................................................................................................ 4

*Brunet v. United Gas Pipeline Co.*
   15 F.3d 500 (5th Cir. 1994) ............................................................................................. 3

*Calderwood v. Harrison Cnty. Jail*
   No. 2:21-cv-340-RSP, 2022 U.S. Dist. LEXIS 109130 (E.D. Tex. May 26, 2022) ............ 3

*Crossroads Sys. v. Dot Hill Sys. Corp*
   48 F. Supp. 3d 984 (W.D. Tex. 2014) ............................................................................ 10

*CTF, Ltd. v. Encino Energy, L.L.C.*
   No. 20-33233-JDL, 2021 Bankr. LEXIS 1508 (Bankr. W.D. Okla. June 2, 2021) ........... 4

*Delce v. AMTRAK*
   180 F.R.D. 316 (E.D. Tex. 1998) .................................................................................. 10

*In re Chesapeake Energy Corp.*
   No. 21-01021-JDL, 2021 Bankr. LEXIS 1508 (Bankr. W.D. Okla. June 2, 2021) ........... 4

*Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*
   No. 9:07-CV-46, 2008 U.S. Dist. LEXIS 124940
   (E.D. Tex. Jan. 31, 2008) ................................................................................................ 4

*Locke v. Thomas*
   No. 4:20-CV-363, 2020 U.S. Dist. LEXIS 166372 (E.D. Tex. Sep. 11, 2020) .................. 3

*Rice v. Sunrise Express, Inc.*
   209 F.3d 1009 (7th Cir. 2000) ......................................................................................... 8

*ROY-G-BIV Corp. v. FANUC Ltd.*
   No. 2:07-CV-418, 2009 U.S. Dist. LEXIS 37809 (E.D. Tex. Apr. 14, 2009) ................... 7

*Spraytex Inc. v. DJS&T*
   96 F.3d 1377 (Fed. Cir. 1996) ......................................................................................... 8

*Turner Constr. Co. v. Brian Trematore Plumbing & Heating, Inc.*
   No. 07-666 (WHW), 2009 U.S. Dist. LEXIS 92309 (D.N.J. Oct. 5, 2009) ...................... 4

*United States v. 35-37 E. Broadway*
        2013 U.S. Dist. LEXIS 57188 (S.D.N.Y. Apr. 15, 2013) ...................................................... 4

*United States v. O'Neil*
        709 F.2d 361 (5th Cir. 1983) ....................................................................................... 3, 8

*Willyard v. Wal-Mart Stores, Inc.*
        No. 09-cv-295-DRH, 2009 U.S. Dist. LEXIS 48876 (S.D. Ill. June 11, 2009) ................... 4

## **Rules**

FED. R. CIV. P. 14(a)(4) ................................................................................................................. 3

FED. R. CIV. P. 21 ......................................................................................................................... 3

I.    INTRODUCTION

Plaintiff TQ Delta, LLC ("TQ Delta") and Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") request that the Court sever the contract-based indemnification claim that Defendant and Third-Party Plaintiff Nokia of America Corporation ("Nokia America") has asserted against Broadcom into a separate matter.  Nokia America seeks indemnification from Broadcom for its costs and damages, if any, arising from TQ Delta's patent-infringement lawsuit against Nokia.  The indemnification claim is factually and legally distinct from TQ Delta's patent infringement claims against Nokia and CommScope. Severing Nokia America's third-party contract claim against Broadcom into a separate action will streamline this proceeding and avoid incurring undue prejudice against TQ Delta and Broadcom.  Nokia and CommScope oppose this motion.

There are several reasons for severing Nokia America's contract-based indemnification claim.  First, severance will allow discovery related to the indemnification claim to proceed under a schedule tailored to its needs while avoiding incurring prejudice against TQ Delta and Broadcom, which would occur if that claim is shoehorned into this case's already advanced proceedings. Second, procedural complexities, such as the timing of possible appeals, are also avoided by severance.  Third, the benefits of a severance, such as the likely savings of judicial resources, will be incurred without the cost of causing prejudice to Nokia and CommScope.  Fourth, a severance will ensure that the indemnification claim is not tried simultaneously with TQ Delta's infringement claims and avoid unnecessary jury confusion.  Accordingly, TQ Delta and Broadcom respectfully request that the Court grant this Motion.

II.   BACKGROUND

On August 13, 2021, TQ Delta filed its Original Complaint against Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation (collectively

"Nokia"). *TQ Delta, LLC v. Nokia Corp.*, Case No. 2:21-cv-00309-JRG, Original Complaint (Dkt. No. 1) (E.D. Tex. Aug. 13, 2021). TQ Delta alleges that Nokia infringes certain of its patents related to digital subscriber line ("DSL") technology. *Id.* On October 22, 2021, this Court consolidated TQ Delta's case against Nokia with the lead case, Case No. 2:21-cv-00310 (*id.* at Dkt. No. 21), which is a related suit against CommScope regarding DSL technology. On December 9, 2021, Nokia served Initial Disclosures in which it identified Broadcom as a potential party.

Nokia filed its Answer to TQ Delta's Original Complaint on January 28, 2022. (Dkt. No. 70). Within its Answer, Nokia America included a Third-Party Complaint, asserting, under Federal Rule of Civil Procedure ("Rule") 14, indemnification from Broadcom. *Id.* at p. 42. Nokia America alleges that, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ under which Broadcom ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at p. 46. Nokia apparently alleges that it can claim the benefit of this agreement. (*See* Dkt. No. 70 at p. 47). This ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ ("Purchase Agreement"), Nokia America alleges, ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at p. 46.

On April 14, 2022, Broadcom filed a motion to dismiss Nokia America's indemnification claim under Rules 12(b)(1), 12(b)(3), and 12(b)(6). (Dkt. No. 114). The Court has yet to enter its order on that motion.

Under the docket control order (Dkt. No. 62), fact discovery closes and opening expert reports are due on August 15, 2022; expert discovery is set to conclude on September 19, 2022;

2

the pre-trial conference is scheduled for November 28, 2022; and jury selection is set to begin on January 2, 2023.

### III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 21, "[a] claim against a party may be severed and proceeded with separately." FED. R. CIV. P. 21. "Rule 21 severance 'creates two separate actions where previously there was but one.'" *Locke v. Thomas*, No. 4:20-CV-363, 2020 U.S. Dist. LEXIS 166372, at *2 (E.D. Tex. Sep. 11, 2020) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)). "Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences." *Calderwood v. Harrison Cnty. Jail*, No. 2:21-cv-340-RSP, 2022 U.S. Dist. LEXIS 109130, at *4 (E.D. Tex. May 26, 2022). "[D]istrict courts have broad discretion to sever claims under Rule 21." *Id.* (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)).

Nokia America brought a third-party claim under Rule 14. That Rule provides explicitly that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." FED. R. CIV. P. 14(a)(4). As stated by the "Notes of Advisory Committee on Rules—1963 Amendment," "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." FED. R. CIV. P. 14(a)(4) (1963 Advisory Committee Notes).

### IV. ARGUMENT

The Court should sever from this action the indemnification claim made by Nokia America against Broadcom.

3

### A.     Indemnification Claims Are Commonly Severed

Federal courts commonly sever claims for indemnification.  *See Bondit LLC v. Hallows Movie Inc.*, No. 2:19-cv-09832-SB-RAO, 2021 U.S. Dist. LEXIS 77258, at *3 (C.D. Cal. Apr. 20, 2021) ("Severance appears appropriate for the prompt and efficient disposition of this litigation. Moreover, the cross-claim for indemnity appears undisputedly discrete and separate from Plaintiff's claims"); *United States v. 35-37 E. Broadway*, 2013 U.S. Dist. LEXIS 57188, at *6–7 (S.D.N.Y. Apr. 15, 2013) (finding "Won & Har's and Gao's indemnification rights are also a separate issue from the merits of the forfeiture" and severing claims); *Turner Constr. Co. v. Brian Trematore Plumbing & Heating, Inc.*, No. 07-666 (WHW), 2009 U.S. Dist. LEXIS 92309, at *13–14 (D.N.J. Oct. 5, 2009) ("Claims for contribution and indemnification are severable under Rule 21 from the underlying primary liability claims."); *Willyard v. Wal-Mart Stores, Inc.*, No. 09-cv-295-DRH, 2009 U.S. Dist. LEXIS 48876, at *4 (S.D. Ill. June 11, 2009) (finding "the indemnification claim is a discrete and separate claim, capable of being severed from the rest of Plaintiffs' claims" and severing third-party indemnification claim); *CTF, Ltd. v. Encino Energy, L.L.C. (In re Chesapeake Energy Corp.)*, Nos. 20-33233, 21-01021-JDL, 2021 Bankr. LEXIS 1508, at *30 (Bankr. W.D. Okla. June 2, 2021) (finding "third-party petition for indemnification, is necessarily dependent on the outcome of, but is not an integral part of, Plaintiffs' claims against [Defendant]. The indemnification issues are separate and discrete from Plaintiffs' claims" and severing claim); *see also Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, Civil Action No. 9:07-CV-46, 2008 U.S. Dist. LEXIS 124940, at *10 (E.D. Tex. Jan. 31, 2008) (stating, in the context of a motion to dismiss for improper venue filed by the third-party defendant, "BSN's cause of action involves indemnification of BSN's liability and has nothing to do with the alleged infringing activities at the core of this suit.").

### B. Severance of the Indemnification Claim Will Lead to Convenience and Fairness

#### 1. The Third-Party Indemnification Claim Depends on Different Factual and Legal Issues

Nokia America's indemnification claim is factually and legally separable from TQ Delta's patent infringement claims. The factual showings relevant to the issues of infringement and validity share little or no overlap with the factual showings relevant to Nokia America's claim of indemnification. The evidence used to prove the infringement of TQ Delta's valid and enforceable patents will center around the operation and use of the accused products. In stark contrast, the evidence used in litigating Nokia America's indemnification claim will center around the interpretation and performance of the relevant provisions in the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ executed by Nokia America and Broadcom, which has nothing to do with TQ Delta.

The witnesses and documentary evidence relevant to the infringement, validity, and damages issues arising from TQ Delta's patent infringement claims will be entirely different from the witnesses and documentary evidence relevant to Nokia America's indemnification claim. TQ Delta's trial would look like a traditional patent-infringement trial, and Nokia America's trial would look like a standard breach-of-contract trial.

#### 2. Nokia's Indemnification Claim Should Be Separately Managed

Severing the indemnification claim into a separate action will allow the claim to be governed by its own precisely tailored discovery order, protective order, and, most importantly, a docket control order with deadlines that allow Nokia America and Broadcom ample time to conduct discovery regarding the indemnification issues and with its own trial date. It will lead to efficiency and a more effective means of resolving the indemnification dispute between Broadcom and Nokia America. The fact that Broadcom has, in this matter, filed three opposed motions—one seeking an amended docket control order (Dkt. No. 178), a second seeking an amended

discovery order (Dkt. No. 179), and a third seeking an amended protective order (Dkt. No. 194)—plainly demonstrates that interests at play concerning the indemnification case are divergent from those possessed by TQ Delta and the Defendants in the patent-infringement case. The indemnification case could better be served in a separate action. As Broadcom has explained in its opposed motions, it was belatedly joined in this action—Nokia was sued in August 2021, but it did not file a third-party complaint against Broadcom until January 28, 2022, despite disclosing in its Initial Disclosures, served on December 9, 2021, that Broadcom was a potential party. Broadcom was not present for the scheduling conference, which was held on November 18, 2021 (*see* Dkt. No. 27), nor was it involved in the parties' discussions leading to the governing docket control, discovery, and protective orders. Broadcom has requested that it only be subject to party discovery relevant to Nokia America's indemnification claim (*see* Dkt. No. 179). However, if the Court denies this request, Broadcom has requested a continuance of the trial date by four months (*see id.*).

### 3. Broadcom and TQ Delta Will Be Prejudiced Without a Severance

Without a severance, either Broadcom or TQ Delta will be unduly prejudiced. Under the current schedule, there are less than six weeks before the close of discovery, and expert reports are due. And there are specific current deadlines that Broadcom cannot meet despite its diligence. For example, the deadlines for Initial and Additional Disclosures and Substantial Completion of Document Production had already passed before the parties began negotiating a revised Docket Control Order.[1]

---

[1] To the extent the parties in the patent-infringement suit need discovery from Broadcom related to the claims specific to that action, Broadcom has agreed it will provide it through the process of service of a subpoena under Rule 45.

On the other hand, if certain deadlines are extended, and the trial date is continued (for up to four months under Proposal B, which assumes Broadcom is subject to full discovery on all the parties' claims and defenses, of Broadcom's pending Motion to Amend Docket Control Order, Dkt. No. 178), then TQ Delta would incur unfair prejudice by the prolonged delay in the vindication of its patent rights.  A long delay in the trial date would give Nokia and CommScope an unfair advantage, which likely explains why CommScope opposes this motion even though it has no role in the Nokia America-Broadcom indemnification fight and Broadcom has informed CommScope that it will not seek discovery from CommScope.

Severance is the best option under the circumstances for these reasons, in addition to those explained below. A severance would avoid undue prejudice on TQ Delta and Broadcom and avoid the procedural problems presented by Nokia America's indemnification claim.  The preceding considerations are sufficient, in and of themselves, to grant a severance.  *See ROY-G-BIV Corp. v. FANUC Ltd.*, No. 2:07-CV-418, 2009 U.S. Dist. LEXIS 37809, at *4–5 (E.D. Tex. Apr. 14, 2009) ("Because Defendants' two counterclaim patents deal with relatively distinct technology and because this case would be unduly delayed if those patents remain in this case, the Court finds that Defendants' infringement counterclaims against RGB warrant a severance pursuant to Rule 21.").

### 4.     Severance Avoids Potential Factual and Procedural Issues

The contingent nature of Nokia America's indemnification claim also weighs in favor of severance.  If severed, that claim could be purposely scheduled for trial after the trial of TQ Delta's patent infringement claims against Nokia.  Regardless of how those claims are ultimately resolved, much useful light will be shed on the merits and extent of Nokia America's indemnification claim.  At the very least, Nokia America will have a certain dollar figure it believes it is owed by Broadcom.  As matters currently stand, only one trial date exists for all the claims within the consolidated actions.  This possibility of altering or mooting Nokia America's indemnification

claim weighs in favor of severance. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1009, 1016 (7th Cir. 2000) (holding severance of indemnification claim to be proper under Rule 21 and stating: "Because Gainey did not face primary liability, and, in all likelihood, no liability at all, its presence was not necessary, and in the view of the district, its removal significantly simplified the case.").

Severing the indemnification claim will also avoid the potential problems of having to delay an appeal if a judgment on that claim is reached before the judgment of the other claims in the consolidated action. *See Spraytex Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996) ("[A]bsent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case."). If severed, the appeal process for the indemnification claim may proceed indifferent to the state of the remaining claims, leading to a more timely and efficient use of judicial resources. *See United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) ("Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two action notwithstanding the continued existence of unresolved claims in the other."). For instance, if Broadcom is successful in its effort to receive a pre-trial judgment in its favor, it may have to wait in suspense until the other claims are finally resolved and Nokia America is able to pursue its attempts at appealing the judgment. A severance lets the cases proceed as properly separate claims.

      C.    **Nokia and CommScope Will Not Be Prejudiced by a Severance**

The two parties who opposed this motion—Nokia and CommScope—will not be prejudiced by a severance. In its opposition to Broadcom's motion to amend the Discovery Order, Nokia America argues that it needs to obtain certain information from Broadcom—such as information on the chipsets it has supplied to Nokia—to litigate its defenses against TQ Delta's infringement claims. (*See* Dkt. No. 193). But Nokia America has not shown why this information could not be obtained by issuing a subpoena to Broadcom concerning any issues unrelated to its

8

indemnification claim. Nokia America did not even try to obtain this information through a subpoena. On December 9, 2021, Nokia America served Initial Disclosures in which it identified Broadcom as a potential party, but it did not try to obtain discovery on any issue from Broadcom via a subpoena. In fact, Nokia America waited nearly two months, until January 28, 2022, to file its Third-Party Complaint against Broadcom. If Nokia America had been diligent in seeking discovery from Broadcom about infringement or damages issues, it would have promptly served a subpoena to Broadcom.

Broadcom has since expressly represented that it is willing to provide Nokia America "any required discovery" in response to a properly served subpoena. (Dkt. No. 179 at 3 n.1) ("Broadcom has repeatedly informed Nokia that it is willing to agree to accept service and substantively respond to a duly issued subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."). Thus, Nokia America can obtain the relevant infringement and damages related evidence it believes is possessed by Broadcom even if its indemnification claim is severed into a separate action.

CommScope, who is not implicated in any legal or factual way by Nokia America's indemnification claim, will experience no impact on its ability to litigate its case if a severance is granted. On April 25, 2022, CommScope issued a subpoena to Broadcom for documents, primarily relating to DSL chipsets, technologies, patents, and source code. Thus, a severance has not and will not substantively change CommScope's access to information from Broadcom.

Accordingly, neither Nokia nor CommScope can show why they will be unfairly prejudiced by a severance.

### D. If the Indemnification Claim Is Not Severed, the Trial Will Be Unnecessarily Complicated and Create Jury Confusion

"Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences." *Delce v. AMTRAK*, 180 F.R.D. 316, 319 (E.D. Tex. 1998). Such is the situation here. As Nokia America's indemnification claim is both factually and legally distinct from TQ Delta's patent infringement claims, any jury presented with both at the same time would almost certainly be unduly confused. The jury would not only have to endure a crash course in the highly complex area of federal patent law, but it would also have to layer on top of that the law applicable to contract interpretation. The source of the latter will be state law or, even possibly, international law.[2] *See Crossroads Sys. v. Dot Hill Sys. Corp.*, 48 F. Supp. 3d 984, 988 (W.D. Tex. 2014) (applying Texas law to interpret provisions within a patent license agreement). While trying to keep straight which body of law to apply, the jury will be confronted with diverse factual scenarios. On the one hand, the development and operation of technically complex DSL products and DSL standards and, on the other, the formation and performance of a ▮▮▮ contract. This amalgamation would leave the jury with the task untangling a legal and factual Gordian knot.

For example, one of Broadcom's defenses to Nokia America's claim is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Dkt. No. 114). In addition to having to examine the relevant provisions in the contract (and the relevant provisions within the amendments to the contract, of which there are multiple), the jury will hear about the multiple letters and communications exchanged between Broadcom and Nokia America ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. All the while the jury will have to keep in

---

[2] The Purchase Agreement contains a choice-of-law clause selecting as the law applicable to its interpretation as that of the United Kingdom and Wales. (Dkt. No. 114-2, Exh. A at ¶ 21). A subsequent amendment to the Purchase Agreement selects the law of New York as applicable. (Dkt. No. 114-3, Exh. B).

10

its mind the facts relevant to TQ Delta's infringement claims, such as the method of interleaving that is used in correcting errors in information passed between DSL products. The potential of jury confusion is high and should be avoided.

## V. CONCLUSION

For the foregoing reasons, TQ Delta and Broadcom respectfully request that the Court sever from this action the indemnification claim asserted against Broadcom by Nokia America.

Dated: July 13, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**

213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff TQ Delta, LLC*

**ADSERO IP LLC**

/s/ Kent T. Dallow *(with permission)*
Daniel S. Young
Kenneth S. Chang
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
(303) 268-0066 (telephone)
(833) 793-0703 (facsimile)

**GILLAM & SMITH, LLP**
Melissa Richards Smith (State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 13, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III<br>William E. Davis, III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between movants TQ Delta and Broadcom and non-movants Nokia and CommScope have conclusively ended in an impasse and that this motion is opposed.  The discussions that occurred between the parties include:

- On July 12, 2022, counsel for Nokia and counsel for TQ Delta met and conferred by telephone regarding this Motion.  No agreement could be reached because Nokia would not agree to a severance of Nokia America's indemnification claim.

- On July 12, 2022, counsel for CommScope, counsel for Broadcom, and counsel for TQ Delta met and conferred by telephone regarding this Motion.  No agreement could be reached

because CommScope would not agree to a severance of Nokia America's indemnification claim.

/s/ William E. Davis, III
William E. Davis, III