IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>　　　　　　*Plaintiff*,<br>　　v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,**<br>　　　　　　*Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>　　　　　　*Plaintiff*,<br>　　v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>　　　　　　*Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |
| **NOKIA OF AMERICA CORP.,**<br>　　　　　　*Third-Party Plaintiff*,<br>　　v.<br><br>**BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,**<br>　　　　　　*Third-Party Defendants*. | |

**NOKIA'S OPPOSITION TO BROADCOM'S
<u>SECOND MOTION FOR LEAVE TO FILE A SECOND ADDITIONAL RESPONSE</u>**

██████████████████████████████████

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | The Court May Decide This Issue Without Additional Briefing | 1 |
| III. | Nokia's Evidence Merely Rebuts Broadcom's New Argument | 2 |
| IV. | Broadcom Fails to Recognize the Importance of Nokia's Exhibit 9 | 3 |
| V. | Conclusion | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Litton Financial Printing Division v. NLRB*,
   501 U.S. 190, 208 (1990)........................................................................................................2

*Lynch v. Union Pac. R.R. Co.*,
   No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674 (N.D. Tex. Nov. 6, 2015).....................2

I.  **INTRODUCTION**

Seeking its *fourth* brief on the issue, Broadcom unnecessarily belabors the record related to its Motion to Dismiss (Dkt. 114, "Broadcom Mtn to Dismiss") by filing its Second Motion for Leave to File a Second Additional Response (Dkt. 205, "Second Mtn. Leave").  Further briefing is simply unnecessary—the question of whether Nokia's impleader claim is facially plausible is already well briefed.

II. **THE COURT MAY DECIDE THIS ISSUE WITHOUT ADDITIONAL BRIEFING**

Nokia's position is clear.  Broadcom is obligated to indemnify Nokia ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nokia's right to indemnification ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Further, Nokia expressly requested indemnification from Broadcom ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Accordingly, based on the language ▇▇▇▇▇, and Nokia's express request for indemnification, Nokia's impleader claim is (far more than) facially plausible.

Broadcom once again muddies this straightforward inquiry.  The scope of additional briefing requested by Broadcom relies on Broadcom's incorrect assumption that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Dkt. 133 ("Broadcom's Reply") at 5.  But the language of the ▇▇ does not carry such a requirement.  Rather, the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. C to Broadcom Mtn to Dismiss.  As explained at length in Nokia's Opposition, Dkt. 127, and Nokia's Sur-Reply, Dkt. 139, this indemnification obligation ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Specifically, because rights "which accrued or vested under the agreement, as a

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

general rule, survive termination of the agreement," here, Broadcom's indemnification obligation to Nokia ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Litton Financial Printing Division v. NLRB*, 501 U.S. 190, 208 (1990). This Court need not extend its inquiry beyond this point to deny Broadcom's motion to dismiss. Accordingly, additional briefing from both parties is likewise unnecessary.

### III. NOKIA'S EVIDENCE MERELY REBUTS BROADCOM'S NEW ARGUMENT

Broadcom introduced a new (and incorrect) argument in this case and, as such, Nokia was entitled to respond to that argument with appropriate evidence. Recognizing that it could not hide behind ▉▉▉▉▉▉▉▉▉▉▉▉▉, Broadcom shifted its argument in its reply and asserted that Nokia's right to indemnification ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ because Nokia's claim for indemnification had to be *made* ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Broadcom's Reply at 2. Nokia's briefing and evidence that has since been filed evinces Broadcom's internally-contradictory position—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Broadcom cannot have it both ways.

Nokia introduced Exhibit 8 in its sur-reply in direct response to Broadcom's newly asserted (and plainly incorrect) theory requiring a triggering event. Where arguments are "specifically directed at and responsive to arguments and evidence" from responsive briefing, those matters are not considered "raised for the first time." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 U.S. Dist. LEXIS 152674, at *2 (N.D. Tex. Nov. 6, 2015). In the same vein, Exhibit 9 was introduced as explanation for why Broadcom did not challenge Nokia's assertion in its sur-reply ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Both Exhibit 8 and Exhibit 9 were introduced in response to Broadcom's new and incorrect theory requiring a pre-termination triggering event. Broadcom is thus not entitled to additional briefing on this point.

███████████████████████████████████████████████████

### IV. BROADCOM FAILS TO RECOGNIZE THE IMPORTANCE OF NOKIA'S EXHIBIT 9

Even if the ████████████████████████████████████████ ███████ Broadcom cannot reasonably argue that there was ████████████ as demonstrated by Nokia's Exhibit 8 and Nokia's Exhibit 9. Exhibit 8 shows ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████ Likewise, Exhibit 9 clearly demonstrates that ████████ ████████████████████████████████████████████████████████████

*And, indeed, Broadcom has yet to challenge Nokia's assertion that Nokia repeatedly approached Broadcom regarding indemnification.*

As with Broadcom's first motion for leave to file an additional response, here Broadcom intends to challenge the sufficiency of Nokia's evidence without appreciating its import. Specifically, Nokia introduced ████████████████████████████████████████████ ████████████████████ as support for the argument that Broadcom had not challenged the fact that Nokia had repeatedly requested indemnification from Broadcom ████████████████ ████████████████████████. And that is exactly what Exhibit 9 demonstrates.

In its proposed response, Broadcom takes the position that it was only in Nokia's ███ request for indemnity that "it is clear that Nokia actually intended to request indemnity." Dkt. 206 at 1. But Broadcom plainly overlooks the fact that ████████████████████████████ ████████████████████████████████████████████████████████████ Ex. 9 at 1. Specifically, ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

---

[1] Nokia has since acquired Alcatel-Lucent.

3

████████████████████████████████████████

████████ *Id.* Accordingly, Broadcom cannot reasonably assert that ████████████████

████████████████████████████ Broadcom's late challenge to Nokia's request for indemnity is thus meritless, and so additional briefing is not warranted.

## V. CONCLUSION

Nokia respectfully requests that the Court deny Broadcom's Second Motion for Leave to File a Second Additional Response.

███████████████████████████████

Dated: July 18, 2022					Respectfully submitted,

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nicholas C. Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

5

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Counsel for Defendants*
*Nokia Corporation,*
*Nokia Solutions and Networks Oy, and*
*Nokia of America Corporation, and*
*Third-Party Plaintiff Nokia of America*
*Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on counsel of record via e-mail on July 18, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Nokia is authorized to file this document under seal pursuant to Paragraph 16 of the Protective Order and Local Rule CV-5(a)(7) because it contains confidential material.

/s/ *M. Scott Stevens*
M. Scott Stevens

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 20, 2022, on all counsel who have consented to electronic service via ECF.

/s/ *M. Scott Stevens*
M. Scott Stevens
