**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQ DELTA, LLC,** *Plaintiff,* v. **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** *Defendants.* | CIV. A. NO.  2:21-CV-310-JRG (Lead Case) |
| **TQ DELTA, LLC,** *Plaintiff,* v. **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,** *Defendants.* | CIV. A. NO.  2:21-CV-309-JRG (Member Case) |
| **NOKIA OF AMERICA CORP.,** *Third-Party Plaintiff,* v. **BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,** *Third-Party Defendants.* | |

**NOKIA'S OPPOSITION**
**TO BROADCOM'S MOTION TO ENTER AN**
**AMENDED PROTECTIVE ORDER**

Because the Court's Protective Order already provides the requisite protection for the production of source code, Nokia of America Corp. ("Nokia") opposes the Motion to Enter Amended Protective Order (Dkt. No. 194) filed by Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom").

Per Broadcom's pending motions to amend the Docket Control Order (Dkt. No. 178) and the Discovery Order (Dkt. No. 179), Broadcom has yet to participate in discovery and has sought to limit its discovery obligations to Nokia's indemnification claim against Broadcom. Broadcom is in possession of information relevant to every aspect of this case. Indeed, Broadcom also recognizes that it may be subject to full discovery, in which case Broadcom now seeks to amend the existing Protective Order. Broadcom's motion does not describe the amendments or demonstrate good cause to amend the existing Protective Order. Rather, without any discussion or explanation of the amendments, Broadcom merely attaches a revised proposal and declares the revisions to be "minor" and "narrowly tailored" and "reasonable." Mot. at 3.

They are not. The requested amendments involve numerous overly-restrictive changes to the Protective Order's Source Code provisions. Even a cursory review of the proposed amendments reveals that the changes are extensive. Collectively, Broadcom's proposed changes add several pages of new material to the existing Protective Order, impacting at least sixteen separate provisions. *See* Mot. Ex. A at 2, 5, 7–11. As one example, Broadcom proposes changing how a receiving Party may request source code printouts, shifting from a simple 4-line description of that process (existing § 10(h)) to an onerous and complicated 23-line description (proposed replacement § 10(h)). *See id*. at 10. Nokia thus opposes the proposed amendments as unnecessary and overly burdensome. Broadcom's changes seek specialized treatment for this case that would unduly restrict the parties' review of Broadcom's source code. For example, Broadcom seeks to

impose a lengthened notice period[1], limited review hours[2], and restricted time and page limitations for requests of source code printouts.[3] *Id.* Such changes would prejudice the parties in their source code review. These restrictions are unwarranted, particularly since this case involves (as to Nokia) 14 patents, 33 Accused Products, 18 Broadcom chipsets, and Source Code for all of the Accused Functionality. Broadcom's proposed page limitations, for example, would effectively limit Nokia to just 7.5 pages of source code printouts per patent, per chipset. Such limitations are not only unnecessary but unwarranted. The parties need flexibility to obtain source code discovery efficiently and effectively, and Broadcom's proposed restrictions would undermine that need.

Broadcom's source code is a critical aspect of this litigation.  TQ Delta's contentions as to each of the seven patent families are directed to functionality alleged to reside on the various Broadcom chipsets—regardless of whether the family is asserted to comprise essential or implementation patents.  TQ Delta has licensed Infineon/Lantiq/Intel/MaxLinear chipsets, so *all* of the Nokia Accused Products use the Broadcom Chipsets.  Much of the trial will focus not on Nokia, but instead on Broadcom from whom reasonable access to Source Code is a necessity.

Moreover, Broadcom has not demonstrated good cause why the existing Protective Order is insufficient and must be amended. The existing Protective Order adopts this Court's model Protective Order (with one change to the opening paragraph not pertinent here), and thus adopts this Court's standard protections for Source Code—for which neither TQ Delta, Nokia, nor

---

[1] Broadcom proposes a notice period of 5 days prior to review. Mot. Ex. A. at 8. Under the existing Protective Order there is no set notice period.

[2] Broadcom proposes reduced review hours, limited to 9:00 a.m. – 5:00 p.m. instead of the existing 8:00 a.m. – 6:00 p.m.  Mot. Ex A. at 7.  Limiting the hours is unwarranted and could require the parties' experts and source code reviewers to spend additional days at the review location.

[3] Broadcom proposes permitting a Receiving Party to request only "1,900 total pages and 60 consecutive printed pages of Source Code Material." Mot. Ex A. at 10. Under the existing Protective Order, a Receiving Party may request "reasonable" total pages and consecutive pages.

CommScope had any objection. Those protections are sufficient to protect Broadcom's interests, just as they are sufficient to protect the other parties' interests. For instance, Nokia itself is producing Source Code in this action, and thus is abiding by the terms of the existing Protective Order. There is no reason for Broadcom to be treated differently, and there is certainly no reason for Broadcom to impose its restrictions on all parties through its proposed amendments.

Broadcom's discovery obligations in this case should be subject to the existing Protective Order. Broadcom has not demonstrated good cause to amend the Order. And as shown above, Broadcom's proposals seek restrictions that would hinder the parties' abilities to obtain full discovery, particularly given the size and breadth of this case. For these reasons, Nokia respectfully requests that the Court deny Broadcom's request for an Amended Protective Order.

Dated: July 20, 2022

Respectfully submitted,

By: */s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com
Email: katie.donald@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com

Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation and Nokia Solutions*
*and Networks Oy and*
*Defendant/Third-Party Plaintiff*
*Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served electronically on July 20, 2022, on all counsel who have consented to electronic service via ECF.

 /s/ *M. Scott Stevens*
M. Scott Stevens