# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 2:21-CV-00310-JRG<br>(Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG<br>(Member Case)<br><br>███████████ |
| NOKIA OF AMERICA CORP.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>    Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' MOTION FOR PROTECTIVE ORDER FROM THIRD-PARTY PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION**

i

I.    **INTRODUCTION**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") hereby move for a protective order to prevent Third-Party Plaintiff Nokia of America Corp.'s ("Nokia") from deposing Broadcom pursuant to its 30(b)(6) Deposition Notice ("Notice"[1]), as most of the discovery Nokia seeks in the Notice have no connection to Nokia's sole claim of indemnification against Broadcom. Furthermore, the Notice is overly burdensome and not proportional to the needs of this case and can be obtained through less burdensome means. As Broadcom's Motion to Dismiss (Dkt. No. 114), and related briefing, lay out the full basis for why Nokia's claim for indemnification is deficient, and given the other information Nokia seeks is better sought through discovery of the parties involved in the claim for infringement, Broadcom respectfully requests that the Court grant this motion.

II.   **BACKGROUND**

On February 10, 2022, Nokia served Broadcom with its Third-Party Complaint for Indemnification (the "Complaint," Dkt. No. 70). Thereafter, on April 1, 2022, Broadcom sent a letter to Nokia, attaching its proposed Motion to Dismiss, identifying the deficiencies in Nokia's Complaint ███████████████████████████, and offering to "accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta." Dkt. No. 209-1 at ¶ 5. As Nokia maintained its deficient Complaint, on April 14, 2022, Broadcom filed its Motion to Dismiss (Dkt. No. 114), currently pending before the Court.

---

[1] A copy of the topics excerpted hereto is attached Exhibit A.

Despite Broadcom's willingness to accept service, Nokia has not served a subpoena on Broadcom for discovery related to TQ Delta's claims of Nokia's infringement and instead maintains its deficient Complaint for the purpose of improperly seeking party discovery from Broadcom with respect to claims to which Broadcom is not a party. Nokia has continued this pattern of improper discovery with serving the Notice of 30(b)(6) deposition that is the subject of this motion on June 16, 2022. Broadcom and Nokia conferred on July 18, 2022, where Broadcom offered to stipulate to provide a witness on the indemnification and related administrative and evidentiary topics once the Court ruled on the pending Motion to Amend the Docket Control Order, Motion to Amend the Discovery Order, and/or Motion to Dismiss (if still necessary). Dkt. Nos.178, 179, and 114. In addition, Broadcom again reiterated its position that it would accept service and substantively respond to a duly issued third-party subpoena on the infringement related topics if Nokia withdrew its Notice. As Nokia would not agree, Broadcom served its Objections and Responses to the Notice on July 18 and now files the instant Motion.

### III. LEGAL STANDARD

"At some point [] discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. 2016); *see also Oliva v. USA Truck, Inc.,* No. 3:18-CV-2814-E, 2019 WL 12379196, at *3 (N.D. Tex. 2019). Indeed, "[d]iscovery is not a license for the plaintiff to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015).

"Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990). A party "from whom discovery is sought may

move for a protective order in the court where the action is pending," and a court "may, for good cause, issue an order to protect" the party. Fed. R. Civ. P. 26(c)(1). A court must limit proposed discovery that it determines is not proportional to the needs of the case. "Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 259 (5th Cir. 2019).

IV.   ARGUMENT

   A.   **Nokia's Claim for Indemnification is a Pure Question of Contract Interpretation**

There is only one claim and defense at issue between Nokia and Broadcom, Nokia's Claim for Indemnification, and this is a purely contractual claim regarding the interpretation of the Agreement. Under ▇▇▇ New York Law, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence. *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 976 F.3d 239, 249 (2d Cir. 2020); *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003). Thus, discovery should be properly limited to determining if Nokia made a valid claim for indemnification under the Agreement, and any additional discovery requested is an overly burdensome fishing expedition. *See Alvarado v. State Farm Lloyds*, No. 7:14-CV-166, 2015 WL 12941979, at *3–4 (S.D. Tex. 2015).

As seen in Topics 1-3, Nokia is seeking broad discovery regarding Broadcom's claim that it is not obligated to indemnify and hold harmless Nokia with respect to TQ Delta's infringement allegations. With respect to Topic 1, this discovery is better sought through written discovery as

3

Broadcom has fully laid out the basis for its claim in its Motion to Dismiss and related briefing, as well as Broadcom's response to Nokia's near identical Interrogatory, and has produced documents and responded to Nokia's interrogatories on these topics. Dkt. 209-1 at ¶ 18. As Nokia's claim for indemnification is a purely contractual claim, any additional discovery is not likely to lead to any additional relevant information. The analysis is similar with respect to Topic No. 2, especially considering the information sought is also in Nokia's possession, and Broadcom has already produced documents and responded to Nokia's Interrogatories on these issues subject to its objections.

Turning to Topic 3, here Nokia seeks the overbroad deposition testimony regarding "Indemnification requests made by Third Parties in relation to the Asserted Patents or DSL Technology." Under ▬▬▬▬ New York law, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence. *Compania Embotelladora Del Pacifico, S.A.* 976 F.3d at 249. It is Broadcom's position that the indemnification provision in the Agreement is clear and unambiguous, and Nokia agrees, thus conceding the irrelevancy of this information. Dkt. No. 114 at 6. Furthermore, if any parol evidence is necessary for the interpretation of the Agreement at issue, evidence of other dealings between Nokia and Broadcom would be the most relevant, and this information is already in Nokia's possession, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. No. 133 at 7-8.

      **B.**    **Nokia's Deposition Topics Regarding TQ Delta's Claim for Infringement Are Unduly Burdensome on Non-Party Broadcom and Not Proportional to the Needs of the Case**

Spurned after learning of its deficiencies in contract negotiation and pre-suit investigation, Nokia is now harassing Broadcom in an attempt to pass along its defense, from itself to Broadcom, from TQ Delta's claims of infringement. As Broadcom is not a party to TQ Delta's claims of

infringement against Nokia, Broadcom should not be subject to full party discovery on such claims where Broadcom is not a party.[2]

Generally, Broadcom notes that Topics 4-17 and 23-28 involve information that is in the possession of a party to TQ Delta's infringement claims, including TQ Delta, Nokia, and Commscope[3], as well as the parties to the previously-filed Related Litigations.[4] This includes the information contained in the 41,771 pages of documents that Broadcom has produced in this case, and/or consented to be produced from the previous litigations, in addition to the license agreements and damages documents produced by the parties to Related Litigations and the present case. Importantly, this includes access to the review of Broadcom's highly confidential source code, which Nokia has commenced reviewing as of today, July 18, 2022. Thus, the information sought via deposition is available via less burdensome means, including written discovery, and Nokia has not shown how this information is necessary given the undue burden on non-party Broadcom. In addition to the objections noted above and in its Objections and Responses to Nokia's 30(b)(6) Notice of Deposition, Broadcom has identified additional specific objections to the following Topics, as noted below, which further necessitate the issuance of a protective order.

Topics 5-7: Broadcom maintains its objections that Topics 5-6 are overbroad and unduly burdensome as they seek "Any discussion or communications" related to "any TQ Delta patents" or "any Third Party". In addition, Topic 7 is overbroad as it seeks "Any License Agreements that You have entered into with any party for one or more patents relating to DSL technology." As

---

[2] As Broadcom has raised this issue before the court in its Opposed Motion to Amend Discovery Order, Broadcom initially notes that this issue should be addressed once the Court rules on Broadcom's motion, as the Court's ruling may resolve the issue.
[3] "CommScope" is defined to include CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC.
[4] Related Litigations is defined as *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies.*, No. 1:13-cv-1836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications, et al.*, No. 1:13-cv-2013-RGA (D. Del.); and *TQ Delta, LLC v. ADTRAN, Inc.*, No. 1:14-cv-954-RGA (D. Del.).

these requests are not limited to the Asserted Patents, or the parties at issue in the claim of infringement, these requests are overly broad and unduly burdensome as they seek irrelevant information, as any relevant discovery related to licensing for the hypothetical negotiation is limited to the Asserted Patents and licenses between the patent owner and accused infringer.[5]

Topics 8, 10-13, 14-16: Broadcom has coordinated the production of 41,771 pages of documents, including production of its relevant technical documents, and has made its Source Code available for Nokia's review pursuant to TQ Delta's subpoena (which Nokia started reviewing today, July 18, 2022).  As such, Broadcom does not believe any further discovery on this topic is necessary, especially given the other objections noted above.  If the parties seek further discovery on these topics, Broadcom again reiterates its position that it will duly respond to a validly issued subpoena.

Topic 9: Nokia is in possession of the pricing information at which it purchases the BCM Chipsets from Broadcom and Nokia also has available to it the cost and pricing information from the other defendants in the present case and the Related Litigations.  As it is Nokia's products that are the focus of TQ Delta's claims for infringement, and as Broadcom has already consented to the production of information regarding what prices Nokia pays for Broadcom's chipsets, it is unclear how any additional information has any relevance to the hypothetical negotiation.

---

[5] *See ROY-G-BIV Corp. v. ABB, Ltd.*, No. 6:11-cv-622, 2014 WL 12465424, at *2 (E.D. Tex. 2014) ("[G]eneral request for discovery on all equivalent [] products is overly broad, unduly burdensome for [defendant], and impossible for the Court to police.  Further, a blanket request for all 'reasonably similar' products lacks the diligence required by the Local Patent Rules."); *see also Wi-Lan Inc. v. Research in Motion Corp.*, No. 10-cv-859, 2010 WL 2998850, at *4–5 (S.D. Cal. 2010) ("Based on the record before the Court, Qualcomm's licenses for its CDMA patents with non-parties to the Texas Action have extremely little, if any, relevance to Wi-LAN's hypothetical negotiation for its CDMA patent with the defendants in the Texas Action."); *Effingo Wireless, Inc. v. Motorola Mobility, LLC,* No. 11-CA-649, 2013 WL 12120965, at *3 (W.D. Tex. 2013) ("[I]nformation regarding in-licensing for other, unrelated products, or out-licensing of Defendant's own products, appears too unrelated to be reasonably calculated to lead to the discovery of admissible evidence.)

Topic 17: Nokia is in possession of Broadcom's objections and responses to its Interrogatories, which Broadcom will supplement as necessary. It is Broadcom's position that Nokia already has all of the relevant information it needs for its claim against Broadcom and any disputes over the additional information are best resolved once the Court addresses Broadcom's Motion to Dismiss and Opposed Motions to Amend the Discovery and Docket Control Orders.

Topics 25-28: These topics appear to be focused on invalidity or infringement contention topics, claims to which Broadcom is not a party. As such, Broadcom maintains its objections to these topics, including its objections regarding Attorney-Client privilege and Work Product Protection, and including its objections that these topics are premature as they seek information implicating expert analysis and/or opinion prior to the time required for such disclosure under the scheduling order in this case (which Broadcom has proposed be amended if the Court determines Broadcom is subject to full party discovery such as these requests).

### C. Nokia's Deposition Topics Regarding Evidentiary and Administrative Issues are Irrelevant or Can be Addressed Through Other Less Burdensome Means

The remaining topics, Topics 18-22, are administrative and evidentiary topics that are best resolved through a written declaration or written discovery request, and Nokia has not shown how the relevance of seeking this information via deposition outweighs the burden on Broadcom, especially considering that some of the information sought is Attorney-Client Privileged or Work Product Protected.

### V. CONCLUSION

For all the reasons set forth above, Broadcom respectfully requests that this Court enter a protective order either forbidding disclosure of the discovery requested by Nokia in its 30(b)(6) Notice of Deposition or proscribing a less burdensome means.

Dated: July 18, 2022

Respectfully submitted:

**ADSERO IP LLC**

/s/Melissa R Smith
Daniel S. Young
Kenneth S. Chang
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
Telephone: (303) 268-0066
Facsimile: (833) 793-0703
Email: DYoung@AdseroIP.com
Email:Ken@AdseroIP.com
Email: KDallow@AdseroIP.com

**GILLAM & SMITH, LLP**
Melissa Richards Smith (State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.*

8



9

## CERTIFICATE OF CONFERENCE

On July 18, 2022, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R Smith*
Melissa R Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R Smith*
Melissa R Smith