**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC, | |
|     Plaintiff, | |
| v. | Civil Action No. 2:21-CV-00310-JRG |
| | (Lead Case) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | Civil Action No. 2:21-CV-00309-JRG (Member Case) |
|     Defendants. | |
| NOKIA OF AMERICA CORP., | |
|     Third-Party Plaintiff, | ▬▬▬▬▬▬▬▬▬▬ |
| v. | |
| BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., | |
|     Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' OPPOSITION TO THIRD-PARTY PLAINTIFF'S
MOTION TO COMPEL DISCOVERY FROM BROADCOM**

## I.      INTRODUCTION

Third-Party Defendants Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd. (collectively, "Broadcom") hereby respond in Opposition to Third-Party Plaintiff Nokia of America Corp.'s ("Nokia") Motion to Compel Discovery from Broadcom (the "Motion," Dkt. No. 207).  The only claim between Nokia and Broadcom is a contractual claim for indemnification.  Broadcom has and continues to comply with its discovery requirements related to the claim between the parties.  Nokia's remaining discovery "disputes" with Broadcom seek information outside the scope of the dispute between the two, amount to nothing more than harassment, and the Court should not award Nokia's improper use of the discovery process.  As Broadcom's Motion to Dismiss (Dkt. No. 114) and related briefing lays out the full basis for why Nokia's claim for indemnification is deficient, and given the other information Nokia seeks is better sought through discovery of the parties involved in the claim for infringement, Broadcom respectfully requests that the Court deny Nokia's Motion.

## II.      BACKGROUND

On February 10, 2022, Nokia served Broadcom with its Third-Party Complaint for Indemnification (the "Complaint," Dkt. No. 70).  Thereafter, on April 1, 2022, Broadcom sent a letter to Nokia, attaching its proposed Motion to Dismiss, identifying the deficiencies in Nokia's Complaint as well as the ████████████████, and offering to "accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."  Dkt. No. 209-1 at ¶ 5. As Nokia maintained its deficient Complaint, on April 14, 2022, Broadcom filed its Motion to Dismiss (Dkt. No. 114), currently pending before the Court.

Broadcom has been diligently participating in discovery since Nokia opposed Broadcom's Motion to Dismiss on April 28, 2022 (*see* Dkt. No. 127), as Broadcom requested a meet-and-

confer to discuss amending the Docket Control and Discovery Orders on April 29, 2022.  *See* Dkt. No. 209-1 at ¶¶ 7-8.  And even though the parties were still negotiating the scope and limitations of discovery between the parties, as well as the timing of such discovery, Counsel for Nokia served its Interrogatories and Document Request letter on Broadcom on May 4, 2022, seeking discovery not only on its sole claim for indemnification with Broadcom, but also full party discovery from Broadcom regarding TQ Delta's claims of Nokia's infringement.  *Id.* at ¶ 9.

Accordingly, on June 3, 2022, Broadcom objected to Nokia's Interrogatories and Document Request Letter as premature given the parties' negotiations on the Discovery and Docket Control orders and the proper scope of discovery, and Broadcom once again offered to "agree to accept service and substantively respond to a duly issued third-party subpoena from the Northern District of California to provide any required discovery in Nokia's underlying case with Plaintiff TQ Delta."  *Id*. at ¶ 14.  The parties met and conferred on Broadcom's objections on June 9, 2022, and less than a week later on June 15, Broadcom served its initial document production and objections and responses to Nokia's Interrogatories and Document Request Letter, in response to the parties' meet and confer, by identifying the documents it consented to have produced from the previous litigations[1], as well as identifying the documents it produced pursuant to TQ Delta and CommScope's subpoenas in the present matter, in addition to Nokia's discovery requests, totaling 41,771 pages of documents.  In addition, Broadcom again reiterated that "Broadcom will respond to any proper subpoena served by Nokia."  *Id.* at ¶ 18.

On June 24, 2022, Nokia maintained its discovery demands by identifying three categories of information where Nokia believed Broadcom's production of documents had been deficient, and

---

[1] *TQ Delta, LLC v. 2Wire, Inc*., No. 1:13-cv-1835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies*, No. 1:13-cv-1836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications, et al.*, No. 1:13-cv-2013-RGA (D. Del.); and *TQ Delta, LLC v. ADTRAN, Inc*., No. 1:14-cv-954-RGA (D. Del.).

the parties again met and conferred to discuss this issue, and Broadcom's continued its objections on June 29, 2022.  Recognizing the overbreadth of its initial requests, counsel for Nokia somewhat limited the scope of its discovery on June 30, 2022, and the parties again met and conferred on July 5, 2022.  Nokia maintained its position on seeking discovery beyond the scope of indemnification and Broadcom maintained its objections as noted in its July 5 correspondence, after which Nokia filed the instant Motion on July 12, 2022.  Dkt. No. 207.

## III.    LEGAL STANDARD

"At some point [] discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute."  *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. 2016); *see also Oliva v. USA Truck, Inc.,* No. 3:18-CV-2814-E, 2019 WL 12379196, at *3 (N.D. Tex. 2019).  Indeed, "[d]iscovery is not a license for the plaintiff to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'"  *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015).  "It hardly bears repeating that control of discovery is committed to the sound discretion of the trial court...."  *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014) (quoting *Williamson v. U.S. Dept. of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).  "Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information."  *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).  A court must limit proposed discovery that it determines is not proportional to the needs of the case and proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 259 (5th Cir. 2019); *see also* Fed. R. Civ. P. 26(b)(1).

## IV.    ARGUMENT

### A.    All Third-Party License Agreements and Related Royalty or Sales Reports Related to its DSL Chipsets License (Request Nos. 1 and 14)[2]

Based on the documents produced to date and the overbreadth of these Requests, Nokia focuses its request on "all third-party license agreements and related royalty or sales reports related to its DSL chipsets."  Motion at 4.  Nokia incorrectly argues that these documents are "highly relevant to the appropriate damages calculation in this case."  *Id.*  However, as these requests are not limited to the Asserted Patents, the parties at issue in the claim of infringement, or limited in any sense with respect to time or geography, these requests are overly broad and unduly burdensome as they seek irrelevant information.  Any relevant discovery related to licensing for the hypothetical negotiation is properly limited to the Asserted Patents and licenses between the patent owner and/or the <u>accused infringer</u>.  *See ROY-G-BIV Corp. v. ABB, Ltd.*, No. 6:11-cv-622, 2014 WL 12465424, at *2 (E.D. Tex. 2014); *see also Wi-Lan Inc. v. Research in Motion Corp.*, No. 10-cv-859, 2010 WL 2998850, *4–5 (S.D. Cal. 2010*); *Effingo Wireless, Inc. v. Motorola Mobility, LLC,* No. 11-CA-649, 2013 WL 12120965, at *3 (W.D. Tex. 2013).  In addition, Nokia identifies the fact that TQ Delta has relevant license agreements related to the Asserted Patents (Motion at 4) and Nokia fails to identify to the Court that it has access to relevant agreements that have been produced in the underlying infringement case and the Related Litigations.[3]

---

[2] Nokia's Request Nos. 1 and 14 are as follows: 1. All documents mentioning or concerning Defendants, the BCM chipsets, or the Accused Products; 14. All agreements or sought-after agreements relating to one or more of the Asserted Patents, including assignment agreements, license agreements, settlement agreements, covenants not to sue, and communications regarding the same.

[3] Related Litigations is defined as *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del.); *TQ Delta, LLC v. Zhone Technologies.*, No. 1:13-cv-1836-RGA (D. Del.); *TQ Delta, LLC v. Zyxel Communications, et al.*, No. 1:13-cv-2013-RGA (D. Del.); and *TQ Delta, LLC v. ADTRAN, Inc.*, No. 1:14-cv-954-RGA (D. Del.).

**B.      All Documents and Information Concerning Broadcom's Costs for Production of the Chipsets at Issue in this Case (Request Nos. 1 and 11)[4]**

Again, conceding the overbreadth of this request, Nokia focuses its demand for "all documents and information concerning Broadcom's costs for production of the chipsets at issue in this case."  Motion at 5.  Nokia claims that this information is again "highly relevant" to Nokia's damages positions, but as shown above, this is factually and legally incorrect.  And Nokia tries to salvage its relevancy claim by arguing that "the accused functionalities <u>may</u> be limited to sub-components of any given chipset," but Broadcom should not be required to investigate, collect, and produce its highly confidential information based on some mere probability.  *Id.* (emphasis added).  This is especially true in light of the fact that Broadcom made available all of the necessary information for the parties in the Related Litigations to prepare their damages reports, and Broadcom previously consented to the production of all of this information in the present case.

**C.      Documents Sufficient to Show Pricing of the BCM Chipsets, Including, Purchase Agreements, Purchase Orders, and BOMs sold to Customers or Third Parties Other than Nokia (Request No. 7)[5]**

Unlike its previous requests, Nokia has not offered to limit this request even given its severe overbreadth.  Nokia reiterates that this information is relevant to its damage's positions, and Broadcom reiterates that the analysis regarding Requests 1, 11, and 14 equally applies to why this information is irrelevant and unduly burdensome.  In addition, Nokia's argument regarding this information highlights another key flaw in Nokia's position: it appears that Nokia hasn't even completed its collection or review of the documents produced in the Related Litigations before seeking to impose a burden on non-party Broadcom.

---

[4] In addition to Request No. 1, Nokia basis this dispute on Request 11, which is as follows: 11. Documents and analyses relating to the Asserted Patents and BCM chipsets.

[5] Nokia's Request No. 7 is as follows: 7. All Documents sufficient to show pricing of the BCM chipsets, including, but not limited to purchase agreements, purchase orders, and BOMs.

### D.      All Documents and Communications Relating to Broadcom's Past Indemnification Requests to its Suppliers (Request Nos. 1 and 14)[6]

Nokia has expanded this topic to cover "all documents and communications" regarding indemnity request from <u>any</u> supplier and is substantially broader than other requests.  Motion at 6. As Nokia has not even sought to limit this request to agreements concerning parties to TQ Delta's infringement claims, the BCM chipsets, the Accused Products, or the Asserted Patents, this request encompasses the universe of Broadcom's commercial relationships.  Nokia's Motion should be denied on these grounds alone.

Moreover, Nokia concedes the irrelevancy of this information in its Motion by "stand[ing] behind its statement that '[t]pertinent language [of the contract at issue in this case] is unambiguous, and thus there is no ambiguity that justifies turning to parol evidence." Motion at 6.  Thus, by Nokia's own admission, under ███████ New York Law, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence.  *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co*., 976 F.3d 239, 249 (2d Cir. 2020); *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003).  As such, discovery should be limited to determining if Nokia made a valid claim for indemnification under the Agreement, and any additional discovery requested is an overly burdensome fishing expedition.  *See Alvarado v. State Farm Lloyds*, No. 7:14-CV-166, 2015 WL 12941979, at *3–4 (S.D. Tex. 2015).

Based on the above, evidence regarding Broadcom's dealings with third-parties regarding indemnification is irrelevant to the present contractual dispute between Broadcom and Nokia, as Nokia so admits.  Furthermore, if any parol evidence is necessary for the interpretation of the

---

[6] Nokia's Request No. 14, which it basis this issue on, is as follows: 14. All agreements or sought-after agreements relating to one or more of the Asserted Patents, including assignment agreements, license agreements, settlement agreements, covenants not to sue, and communications regarding the same.

Agreement at issue, evidence of other dealings between Nokia and Broadcom would be the most relevant, not dealings with Broadcom and third-parties.  In its Motion, Nokia states that "at the very least, an inquiry into whether the same or similar language has been used by Broadcom in the past, and how Broadcom has interpreted that language, is relevant to the inquiry here."  But Broadcom already has provided Nokia with the information it seeks, ███████████████

██████████████████████████████, which was discussed and attached in Broadcom's Reply in Support of its Motion to Dismiss, ████████████████████

████████████████████████████████████████████.  Dkt. No. 133 at 7-8.  Tellingly, ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████   Thus, Broadcom already produced potentially relevant collateral agreements between it and Nokia.

## V.      CONCLUSION

As discussed above, by Nokia's own admission, the information Nokia seeks regarding its sole claim against Broadcom for indemnification is irrelevant and Nokia's request amounts to nothing more than a fishing expedition intended to harass Broadcom.  Furthermore, with respect to the discovery related to the patent infringement claims, Nokia has not met its burden of showing whey this discovery is proportional to the needs of the case given the irrelevance of the discovery and the existence of relevant discovery from the actual parties in the patent infringement litigation.  And, again, Broadcom respectfully requests that this Court deny Nokia's Motion to Compel Discovery from Broadcom.

Dated:  July 19, 2022

Respectfully submitted:

**ADSERO IP LLC**

*/s/ Melissa R. Smith*
Daniel S. Young
Kenneth S. Chang
Kent T. Dallow
8210 Southpark Terrace
Littleton, CO 80120
Telephone: (303) 268-0066
Facsimile: (833) 793-0703
Email: DYoung@AdseroIP.com
Email:Ken@AdseroIP.com
Email: KDallow@AdseroIP.com

**GILLAM & SMITH, LLP**
Melissa Richards Smith (State Bar No. 24001351)
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Counsel for Third-Party Defendants BROADCOM CORP., BROADCOM INC., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.*



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 19, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith