IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 2:21-CV-00310-JRG (Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG (Member Case) |
| NOKIA OF AMERICA CORP.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>    Third-Party Defendants. | |

**NOKIA'S SUR-REPLY TO BROADCOM'S REPLY IN SUPPORT OF
ITS MOTION TO ENTER AN AMENDED DISCOVERY ORDER**

Nokia of America Corp. ("Nokia") hereby responds to Broadcom Corp., Broadcom Inc., and Avago Technologies International Sales Pte. Ltd.'s (collectively "Broadcom") Reply in support of its' Opposed Motion to Enter an Amended Discovery Order (Dkt. No. 179).

In its Reply, Broadcom provides a list of distracting facts to bolster its alleged "participation" in discovery in this case to date. While Nokia acknowledges that Broadcom has responded to TQ Delta's subpoena, Broadcom has not taken any steps to substantively participate in discovery as a party to this case. Nokia filed its Third-Party Complaint against Broadcom on January 28, 2022, making Broadcom a party to this action. Dkt. No. 69. In its Third-Party Complaint, Nokia specifically requested that Broadcom provide discovery to allow Nokia to defend itself. Opposition at 3. Instead of participating, as is required by the Federal and Local Rules, TQ Delta repeatedly hides behind its Motion to Dismiss as a basis to avoid discovery as to any claim it feels is improper. Indeed, this Court's model discovery Order, as adopted by the parties in this case, specifically states that such a pending motion is not a basis to avoid its discovery obligations.[1]

As a party, Broadcom is subject to discovery on all relevant claims and defenses to the case. In the same vein, Broadcom has had the opportunity to seek discovery to substantiate its own claims and has failed to do so. The last day for parties to propound discovery and receive a response prior to the close of fact discovery was Friday, July 15th. Broadcom failed to request even a single piece of evidence—via document requests, interrogatories, or deposition notices to substantiate any purported defense to Nokia's Third-Party Complaint. As a result, there is simply

---

[1] "A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue." Dkt. No. 60 at 9.

no reason Broadcom could possibly have to seek amendments to the DCO or DO in the pursuit of seeking discovery.

Further, Broadcom continues to refuse to provide discovery on any relevant issue to the case and most recently sought a Protective Order to prevent Nokia's request for a 30(b)(6) deposition. As stated repeatedly in the Opposition, Broadcom is subject to discovery pertaining to all claims and defenses of this case. Accordingly, Nokia opposes Broadcom's motion to amend the Discovery Order under its Proposal A.

Dated: July 20, 2022

Respectfully submitted,

By: /s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
Katherine M. Donald (GA Bar # 753449)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel: 404.881.7737
Fax: 404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Email: katie.donald@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants
Nokia Corporation and Nokia Solutions
and Networks Oy and
Defendant/Third-Party Plaintiff
Nokia of America Corporation*

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 20, 2022, on all counsel who have consented to electronic service via ECF.

<u>/s/ <i>M. Scott Stevens</i></u><br>
M. Scott Stevens