# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, NOKIA CORP., NOKIA SOLUTIONS AND NOKIA OF AMERICA CORP.,<br><br>　　　　　Defendants | Civil Action No. 2:21-CV-00310-JRG (Lead Case)<br><br>Civil Action No. 2:21-CV-00309-JRG (Member Case) |
| NOKIA OF AMERICA CORP.<br><br>　　　　　Third-Party Plaintiff,<br><br>　v.<br><br>BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.<br><br>　　　　　Third-Party Defendants | |

**COMMSCOPE'S OPPOSITION TO BROADCOM'S**
**MOTION TO ENTER AMENDED PROTECTIVE ORDER**

Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS International Ltd., ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively "CommScope") oppose Third Party Defendants Broadcom Corp., Broadcom, Inc., and Avago Technologies International Sales Pte. Ltd.'s (collectively "Broadcom") Opposed Motion to Enter Amended Protective Order (Dkt. No. 194) (hereinafter "Motion").  CommScope respectfully requests this Court deny Broadcom's Motion because Broadcom has not met its burden under Federal Rule of Civil Procedure 26 to demonstrate good cause that revisions are necessary, it misstates CommScope's position as to Protective Order revisions, and its proposed restrictions are burdensome and unnecessary.

First, Broadcom has not met its burden under Federal Rule of Civil Procedure 26 to show good cause that revisions to the Protective Order are necessary.  Fed. R. Civ. P. 26(c)(1).  Good cause "requires changed circumstances or new situations warranting modification of a protective order."  *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 7475, *12 (E.D. T.X. Jan. 22, 2016).  To demonstrate good cause, the movant must present "a specific demonstration of fact rather than mere conclusory statements."  *Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) (quoting *Resolution Tr. Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992) (no good cause demonstrated)).  Broadcom does not make a showing sufficient to warrant modifying the Protective Order.  The Protective Order was negotiated with TQ Delta by defendants CommScope and Nokia, who will themselves produce source code in this action.  Instead, Broadcom summarily states the current Protective Order does not adequately protect its confidential source code, but provides no further showing of how the Protective Order is not adequate.  Absent further evidence, its rationale is insufficient.  Thus, Broadcom fails to demonstrate good cause exists to modify the Protective Order.

Broadcom's argument fails for two additional reasons. First, as to protection of its source code, the current Protective Order is based on the model protective order in the Eastern District of Texas (with a few modifications) and already adequately addresses protection of source code. Dkt. No. 61 (Protective Order) at 6-8 (paragraph 10 details additional restrictions applicable to source code). Broadcom makes no specific arguments that counsel departing from this Court's model protective order. *See* Dkt. No. 194 at 2-4. Second, as to negotiating the Protective Order, portions of Broadcom's own Motion undermine its arguments as to the need for additional source code protections. If it is not subject to full discovery as a party to the Nokia case, Broadcom states it "agrees to be bound to the current Protective Order . . . as the parties can handle any negotiations regarding source code production and related restrictions pursuant to the third party subpoenas." Dkt. No. 194 at 2. By doing so, Broadcom tacitly admits that the current protective order is sufficient. Thus, Broadcom fails to show good cause to modify the Protective Order.

Second, Broadcom misstates CommScope's position as to revisions to the Protective Order. CommScope maintains that revisions to the current Protective Order are not necessary. Broadcom incorrectly states that "CommScope agrees to aspects of Broadcom's proposed Protective Order." Dkt. No. 194 at 4. CommScope consistently maintained that position, but still made a good faith effort to edit the protective order. As opposed to compromising, Broadcom's latest set of revisions keeps all of the most cumbersome and unjustified restrictions. *See* Dkt. No. 194-3 at 7-11 (maintaining restrictions on hours the source code is available, access to source code, and restrictions to printouts and electronic copies). In particular, Broadcom's revisions in Exhibit C are the most problematic and restrictive revisions that CommScope already opposed during good faith editing efforts. As such, CommScope does not agree to any modification of the current Protective Order.

Third, the proposed restrictions in Broadcom's Revised Protective Order (Dkt. No. 194-4) are unnecessary and unduly burdensome to all parties involved. Broadcom seeks to restrict the hours the source code is available, restrict the ability to make printouts and electronic copies, and give itself the unilateral authority to decide when and by whom the code can be accessed. For example, in paragraph 10(b), Broadcom wishes to restrict the hours of source code review to 9 am to 5 pm as opposed to the previous 8 am to 6 pm timeframe—resulting in a loss of 10 hours of source code review per week. Dkt. No. 194-4 at 7. Moreover, in paragraph 10(i) and 10(j), Broadcom seeks to place burdensome limitations on the ability to print source code or make electronic copies of source code. Dkt. No. 194-4 at 10-11. Contrary to its assertions in its Motion, the proposed amendments to the Protective Order do not serve to "reduce the disruption to the current status quo." Dkt. No. 194 at 2. Instead, the revisions have the opposite effect. Broadcom's proposed changes burden CommScope because it causes uncertainty in availability of source code, advances an unpredictable schedule, and unnecessarily complicates the parties' use of the source code in this action.

Accordingly, CommScope respectfully requests this court deny Broadcom's Motion.

Dated: July 20, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler TX, 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlawycraft.com
bcraft@findlaycraft.com

3

> Douglas J. Kline
> GOODWIN PROCTER LLP
> 100 Northern Avenue
> Boston, MA 02210
> P: (617) 570-1000
> F: (617) 523-1231
> dkline@goodwinlaw.com
>
> Brett Schuman
> Rachel M. Walsh
> GOODWIN PROCTER LLP
> Three Embarcadero Center, 28th Floor
> San Francisco, CA 94111
> P: (415) 733-6000
> F: (415) 677-9041
> bschuman@goodwinlaw.com
> rwalsh@goodwinlaw.com
>
> Andrew Ong
> GOODWIN PROCTER LLP
> 601 Marshall St.
> Redwood City, CA 94063
> P: (650) 752-3100
> F: (650) 853-1038
> aong@goodwinlaw.com
>
> *Counsel for Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc. ARRIS Technology, Inc. and ARRIS Enterprises, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served electronically on July 20, 2022, on all counsel who have consented to electronic service via ECF.

> /s/ *Eric H. Findlay*_____
> Eric H. Findlay

4