# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>　　　*Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>　　　*Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>　　　*Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>　　　*Defendants*.<br><br>Nokia of America Corp.,<br>　　　*Third-Party Plaintiff*,<br><br>v.<br><br>Broadcom Corp., *et al.*,<br>　　　*Third-Party Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**PLAINTIFF TQ DELTA, LLC'S OPPOSITION TO BROADCOM'S MOTION TO ENTER AN AMENDED PROTECTIVE ORDER**

TQ Delta files this opposition to Broadcom's Motion for a Protective Order. Broadcom has not provided any evidence (*e.g.*, an affidavit) or argument for why it needs to modify the Court's Protective Order. TQ Delta agrees with Nokia and CommScope that Broadcom's revisions, among other things, are unnecessary, will further complicate discovery in this case, and unduly restrict the parties' ability to access source code. *See, e.g.*, Dkts. 222 and 227.

TQ Delta specifically addresses Broadcom's assertion that its proposed Protective Order is similar to what TQ Delta agreed to in other cases in Delaware. Mot. at 3–4. Broadcom is incorrect. And the following examples show how Broadcom's proposed Protective Order will needlessly frustrate (and already has frustrated) discovery in this case as compared to the Delaware Order.

One difference is the number of available computers. In Delaware, TQ Delta had access to <u>two</u> source code computers. Dkt. 194-2, at (H)(1)(a). The Protective Order here also contemplates multiple computers. But Broadcom is limiting <u>all</u> parties' access to a <u>single</u> source code computer. And sharing that one computer between Nokia, CommScope, and TQ Delta has already impaired TQ Delta's ability to schedule reviews. Broadcom has offered TQ Delta a small number of days to review and print source code during the critical final months of discovery and before expert reports.[1] This has frustrated the parties' access to discovery.

Another difference is the time to provide printed copies of the source code. The Delaware Order required Broadcom to provide printed copies of source code within three business days of a print request (*e.g.*, a typical time it would take to print the source code and ship it). Dkt. 194-2, at (H)(1)(c). The current Protective Order similarly allows the reviewing party to print out source

---

[1] TQ Delta and Defendants have both sought to review the Broadcom source code during the final weeks of fact discovery at the same time. TQ Delta has offered to purchase another review computer to address this problem and allow simultaneous review, but Broadcom has refused and is restricting the parties' ability to access the source code.

code during the review (which is typically copied and shipped within a few days or taken by the reviewer). Dkt. 194-1, at (h). But Broadcom requests a full week (five business days) for Broadcom to decide if it wants to print the source code or object, which then triggers another one-week period before filing a motion or providing printouts. Dkt. 194-1, at 10(h). And Broadcom is currently using this longer period of time to hold up producing printed source code—which TQ Delta has already PDF'd on the source code computer for Broadcom. And it is doing so without explaining why or how the additional time is needed to protect Broadcom's confidential information. This has also frustrated the parties' access to discovery.

Broadcom's proposed changes will hamper the parties' ability to access the Broadcom source code during this important time of the case. Broadcom does not provide any evidence or argument that these additional restrictions are necessary, let alone critical, to protecting the confidentiality of its source code. For those reasons, TQ Delta respectfully requests that the Court deny Broadcom's Motion.

Dated: July 20, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson<br>
Texas State Bar No. 24106583<br>
twilson@davisfirm.com<br>
**THE DAVIS FIRM PC**

213 N. Fredonia Street, Suite 230<br>
Longview, Texas 75601<br>
Telephone: (903) 230-9090<br>
Facsimile: (903) 230-9661

*Counsel for Plaintiff TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 20, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III<br>
William E. Davis, III