**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQ DELTA, LLC, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § | CIVIL ACTION NO. 2:21-CV-00310-JRG (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § § | |
| *Defendants*. | § | |
| v. | § § | |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | § § § § | CIVIL ACTION NO. 2:21-CV-00309-JRG (MEMBER CASE) |
| *Defendants*. | § § | |
| NOKIA OF AMERICA CORP. | § § | |
| *Third-Party Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00309-JRG (MEMBER CASE) |
| BROADCOM CORP., BROADCOM INC., and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD. | § § § § | |
| *Third-Party Defendants*. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the Opposed Motion for a Partial Stay (the "Motion") filed by CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope"). (Dkt. No. 152). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

## I.   BACKGROUND

### A.   The Instant Lawsuit

On August 13, 2021, TQ Delta, LLC ("TQ Delta") filed its complaint against CommScope, asserting infringement of U.S. Patent Nos. 7,453,881 (the "'881 Patent"); 7,570,686 (the "'686 Patent"); 7,844,882 (the "'882 Patent"); 8,090,008 (the "'008 Patent"); 8,276,048 (the "'048 Patent"); 8,462,835 (the "'835 Patent"); 8,468,411 (the "'411 Patent"); 8,937,988 (the "'988 Patent"); 9,094,348 (the "'348 Patent"); 9,154,354 (the "'354 Patent"); 9,485,055 (the "'055 Patent"); 10,567,112 (the "'112 Patent"); and 10,833,809 (the "'809 Patent") (collectively, the "Asserted Patents") in Case No. 2:21-cv-00310 (the "-310 action"). (Dkt. No. 1 ¶ 29). That same day, TQ Delta filed a related lawsuit against Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corp. (collectively, "Nokia") in Case No. 2:21-cv-00309 (the "-309 action"), asserting infringement of 19 patents. (-309 action, Dkt. No. 1). On October 22, 2021, the Court consolidated the -309 and -310 actions with the -310 action designated as the lead case. (-310 action, Dkt. No. 23).

### B.   Delaware Litigation

On November 4, 2013, TQ Delta filed suit against Pace Americas, Inc. ("Pace") in the District of Delaware. *TQ Delta, LLC v. Pace Americas, Inc.*, No. 13-cv-0185-RGA (D. Del.), (Dkt. No. 1) ("*2Wire*"). On February 7, 2014, TQ Delta amended its complaint and joined Pace's

subsidiary, 2Wire, Inc. ("2Wire"), to the suit, asserting infringement of 24 patents against Pace and 2Wire.  (*See generally 2Wire*, Dkt. No. 24).  On June 16, 2014, the Court dismissed Pace without prejudice.  (*2Wire*, Dkt. No. 46).  On October 13, 2017, TQ Delta filed its Third Amended Complaint against 2Wire.  (*2Wire*, Dkt. No. 380).  During the case, Arris International PLC ("Arris") acquired Pace on January 1, 2017, and thereafter on April 4, 2019, CommScope Holding Company, Inc. acquired Arris.  (*2Wire*, Dkt. No. 1125).  The *2Wire* Court divided the 24 patents-in-suit into various patent families.  (-310 action, Dkt. No. 152 at 5–6; Dkt. No. 168 at 5).  In *2Wire*, TQ Delta alleges that 2Wire infringes six patents, which are also asserted against CommScope in this case:

- Family 1 – U.S. Patent No. 7,570,686 (the "'686 Overlapping Patent")
- Family 2 – U.S. Patent No. 7,453,881 (the "'881 Overlapping Patent")
- Family 3 – U.S. Patent Nos. 7,844,882 (the "'882 Overlapping Patent") and 8,276,048 (the "'048 Overlapping Patent")
- Family 4 – U.S. Patent No. 8,090,008 (the "'008 Overlapping Patent")
- Family 6 – U.S. Patent No. 8,462,835 (the "'835 Overlapping Patent") (collectively, the "Overlapping Asserted Patents")

(*Pace*, Dkt. No. 380 at 29, 21, 43, 44, 12, 40; -310 action, Dkt. No. 1 at 8).

In *2Wire*, TQ Delta asserts claim 5 of the '686 Overlapping Patent; claims 17 and 18 of the '881 Overlapping Patent; claim 13 of the '882 Overlapping Patent; claim 1 of the '048 Overlapping Patent; claim 14 of the '008 Overlapping Patent; and claims 8 and 10 of the '835 Overlapping Patent (collectively, the "Delaware Asserted Claims").  (-310 action, Dkt. No. 152 at 6–7; Dkt. No. 168 at 9).  In this case, TQ Delta asserts claims 17, 26, and 37 of the '686 Overlapping Patent; claims 17, 18, and 23 of the '881 Overlapping Patent; claims 13, 14, and 15 of the '882 Overlapping Patent; claims 1, 4, 6, and 7 of the '048 Overlapping Patent; claim 14 of the '008 Overlapping Patent; and claims 8, 10, and 26 of the '835 Overlapping Patent (collectively, the "Texas Asserted Claims").  (-310 action, Dkt. No. 152 at 6–7; Dkt. No. 168 at 9).  Also, exclusive to this case, TQ Delta asserts

claims 17, 26, and 37 of the '686 Overlapping Patent; claim 23 of the '881 Overlapping Patent; claims 14 and 15 of the '882 Overlapping Patent; claims 4, 6, and 7 of the '048 Overlapping Patent; and claim 26 of the '835 Overlapping Patent (collectively, the "Exclusive Texas Asserted Claims"). (-310 action, Dkt. No. 152 at 6–7; Dkt. No. 168 at 9). In both cases, TQ Delta asserts claims 17 and 18 of the '881 Overlapping Patent; claim 13 of the '882 Overlapping Patent; claim 1 of the '048 Overlapping Patent; claim 14 of the '008 Overlapping Patent; and claims 8 and 10 of the '835 Overlapping Patent (collectively, the "Overlapping Asserted Claims"). (-310 action, Dkt. No. 152 at 6–7; Dkt. No. 168 at 9). The only asserted claim in Delaware and not Texas is claim 5 of the '686 Overlapping Patent. (-310 action, Dkt. No. 152 at 6–7; Dkt. No. 168 at 9).

In sum, the following chart is illustrative of the asserted claims at issue in *2Wire* and the -310 action.

| Family | Overlapping Patents | Delaware Asserted Claims | Texas Asserted Claims |
|---|---|---|---|
| Family 1 | '686 | Claim 5 | Claims 17, 26, and 37 |
| Family 2 | '881 | Claims 17 and 18 | Claims 17, 18, and 23 |
| Family 3 | '882 | Claim 13 | Claims 13, 14, and 15 |
| Family 3 | '048 | Claim 1 | Claims 1, 4, 6, and 7 |
| Family 4 | '008 | Claim 14 | Claim 14 |
| Family 6 | '835 | Claims 8 and 10 | Claims 8, 10, and 26 |

(*See* Dkt. No. 168 at 9).

### C. CommScope's Motion and Proposals

On May 24, 2022, CommScope filed the instant Motion, requesting that the Court partially stay this case with respect to six of the patents-in-suit that are also asserted in co-pending litigation in *2Wire*. (Dkt. No. 152 at 5). In its Motion, CommScope asserts that, during the meet-and-confer process, it offered to TQ Delta that it would agree to be bound by the *2Wire* court's rulings on the Overlapping Asserted Patents:

> CommScope is willing to agree, if a stay is . . . granted as to the six overlapping patents, as follows:
> - For the six overlapping patents, CommScope agrees to be bound by any invalidity or validity rulings issued by Judge Andrews in Delaware.
> - For the six overlapping patents, CommScope agrees to be bound by any infringement or non-infringement rulings issued by Judge Andrews in Delaware relating to the products accused of infringement in both Delaware and Texas (i.e., 5031NV, 5168N, 5168NV, and 5268AC).
>
> CommScope's proposed agreement . . . is conditioned on the following:
> - There is no agreement for CommScope to be bound by any rulings in Delaware if Judge Gilstrap denies CommScope's motion to stay.
> - TQ Delta agrees that it shall not use any agreement by CommScope to be bound to the rulings in Delaware as part of any IPR proceedings initiated by CommScope.

(Dkt. No. 152 at 8–9; Dkt. No. 152-28 at 2). In its reply, CommScope represents that it is willing to extend its original stipulation, in this case, to be bound by the *2Wire* court's rulings as to four accused products at issue in Delaware (i.e., 5031NV, 5168N, 5168NV, and 5268AC products) to include ten additional accused products (i.e., GVT V5471, NM55, NVG34x, NVG589, NVG599, 4111N, GV2305, GV4305, GV5705, GV5707). (Dkt. No. 173 at 4–5). CommScope argues that, in the alternative, the Court should stay at least the '008 and '835 Overlapping Patents (i.e., Family 4 and Family 6, respectively). (*Id.* at 7).

## II.    LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay[]: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date

has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### III. DISCUSSION

#### A. Prejudice to the Nonmoving Party

CommScope argues that TQ Delta will not be prejudiced by the stay because "it will have already been afforded a jury trial on each of the Overlapping Patents by the time this case is scheduled for jury selection." (Dkt. No. 152 at 10). Following a detailed litigation history of the Overlapping Asserted Patents before the Delaware court, CommScope contends that TQ Delta will have litigated the liability issues on each Overlapping Asserted Patent by the time the -310 action goes to trial on January 2, 2023. (*Id.* at 10–12).

In response, TQ Delta argues that a stay will unduly prejudice it because it divides the present case into two cases, which will "delay [the] ultimate resolution by an indeterminate time." (Dkt. No. 168 at 11). TQ Delta asserts that three of the six Overlapping Patents are set for trial against Nokia in January, which would provide CommScope with a "roadmap to further retool its defenses." (*Id.* at 11–12). TQ Delta argues that it will face evidentiary prejudice because during a stay, "witnesses' memories may further fade[;] key witnesses will move and change employment[;] and documents may be lost." (*Id.* at 13).

The Court finds that this factor weighs against a stay. Granting a partial stay of the Texas Asserted Claims would effectively divide this case in two, likely requiring two trials. Although TQ Delta has asserted the Overlapping Asserted Patents in the co-pending Delaware and Texas litigations, TQ Delta also asserts additional claims in Texas that are not at issue in Delaware (i.e.,

6

the Exclusive Texas Asserted Claims). (*See* Dkt. No. 168 at 9). Assuming that *2Wire* resolves the Delaware Asserted Claims in this case, the Exclusive Texas Asserted Claims would still remain unresolved. The Exclusive Texas Asserted Claims would be unaffected by any of the *2Wire* court's rulings as to the Overlapping Asserted Patents. Indeed, CommScope's argument misunderstands that the coverage of a patent is assessed on a claim-by-claim basis. *See, e.g.*, *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("[I]nfringement and validity analyses must be performed on a claim-by-claim basis.").[1] Staying the Texas Asserted Claims would unduly prejudice TQ Delta as it would await the *2Wire* court's resolution of claims of the Overlapping Asserted Patents that have no effect on the independent and additional claims that are asserted in this case.[2]

### B. The Advanced Stage of the Proceedings

CommScope argues that this factor strongly favors a stay because fact and expert discovery burdens would be greatly reduced. (*Id.* at 13–14). CommScope contends that the close of fact and expert discovery in this case are nearly three and four months away, respectively, from the time its Motion was filed. (Dkt. No. 152 at 13).

---

[1] The Court is perplexed by CommScope's contention that TQ Delta will "have had its day in court in Delaware" on the Overlapping Asserted Patents. (Dkt. No. 152 at 4). Following such logic, if the *2Wire* court determined that CommScope infringed claim 13 of the '882 Overlapping Patent, would CommScope also be found to have infringed claims 14 and 15, which are asserted only in this case? No.

[2] CommScope contends that "thirteen patents is too many for one trial and it would be prejudicial to CommScope to have to defend itself in such a trial." (Dkt. No. 152 at 13). The Court previously addressed CommScope's alleged prejudice when the Court entered its Order Focusing Patent Claims and Prior Art (the "Order") (Dkt. No. 128), granting CommScope's Opposed Motion for Entry of Order Focusing Patent Claims and Prior Art (Dkt. No. 77). CommScope now seeks to "narrow" the number of Asserted Patents via the Motion; however, the Order provides for further narrowing—"No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from which the ten previously identified claims and no more than a total of 16 claims." (Dkt. No. 128 at 2–3). If CommScope seeks additional narrowing beyond the base-level requirements of the Order, CommScope may move for such relief—"Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims . . . must demonstrate good cause warranting the modification." (*Id.* at 3).

TQ Delta argues that this factor weighs against a stay because the parties have already expended considerable resources at this stage of the case. (Dkt. No. 168 at 14). TQ Delta asserts that completion of document production occurred on April 22, 2022, and it details the parties' extensive exchange of evidence. (*See id.* at 14–15). TQ Delta also asserts that the claim construction hearing was held on June 1, 2022, the pretrial conference is set for November 28, 2022, and trial is set for January 2, 2023. (*Id.*). TQ Delta contends that the stage of proceedings and CommScope's delay in filing the Motion weigh against a stay. (*Id.*).

The Court finds that this factor weighs against a stay. When analyzing this factor, the Federal Circuit noted that "district courts have adopted the date of the filing of the motion to stay." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (collecting cases). CommScope filed its Motion on May 24, 2022. (-310 action, Dkt. No. 152). Relative to CommScope's filing, the claim construction hearing was scheduled for June 3, 2022; the deadlines for fact and expert discovery are August 15, 2022, and September 19, 2022, respectively; the pretrial conference is scheduled for November 28, 2022; and trial is set for January 2, 2023. (-310 action, Dkt. No. 62 at 1, 2, 3, 4). When CommScope's Motion was filed, the claim construction hearing was fast approaching. The parties had not yet completed their initial briefing on this Motion until after the *Markman* hearing.[3] (*See* -310 action, Dkt. No. 139). By that time, the parties had already invested considerable time and expense in preparing this case. Further, the parties had already utilized significant resources to comply with deadlines for fact and expert discovery. As previously noted, a stay would, in essence, subdivide the Exclusive Texas Asserted Claims from the Asserted Patents in this case. The Court finds that the advanced stage of litigation in this Court weighs against such a stay.

---

[3] The initial briefing for the Motion finished June 21, 2022. (*See* Dkt. No. 176).

8

### C. Simplification of the Case

CommScope argues that this factor strongly supports a partial stay. (Dkt. No. 152 at 13). CommScope contends that "judicial and party resources will be spared as a result of a stay" because "it would reduce the number of patents-in-suit in the CommScope case from [13] to seven and . . . across both cases from [22] to [16]." (*Id.* at 12–13). CommScope alleges that this case will be further simplified because "[a] partial stay would remove an allegedly infringing standard (G.bond)." (*Id.* at 13).

TQ Delta argues that a stay will likely complicate this case. (Dkt. No. 168 at 7). TQ Delta contends that a stay will divide a single case "that involves <u>all</u> of CommScope's DSL products and TQ Delta patent families into two serial cases with overlapping products and issues." (*Id.* (emphasis in original)). TQ Delta asserts that this case involves 20 accused products and "CommScope has only agreed to stipulate to rulings on <u>four</u> 2-Wire branded products" (i.e., 5031NV, 5186N, 5168NV, and 5268AC). (*Id.* at 8 (emphasis in original)). TQ Delta alleges that, post-stay, at least 15 accused products would remain in this case to be litigated in a second trial. (*Id.*). TQ Delta also argues that the Overlapping Asserted Claims do not completely overlap between the asserted claims in *2Wire* and in this case. (*Id.* at 8–9). In particular, TQ Delta contends that, post-stay of the Overlapping Asserted Claims, the Exclusive Texas Patent Claims (which are not asserted in *2Wire*) will remain "even if CommScope obtains a complete victory in Delaware." (*Id.* at 9). Further, TQ Delta argues that as a result of the bifurcated trials, the parties will be required to expend additional resources. (*Id.* at 10).

In reply, CommScope argues that it cannot stipulate to be bound to rulings in Delaware on claims that TQ Delta is not asserting in both cases. (*Id.* at 5). CommScope contends that the '008 Overlapping Patent completely overlaps between the Delaware and Texas cases. (*Id.*).

CommScope argues that claims 8 and 10 of the '835 Overlapping Patent are also asserted in both cases. (*Id.* at 6). Further, CommScope asserts that claim 26 of the '835 Overlapping Patent is very similar to claim 10. (*Id.*). Therefore, CommScope alternatively requests that the Court stay at least the '008 and '835 Overlapping Patents. (*Id.* at 7).

TQ Delta disagrees and argues that CommScope's narrower request to stay only two of the six Overlapping Asserted Patents will not remove Patent Families 4 and 6 from this case, but "it will just delay the ultimate resolution." (Dkt. No. 176 at 4). TQ Delta contends that if CommScope intended to simplify this case, "it would agree that the products containing the BCM63168 and BCM6368 chipsets infringe the asserted claims of the Overlapping [Asserted] Patents that have already been adjudicated in Delaware to infringe, and not seek to stay the remaining accused products (at least half of the case)." (*Id.*).

The Court agrees with TQ Delta and finds that this factor weighs against a stay. As the Court previously noted, a partial stay would subdivide this case without material benefit. The first trial would proceed with non-overlapping patents that are only asserted in the -310 action. Then, assuming the *2Wire* court resolves the Delaware Asserted Claims, a second trial would proceed on the Overlapping Asserted Patents with the Exclusive Texas Asserted Claims at issue. The *2Wire* court's rulings as to the Delaware Asserted Claims from the Overlapping Patents would not resolve the Exclusive Texas Asserted Claims. These are unasserted in the District of Delaware, and their trial on them in this case would be delayed without any real justification.

## IV.  CONCLUSION

For the reasons set forth herein, the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 21st day of July, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE