IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>   v.<br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>     *Plaintiff*,<br>   v.<br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>     *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

**NOKIA'S OPPOSITION TO TQ DELTA'S FIRST
MOTION TO COMPEL DEPOSITION FROM NOKIA (DKT. 199)**

Plaintiff TQ Delta, LLC ("TQ Delta") had the opportunity to, and did, depose Danny Van Bruyssel. On multiple occasions, Nokia offered to make Mr. Van Bruyssel (who resides in Europe) available for an additional period, but TQ Delta flatly refused those proposals. Now, TQ Delta seeks to retread ground for which Mr. Van Bruyssel was already designated. Because TQ Delta's problem is one of its own making, and Mr. Van Bruyssel should not bear the burden of those strategic choices, Defendants Nokia of America Corporation, Nokia Corporation, and Nokia Solutions and Networks Oy (collectively, "Nokia") oppose.

> I. **TQ DELTA CONDUCTED A RULE 30(B)(6) DEPOSITION OF MR. VAN BRUYSSEL, AND DECLINED NOKIA'S OFFERS FOR ADDITIONAL RULE 30(B)(1) TIME**

TQ Delta has issued three serial notices of Rule 30(b)(6) deposition covering a total of 144 topics. In response to TQ Delta's Rule 30(b)(6) notices, instead of designating one person to speak on all 144 topics (where TQ Delta would presumably be limited to seven total hours), Nokia has designated eight different employees based on their substantive knowledge of the topics. Nokia designated Mr. Van Bruyssel on topics concerning the design, development, and operation the accused products, along with interoperability with the DSL standards, as those topics relate to a ***small subset*** of products at issue in this case ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. A (June 13, 2022 Email from K. Wroblewski). Mr. Van Bruyssel was also designated on topics related to Nokia's involvement in the ITU, though TQ Delta focused only very little of its questioning on those issues when it had the opportunity.

During the meet and confer process as required by Rule 30, Nokia repeatedly informed TQ Delta that the Belgium-based witnesses would be willing to start the depositions as early in the day as TQ Delta wanted, but must conclude by 8pm Belgium time. Despite this express caution, TQ Delta elected to delay the deposition start time until noon. Indeed, Mr. Van Bruyssel's deposition did not conclude until 8:03pm local time in Brussels.

Despite the relatively narrow scope of the corporate topics, counsel for TQ Delta questioned Mr. Van Bruyssel in his Rule 30(b)(6) capacity for the entire seven-hour period. And very few questions concerned Mr. Van Bruyssel's work at the ITU.

Following the deposition and brief discussions between the parties in the weeks that followed,[1] TQ Delta informed Nokia that it would be filing the present motion to compel if Mr. Van Bruyssel was not made available for a second deposition. Ex. B (July 6, 2022 Email from R. Fink). To further accommodate TQ Delta, Nokia offered to continue Mr. Van Bruyssel's deposition in a Rule 30(b)(1) capacity for a reasonable time period and limited scope. TQ Delta outright rejected that offer—claiming that it would take a second seven-hour deposition or not at all—and informed Nokia it would proceed with filing the present motion to compel.

Last week, Nokia offered to make Mr. Van Bruyssel available for three additional hours to testify in response to TQ Delta's Rule 30(b)(1) notice, so long as TQ Delta agreed not to further question him on the Rule 30(b)(6) topics for which he was previously designated. Ex. Ex. C (July 21, 2022 Email from K. Wroblewski). TQ Delta responded, maintaining its unreasonable position that it needs "5 hours (on the record)"[2] of testimony that "may, potentially, touch on areas similar to some 30(b)(6) topic[s]." Ex. C (July 22, 2022 Email from R. Fink). TQ Delta also tacked on additional conditions: that Nokia (1) represent Mr. Van Bruyssel will not come to trial, and (2) preemptively waive any objection to additional deposition time for other Rule 30(b)(1)/Rule 30(b)(6) deponents. *Id.*

## II. TQ DELTA IS NOT ENTITLED TO SERIAL DEPOSITIONS NOW, AND ITS MOTION SHOULD BE DENIED

Nokia does not dispute that Rule 30(b)(6) and Rule 30(b)(1) depositions are separate. But as *Sabre* very plainly recognizes, this does **not** mean that "the inquiring party has *carte blanche* to

---

[1]  While TQ Delta cited correspondence stating that "[e]ach of Nokia's witnesses are available for one 7-hour day," on multiple occasions during the meet-and-confer process, Nokia offered additional time. Dkt. 199-4.
[2]  Notably, this is an hour longer than TQ Delta represented it may need for the deposition in its motion. *See* Dkt. 199 at 7 (estimating 4-6.5 hours).

depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness." *Sabre v. First Dominion Capital, LLC*, No. 01-civ-2145, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001). As the court acknowledged, individual knowledge and corporate knowledge may overlap, "thereby obviating the need for a second deposition." *See id.*

This is precisely the case with Mr. Van Bruyssel, whose "personal" knowledge is fully subsumed in his corporate role, to which he has already testified. As TQ Delta recognizes, Mr. Van Bruyssel has been employed by Nokia and its predecessor entity for twenty years. Dkt. 199 at 7. In his capacity as an employee of Nokia, Mr. Van Bruyssel attended multiple ITU conferences and submitted declarations to the ITU on behalf of Nokia. TQ Delta has indicated that one of the main reasons it needs a second deposition is to ask Mr. Van Bruyssel about his role in ITU standards development. *See, e.g.*, Dkt. 199 at 1 (identifying "relevant personal knowledge, including experience with the accused DSL products, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and role as an ITU standardization representative for Nokia's predecessor Alcatel-Lucent and in related standards-setting organizations"). But these issues largely overlap, perhaps with the exception of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, with the topics for which Mr. Van Bruyssel was designated. *See, e.g.*, TQ Delta 30(b)(6) Damages Topic No. 50 ("Nokia's contributions to any DSL standards setting body relating to any of the DSL Standards, if any, including an identification of the persons involved in making such contributions on behalf of Nokia.").

Even further, and as discussed above, to address the very limited number of non-overlapping issues, Nokia tried on multiple occasions to accommodate TQ Delta's request for additional time. TQ Delta, however, refused to meaningfully engage in compromise—contending it was entitled to another full seven-hour deposition despite the significant overlap in substance. Its most recent offer was coupled with arbitrary conditions, including that Nokia provide Mr. Van

4

Bruyssel for a nearly full-day second deposition and simultaneously agree not to bring him to trial as a witness. Ex. C (July 22, 2022 Email from R. Fink).

The cases TQ Delta cites do not justify additional deposition time.[3] In *Genband*, the court stated only that the defendants "should not have unilaterally terminated the deposition after 7 hours," and ordered them to produce the deponent for "a further deposition of ***up to three hours***."

---

[3] This is true of the out-of-circuit cases TQ Delta relies on as well. Not one of those cases indicates that a party is always *per se* entitled to two seven-hour depositions by virtue of serving separate a Rule 30(b)(1) notice to a witness who has already been identified as a Rule 30(b)(6) designee, particularly where the substantive knowledge largely overlaps (and the party repeatedly rebuffed compromise proposals). *IOEngine, LLC v. Paypal Holdings, Inc.*, Case No. 18-452-WCB, Dkt. No. 329, at 14-17 (D. Del. Sept. 30, 2021) (analyzing only whether multiple 30(b)(6) depositions constitutes a single deposition for purposes of the default 10 deposition limit in Rule 30); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038, 2007 U.S. Dist. LEXIS 118574, at *8 (E.D. Pa. July 18, 2007) (finding only that leave of court was not required to issue a Rule 30(b)(1) notice after Rule 30(b)(6) deposition occurred); *Caraustar Indus. v. N. Ga. Converting, Inc.*, No. 3:04-CV187-H, 2006 U.S. Dist. LEXIS 105416, at *6 (W.D.N.C. Mar. 22, 2006) (rejecting party's argument that any information that could be discovered from the witness in his individual capacity could have been obtained through other methods, like written discovery requests); *Prasad v. George Wash. Univ.*, 325 F.R.D. 1, 5 (D.D.C. 2018) (allowing a Rule 30(b)(6) deposition to proceed after a witness with personal knowledge of the topics had been deposed under Rule 30(b)(1), as that testimony did not bind the entity); *Smith v. General Mills*, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15 (S.D. Ohio Apr. 13, 2006) (same); *Kove IO, Inc. v. Amazon Web Services, Inc.*, Case No. 18-cv-8175, Dkt. No. 497, at 2-4 (E.D. Ill. Jan. 25, 2022) (rejecting request to depose a witness for three seven-hour days, where party agreed to provide that witness for two seven-hour days); *Hastings v. FCA US LLC*, No. 4:19-cv-04067, 2021 U.S. Dist. LEXIS 197308, at *2-4 (W.D. Ark. Oct. 13, 2021) (simply noting that "[t]he possibility that [the witness] might have to be deposed as a fact witness and then again as a 30(b)(6) witness" was not sufficient for a protective order, and not addressing time limits or potential overlap in knowledge); *Am. Home Assurance Co. v. Greater Omaha Packing Co.*, No. 8:11CV270, 2013 U.S. Dist. LEXIS 129638, at *3-4 (D. Neb. Sept. 11, 2013) (declining to consolidate Rule 30(b)(1) and Rule 30(b)(6) depositions because the party seeking relief provided only a "vague reference to 'an efficient discovery process'"); *Dynetix Design Sols., Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 U.S. Dist. LEXIS 169015, at *3-6 (N.D. Cal. Nov. 27, 2012) (noting that the Rule 30(b)(6) deposition would be directed to infringement issues relevant to dispositive briefing, whereas the Rule 30(b)(1) deposition would be relevant to validity issues); *The Cincinnati Ins. Co. v. Desert State Life Mgmt.*, No. 18-981, 2020 U.S. Dist. LEXIS 163307, at *14-15 (D.N.M. Sept. 8, 2020) (requiring party taking deposition to "remain cognizant of the capacity in which [the witness] is testifying and tailor their questions accordingly"); *Hagler v. Williams*, No. 1:19-cv-03015-JPB, 2021 U.S. Dist. LEXIS 160399, at *5 (N.D. Ga. Aug. 25, 2021) (limiting the time available for each deposition because the witness's knowledge overlapped).

*Genband US LLC v. MetaSwitch Networks Corp. et al.*, Case No. 2:14-cv-33-JRG-RSP, Dkt. No. 200, at 1 (E.D. Tex. May 21, 2015) (emphasis added). Here, before the original deposition began, Nokia left open the possibility of reasonable time past the default seven hours (and after TQ Delta resorted to motion practice, Nokia renewed its offer to make Mr. Van Bruyssel available for a three-hour deposition—the same relief ordered in *Genband*). TQ Delta declined that offer. In *Schmidt*, the court denied a motion to quash a third-party subpoena, where the only individual associated with that third party was also an individual named plaintiff who had previously been deposed in his individual capacity. *Schmidt v. McKee*, No. B-10-20, 2012 U.S. Dist. LEXIS 201565, at *12 (S.D. Tex. Feb. 21, 2012) (recognizing that appearing for two depositions that may last "several hours" is an "unavoidable consequence of being an individual plaintiff and the corporate representative of a plaintiff and a relevant non-party"); *see also S. Tex. Neon Sign Co. v. Ixtapa, Inc.*, No. L-08-0116, 2009 U.S. Dist. LEXIS 148335, at *4 (S.D. Tex. June 2, 2009) (requiring plaintiff to serve discovery requests directed to the remaining issues, and noting the continuation of the deposition could proceed only if the defendant did not adequately respond to those discovery requests); *SimpleAir, Inc. v. AWS Convergence Techs., Inc., et al.*, Case No. 2:09-cv-289, Dkt. 377, at 2 (E.D. Tex. Feb. 29, 2012) (denying motion to compel additional depositions of two witnesses).

### III. CONCLUSION

It is TQ Delta—not Nokia—that has engaged in litigation gamesmanship, including by virtue of its identification of over 150 corporate topics. In an effort to provide the most knowledgeable witnesses, Nokia has designated 8 different designees—but now TQ Delta demands 14 deposition hours with each such designee. While Nokia attempted to reach a reasonable compromise, TQ Delta refused to engage, instead electing to burden the Court with

unnecessary discovery disputes and force additional international travel on the parties. Nokia thus respectfully requests that the Court deny TQ Delta's motion.

Dated: July 25, 2022                               Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Tel:  404.881.7737
Fax:  404.881.7777
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Darlena Subashi (NY Bar # 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
Email: darlena.subashi@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300

████████████████████████
████████████████
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214.922.3400
Fax: 214.922.3899

*Counsel for Defendants*
*Nokia Corporation, Nokia Solutions*
*and Networks Oy, and Nokia*
*of America Corporation*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 25, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *M. Scott Stevens*
M. Scott Stevens

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 27, 2022, on all counsel who have consented to electronic service via ECF.

                                            /s/ *M. Scott Stevens*
                                            M. Scott Stevens