# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | §§§§§§§§§§§§§§§§ | **JURY TRIAL DEMANDED**<br><br><br><br>**Civil Action 2:21-cv-310-JRG**<br>**(Lead Case)** |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.<br><br>    Defendants. | §§§§§ | **Civil Action No. 2:21-cv-309-JRG**<br>**(Member Case)** |

**PLAINTIFF TQ DELTA, LLC'S RESPONSE TO**
**NOKIA'S MOTION TO COMPEL DISCOVERY FROM TQ DELTA**

I.  INTRODUCTION

The Court should deny Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.'s (collectively, "Nokia") Motion.  Nokia's Motion involves four categories of documents that TQ Delta has produced with redactions and a fifth category that is moot: (1) TQ Delta's financial statements; (2) valuation reports; (3) invoices; (4) its LLC Agreements; and (5) Aware acquisition documents.  Categories 1, 3, and 4 have been the subject of discovery rulings in the Delaware litigation, and TQ Delta's position concerning these documents is consistent with the Delaware rulings.  *See TQ Delta LLC v. ZyXEL Commc'n*, No. 1:13-cv-02013-RGA, Discovery Order (Dkt. No. 534 at 2–3) (D. Del. June 8, 2018) (rulings relevant to Categories 1 and 4 documents); *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835, Special Master Letter (Dkt. No. 578 at 5–7) (D. Del. Nov. 7, 2018) (rulings relevant to Category 3 documents).

TQ Delta will agree to produce the Category 1 and 4 documents in unredacted form if the Defendants will agree not to disseminate or in any way disclose the unredacted documents to the individuals encompassed in paragraph 5(c) of the Protective Order (Dkt. No. 61).  The information contained in these documents—TQ Delta's financial statements and LLC Agreements—relate to ████████ ██████████████████████████████████████ TQ Delta views this information as highly confidential and highly sensitive.  This fact, coupled with the current scope of protection the documents would receive if produced as "Restricted – Attorneys' Eyes Only" under the Protective Order, is a major reason why TQ Delta has struggled with the production of these documents in unredacted form.  Accordingly, absent agreement by the defendants, TQ Delta requests that the Court modify the Protective Order solely in relation to the

1

Category 1 and 4 documents to prevent disclosure of these documents to the individuals encompassed in paragraph 5(c) (*e.g.*, the in-house counsel of the Defendants).

The Delaware Court ruled that the Category 3 invoices contained privileged information and were subject to proper redactions. *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835, Special Master Letter (Dkt. No. 578 at 5–7) (D. Del. Nov. 7, 2018). TQ Delta has produced the Category 3 invoices with redactions consistent with the Delaware Court's ruling. Nokia asks the Court to overrule Delaware and order TQ Delta to produce unredacted copies of these invoices, thereby finding a privilege waiver. TQ Delta submits these invoices for *in camera* inspection to allow this Court to evaluate for itself whether the Delaware Court's ruling is correct.

The Delaware Court has not ruled on whether TQ Delta's redactions to the Category 2 valuation reports documents are proper because no Defendant in Delaware has raised the issue. TQ Delta submits the Category 2 documents for *in camera* inspection so that the Court may evaluate the merits of TQ Delta's redactions based on privilege and relevance.

Finally, Nokia is wrong that TQ Delta has not produced the Category 5 documents related to the acquisition of the asserted patents from Aware. TQ Delta produced these documents in March, 2022.

II.     **ARGUMENT**

    A.     **Redacted Financials (Category 1)**

Nokia has requested that TQ Delta produce its financial statements relating to the years 2012 through the present in unredacted form. (Mot. at 3). Contingent on the agreement of the Defendants not to disclose these materials to the individuals encompassed in paragraph 5(c) or, absent this, modification of the current Protective Order as requested *supra*, TQ Delta will agree

to produce these financial statements in unredacted form.[1] *See TQ Delta LLC v. ZyXEL Commc'n*, No. 1:13-cv-02013-RGA, Discovery Order (Dkt. No. 534 at 2–3) (D. Del. June 8, 2018).

### B.  ███ Valuation Reports (Category 2)

This portion of Nokia's Motion relates to eight valuation reports conducted by ███████████ ██████████████████████████. These eight produced ███ Reports (Bates No. TQD_TX00176571–00177032 and TQD_TX00377136–00377290)[2] span the years 2014 through 2021. For 2014 and 2015, the ███ Reports combined the valuation specific to TQ Delta with the valuations of irrelevant third-parties. The portions relating to these third-parties have been redacted in their entireties. TQ Delta requests that under Federal Rule of Civil Procedure 26(c), these redactions be permitted to remain, and there is good cause for such a request. Not only is this information irrelevant, but it also contains the sensitive financial information of third-parties regarding investments that have nothing to do with TQ Delta. None of the redacted information relates to the value of TQ Delta. Its divulgence should not be compelled based on the arbitrary fact that it happens to appear within the same document as TQ Delta's information.

Additionally, each ███ Report contains narrow, targeted redactions that prevent the disclosure of privileged information. *See TIGI Linea Corp. v. Prof'l Prods. Grp., LLC*, No. 4:19-cv-00840-RWS-KPJ, 2020 U.S. Dist. LEXIS 244777, at *22 (E.D. Tex. Dec. 30, 2020) ("Rule

---

[1] Also, consistent with the Delaware rulings, TQ Delta will seek a protective order under Federal Rule of Civil Procedure 26(c) if a defendant serves any request for discovery on any of the third-party investors identified in TQ Delta's unredacted financial statements. *See TQ Delta LLC v. ZyXEL Commc'n*, No. 1:13-cv-02013-RGA, Discovery Order (Dkt. No. 534 at 2–3) (D. Del. June 8, 2018) (ordering production of unredacted financial statements and LLC Agreement with the following limitation: "I doubt this is a realistic possibility, but, just in case, absent my express approval, the third party investors which will be disclosed in the unredacted documents are not to be subject to any discovery efforts.").

[2] TQ Delta intends to produce as soon as practicable the 2022 ███ Report. TQ Delta is in the process of reviewing and applying proper redactions to this document.

26(b)(3) protects from discovery documents prepared by a party's agent, as long as they are prepared in anticipation of litigation") (quoting *Swoboda v. Manders*, No. 14-19-EWD, 2016 U.S. Dist. LEXIS 65790, at *19 (M.D. La. May 19, 2016)). Certain information related to the ▇▇▇ has been redacted. An example of such privileged information is the quotation found in Nokia's Motion at page 4. These redactions are, thus, to information protected under the work product doctrine and are valid. *See TIGI Linea*, No. 4:19-cv-00840-RWS-KPJ 2020 U.S. Dist. LEXIS 244777, at *29 ("The document appears to constitute a power point presentation wherein the primary motivating purpose behind its creation was to aid in possible future litigation and is, therefore, privileged."); *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 U.S. Dist. LEXIS 32967, at *16 (E.D. Tex. Mar. 15, 2016) ("The Court finds that the litigation funding information is protected by the work product doctrine."). Consistent with paragraph 6 of the Discovery Order (Dkt. No. 60), TQ Delta will provide the Court via hand delivery a flash drive containing redacted ▇▇▇ Reports and corresponding unredacted originals for *in camera* review within seven days after the filing of this Response.

Finally, Nokia's argument concerning the purported waiver through "cherry-picking" is unclear. Documents may, of course, simultaneously contain privileged and non-privileged information; Nokia's idiom-based argument neglects this fact.

### C.   Tzannes Patent Management, LLC Invoices (Category 3)

The redactions made to the Tzannes Patent Management, LLC invoices ("Tzannes invoices") were done so based on valid assertions of privilege and should, therefore, be maintained.

4

*See TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835, Special Master Letter (Dkt. No. 578 at 5–7) (D. Del. Nov. 7, 2018).  The descriptive time entries within the invoices contain factual details of these services rendered in the furtherance of legal activities, meaning their divulgence would reveal the substance of attorney communications, and, thus, they fall under the protection of privilege.  *See Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) ("A corporate client has a privilege to refuse to disclose . . . confidential communications between *its representatives* and its attorneys when the communications were made to obtain legal services.") (emphasis added).

The time entries should also be protected under the work product doctrine.  *See* FED. R. CIV. P. 26(b)(3).  The time entries indirectly reveal an attorney's mental impressions, in that they show, *e.g.*, the decisions of an attorney concerning which legal activities merited pursuing (and, by a negative implication, which activities did not) and how resources—time and money—were allotted across a spectrum of competing legal tasks.  These judgment calls and strategic thinking of an attorney should remain protected as work product.  *See SEC v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) ("The Fifth Circuit has recognized 'opinion work product' and noted that 'some courts have provided an almost absolute protection of such materials.'") (quoting *In re Int'l Sys. and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)).

Importantly, this issue was previously raised before the District Court in the Delaware litigation and that Court ruled redactions to the invoices were proper—a fact that Nokia did not reveal in its Motion.  *See TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-01835, Special Master Letter (Dkt. No. 578 at 5–7) (D. Del. Nov. 7, 2018).  The Special Master found that the descriptive time entries within the invoices were properly subject to, at least, the attorney-client communications privilege: "[T]he descriptive time entries . . . may be privileged, and therefore, redacted to the extent that such entries include privileged communications or convey information for the purpose

of rendering legal advice." *Id*. at 6.  Here, in this litigation, TQ Delta has produced 113 Tzannes invoices, which stretch over the time period ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, that have been redacted in a manner consistent with the foregoing ruling (Bates No. TQD_TX00426480–00426975; TQD_TX00429243–00429271).  Consistent with paragraph 6 of the Discovery Order (Dkt. No. 60), TQ Delta will provide the Court via hand delivery a flash drive containing exemplary redacted invoices and corresponding unredacted originals for *in camera* review within seven days after the filing of this Response.

### D.  TQ Delta's LLC Agreement (Category 4)

Nokia has requested that TQ Delta produce its LLC Agreement and the related amendments in unredacted form.  (Mot. at 5–6).  Contingent on the agreement of the Defendants not to disclose these materials to the individuals encompassed in paragraph 5(c) or, absent this, modification of the current Protective Order as requested *supra*, TQ Delta will agree to produce its LLC Agreement and related amendments in unredacted form.[3]  *See TQ Delta LLC v. ZyXEL Commc'n*, No. 1:13-cv-02013-RGA, Discovery Order (Dkt. No. 534 at 2–3) (D. Del. June 8, 2018).

### E.  TQ Delta's Negotiation Documents Concerning the Acquisition of the Asserted Patents (Category 5)

Nokia asks the Court to "compel TQ Delta to produce all negotiation documents and previously produced negotiation communications regarding the acquisition of the Asserted Patents."  TQ Delta acquired the Asserted Patents from Aware, Inc., in 2012, and the negotiations were conducted between TQ Delta and Global IP Group, which negotiated on Aware's behalf.

---

[3] Also consistent with the Delaware rulings, TQ Delta will seek a protective order under Federal Rule of Civil Procedure 26(c) if a defendant serves any request for discovery on any of the third-party investors identified in TQ Delta's unredacted LLC Agreement and related amendments.  *See TQ Delta LLC v. ZyXEL Commc'n*, No. 1:13-cv-02013-RGA, Discovery Order (Dkt. No. 534 at 2–3) (D. Del. June 8, 2018).

Nokia accuses TQ Delta of refusing to produce these negotiation documents. But that is incorrect. In fact, TQ Delta produced these documents, totaling 3,527 pages, to Nokia and CommScope on March 26, 2022 (Bates Nos. TQD_TX00170937 - TQD_TX00174464), as part of its re-production of its document production to 2Wire in the Delaware litigation. And on April 1, 2022, TQ Delta produced the same documents again (Bates Nos. TQD_TX00303260 - TQD_TX00306787) as part of its re-production of its document production to ADTRAN in the Delaware litigation. In addition, on July 6, 2022, TQ Delta produced a set of documents that Aware had produced in the Delaware litigation. Those documents also contained negotiation documents (Bates No. Aware-005108-006240) concerning the acquisition of the Asserted Patents. Thus, TQ Delta is not refusing to produce and, in fact, has produced the negotiation documents and communications regarding the acquisition of the Asserted Patents in its possession. And it is not knowingly withholding any non-duplicative copies of such documents.

### III. CONCLUSION

For the foregoing reasons, TQ Delta respectfully asks that the Court deny Nokia's Motion to Compel.

Dated: July 25, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997

7

rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**

213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this July 25, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III

8