IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>     *Plaintiff*,<br><br> v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC<br><br>     *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| TQ DELTA, LLC,<br><br>     *Plaintiff*,<br><br> v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>     *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

**DEFENDANTS' OPPOSED MOTION TO EXPEDITE
BRIEFING SCHEDULE REGARDING DEFENDANTS' SECOND
MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS**

Defendants Nokia of America Corporation, Nokia Corporation, Nokia Solutions and Networks Oy (collectively, "Nokia"), and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") (together, "Defendants") respectfully file this Motion to Expedite the Briefing Schedule regarding

1

their filed Second Motion For Entry of Order Focusing Patent Claims.  Plaintiff TQ Delta, LLC ("TQ Delta") opposes this motion.

Defendants' Second Motion to Focus the Patent Claims concerns an issue that will immediately and significantly affect the scope of work conducted by both TQ Delta and Defendants.  Indeed, should this Court grant Defendants' motion requiring TQ Delta to further limit the number of patents asserted against both Nokia and CommScope, the parties and the Court would avoid wasting valuable resources addressing issues directed to patents that will never be part of the trial in this case.  Indeed, if Defendants' motion is granted, the scope of this case will be narrowed by nearly one-third—narrowing from fourteen patents asserted against Nokia to just five patents and twelve patents asserted against CommScope to just four patents—all while having no effect on TQ Delta's per-standard licensing model.  Likewise, should this Court grant Defendants' motion for alternative relief—which requests increasing the prior art reference limit from 20 references to 40 references—Defendants would require the additional time provided by expedited briefing to draft their expert reports.  As a result, Defendants respectfully request an expedited briefing schedule on their motion that would permit the Court to resolve this issue before TQ Delta and Defendants are required to serve their respective opening expert reports.

The date set for the service of expert reports by the party with the burden of proof on an issue is currently August 15, 2022.  The parties will file a motion imminently requesting to extend this date to August 29, 2022.  Under the standard briefing schedule, Defendants' Second Motion to Focus the Patent Claims would not be ripe for adjudication until one day before opening expert reports have been served (assuming reports are extended until August 29), thus requiring the parties to expend significant time and resources on patents on which TQ Delta has no intention of bringing to trial.  Also, should the Court grant Defendants' alternative request for relief, such a

grant would not occur until one day before Defendants' must serve their expert reports.  Defendants thus submit that interests of judicial economy weigh in favor of a ruling on this issue prior to the day before the opening expert report deadline.

Therefore, Defendants have proposed the following expedited briefing schedule to permit resolution of Defendants' Motion in advance expert report deadlines:

| Brief | Deadline |
| --- | --- |
| Plaintiff's Response to Defendants' Motion | Friday, August 5, 2022 |
| Defendants' Reply Brief | None (no reply necessary) |
| Plaintiff's Sur-Reply | None (no sur-reply necessary) |

For the foregoing reasons, Defendants' request that the Court grant Defendants' Motion to Expedite the Briefing Schedule.

Dated: August 1, 2022

Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195 )
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309

|  |  |
|---|---|
|  | Email: michael.deane@alston.com<br>Tel:  404.881.7737<br>Fax:  704.444.1111<br>Email: john.haynes@alston.com<br>Email: michael.deane@alston.com<br><br>Adam Ahnhut (TX Bar # 24106983)<br>ALSTON & BIRD LLP<br>Chase Tower<br>2200 Ross Avenue, Suite 2300<br>Dallas, TX 75201<br>Email: adam.ahnhut@alston.com<br>Tel: 214-922-3400<br>Fax: 214-922-3899<br><br>*Counsel for Defendants*<br>*Nokia Corporation, Nokia Solutions*<br>*and Networks Oy, and Nokia*<br>*of America Corporation* |
| Dated: August 1, 2022 | Respectfully submitted,<br><br>By: */s/ Andrew Ong*<br>Eric H. Findlay<br>State Bar No. 00789886<br>Brian Craft<br>State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave, Ste. 900<br>Tyler, TX 75702<br>903-534-1100 (t)<br>903-534-1137 (f)<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>Douglas J. Kline<br>Christie Larochelle<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA  02210<br>P:  (617) 570-1000<br>F:  (617) 523-1231<br>dkline@goodwinlaw.com<br>clarochelle@goodwinlaw.com |

4

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., ARRIS Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 1, 2022.

>                             /s/ *M. Scott Stevens*
>                             M. Scott Stevens

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for all parties met and conferred regarding the relief requested above. The parties met and conferred over telephone and email to resolve their dispute but were unable to do so.

>                              /s/ *M. Scott Stevens*
>                             M. Scott Stevens