IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br><br>    *Plaintiff*,<br><br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br><br>    *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br><br>    *Plaintiff*,<br><br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br><br>    *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

## [PROPOSED] SECOND ORDER FOCUSING PATENT CLAIMS

The Court ORDERS as follows:

  1.  This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

*Limits on Asserted Claims and Prior Art References*

2.      By August 15, 2022, the patent claimant shall serve a Second Final Election of Asserted Claims, which shall identify claims from no more than one patent of its choosing per standard that it accuses for each of Nokia and CommScope. The identified claims must be from among the previously identified claims in TQ Delta's First Final Election of Asserted Claims. As TQ Delta has asserted at present only five standards against Nokia and only four standards against CommScope, TQ Delta may not identify claims from more than five patents against Nokia and four patents against CommScope.

3.      By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendants shall each serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

**[***Alternative***]** *Limits on Prior Art References*

4.      By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendants shall each serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 40 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

*Modification of this Order*

5.  Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[1]

---

[1] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.