IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br><br>　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC**<br><br>　　　　　　　　*Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br><br>　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br><br>　　　　　　　　*Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO EXPEDITE THE BRIEFING SCHEDULE FOR DEFENDANTS' SECOND <u>MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS</u>**

　　　　The tone and tenor of TQ Delta's opposition to the motion to expedite is that TQ Delta is overwhelmed. TQ Delta calls the timing of Defendants' request for further narrowing (and for expedited briefing) "inopportune" since "virtually every hour [over the next two weeks] is spoken for" (Opp. at 1), making it "exceptionally difficult" (*id*. at 2) for TQ Delta to deal with Defendants' motion regarding a topic that the parties have been discussing for weeks, and that the Court expressly invited in the prior narrowing Order.

1

TQ Delta's concerns are not unique to it. Defendants are the ones facing allegations directed to an inordinate number of patents—14 patents against Nokia and 12 patents against CommScope—at a now-advanced stage of litigation. Nor is any "opportune" time anywhere on the horizon. Expert reports are underway even while fact discovery concludes over the next three weeks. There is no break, no end in sight, and the close of fact discovery in three weeks will not alter that fact. And while TQ Delta expresses concern over the burdens it is facing, the burdens are felt even more so by Defendants. TQ Delta has no room to complain, for it can readily narrow the case, but it simply will not do so unless ordered by the Court. The requested narrowing order is appropriate, and so too is expedited briefing on that request. As TQ Delta itself highlights, every day of delay wastes an exorbitant amount of resources litigating patents that will never be presented to the jury. TQ Delta knows that it must narrow the case, and the only credible explanation for TQ Delta's desire to delay that narrowing is that it wants to apply the maximum burden and expense on Defendants for as long as possible.

Curiously, in its Opposition, TQ Delta complains that Defendants should have pursued their relief sooner while at the same time arguing that the narrowing order, if granted, would arrive too soon. TQ Delta's current stance is that it needs time to complete not only all fact discovery, but also all expert discovery, before it can narrow the case further. But that timing would obligate Defendants to complete *all* of their expert reports (at significant expense) on a slew of patents that have no chance of ever being presented to the jury. TQ Delta posits that it bears a greater burden than Defendants, but *TQ Delta* has been litigating these patents for *eight years*, including in many instances accusing the same underlying source code base, so it should know by now what patents it actually wants to bring to trial.

2

While proclaiming that it cannot timely respond to the Defendants' motion to further narrow the case, TQ Delta's opposition to the motion for expedited briefing already addresses the core aspects of the narrowing motion. This, too, demonstrates that TQ Delta's tactics are merely an effort to delay additional narrowing. TQ Delta has already marshalled its arguments on the merits, it just seeks to delay resolution of the dispute.

Defendants filed their first narrowing motion by tracking this Court's Model Order Focusing Patent Claims and Prior Art. At that time, TQ Delta was pressing an extraordinary number of claims and patents (128 unique claims across 22 patents). In seeking and obtaining a variation of the requested relief, Defendants expected TQ Delta to actually narrow the scope of the case. But rather than following the spirit of the Order, TQ Delta kept the case as expansive as possible. TQ Delta today, here at the onset of expert discovery, still asserts an unreasonable 14 patents against Nokia and 12 patents against CommScope. That is the reason the Defendants are seeking further relief, and doing so at this juncture.

To be sure, Defendants have been diligent in seeking further narrowing of the case since TQ Delta belatedly provided its most recent narrowing, as required by the existing Order, on July 19. Defendants promptly reached out to TQ Delta, and the parties have met and conferred several times (both telephonically and via email) to discuss a further narrowing, but TQ Delta offered to reduce the 14 patents asserted against Nokia to only 12 patents—affording no meaningful relief and justifying this follow-on motion seeking further narrowing.

In the existing Order, this Court indicated that "the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial." Dkt. 128 at 3. This Court provided similar guidance in denying CommScope's motion for a partial stay. Dkt. 230 at 7 n.2 ("If CommScope seeks additional narrowing beyond the base-level requirements

of the Order, CommScope may move for such relief."). Defendants have now done precisely that. TQ Delta therefore is wrong to express surprise about the request for further narrowing, and TQ Delta is disingenuous to express that it does not have time to address the issue. There would have been no need for the motion had TQ Delta narrowed the case consistent with the spirit of this Court's order—limiting the scope of the case to something that begins to resemble a presentable case at a jury trial.

Importantly, ***TQ Delta itself recognizes that it must further narrow the case for trial***. TQ Delta just says "not now" and "not yet." TQ Delta not only says those things, but also says it does not even have time to respond to this important issue on an expedited basis. That rings hollow. It has time; it just does not want to take this important step, and it will not do so unless ordered by the Court. Without question, the requested relief—on an expedited basis—will immediately and significantly reduce the scope of work faced by both TQ Delta and Defendants alike. Respectfully, this Court should grant the motion to expedite briefing, and should grant the relief for a further narrowing order.

Dated: August 3, 2022

Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195 )
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
Tel:  404.881.7737
Fax:  704.444.1111
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214-922-3400
Fax: 214-922-3899

*Counsel for Defendants
Nokia Corporation, Nokia Solutions
and Networks Oy, and Nokia
of America Corporation*


By: */s/ Andrew Ong*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle

5

GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., ARRIS Enterprises, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 3, 2022.

                                                      /s/ *M. Scott Stevens*
                                                      M. Scott Stevens