# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>      *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

## COMMSCOPE'S OPPOSITION TO TQ DELTA, LLC'S SECOND MOTION TO COMPEL DISCOVERY FROM COMMSCOPE

I.      INTRODUCTION.

Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") respectfully request that the Court deny TQ Delta's second motion to compel against CommScope.  *See* Dkt. No. 239.

This is a highly technical patent case involving DSL software.  The accused functionality, i.e., discrete DSL functionality, occurs primarily—if not exclusively—on chips supplied by Broadcom to CommScope.  Those chips go inside CommScope's DSL CPE products.  Therefore, whether the accused CommScope DSL CPE products do or do not infringe TQ Delta's asserted patent claims will be determined based primarily on experts' review of the Broadcom source code powering the Broadcom DSL chips.[1]  As for discovery relating to potential damages, if any, CommScope has provided TQ Delta with sales information and profit margin information regarding the accused CommScope DSL CPE products.

TQ Delta contends that many of its patents are "essential" to DSL standards.  That is, any product that complies with the standard, e.g., VDSL2, necessarily infringes its patents.  The principal documents needed to prove or disprove this TQ Delta theory are the patents, DSL standards, and product datasheets identifying which standards the accused CommScope DSL CPE products implement.  TQ Delta has all of these documents.

Notwithstanding the foregoing, TQ Delta has essentially weaponized the fact-discovery process against CommScope by seeking essentially every "business document" (broadly defined)

---

[1] In its motion, TQ Delta appears to complain that CommScope has not produced "source code." Dkt. No. 239 at 2.  That is wrong—CommScope has produced source code, *see* COMMSCOPE000001–282—but, as TQ Delta knows very well, the DSL source code it wants is Broadcom source code that CommScope does not have and cannot produce to TQ Delta.  TQ Delta has subpoenaed Broadcom for that source code.

1

relating to the accused products.  Beginning with its March 2022 letter, totaling 22 pages and identifying over 150 categories of purportedly relevant documents, TQ Delta has taken an overly broad approach to discovery all in an effort to manufacture discovery disputes with CommScope that it could bring to the Court.  Moreover, TQ Delta has used depositions to identify additional documents and, after almost every deposition, sent CommScope an email listing documents that the witness identified that it wants produced "immediately."  *See, e.g.*, Ex. A (8/11/2022 email).

CommScope has endeavored in good faith to try to satisfy TQ Delta's insatiable appetite for every irrelevant "business document" relating to the accused products.  Still, TQ Delta filed this wasteful motion to compel.  TQ Delta's motion should be denied as moot because CommScope has produced many of the relevant categories of documents that TQ Delta has requested in its motion.[2]

As CommScope informed TQ Delta before it filed its motion, CommScope is not intentionally withholding any relevant technical or business documents for the CommScope accused products that have been sold in the United States since 2015.[3]  For example, for those accused products, CommScope began by searching the central repositories where relevant documents are expected to reside (Agile, DigitalCM, SharePoint, and OneDrive) and produced to TQ Delta ***all*** documents it had related to those accused products.  CommScope did not withhold any documents that it found.  Moreover, as it admits in the motion, TQ Delta has moved to compel

---

[2] TQ Delta makes no effort in its motion to justify the relevance of most of the documents it is seeking to compel, e.g., block diagrams, bills of materials, statements of work, etc.  Nevertheless, again in a good faith effort to avoid burdening the Court with discovery motion practice, CommScope has endeavored to locate and produce such documents for as many of the thirteen properly accused products as it can.

[3] As discussed in the briefing on TQ Delta's first motion to compel, CommScope does not believe that worldwide sales data for CommScope's DSL is relevant to the issues in this case, so CommScope has not produced such information to TQ Delta.  *See* Dkt. No. 253 at 4–7.

documents, including source code, that *CommScope already agreed to produce* before the motion was filed—and that CommScope has in fact produced after the motion was filed. And, both prior to and subsequent to TQ Delta filing its motion, CommScope has searched for and produced many categories of documents that TQ Delta has identified.

In short, CommScope is and has been working in good faith to search for and produce the grossly overbroad categories of documents that TQ Delta wants. Accordingly, there is no need for the Court to issue an order compelling CommScope to produce relevant technical and business documents, and the motion to compel should be denied as moot.

## II. ARGUMENT.

### A. CommScope Has Produced and Will Produce Relevant Technical Documents It Can Locate After a Reasonable Search.

TQ Delta's motion to compel should be denied as moot because CommScope has produced and will produce relevant technical documents, including many of the categories of documents identified by TQ Delta. As CommScope explained to TQ Delta during the meet-and-confer process, CommScope has already searched its central repositories and produced all documents it could find relating to the accused products with sales in the United States since 2015. *See* Declaration of James Shead ("Shead Decl.") ¶¶ 2–3. These central repositories at CommScope include SharePoint and DigitalCM, both of which TQ Delta identified in its motion, *see* Dkt. No. 239 at 5, as well as Agile and OneDrive. *See* Shead Decl. ¶ 2. From these central repositories, CommScope did not withhold any documents for the relevant accused products; instead, CommScope produced all documents it had for those products in its repositories. *Id.* ¶ 3.

In its motion, TQ Delta broadly identifies "high-level" and "low-level" technical documents as categories of documents that are missing from CommScope's production. With respect to high-level technical documents, TQ Delta's main complaint appears to be based on the

3

incorrect assumption that, because certain types of documents exist for some of the accused products, they must exist for all of the products. *See, e.g.*, Dkt. No. 239 at 5 ("As other examples, CommScope has produced high-level requirements; administration, configuration, and user guides; and test plans for some but not all products."). TQ Delta's assumption ignores the fact that the accused products were originally manufactured and sold by different companies. Specifically, many of the accused products were designed and developed by Pace/2Wire before its acquisition by ARRIS, while other products were designed and developed by ARRIS (and its subsidiary Motorola before its acquisition by ARRIS).[4] Technical documentation of course varies by company, so the same types of documents will not exist for all products—a fact that CommScope explained to TQ Delta during pre-motion discussions.

It is worth noting, again, that CommScope searched for high-level technical documents relating to the accused products and produced everything it could find. CommScope is not withholding anything. Indeed, it would make no sense for CommScope to produce documents, like administration and user guides, for some products while withholding the same documents for others. In any event, CommScope has made an effort to look for and produce documents that TQ Delta has identified.[5] For example, TQ Delta has requested bills of materials (BOMs) for the

---

[4] The 4111N, 5031NV, 5168N, 5168NV, and 5268AC products were designed and developed by Pace/2Wire. The remainder of the accused products—the BGW210-700, NVG44X, NVG448X, NVG510, NVG589, NVG599, FST1203, and FST1305 products—were designed and developed by ARRIS.

[5] TQ Delta has identified multiple categories of technical documents that are unduly burdensome for CommScope to collect and that TQ Delta knows it will never actually use in any trial in this case. One example is TQ Delta's request for documents from CommScope's JIRA system, which is used to track changes in software development. TQ Delta has never explained why it needs such information or how forcing to CommScope to collect and review large numbers of software changes is proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1) (allowing "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Such information is irrelevant. Initially, all of the accused DSL functionality is performed at the DSL chipset level; the DSL chipsets are controlled by third party

accused products, some of which, as TQ Delta notes, CommScope has already produced. CommScope has searched for additional BOMs and will produce the ones it can find during the week of August 15.

As for low-level technical documents, it is not entirely clear what TQ Delta is looking for, but CommScope has produced a number of low-level documents relating to the accused products, including source code. With respect to source code in particular, TQ Delta knows that the source code that is relevant to its asserted patent claims must come from Broadcom, and TQ Delta has subpoenaed Broadcom for that code.[6] Further, as TQ Delta concedes in its motion, "CommScope has stated it will, starting during the week of July 25, make its source code available for inspection." Dkt. No. 239 at 6. As promised, CommScope did in fact make source code available for inspection beginning the week of July 25, with one of TQ Delta's experts inspecting the source code the week of August 1 and another coming to inspect the code on August 16. Furthermore, CommScope already has printed paper copies of source code excerpts and produced them to TQ Delta. In other words, TQ Delta is asking the Court to compel the production of documents that it

---

Broadcom—not CommScope—so CommScope's source code has marginal relevance at best. Indeed, in two trials against 2Wire in Delaware, TQ Delta never once introduced evidence of any source code written by 2Wire. Even if TQ Delta were to rely on CommScope's code in this case, the changes the code went through are irrelevant to infringement; it is the actual code in the accused products that matters, and CommScope has produced that code.

[6] In its motion, TQ Delta states, "CommScope has taken the position that core details related to infringement are present in third-party chips. However, even if this is true (a claim that TQD is entitled to test), CommScope would still have engineering documents . . . ." Dkt. No. 239 at 5. TQ Delta pretends like this is a new argument. TQ Delta has been litigating some of the *exact same* accused products utilizing the *exact same* Broadcom chips for nine years in the *TQ Delta v. 2Wire* case. TQ Delta has tried two full cases involving these products and Broadcom chips. TQ Delta knows that the accused functionality is embodied in the Broadcom source code. In both of those trials, TQ Delta proved its case in part using Broadcom source code and no CommScope code.

already knew CommScope would produce. CommScope also produced other low-level technical documents with its source code.

CommScope either already has produced or will produce to TQ Delta the relevant technical documents that it can find after a reasonable search, and TQ Delta knows that it will never use at trial many of the categories of documents identified in its motion. Accordingly, the Court should deny TQ Delta's motion to compel as moot.

### B. CommScope Has Produced and Will Produce Relevant Business Documents It Can Locate After a Reasonable Search.

TQ Delta's motion to compel also should be denied because CommScope has produced and will produce relevant business documents, including many of the categories of documents identified by TQ Delta. As an initial matter, when CommScope produced all documents relating to the accused products from its central repositories, it did not intentionally remove or withhold any business documents.

Moreover, both before and after the filing of TQ Delta's motion to compel, CommScope has searched for, and produced or will produce, many of the business documents relating to its DSL customers, including, in particular, its two largest customers, AT&T and Frontier. For example, even before TQ Delta filed its motion, CommScope produced to TQ Delta many of the agreements it has with AT&T and Frontier (though it is still unclear to CommScope what relevance such agreements could possibly have). *See* COMMSCOPE039745 – COMMSCOPE040503. Additionally, as more documents have been identified through depositions of CommScope's witnesses and CommScope's own internal interviews, CommScope has continued to locate additional relevant documents to be produced to TQ Delta. Such documents include, for example, product forecasts, financial planning documents, presentations from customer meetings, presentations from internal strategy meetings, product roadmaps, product overviews, and profit

and loss statements. CommScope will produce these and other collected documents to TQ Delta the week of August 15.

CommScope has performed reasonable searches for relevant business documents, including the types of documents requested by TQ Delta, and will produce before the end of fact discovery all of the documents it can find.[7] Because CommScope will already have produced the documents that TQ Delta has reasonably asked for, there is no further need for the Court to issue an order compelling CommScope to produce those documents.

### III.   CONCLUSION.

For the reasons set forth above, CommScope respectfully requests that the Court deny TQ Delta's second motion to compel against CommScope.

Dated this 12th day of August, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702

---

[7] As with the technical documents, TQ Delta has made a number of unreasonable requests for business documents that CommScope should not be required to comply with. For example, on August 11, 2022, TQ Delta sent an email requesting that CommScope produce all "customer invoices and purchase orders for the Accused Products for at least the years 2015 to the present and at least for the customers AT&T and Frontier." Ex. B. CommScope has already produced financial spreadsheets with sales and other financial information relating to the accused products. Given that the sales information has already been summarized, there is simply no reason that TQ Delta needs countless invoices and purchase orders, and CommScope should not be required to search for and produce these documents that TQ Delta will never use as part of its damages case. It is clear from this and other unduly burdensome requests that TQ Delta is looking to manufacture any dispute it can in order to maintain its motion to compel. CommScope will continue to meet and confer with TQ Delta to see if the parties can resolve many of TQ Delta's unreasonable requests.

903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on August 12, 2022.

*/s/ Eric H. Findlay*
Eric H. Findlay
