# Exhibit A

| | |
|---|---|
| **From:** | Ty Wilson |
| **To:** | Schuman, Brett; "Eric Findlay"; Kline, Douglas J; "Brian Craft"; "Sarah Hene"; DG-CommScope-TQDelta; Walsh, Rachel M.; Ong, Andrew |
| **Cc:** | TQDelta Listserv |
| **Subject:** | Re: TQD v. CommScope - Request for Lead and Local M&C on Discovery Issues |
| **Date:** | Thursday, August 11, 2022 7:29:14 PM |
| **Attachments:** | image001.png |

***EXTERNAL***
Counsel,

During Mr. Hagarty's deposition, he confirmed the existence of documents and information that are the subject of TQ Delta's pending Motion to Compel. Below is a list of non-exhaustive examples. Please note that by providing this list TQ Delta is in no way limiting the requests made within its Motion to Compel:

- Net sales, standard cost, and standard margin information including (1) for the Accused Products specific to the time period August 2015 through December 2015 (*see* Hagarty R. Depo. at 43:12-24); (2) for the first and second quarter of fiscal year 2022 (*see* Hagarty R. Depo. at 71:22-72:9); (3) for any Accused Product imported into the United States and then exported to another country (e.g., Canada and/or Mexico) (*see* Hagarty R. Depo. at 52:18-54:1, 61:4-65:22); and (4) the cost of royalties that have been paid and/or are currently being paid by CommScope in regard to the Accused Products. (*see* Hagarty R. Depo. at 55:3-56:3);

- Business documents including (1) customer invoices and purchase orders for the Accused Products for at least the years 2015 to the present and at least for the customers AT&T and Frontier (*see* Hagarty R. Depo. at 43:25-44:17); (2) reports concerning customer revenue trends relating to the Accused products for at least the years 2015 to the present and for at least AT&T and Frontier (*see* Hagarty R. Depo. at 89:20-92:9); (3) contracts entered into by CommScope and its customers for the sale of the Accused Products (this would include contracts relating to the provision of customer support services provided to its customers) (*see* Hagarty R. Depo. at 94:17-98:11); (4) market forecasts from 2013 to the present (*see* Hagarty R. Depo. at 101:2-6); and (5) the pricing proposals prepared by CommScope for potential and/or actual customers of the Accused Products (and documents related to such pricing proposals, e.g., RFIs and RFPs) for at least the years 2015 to the present and for at least AT&T and Frontier. (*see* Hagarty R. Depo. at 104:14-106:5).

Please confirm that CommScope will immediately produce this information.

Thanks,

Ty

---

**From:** Christian Hurt <churt@davisfirm.com>
**Date:** Wednesday, August 10, 2022 at 6:01 PM
**To:** Rudy Fink <rfink@davisfirm.com>, "Schuman, Brett" <BSchuman@goodwinlaw.com>, 'Eric Findlay' <efindlay@findlaycraft.com>, "Kline, Douglas J" <DKline@goodwinlaw.com>, 'Brian Craft' <bcraft@findlaycraft.com>, 'Sarah Hene' <shene@findlaycraft.com>, DG-CommScope-TQDelta <DG-ARRIS-TQDelta@goodwinlaw.com>, "Walsh, Rachel M." <RWalsh@goodwinlaw.com>, "Ong, Andrew" <AOng@goodwinlaw.com>
**Cc:** TQDelta Listserv <tqd@davisfirm.com>
**Subject:** Re: TQD v. CommScope - Request for Lead and Local M&C on Discovery Issues

Counsel –

Mr. Wauters identified a number of documents and document sources today that I do not believe have been collected and produced from, which include the following, which, like the ones below, we have been asking for a while and are subject to the Motion to Compel:

- Purchase trend and forecast spreadsheet (e.g., Wauters Rough at 21:2-24:9)
- Spreadsheets and PowerPoints shown at weekly meetings with AT&T (e.g., Wauters Rough at 28:18-29:25)
- PowerPoint presentations on new products, such as provided to AT&T (e.g., Wauters Rough at 33:2-35:4, 64:19-65:9, 67:3-24, 69:3-70:7)
- Internal customer account plans, including for AT&T (e.g., Wauters Rough at 71:6-72:9, 75:4-78:16, 81:17-21)
- SharePoint, including marketing materials (e.g., Wauters Rough at 124:7-7)
- Materials from Landing Page on Home Networks (e.g., Wauters Rough at 125:11-127:6)
- Requests For Proposal (e.g., Wauters Rough at 116:10-117:16)
- PowerPoints and presentations on laptop drives, including as backed up on One Drive (e.g., Wauters Rough at 129:7-22)

Please confirm that these sources will be collected from and that relevant documents will be produced by the end of the week.

Thanks,

Christian

---

**From:** Christian Hurt <churt@davisfirm.com>
**Date:** Tuesday, August 9, 2022 at 7:23 PM
**To:** Rudy Fink <rfink@davisfirm.com>, "Schuman, Brett" <BSchuman@goodwinlaw.com>, 'Eric Findlay' <efindlay@findlaycraft.com>, "Kline, Douglas J" <DKline@goodwinlaw.com>, 'Brian Craft' <bcraft@findlaycraft.com>, 'Sarah Hene' <shene@findlaycraft.com>, DG-CommScope-TQDelta <DG-ARRIS-TQDelta@goodwinlaw.com>, "Walsh, Rachel M." <RWalsh@goodwinlaw.com>, "Ong, Andrew" <AOng@goodwinlaw.com>
**Cc:** TQDelta Listserv <tqd@davisfirm.com>
**Subject:** Re: TQD v. CommScope - Request for Lead and Local M&C on Discovery Issues

Counsel –

Mr. Baker identified a number of documents sources today that I do not believe have been collected and produced from, which include the following:

- Confluence documents used by the software teams, including the ECO team for software used to set up the DSL products (e.g., Baker Rough at 90:23-91:14);
- JIRA documents (e.g., Baker Rough at 91:15-24);
- Documents exchanged via SharePoint (e.g., Baker Rough at 91:25-92:9);
- Documents from Digital Configuration Management (Digital CM) and Agile, which is used by the product management and engineering groups and includes leadership review documents, bills of materials, business cases, and other product and technical documents ( e.g., Baker Rough at 92:16-93:12);
- Documents exchanged with AT&T that reside on the personal computers of CommScope employees, including Mr. Baker, Mr. Haase, Mr. Smith, and Mr. Schrade (e.g., Baker Rough at 95:21-97:12).

Please confirm that these sources will be collected from and that relevant documents will be produced by the end of the week.

Thanks,

Christian

---

**From:** Rudy Fink <rfink@davisfirm.com>
**Date:** Monday, July 18, 2022 at 11:08 AM
**To:** "Schuman, Brett" <BSchuman@goodwinlaw.com>, 'Eric Findlay' <efindlay@findlaycraft.com>, "Kline, Douglas J" <DKline@goodwinlaw.com>, 'Brian Craft' <bcraft@findlaycraft.com>, 'Sarah Hene' <shene@findlaycraft.com>, DG-CommScope-TQDelta <DG-ARRIS-TQDelta@goodwinlaw.com>, "Walsh, Rachel M." <RWalsh@goodwinlaw.com>, "Ong, Andrew" <AOng@goodwinlaw.com>
**Cc:** TQDelta Listserv <tqd@davisfirm.com>
**Subject:** TQD v. CommScope - Request for Lead and Local M&C on Discovery Issues

Counsel:

We need a lead and local meet and confer early this week to address a number of issues with CommScope's discovery. The issues are addressed below, but they are as follows:

1. CommScope's positions on the scope of discovery;
2. CommScope's document production, essentially no business documents have been produced and CommScope's technical document production is obviously deficient;
3. CommScope's interrogatory responses; and
4. CommScope's position on refusing to provide 30(b)(6) witnesses; and
5) CommScope's failure to provide dates for 30(b)(1) deposition witnesses.

As you are aware, we have had a number of meet and confers with CommScope regarding these issues, in many cases since May if not earlier. We have relied on CommScope's general position that discovery was forthcoming, but we are now less than 30 days away from fact-discovery and expert-report deadlines and CommScope's discovery is in a