# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S FIRST MOTION TO
COMPEL EXPERT DEPOSITION AND DISCLOSURE FROM NOKIA**

I.       SUMMARY AND BACKGROUND FACTS

TQ Delta, LLC ("TQD") moves to compel Nokia Corp, *et al.* ("Nokia") under FED. R. CIV. P. ("Rule") 37 to both provide Paul Spruyt—"an xDSL technology strategist"—for deposition and to also provide a sufficient expert disclosure for Mr. Spruyt. Three days before his Rule 30(b)(1) deposition, Nokia designated Mr. Spruyt (who is not on Nokia's initial disclosures or designated on any topic under Rule 30(b)(6))[1] as an expert under Rule 26(a)(2)(C). Compounding this short notice, Nokia, in its expert disclosure (Ex. A), listed broad and vague areas he might testify on; no specific facts or opinions he would offer are disclosed. TQD promptly asked for a proper disclosure, so it could have notice of his opinions before his deposition. Nokia refused. On top of this, Nokia asserted Mr. Spruyt would only be provided for deposition once (not again during expert discovery) and that TQD would have no more than 7 hours to depose him (even if it started the deposition at 5 a.m. central time). Given these circumstances, TQD informed Nokia that it would need to postpone his deposition by one week, to prepare for what was now an expert deposition. For only this reason, Nokia has refused to ever provide Mr. Spruyt for deposition. TQD moves to compel Mr. Spruyt's deposition—so it may depose him before trial—and for a compliant expert disclosure—so the metes and bounds of his opinions will be known for trial.

II.      ARGUMENT

    A.     **The Court Should Compel Nokia to Provide Mr. Spruyt for Deposition**

Nokia refuses to provide Mr. Spruyt for deposition, either during the fact discovery, which ends August 19th, or before the close of expert discovery, which ends September 23d. (Dkt. No. 249). The sole basis for Nokia's position is that Mr. Spruyt was noticed for a deposition on

---

[1] TQD only noticed his 30(b)(1) deposition because he was listed as one of several witnesses in an interrogatory response. Nokia has produced fewer than 10 company documents bearing his name. It has produced over 150 public documents, apparently as prior-art, bearing his name.

August 5th, and TQD asked for new deposition date after Nokia disclosed him as an expert. This is not a reasonable position. TQD is aware of no authority allowing Nokia to withhold a deposition, especially of an expert witness, and Nokia has not moved for a protective order.

As TQD understands it, Nokia claims it was prejudiced by not proceeding on the original deposition date: 1) it had prepared the expert for that day and 2) its counsel traveled to Belgium to defend Mr. Spruyt's remote deposition in person. Nokia is not prejudiced on either point, but Nokia could have avoided either issue by giving TQD more than three days of notice of Mr. Spruyt's expert designation (and providing a compliant disclosure). Nokia's preparation of Mr. Spruyt is equally effective at a future deposition, so no time was wasted, and Nokia defended another remote deposition in Belgium the day before, so its counsel would have traveled anyway. Nokia had also already scheduled a later deposition (before the close of fact discovery) of a Belgian witness at that time, so its counsel were, presumably, already planning travel to Belgium again as well. But even if they were not, Nokia can defend Mr. Spruyt's deposition remotely.

But even if Nokia somehow incurs prejudice by rescheduling, that prejudice is *de minimis* compared to TQD's prejudice from either not being able to take Mr. Spruyt's expert deposition or being forced to take an expert deposition without adequate time to prepare, especially given Nokia's vague disclosure. TQD asks the Court to compel Nokia to provide Mr. Spruyt for his expert deposition by Sept. 13th, which is seven days before TQD's rebuttal expert reports are due, and for any other relief the Court considers just and proper under the circumstances.

### B. The Court Should Compel Nokia to Provide a Sufficient Rule 26(a)(2) Expert Disclosure for Mr. Spruyt

Mr. Spruyt's two pages of disclosure (Ex. A and below) identify him as an expert at trial on broad areas: the meaning of "technical terms"; xDSL technology (and its implementation); prior art references, including two references undisclosed in Nokia's invalidity contentions; "what was

known in the art at the time"; all of Nokia's products; the functionality of Broadcom chipsets and Nokia chipsets; and, apparently, Nokia's source code. This is more subject matter than Nokia's other experts, who are providing reports, will testify on, but his disclosure is just two pages long. Nokia has experts testifying on validity, infringement, and source code, who will speak on these issues, so Nokia's only apparent use for Mr. Spruyt is to provide surprise testimony at trial.

There are two issues with his disclosure. First, Rule 26(a)(2)(C)'s requirements are not met; only broad areas Mr. Spruyt might testify on are disclosed, not facts and opinions he is expected to testify to. Second, Mr. Spruyt does not fall under Rule 26(a)(2)(C) and should provide an expert report, not a limited disclosure. Nokia is trying to fit Mr. Spruyt into the "non-retained"-exception for experts who form their opinions prior to suit—the classic example is the "testifying physician" who opines on a past diagnosis—and therefore are not "retained" to provide a new opinion.[2] *See, e.g.*, *Goodman v. Staples the Office Superstore, Ltd. Liab. Co.*, 644 F.3d 817, 826 (9th Cir. 2011) ("we join those circuits that have addressed the issue and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment"). But there is no evidence Mr. Spruyt formed his opinions related to this case or its patents in the past.[3] While Mr. Spruyt may be a percipient fact witness, he is not a percipient expert witness, as his opinions are new for this case.

Nokia's designation also creates other practical issues. While the amended 2010 Rules shield communications with retained experts as privileged, they did not extend that privilege to non-retained experts, meaning, if Nokia persists with Mr. Spruyt as a non-retained expert, TQD

---

[2] A testifying physician under Rule 26(a)(2)(C) would, for example, summarize the facts that they saw a patient on such a day, observing certain symptoms, and summarize the expert-opinion diagnosis they provided, all of which would be found in the physician's historic report.
[3] Nokia has denied having knowledge of TQD's patents in time periods relevant to validity.

3

asks the Court to compel Nokia to produce its communications with Mr. Spruyt regarding his disclosure and expert testimony. *See, e.g.*, *City of Wyo. v. P&G*, No. 15-cv-2101, 2019 U.S. Dist. LEXIS 8497, at *18 (D. Minn. Jan. 16, 2019) (holding "designation … as a non-reporting employee expert under Rule 26(a)(2)(C) has waived attorney-client and work-product protections for documents … considered"); *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433, 2019 U.S. Dist. LEXIS 214219, at *9 (S.D. Miss. Dec. 12, 2019) (considering company expert and finding work-product waived, including protections over counsel's instructions); *Trading Techs. Int'l v. Ibg*, No. 10 C 715, 2020 U.S. Dist. LEXIS 259934, at *11 (N.D. Ill. Sep. 14, 2020) (holding employee "hybrid fact and opinion witness [is] not covered by work product protections and … communications with counsel are not privileged").

### 1. Mr. Spruyt Should Provide a Written Report

"It is [Nokia's] burden to demonstrate that [its] experts are non-retained experts" and fall within this exception. *Meier v. UHS of Del., Inc.*, Case No. 4:18-cv-00615, 2020 U.S. Dist. LEXIS 33082, at *24-25 (E.D. Tex. Feb. 26, 2020). Nokia has not met and cannot meet this burden. Mr. Spruyt is offering opinions prepared for this case, not expert opinions he formed in the past. It does not matter that, like a physician who did not make a historic diagnosis, he <u>could</u> have formed his present opinions in the past; the touchstone is that he is making the opinion now.

That Mr. Spruyt is Nokia's employee does not exempt him from providing a written report. While "[a]n expert report is not always required of a hybrid witness[,] the determinative factor is the witnesses' function in the suit." *Pediatric Nephrology Assocs. v. Variety Children's Hosp.*, No. 1:16-cv-24138, 2017 U.S. Dist. LEXIS 200023, at *12 (S.D. Fla. Nov. 6, 2017) (internal quotation marks omitted). "A witness's status as an employee does not determine whether he is exempted from the requirements of Rule 26(a)(2)(B) because that practice 'would create a category of expert trial witness for whom no written disclosure is required and should not be permitted.'" *Id.* (quoting

4

*Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)).  "Similarly, experts 'called solely or principally to offer expert testimony, whether or not they were employees,' should submit a written expert report under Rule 26(a)(2)(B)." *Id.*  For example, "[c]ourts impose the report requirement on employees who testify regarding matters outside the scope of their employment, who provide technical evaluations of evidence reviewed solely in preparation for trial, who provide opinion testimony on the merits of the case, or who have no direct and personal knowledge of the facts to which they are testifying." *Funai Elec. Co. v. Daewoo Elecs. Corp.*, No. 04-1830, 2007 U.S. Dist. LEXIS 29782, at *15 (N.D. Cal. Apr. 11, 2007).

In other words, as a non-retained expert he would "be allowed [to testify] only as to facts and opinions that were not produced specifically in preparation for the trial of this matter." *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 U.S. Dist. LEXIS 27682, at *15 (E.D. La. Feb. 16, 2022).  However, as Mr. Spruyt "is called to offer expert testimony that extends beyond 'his ground-level involvement in the events giving rise to the litigation,' and strays into opinions that he developed in preparation for this litigation, [Mr. Spruyt] must comply with the Rule 26(a)(2)(B) reporting requirements, regardless of his status as a non-retained expert." *Id.* at *16.

### 2. Mr. Spruyt's Rule 26(a)(2)(C) Disclosure is Deficient

Nokia's disclosures (excerpted below) are closely similar to disclosures this District has found improper under Rule 26(a)(2)(C) for a non-retained-expert in a patent case. *See Mobility Workx, LLC v. Cellco P'ship*, Case No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345, at *33-34 (E.D. Tex. Nov. 5, 2019) (holding "[e]ach disclosure surrounding Dr. Helal is conclusory, unsupported by facts or opinions, and requires Verizon to make assumptions about what exactly Dr. Helal will testify to").  As the Court can see, Nokia's disclosure (attached in full as Ex. A) only provides broad areas of testimony that do not disclose specific facts or opinions he will offer:

**Summary of Facts and Opinion**

5

> a. Mr. Spruyt is expected to testify regarding xDSL technology, its development, and his understanding as one skilled in the art.
>
> b. Mr. Spruyt is expected to testify about an article he drafted [(title omitted for space)] identified in this case as prior art. [….] He is also expected to testify regarding what was known in the art at the time that the article was published….
>
> c. [and d.] Mr. Spruyt is expected to testify about an article he drafted [that was not disclosed in Nokia's invalidity contentions].
>
> e. Mr. Spruyt is expected to testify about a prior art product that he has personal experience with—the Alcatel A1000 ASAM. [….].
>
> f. Mr. Spruyt is expected to testify about aspects of the functionality of Nokia's DSL products based on his personal experience with those products. He is expected to testify about the functionality enabled by Nokia firmware versus what functionality is enabled by Broadcom's chipsets. To the extent functionality is enabled by Nokia firmware, [he is expected to testify about it].
>
> g. Mr. Spruyt is expected to testify about the development of Nokia's DSL products. He is expected to testify regarding how Nokia developed certain products, when certain products were released, and end-of-life of certain Nokia products.

(Ex. A). This "d[oes] not provide a meaningful 'summary of the facts and opinions to which [Mr. Spruyt] is expected to testify' as required by [the] Rule…. [Nokia] merely lists a set of topics that Mr. [Spruyt] may speak toward, but offers no actual facts or opinions, forcing [TQD] to make assumptions based on things outside the disclosure as to what Mr. [Spruyt] will testify." *Motio, Inc. v. BSP Software LLC, et al.*, Case No. 4:12-cv-647 at *4 (E.D. Tex. Jan. 6, 2016).

This is trial by surprise. Nokia just discloses broad categories of testimony, collectively covering the entire validity and infringement case. For example, that Mr. Spruyt may testify on "xDSL technology, its development, and his understanding as one skilled in the art," provides no notice of any fact or opinion Mr. Spruyt will testify on. Similarly, that he might testify on "the functionality enabled by Nokia firmware versus what functionality is enabled by Broadcom's chipsets…. [and the details of Nokia's firmware]," also provides no meaningful disclosure and represents an area where detailed expert reports are required. TQD further notes that only some

6

portions of some topics indicate he will testify from personal experience. Again, this advises he is a "retained" expert since, "[n]on-retained experts may not give opinions based on information or facts obtained outside the witness' personal knowledge." *Ford Albritton v. Acclarent, Inc.*, Case No. 3:16-cv-03340-M, 2020 U.S. Dist. LEXIS 258976, at *26 (N.D. Tex. Feb. 28, 2020).

TQD asks the Court to compel Nokia to provide a written expert report for Mr. Spruyt, to avoid issues at trial regarding the scope of his expert testimony, on everything from what was known in the prior art, to the construction of terms, to Nokia's firmware, including apparently its source code. Nokia has not met the requirements for the non-retained-expert exception to avoid a written report, but the Court has the discretion to order a report under Rule 26(a)(2)(C) regardless. A written report will simplify trial and provide fair disclosure. In the alternative, TQD asks the Court to compel a Rule 26(a)(2)(C) disclosure that provides a detailed listing of the facts and opinions he may testify to, such that he could be held to specific opinions at trial; to produce its communications with Mr. Spruyt regarding his testimony; and to produce Mr. Spruyt's material considered and documents from his work at Nokia related to DSL, the accused products, and firmware / source code, so TQD fairly has access to material to impeach his new opinions.

### III. CONCLUSION

TQD asks the Court to compel Mr. Spruyt's deposition and a compliant expert disclosure as described above. TQD hopes to avoid needing to move to strike Mr. Spruyt's expert testimony for failing to provide a proper disclosure. Rule 37(c)(1). TQD does not wish to deny Nokia its expert at trial, but TQD must know the full details of the expert testimony he will provide. Without this information, TQD is left guessing about his opinions and will be unfairly surprised by complex expert testimony at trial. The Court, respectfully, will also not be able to know if he is testifying within of the bounds of his expert disclosure at trial. Therefore, TQD moves to address the issue while there is time to fix Nokia's disclosure.

Dated: August 14, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000

Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this August 14, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV
Rudolph Fink IV

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiff Mobile Equity Corp. and Defendant Walmart, Inc. have reached an impasse and that this motion is opposed, as summarized below:

- On August 2, 2022—the following day after Nokia served Mr. Spruyt's Rule 26(a)(2)(C) disclosure at 6:07 p.m.—TQD wrote Nokia and requested a compliant disclosure, whether he would provide a report, whether Mr. Spruyt could be made available later (and for more time) and information Nokia's conditions on the deposition. TQD also informed Nokia it would respond by noon the following day whether the deposition could go forward.

- On August 3, TQD requested Nokia provide dates for Mr. Spruyt's deposition the week of August 15. Counsel for the Parties also discussed the conditions of Mr. Spruyt's deposition and the sufficiency of Nokia's disclosure. Nokia took the position that it would not put

Mr. Spruyt up for deposition at a later date, and TQD requested a lead and local meet and confer.

- On August 4, lead counsel for the parties Bo Davis and Scott Stevens meet and conferred, and the parties reached an impasse.

/s/William E. Davis, III<br>William E. Davis, III