**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S**
**SUR-REPLY TO DEFENDANTS' OPPOSED**
**SECOND MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS**

## I.     INTRODUCTION AND OVERVIEW

Defendants' Reply (Dkt. No. 261) does not contest the need for a significant showing of good cause "warranting the modification" for the prejudicial changes to the Focusing Order (e.g., dismissing two-thirds of TQD's remaining case). But Defendants do not show such good cause and leave almost all of TQD's Response unanswered. For example, Defendants do not address TQD's responses that the proposed per-standard model fits neither the infringement nor damages realities of the case; that Defendants offer no agreement to not challenge TQD's case on the narrowing they request; that their narrowing proposal damages TQD's case; or that their proposal would not meaningfully simplify the case, as the asserted products and standards would be unchanged.  Instead of addressing the issues, Defendants repeat unsupported allegations (e.g., that TQD "desire[s] to delay"), while ignoring TQD's Response on the reality of the case, including that Defendants delayed providing discovery or that discovery is still ongoing; that expert discovery will provide time to assess this late evidence; and that TQD bears the far greater burden with technically detailed opening infringement reports.  Defendants also do not come forward with explanation or evidence of why they cannot follow the Court's order and limit their prior art to 20 total references (for TQD's 16 remaining claims). TQD has already narrowed, as ordered, to the same 16-claim total that the Defendants told the Court was an acceptable final narrowing just six months ago.  (Dkt. No. 77-1). Defendants' attempt to force one-sided further narrowing is improper, and their Reply no longer even attempts to argue their proposal is either "fair" or "non-prejudicial." TQD asks the Court to deny Defendant's Motion.

Defendants are correct that TQD's response has a small error, but that hurts their position, exposing the lack of candor in their Motion.  TQD, incorrectly, remembered that the Court adopted the Defendants original proposal in full.  While the Court adopted the claim limits on TQD's case proposed by Defendants, the Court rejected Defendants' proposal to increase their total prior-art

references based on the number of patents.  (*Compare* Dkt. No. 128 ("Focusing Order") *to* Dkt. No. 77-1 (Defendants' Proposed Focusing Order)). First, TQD apologizes to the Court for any misstatement, which was based on a misremembrance formed in the haste to respond to Defendants' Motion to Expedite, and assures the Court it was inadvertent.  Second, Defendants' briefing has not been forthright on these issues, including the fact that the Court expressly rejected the extra per-patent art that they again propose, making their "Second Motion" really a motion for reconsideration on that issue.  For example, Defendants' Motion is silent on the fact that the Court denied the originally requested equivalent relief.  Defendants have also repeatedly claimed that TQD has not followed the "spirit" of the Focusing Order, but they have neglected to explain that their view of the "spirit" of the Order was not adopted by the Court.

This does not alter the critical fact that Defendants originally proposed the same total-claim limits on TQD's case that the Court ordered, and now that TQD has relied on the Focusing Order, twice, Defendants seek to change these limits to TQD's detriment.  When Defendants proposed the final 16-claim limit, Defendants were aware of the total number of asserted claims, patents, and products, and the Court later ordered these limits. (Resp. at 3–4).  In other words, Defendants' original motion proposed, as a reasonable and acceptable number of claims to go forward to trial with, the same 16-claim limit the Court entered.  Now, that TQD has complied with the Order, narrowing its case substantially, Defendants argue those limits are not acceptable. But Defendants do not address or offer any explanation on what has changed.  This not a showing of good cause.

Otherwise, Defendants misquote TQD to invent error.  In their Reply, <u>Defendants only quote the underlined portion</u> of TQD's statement: "Defendants' position is also contrary to their own elections of prior art, where, generally speaking, <u>the art they have asserted is on a per-family basis not a per-patent basis</u>." (*Compare* Resp. at 2 *to* Reply at 3).  Defendants say that is false.

TQD stands by its assertion that Defendants, generally speaking, assert prior art on a family basis. Using Nokia as an example, Nokia both organized its prior art by family and elected the same art for every patent in six of the seven families: Family 1 (one patent); 2 (two patents); 3 (4 patents); 4 (one patent); 6 (three patents); and 10 (two patents).  (Dkt. No. 256-2).  Defendants cite only to Nokia's Family 9 as their example of citing different art for patent families, but that is the only family where Nokia did not assert identical art across all of the patents in the family.  And, even there, Nokia elected the same art for the two of the patents in the family.

## II.     ARGUMENT

Defendants request highly prejudicial relief—dismissing two-thirds of TQD's remaining case—but they do not provide good cause, much less evidence demonstrating good cause.

### A.      Defendants Do Not Address Discovery or the Need for Expert Discovery

Defendants' Reply does not address and therefore concedes that Defendants did not accurately describe the state of fact discovery to the Court and that discovery is still ongoing, including critical depositions of third-party Broadcom this Wednesday and Thursday.  (*See* Resp. at 9–12).  Defendants also do not contest that they materially delayed discovery beyond the Court's deadlines, including technical discovery, such as source code, or that most of their documents were produced after early July.  Defendants also do not contest TQD's position that it will take the experts time to analyze this late information, and that TQD sought and received a two-week extension to opening reports because discovery would not have been completed otherwise.

### B.      Defendants Do Not Address That Their Per-Standard Theory Does Not Fit the Infringement or Damages Realities of the Case

Defendants' Reply does not address and therefore concedes that their per-standard proposal does not fit the infringement or damages realities of the case.  (Resp. at 7–8).  They do not address TQD's response on the standards-proposal at all.  Defendants also do not address that they knew,

3

when they filed their Motion, that TQD would not adopt the damages model they based their Motion on. (Resp. at 4).  Defendants briefly re-raise this model, adding "Defendants do not agree with this model." (Reply at 4).  But Defendants do not explain why they based their entire Motion on a model no party will put forward at trial.  This cannot be good cause.

### C.     Defendants Do Not Address Why They Cannot Narrow Now

Defendants' Reply does not address or provide evidence of why Defendants cannot narrow as ordered.  TQD's Response noted that Defendants only made an unsupported assertion that they "cannot reasonably limit their prior art to just 20 references total."  (Resp. at 1).  Defendants do not respond on this point or provide any evidence explaining why they cannot narrow.  Defendants also do not contest that TQD's narrowing was more difficult and that TQD complied with the Focusing Order.  (Resp. at 5).  They also do not contest that their new prejudicial proposal does not provide TQD the ability to "redo" the elections it made in reliance on the Focusing Order.

As TQD explained, Defendants have elected, with a few exceptions, the same prior art across all of the patents in a family, which have specifications that are essentially identical across a family, making the claims across a family more akin to the claims of a single patent.  Defendants do not respond to TQD's question of why, if they could agree to go forward on 7 families, there is any material difference for the claims of the closely related family patents.  Defendants assert that TQD should narrow to one patent per family, but as TQD has explained there are infringement and damages issues on the additional claims in families.

### D.     Defendants' IPRs Create Substantive Issues

Defendants attempt to sidestep that they are bypassing this Court's Focusing Order in the IPRs.  Defendants' Reply is only to claim that Nokia was justified because "TQ Delta has threatened to litigate" certain patents against Nokia.  (Reply at 5.)  But this does not stand up to scrutiny.  Contrary to Defendants' argument now, Nokia told this Court it was not threatened with

litigation in its Motion to Dismiss, claiming it was "not given actual notice of alleged infringement of each of the Asserted Patents[.]"  (Dkt. No. 309 at p. 1).  Now Defendants claim the opposite.

Defendants ask the Court for more prior art, but they are already bypassing the Court's limits on total references through the IPR proceedings.  They are not proposing to elect the same combinations of art in this proceeding as they are raising the IPRs.  This has created substantial unnecessary work.  Defendants are asserting about 20 more prior-art references / combinations (e.g., most of Defendants 11 petitions on asserted patents raise two or more grounds) than allowed under the Court's Focusing Order.  Defendants claim they need even more references, but Defendants have already increased their prior art count through parallel IPR proceedings.

Defendants IPRs create substantive issues for narrowing.  For example, CommScope, to increase its chance of institution under *Fintiv*, has taken the position that it has stipulated that it will not challenge validity in this proceeding on any patents where the PTAB institutes IPR.  (Dkt. No. 197).  Nokia has not entered such a stipulation, but Nokia is also the beneficiary of CommScope's petitions.  These issues, along with potential parallel-appeal issues, mean TQD must weigh substantive considerations following the upcoming institution decisions.

## III.    CONCLUSION

Defendants ask the Court to modify its Focusing Order, which TQD has followed and relied upon, in a prejudicial way at a critical moment in the case.  But Defendants do not address that they proposed the same 16-total-claim limit TQD has met as an acceptable total in their February motion.  (Dkt. No. 77-1).  And Defendants fail to show the significant good cause needed to alter the Focusing Order so prejudicially now, much less explain why the totals they agreed to are now unacceptable.  Defendants' Motion should be denied.  As TQD has told the Court, it is working to focus its already narrow case, but that process will take time.  To the extent any narrowing issues remain, the Court will be able to be address them adequately at the pretrial conference.

Dated: August 24, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this August 24, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/William E. Davis, III_
William E. Davis, III