**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>       *Defendants*. | Civil Action No.: 2:21-cv-310-JRG |

**DEFENDANTS' OPPOSED MOTION FOR A PARTIAL STAY PENDING
<u>*INTER PARTES* REVIEW OF THE '835 PATENT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION. ........................................................................................................... 1
II. FACTUAL BACKGROUND. .......................................................................................... 1
    A. Concurrent District Court and PTAB Proceedings. .............................................. 1
    B. CommScope's Proposed Agreement to Be Bound. ............................................... 3
III. LEGAL STANDARD. ...................................................................................................... 3
IV. THE COURT SHOULD EXERCISE ITS INHERENT POWER AND STAY THE CASE WITH RESPECT TO THE '835 PATENT. ..................................................... 4
    A. A Stay With Respect to the '835 Patent Will Simplify the Issues in This Case and Simplify the Trial by Reducing the Number of Asserted Patents to Eleven and Reducing the Number of Patent Families to Six. ........................... 4
    B. Granting a Partial Stay Will Not Unduly Prejudice TQ Delta. .............................. 6
    C. CommScope Was Diligent in Seeking Review of the '835 Patent and the Stage of the Case Is Not Too Advanced for a Stay. ............................................... 7
V. CONCLUSION. ................................................................................................................ 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
  No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) .........................5, 7, 8

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
  No. 6:20-CV-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)...............................8

*Motorola Mobility, Inc. v. TiVo, Inc.*,
  No. 5:11CV53, 2011 WL 13196554 (E.D. Tex. July 6, 2011) ..................................................3

*SSL Servs., LLC v. Cisco Sys., Inc.*,
  No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) .............................6

*Trover Grp., Inc. v. Dedicated Micros USA*,
  No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)................................4

*Uniloc USA, Inc. v. Acronis, Inc.*,
  No. 615-cv-1001-RWS-KNM, 2017 WL 2899690 (E.D. Tex. Feb. 9, 2017) ......................4, 6

**Statutes**

35 U.S.C. § 315(e)(2)......................................................................................................................3

I.      INTRODUCTION.

Eight days ago, the PTAB instituted *inter partes* review proceedings directed to one of the twelve TQ Delta patents, U.S. Patent No. 8,462,835 ("the '835 patent"), that CommScope is accused of infringing. The PTAB instituted the IPR on all grounds asserted in the petition, finding "compelling evidence of unpatentability" that, "if unrebutted at trial, would plainly lead to a conclusion" that the single asserted claim from the '835 patent (claim 10) is anticipated by the ADSL standard.

CommScope now seeks a stay of further litigation on the '835 patent in this case. A stay of this case with respect to the patent will simplify the case by removing one of the twelve patents asserted against CommScope and, in turn, removing an entire patent family, Family 6, from the case. Additionally, in the unlikely event that claim 10 survives the PTAB's review, CommScope agrees to be bound by the estoppel provisions of the IPR statute, if this motion is granted. Therefore, TQ Delta, which as a non-practicing entity seeks only monetary damages, will suffer no undue prejudice by the institution of a stay because the only potential prejudice it will suffer will be a mere delay in collecting money, which this Court has held is not undue. In sum, the most important factor in the stay analysis—the simplification of issues factor—weighs heavily in favor of granting a stay and the other factors are at worst neutral.

Accordingly, CommScope respectfully requests that this Court exercise its inherent power to control its docket and stay this case with respect to the '835 patent.

II.     FACTUAL BACKGROUND.

   A.     Concurrent District Court and PTAB Proceedings.

On August 13, 2021, TQ Delta filed suit against CommScope, alleging that CommScope infringes at least one claim of thirteen different patents, including the '835 patent. TQ Delta groups the patents into seven different patent families, Families 1, 2, 3, 4, 6, 9, and 10. The asserted

1

Family 6 patents were the '835 patent and U.S. Patent No. 10,567,112 ("the '112 patent"). On November 4, 2021, TQ Delta served its initial infringement contentions, asserting that CommScope infringed claims 8, 10, 24, and 26 of the '835 patent and claims 8, 10–12, and 14 of the '112 patent.

On December 31, 2021, CommScope filed a petition for *inter partes* review of claims 8–10, 15, 24–26, and 31 of the '835 patent. The petition asserted that the challenged claims are anticipated by the ADSL standard (ITU-T Recommendation G.992.1) ("G.992.1") and rendered obvious by three additional grounds: (i) an ITU-T contribution (ITU-T Contribution SC-060) ("SC-060"); (ii) G.992.1 in view of SC-060; and (iii) G.992.1 in view of a published patent application (U.S. Patent Pub. No. 2002/0172188 to Wunsch). On January 21, 2022, Nokia filed a similar petition against the '835 patent. On January 28, 2022, CommScope filed a petition for *inter partes* review of claims 1, 3–5, 7, 8, 10–12 and 14 of the '112 patent.

On May 9, 2022, as required by the Court's focusing order (D.I. 128), TQ Delta preliminary elected to assert claims 8, 10, and 26 of the '835 patent and claims 8 and 10 of the '112 patent against CommScope. On July 19, 2022, TQ Delta made its final election of asserted claims against CommScope, dropping claims 8 and 26 of the '835 patent and dropping the '112 patent altogether. Accordingly, following TQ Delta's final election, the only Family 6 claim still in the case is claim 10 of the '835 patent.

On August 18, 2022, the Board instituted Nokia's IPR petition against the '835 patent and CommScope's IPR petition against the '112 patent. With respect to the '835 patent petition, the Board instituted review on all grounds finding that there is a "reasonable likelihood" that the challenged claims will be determined to be unpatentable under each of the grounds and that, with respect to the anticipation ground, the petition presents "compelling evidence of unpatentability

because Petitioner's evidence, if unrebutted at trial, would plainly lead to a conclusion that these claims are unpatentable under § 102(b) as anticipated by G.992.1 by a preponderance of the evidence." Ex. 1, IPR2022-00471, Paper No. 11, Decision Granting Institution of *Inter Partes Review*, at 33 ("Institution Decision"). On August 19, 2022, the Board denied CommScope's IPR petition directed to the '835 patent on grounds unrelated to the grounds of unpatentability.

### B. CommScope's Proposed Agreement to Be Bound.

During the meet-and-confer process, CommScope proposed that, if TQ Delta agreed to stay this case as to the '835 patent, CommScope would agree to be bound by the estoppel provisions of 35 U.S.C. § 315(e)(2) as if it were the petitioner on Nokia's petition. In other words, in the event a stay is granted and a final written decision is issued in IPR2022-00471, CommScope would be barred from challenging the '835 patent based on any ground of invalidity that was asserted or could reasonably have been asserted in IPR2022-00471.

### III. LEGAL STANDARD.

"The district court has the inherent power to control its own docket, including the power to stay proceedings. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Motorola Mobility, Inc. v. TiVo, Inc.*, No. 5:11CV53, 2011 WL 13196554, at *3 (E.D. Tex. July 6, 2011) (internal quotations omitted) (citing *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) and *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

District courts typically consider three factors when deciding whether to stay litigation pending *inter partes* review of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage,

including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases). The third factor is the most important factor when evaluating a motion to stay. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *3 (E.D. Tex. Feb. 9, 2017).

With respect to undue prejudice, because a patent holder's interest in timely enforcement of patent rights is present in every case, when a patent holder seeks only monetary damages, "'mere delay in collecting those damages does not constitute undue prejudice.'" *Uniloc*, 2017 WL 2899690, at *2 (quoting *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)).

**IV.    THE COURT SHOULD EXERCISE ITS INHERENT POWER AND STAY THE CASE WITH RESPECT TO THE '835 PATENT.**

As detailed below, the most important stay factor—whether granting a stay will simplify the issues in this case—strongly favors granting a stay because it would eliminate an entire patent "family" and area of DSL technology from the upcoming trial. The remaining factors either favor CommScope or are neutral. Therefore, the Court should stay the case with respect to the '835 patent.

**A.    A Stay With Respect to the '835 Patent Will Simplify the Issues in This Case and Simplify the Trial by Reducing the Number of Asserted Patents to Eleven and Reducing the Number of Patent Families to Six.**

The third and most important stay factor considers whether judicial and party resources will be spared as a result of a stay. Here, they clearly will. In particular, staying the case with respect to the '835 patent would simplify the issues and trial in this case because it would reduce the number of patents-in-suit in the CommScope case from twelve to eleven and the number of

4

patent families from seven to six. It would also remove an entire area of DSL technology, section 13 of the VDSL2 standard, from the case.

With rebuttal expert reports still nearly a month away, an expeditiously granted stay would save the parties from having to serve their respective rebuttal reports on Family 6 on non-infringement and invalidity and save the parties from having to prepare for expert depositions on Family 6. Moreover, the trial burden on the parties would be reduced and the case would be narrowed and simplified for the jury.

Moreover, it is unlikely that a stay would just kick the can down the road because there is a strong likelihood that the '835 patent will be found invalid by the PTAB. In particular, the PTAB found that "Petitioner has presented *compelling evidence of unpatentability* because Petitioner's evidence, if unrebutted at trial, would plainly lead to a conclusion that [] claims [8-10, 15, 24-26, and 31] are unpatentable under § 102(b) as anticipated by G.992.1 by a preponderance of the evidence." Institution Decision at 33 (emphasis added). The PTAB also found that it is reasonably likely that the challenged claims (including claim 10, the only Family 6 claim left in this case) will be found to be obvious in view of SC-060, in view of G.992.1 in further view of SC-060, and in view of G.992.1 in further view of Wunsch. *Id.* at 43, 51, 55. Therefore, assuming a stay is granted, claim 10 must survive three obviousness-based attacks and an anticipation attack that the PTAB found to be "compelling" in order for there to be a need for further proceedings involving the '835 patent in this Court.

Under similar facts, Magistrate Judge Payne recently found—and this Court agreed—that, where "the Board is likely to invalidate every asserted claim," this factor weighed in favor of a stay and ultimately granted the accused infringer's motion to stay. *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021)

5

(objections overruled at D.I. 180). In that case, the court relied on the fact that the PTAB had instituted IPR proceedings on more than one ground and had expressly noted that the Petitioner "sets forth a strong showing of unpatentability on the challenged claims." *Id.* Here, the PTAB has instituted on four grounds and has found that the Petitioner set forth "compelling evidence" of anticipation of the challenged claim. Therefore, the Court should similarly conclude that the PTAB is likely to invalidate claim 10 of the '835 patent.

Moreover, in the unlikely event that claim 10 survives the PTAB's review, CommScope agrees to be subject to the same degree of estoppel that it would have faced if its own IPR petition had been instituted. Under such circumstances, any potential follow-on proceedings on the '835 patent would be greatly simplified because the only potential issues to be decided would be infringement and non-prior art based invalidity defenses.

Accordingly, this factor weighs in favor of granting a stay.

### B.  Granting a Partial Stay Will Not Unduly Prejudice TQ Delta.

The first factor favors CommScope because TQ Delta will not suffer any undue prejudice from a stay of the case with respect to the '835 patent. TQ Delta does not make or sell any products, does not practice any of the patents-in-suit (including the '835 patent), and does not seek injunctive relief. TQ Delta is purely a patent licensor and does not compete with CommScope.

TQ Delta seeks only monetary damages. Thus, the only purported prejudice that TQ Delta would suffer if the case is stayed with respect to the '835 patent pending resolution of the IPR is a delay in obtaining those damages. But, as numerous courts in this District have made clear, a mere delay in collecting money for alleged patent infringement does not amount to *undue* prejudice. *See, e.g.*, *Uniloc*, 2017 WL 2899690, at *2; *SSL Servs.*, 2016 WL 3523871, at *2.

TQ Delta also would not be prejudiced by staying further litigation of the '835 patent because claim 10 is highly likely to be invalidated by the PTAB. In its institution decision, the

6

Board explained why claim 10 is likely invalid on four different grounds, including an anticipation ground that the Board found to be "compelling." Institution Decision at 33. TQ Delta can hardly argue prejudice from pausing further litigation on a patent claim that is highly likely to be found invalid.

Therefore, this factor weighs in favor of a stay.

### C. CommScope Was Diligent in Seeking Review of the '835 Patent and the Stage of the Case Is Not Too Advanced for a Stay.

The second stay factor also favors CommScope because CommScope and Nokia—whose IPR was instituted with respect to the '835 patent—were diligent in filing their IPRs. The cases before the Court were filed in August 2021. CommScope filed its IPR challenging the '835 patent on December 31, 2021, and Nokia filed its IPR challenging the '835 patent on January 21, 2022. At worst for CommScope, this factor is neutral.

Although fact discovery very recently was completed and opening expert reports will be served by the time this motion is decided, expeditiously granting a stay still would save party and Court resources. In particular, with rebuttal expert reports still nearly a month away, the parties would be saved from having to serve their respective rebuttal reports on Family 6 on non-infringement and invalidity and from having to prepare on Family 6 for expert depositions and for trial.

Indeed, this Court in *Arbor Global* recently granted a stay in a case at an even more advanced stage—less than three months from trial. In *Arbor Global*, the Court noted that the fact that fact discovery was closed, opening expert reports had been served, and trial was just months away, weighed against a stay. *SEe Arbor Global*, 2021 WL 66531, at *2–3. However, the Court also considered the diligence of the accused infringer in bringing its IPR challenge. In that case, suit was filed on October 11, 2019 and the accused infringer did not file its IPR petition until May

7

29, 2020, after receiving the plaintiff's infringement contentions on March 9, 2020. *Id.* at *1. In ultimately determining this factor to be neutral, the Court found the accused infringer to have been diligent in bringing its IPR challenge and also noted that "there are still major milestones left" in the case's proceedings. *Id.* at *3.

Here, CommScope was *more diligent* than the accused infringer in *Arbor Global*. CommScope filed its petition less than two months after receiving TQ Delta's infringement contentions. Accordingly, the Court should find this factor to be neutral.[1]

## V.     CONCLUSION.

In the interest of judicial efficiency, this Court should exercise its inherent power to stay the portion of the case related to the '835 patent.


Dated this 26th day of August, 2022                Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

---

[1] The fact that CommScope's IPR was ultimately not instituted is of no moment since courts routinely stay cases based on IPRs filed by third parties. *See, e.g., Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *1, 3 (W.D. Tex. Oct. 5, 2021) (granting stay based on the institution of two third-party IPR petitions). Moreover, the Nokia IPR petition on which the PTAB instituted review was similar to CommScope's IPR petition. For example, both CommScope's IPR and Nokia's instituted IPR argued that claim 10 is anticipated by the G.992.1 standard. This is the ground that the Board found to be "compelling" in its August 18, 2022 Institution Decision.

>Douglas J. Kline
>GOODWIN PROCTER LLP
>100 Northern Avenue
>Boston, MA 02210
>P: (617) 570-1000
>F: (617) 523-1231
>dkline@goodwinlaw.com
>clarochelle@goodwinlaw.com
>
>Brett Schuman
>Rachel M. Walsh
>GOODWIN PROCTER LLP
>Three Embarcadero Center, 28th Floor
>San Francisco, CA 94111
>P: (415) 733-6000
>F: (415) 677-9041
>bschuman@goodwinlaw.com
>rwalsh@goodwinlaw.com
>
>Andrew Ong
>GOODWIN PROCTER LLP
>601 Marshall St.
>Redwood City, CA 94063
>P: (650) 752-3100
>F: (650) 853-1038
>aong@goodwinlaw.com
>
>***Attorney for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 26th day of August, 2022.

>*/s/ Eric Findlay*
>Eric Findlay

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Defendants' counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that the foregoing motion is opposed.

>					*/s/ Eric Findlay*
>					Eric Findlay