**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQ DELTA, LLC,** | |
| *Plaintiff*, | |
| v. | CIV. A. NO.  2:21-CV-310-JRG |
| **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC** | (Lead Case) |
| *Defendants*. | |

| | |
|---|---|
| **TQ DELTA, LLC,** | |
| *Plaintiff*, | |
| v. | CIV. A. NO.  2:21-CV-309-JRG |
| **NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,** | (Member Case) |
| *Defendants*. | |

**NOKIA'S RESPONSE TO TQ DELTA'S MOTION TO COMPEL**
**EXPERT DEPOSTITION AND DISCLOSURE FROM NOKIA (DKT. NO. 255)**

## I.   **INTRODUCTION**

Nokia and TQ Delta agreed that Mr. Spruyt's deposition would occur on August 5. Mr. Spruyt was ready and willing to testify that day, but TQ Delta unilaterally cancelled the deposition.  That was TQ Delta's own choice and decision.

Mr. Spruyt's testimony will address his own work at Nokia.  Nokia served a Rule 26(a)(2)(C) disclosure simply to avoid any later objection by TQ Delta to Mr. Spruyt's factual testimony about his own knowledge of his own publications art or his knowledge of the Accused Products.  Now, TQ Delta moves to compel a full written expert report.  But nothing in the rules requires that or suggests it is necessary.  Mr. Spruyt's testimony will be confined to his work at Nokia on xDSL research and in managing the Accused Products.  Mr. Spruyt and that subject matter fall squarely within Rule 26(a)(2)(C).  Thus, TQ Delta's motion should be denied.

* * *

Paul Spruyt has been a DSL engineer and product manager at Nokia (or its predecessor, Alcatel) for over thirty-three years. He is a percipient fact witness who has developed expertise in the field through his employment at Nokia. TQ Delta had the opportunity to depose Mr. Spruyt during fact discovery but cancelled the deposition just beforehand. Nokia's Rule 26(a)(2) expert disclosure of Mr. Spruyt simply highlighted key areas in which Mr. Spruyt developed expertise over the course of his thirty-three-year career at Nokia, calling out his roles within Nokia and listing several articles where Mr. Spruyt is a named author. These are the same topics Nokia presumes TQ Delta would have explored during its 30(b)(1) deposition of Mr. Spruyt.

Instead of proceeding with the deposition, TQ Delta unilaterally cancelled it and filed the present motion without fully meeting and conferring with Nokia's counsel.  TQ Delta's Motion indicates that "[o]n August 4, lead counsel for the parties Bo Davis and Scott Stevens met and conferred, and the parties reached an impasse."  Mr. Davis and Mr. Stevens's conversation did not

involve either of the topics at issue in the present motion. The conversation was limited to whether Nokia intended to submit a written expert report for Mr. Spruyt—Nokia indicated it did not—and whether TQ Delta was moving forward with Mr. Spruyt's deposition the next day—TQ Delta indicated it would not.  TQ Delta did not disclose that it would move to compel a full expert report or seek to take a factual deposition long after the close of fact discovery.  Stevens Dec. at 2. Because TQ Delta failed to follow the local rules, already had its chance to depose Mr. Spruyt, and Nokia's Rule 26(a)(2) disclosure is sufficient, Nokia respectfully requests that this Court deny TQ Delta's motion.

## II.   ARGUMENT

### A.   Nokia Already Made Mr. Spruyt Available for Deposition

As explained above, Nokia made Mr. Spruyt available for deposition on August 5th.  On July 20th, TQ Delta accepted that proposed date. Ex. 1.  On August 1st, Nokia disclosed Mr. Spruyt as a non-retained expert and provided notice of facts and topics for which Mr. Spruyt may offer opinions—all of which are tied to Mr. Spruyt's personal experiences at Nokia.  Nokia explained as much to TQ Delta following the disclosure, stating: "As our disclosure states, Mr. Spruyt is an employee of Nokia whose role does not regularly involve giving expert testimony, and our disclosure identifies the subject matter and provides a summary of the facts and opinions [on] which he may testify.   Mr. Spruyt's expertise relates to subject matters on which he has knowledge by virtue of his employment with Nokia and its predecessors.  Therefore, we have complied with Rule 26(a)(2)."  Ex. 2 (August 3, 2022 Email from S. Stevens to R. Fink).

Ultimately, TQ Delta decided to cancel the agreed-to August 5th deposition.[1]  Now, after

---

[1] TQ Delta highlights that it once asked for another date during the week of August 15th, but that request was ultimately withdrawn, and TQ Delta stated that it would not take Mr. Spruyt's deposition without first receiving a written report.

fact discovery has ended, TQ Delta requests that Mr. Spruyt be made available on a new day.[2] Because Nokia's Rule 26(a)(2) disclosure did not change the scope of the 30(b)(1) deposition in any way, TQ Delta had more than sufficient time to prepare for the deposition, and TQ Delta's request is prejudicial to Nokia.  Thus, TQ Delta's request for yet another deposition date should be denied.

### B.    Nokia's Rule 26(a)(2) Disclosure of Mr. Spruyt Complies with the Rule

TQ Delta's request for a full written report and additional disclosure is contrary to the requirements of Rule 26(a)(2)(C) because (1) Mr. Spruyt squarely falls within the ambit of a Rule 26(a)(2)(C) witness, and (2) Nokia's disclosure contains sufficient detail to fully comply with the rules.  First, Nokia's disclosure is governed by Rule 26(a)(2)(C).  Mr. Spruyt is a full-time employee of Nokia and (1) he has not been specially employed or retained by Nokia to provide expert testimony in this case, and (2) his duties as an employee of Nokia do not regularly involve giving expert testimony (indeed, he has never provided expert testimony before).  *Luci Bags LLC v. Younique*, LLC, No. 4:16-CV-00377, 2017 WL 4310123, at *5 (E.D. Tex. Sept. 28, 2017) (citing *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-00094, 2017 U.S. Dist. LEXIS 105771, at *2 (E.D. Tex. July 10, 2017)) ("A non-retained expert's testimony under Rule 26(a)(2)(C) arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation."); *see also United States v. Sierra Pac. Indus.*, No. CIV S-09-2445, 2011 U.S. Dist. LEXIS 60372 ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the

---

[2] Mr. Spruyt was made available in August during the discovery period, when he was available. He expects to be out of the office for much of the month of September.

opinion is based on information provided by others or in a manner other than being a percipient witness to the events at issue.").  Due to the nature of his employment, Mr. Spruyt has been deeply involved in the development of Nokia's xDSL technology, and he has assisted with the development of Nokia's Accused Products.  His testimony will be limited to his percipient observations as an employee on those two topics.  As such, there is no requirement or expectation in the Federal Rules or in the Discovery Order that would obligate Mr. Spruyt to author a report.

Accordingly, while Mr. Spruyt's testimony will be factual in nature, Nokia made the determination to submit a Rule 26(a)(2)(C) disclosure to ensure that Mr. Spruyt is permitted to testify about his direct and personal knowledge, experiences, and perspectives in developing the technology that is at the core of this case.  Contrary to TQ Delta's baseless claims, Mr. Spruyt will not provide "opinions that he developed for this litigation." Mot. at 5.  Instead, as TQ Delta admits is appropriate under Rule 26(a)(2), Mr. Spruyt will simply provide testimony about "his ground-level involvement in the events giving rise to the litigation." *Id.*  Indeed, because Mr. Spruyt has not developed opinions for the present litigation, any "report" would simply be a recitation of Mr. Spruyt's career and experiences, which is not the purpose or province of a report.  That information could and should have been ascertained during the scheduled August 5th deposition.

Second, Nokia's disclosure sufficiently satisfies the requirements of Rule 26(a)(2).  Specifically, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C); *see also Newton v. State Farm*, No. 4:21-cv-00322, 2022 U.S. Dist. LEXIS 76591, at *8 (E.D. Tex. Mar. 31, 2022) (explaining that a Rule 26(a)(2)(C) disclosure requires only that the party "state the subject matter on which [the expert] is expected to present evidence and a summary of the facts

and opinions to which he will testify"). Thus, Nokia's disclosure of Mr. Spruyt need only disclose the subject matter on which he is expected to present evidence and a summary of the facts and opinions to which he will testify. *See* Fed. R. Civ. P. 26(a)(2)(C). "The disclosure requirement for non-retained experts 'is intended to be less stringent than those requirements applicable to retained experts.'" *Stonecoat of Tex. v. ProCal Stone Design, LLC*, No. 4:17CV303, 2019 U.S. Dist. LEXIS 233045, at *15 (E.D. Tex. June 28, 2019) (quoting *McCranie v. Home Depot U.S.A., Inc.*, No. 4:15-cv-423, 2016 WL 7626597, at *6 (E.D. Tex. Aug. 25, 2016)).

Mr. Spruyt's disclosure identifies the precise subject matter to which Mr. Spruyt has dedicated his entire career, three specific articles that Mr. Spruyt authored as part of his xDSL research, an early Nokia product that Mr. Spruyt played a key role in developing, and the history and functionality of Nokia's Accused Products that Mr. Spruyt manages and helped to develop. Mot. Ex. A at 3-4. This level of specificity more than satisfies the requirements of Rule 26(a)(2), and TQ Delta's demand for more is contrary to the letter and the spirit of the rule. The Committee Notes on the 2007 Amendment to the Rule indicate that a Rule 26(a)(2)(C) "disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." It further states that "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." The Committee Notes and precedent in this Court both support that the level of detail contained within Nokia's disclosure was more than sufficient to place TQ Delta on notice of the testimony that Mr. Spruyt may provide.

### C.   TQ Delta's Demand for Counsel Communications with Mr. Spruyt Is Unfounded and Unreasonable

Finally, TQ Delta's demand that the Court "compel Nokia to produce its communications with Mr. Spruyt regarding his disclosure and expert testimony" is entirely unwarranted and

contrary to precedent and the rules. Mot.  at 3-4.  There is no waiver of attorney-client privilege with respect to an employee just because he is disclosed under Rule 26(a)(2)(C).  The rules are clear that where a privilege already exists, privileged communications between an entity and its employees remain protected.  *See, e.g.*, *United States v. Sierra Pac. Indus.*, No. S-09-2445, 2011 U.S. Dist. LEXIS 60372, at *19 (E.D. Cal. May 26, 2011).

TQ Delta relies on the 2010 amendment to the Federal Rules and a series of cases that seek to prevent unnecessary influence of counsel on the testimony of a fact witness, but those cases do not establish any rigid rule, and they are not applicable to the disclosure of Paul Spruyt in this case. *City of Wyo. v. P&G*, No. 15-cv-2101, 2019 U.S. Dist. LEXIS 8497, at *15 (D. Minn. Jan. 16, 2019) ("[D]esignating an individual as a Rule 26(a)(2)(C) expert may not waive any and all protections in every case and under all circumstances.").  And, indeed, "the advisory committee notes explain that the new rule does not provide protection for communications between non-reporting experts and counsel, ***but does not disturb any existing protections***."  *Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372 at *19 (emphasis added).  Indeed, in *Sierra Pac.*, it was made clear that "some non-reporting witnesses, such as treating physicians and accident investigators, should be treated differently than reporting witnesses with respect to the discoverability of their communications with counsel."  *Id.* at *32.  Mr. Spruyt will not provide testimony in the way that a physician or accident investigator would in a medical malpractice or car accident litigation.  He simply intends to share experiences related to the development of the technology at the root of the case.  Accordingly, any communications between Nokia's counsel and Mr. Spruyt should be, and are, protected by the attorney-client privilege and should not be subject to production.  *Id.*

## III.   CONCLUSION

For at least these reasons, Nokia respectfully requests that this Court deny TQ Delta's Motion to Compel a Deposition and Expert Disclosure from Mr. Spruyt.

Dated: August 29, 2022                                    Respectfully submitted,

                                                          */s/ M. Scott Stevens*
                                                          M. Scott Stevens (NC Bar # 37828)
                                                          Kirk T. Bradley (NC Bar # 26490)
                                                          Karlee Wroblewski (NC Bar # 55043)
                                                          Nic Marais (NC Bar # 53533)
                                                          ALSTON & BIRD LLP
                                                          One South at the Plaza
                                                          101 South Tryon Street, Suite 4000
                                                          Charlotte, North Carolina 28280
                                                          Tel:  704.444.1000
                                                          Fax:  704.444.1111
                                                          Email: scott.stevens@alston.com
                                                          Email: kirk.bradley@alston.com
                                                          Email: karlee.wroblewski@alston.com
                                                          Email: nic.marais@alston.com

                                                          John D. Haynes (GA Bar # 340599)
                                                          Michael Deane (GA Bar # 498195 )
                                                          ALSTON & BIRD LLP
                                                          One Atlantic Center
                                                          1201 West Peachtree Street
                                                          Suite 4900
                                                          Atlanta, GA 30309
                                                          Email: michael.deane@alston.com
                                                          Tel:  404.881.7737
                                                          Fax:  704.444.1111
                                                          Email: john.haynes@alston.com
                                                          Email: michael.deane@alston.com

                                                          Adam Ahnhut (TX Bar # 24106983)
                                                          ALSTON & BIRD LLP
                                                          Chase Tower
                                                          2200 Ross Avenue, Suite 2300
                                                          Dallas, TX 75201
                                                          Email: adam.ahnhut@alston.com
                                                          Tel: 214-922-3400
                                                          Fax: 214-922-3899

                                                          Deron R. Dacus (TX Bar No.
                                                          00790553)
                                                          THE DACUS FIRM, P.C.
                                                          821 ESE Loop 323, Suite 430
                                                          Tyler, Texas 75701 903-705-1117
                                                          Tel: 903-581-2543 (fax)

E-mail: ddacus@dacusfirm.com

*Counsel for Defendants*
*Nokia Corporation, Nokia Solutions*
*and Networks Oy, and Nokia*
*of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 29, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens