IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TQ DELTA, LLC,**<br>     *Plaintiff,*<br>  v.<br><br>**COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,**<br>     *Defendants.* | CIV. A. NO.  2:21-CV-310-JRG<br>(Lead Case) |
| **TQ DELTA, LLC,**<br>     *Plaintiff,*<br>  v.<br><br>**NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,**<br>     *Defendants.* | CIV. A. NO.  2:21-CV-309-JRG<br>(Member Case) |

## DECLARATION OF M. SCOTT STEVENS

I declare under penalty of perjury that the foregoing is true and correct.

  I, M. Scott Stevens, hereby declare under penalty of perjury that:

  1. I am an attorney at the law firm of Alston & Bird LLP and counsel for Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corporation. I am a member in good standing of the North Carolina Bar and am admitted to practice before this Court. Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

2. On Thursday, August 4, 2022, I spoke with TQ Delta's counsel about the then-scheduled August 5, 2022 deposition of Paul Spruyt and Nokia's Rule 26(a)(2)(C) disclosure relating to Mr. Spruyt.

3. The conversation was limited to whether Nokia was going to submit a written expert report for Mr. Spruyt—Nokia indicated it was not—and whether TQ Delta was moving forward with Mr. Spruyt's deposition the next day—TQ Delta indicated it would not. TQ Delta did not disclose that it would move to compel a full expert report or seek to take a factual deposition long after the close of fact discovery.

4. I understood TQ Delta's position to be that it would not take a deposition of Mr. Spruyt without him providing a full Rule 26(a)(2)(B) written expert report, and that the earlier request for a date during the week of August 15 was withdrawn. I informed TQ Delta that Mr. Spruyt would not be providing a Rule 26(a)(2)(B) report, and that TQ Delta should go forward with his factual deposition.

5. I also informed TQ Delta that Mr. Spruyt's disclosure was for the purpose of ensuring that he could speak regarding his work at Nokia, including his publications and the Accused Products. TQ Delta continued to refuse to take Mr. Spruyt's deposition despite these assurances.

6. Exhibit 1 contains a true and correct copy of e-mail correspondence from Rudy Fink, counsel for TQ Delta, LLC, to Karlee Wroblewski, counsel for Nokia, dated July 20, 2022.

7. Exhibit 2 contains a true and correct copy of e-mail correspondence from Rudy Fink, counsel for TQ Delta, LLC, to Scott Stevens, counsel for Nokia, dated August 3, 2022.

Dated: August 29, 2022                                        Respectfully submitted,

                                                                               */s/ M. Scott Stevens*
                                                                               M. Scott Stevens