IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>      *Plaintiff*,<br><br>  v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC<br><br>      *Defendants*. | CIV. A. NO. 2:21-CV-310-JRG<br>(Lead Case) |
| TQ DELTA, LLC,<br><br>      *Plaintiff*,<br><br>  v.<br><br>NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP.,<br><br>      *Defendants*. | CIV. A. NO. 2:21-CV-309-JRG<br>(Member Case) |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING SECOND OPPOSED
MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS**

Defendants Nokia of America Corporation, Nokia Corporation, Nokia Solutions and Networks Oy (collectively, "Nokia"), and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") (together, "Defendants") respectfully submit this supplemental briefing regarding their second narrowing motion to address TQ Delta's continued gamesmanship in this case, demonstrating the need for additional narrowing *now*. TQ Delta dropped two asserted patents against Nokia and

1

three asserted patents against CommScope by electing to not address those patents in TQ Delta's opening expert reports. TQ Delta provided no notice of this election prior to serving its reports; instead, Nokia and CommScope discovered the election on their own upon reviewing the reports. Both Nokia and CommScope expended significant time and resources in preparing their invalidity expert reports on these patents—addressing issues that TQ Delta never intended to pursue, after having assured this Court (in opposing Defendants' motion for a further narrowing order) that it would not be "fair" and would cause "prejudice to TQD" if it had to drop "currently asserted claims and patents." Dkt. 256 at 1.

Leading up to the opening expert reports, TQ Delta consistently refused to narrow its case to fewer than 14 patents against Nokia and 12 patents against CommScope. In doing so, TQ Delta emphasized the significant amount of time needed to prepare reports on alleged infringement for each patent. For example, TQ Delta asserted that the burden "of additional work overwhelmingly falls on TQD, not Defendants, because "[i]t is TQD's obligation to prove infringement and to serve opening reports on infringement," which "requires a great amount of evaluation" by TQ Delta. Dkt. 248 at 2-3. TQ Delta repeated the point in its sur-reply to Defendants' motion, asserting that "TQD bears the far greater burden with technically detailed opening infringement reports." Dkt. 269 at 1. And indeed, TQ Delta ultimately served over 3,300 pages worth of opening expert reports, including both technical reports and damages reports as to the patents being asserted. But TQ Delta chose to lessen its own burden by silently dropping patents. And in doing so, TQ Delta made sure to maximize the burden on Defendants by forcing them to prepare expert reports on patents TQ Delta had already decided to drop from the case. Undoubtedly, TQ Delta had known for some time which patents it intended to drop from its opening reports, but it withheld that information for the sole purpose of imposing additional burdens on Defendants. Indeed, TQ Delta

*still* has not provided such notice to Defendants, and instead simply served expert reports that do not address the seemingly dropped patents.

Such gamesmanship is exactly the reason Defendants filed their motion for further narrowing. In the motion, Defendants explained that they "should not be forced to expend significant—very significant—resources preparing expert reports and completing expert discovery for 14 patents and 12 patents, respectively, only to learn after the fact exactly which few patents TQ Delta actually will proceed with at trial." Dkt. 243 at 2. Defendants' concerns have now been realized.

A conservative estimate of costs and fees to Nokia alone for working with the experts to prepare opening reports on the patents now dropped by TQ Delta—without any notice—is in the range of $150,000 to $200,000. CommScope endured similar costs and fees. These significant costs could have been saved or minimized had TQ Delta provided even a few days' notice to Defendants. Yet no such courtesy was extended. Further, it is highly likely that TQ Delta knew exactly which patents it wanted to pursue in its infringement reports well in advance of the deadline for opening reports. For example, as Defendants explained in their motion, as early as the week of July 25 (over one month ago), TQ Delta offered to narrow its asserted patents against Nokia to 12 patents (in exchange for Nokia not filing the narrowing motion), but even then TQ Delta refused to identify any specific patents. Dkt. 243 at 5. Now, TQ Delta has done exactly what it previously offered, narrowing its case to 12 patents against Nokia. But rather than provide Nokia with any notice of its plan to narrow, TQ Delta let Nokia expend significant resources drafting invalidity reports on the patents it knew it was dropping.

Unfortunately, TQ Delta's gamesmanship continues. TQ Delta still asserts 12 patents against Nokia and 9 patents against CommScope—numbers that remain untenable in front of a

jury. And opportunity for further antics by TQ Delta are around the corner with rebuttal reports due on September 20th. TQ Delta has expressed that while it is working to narrow its case, "that process will take time." Dkt. 269 at 5. But that process has nothing to do with TQ Delta needing more information and everything to do with TQ Delta's desire to maximize the burden on Defendants. TQ Delta has completed its infringement assessment, and TQ Delta has Defendants' invalidity positions. No additional information is needed. Thus, the time for narrowing is now, *before* rebuttal expert reports.

Respectfully, Defendants request that the Court grant their request requiring TQ Delta to limit the number of asserted patents to one-per-standard, with the narrowing to occur by September 9, before rebuttal expert reports.

Dated: August 31, 2022

Respectfully submitted,

/s/ M. Scott Stevens
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel: 704.444.1000
Fax: 704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195 )
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900

        Atlanta, GA 30309
        Email: michael.deane@alston.com
        Tel:  404.881.7737
        Fax:  704.444.1111
        Email: [john.haynes@alston.com](mailto:john.haynes@alston.com)
        Email: michael.deane@alston.com

        Adam Ahnhut (TX Bar # 24106983)
        ALSTON & BIRD LLP
        Chase Tower
        2200 Ross Avenue, Suite 2300
        Dallas, TX 75201
        Email: adam.ahnhut@alston.com
        Tel: 214-922-3400
        Fax: 214-922-3899

        *Counsel for Defendants*
        *Nokia Corporation, Nokia Solutions*
        *and Networks Oy, and Nokia*
        *of America Corporation*

Dated: August 31, 2022        Respectfully submitted,

        By: */s/ Andrew Ong*
        Eric H. Findlay
        State Bar No. 00789886
        Brian Craft
        State Bar No. 04972020
        FINDLAY CRAFT, P.C.
        102 N. College Ave, Ste. 900
        Tyler, TX 75702
        903-534-1100 (t)
        903-534-1137 (f)
        efindlay@findlaycraft.com
        bcraft@findlaycraft.com

        Douglas J. Kline
        Christie Larochelle
        GOODWIN PROCTER LLP
        100 Northern Avenue
        Boston, MA  02210
        P:  (617) 570-1000
        F:  (617) 523-1231
        dkline@goodwinlaw.com
        clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., ARRIS Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 31, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens