**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>*Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

## JOINT REPORT ON THE PARTIES' MEET AND CONFER REGARDING PLAINTIFF'S FIRST AND SECOND MOTIONS TO COMPEL (DKT. NOS. 234, 239)

Pursuant to the Court's Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes, the parties respectfully submit the following joint report on the parties' meet and confer regarding Plaintiff TQ Delta, LLC's First and Second Motions to Compel. (Dkt. Nos. 234, 239)

**<u>TQ Delta's Position</u>**

Since early July, TQD has provided detailed and ever more specific requests for documents to CommScope.  TQD understands that CommScope's position is that it "does not know what, if anything, remains at issue with regards to TQ Delta's motions to compel," but this is not true.  On top of detailed written requests, TQD communicated with CommScope following depositions, noting documents CommScope's own witnesses identified as unproduced.  On Friday, August 19 (the last day of discovery) at 10:21 p.m., having not responded on these requests, CommScope told TQD it would not produce this material.  The following Monday, CommScope then took the surprising position—repeated below—that "it was not clear" what TQD was requesting.

For technical documents, CommScope's witnesses consistently pointed to Confluence and JIRA as sources for technical information.  A CommScope witnesses even noted that he had pulled the answer for one of TQD's interrogatories directly from Confluence and that JIRA was used to plan/track change information on the accused products.  But CommScope has refused to produce this information.  Similarly, CommScope's witnesses identified that they provide software release information, including release notes detailing changes, and that they receive, from third-party Broadcom, updated sets of documents with their releases.  This information is all in electronic systems that are readily exportable in native form.  CommScope is just refusing to do that.

For business documents, TQD identified internal account plans; SharePoint sites; and OneDrive materials.  TQD also identified import records and details related to products made in the United States.  Further, TQD identified market, sales, and price analysis across CommScope's DSL product lines.  This material remains unproduced.  The issue is not that CommScope does not know what is missing or where to find it.  CommScope has just taken the approach that it will attempt to delay its production.

**CommScope's Position**

Despite its best efforts, CommScope does not know what, if anything, remains at issue with regards to TQ Delta's motions to compel.  Since TQ Delta filed its motions, CommScope has produced an additional ten volumes of documents, totaling over 32,000 pages.  CommScope's recent productions have included many of the types of documents that TQ Delta complained about in its second motion to compel, including, for example, financial spreadsheets, product forecasts, presentations from customer meetings, and financial planning documents.  CommScope also made available for inspection source code for the accused products, which TQ Delta knew CommScope would do even before filing its motion.  Additionally, on August 19, CommScope offered to discuss with TQ Delta if it believed there were other technical documents that were relevant to its case.  TQ Delta never responded to CommScope's offer.  Given the substantial efforts that CommScope has undertaken, CommScope believes that many, if not all, of the issues raised in TQ Delta's motions to compel have since been resolved.

In a further effort to narrow the issues before the Court, CommScope reached out to TQ Delta on Monday, August 22, asking TQ Delta to identify the documents that it believes are still at issue on its second motion to compel given CommScope's substantial productions since that motion was filed.  CommScope received no response to that inquiry.  On August 26, CommScope sent a follow-up email again asking TQ Delta to identify what it believes is still at issue and asking to meet and confer.  Citing the August 29 deadline for opening expert reports, TQ Delta refused to meet and confer and has not responded to further follow-up requests to do so (including on August 30, 2022).  In short, given TQ Delta's silence and the fact that TQ Delta already submitted its opening reports on August 29, CommScope believes the pending discovery motions can and should be denied as moot.

Dated this 31st day of August, 2022

By: */s/ Rudolph "Rudy" Fink IV*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***ATTORNEYS FOR PLAINTIFF***
***TQ DELTA, LLC***

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Attorney for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this this August 31, 2022, with a copy of this document via CM/ECF.

*/s/ Eric H. Findlay*
Eric H. Findlay