# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S RESPONSE TO DEFENDANTS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING
SECOND MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS**

TQD hereby responds to the allegations in Defendants' Motion for Leave for Supplemental Brief (Dkt. Nos. 278, 279) on Defendants' Second Motion (Dkt. No. 243), including providing TQD's position on important recent events. Given the immediate rebuttal-expert-report deadline (September 20th, less than two weeks away), TQD respectfully requests the Court deny Defendants' Motion as soon as practicable for the reasons below and those in TQD's other briefs.

Under the Court's Focusing Order (Dkt. No. 128), Defendants were ordered to narrow their prior art case by the time of opening expert reports to <u>20 total</u> references per case. Defendants did not do this. Defendants served combined invalidity reports on, <u>at least, 44 references</u> from five different experts.[1] From these 44 references, Defendants have elected, with some overlap, a subset of 20 references for each case, but their opening expert reports assert <u>around ten additional references</u> that no Defendant has elected to use as prior art. Defendants refuse to withdraw those references. They claim that they <u>may</u> elect to use those references at a later time should the Court grant them additional prior art references and that TQD should respond now.

This disregards the Court's Focusing Order, prejudicing TQD. Defendants have also taken additional steps to maximize, rather than narrow, the prior art at issue. First, they, generally, have split their elections to increase the total number of references TQD must defend against. Second, they generously count references under the Focusing Order to maximize their prior art (e.g., counting as "one" reference a document used for both (1) anticipation and (2) as a single-reference obviousness combination). Third, they have even purported to amend their "final" elections (which the Focusing Order does not allow) to add more prior art after TQD further narrowed the

---

[1] The 44-reference count is from an initial count based on the table of contents of the reports. Nokia's Mr. Spruyt, apparently, also has opinions on four more alleged prior-art references that, at this point, have not been elected by Defendants (though two have been elected in part), further increasing the total.

case and dropped claims in its expert reports. (*See* Exhs. A, B). TQD understood the Court's Focusing Order to be a "one way door," and has, therefore, never reallocated its claims after patents were dropped (e.g., if a patent is dropped, TQD has not added "replacement" claims onto other patents). Defendants are ignoring that rule. Adding around ten more references on top of the 40-plus references Defendants have elected is not narrowing the case. It is expanding the case with prior-art theories that Defendants cannot realistically take to trial. And it is doing so at TQD's expense and in violation of the Court's Order.

In contrast, TQD has complied with the Focusing Order and has even further narrowed. The case is now down from the Ordered 16 claims to 11 claims against CommScope and 14 claims against Nokia. Defendants told the Court that TQD "will not [narrow] unless ordered by the Court" (Dkt. No. 261 at 5), but TQD has narrowed and will continue to do so as the Focusing Order contemplates.[2]

But no good deed goes unpunished. Defendants' Supplement attacks TQD for providing what Defendants said they wanted in their Second Motion—a narrower case. They now call the narrowing they sought "gamesmanship." Defendants, without any evidence, claim that TQD long knew it was going to do this or that; "never intended" to pursue its claims; and that TQD sought to maximize the burden on Defendants. These claims are untrue. For example, if TQD knew it was going to drop certain patents, it would have allocated its claims to other patents, not lost them.

Defendants also claim, without evidence, their costs on validity have been magnified. First, TQ Delta narrowed its claims in compliance with this Court's Order. Defendants complain about a further narrowing not required by the Court's Order but done in that Order's spirit. Defendants

---

[2] As TQD has repeated, almost all of the cases' discovery came in the last few weeks and almost all of the depositions came in the last two weeks. As the Court is further aware, a number of motions to compel regarding documents and depositions were recently decided.

complain this voluntary narrowing should have happened sooner.  Apparently, each time TQ Delta further narrows its case, Defendants will cry foul.  Second, Defendants do not tell the Court that most of the references they asserted for the voluntarily narrowed claims largely overlap with art they assert for other patents.  Third, it ignores that Defendants' have magnified their own validity costs by refusing to comply with the Court's limits on prior art (and are asking for even more).  Fourth, Defendants filed 13 IPRs, including IPRs on patents not at issue in this case.

      Defendants Supplement attacks TQD but does not address the substantive issues of the Second Motion.  For example, Defendants do not offer any evidence on the high burden they bear to change the Order; address the reality that they are asking the Court to dismiss most of TQD's remaining case on their *ipse dixit*; acknowledge that the damages theory they based their Second Motion on is not found in TQD's expert reports; rebut TQD's evidence on the case's other realities, including the close family relationships of the patents; or address their request for additional prior art, which they have already granted themselves in their expert reports, at all.  Defendants also do not acknowledge their role as an obstacle to narrowing, including failing to engage on agreements to facilitate trial (e.g., representative claims, products, or patents), delaying discovery beyond the ordered time period, widening (instead of the ordered narrowing) their prior art, and their IPRs.

      TQD has complied with the Focusing Order and Defendants do not assert otherwise.  Instead, Defendants complain that TQD should have narrowed earlier, not based on a rule or order of this Court, but based on their own fictional narrative that TQD could have done so.  Unlike Defendants, who have taken unilaterally and without permission from the Court, many more prior art references than permitted, TQD has both made the hard narrowing decisions required by the Focusing Order and stood by them.  TQD requests that Defendants be required to do the same and certainly should not be allowed to double the size of their invalidity case.

Dated: September 7, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this September 7, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

 /s/ William E. Davis, III
William E. Davis, III