**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TQ DELTA, LLC,** | |
| *Plaintiff,* | |
| v. | |
| | **CIV. A. NO.  2:21-CV-310-JRG** |
| **COMMSCOPE HOLDING COMPANY, INC.,** | (Lead Case) |
| **COMMSCOPE INC., ARRIS** | |
| **INTERNATIONAL LIMITED, ARRIS** | |
| **GLOBAL LTD., ARRIS US HOLDINGS, INC.,** | |
| **ARRIS SOLUTIONS, INC., ARRIS** | |
| **TECHNOLOGY, INC., and ARRIS** | |
| **ENTERPRISES, LLC** | |
| *Defendants.* | |

| | |
|---|---|
| **TQ DELTA, LLC,** | |
| *Plaintiff,* | |
| v. | |
| | **CIV. A. NO.  2:21-CV-309-JRG** |
| **NOKIA CORP., NOKIA SOLUTIONS AND** | (Member Case) |
| **NETWORKS OY, and NOKIA OF AMERICA** | |
| **CORP.,** | |
| *Defendants.* | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE A SUPPLEMENTAL BRIEF REGARDING SECOND
MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS**

In its brief in response to Defendants' motion for leave to file supplemental briefing, TQ Delta never once asks this Court to deny Defendants' motion for leave.  Rather, TQ Delta substantively replies to Defendants' supplemental brief and asks this Court to address, as soon as possible, Defendants' underlying motion.  As TQ Delta appears to have withdrawn its objections to Defendants' motion for leave to file supplemental briefing, Defendants respectfully request that their motion for leave be granted.

To be clear, Defendants unequivocally complied with this Court's Focusing Order in making its prior art elections—a point TQ Delta readily admits. *See* Dkt. No. 286 ("TQD's Response") at 1 (admitting that "Defendants have elected, with some overlap, a subset of 20 references for each case"). This Court's Focusing Order required that Defendants "serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references." Dkt. No. 128 ("Focusing Order") at 3. Here, both Nokia and CommScope have done exactly that—each identifying a total of 20 references with no more than six references per patent. *See* TQD's Response, Exhibits A and B (showing Nokia's and CommScope's definitive election of just 20 references each with no more than 6 references per patent).

Instead, TQ Delta takes issue with the fact that it *might* have to do extra work if this Court grants Defendants' alternative request for relief increasing their total prior art reference limit. Although Defendants' expert reports preserve invalidity positions that Defendants intend to take should this Court grant their alternative requested relief, nowhere have Defendants required that TQ Delta respond to their preserved elections. Moreover, while Defendants requested a total of 40 references each in their alternative request for relief, Defendants' expert reports contemplate only 26 total references on behalf of Nokia and 20 total references on behalf of CommScope (excluding those references for patents TQ Delta dropped after Defendants drafted the reports).[1] These references reflect the 12 and 9 patents asserted against Nokia and CommScope, respectively. Defendants' expert reports are entirely reasonable given the scope of the size of this case.

---

[1] TQ Delta also incorrectly states that Defendants have at least 44 references in their expert reports, but (after dropping those references for the patents no longer in this case) Defendants have only 36 references, collectively.

TQ Delta's assertion that Defendants "have also taken additional steps to maximize, rather than narrow, the prior art at issue" is confusing and disconnected from this Court's Focusing Order. First, TQ Delta complains that the parties have split their elections to increase the total number of references. But Defendants have done so at TQ Delta's urging. TQ Delta previously asked this Court to apply its Focusing Order "on a per-case basis" because the "two cases do not have complete overlap in patents." Dkt. No. 153 ("Joint Motion for Clarification") at 2. TQ Delta cannot now take issue with the fact that Defendants have separately elected their prior art. Indeed, at the outset of the separate cases, CommScope and Nokia drafted and served separate invalidity contentions. The separately elected prior art reflects the differences in the parties' initial contentions and TQ Delta's expectation or hope of overlap is unrealistic.

Second, TQ Delta protests how Defendants have counted their references (although TQ Delta still admits that Defendants each elected 20 references), but Defendants have merely followed the letter of this Court's Focusing Order. The order is clear that Defendants are limited to a total number of "***references***," irrespective of whether those references are used for anticipation or single-reference obviousness. Focusing Order at 3. The Order does not require limitations on prior art grounds, as would be required by TQ Delta's reading. *Id.* TQ Delta seems to grasp onto the order's clarification that "each obviousness ***combination*** counts as a separate prior art reference," but that applies only to combinations, not single reference obviousness arguments. *Id.*

Finally, TQ Delta asserts that Defendants erred by presenting their elections—electing prior art arguments that TQ Delta was already on notice of in Defendants expert reports—to reflect the fact TQ Delta had apparently dropped patents (strategically without informing Defendants they

were doing so).[2]  Defendants amended their elections as quickly as possible following their analysis and realization that certain patents were no longer in play.

TQ Delta insists that its dropping patents was a "good deed" and not "gamesmanship." TQD's Response at 2.  Yet, TQ Delta is unable to explain why it failed to provide Defendants with notice that it was dropping patents.  In fact, TQ Delta's very arguments in its response here demonstrate its continued gamesmanship.  For example, TQ Delta pushes back on Defendants amending their elections shortly after finding out that TQ Delta had dropped patents by simply choosing to not address those patents in its expert reports.  Undoubtedly, TQ Delta hoped Defendants would expend its elections on those dropped patents, effectively curtailing the Focusing Order's allowances to Defendants.  Had TQ Delta provided Defendants with even a half day's notice (it cannot reasonably dispute that it did not know what patents it was pursuing the day expert reports were due), Defendants could have made the appropriate elections on the expert report deadline.

Similarly, the timing of TQ Delta's request to the Court here urging the Court to decide Defendants' second narrowing motion "as soon as practicable" further displays the games TQ Delta is playing.  TQ Delta previously opposed (Dkt. No. 248) Defendants' motion for expedited briefing (Dkt. No. 244) related to Defendants' second narrowing motion (Dkt. No. 243) even though opening expert report deadlines were fast approaching.  But now that TQ Delta has to address invalidity on the excessive number of patents it asserts against Defendants, TQ Delta asks this Court to address this issue "[g]iven the immediate rebuttal-expert-report deadline."  TQD's Response at 1.  It is apparent that TQ Delta's positions change to fit whatever results in the greatest burden on Defendants and the smallest burden on TQ Delta.

---

[2] TQ Delta fails to mention that it was a day late in making its final claim election—without excuse.

There remains an immediate solution that will minimize the burden on both TQ Delta and Defendants—granting Defendants' second motion for further narrowing.  TQ Delta still asserts 12 and 9 patents against Nokia and CommScope, respectively, far too many at this late stage of the case and far more than TQ Delta will bring to trial.  The concerns raised by TQ Delta of having to respond to Defendants' invalidity positions on this many patents only highlights the likely possibility of further antics by TQ Delta, such as once again dropping patents in its rebuttal reports without providing notice to Defendants.  Indeed, Defendants are hard at work responding to infringement allegations on *every patent currently asserted*.  TQ Delta should thus be required to narrow now so that it does not have that opportunity to further burden Defendants.

Respectfully, Defendants request that the Court grant their motion for leave to file supplemental briefing, and grant Defendants' second narrowing motion requiring that TQ Delta further narrow its case against Defendants.

Dated: September 9, 2022

Respectfully submitted,

*/s/ M. Scott Stevens*
M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
ALSTON & BIRD LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email: karlee.wroblewski@alston.com
Email: nic.marais@alston.com

John D. Haynes (GA Bar # 340599)
Michael Deane (GA Bar # 498195 )

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
Tel:  404.881.7737
Fax:  704.444.1111
Email: john.haynes@alston.com
Email: michael.deane@alston.com

Adam Ahnhut (TX Bar # 24106983)
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Email: adam.ahnhut@alston.com
Tel: 214-922-3400
Fax: 214-922-3899

*Counsel for Defendants*
*Nokia Corporation, Nokia Solutions*
*and Networks Oy, and Nokia*
* of America Corporation*

*/s/ Andrew Ong*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

6

clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Attorney for Defendants CommScope
Holding Company, Inc., CommScope
Inc., ARRIS International Limited,
ARRIS Global Ltd., ARRIS US
Holdings, Inc., ARRIS Solutions, Inc.,
ARRIS Technology, Inc., ARRIS
Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 9, 2022.

/s/ *M. Scott Stevens*
M. Scott Stevens