# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>   *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>   *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case)<br><br>FILED UNDER SEAL |
| TQ Delta, LLC,<br>   *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>   *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

## TQ DELTA, LLC'S RESPONSE TO
## DEFENDANTS' OPPOSED MOTION FOR A PARTIAL
## <u>STAY PENDING *INTER PARTES* REVIEW OF THE '835 PATENT</u>

I.     INTRODUCTION

CommScope's Motion to Stay (Dkt. No. 272) should be denied. A stay of one asserted claim of U.S. Patent No. 8,462,835 ('835 Patent) would not meaningfully simplify trial—the same products and standards would still be at issue for all other patents. But a stay would substantially complicate proceedings. It would delay proceedings and would likely create a separate trial on a single claim, for all of the same products, requiring extensive duplicative testimony. This delay would, at a minimum, be until August 2023 (7 months after the current trial date) based on the PTABs written-decision timeline (and that does not account for any appeals, which would take another 15-20 months). This is also the second time in three months that CommScope has moved to stay the '835 Patent. (Dkt. No. 152 ("First Motion")). CommScope's First Motion addressed six patents, including the '835 Patent, alleging overlap with Delaware proceedings. (*See id.*) The Court denied CommScope's First Motion, finding a stay would prejudice TQD, that the advanced stage of proceedings weighed against a stay, and that proceedings would not be meaningfully simplified. (*See* Dkt. No. 230). The Court's reasoning applies with greater force here: the stay is now just one patent (not six) and the case has materially advanced in three months, with discovery now complete and opening expert reports now served.

A stay is also inappropriate as CommScope is working to circumvent 35 U.S.C. § 315(b)'s 1-year statutory bar on IPR proceedings. Congress enacted the one-year bar to prevent parties in litigation from abusing IPR proceedings. Nonetheless, CommScope filed an IPR petition on the '835 Patent (IPR2022-0352), and that petition was denied by the PTAB because CommScope is statutorily barred by 315(b) (based on the Delaware litigation). *CommScope, Inc. v. TQ Delta, LLC*, IPR 2022-352, Paper No. 13 (Aug. 19, 2022) ("PTAB Time-Bar Decision"). The '835 Patent is not and has never been asserted against Nokia in this case. However, Nokia refiled CommScope's IPR petition, changing virtually nothing and using the same experts, and that

petition was instituted. CommScope is now moving to stay based on Nokia's petition even though its own petition was denied by statute.

## II. BACKGROUND

TQ Delta currently asserts 11 claims against CommScope, shown below by patent family.

- Family 1 ('686 Patent, Claim 36);
- Family 2 ('881 Patent, Claims 17 and 23);
- Family 3 ('882 Patent, Claim 13; '048 Patent, Claim 5);
- Family 4 ('008 Patent, Claim 14);
- Family 6 ('835 Patent, Claim 10);
- Family 9 ('411 Patent, Claims 10 and 18; '809 Patent, Claim 13); and
- Family 10 ('354 Patent, Claim 10).

The case has progressed well into the expert-discovery phase. The parties exchanged opening expert reports on August 29, 2022, and rebuttal expert reports are currently due on September 20, 2022. (Dkt. 270 (Second Amended Docket Control Order), at 3). Dispositive Motions and *Daubert* Motions are due at the end of the month. (*Id.*) The pretrial conference is set for November 28, 2022, and trial is set for January 6, 2023. (*Id.* at 2.)

Both Nokia and CommScope filed petitions for *Inter Partes* Review of the '835 Patent. On December 31, 2021, CommScope filed an IPR petition (IPR2022-00352), even though it had been sued in Delaware in 2014 for infringing the '835 Patent (and was thus time-barred under Section 315). Less than a month later, Nokia filed a "copycat" petition on the '835 Patent, asserting the same grounds of invalidity, largely word for word, and using the same expert testimony (IPR2022-00471). Nokia filed the petition even though TQ Delta has not filed suit on the '835 Patent.

The PTAB denied CommScope's Petition on the grounds that it was time-barred under Section 315. *See* PTAB Time-Bar Decision. The PTAB, however, instituted proceedings on Nokia's Petition on August 18, 2022. *See Nokia of America Corp. v. TQ Delta, LLC*, IPR 2022-471, Paper No. 11 (Aug. 18, 2022) ("Nokia Copycat-Petition Decision"). The PTAB determined that CommScope was not a real-party-in-interest, even though Nokia had simply copied CommScope's petition and CommScope is the only party that would collaterally benefit in this case from an invalidity ruling at the PTAB (as the '835 Patent has only been asserted in this case against CommScope). *Id.* CommScope has since petitioned to join Nokia's petition and participate in the IPR proceedings, despite the time-bar. *CommScope, Inc. v. TQ Delta, LLC*, IPR 2022-1443 (Sept. 1, 2022). The deadline for the PTAB to issue a Final Written Decision in the Nokia IPR proceedings on the '835 Patent is August 18, 2023. 35 U.S.C. § 316(a)(11). CommScope now brings this Motion to Stay the '835 Patent (and no other patents).

### III.   LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-390 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No.

2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* "The most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *Id.* at *4.

IV.   **ARGUMENT**

   A.   **Staying the '835 Patent Will Not Simplify Proceedings**

A stay will not simplify this case. A stay of the '835 Patent will not remove any standard or any accused product from this case. The functionality accused of infringing the '835 Patent is found within CommScope products that implement the VDSL2 standard. That is the same standard that the majority of TQ Delta's infringement claims implicate (*e.g.*, '686 Patent, Claim 36; '882 Patent, Claim 13; '048 Patent, Claim 5; '008 Patent, Claim 14; '835 Patent, Claim 10; and '354 Patent, Claim 10). Staying the '835 Patent will not eliminate discussion of that standard. It also will not eliminate any products that implement that standard.

A stay also will not meaningfully simplify the discussion of the VDSL2 standard functionality as it relates to TQ Delta's patents, as that functionality is also addressed in other claims. The '835 Patent generally relates to the ability to dynamically change parameters relating to interleaver (such as the interleaver depth). (*See, e.g.*, Dkt. 169 (Claim Construction Order), at 83–94 (construing terms in Family 6 Patents such as "interleaver parameter value")). The '882 Patent (Family 3) also generally relates to allocating shared memory between an interleaver and deinterleaver. (*See, e.g., id.* at 46–59 (construing terms in Family 3 Patents such as "shared memory" and "specifying a maximum number of bytes of memory that are available to be allocated to [a/an interleaver/deinterleaver]")). While the specific sub-parts of the VDSL2 standard may not completely overlap between the '835 Patent and the remaining claims, there is

4

significant overlap in the concepts that underlie the infringement allegations, such as noise, interleaving/deinterleaving (and the setting of associated parameters), forward error correction encoding/decoding (and associated parameters). And those concepts will need to be explained regardless of whether the '835 Patent is stayed or not.

CommScope's invalidity case would also not be meaningfully simplified. CommScope's validity references for the '835 Patent are the ADSL standard (G.992.1) and an SC-060 reference in combination of the ADSL. But CommScope has elected the ADSL standard as prior art for several other patents, including the '411 Patent where it is part of CommScope's only elected prior art. The ADSL standard will therefore be discussed either way.

A stay also has the potential to complicate this case by dividing it into two cases, with two trials, spaced years apart. The Court found that this factor weighed against a stay when it denied CommScope's First Motion to stay because "a partial stay would subdivide this case without material benefit." (Dkt. 230 at 10). The same is true here. A stay will not meaningfully simplify the remaining issues to be tried, as detailed above. And the stay has the potential to complicate this case with a second trial, only on the '835 Patent, addressing similar subject matter already covered in the first trial. It would require another round of expert testimony and testimony by the same inventor as the prior trial (Marcos Tzannes is the primary inventor on the majority of TQ Delta's DSL patents, including the '835 Patent).

CommScope does not address this reality. It instead simply assumes that TQ Delta will not prevail in the IPR on claim 10 of the '835 Patent, including through an appeal. That is speculative. Claim 10 was not separately addressed in the PTAB's institution decision (because TQ Delta did not separately address the dependent claim in its preliminary response). *See* Nokia Copycat-Petition Decision at 41–42. Only the Final Written Decision will separately address that

5

claim, and there is no indication of how the PTAB will rule (it has not heard TQ Delta's arguments yet).

Moreover, CommScope's barred petition, which Nokia copied, essentially, repeats the same arguments CommScope made in Delaware, using a declaration by the same expert CommScope used in Delaware. The Delaware Court denied summary judgment of invalidity or obviousness for the '835 Patent, including for arguments based on G.992.1 and SC-060, in a 15-page ruling. *TQ Delta, LLC v. 2Wire, Inc.*, Dkt. No. 1580 (July 26, 2021).

Finally, this case is unlike *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021). In that case, the defendant moved for a stay after the PTAB had instituted IPR on all three asserted patents and all asserted claims. *Id.* at *3. Here, CommScope is moving for a stay based only on the PTAB's institution of another party's petition that covers one patent (out of nine) asserted against CommScope.

This factor weighs against a stay.

### B.   Staying the '835 Will Unduly Prejudice TQD

"Whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings ... focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). A stay will unduly prejudice TQ Delta. It will result in TQ Delta potentially having to try two cases in this Court—instead of one. For example, TQ Delta would suffer prejudice from significant additional expenses in proceedings related to two trials instead of one; the loss of time for its witnesses to testify twice on, essentially, the same grounds; and the general delay that results.

CommScope's Motion does not address the duration of the stay it requests. The Motion assumes that Nokia's IPR petition would be maintained (e.g., that Nokia would not voluntarily drop the petition); that the PTAB would find the asserted claim of the '835 Patent invalid; and that

6

the Federal Circuit would affirm such an outcome. As discussed above, the PTAB's decision is not due until August 2023, months after trial would ordinarily occur. Federal Circuit appeal is likely to conclude 15-20 months later, pushing the stay into 2024 to 2025. See, e.g., https://cafc.uscourts.gov/wp-content/uploads/reports-stats/dispositiontime/06_Med_Disp_Time_MERITS_table.pdf (showing median time of twelve months from docketing to disposition for District Court appeals). Therefore, CommScope's stay would delay the ultimate resolution of TQD's claim by an indeterminate time, through a final Federal Circuit appeal of the IPR decision, which will complete years from now. That delay will prejudice TQ Delta, who has already been trying to resolve its claims against CommScope for the better part of ten years without final resolution. *See Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017) ("The thirteen-month stay, plus delay that will result from appeals, would unduly deprive Personal Audio of timely enforcement of its rights.").

In the meantime, CommScope will obtain a tactical advantage. While the '835 Patent is stayed, CommScope will obtain yet another bite at the invalidity and noninfringement apple through Nokia, who is advancing an IPR review that CommScope is statutorily barred from seeking. Significantly delaying that date for just the '835 Patent, without a sufficient simplification of the issues, is "far from non-prejudicial." *Longhorn HD LLC v. NetScout Sys.*, No. 2:20-CV-00349-JRG, 2022 U.S. Dist. LEXIS 2852, at *6 n.3 (E.D. Tex. Jan. 6, 2022) (quoting *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, Case No. 2:20-cv-269, Dkt. No. 227 at 3 n.1 (E.D. Tex. Dec. 10, 2021)).

Finally, CommScope's proposed stay is likely to cause TQ Delta to face evidentiary prejudice. During the length of the stay, witnesses' memories may further fade, key witnesses will move and change employment, and documents may be lost. *See Light Transformation Techs.,*

*LLC v. Light Sci. Grp. Corp.*, No. 2:12-CV-826-MHS-RSP, 2014 U.S. Dist. LEXIS 187715, at *7 (E.D. Tex. Mar. 27, 2014) (denying stay and finding the "elements of Plaintiff's claimed prejudice—inability to enforce its patents and loss of evidence (and memory) to time—would definitely occur during the year(s) of a stay"); *see also Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (concluding that staying the case could lead to "further loss of information" and a "tactical advantage.").

The risk of evidentiary loss is not hypothetical, and it has already happened during the almost decade-long dispute between the parties. In July 2021, Troy Van Aacken, CommScope's in-house counsel responsible for litigation unfortunately passed away. (*See* Dkt. No. 176-3, Depo Tr. of Jim Shead (1/21/22) at 20:3-10). Mr. Van Aacken was involved in TQ Delta's pre-suit licensing negotiations with CommScope in 2019 and is listed on approximately 30 emails exchanged between TQ Delta and CommScope. This factor weighs against granting a stay.

    **C. CommScope Was Not Diligent in Seeking Review of the '835 Patent**

CommScope claims it was diligent in seeking IPR review of the '835 Patent, but CommScope waited until after the one-year statutory time bar provided by Congress to seek IPR review of the '835 Patent. *See* PTAB Time-Bar Decision; *see also* 35 U.S.C. § 315(b). The PTAB found that CommScope's delay meant that it could not petition for IPR of the '835 Patent because it had waited too long. *Id.* This, respectfully, cannot be diligence in seeking IPR.

That CommScope is, apparently, working with Nokia to circumvent the statutory bar does not make CommScope diligent. (*See* Motion at p. 7 (indicating CommScope and Nokia are working together "CommScope and Nokia—whose IPR was instituted with respect to the '835 patent")). Nokia and CommScope have refused to acknowledge that CommScope is the "real party in interest" behind Nokia's petition of the '835 Patent. If this were acknowledged, Nokia's petition would also be subject to the statutory bar of 315(b).

8

Nokia is not seeking a stay of the '835 Patent, and Nokia could not because the '835 Patent is not and has never been asserted against Nokia. Nokia has not joined CommScope's Motion. Nokia's diligence, to the extent it exists, is not a factor in this analysis, since Nokia is not requesting a stay. CommScope has provided no authority that it can rely on the diligence of another, and TQD is aware of none. This factor weighs against a stay.

### D. The Status of the Case Weighs Against a Stay

The Court specifically found that the status of the case weighed against a stay when it denied CommScope's first motion to stay in July. (Dkt. 230 at 8). At that point, the parties had briefed and addressed terms at the *Markman* hearing. (*Id.*) CommScope ignores the Court's prior holding. But this case has become even more advanced in the passing three months. The parties have completed fact discovery and exchanged opening expert reports (on August 29, 2022, three days after CommScope filed its Motion). The deadline to file summary-judgment and *Daubert* motions is less than a month away. The pretrial conference is in November, and trial is approaching in January of next year. This is past the point at which the case schedule weighs against a stay. *See, e.g.*, *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 U.S. Dist. LEXIS 116222, at *4–5 (E.D. Tex. July 25, 2017) (denying stay when "[t]he discovery deadline is rapidly approaching and the dispositive motion deadline is a little over two months away").

### V. CONCLUSION

For the reasons set forth above CommScope's second Motion to stay the '835 Patent should be denied.

Dated: September 9, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this September 9, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV
Rudolph Fink IV
