**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ Delta, LLC,<br>        *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>        *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>        *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>        *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S SUR-REPLY TO DEFENDANTS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING
<u>SECOND MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS</u>**

TQD reiterates its request that the Court deny Defendant's Motion (Dkt. No. 279) and Second Motion for Entry of Order Focusing Patent Claims (Dkt. No. 243) as soon as practicable. (Resp., p. 1).  Defendants do not dispute TQD's core points: 1) TQD has complied with the Court's Focusing Order (Dkt. No. 128) and is below the Order's limit of 16 claims per defendant; 2) Defendants are above that Order's focusing limit of 20 prior-art references in their expert reports (though the parties dispute exactly how far above); and 3) Defendants changed their "final" prior art elections to avoid narrowing their case, at all, and provide no authority for their ability to make this change.  Defendants also do not contest TQD's points on the state of the case, including 1) Defendants have created material issues with discovery that they now complain of; 2) the basis for their Second Motion—a damages theory they knew TQD would not adopt—is not found in TQD's expert reports; and 3) Defendants propose to give up nothing and have not engaged on agreements to facilitate narrowing (e.g., stipulations).  Defendants could and should have simply followed the Focusing Order as TQD has done, but they have refused, creating unnecessary work, including in their expert reports (in multiple ways) and their Second Motion.  Defendants have not shown good cause to modify the Order in the one-sided and prejudicially dispositive way they propose (e.g., dismissing most of TQD's case, doubling their prior art).  Their motions should be denied.

Defendants' Reply concedes TQD's core points.  First, Defendants' Reply obliquely concedes that they served expert reports beyond the total limit provided by the Court.  (*See* Reply, p. 1 ("Defendants' expert reports preserve invalidity positions that Defendants intend to take should this Court grant their alternative requested relief")).  Defendants do not contest that they have not withdrawn these references beyond the Court's Order or that they take the position that TQD needs to respond to these additional references in its responsive expert reports, even if the

Court later denies their motions.  While the parties dispute the total count of references, there is no dispute that the reports exceed the total allowed by the Court.

Second, Defendants' Reply does not dispute that their invalidity-expert reports assert, as one reference under the Court's Focusing Order, both a reference as anticipatory art and an obviousness combination of that reference with the alleged knowledge of person of ordinary skill. (Response, p. 1).  Defendants' Reply claims that combining a reference with the alleged knowledge of a person of ordinary skill is not a "combination" under the Court's order.  (Reply, p. 3).  But Defendants' only support consists of conclusory assertions.  (*Id.*)

The Court's Order is clear and contrary to Defendants' reading:

the patent defendant… shall identify … <u>no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference</u>.

(Dkt. No. 128, p. 3) (emphasis added).  Defendants' experts combine prior-art references with the alleged knowledge of a person of ordinary skill in the art, and Defendants are not counting that as a reference despite the clear language that "each obviousness combination counts as a separate prior art reference." (*Id.*)  In other words, instead of pointing to a specific documentary reference, to demonstrate knowledge for a POSITA's combination, the experts are, instead, pointing to the alleged knowledge of a person of ordinary skill in the art as their reference for a combination. There is no functional difference under the Court's Order.  Both combinations—with a document or with alleged knowledge—have the same effect, and both combinations unquestionably create the same new reference.  After all, the purpose of Defendants' combination is to create something not found in the original reference, otherwise there would be no reason to make a new combination. Both approaches create an additional "reference" under the Focusing Order that TQD must address in response.  This, again, is a choice to disregard the Focusing Order and expand the universe of prior art TQD must respond to, rather than narrowing it, which is clearly Defendants' intent.

Third, Defendants do not contest that they changed their "final" elections after they were due, granting themselves additional prior art references after TQD narrowed, or dispute that the Court's Order does not provide them with the ability to make such a change. Defendants are not complying with the Court's Order and simply acting as if that is OK. Defendants also do not dispute that TQD has never attempted to do anything similar, such as reallocating its claims after a patent was dropped. And Defendants do not contest that the Order was intended to act as a "one-way door," or dispute that they are ignoring that rule.

Fourth, Defendants do not contest that they have, in concert, elected art in a way that, between them, maximizes their prior-art references between trials. Defendants suggest that TQD is confused about the Court's Order (e.g., that the Focusing Order applies per case), but TQD is not. TQD's point is that Defendants have structured their combined art in yet another way to avoid narrowing, and that cuts against their request to change the Focusing Order to allow even more art. Defendants could have worked to focus their art for trial, but they are choosing not to.

Fifth, Defendants no longer claim their costs were magnified, in any way, or dispute that their 13 IPRs have broadened their prior art beyond what is permitted by the Focusing Order.

TQD has complied with the Focusing Order and even voluntarily narrowed beyond its limits. In contrast, Defendants have, consistently, acted to disregard its limits and procedures, always exceeding the Ordered limits. Defendants' complaint is, at this point, that TQD should have taken additional actions well beyond the Order, while they, at the same time, should be allowed to refuse to follow the Order. Defendants have not shown good cause for their drastic, one-sided, and prejudicially dispositive requests, including to dismiss most of TQD's case, after TQD has relied upon the Court's Order. The primary grounds they based their request on have been shown to be untrue, but, rather than withdraw their motion, they have continued to assert it.

3

Dated: September 16, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this September 16, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

 /s/ William E. Davis, III
William E. Davis, III
