# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>      *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>      *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>      *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>      *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S SUR-REPLY TO
DEFENDANTS' OPPOSED MOTION FOR A PARTIAL
<u>STAY PENDING *INTER PARTES* REVIEW OF THE '835 PATENT</u>**

Defendant's Reply fails to show that a stay is warranted. For the reasons in TQD's response, and those below, TQD respectfully requests that the Court deny Defendant's Motion.

## I. A Stay of One Patent Claim Is Unlikely To Simplify This Multi-Patent Case

A stay of one claim, as detailed in TQD's response, is unlikely to simplify this case—it instead has the potential to complicate the case with two trials on the same products, standards, prior art references, patent subject matter (*e.g.*, the same primary inventor and similar DSL-related patented technology), and damages model (TQD's damages expert utilizes a per-patent-family-per-standard damages model for TQD's standard essential patents, such as the '835 Patent). Defendant does not dispute this. It instead argues that there is not <u>complete</u> overlap between the issues relating to '835 Patent and the other patent claims. Reply at 3. TQD agrees. But the <u>significant</u> overlap between the '835 Patent issues and the rest of the case weighs against a stay.

Defendant's two arguments in Reply do not show that a stay will simplify this case. Defendant again speculates that dependent claim 10 "<u>could</u> be removed from this case entirely" based on the Institution Decision's analysis of independent claim 8. Reply at 2 (emphasis added). But it is undisputed that the Institution Decision did not separately address claim 10.[1] Indeed, Defendant's Reply first mischaracterizes what claim 10 actually covers[2] and then points to the Board's discussion of G.992.1 in the <u>Background</u> section of the Institution Decision to argue that the reference "clearly teach[es]" that strawman version of the claim. Reply at 2. There is no

---

[1] TQD did not separately address dependent claim 10 in its preliminary patent owner's response because, under *SAS Institute v. Iancu*, 138 S. Ct. 1348 (2018), the Board must institute on <u>all</u> challenged claims if it finds there "is a reasonable likelihood that the petitioner would prevail with respect to <u>at least 1 of the claims challenged in the petition</u>." 35 U. S. C. §314(a) (emphasis added). Thus, arguments and evidence that apply to all claims are favored in at the institution stage.

[2] The Reply states that that claim 10 "covers adjusting just interleaver settings." Reply at 2. The claim actually recites "[t]he apparatus of claim 8, wherein a first interleaver parameter value of the first FIP setting is different than a second interleaver parameter value of the second FIP setting."

discussion in the Institution Decision of claim 10 separately from the arguments for claim 8. The first time the Board will address TQD's arguments for each specific claim is in the Final Written Decision after considering TQ Delta's Patent Owner's Response.

Defendant's second argument—that its stipulation supports a stay—is also incorrect. The stipulation only addresses if *CommScope's* Petition is instituted, and the Board denied institution of CommScope's Petition as time-barred. Dkt. 197 at 3. The stipulation also purports to retain the right to pursue a full-blown invalidity defense for the '835 Patent, "regardless of whether IPR is instituted."

> This stipulation is not intended, and should not be construed, to limit Defendants' ability to assert invalidity of the asserted claims of the '835 Patent, '112 Patent, '411 Patent, '055 Patent, '348 Patent, and '809 Patent in this case on any other ground (e.g., invalidity under §§ 102 or 103 based on any product prior art, or under §§ 101 or 112), regardless of whether IPR is instituted, and Defendants expressly reserve all rights thereto.

This reservation of rights—including for prior art under Section 102 and 103—reinforces that the stipulation (if it applies) is unlikely to simplify the case. Indeed, instead of pointing to the unclear stipulation, Defendant could have unequivocally agreed to narrow its invalidity case. Defendant has elected four references for the '835 Patent in this case—G.992.1, G.992.1 + SC-060, SC-060, and G.992.1 + Wunsch. Dkt. 286-3. But Defendant does not forego using those references (or any others from its invalidity contentions) in a second trial on the '835 Patent should the Court grant the stay. Nowhere in its Motion or Reply does Defendant identify a single reference it would relinquish should the Court grant a stay. This factor thus does not favor a stay.

## II.     Additional Delay Will Prejudice TQD and Provide CommScope With a Tactical Advantage

Defendant does not dispute that a stay has the potential to divide this case into two, largely duplicate, cases and that the second trial could occur as late as 2025. *See* Opp. at 6–7 (discussing

2

timeline for a Federal Circuit appeal). Defendant claims that this delay can be ignored because TQD does not make a product, a position this Court has rejected. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *8 (E.D. Tex. Mar. 11, 2015) (explaining that a "claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights") (collecting authority); *Packet Intel. LLC v. NetScout Sys.*, No. 2:16-CV-00230-JRG, 2022 U.S. Dist. LEXIS 81077, at *44 (E.D. Tex. May 4, 2022) ("This Court has previously found unpersuasive arguments similar to [Defendant's] asserting that 'delay in receiving damages is not prejudicial.'") (citing *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-cv-00269-JRG, Dkt. No. 227 at 4 n.1). TQD has sought redress for infringement of the '835 Patent by Defendant for a decade. An additional multi-year delay will prejudice TQD.

Defendant's second argument also lacks merit. Defendant claims that adding another trial on the '835 Patent will not prejudice TQD because TQD filed this case, after asserting the '835 Patent in Delaware against CommScope's subsidiary (2Wire). This misunderstands the differences between the Delaware case and this case. This case includes Arris products that are not at issue in the *2Wire* case. For example, the Arris-originated BGW-210 and NVG-series products (which comprise a significant portion of the damages in this case) are not at issue in the *2Wire* case. In addition, Defendant has not stipulated to be bound by the outcome of the *2Wire* case for all of its products for the entire damages period, which has been litigated for almost 10 years without a trial on the '835 Patent. The fact that TQD had to sue Defendant twice to capture the full scope of Defendant's liability does not mean that saddling TQD with another trial (and attendant expense) is not prejudicial, especially when the trial will significantly overlap with the upcoming trial in this Court.

Defendant also does not dispute that it would obtain yet another bite at the validity apple through Nokia, who—despite not being sued for infringing the '835 Patent—is pursuing the IPR that CommScope is time-barred from pursuing. Defendant leans on the declaration that Nokia's counsel

submitted to the Board stating that Nokia did not file the petition on CommScope's behalf because TQ Delta sent claim charts to Nokia, including for the '835 Patent. Reply at 1, 5. But Nokia (represented by the same counsel) told this Court the opposite: that the same correspondence did not provide "actual notice of alleged infringement of each of the Asserted Patents" when it filed two Rule 12 motions. *See, e.g.*, Dkt. 44 at 1.

The facts here further show that the tactical disadvantage to TQD weighs against a stay. TQD filed suit against Defendant (2Wire) in 2013. Defendant did not file an IPR, and the one-year bar passed. The Delaware litigation is still ongoing, and a trial on the validity of the '835 Patent is scheduled for November (Defendant was found to infringe at summary judgment). Now, nearly a decade later, Defendant is seeking to stay all District Court litigation on the '835 Patent (both here and in Delaware) pending IPR as these cases approach trial. The basis is a copycat petition filed by Nokia, who is not even accused of infringing the '835 Patent. Defendant is the only party facing liability trials on the '835 Patent. Despite waiting almost a decade to file its IPR, Defendant now seeks to further delay these proceedings in favor of Nokia's copycat petition. This is a tactical use of the IPR process. And granting a stay would allow Defendant to *de facto* circumvent the one-year bar and achieve the full benefit of it as if it had timely filed an IPR petition almost a decade ago. This additional delay, obtained under these circumstances, will prejudice TQD and provide Defendant with a tactical advantage.

**III.    The Status of the Case—Which CommScope Does Not Address—Weighs Against a Stay**

The Court previously found that the status of the case weighed against a stay when it denied Defendant's first Motion. Dkt. 230 at 8. Since then, this case has advanced to the expert discovery phase and is nearing trial. Defendant does not address the status of the case at all in its Reply. But it is beyond dispute that this factor weighs against a stay.

Dated: September 26, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this September 26, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/Rudolph Fink IV
Rudolph Fink IV
