# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>   *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>   *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>   *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>   *Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING
<u>SECOND MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS</u>**

Pursuant to the Court's Order (Dkt. No. 298), TQD hereby files its "reply, of not more than four (4) pages, to Defendants' supplemental brief" (Dkt. No. 279). TQD requests that the Court deny Defendants' Second Motion for Entry of Order Focusing Patent Claims (Dkt. No. 243) as supplemented for at least five reasons.

First, TQD has complied with the Court's Focusing Order (Dkt. No. 128) and has even voluntarily narrowed below that Order's limit of 16 claims per defendant: currently 11 claims against CommScope and 14 against Nokia. Second, Defendants are not in compliance with that Order in multiple ways. Despite the Order's final limit of 20 references per case, Defendants served combined reports on, at least, 44 references from five different experts,[1] including asserting ten references that no defendant elected. As Defendants do not count single-reference obviousness combinations, the actual count is higher (though the parties dispute exactly how far above). And, after TQD voluntarily narrowed its claims, Defendants changed their final prior art elections under the Order to elect additional art, attempting to avoid narrowing their case, at all. Defendants point to no portion of the Order to allow such a change. Third, Defendants' failure to follow the Court's Order has magnified costs on validity, and Defendants have further exceeded the Court's limits by filing 13 IPRs on TQD's patents, magnifying costs even higher. Defendants' subsequent briefing on the supplement abandons its claim their costs were magnified. (*See* Dkt. No. 289 ("Reply") (not mentioning costs)). Fourth, Defendants' Supplement does not accurately tell the Court details of the case, including that they caused the discovery issues the Supplement complains of or that the basis for their Second Motion (Dkt. No. 243)—a damages theory they knew TQD would not adopt—is not found in TQD's expert reports.

---

[1] The 44-reference count is from an initial count based on the table of contents of the reports. Nokia's Mr. Spruyt, apparently, also has opinions on four more alleged references that, have not been elected by Defendants (though two have been elected in part), further increasing the total.

1

Fifth and finally, Defendants have not shown good cause to modify the Order in the one-sided and prejudicially dispositive way they propose (e.g., dismissing most of TQD's case, doubling their prior art). Defendants could and should have simply followed the Focusing Order as TQD did, but they have refused, creating unnecessary work, including in their expert reports (in multiple ways) and in their Second Motion and this supplement. Their Motion should be denied.

These points are confirmed by Defendants' briefing on their Motion to Supplement. First, Defendants' Reply (Dkt. No. 289) obliquely concedes that they served expert reports beyond the Ordered limit. (*See* Reply, p. 1 ("Defendants' expert reports preserve invalidity positions that Defendants intend to take should this Court grant their alternative requested relief")). Defendants' Reply does not contest that they have not withdrawn references beyond the Court's Order or that they take the position that TQD needs to respond to these additional references in its responsive expert reports, even if the Court later denies their motions. While the parties dispute the total count of references, there is no dispute that the reports exceed the total allowed by the Court.

Second, Defendants' subsequent briefing did not dispute that their invalidity-expert reports also assert, as one reference under the Court's Focusing Order, both a reference as anticipatory art and an obviousness combination of that reference with the alleged knowledge of person of ordinary skill. Defendants' Reply (Dkt. No. 289) claims that combining a reference with the alleged knowledge of a person of ordinary skill is not a "combination" under the Court's order. (Reply, p. 3). But Defendants' only support consists of conclusory assertions. (*Id.*)

The Court's Order is clear and contrary to Defendants' reading:

> the patent defendant… shall identify … <u>no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference</u>.

(Dkt. No. 128, p. 3) (emphasis added). Defendants' experts combine prior-art references with the alleged knowledge of a person of ordinary skill in the art, and Defendants are not counting that as

a reference despite the clear language that "each obviousness combination counts as a separate prior art reference." (*Id.*)  In other words, instead of pointing to a specific documentary reference, to demonstrate knowledge for a POSITA's combination, the experts are, instead, pointing to the alleged knowledge of a person of ordinary skill in the art as their reference for a combination. There is no functional difference under the Court's Order.  Both combinations—with a document or with alleged knowledge—have the same effect, and both combinations unquestionably create the same new reference.  After all, the purpose of Defendants' combination is to create something not found in the original reference, otherwise there would be no reason to make a new combination. Both approaches create an additional "reference" under the Focusing Order that TQD must address in response.  This, again, is a choice to disregard the Focusing Order and expand the universe of prior art TQD must respond to, rather than narrowing it, which is clearly Defendants' intent.

Third, Defendants briefing on the supplement also does not contest that they changed their "final" elections after they were due, granting themselves additional prior art references after TQD narrowed, or dispute that the Court's Order does not provide them with the ability to make such a change.  Defendants are not complying with the Court's Order and simply acting as if that is OK. TQD has never attempted to do anything similar, such as reallocating its claims after a patent was dropped.  And Defendants have not contested that the Order was intended to act as a "one-way door" or dispute that they are ignoring that rule.  Instead of narrowing, Defendants are expanding the case with prior-art theories they cannot realistically take to trial.  And they are doing so at TQD's expense and in violation of the Court's Order.

Fourth, Defendants' briefing did not contest that they have, in concert, elected art in a way that, between them, maximizes their prior-art references between both trials.  In other words, Defendants have structured their combined art in yet another way to avoid narrowing, and that cuts

3

against their request to change the Focusing Order to allow even more art. Defendants could have worked to focus their art for trial, but they are fighting to not narrow their cases. Defendants also did not contest that they have filed 13 IPRs or that, in those IPRs, Defendants have elected different combinations of prior art, effectively further exceeding the Court's Focusing Order on prior art.

Defendants' Supplement does not show good cause to modify the Court's Focusing Order. TQD has complied with the Focusing Order and even voluntarily narrowed below its limits. Apparently, no good deed goes unpunished and Defendants now call TQD's voluntary narrowing, which they claimed TQD would never do, "gamesmanship." TQD's conduct is proper and in keeping with both practice in this District and the Court's Order, which instructs the parties to work to narrow the case into the pretrial conference. In contrast, Defendants have, consistently, acted to disregard the Court's limits and procedures on narrowing, always exceeding the Ordered limits. Defendants' complaint is, at this point, that TQD should have taken additional actions well beyond the Order, while they, at the same time, should be allowed to refuse to follow the Order. Defendants have not shown good cause for their drastic, one-sided, and prejudicially dispositive requests, including to dismiss most of TQD's case, after TQD has relied upon the Court's Order. The primary grounds they based their request on have been shown to be untrue, but, rather than withdraw their motion, they have continued to assert it.

TQD asks the Court to deny Defendants' Motion, to order their compliance with its existing Focusing Order, and for any other relief the Court considers just and proper.

Dated: October 5, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

***Counsel for TQ Delta, LLC***

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this October 5, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III
