**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TQ DELTA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00310-JRG |
| | § | (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC.,  COMMSCOPE INC.,  ARRIS INTERNATIONAL LIMITED,  ARRIS GLOBAL LTD.,  ARRIS US HOLDINGS, INC.,  ARRIS SOLUTIONS, INC.,  ARRIS TECHNOLOGY,  INC.,  and  ARRIS ENTERPRISES, LLC, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| v. | § | |
| | § | |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | § | CIVIL ACTION NO.  2:21-CV-00309-JRG |
| | § | (MEMBER CASE) |
| | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

Before the Court are Plaintiff TQ Delta, LLC's ("TQ Delta") First Motion to Compel Discovery from Nokia (Dkt. No. 198); TQ Delta's First Motion to Compel Deposition from Nokia (Dkt. No. 199); Defendants Nokia Corp., Nokia Solutions and Networks Oy, and Nokia of America Corp.'s (collectively, "Nokia") Motion to Compel Discovery from TQ Delta (Dkt. No. 201); TQ Delta's First Motion to Compel Discovery from CommScope (Dkt. No. 234); TQ Delta's Second Motion to Compel Discovery from CommScope (Dkt. No. 239); TQ Delta's First Motion to Compel Expert Depositions and Disclosure from Nokia (Dkt. No. 255); and TQ Delta's Second Motion to

Compel Discovery from Nokia (Dkt. No. 263).  This Order memorializes the Court's rulings on certain aforementioned pretrial motions as announced from the bench and read into the record, including additional instructions that were given to the parties.  While this Order summarizes the Court's rulings, nothing herein limits the announced rulings as to these motions as contained within the record.  Accordingly, it is hereby **ORDERED** as follows:

1. **TQ Delta, LLC's First Motion to Compel Discovery from Nokia (Dkt. No. 198)**

   This Motion is **DENIED-AS-MOOT** per the parties' representations on the record that the underlying disputes were resolved by agreement.  (Dkt. No. 288 at 6:24–8:1).

2. **TQ Delta's First Motion to Compel Deposition from Nokia (Dkt. No. 199)**

   This Motion is **DENIED-AS-MOOT** per the parties' representations on the record that the underlying disputes were resolved by agreement.  (Dkt. No. 288 at 6:24–8:1).

3. **Nokia's Motion to Compel Discovery from TQ Delta (Dkt. No. 201)**

   This Motion is **DENIED-AS-MOOT** per the parties' representations on the record that the underlying disputes were resolved by agreement.  (Dkt. No. 288 at 6:24–8:1).

4. **TQ Delta's First Motion to Compel Discovery from CommScope (Dkt. No. 234)**

   This Motion is **DENIED-AS-MOOT** per the parties' representations on the record that the underlying disputes were resolved by agreement.  (Dkt. No. 288 at 5:10–18, 6:18–22).

5. **TQ Delta's Second Motion to Compel Discovery from CommScope (Dkt. No. 239)**

   This Motion is **DENIED-AS-MOOT** per the parties' representations on the record that the underlying disputes were resolved by agreement.  (Dkt. No. 288 at 5:10–18, 6:18–22)

6. **TQ Delta's First Motion to Compel Expert Depositions and Disclosure from Nokia (Dkt. No. 255)**

   The Motion is **GRANTED-IN-PART**.  The Court held that "Nokia's Rule 26(a)(2)(C) Disclosure of Paul Spruyt" (Dkt No. 255-2 at 4–6) is permitted, and Mr. Paul Spruyt qualifies as an

expert under Federal Rule of Civil Procedure 26(a)(2)(C).  (Dkt. No. 288 at 35:2–3).  The Court ordered that Mr. Spruyt's opinion testimony be limited to the three articles identified in sub-parts b, c, and d and the prior art identified in sub-part e of Nokia's Rule 26(a)(2)(C) Disclosure of Paul Spruyt (Dkt. No. 255-2 at 5–6).  (Dkt. No. 288 at 35:3–8).

   7.   **TQ Delta's Second Motion to Compel Discovery from Nokia (Dkt. No. 263**)

   The Motion is **GRANTED-IN-PART**.  The Court ordered TQ Delta to disclose the identity and description of the product in its possession for which it requests such product's corresponding firmware from Nokia.  (Dkt. No. 288 at 20:11–21:7, 22:20–23:14).  Nokia is then required to identify any matching firmware, and if Nokia would have furnished said firmware in the ordinary course of business, then Nokia must produce the same to TQ Delta.  (*Id.*).  Produced firmware will be subject to the Protective Order entered previously herein (*see* Dkt. No. 61).  (Dkt. No. 288 at 23:21–24:5).

   **So ORDERED and SIGNED this 13th day of October, 2022.**

   RODNEY  GILSTRAP
   UNITED STATES DISTRICT JUDGE