# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> COMMSCOPE HOLDING COMPANY, § <br> INC., COMMSCOPE INC., ARRIS § <br> INTERNATIONAL LIMITED, ARRIS § <br> GLOBAL LTD., ARRIS US HOLDINGS, § <br> INC., ARRIS SOLUTIONS, INC., ARRIS § <br> TECHNOLOGY, INC., and ARRIS § <br> ENTERPRISES, LLC, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00310-JRG <br> (LEAD CASE) |
| v. § <br> § <br> NOKIA CORP., NOKIA SOLUTIONS AND § <br> NETWORKS OY, and NOKIA OF § <br> AMERICA CORP., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00309-JRG <br> (MEMBER CASE) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion for a Partial Stay Pending *Inter Partes* Review of the '835 Patent (the "Motion") filed by CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope"). (Dkt. No. 272). In the Motion, CommScope moves to stay litigation on claim 10 of U.S. Patent No. 8,462,835 (the "'835 Patent") pending completion of the Patent Trial and Appeal Board's ("PTAB") *inter partes* review ("IPR"). Having

considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

I.  BACKGROUND

On August 13, 2021, TQ Delta, LLC ("TQ Delta") filed suit against CommScope in Case No. 2:21-cv-00310 (the "-310 action"), asserting infringement of 13 patents. (Dkt. No. 1 ¶ 29). That same day, TQ Delta filed a related suit against Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corp. ("Nokia of America") (collectively, "Nokia") in Case No. 2:21-cv-00309 (the "-309 action"), asserting infringement of 19 patents. (-309 action, Dkt. No. 1). On October 22, 2021, the Court consolidated the -309 and -310 actions with the -310 action designated as the lead case. (-310 action, Dkt. No. 23).

TQ Delta initially asserted infringement of the '835 Patent and U.S. Patent No. 10,567,112 (the "'112 Patent") of Patent Family 6 against CommScope. (Dkt. No. 1 ¶ 29). On November 4, 2021, TQ Delta served its initial infringement contentions, asserting that CommScope infringed claims 8, 10, 24, and 26 of the '835 Patent and claims 8, 10–12, and 14 of the '112 Patent. (Dkt. No. 272 at 5). On December 31, 2021, CommScope filed a petition for IPR on claims 8–10, 15, 24–26, and 31 of the '835 Patent.[1] (*Id.*). On January 21, 2022, Nokia of America filed a similar petition against the '835 Patent. (*Id.*). On January 28, 2022, CommScope filed a petition for IPR on claims 1, 3–5, 7, 8, 10–12 and 14 of the '112 Patent. (*Id.*). TQ Delta subsequently narrowed its case and now asserts infringement of nine patents against CommScope, which TQ Delta divided into seven patent families: Patent Families 1, 2, 3, 4, 6, 9, and 10. (Dkt. No. 290 at 3). Claim 10 of the '835 Patent is the only remaining asserted claim of Patent Family 6. (Dkt. No. 272 at 5).

---

[1] On August 19, 2022, the Board denied CommScope's IPR petition directed to the '835 Patent as time-barred under 35 U.S.C. 315(b). *CommScope Inc. v. TQ Delta, LLC*, IPR2022-00352, Paper 13 at 2 (PTAB Aug. 19, 2022).

2

On August 18, 2022, the PTAB instituted IPR on the '835 and '112 Patents. *Nokia of America Corporation f/k/a Alcatel-Lucent USA Inc. v. TQ Delta, LLC*, IPR 2022-00471, Paper 11 at 2 (PTAB Aug. 18, 2022) ("-471 IPR"); *CommScope, Inc. v. TQ Delta, LLC*, IPR 2022-00470, Paper 9 at 2 (PTAB Aug. 18, 2022). The PTAB found a "reasonable likelihood" that the challenged claims of the '835 Patent will be found unpatentable under all asserted grounds of unpatentability. -471 IPR at 3. Further, with respect to anticipation, the PTAB provided that Nokia of America's petition presented "compelling evidence of unpatentability because [Nokia of America's] evidence, if unrebutted at trial, would plainly lead to a conclusion that these claims are unpatentable under [35 U.S.C.] § 102(b) as anticipated by G.992.1 by a preponderance of the evidence." *Id.* at 33. Final determination in the IPR proceeding of the '835 Patent is not expected until August 18, 2023. (Dkt. No. 290 at 4). This case has already held claim construction, the pre-trial conference is set for March 1, 2023; and trial is set shortly thereafter on March 20, 2023. (Dkt. No. 169; Dkt. No. 299).

## II.     LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay[]: (1) whether the stay will unduly prejudice the nonmoving party[;] (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set[;] and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2

(E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### III. DISCUSSION

#### A. Prejudice to the Nonmoving Party

CommScope argues that TQ Delta will not suffer any undue prejudice because it is merely a patent licensor. (Dkt. No. 272 at 9). CommScope asserts that TQ Delta does not make or sell any products, practice the asserted patents (including the '835 Patent), or seek injunctive relief. (*Id.*). CommScope contends that TQ Delta seeks only monetary damages and a delay in collecting such award for patent infringement is not unduly prejudicial. (*Id.*). CommScope also contends that TQ Delta will not be prejudiced because the PTAB will likely invalidate claim 10 of the '835 Patent. (*Id.*).

In response, TQ Delta argues that it will be unduly prejudiced because it may have to try two cases and would incur additional expenses and time lost. (Dkt. No. 290 at 7). TQ Delta contends that litigation of the '835 Patent would be stayed for an indeterminate time because the PTAB's decision is due August 2023 and an appeal to the Federal Circuit would not conclude until 2024 or 2025. (*Id.* at 8). TQ Delta argues that CommScope will obtain a tactical advantage as CommScope, whose petition was deemed statutorily barred by the PTAB, will get another chance to raise its invalidity and noninfringement arguments through Nokia. (*Id.*). TQ Delta argues that it will face evidentiary prejudice because during a stay, "witnesses' memories may further fade[;] key witnesses will move and change employment[;] and documents may be lost." (*Id.*).

The Court finds that this factor weighs against a stay. TQ Delta "has an interest in timely enforcing its patents, which is entitled to weight [even if it is] 'not sufficient, standing alone, to defeat a stay motion.'" *VirnetX, Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 WL 398433,

at *3 (E.D. Tex. Jan. 12, 2018) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)).  This Court has also rejected previous arguments, contending that "delay in receiving damages is not prejudicial." *Packet Intel. LLC v. NetScout Sys.*, No. 2:16-CV-00230-JRG, 2022 WL 1406915, at *44 (E.D. Tex. May 4, 2022) (citing *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-CV-00269-JRG, Dkt. No. 227 at 4 n.1).  In this case, although the PTAB found a "reasonable likelihood" that claim 10 of the '835 Patent will be determined unpatentable under all asserted grounds of unpatentability, -471 IPR at 3, there remains a relative possibility that the PTAB concludes otherwise.  In such a scenario, Claim 10 of the '835 Patent would remain and result in a second trial.  In other words, "a partial stay would subdivide this case without material benefit." (Dkt. No. 230 at 10).  The possibility of proceeding with two trials would unduly prejudice TQ Delta as recovering damages would be delayed[2] and CommScope as it would incur additional expense defending against a claim that could have been resolved sooner by one trial.[3]

### B. The Advanced Stage of the Proceedings

CommScope argues that this factor strongly favors a stay because CommScope and Nokia of America were diligent in filing their IPRs.  (Dkt. No. 272 at 10).  CommScope asserts that CommScope and Nokia of America filed their IPR petitions for the '835 Patent on December 31, 2021, and January 21, 2022, respectively.  (*Id.*).  CommScope contends that although fact discovery recently closed and opening expert reports will be served when the Court decides this Motion, granting a stay would conserve party and Court resources.  (*Id.*).  CommScope compares this case

---

[2] As the Court analogized, "The Court has little doubt that any hard-working American who is told that their paycheck will be delayed 'just a few months' would agree that such causes them and their family no harm." *Garrity Power*, No. 2:20-CV-00269-JRG, Dkt. No. 226 at 4 n.1.

[3] On one hand, CommScope dismisses the prejudice that TQ Delta would suffer in recovering delayed damages and the prospect of litigating two trials.  (Dkt. No. 272 at 9).  However, on the other hand, CommScope contends that it does not infringe Claim 10 of the '835 Patent.  (Dkt. No. 17 at 31).

to *Arbor Global Strategies LLC v. Samsung Electronics Co., Ltd.* and argues that this case is further from trial and CommScope was more diligent in filing for IPR than Samsung. (*Id.* (citing No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021)).

TQ Delta argues that CommScope was not diligent in seeking IPR review of the '835 Patent because the PTAB concluded that its IPR petition was untimely. (Dkt. No. 290 at 9). TQ Delta contends that CommScope is working with Nokia of America "to circumvent the statutory bar" and Nokia of America's diligence is not a factor in the analysis of this Motion. (*Id.* at 9, 10). TQ Delta asserts that the status of this case weighed against a stay when the Court denied CommScope's first motion to stay. (*Id.* at 10 (citing Dkt. No. 230)). TQ Delta contends that this case has since advanced further: the parties have completed fact discovery and are exchanging opening expert reports; the deadline to file summary judgment and *Daubert* motions is less than a month away; the pre-trial conference is in November; and trial is set for January 2023. (*Id.*).

In reply, CommScope argues that it was diligent in filing its petition for IPR even though the PTAB concluded that its petition was time-barred by way of acquiring 2Wire, Inc. ("2Wire") through CommScope's acquisition of ARRIS Solutions, Inc. ("ARRIS Solutions"). (Dkt. No. 295 at 6). CommScope contends that it filed an early petition, concerning this case, soon after it received TQ Delta's infringement contentions. (*Id.*).

This factor weighs against a stay. When analyzing this factor, courts use the filing date of the motion to stay to measure the stage of litigation. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (collecting cases). CommScope filed the instant Motion on August 26, 2022. (Dkt. No. 272). When the Motion was filed, claim construction had been completed; fact discovery had closed; expert discovery was set to close on September 23, 2022; the pretrial conference was scheduled for November 28, 2022; and trial was set for January 6, 2023.

6

(Dkt. No. 270 at 2, 3). Since then, the Court entered the Third Amended Docket Control Order by motion of the parties, and major deadlines have been rescheduled. (Dkt. No. 299). The deadline for expert discovery is December 7, 2022; the pretrial conference is scheduled for March 1, 2023; and trial is set for March 20, 2023. (*Id.* at 2, 3). Significant deadlines, such as claim construction and fact discovery, have already passed. Other important dates, such as the pretrial conference and trial, have been extended by up to three months but are quickly approaching. (*See id.*). When CommScope filed its first Opposed Motion for a Partial Stay, the Court recognized that "the parties ha[d] already invested considerable time and expense in preparing this case . . . [and] utilized significant resources to comply with deadlines for fact and expert discovery." (Dkt. No. 152; Dkt. No. 230 at 8). At this juncture, this case is undoubtedly more advanced, and the parties have since invested substantially more resources. CommScope fails to carry its burden and provides no basis to distinguish between the maturation of this case when it filed its Opposed Motion for a Partial Stay (Dkt. No. 152) and the instant Motion (Dkt. No. 272).

### C. Simplification of the Case

CommScope argues that staying litigation with respect to the '835 Patent will simplify this case because it will reduce the number of patent families and patents-in-suit and remove an entire area of DSL technology. (Dkt. No. 272 at 7). CommScope contends that the parties would save time and resources from having to serve rebuttal reports and prepare for expert depositions on the '835 Patent. (*Id.* at 8). CommScope argues that a stay would not delay litigation on the '835 Patent because the PTAB will likely conclude that the '835 Patent is invalid. (*Id.* (citing *Arbor Glob.*, 2021 WL 66531, at *3)).

TQ Delta argues that a stay will not simplify this case. (Dkt. No. 290 at 5). TQ Delta contends that a stay will not remove any standard or accused product from this case because they

are still implicated by other asserted claims. (*Id.* at 5–6). TQ Delta asserts that CommScope's validity references for the '835 Patent will remain because CommScope asserts them as prior art against U.S. Patent No. 8,468,411. (*Id.* at 6). TQ Delta further argues that a stay may potentially complicate this case and divide it into two trials, spaced years apart, as the Court concluded when it denied CommScope's first motion to stay. (*Id.* (citing Dkt. No. 252)).

The Court finds that this factor weighs against staying litigation as to the '835 Patent. A partial stay could divide this case into two cases and require two trials, significantly complicating matters. CommScope makes obvious assumptions as to the likelihood that the PTAB will determine claim 10 of the '835 Patent unpatentable. Nonetheless, it does not appear that a partial stay will remove any standard, accused product, or prior art reference from this case. Further, CommScope compares this case to *Arbor Global*, where the Court granted a stay because "the [PTAB] is likely to invalidate every asserted claim." 2021 WL 66531, at *3. However, unlike *Arbor Global*, the PTAB has instituted IPR here as to only one claim of one asserted patent, greatly increasing the likelihood of effectively bifurcating this case.

### IV.   CONCLUSION

On balance, the factors weigh against staying litigation as to the '835 Patent. For the reasons set forth herein, the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 4th day of November, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE