IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00310-JRG |
| | § | (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § | |
| *Defendants*. | § | |
| v. | § | |
| | § | |
| NOKIA CORP., NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA OF AMERICA CORP., | § § § | CIVIL ACTION NO. 2:21-CV-00309-JRG (MEMBER CASE) |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is the Second Opposed Motion for Entry of Order Focusing Patent Claims (the "Motion") filed by Defendants Nokia of America Corporation, Nokia Corporation, Nokia Solutions and Networks Oy (collectively, "Nokia"), and CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") (together with CommScope, "Defendants"). (Dkt. No. 243). In the Motion, Defendants request that the Court require TQ Delta to narrow the asserted patents to one patent per standard at issue in each case in accordance with TQ Delta's licensing model. (*Id.* 2–3).

TQ Delta's case against Nokia involves five standards (i.e., VDSL2, G.bond, G.inp, G.fast, and G.vector), and its case against CommScope involves four standards (i.e., VSDL2, G.bond, G.inp, and G.fast). (*Id.* at 5). According to Defendants' proposal, TQ Delta would be required to identify up to one asserted patent per standard against Nokia (i.e., five patents) and CommScope (i.e., four patents). (Dkt. No. 243-7 at 2). TQ Delta would then be limited to asserting claims from each of the identified patents. (*Id.*). In the alternative, Defendants request that CommScope and Nokia each be permitted to increase their total number of prior art references from 20 to 40 references in each case. (Dkt. No. 243 at 9). Also before the Court is the Unopposed Motion for Request for Hearing on Defendants' Second Opposed Motion for Entry of Order Focusing Patent Claims filed by Defendants. (Dkt. No. 281).

On May 2, 2022, the Court entered the Order Focusing Patent Claims and Prior Art (the "Order Focusing"). (Dkt. No. 128). The Order Focusing required TQ Delta to narrow the number of asserted claims to no more than a total of 16 claims. (*Id.* at 3). After such narrowing occurred, the Order Focusing required that Defendants be limited to no more than a total of 20 prior art references.[1] (*Id.*). Defendants concede that TQ Delta has complied with the Order Focusing. (*See* Dkt. No. 243 at 10). However, Defendants have failed to comply with their narrowing obligations under the Order Focusing. Defendants each continue to assert 40 prior art references, effectively doubling the 20-reference threshold of the Order Focusing. (*See* Dkt. No. 243 at 9 ("Because TQ Delta continues to assert so many patents, the Defendants cannot reasonably limit their prior art to just 20 references total."); Dkt. No. 256 at 5; Dkt. No. 269 at 5). Indeed, Defendants now disregard their obligation despite initially moving the Court to enter such Order Focusing, albeit within different narrowing limitations. (Dkt. No. 77 at 5–6).

---

[1] The Court issued an order clarifying its Order Focusing to apply on a per-case basis, such that the Order Focusing applies in each separate case as though no consolidation had previously been undertaken. (Dkt. No. 167).

Having carefully considered the Motion (Dkt. No. 243) and the extensive, subsequent briefing, the Court finds that it should be and hereby is **DENIED**.  Further, the Court finds that the Unopposed Motion for Request for Hearing on Defendants' Second Opposed Motion for Entry of Order Focusing Patent Claims filed by Defendants (Dkt. No. 281) should be and hereby is **DENIED AS MOOT**.  Pursuant to the requirements of the Order Focusing, Defendants are **ORDERED** to identify no more than six (6) asserted prior art references per patent from among the twelve (12) prior art references previously identified for that particular patent and **no more than a total of twenty (20) prior art references**.  (*See* Dkt. No. 128 at 3 (emphasis added)).  Defendants are further **ORDERED** to conduct such narrowing within **five (5) days** of the entry of this Order.  The Court is mindful of the natural narrowing that occurs as the time of trial approaches, and the Court is encouraged by TQ Delta's narrowing beyond the minimum requirements of the Order Focusing (*see* Dkt. No. 279 at 2).  The Court is confident that this case will be narrowed further to a workable size in advance of trial.  The Court in its discretion may, at any time, enter such additional orders further narrowing claims and prior art references, as justice requires.  (Dkt. No. 128 at 3).  In the meantime, Defendants shall comply with this Court's earlier order narrowing this case.  (Dkt. No. 128).  Failure to do so within the additional five days noted above may result in the issuance of a notice to show cause why Defendants should not be sanctioned for such failure.

**So ORDERED and SIGNED this 4th day of November, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3