IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00310-JRG |
| | § | (LEAD CASE) |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Plaintiff TQ Delta's Unopposed Motion for Leave to Formally Serve the Second Supplemental Expert Report of Jonathan D. Putnam on the CommScope Defendants (the "Motion"). (Dkt. No. 321). In the Motion, TQ Delta informs the Court that on November 23, 2022, TQ Delta executed a Patent License Agreement (the "Nokia 2022 License") with Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America Corporation (collectively, "Nokia"). (*Id.* at 2). TQ Delta served Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope") with a copy of the Nokia 2022 License that same day. (*Id.*). On December 1, 2022, Dr. Jonathan D. Putnam issued the Second Supplemental Expert Report of Jonathan D. Putnam (the "Second Supplemental Report"), addressing the Nokia 2022 License. (*Id.*). TQ Delta requests leave (1) to serve the Second Supplemental Report on CommScope and (2) to consent to service of a rebuttal report from CommScope, addressing the

matters raised in the Second Supplemental Report, if it is served no later than December 8, 2022.

(*Id.*).

In the Motion, TQ Delta and CommScope maintain the following:

> 4. The parties have conferred, and CommScope consents to the service of the Second Supplemental Report and does not oppose this motion. The parties agree and acknowledge that if CommScope chooses to serve a rebuttal expert report to address the issues in the Second Supplemental Report, TQ Delta consents to the service of that rebuttal report if it is served no later than December 8, 2022. Furthermore, the parties agree that CommScope's consent to TQ Delta serving the Second Supplemental Report has no effect on the First Supplemental Report and that CommScope reserves all rights concerning that report.
>
> 5. The parties agree and acknowledge that CommScope's consent to service of the Second Supplemental Report is not a concession that the opinions expressed in that report are admissible, reliable, or relevant nor is it a waiver of CommScope's objections, if any, to the opinions expressed therein. Likewise, the parties agree and acknowledge that TQ Delta's consent to the service of a rebuttal expert report, if any, by CommScope to the Second Supplemental Report is not a concession that the opinions expressed in that rebuttal report are admissible, reliable, or relevant nor is it a waiver of TQ Delta's objections, if any, to the opinions expressed therein.

(*Id.* at 2–3).

Having considered the Motion, and noting that it is unopposed, the Court finds that it should be and hereby is **GRANTED**.  In light of the parties' agreement, the Court **GRANTS** TQ Delta leave to serve CommScope with the Second Supplemental Report and to consent to service of a rebuttal report from CommScope, addressing the matters raised in the Second Supplemental Report, if it is served no later than **December 8, 2022**.

**So ORDERED and SIGNED this 8th day of December, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE