**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>*Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S MOTION TO EXCLUDE CERTAIN
UNRELIABLE OPINIONS OF PLAINTIFF'S EXPERT DR. VIJAY MADISETTI**

**TABLE OF CONTENTS**

                                                                                                               **Page**

I.     INTRODUCTION ........................................................................................................1
II.    BACKGROUND..........................................................................................................2
        A.      The Court's Construction of "Flag Signal." ...................................................2
        B.      Dr. Madisetti's Rebuttal Report.......................................................................3
III.   LEGAL STANDARD...................................................................................................4
IV.   ARGUMENT................................................................................................................5
V.    CONCLUSION.............................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*BMC Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 28, 2016) ...................................5, 6

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 13-cv-1112-JRG, 2015 WL 4944514 (E.D. Tex. Aug. 19, 2015) ......................................5

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-CV-911-JRG-RSP, 2016 WL 4374961 (E.D. Tex. Aug. 16, 2016) ..........................5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ..................................................................................................................1

*Liquid Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209 (Fed. Cir. 2006) ............................................................................................5, 6

*Markman v. Westview Instruments*,
   517 U.S. 370 (1996) ..................................................................................................................5

*Salazar v. HTC Corp.*,
   No. 2:16-CV-01096-JRG-RSP, 2018 WL 1992417 (E.D. Tex. Apr. 27, 2018) .............. *passim*

*U.S. v. Valencia*,
   600 F.3d 389 (5th Cir. 2010) ....................................................................................................4

**Other Authorities**

Fed. R. Evid. 702 .........................................................................................................................1, 4

I.  **INTRODUCTION**

Pursuant to *Daubert* and Federal Rule of Evidence 702, CommScope respectfully requests that the Court preclude TQ Delta's expert, Dr. Vijay Madisetti, from offering opinions at trial that are inconsistent with this Court's construction of the claim term "flag signal."

Paragraphs 69–73 of Dr. Madisetti's Family 6 rebuttal expert report on validity addresses the "flag signal" required by claim 10 of U.S. Patent No. 8,462,835 (the "'835 patent"), and he purports to distinguish the claimed flag signal from the flag signal disclosed in the prior art. *See* Ex. 1 ("Madisetti Rpt.") ¶¶ 69–73.[1] To do so, Dr. Madisetti provides his own claim construction for the term. Specifically, he quotes portions of the patent specification and then expresses "***my opinion** that a flag signal is required to be a signal that has **no information**.*"[2] *Id.* ¶ 71; *id.* ¶ 69 (opining that "a POSITA would understand a flag signal to be a signal that has no information"). But that is not this Court's construction. Indeed, TQ Delta *requested* such a construction, but the Court did not adopt it. *Compare* D.I. 169 (Claim Construction Memorandum and Order) at 87, 90 (TQ Delta proposing that the flag signal "does not contain message data" (at 87) or "does not include information" (at 90)), *with id.* at 91 (Court's construction that the flag signal "does not include the FEC codeword counter value upon which the updated FIP setting is to be used"). Dr. Madisetti then uses his own claim construction as a basis to distinguish the prior art. *See, e.g.*, Madisetti Rpt. ¶ 72 ("In contrast, the [prior art] messages include information . . . . Accordingly, they are not flag signals because they include information . . . .").

Because Dr. Madisetti applies his own claim construction rather than this Court's construction of "flag signal," his opinions in paragraphs 69–73 are unreliable and contrary to this

---

[1] All exhibits are attached to the Declaration of Andrew S. Ong submitted herewith.

[2] All emphases added unless otherwise noted.

1

Court's statement of the law, and thus should be excluded.  *See, e.g.*, *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1992417, at *1 (E.D. Tex. Apr. 27, 2018) (excluding expert testimony that "construes the [claim] term to have a different meaning based on the [patent's] intrinsic record, which is *not* permissible (since it would be claim construction reserved for the Court)") (emphasis in original).

## II. BACKGROUND

### A. The Court's Construction of "Flag Signal."

Claim 10 of the '835 patent is the only Family 6 claim at issue in the case.  Claim 10 depends from claim 8, which requires a "flag signal":

> 8. An apparatus configurable to adapt forward error correction and interleaver parameter (FIP) settings during steady-state communication or initialization comprising:
>
>   a transceiver, including a processor, configurable to:
>
>     transmit a signal using a first FIP setting,
>
>     transmit a *flag signal*, and
>
>     switch to using for transmission, a second FIP setting following transmission of the *flag signal*,
>
>   wherein:
>
>     the first FIP setting comprises at least one first FIP value,
>
>     the second FIP setting comprises at least one second FIP value, different than the first FIP value, and
>
>     the switching occurs on a pre-defined forward error correction codeword boundary following the *flag signal*.

'835 patent at 21:33–46.

During claim construction, the parties contested the meaning of "flag signal."  While the parties agreed that the term could be affirmatively defined as a "signal used to indicate when an updated FIP setting / interleaver parameter value is to be used," they disagreed over what, if any, negative limitations should apply.  TQ Delta proposed two possible negative limitations.  TQ Delta

initially proposed the following negative limitation: "the signal *does not contain message data* indicating when the updated FIP setting / interleaver parameter value is to be used." D.I. 169 at 89.  TQ Delta later[3] proposed a similar negative limitation: "the signal *does not include information* (*e.g.*, a FEC codeword counter value) specifying when the updated FIP setting is to be used." *Id*. at 90.[4]  The Court rejected TQ Delta's proposal, adopting instead the narrower negative limitation issued by Judge Andrews of the District of Delaware.  The adopted negative limitation states that "the signal does not contain *the FEC codeword counter value* upon which the updated FIP setting is to be used." *Id*. at 91.  The Court also made perfectly clear that "the Court adopts the District of Delaware construction *rather than the construction proposed by the Plaintiff* in the present case." *Id*.

### B.     Dr. Madisetti's Rebuttal Report.

In an expert report addressing invalidity, CommScope's expert (Mr. Bruce McNair) opined that claim 10 of the '835 patent is anticipated by and obvious over ITU-T Recommendation G.992.1 ("G.992.1"), a prior art publication.  Mr. McNair recited and applied this Court's construction of "flag signal." *See* Ex. 3 ("McNair Rpt.") ¶¶ 279–280.  He explained that, under the Court's construction, the DRA_Swap_Request and DRA_Swap_Reply messages in G.992.1 satisfy the "flag signal" requirements of claim 10. *Id*. ¶¶ 370–393.

In response to Mr. McNair's report, TQ Delta served a rebuttal expert report by Dr. Madisetti.  In that report, Dr. Madisetti opines that G.992.1 does not satisfy the "flag signal"

---

[3] TQ Delta made this proposal in co-pending PTAB proceedings, and CommScope identified it to the Court in a supplemental submission. *See* D.I. 157.  The PTAB rejected TQ Delta's broad negative limitation and instead adopted the negative limitation set forth in Judge Andrews' construction. *See* Ex. 2 (Institution Decision) at 22–25.

[4] Dr. Madisetti's construction seems to be even broader than what TQ Delta had argued, since his construction purports to require "no information" at all.  *See, e.g.*, Madisetti Rpt. ¶ 69 ("The flag signal only indicates; it contains no information.").

3

limitation of claim 10 because "the DRA_Swap_Request and DRA_Swap_Reply messages are not 'flag signals.'" Madisetti Rpt. ¶ 69. Drawing in part from two sentences in the specification, and in part from two disparate analogies about the use of white flags in military combat and NASCAR® racing, Dr. Madisetti opines that "a POSITA would understand a flag signal to be a signal *that has no information* and where the information is derived from the context in which it is transmitted." *Id*. ¶ 69. Dr. Madisetti also recites "my opinion that a flag signal is required to be a signal that has no information." *Id.* ¶ 71. Thus, in his view, "[t]he [claimed] flag signal only indicates; it contains no information," whereas the messages from G.992.1 "do not indicate, but instead contain information." *Id*. ¶¶ 69, 70. Applying his own construction of "flag signal," Dr. Madisetti concludes that the DRA_Swap_Request and DRA_Swap_Reply messages in G.992.1 "are not flag signals because they include information that must be decoded in order to specify the timing of flag changes." *Id*. ¶ 72.

During his deposition, Dr. Madisetti confirmed his construction of the claim term "flag signal." When asked whether flag signals could have other information besides the FEC codeword counter value (excluded under the Court's claim construction), Dr. Madisetti responded that "that is not [his] understanding." Ex. 4 ("Madisetti Dep.") at 200:6–13.

### III. LEGAL STANDARD

An expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Court must serve as a gatekeeper to admit only expert testimony that is sufficiently relevant and reliable to be helpful to the jury. *See U.S. v. Valencia*,

4

600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593–95 (1993)).

Claim construction is a legal question "exclusively within the province of the court." *Markman v. Westview Instruments*, 517 U.S. 370, 372 (1996). This Court has recognized that "the risk of confusing the jury is high when experts opine on claim construction," and has thus prohibited "attempts to deviate from, or to collaterally attack, any claim construction" at trial. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4374961, at *4 (E.D. Tex. Aug. 16, 2016). For this reason, the Court routinely orders that "no experts are to render any conclusions [at trial] regarding the scope of the patents-in-suit or particular claim limitations that deviate from" the Court's claim constructions. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 13-cv-1112-JRG, 2015 WL 4944514, at *4 (E.D. Tex. Aug. 19, 2015); *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 367251, at *2 (E.D. Tex. Jan. 28, 2016). Relatedly, the Court also precludes experts from "providing any opinions based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected." *ContentGuard*, 2015 WL 4944514, at *4; *BMC Software*, 2016 WL 367251, at *2; *see also Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (finding it proper that the district court "excluded the expert opinion as irrelevant because it was based on an impermissible claim construction" that "could prejudice and confuse the jury"); *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1992417, at *1 (E.D. Tex. Apr. 27, 2018) (excluding expert testimony that narrowed the scope of a claim term based on intrinsic evidence).

IV.   **ARGUMENT**

The Court should preclude Dr. Madisetti from presenting at trial any opinions that

5

contravene this Court's claim construction of "flag signal." The preclusion should encompass Dr. Madisetti's opinions that the G.992.1 prior art reference does not disclose the "flag signal" of claim 10 of the '835 patent because the DRA_Swap_Request and DRA_Swap_Reply messages "contain information." *See* Madisetti Rpt. ¶¶ 69–73.

Dr. Madisetti's opinions are based on "[*his*] opinion that a 'flag signal' is required to be a signal that has no information" (*id.* ¶ 71), which directly contradicts the Court's construction of the term. Indeed, the Court already rejected this same argument when TQ Delta presented it during claim construction—rejecting TQ Delta's proposal that a flag signal "does not contain message data" and "does not include information." D.I. 169 at 87, 90. The Court instead held that only "the FEC codeword counter value" is excluded from the construction of the term. *Compare* Madisetti Rpt. ¶¶ 69, 71, *with* D.I. 169 at 90. Dr. Madisetti's opinions thus run afoul of the Court's rule that experts should not "provid[e] any opinions based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected." *BMC Software*, 2016 WL 367251, at *2. Any testimony by Dr. Madisetti based on his impermissible construction is irrelevant and likely to prejudice and confuse the jury. *See Liquid Dynamics Corp.*, 449 F.3d at 1224 n.2.

In *Salazar v. HTC*, the Court addressed an expert report where the expert had provided his own opinion about a claim term. The Court explained that the expert impermissibly "opin[ed] on the meaning of the term based on the specification," "which is *not* permissible (since it would be claim construction reserved for the Court)." *Salazar*, 2018 WL 1992417, at *1. Here, Dr. Madisetti's opinions and deposition testimony make clear that he is construing the term "flag signal" to have a different meaning than the Court's construction by importing new restrictions. In particular, rather than recite and apply this Court's construction, Dr. Madisetti opined that "a

6

POSITA would understand a flag signal to be a signal that has no information." Madisetti Rpt. ¶ 69. He then recited analogies entirely unrelated to the technology at issue (*id*.) and quoted portions of the specification (*id*. ¶ 71) to reach "***my*** opinion that a flag signal is required to be a signal that has no information." *Id*. (citing the specification's discussion of ADSL2 sync flag). In his deposition, when confronted with the inconsistency, Dr. Madisetti confirmed his view. When asked whether flag signals could have other information besides the FEC codeword counter value (the only thing that is excluded under the Court's claim construction), Dr. Madisetti responded that "that is not [his] understanding." Madisetti Dep. at 200:6–13.

Dr. Madisetti's attempt to reconstrue the "flag signal" term is entirely inappropriate, as claim construction is exclusively the province of the Court. *See Salazar*, 2018 WL 1992417, at *1. Dr. Madisetti's opinions regarding the meaning of "flag signal" are plainly an attempt to deviate from the Court's construction, and those opinions should be excluded.

**V.     CONCLUSION**

For the foregoing reasons, CommScope respectfully requests that the Court preclude Dr. Madisetti from presenting at trial any opinions that contravene or are inconsistent with this Court's claim construction of "flag signal." In connection with that ruling, the Court should specifically exclude the opinions set forth in paragraphs 69–73 of Dr. Madisetti's rebuttal expert report.

Dated this 14th day of December, 2022              Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703

903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*

8

*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: katherine.rubschlager @alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

***Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on December 14, 2022.

*/s/ Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

In accordance with all the requirements of Local Rule CV-7(h), The Parties met and conferred regarding this Motion via teleconference on December 13, 2022. The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Therefore, this motion is opposed.

*/s/ Brian Craft*
Brian Craft