# EXHIBIT 2

Trials@uspto.gov                                                  Paper 11
571-272-7822                                      Date:  August 18, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

NOKIA OF AMERICA CORPORATION,
Petitioner,

v.

TQ DELTA, LLC,
Patent Owner.

_____

IPR2022-00471
Patent 8,462,835 B2

_____


Before JONI Y. CHANG, JENNIFER MEYER CHAGNON, and
ROBERT J. WEINSCHENK, *Administrative Patent Judges*.


CHANG, *Administrative Patent Judge*.


DECISION
Granting Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2022-00471
Patent 8,462,835 B2

necessary to resolve the controversy.'"  (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999))).

*"flag signal"*

Petitioner adopts the District Court's claim construction in the Delaware case for the term "flag signal," construing "flag signal" as "signal used to indicate when an update FIP setting is to be used (the signal does not include the FEC codeword counter value upon which the updated FIP setting is to be used)."  Pet. 10−11 (citing Ex. 1024 (Claim Construction Order in the Delaware case)).  Petitioner asserts that the District Court in the Texas case also adopted that construction.  Reply 9−10; Ex. 1042 (Claim Construction Order in the Texas case), 87−91 (the Court adopts the District Delaware construction rather than the construction proposed by Plaintiff).

Patent Owner argues that the negative portion of the Delaware District Court's claim construction for the term "flag signal" is incomplete, and proposes to construe "flag signal" as "signal used to indicate when an updated FIP setting is to be used, *where the signal does not include information (e.g., a FEC codeword counter value) specifying when the updated FIP setting is to be used*," citing the Declaration of Vijay Madisetti, Ph.D., for support.  Prelim. Resp. 6−9 (citing Ex. 2028 ¶¶ 25, 31−33, 36−37) (emphasis added).  According to Patent Owner, the District Court's "construction leaves open the possibility that a message would qualify as a flag signal as long as it does not contain data indicating an FEC codeword counter value when, instead based on the claim term and intrinsic record, it should not."  *Id.* at 8.  Patent Owner avers that the '835 patent explains that

22

IPR2022-00471
Patent 8,462,835 B2

"a flag signal could be an inverted sync symbol, or sync FLAG, as used in the ADSL2 G.992.3 OLR protocol." *Id.* at 7 (citing Ex. 1001, 12:3−5, 12:29−31); *see also* Sur-reply 8−10.  Patent Owner further argues that the Delaware District Court, Patent Owner, and "Petitioner (via its RPI and privy, 2Wire)," at the *Markman* hearing in the Delaware case, agreed that "a flag signal does not include information indicating when the FIP settings are going to be used."  Prelim. Resp. 8−9 (citing Ex. 1020, 26:20−21, 27:21−22, 28:15−25 (Transcript of the *Markman* hearing in the Delaware case); Ex. 2001, 7[9] (Claim Construction Memorandum Opinion in the Delaware case) ("The parties stated at oral argument that they agree that the specification provides two embodiments, and that the claims read only on the 'flag signal' embodiment, and not the 'message' or 'FEC codeword counter' embodiment.").

At the outset, we do not agree with Patent Owner that "Petitioner (via its RPI and privy, 2Wire)" agreed, at the *Markman* hearing in the Delaware case, that "a flag signal does not include information indicating when the FIP settings are going to be used." *Id.*  Petitioner could not have agreed to Patent Owner's proposed claim construction because Petitioner was not a party to the Delaware case.  As discussed above, 2Wire is neither an RPI nor a privy of Petitioner.  For these reasons, Petitioner could not have agreed

[9] Our citations to Exhibit 2001 refer to the page numbers added by Patent Owner on the bottom, right corner of the page.

IPR2022-00471
Patent 8,462,835 B2

with Patent Owner's proposed claim construction at the District Court's *Markman* hearing in the Delaware case.

We also do not agree with Patent Owner that "the District Court agreed[] that a flag signal does not include information indicating when the FIP settings are going to be used."  Prelim. Resp. 8.  In its Claim Construction Memorandum Opinion, the District Court in the Delaware case, after considering both parties' arguments and evidence, rejected Patent Owner's proposed construction and adopted Defendants' compromise construction, which does not import the negative limitation advanced by Patent Owner into the claims.  Ex. 2027, 7−8; *see also* Ex. 1024, 2.  The District Court in the Delaware case noted that "the patent does not provide lexicography for 'flag signal,'" and "[Patent Owner] does not argue that a disclaimer supports it[s] construction."  Ex. 2027, 7−8.

The '835 patent discloses that "synchronization can be based on, for example, a synchronization using FEC codeword counters or a flag signal."  Ex. 1001, 11:7−9.  The "flag signal" embodiment does not limit a flag signal to "an inverted sync symbol, or sync FLAG, as used in the ADSL2 G.992.3 OLR protocol," as Patent Owner alleges.  The portions of the Specification relied upon by Patent Owner and Dr. Madisetti use permissive language in explaining that "*[f]or example*, the flag signal *could be* an inverted sync symbol, or sync FLAG, as used in the ADSL2 G.992.3 OLR protocol."  Ex. 1001, 12:29−31.  Moreover, Patent Owner conceded at the *Markman* hearing in the Delaware case that a flag signal may contain information that indicates when updated FIP settings are to be used, as long as the

IPR2022-00471
Patent 8,462,835 B2

information contains no FEC codeword counter value.  Ex. 1020, 25:6−25
("[T]heir construction suggests that . . . a flag signal . . . has information in it
that tells you when updated FIP settings are to be used."), 26:15−18
("[T]hey are not requiring the signal to include information and that *it may
include*, we would be willing to live with that.").

Based on the claim language and the Specification, we decline to
adopt Patent Owner's proposed claim construction because Patent Owner's
construction would improperly import a negative limitation from in the
Specification into the claims.  The Federal Circuit "has repeatedly cautioned
against limiting the claimed invention to preferred embodiments or specific
examples in the specification." *Williamson v. Citrix Online, LLC*, 792 F.3d
1339, 1346–47 (Fed. Cir. 2015).  "[I]t is the *claims*, not the written
description, which define the scope of the patent right." *Id.* at 1346
(emphasis in the original).  For purposes of this Decision, we adopt
Petitioner's proposed construction, which is the District Court's construction
in the Delaware case, construing "flag signal" as "signal used to indicate
when an update FIP setting is to be used (the signal does not include the
FEC codeword counter value upon which the updated FIP setting is to be
used)." Pet. 10−11; Ex. 1024, 2.

### D. Principles of Law

To establish anticipation, each and every element in a claim, arranged
as recited in the claim, must be found in a single prior art reference. *See Net
MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008);