**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQ DELTA, LLC,** | |
| *Plaintiff,* | |
| v. | |
| | CIV. A. NO.  2:21-cv-00310-JRG |
| **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC** | |
| *Defendants.* | |

**COMMSCOPE'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT REGARDING PRIOR ART STATUS**

**TABLE OF CONTENTS**

I.        INTRODUCTION ...................................................................................................... 1

II.       STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..................................... 1

III.      LEGAL STANDARD ................................................................................................ 1

IV.       STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF") ................................. 2

V.        ARGUMENT ........................................................................................................... 3

A.        The Prior Art References ......................................................................................... 3

          1.       ITU-T Recommendations ............................................................................ 3

          2.       Third-Party Contributions .......................................................................... 3

B.        TQ Delta's Prior Admissions .................................................................................. 4

C.        TQ Delta's Admissions Warrant Summary Judgment ........................................... 5

VI.       CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Google, Inc. v. Ben. Innovations, Inc.*,
No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824 (E.D. Tex., Aug. 21, 2014) ........................................................................................................................5

*Liles v. Healthcare*,
No. 2:11-cv-528-JRG, 2014 U.S. Dist. LEXIS 62171 (E.D. Tex., May 5, 2014) ....................1

*Poon-Atkins v. Sappington*,
No. 21-60467, 2022 U.S. App. LEXIS 710 (5th Cir. 2022) ....................................................5

*United States v. "Monkey"*,
725 F.2d 1007 (5th Cir. 1984) ......................................................................................1, 2, 5

**Statutes**

35 U.S.C. § 102(a) ..........................................................................................................1, 3, 5, 6

35 U.S.C. § 102(b) ........................................................................................................... *passim*

**Other Authorities**

F.R.Civ.P. 36 ..........................................................................................................................2

F.R.Civ.P. 56 (c) ................................................................................................................1, 5

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| A | Excerpt of Proposed Family 3 Pre-Trial Order in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 1142 ("Proposed F3 Pre-Trial Order") |
| B | Excerpt of Exhibit 1 to Proposed Family 3 Pre-Trial Order in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 1142-1 ("Exhibit 1 to F3 Order") |
| C | Excerpt of Proposed Family 6 Pre-Trial Order in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 1613 ("Proposed F6 Pre-Trial Order") |
| D | Excerpt of Exhibit 1 to Proposed Family 6 Pre-Trial Order in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 1613-1 ("Exhibit 1 to F6 Order") |
| E | Excerpt of ITU-T Recommendation G.993.1 ("G.993.1") |
| F | Excerpt of ITU-T Recommendation G.992.1 ("G.992.1") |
| G | Excerpt of ITU-T SG15/Q4 Contribution LB-031 ("LB-031") |
| H | Excerpt of ITU-T SG15/Q4 Contribution SC-060 ("SC-060") |
| I | Excerpt of Order After Pretrial Conference re: Family 3 in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 11145 ("Order Adopting F3 Pre-Trial Admission") |
| J | Excerpt of Order After Pretrial Conference re: Family 6 in *TQ Delta, LLC v. Pace Americas*, No. 13-cv-01835-RGA ("*2Wire*"), ECF No. 1611 ("Order Adopting F6 Pre-Trial Admission") |
| K | Excerpt of Opening Expert Report of Dr. Richard Wesel on the Invalidity of the Asserted Claims of the Family 3 Patents (U.S. Patent Nos. 7,844,882; 8,276,048; 8,495,473; 9,547,608) ("Wesel Opening Rpt.") |
| L | Excerpt of Opening Expert Report of Bruce McNair on the Invalidity of the Asserted Claims of the Family 6 Patents (U.S. Patent Nos. 8,462,835; 8,594,162) ("McNair Opening Rpt.") |

## I.       INTRODUCTION

TQ Delta previously admitted that certain references qualify as prior art to patents asserted in this case. For those instances where TQ Delta has admitted that a reference is prior art to an asserted patent, CommScope respectfully requests that this Court grant summary judgment that those same references qualify as prior art to those same patents in this case. Specifically, TQ Delta previously admitted (as a fact) that the G.993.1 and LB-031 references both qualify as prior art to U.S. Patent Nos. 7,844,882 and 8,276,048 (the "Asserted Family 3 Patents"), and that the G.992.1 and SC-060 references both qualify as prior art to U.S. Patent No. 8,462,835 (the "Asserted Family 6 Patent"). Those admissions are and were correct, and the same applies here.

## II.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

(1)       Whether the G.993.1 reference is a prior art "printed publication" to the Family 3 Asserted Patents under 35 U.S.C. § 102(a) (pre-AIA).

(2)       Whether the LB-031 reference is a prior art "printed publication" to the Family 3 Asserted Patents under 35 U.S.C. § 102(a) (pre-AIA).

(3)       Whether the G.992.1 reference is a prior art "printed publication" to the Family 6 Asserted Patent under 35 U.S.C. § 102(b) (pre-AIA).

(4)       Whether the SC-060 reference is a prior art "printed publication" to the Family 6 Asserted Patent under 35 U.S.C. § 102(b) (pre-AIA).

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 (c) "permits a court to consider any 'admissions on file' in rendering summary judgment." *United States v. "Monkey"*, 725 F.2d 1007, 1010 (5th Cir. 1984); *see also Liles v. Healthcare*, No. 2:11-cv-528-JRG, 2014 U.S. Dist. LEXIS 62171, *6 (E.D. Tex., May 5, 2014) ("The movant may introduce evidence affirmatively supporting its position, and is entitled to summary judgment if 'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'"). "This includes admissions that arise at any time in the proceeding, not merely admissions pursuant to a request under F.R.Civ.P. 36." *Monkey*, 725 F.2d at 1010.

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF")

1.      The earliest possible filing date of the Asserted Family 3 Patents (without admitting that the Family 3 Asserted Patents are entitled to the benefit of such a date) is October 12, 2004.

2.      The earliest possible filing date of the Asserted Family 6 Patent (without admitting that the Family 6 Asserted Patent is entitled to the benefit of such a date) is March 3, 2004.

3.      Plaintiff TQ Delta previously admitted the following as a fact: "ITU-T Recommendation G.993.1, entitled 'Very high speed digital subscriber line transceivers,' is prior art to the Asserted Family 3 patents." Ex. A (Proposed F3 Pre-Trial Order) at 3; Ex. B (Exhibit 1 to F3 Order) at 4.

4.      Plaintiff TQ Delta previously admitted the following as a fact: "ITU-T SG/15/Q4 Contribution LB-031, entitled 'VDSL2 – Constraining the Interleaver Complexity,' is prior art to the Asserted Family 3 patents." Ex. A at 3; Ex. B at 4.

5.      Plaintiff TQ Delta previously admitted the following as a fact: "ITU-T Recommendation G.992.1, entitled 'Asymmetric digital subscriber line (ADSL) transceivers,' ('G.992.1') is prior art to the '835 Patent." Ex. C (Proposed F6 Pre-Trial Order) at 3; Ex. D (Exhibit 1 to F6 Order) at 3.

6.      Plaintiff TQ Delta previously admitted the following as a fact: "ITU-T SG15/Q4 Contribution SC-060, entitled 'Protocol of On-Line Reconfiguration of ADSL,' ('SC-060') is prior art to the '835 Patent." Ex. C at 3; Ex. D at 3.

## V.    ARGUMENT

### A.    The Prior Art References

The four references at issue in this motion are all either recommendations or contributions released by or submitted to and presented at the International Telecommunication Union ("ITU"), a standards body related to telecommunication technology.

#### 1.    ITU-T Recommendations

G.992.1 and G.993.1 are recommendations that were prepared by ITU-T Study Group 15, and ultimately approved by the ITU. *See* Ex. E (G.993.1) at *i–ii*; Ex. F (G.992.1) at *i–ii*.

- G.993.1 was publicly accessible at the ITU and approved on "13 June 2004." Ex. E at *i*. Because G.993.1 was described in a printed publication before the earliest possible priority date of the Asserted Family 3 Patents—October 12, 2004—it qualifies as prior art under 35 U.S.C. § 102(a) (pre-AIA).

- G.992.1 was publicly accessible at the ITU and approved on "22 June 1999." Ex. F at *i*. Because G.992.1 was described in a printed publication more than one year prior to the earliest priority date of the Family 6 Patent—March 3, 2004—it qualifies as prior art under 35 U.S.C. § 102(b) (pre-AIA).

#### 2.    Third-Party Contributions

LB-031 and SC-060 are contributions submitted by a third-party corporation to the ITU, and subsequently made available by the ITU. *See* Ex. G (LB-031) at 1; Ex. H (SC-060) at 1.

- LB-031 was publicly presented at the "Leuven – 14-18 June 2004" meeting and made available by the ITU. Ex. G at 1. Because G.993.1 was described in a printed publication before the earliest possible priority date of the Asserted Family 3 Patents—October 12, 2004—it qualifies as prior art under 35 U.S.C. § 102(a) (pre-AIA).

3

- SC-060 was publicly presented at the "San Francisco, California, USA, 06-10 August 2001" meeting and made available by the ITU. Ex. H at 1. Because SC-060 was described in a printed publication more than one year prior to the earliest priority date of the Family 6 Patent—March 3, 2004—it qualifies as prior art under 35 U.S.C. § 102(b) (pre-AIA).

### B.     TQ Delta's Prior Admissions

TQ Delta previously sued 2Wire, Inc. ("2Wire") for patent infringement, which included the Family 3 Patents and Family 6 Patents at issue here. Before trial commenced on the Asserted Family 3 Patents, TQ Delta and 2Wire submitted a proposed joint pre-trial order. Ex. A. In that proposed order, TQ Delta and 2Wire agreed to include a section titled "FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF." *Id.* at 3. That section explains that the "parties' joint statement of facts which are admitted and require no proof is attached as Exhibit 1." *Id.* Exhibit 1, titled "PARTIES' JOINT STATEMENT OF UNDISPUTED FACTS," lists the Asserted Family 3 Patents at issue in that case. Ex. B. at 2. Under the section labeled "Prior Art," TQ Delta expressly admitted the following:

> 18. ITU-T SG/15/Q4 Contribution LB-031, entitled "VDSL2 – Constraining the Interleaver Complexity," is prior art to the Asserted Family 3 patents.
>
> . . .
>
> 20. ITU-T Recommendation G.993.1, entitled "Very high speed digital subscriber line transceivers," is prior art to the Asserted Family 3 patents.

Ex. B at 4. Shortly thereafter, the Delaware court adopted this proposed pre-trial order, accepting as true these undisputed facts. Ex. I (Order Adopting F3 Pre-Trial Admission).

Likewise, before trial commenced on the Asserted Family 6 Patent, TQ Delta and 2Wire submitted a proposed joint pre-trial order where they again agreed to include a section titled "FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF," and they attached those facts as Exhibit

1. Ex. C at 3. Exhibit 1, titled "PARTIES' JOINT STATEMENT OF UNDISPUTED FACTS," lists the Asserted Family 6 Patents at issue in that case. Ex. D at 2. Under the section labeled "Prior Art," TQ Delta expressly admitted the following:

> 11. ITU-T SG15/Q4 Contribution SC-060, entitled "Protocol of On-Line Reconfiguration of ADSL," ("SC-060") is prior art to the '835 Patent.

> 12. ITU-T Recommendation G.992.1, entitled "Asymmetric digital subscriber line (ADSL) transceivers," ("G.992.1") is prior art to the '835 Patent.

Ex. D at 3. The Delaware court adopted this this proposed pre-trial order, accepting as true these undisputed facts. Ex. J (Order Adopting F6 Pre-Trial Admission).

TQ Delta's admissions in connection with the Family 3 and Family 6 trials were not qualified or limited in any way. For example, TQ Delta did not limit its admissions "for the purposes of this case only" or identify these admissions as limited to certain facts. Instead, they were unqualified admissions of fact.

### C.    TQ Delta's Admissions Warrant Summary Judgment

Under Rule 56(c), this Court is entitled to rely on TQ Delta's admissions in rendering summary judgment. *See Monkey*, 725 F.2d at 1010. Indeed, a "party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage." *Poon-Atkins v. Sappington*, No. 21-60467, 2022 U.S. App. LEXIS 710, at *3 (5th Cir. 2022). TQ Delta's admissions were express and unqualified. TQ Delta admitted that G.993.1 and LB-031 qualify as prior art to the Asserted Family 3 Patents, and that G.992.1 and SC-060 qualify as prior art to the Asserted Family 6 Patent, and thus admitted that G.993.1 and LB-031 were published and publicly accessible prior to October 12, 2004, and that G.992.1 and SC-060 were published and publicly accessible prior to March 3, 2004. *See, e.g.*, *Google, Inc. v. Ben. Innovations, Inc.*, No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824, *9 (E.D. Tex. Aug. 21, 2014) (determining that admitted factual

allegations that are "closely intertwined with the ultimate legal conclusion" are properly considered admissions). Under these undisputed facts, CommScope is entitled to summary judgment that G.993.1 and LB-031 qualify as prior art to the Asserted Family 3 patents, and that G.992.1 and SC-060 qualify as prior art to the Asserted Family 6 patent.

And, indeed, TQ Delta's admissions were correct because each reference was in fact publicly accessible before the earliest possible priority dates of the respective patents. *See* Ex. E at cover, *i*; Ex. F at cover, *i*; Ex. G at 1; Ex. H at 1; *see also* Ex. K (Wesel Opening Rpt.) at ¶¶ 313-25 (explaining that ITU documents were available to the public); Ex. L (McNair Opening Rpt.) at ¶¶ 318-19 (supporting the same). While such evidence is not necessary for this Court to render summary judgment (given TQ Delta's express and unqualified admissions), the evidence demonstrates that TQ Delta's admissions were in fact correct.

Accordingly, in view of TQ Delta's express admissions, no dispute of material fact exists as to the prior art status of G.993.1 and LB-031 in view of the Family 3 Asserted Patents, and G.992.1 and SC-060 in view of the Family 6 Asserted Patent, and so summary judgment is appropriate.

## VI.   CONCLUSION

For the reasons set forth above, CommScope respectfully requests summary judgment that G.993.1 and LB-031 qualify as prior art to the Asserted Family 3 patents, and that G.992.1 and SC-060 qualify as prior art to the Asserted Family 6 patent.

Dated this 14th day of December, 2022       Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
 FINDLAY CRAFT, P.C.
7270 Crosswater Ave., Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)

Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
     *scott.stevens@alston.com*
     *kirk.bradley@alston.com*
     *stephen.lareau@alston.com*
     *karlee.wroblewski@alston.com*
     *nic.marais@alston.com*
     *erin.beaton@alston.com*
     *mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: *katherine.rubschlager@alston.com*
Telephone: 650-838-2004
Facsimile: 650-838-2001

***Attorneys for Defendants***
***CommScope Holding Company, Inc,***
***CommScope Inc., ARRIS International***
***Limited, ARRIS Global Ltd., ARRIS US***
***Holdings, Inc., ARRIS Solutions, Inc., ARRIS***
***Technology, Inc., and ARRIS Enterprises, LLC***

8

## CERTIFICATE OF SERVICE

I hereby certify that on this December 14, 2022, I electronically filed the foregoing COMMSCOPE'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRIOR ART STATUS with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

By: */s/ Eric H. Findlay*
Eric H. Findlay