# EXHIBIT G

RESTRICTED – ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, | § | |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § § | **Civil Action 2:21-cv-310-JRG (Lead Case)** |
| COMMSCOPE CORP., COMMSCOPE SOLUTIONS AND NETWORKS OY, and COMMSCOPE OF AMERICA CORP. | § § § § | **Civil Action No. 2:21-cv-309-JRG (Member Case)** |
| Defendants. | § | |

## PLAINTIFF TQ DELTA'S OBJECTIONS AND RESPONSES TO COMMSCOPE'S FIRST SET OF INTERROGATORIES (NOS. 1-35)

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff TQ Delta, LLC ("TQ Delta") responds to CommScope's First Set of Interrogatories served by Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope" or "Defendants") (collectively "Defendants" or "CommScope") served on April 12, 2022, as follows:

## OBJECTIONS TO DEFINITIONS

1.      TQ Delta objects to the definition for "You," "Plaintiff," "TQ Delta," "Aware" and "Your" as vague, lacking in specificity, overly broad, and unduly burdensome.  Particularly, TQ

RESTRICTED – ATTORNEYS' EYES ONLY

Delta objects to the extent that the definition attempts include unspecified and unnamed individuals or entities that are not parties to this litigation.

2.        TQ Delta objects to the definitions for "Prior Art," "Identify," and "Person" to the extent that they impose obligations on TQ Delta beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the rules of this Court.  TQ Delta further objects to this definition to the extent that it imposes unnecessary and undue burdens on TQ Delta.

3.        TQ Delta objects to the terms "Relating to," "Related to," "Relate to," "Concern," and "Concerning" to the extent that they seek the disclosure of information and/or documents that are not relevant and not calculated to lead to the discovery of admissible evidence.

4.        TQ Delta objects to the definition for "Standard" as vague, lacking in specificity, overly broad, and unduly burdensome to the extent that it refers to or is intended to include standards issued or produced an organization other than the International Telecommunications Union and/or that are not relevant to the currently asserted claims of the Asserted Patents.

## GENERAL OBJECTIONS

1.        TQ Delta makes the objections and responses herein based on its interpretation and understanding of Defendants' Interrogatories and based on its current knowledge, understanding, and belief.  Discovery is ongoing, and TQ Delta continues to investigate the facts relating to this action.   TQ Delta may modify or supplement its responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made, or because of the Court's legal determination of various issues.  Further, these responses are given without prejudice to TQ Delta's right to use or rely on at any time, including trial, subsequently discovered information and documents, or information omitted from these responses by inadvertence or mistake.

**RESTRICTED – ATTORNEYS' EYES ONLY**

2.      Additional discovery and investigation may lead to additions to, changes in, or modification of these responses.  Therefore, these responses are provided without prejudice to TQ Delta's right and obligation to revise, amend, correct, supplement, modify, or clarify these responses to the extent required by Fed. R. Civ. P. 26(e).  In addition, TQ Delta's objections as set forth herein are made without prejudice to TQ Delta's right to assert any additional or supplemental objections should TQ Delta discover additional grounds for such objections.

3.      These responses shall not constitute an admission by TQ Delta that any of the responses or documents referenced in connection therewith are admissible as evidence at trial or in any other proceeding.  TQ Delta expressly reserves the right to object on any grounds, at any time, to the admission of any response or any document identified in connection therewith at trial or in any other proceeding.

4.      By producing or referring to any document or thing in response to any Interrogatory, TQ Delta does not waive any objection made in these responses, nor any claim of privilege, whether or not expressly asserted.

5.      These responses are made solely for and in relation to this action.

6.      TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks documents that are protected by the attorney-client privilege, work-product doctrine, common interest privilege, settlement privilege, or any other applicable privilege.  TQ Delta hereby asserts all such applicable privileges, protections, and immunities.  TQ Delta intends to fully preserve all such privileges, and any identification or production of privileged documents in response to these Interrogatories shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other document.  To the extent that an interrogatory might sweep within its scope privileged

## RESTRICTED – ATTORNEYS' EYES ONLY

communications between TQ Delta and its counsel, TQ Delta asserts its attorney-client privilege.

7.      TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks information subject to an obligation of confidentiality to a third party or protective order or that TQ Delta believes is sensitive, proprietary, or otherwise confidential.  Such information have been or will be disclosed, to the extent not otherwise objectionable, only under the Protective Order governing this action and any amendments to it.

8.      TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory purports to impose on TQ Delta duties, burdens, obligations, or responsibilities different from, and beyond, those set by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.  TQ Delta will only disclose information as required by the Federal Rules of Civil Procedure, Local Rules, and Orders of this Court.

9.      TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory is unreasonably cumulative, redundant, or duplicative of any other Interrogatory.

10.      TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks documents or information that are already in Defendants' possession or knowledge, that are publicly available (including but not limited to information or papers already exchanged between the parties or filed in connection with this proceeding) to the Defendants, or that are equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

11.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory purports to require TQ Delta to disclose information that does not exist or that is not known to TQ Delta.

12.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory is vague, ambiguous, unreasonably requires TQ Delta to speculate as to the nature and scope of the information sought, framed in terms that Defendants have not specifically defined or fail to identify with reasonable particularity the information sought or otherwise uses terms and phrases that are not understandable.  TQ Delta may not interpret the terms used by Defendants in the manner that Defendants intend.  Thus, TQ Delta may not realize or understand what specific information Defendants believe would fall within the scope of the interrogatory, and TQ Delta will not speculate as to what meaning Defendants attribute to such terms.  In responding to these Interrogatories, TQ Delta will interpret the words and phrases used in these Interrogatories to the extent reasonably feasible as TQ Delta reasonably understands those terms and phrases utilizing commonplace meanings for terms included therein.  To the extent the Interrogatories purport to seek information or documents and things other than as interpreted by TQ Delta, TQ Delta objects to such Interrogatories as being vague, ambiguous, and overbroad.

13.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory, whether standing alone or taken in conjunction with any other Interrogatory, is overbroad, is unduly burdensome, seeks information or documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case and the

RESTRICTED – ATTORNEYS' EYES ONLY

claims or defenses of any party to this action, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to TQ Delta.

14.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks information or documents unbounded in time or from a period that is unduly burdensome or overly broad.  TQ Delta will endeavor to place a reasonable time restriction on any such Interrogatory.

15.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein as premature to the extent that any Interrogatory seeks information before the date such information are to be exchanged or disclosed under the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.  To the extent that Defendants' Interrogatories conflict with a Court order or rule, TQ Delta will follow the dates set by the Court.

16.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they improperly seek to require TQ Delta to marshal all its available proof and limit the evidence that TQ Delta may present at the trial of this matter.  TQ Delta reserves the right to introduce all admissible evidence at any trial or hearing, including physical and documentary evidence, as well as oral testimony.

17.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they seek documents or information that is disproportional to the needs of the case considering the importance of the discovery issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense on TQ Delta of the proposed discovery outweighs its likely benefit.

18.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions

RESTRICTED – ATTORNEYS' EYES ONLY

contained therein to the extent they attempt to require TQ Delta to provide a *Markman*-type claim construction analysis.  TQ Delta also objects because such an interrogatory is overly broad, unduly burdensome, and premature.

19.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein as premature and improper discovery of expert opinion to the extent they seek discovery of information within the scope of Federal Rule of Civil Procedure 26(a)(2)(B).

20.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent any Interrogatory calls for TQ Delta to produce documents and disclose information that is duplicative and within the scope of Federal Rule of Civil Procedure 26(a)(1).

21.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they are premature and improper discovery of expert opinions and to the degree that they seek disclosure of information, or the identification or production of documents covered by Federal Rule of Civil Procedure 26(b)(3) and 26(b)(4) therefore not discoverable, or which are sought before the deadlines agreed upon by the parties or directed by the Court.

22.     TQ Delta objects to Defendants' Interrogatories to the extent any Interrogatory seeks to require preparing documents or other information that do not already exist; TQ Delta has no obligation to do so.

23.     TQ Delta objects to Defendants' Interrogatories to the extent that the disclosure of information by TQ Delta might be interpreted as requiring TQ Delta to concede the relevancy, competency, materiality, or admissibility of the information sought by the interrogatory.

24.     The lack of a specific objection by TQ Delta to a particular individual Interrogatory

**RESTRICTED – ATTORNEYS' EYES ONLY**

or to any agreement to produce non-privileged responsive information or document shall not be construed as an admission that responsive documents or information exist.

25.     TQ Delta's objections shall in no way constitute an admission or acknowledgment of Defendants' characterization of statements made and actions taken by TQ Delta or other parties to this action as set forth in the Interrogatory.

26.     TQ Delta's responses below do not in any way constitute an adoption of the purported definitions of words or phrases contained in the Interrogatories as set forth in Defendants' Interrogatories.  TQ Delta objects to the purported definitions to the extent that they: are unclear, ambiguous, overly broad, or unduly burdensome; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; seek to impose obligations different from, or over, those created by the Federal Rules of Civil Procedure and the Local Rules; include assertions of purported fact that are inaccurate or are disputed by the parties to this action, or incorporate other purported definitions that suffer from such defects.  Consistent with applicable law and without waiving or limiting its general or specific objections, TQ Delta has made a good faith effort to interpret the objectionable definitions and instructions in Defendants' Interrogatories.

27.     TQ Delta objects to each interrogatory and definition to the extent that it calls for a legal conclusion.  Disclosure of information by TQ Delta shall not be construed to be an admission by TQ Delta that such information satisfies any particular legal characterization made by these Interrogatories.

28.     These general objections apply to each of Defendants' Interrogatories below and are incorporated by reference into the objections for each Interrogatory set forth below, which are made without waiver of, and are subject to, these general objections. In making these objections,

**RESTRICTED – ATTORNEYS' EYES ONLY**

TQ Delta does not in any way waive or intend to waive, but instead wants to preserve and is preserving the following:

      a.   all objections to competency, relevancy, materiality, and admissibility of any information or documents that may be provided in response to every Interrogatory, or the subject matter thereof;

      b.   all rights to object on any ground to the use of any of the information or documents that may be provided in response to every Interrogatory, or the subject matter hereof, in any subsequent proceedings, including the trial of this or any other action; and

      c.   all rights to object on any ground to any interrogatory for further responses to this or any other discovery interrogatory.

      29.    The production of documents or disclosure of information should not be deemed a waiver of any objection TQ Delta may have with respect to whether any such documents or information is ultimately relevant or admissible.  TQ Delta reserves the right to supplement these responses during discovery.  No incidental or implied admissions are intended by the responses contained herein.

      30.    Subject to, and without waiving, these general objections, TQ Delta responds specifically as follows:

RESTRICTED – ATTORNEYS' EYES ONLY

| Contribution (Title) – Bates Numbers | Contribution Summary | Date | Person(s) / entity making contribution | Patent Family to which subject matter applies |
|---|---|---|---|---|
| | the transmission of triple-play services in the presence of impulse noise. | | | |

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

## INTERROGATORY NO. 25:

**For each Asserted Patent, state when TQ Delta contends that CommScope's alleged infringement began and explain how TQ Delta first became aware of the alleged infringement, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.**

**RESPONSE:**

TQ Delta incorporates by reference its General Objections herein.  TQ Delta objects to this request as seeking information that is not relevant to any claim or defense. In particular, the date on which TQ Delta "first became aware of the alleged infringement" and any persons with knowledge of such infringement are not relevant to any claim or defense.  In *SCA Hygiene Products AB et al. v. First Quality Baby Products LLC et al.*, No. 15-927 (U.S. Mar. 21, 2017), the Supreme Court held that a claim for damages for patent infringement committed within the six-year statute of limitations cannot be opposed using a laches defense.

TQ Delta's ability to respond fully to this interrogatory has been prevented in substantial part thus far by CommScope's failure to respond to TQ Delta's Interrogatory No. 15 requesting, in relevant part, that CommScope "[i]dentify, for each of the Accused Products, the date on which

RESTRICTED – ATTORNEYS' EYES ONLY

the product was first made, used, sold, offered for sale, or imported in the United States, and if applicable, the date on which the product ceased being sold or offered for sale in the United States," which is information that TQ Delta needs in order to respond to this interrogatory.  If and when CommScope provides a response to TQ Delta's Interrogatory No. 15, TQ Delta anticipates that it will be in a better position to respond more fully to this interrogatory.  For these reasons, TQ Delta objects to this interrogatory as unduly burdensome and premature.

TQ Delta objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, common-interest privilege, and/or work-product immunity.  TQ Delta further objects to this Interrogatory as calling for a legal conclusion or opinion.  TQ Delta objects to this Interrogatory on the grounds that the Interrogatory impermissibly seeks to require TQ Delta to marshal all of its available proof or the proof TQ Delta intends to offer at trial in contravention of the Federal Rules of Civil Procedure including Fed. R. Civ. P. 26(a)(3).  TQ Delta objects to this interrogatory because it constitutes a premature contention interrogatory.  TQ Delta further objects to this interrogatory to the extent it requires the disclosure of any TQ Delta expert analysis.  TQ Delta's experts will disclose their opinions on the dates set and in the manner prescribed by the Federal Rules of Civil Procedure, Local Rules for the Eastern District of Texas, and the Docket Control Order.

TQ Delta objects as unduly burdensome, overbroad, not proportional to the needs of the case, and harassing to the extent that this Interrogatory seeks information or identification of documents and things that are publicly available such as court filings; equally accessible by and in the possession, custody, or control of Defendants or third parties; or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome,

**RESTRICTED – ATTORNEYS' EYES ONLY**

and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

Subject to and without waiver of the foregoing general and specific objections, TQ Delta responds that, as presently understood, the following table provides the date of issuance per asserted patent, which is the date of CommScope's first infringement for each such patent because, for each such patent, CommScope was selling at least one infringing product on the aforementioned date of issuance.

| U.S. Patent No. | Date of First Infringement |
|---|---|
| 7,570,686 | August 4, 2009 |
| 7,453,881 | November 18, 2008 |
| 7,844,882 | November 30, 2010 |
| 8,090,008 | January 3, 2012 |
| 8,276,048 | September 25, 2012 |
| 8,462,835 | June 11, 2013 |
| 8,468,411 | June 18, 2013 |
| 8,937,988 | January 20, 2015 |
| 9,094,348 | July 28, 2015 |
| 9,154,354 | October 6, 2015 |
| 9,485,055 | November 1, 2016 |
| 10,567,112 | February 18, 2020 |
| 10,833,809 | November 10, 2020 |

RESTRICTED – ATTORNEYS' EYES ONLY

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

**INTERROGATORY NO. 26:**

For each Accused Product, identify the component(s) within each such accused product that TQ Delta contends practices each asserted claim of the Asserted Patents, including, but limited to, an identification of the smallest saleable unit that TQ Delta contends practices each of the asserted claims of the Asserted Patents.

RESPONSE:

TQ Delta incorporates by reference its General Objections herein.  TQ Delta objects to this interrogatory as compound and unduly burdensome in seeking information separately for each accused product and each asserted claim. TQ Delta further objects to the interrogatory as vague because the terms "smallest saleable unit" and "practices" are vague. TQ Delta further objects to the extent this Interrogatory presumes that a damages theory premised on the smallest saleable patent practicing unit is appropriate for this case or that the value of the claimed inventions is represented by the cost to CommScope of any component or components.  TQ Delta further objects to this request as premature because discovery of the structure, function, and operation of the accused products is ongoing. TQ Delta further objects to this interrogatory as seeking information that is protected from discovery by the attorney-client privilege and/or the work product immunity doctrine. TQ Delta further objects to this interrogatory as seeking expert testimony.  Should TQ Delta decide to provide expert testimony directed to the subject matter of this Interrogatory, it will provide such information in the form of an expert report during the expert discovery period as scheduled by the Court.

Subject to and without waiver of the foregoing specific and general objections, and as this interrogatory is understood, TQ Delta preliminarily responds as follows:

RESTRICTED – ATTORNEYS' EYES ONLY

outweighs the likely benefit of the requested discovery.

TQ Delta objects to this Interrogatory to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege, common interest privilege, and/or the work product doctrine or that is otherwise privileged or protected against discovery.

TQ Delta objects as unduly burdensome, overbroad, not limited to the Asserted Patents, not proportional to the needs of the case, creating a burden or expense that outweighs the likely benefit of the requested discovery, and harassing to the extent that this Interrogatory seeks information or identification of documents and things that are publicly available such as court filings; equally accessible by and in the possession, custody, or control of Defendants; or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

Accordingly, TQ Delta will not respond to this Interrogatory.

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

Dated: May 12, 2022                          Respectfully submitted,

                                             By:  /s/ *William E. Davis, III*
                                             William E. Davis, III
                                             Texas State Bar No. 24047416
                                             bdavis@davisfirm.com

                                             Edward Chin
                                             Texas State Bar No. 50511688
                                             echin@davisfirm.com

RESTRICTED – ATTORNEYS' EYES ONLY

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF**
**TQ DELTA, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

A true and correct copy of the preceding instrument was served via email to all counsel of record on May 12, 2022.

/s/ *William E. Davis, III*
William E. Davis, III