# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                      *Plaintiff,*<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>                      *Defendants.* | Civil Action No.: 2:21-cv-00310-JRG<br><br>▬▬▬▬▬▬▬▬▬▬ |

**COMMSCOPE'S SIXTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1–18)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope" or "Defendants") hereby state their Objections and Responses to Plaintiff TQ Delta's First Set of Interrogatories to the CommScope Defendants (Nos. 1–18) ("Interrogatories").

**PRELIMINARY STATEMENT**

These objections and responses are made based on CommScope's present knowledge, information, and belief, and based on CommScope's understanding of the case as set forth in Plaintiff's Complaint. This case is still at its early stages, and discovery has recently commenced. Thus, CommScope reserves the right to amend or supplement these Responses in accordance with CommScope's obligations under the Federal Rules of Civil Procedure. CommScope does not waive or intend to waive any objections that it may have regarding the use

1

of any information provided.

## GENERAL OBJECTIONS

1.  CommScope objects to the Interrogatories, Instructions, and Definitions to the extent that they purport to impose on CommScope obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules or the Patent Rules for the Eastern District of Texas, or any other applicable rules, statutes, or orders from the Court.

2.  CommScope objects to the definition of "CommScope," "Defendant," "Defendants," "You" and/or "Your" as vague, overly broad, unduly burdensome, and leading to requests for information that is not relevant to this case and disproportional to the needs of discovery. CommScope interprets these words to mean Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., or ARRIS Enterprises, LLC.

3.  CommScope objects to the definition of "TQD," "TQ Delta," and "Plaintiff" as not proportional to the needs of the case and unduly burdensome to the extent that they require CommScope to speculate as to which persons or entities might fall within this definition. For purposes of responding to these Interrogatories, CommScope shall treat these terms as meaning Plaintiff TQ Delta, LLC, including its employees.

4.  CommScope objects to the definition of "Accused Products," "Accused Instrumentality," and "DSL Products" as overly broad and unduly burdensome to the extent it seeks discovery and information about products that are not made, used, or sold in the United States and to the extent it seeks information about products that have not been accused of infringement by Plaintiff. For the purposes of responding to these Interrogatories, CommScope interprets these words to mean the following devices identified in Plaintiff's Disclosure of

Asserted Claims and Infringement Contentions and Accompanying Document Production ("Plaintiff's PICs"): "5168N vDSLGateway; 5168NV vDSLGateway; 5268AC vDSL Gateway (AT&T use); Arris 3360; BGW210-700 (for AT&T?); FST1000 G.fast Bridge Modem (SFP Module), phone; FST1002 G.fast Bridge Modem (SFP Module), coax; FST1203 G.fast Bridge Modem (Wall / Desk Mount), phone, coax; FST1305 G.fast Bridge Modem (Wall / Desk Mount) VDSL2 35b, phone, coax; GA2305 | GA2305 xDSL Gateway; GA4305 | GA4305 xDSL Voice Gateway; GVT V5471 vDSL IAD Gateway?; GZ5NVG3XXX; NG764x xDSL Gateway CPE; NM55 Bonded vDSL2 Business Modem (for AT&T); NVG34x Series xDSL Gateway; NVG3XX; NVG448X [May be the same as NVG44x]; NVG44X | NVG44x xDSL Voice Gateway; NVG510; NVG589; NVG599 Triple Play Residential Modem; Pace 4111N aDSL Gateway; Pace 5031NV vDSL Gateway; Pace GA2305 aDSL Gateway; Pace GA4305 aDSL Gateway; Pace GV2305 vDSL2 Gateway; Pace GV4305 vDSL2 Gateway; Pace GV5705 vDSL2 Gateway; Pace GV5707 vDSL2 Gateway." Plaintiff's PICs at 4 n.1. The NVG46X product identified in Plaintiff's PICs is not a DSL product, so CommScope will not treat that product as within the scope of the above-defined terms. To the extent that none of the products listed above correctly identify an actual CommScope product, CommScope has made a reasonable effort to overcome this ambiguity and reserves the right to supplement its Interrogatory responses on this basis. CommScope's inclusion of products in its Interrogatory responses is not and should not be construed as an admission of infringement.

5. CommScope objects to the definition of "Asserted Patents" as overly broad. CommScope interprets this phrase to refer to U.S. Patent Nos. 7,453,881; 7,570,686; 7,844,882; 8,090,008; 8,276,048; 8,462,835; 8,468,411; 8,937,988; 9,094,348; 9,154,354; 9,485,055; and 10,833,809. CommScope understands that, as part of its Final Election of Asserted Claims, TQ

Delta is no longer asserting any claims from U.S. Patent No. 10,567,112

6. CommScope objects to the definition of "Communications" as overly broad and unduly burdensome.

7. CommScope objects to the definition of "Concerning" as overly broad and unduly burdensome.

8. CommScope objects to the definition of "Convoyed Products" as not proportional to the needs of the case, overly broad, unduly burdensome, and vague.

9. CommScope objects to the definitions of "Document" and "Thing" as not proportional to the needs of the case and unduly burdensome to the extent that they encompass information that is not relevant to any party's claim or defense.

10. CommScope objects to the definitions of "Entity" and "Entities" as overly broad and unduly burdensome to the extent that they require CommScope to speculate as to which persons or entities might fall within this definition.

11. CommScope objects to the definition of "Evidencing" as overly broad and unduly burdensome to the extent that it encompasses information that is not relevant to any party's claim or defense.

12. CommScope objects to the definition of "Identify" as overly broad and unduly burdensome. CommScope objects on the basis that this definition purports to impose on CommScope obligations that exceed the requirements of any applicable rules or orders, including to the extent that it purports to require CommScope to prepare, or cause to be prepared, a writing to be produced for inspection, and to the extent that it seeks information that is not relevant to any party's claim or defense and/or proportional to the needs of the case. CommScope further objects on the grounds that, as defined, this term renders each Interrogatory

in which it is included beyond the scope of what is permitted by Rule 33 of the Federal Rules of Civil Procedure, compound, and including multiple subparts.

13. CommScope objects to the definition of "Involving" as overly broad and unduly burdensome.

14. CommScope objects to the definition of "Litigation" as overly broad and/or vague. CommScope will interpret this term to mean *TQ Delta, LLC v. CommScope Holding Company, Inc. et al*, No. 2:21-cv-00310-JRG (E.D. Tex. filed Aug. 13, 2021).

15. CommScope objects to the definition of "Person" as overly broad and unduly burdensome to the extent that it requires CommScope to speculate as to which persons or entities might fall within this definition. CommScope objects to the definitions of "any natural person" and "any entity" as explained in paragraphs 40 and 41 of TQ Delta's Interrogatories, for the same reasons.

16. CommScope objects to the definition of "Prior art" as calling for a legal conclusion.

17. CommScope objects to the definition of "Relevant period" as overly broad, unduly burdensome, and leading to requests for information to the extent that it encompasses information that is not relevant to any party's claim or defense.

18. CommScope objects to the definition of "[r]elates," "relating," "refers to," or "regarding" as overly broad, unduly burdensome, and leading to requests for information that is not relevant to any party's claim or defense.

19. CommScope objects to the definition of "Software" as overly broad and unduly burdensome to the extent that it requires CommScope to speculate as to what might fall within this definition. CommScope further objects to this definition to the to the extent that it

5

encompasses information that is not relevant to any party's claim or defense.

20. CommScope objects to the definition of "Source Code" as overly broad, unduly burdensome, and leading to requests for information that is not relevant to any party's claim or defense.

21. CommScope objects to the definition of "VDSL2" as overly broad and unduly burdensome to the extent that it requires CommScope to speculate as to what might fall within this definition.  Moreover, CommScope objects to this definition as vague, in part due to it not specifying the relevant version of each standard to the extent multiple versions exist.

22. CommScope objects to the definitions of "ADSL2," "ADSL2+," "G.inp," "G.Bond," and "G.fast," as vague and unduly burdensome to the extent that it requires CommScope to speculate as to what might fall within this definition, in part due to these definitions not specifying the relevant version of each standard to the extent multiple versions exist.

23. CommScope objects to the Instructions and Definitions to the extent they seek to impose obligations on CommScope that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Eastern District of Texas, the Judge's Standing Orders, or any other applicable rules or orders.

24. CommScope objects to the Interrogatories, Instructions, and Definitions to the extent they seek information protected by the attorney-client privilege, work product doctrine, right to privacy, or other applicable law, privilege, protection, or doctrine.  CommScope will not construe the Interrogatories as seeking any such information, and none will be provided.  Any disclosure of privileged information is inadvertent and does not constitute a waiver of the

privilege or protection.

25. CommScope objects to the Interrogatories and each Interrogatory therein to the extent they call for trade secret, proprietary, or other confidential or competitively-sensitive information of third parties. CommScope will not provide any of this information without consent of the third party.

26. CommScope objects to the Interrogatories to the extent they request information dependent upon documents or other information in the possession, custody, and control of TQ Delta, or in the possession, custody and control of third parties. CommScope reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from TQ Delta or third parties.

27. CommScope objects to the Interrogatories, Instructions, and Definitions (including the definition of "Identify"), to the extent that they seek disclosure of confidential, personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures.

28. CommScope also objects to the Interrogatories on the grounds that it has not completed its investigation in this case and has not completed its discovery. The responses contained herein are based only upon such information and documents as are presently available to CommScope. Further discovery and investigation may reveal additional information which may lead to additions to or variations from the responses herein set forth, and CommScope reserves the right to modify or supplement these responses accordingly.

29. To the extent that CommScope responds to these Interrogatories by referring TQ Delta to documents pursuant to Federal Rule of Civil Procedure 33(d), nothing herein shall affect

in any way the confidentiality designations, if any, of those documents.

30. Each General Objection above shall be deemed continuing and is incorporated by reference into each individual response below. Any failure to repeat any part of these objections in a specific response shall not constitute a waiver or relinquishment of such objection.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify separately for each Accused Product the name(s), model number(s), stock keeping unit number(s) (SKU), project name(s), inventory number(s), code name(s), and other internal designation(s) that correspond to the Accused Product and to the DSL chip(s), DSL chipset, DSL component(s) or DSL module(s) of the Accused Product.

### RESPONSE TO INTERROGATORY NO. 1:

CommScope restates each of the General Objections as set forth fully herein. CommScope objects to this Interrogatory on the grounds that it is compound and improperly includes multiple subparts. CommScope objects to this Interrogatory on the grounds it seeks information that is not relevant to either parties' claims or defenses. CommScope further objects to this Interrogatory on the grounds that the phrases "internal designation(s)" and "DSL chip(s), DSL chipset, DSL component(s) or DSL module(s)" are vague and ambiguous.

Subject to, and without waiving, its Specific and General Objections, and based on CommScope's current understanding of the information sought by this Interrogatory and CommScope's current understanding of the facts of this case, CommScope responds as follows:

CommScope's investigation in this matter is ongoing.

Pursuant to Federal Rule of Civil Procedure 26(e)(1), CommScope reserves the right to revise or supplement this response as necessary.

CommScope's current understanding of the information sought by this Interrogatory and CommScope's current understanding of the facts of this case, CommScope responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CommScope identifies the following additional documents providing financial information for DSL products sold in the United States since 2015: COMMSCOPE044793 – COMMSCOPE044794.

Pursuant to Federal Rule of Civil Procedure 26(e)(1), CommScope reserves the right to revise or supplement this response as necessary.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

CommScope restates each of the General Objections and specific objections as if set forth fully herein. Subject to, and without waiving, its Specific and General Objections, and based on CommScope's current understanding of the information sought by this Interrogatory and CommScope's current understanding of the facts of this case, CommScope responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CommScope identifies the following additional documents providing financial information for DSL products sold in the United States since 2015: COMMSCOPE044791; COMMSCOPE044792; COMMSCOPE124379; COMMSCOPE124380.

Additionally, pursuant to Federal Rule of Civil Procedure 33(d), CommScope identifies the following additional documents providing financial information for DSL products sold in the United States prior to 2015: COMMSCOPE016810; COMMSCOPE016813; COMMSCOPE016814; COMMSCOPE016816.

By identifying the spreadsheets in this supplemental response, CommScope does not intend to waive, and expressly reserves, the right to challenge the admissibility of these spreadsheets, including, but not limited to, on grounds that the spreadsheets are irrelevant

because they reflect financial information for sales (1) outside of the United States and (2) outside of the relevant damages period of six years prior to the filing date of the complaint, which TQ Delta cannot claim as damages in this case.

Pursuant to Federal Rule of Civil Procedure 26(e)(1), CommScope reserves the right to revise or supplement this response as necessary.

**INTERROGATORY NO. 8:**

For each Accused Product, identify the manufacturer, product name, and model number of the components, including semiconductor chip(s), that provide, enable, or embody operation in accordance with one or more of the DSL Standards; and include in your response an identification of the documents and things relating to, referring to, and/or involving the same and an identification of the person(s) employed by or within CommScope (other than legal counsel) most knowledgeable regarding the same.

**AMENDED RESPONSE TO INTERROGATORY NO. 8:**

CommScope restates each of the General Objections as set forth fully herein. CommScope objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to other parties' claims or defenses because, among other things of the overly broad definition of the term "Accused Product."

Subject to, and without waiving, its Specific and General Objections, and based on CommScope's current understanding of the information sought by this Interrogatory and CommScope's current understanding of the facts of this case, CommScope responds as follows:

| Accused Product | DSL Chipset |
|---|---|
| 5168N vDSL Gateway | ███████████ |
| 5168NV vDSL Gateway | ███████████ |

59

Interrogatory as vague and ambiguous in its use of the terms "minimum skills," "qualifications," "and criteria."

Subject to, and without waiving, its Specific and General Objections, and based on CommScope's current understanding of the information sought by this Interrogatory and CommScope's current understanding of the facts of this case, CommScope responds as follows:

A person of ordinary skill in the art at the time of the alleged inventions described in the Asserted Patents would have possessed a bachelor's degree in electrical or computer engineering, or the equivalent, and at least 5–6 years of experience; a master's degree in electrical or computer engineering, or the equivalent, and at least 2–3 years of experience; or a Ph.D in electrical or computer engineering, or the equivalent, with at least 1–2 years of experience.

Pursuant to Federal Rule of Civil Procedure 26(e)(1), CommScope reserves the right to revise or supplement this response as necessary.

Dated this 14th day of November, 2022   Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210

P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Attorney for Defendants***