# EXHIBIT A

```
1            THE COURT:  Or it is the message that specifies?
2            MR. STEVENS:  Yes, sir.
3            THE COURT:  Okay.
4            MR. STEVENS:  So I think the dispute here, Your
5  Honor -- you brought up not wanting an 02 Micro fight later on
6  in this case, and that's why we're raising this now, to put
7  everyone on notice that we think there is a lurking fight here
8  about this particular construction and what it means and what
9  it doesn't mean.
10      It's absolutely right that our construction is simply the
11  words of the claim.  You know, we think that must happen.  If
12  all parties agree that the message must specify a maximum
13  number of bytes of memory, if we're all on the same page that
14  the message must say something like max bytes equals 20, no
15  fight at all.  But I urge, Your Honor, that that's not going
16  to be the case here in a couple of months; that there's going
17  to be a different construction brought to you when we get a
18  little bit further in the case.
19      Now, if they're willing --
20            THE COURT:  What's your crystal ball tell you that
21  that future construction from the Plaintiffs is going to be?
22            MR. STEVENS:  They're going to point to something
23  that specifies a minimum number of bytes.  So, for example, if
24  the claim language were, I specify to Judge Gilstrap the
25  maximum speed he's allowed to drive home today, I say Judge
```

1  Gilstrap can drive home no faster than 50 miles per hour, the
2  analogy would be someone could come to you and say, No, no,
3  no, no, no, you have 15 minutes to get home; that's the
4  maximum amount of time; you need to drive at a speed -- you
5  know, that's the minimum speed that you can get home.  That's
6  what we're going to see later in this case--that they're not
7  going to point to something that is a max number of bytes;
8  they're going to point to something that is a minimum number
9  of bytes.  That's going to be the fight that we're going to
10 have here in a few months, and fear we're going to be right
11 back in front of you with an *02 Micro* fight.
12     Now, if counsel for the Plaintiff is willing to get up
13 here and say, That's -- Mr. Stevens is crazy, he's wrong, you
14 know, we're not going to point to anything that says max bytes
15 equals a number, then maybe there isn't a fight, but if
16 there's going to be a different interpretation in this case or
17 a different argument that this claim is somehow satisfied by
18 an entirely different parameter, I think we should hear that
19 today.  I think we should hear today what Plaintiff's position
20 is going to be with respect to what it actually takes to
21 satisfy this limitation.
22     We think it's very simple.  Right?  There has to be a
23 message.  The message must specify a maximum number of bytes
24 of memory.  If we all agree that that parameter must be
25 specified in the message, then maybe we don't have a fight.

```
1    But if there's going to be some other interpretation or some
2    other definition offered, I do think that, as the Defendants,
3    we believe we should be entitled to hear that today.
4              THE COURT:  All right.  Well, let's go around the
5    merry-go-round one more time.
6         Having heard that, Mr. Davis, let me hear your response.
7    I'm not sure how you specify a maximum number by specifying a
8    minimum number, but go ahead and tell me what your reaction
9    is.
10             MR. DAVIS:  I'm not either, Your Honor.  And what I
11   heard Mr. Stevens say is he wants to basically decide an
12   infringement issue without any record of it, and he's -- he is
13   assuming that we are going to be pointing -- what I heard him
14   say is they're going to point to something that says
15   'minimum'.  You know, I'm not sure what he's referring to, but
16   the claim says 'maximum'.  So it seems to me, like, if we're
17   at the summary judgment stage and we're pointing to something
18   that says 'minimum' and doesn't have anything to do with
19   'maximum', then, you know --
20             THE COURT:  You may be in a bad position.
21             MR. DAVIS:  We may be in a bad position.  That's
22   correct, Your Honor.
23        And I just -- you know, I could take a stab at telling
24   you our infringement theory on their product at this point,
25   but I don't think that's the purpose of claim construction--to
```

1   pre-try or pre-judge or have Mr. Stevens try to pin us down on
2   a very specific the message must say 'max bytes equals X'
3   construction when that's not a construction they've proposed.
4          And the word says 'maximum'. And the example he said is
5   they're going to point to something that says 'minimum'. I
6   don't -- that's not right, Your Honor. And so the claim
7   language itself addresses Mr. Stevens' concern where the claim
8   says 'blue' and we're pointing to something that's white. I
9   mean, if it's as binary and completely orthogonal as
10  Mr. Stevens suggested, then, you know, that's -- I think
11  that's a summary judgment issue and not a claim construction
12  issue where they're proposing the exact same word that's in
13  the claim.
14         And it's just -- it's really not appropriate to engage
15  in -- to let the ultimate infringement question be litigated
16  at the claim construction stage without a record of any of
17  that.
18         That's our position, Your Honor. So we believe plain and
19  ordinary is appropriate here.
20            THE COURT: Well, there's no dispute that both sides
21  say plain and ordinary is appropriate. There seems to be some
22  concern as to what plain and ordinary would be here. But I
23  agree, at this point in the process I don't know how either
24  the parties or the Court say 'max number of bytes equals X'
25  must be a part of what is shown. Whatever is going to be

1  shown is going to be shown, and if it specifies a maximum
2  number of bytes of memory, then it's going to meet this
3  limitation; and if it doesn't, it doesn't.
4      And, quite honestly, by the time we get to summary
5  judgment, both sides are going to know what the other side's
6  position is a lot better than they may speculate about it
7  today.  And if at that point the Plaintiff's position has
8  something to do with something other than the maximum number
9  of bytes, whether it's by saying you have this much time to
10 get home, you can drive any speed you want to, rather than you
11 can't go above 50 miles per hour, that's the kind of thing I
12 would expect to take up and rule on at summary judgment.
13     So I'm going to decline the polite invitation from both
14 sides to go beyond plain and ordinary meaning at this point.
15 But I'll say this, especially in light of this discussion,
16 I'll also decline any opportunity or invitation from either
17 side to open an *02 Micro* discussion post-summary judgment
18 where one side or the other would have and should have and
19 could have raised this issue then.
20     So it looks like to me I may well be revisiting this at
21 summary judgment, but I'm happy to wait until summary
22 judgment; just don't fail to raise it at all at summary
23 judgment and then try to tell me in the middle of jury
24 selection we've got an *02 Micro* problem.
25     But with that, I don't think there's any other benefit to