# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>　　　　*Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>　　　　*Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

### TQ DELTA'S MOTION FOR SUMMARY JUDGMENT OF NO BREACH OF ANY FRAND OBLIGATIONS (FAMILY 3 AND FAMILY 9A NON-ESSENTIAL PATENTS)

I.      INTRODUCTION

Plaintiff TQ Delta, LLC ("TQ Delta") respectfully requests that the Court enter a summary judgment in its favor with regard to the CommScope Holding Company, Inc., CommScope Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc. and Arris Enterprises, LLC's (collectively, "CommScope") claim for breach of contract (Counterclaim XXVII) for the asserted Family 3 and Family 9A patents.  TQ Delta brought suit against CommScope asserting both standard essential patents and non-standard essential patents.  In response, CommScope brought a counterclaim for an alleged breach of TQ Delta's contractual obligations to license its standard essential patents on fair reasonable and non-discriminatory ("FRAND")[1] terms stemming from its participation in the International Telecommunication Union ("ITU").  *See* Dkt. No. 17 at pp. 37-39.  While CommScope has raised a counterclaim for an alleged breach of a FRAND obligation, that counterclaim cannot succeed with regard to the asserted Family 3 and Family 9A patents as a matter of law because both parties agree that none of the asserted Family 3 and Family 9A patent claims are standard essential.  Summary judgment is warranted.

II.     STATEMENT OF THE ISSUE

Is the entry of a summary judgment against a party asserting a counterclaim for breach of contract appropriate when the counterclaim is premised on the breach of alleged contractual FRAND obligations and the relevant patents are not essential for the implementation of a standard?

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The Patent Statement and Licensing Declaration filed by a patent holder, including those filed by TQ Delta, with the ITU-T are applicable only to patents essential to an industry standard, in that, the patent holder states its "belie[f] that it holds granted and/or pending

---

[1] The term "RAND" is alternatively used and is generally deemed synonymous with FRAND.

1

applications for Patent, the use of which would be required to implement [the relevant ITU-T standard]." See, e.g., Exh. A, TQD_TX00067557, at 67558.

2. In response to TQ Delta's Interrogatory No. 5, CommScope stated in regard to each asserted claim of each asserted patent in Families 3 and 9A: "[The asserted claim of the asserted patent is] not essential to the implementation of [the relevant ITU-T standard]." Exh. B, CommScope's Sixth Supp. Objs. and Resps. to Plaintiff's First Set of Interrogatories at pp. 33, 36, 39-42, and 47-52.

3. TQ Delta's technical expert, Todor Cooklev, opines that the Family 3 and 9A patent asserted against CommScope are "not standard essential patents . . . ." Exh. C, Cooklev Opening Expert Report at ¶ 1274.

## IV.  PROCEDURAL BACKGROUND

On August 13, 2021, TQ Delta filed suit against CommScope alleging infringement of a number of patents that relate to digital subscriber line ("DSL") technology. Dkt. No. 1. Relevant to the instant motion are TQ Delta's non-standard-essential patents, which have been grouped into Family 3 and Family 9A, as shown below:

| Family | Asserted Patents | Asserted Claims |
|---|---|---|
| Family 3 | 7,844,882 ("'882 Patent") | 13 |
| | 8,276,048 ("'048 Patent") | 5 |
| Family 9A | 8,468,411 ("'411 Patent") | 10 and 18 |

On October 22, 2021, CommScope filed its Answer, in which it also alleged counterclaims. Dkt. No. 17. One of CommScope's counterclaims (Counterclaim XXVII) alleges breach of contract. Id. at pp. 37-39. CommScope premises this counterclaim on the purported existence of contractual obligations between TQ Delta and the ITU that it contends to be a third-party beneficiary of. See id. at p. 37, ¶ 90.

2

## V. APPLICABLE LAW

"The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *Synqor, Inc. v. Vicor Corp.*, No. 2:12-CV-287-RWS-JBB, 2022 U.S. Dist. LEXIS 183808. at *8 (E.D. Tex. Sep. 26, 2022). "[A] summary judgment motion should be granted 'if there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Affinity Labs of Tex., LLC v. Ford Motor Co.*, No. 1-12-CV-580, 2014 U.S. Dist. LEXIS 186888, at *4 (E.D. Tex. Sep. 3, 2014) (quoting FED. R. CIV. P. 56(c)). "When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial." *Bright Response, LLC v. Google, Inc.*, No. 2:07-CV-371-CE, 2010 U.S. Dist. LEXIS 146475, at *5-6 (E.D. Tex. July 30, 2010).

## VI. ARGUMENT

CommScope's counterclaim for an alleged breach of a FRAND obligation cannot succeed with regard to the asserted Family 3 and Family 9A patents as a matter of law because both parties agree that none of these asserted patents are standard essential. Exh. B, CommScope's Sixth Supp. Objs. and Resps. to Plaintiff's First Set of Interrogatories at pp. 33, 36, 39-42, and 47-52; Exh. C, Cooklev Opening Expert Report at ¶ 1274. A party only owes a duty to be willing to negotiate a license on FRAND terms if the relevant patent claims are standard essential. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-00243-JRG, 2018 U.S. Dist. LEXIS 212292, at *3-4 (E.D. Tex. Dec. 17, 2018) ("SSOs have intellectual property rights . . . policies that 'define contractual terms for disclosure and licensing of patents *that are essential* for standard implementation.'") (quoting TAFFET, RICHART & HARRIES, PHIL, PATENTS AND STANDARDS: PRACTICE, POLICY, AND ENFORCEMENT at 4-2 (Michael L. Drapkin et a. eds., *Bloomberg*

3

*Law* Book Division, 2018) (emphasis added).  Any FRAND obligations attach only to patents that are essential to the practice of a particular industry standard.  Courts have recognized this principle, for instance:

> FRAND describes *a commitment to license patents which are essential* to an SSO's adopted standard on fair, reasonable, and nondiscriminatory terms.  As *Vizio* explains, "FRAND commitments are not required by law, but are required by the standard-setting organizations . . . before they will issue a standard that requires the utilization of a patent."

*Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 931 n.4 (N.D. Cal. 2012) (quoting *Vizio, Inc. v. Funai Elec. Co.*, No. CV-09-0174 AHM (RCx), 2010 U.S. Dist. LEXIS 30850, at *2 n.3 (C.D. Cal. Feb. 3, 2010)) (emphasis added).

TQ Delta's Interrogatory No. 5 sought, for each claim of each asserted patent, CommScope's contention as to the claim's essentiality.  Exh. B, CommScope's Sixth Supp. Objs. and Resps. to Plaintiff's First Set of Interrogatories at p. 33-34.  In response, for every asserted claim of every asserted patent and every industry standard at issue in Family 3 and Family 9A, CommScope answered that "[the asserted claim of the asserted patent] is not essential to the implementation of [the relevant ITU-T standard]."  *Id*. at pp. 39 (the '882 Patent), 40 (the '048 Patent), 47 (the '411 Patent).  TQ Delta agrees that none of the Family 3 and Family 9A patents are standard essential.  *See* Exh. C, Cooklev Opening Expert Report at ¶ 1274; Exh. D, Plaintiff's Second Supp. Objs. and Resps. to CommScope's First Set of Interrogatories at pp. 23-27; Exh. E, Putman Expert Report at ¶¶ 25-27.  This can be seen in the opinions disclosed by TQ Delta's technical expert, Dr. Cooklev, as he states that the Family 3 and 9A patents "are not standard essential patents . . . because, while the relevant standards show that many limitations are met, the claims have additional elements that are not expressly called for by the VDSL2 standards (Family 3) and G.inp (Family 9A), including 'shared memory.'"  Exh. C, Cooklev Opening Expert Report

at ¶ 1274. TQ Delta's contentions as to the "commercial" essentiality of the Family 3 and Family 9A patents are irrelevant to the instant analysis. Here, the critical question is whether the asserted claims are *technologically* essential to an industry standard. And TQ Delta's damages expert, Dr. Putman, is explicit in drawing this significant distinction between technological and commercial essentiality. Exh. E, Putman Expert Report at ¶ 27; *see also id*. at ¶¶ 25-26.

In regard to CommScope's counterclaim, just as with any other breach of contract claim, the unambiguous language of the contract is determinative of the parties' obligations. *See, e.g.*, *Driveline Retail Merch., Inc. v. PepsiCo, Inc.*, Civil Action No. 4:17-CV-00423, 2018 U.S. Dist. LEXIS 84590, at *14 (E.D. Tex. May 21, 2018) ("The Court must enforce the unambiguous language in a contract as written . . . .") (applying Texas law). The documents pointed to by CommScope to allege the existence of contractual obligations are unambiguous as to the fact that they cover only those patents that are technologically essential to an industry standard. The PSLDs provide that the patent owner "believes that it holds granted and/or pending applications for Patents, *the use of which would be required to implement the above [standard]* . . . ." Exh. A, TQD_TX00067557, at 67558 (emphasis added). To further clarify the point, "Patent" is defined as "those claims contained in and identified by patents . . . *solely to the extent that any such claims are essential to the implementation of the same above [standard]*." *Id*. (emphasis added). As CommScope has admitted that the Family 3 and 9A patents are not standard essential, summary judgment is appropriate.

## VII.   CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that the Court enter a summary judgment against CommScope in relation to its breach of contract counterclaim (Counterclaim XXVII) for the Family 3 and Family 9A patents.

Dated: December 14, 2022

/s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com
Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com
Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
***Counsel for Plaintiff TQ Delta, LLC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being

served this December 14, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III