# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br><br>Plaintiff,<br><br>v. | §<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |
| **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action 2:21-cv-310-JRG**<br>**(Lead Case)** |
| **COMMSCOPE CORP., COMMSCOPE SOLUTIONS AND NETWORKS OY, and COMMSCOPE OF AMERICA CORP.**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 2:21-cv-309-JRG**<br>**(Member Case)** |

**PLAINTIFF TQ DELTA'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO COMMSCOPE'S FIRST SET OF INTERROGATORIES (NOS. 1-35)**

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff TQ Delta, LLC ("TQ Delta") hereby provides supplemental responses to CommScope's First Set of Interrogatories served by Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope" or "Defendants") (collectively "Defendants" or "CommScope") on April 12, 2022, as follows:

- TXD_TXCS-00000001-00001417

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its General Objections, its Specific Objections to this Interrogatory, or any other objections or privileges, and to the extent that this Interrogatory is understood, TQ Delta responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), TQ Delta hereby directs Defendants to the following:

- TQD_TXCS-00000001-00001417 (corrected cite from original response)
- TQD_TXCS-00001418-00003007
- 8/4/22 Deposition Transcript of Abha Divine
- 8/9/22 Deposition Transcript of Bruce Bernstein

Documents that are the same as those listed herein, but which were marked and produced under different Bates-numbers, are also included in this designation under Rule 33(d).

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

**INTERROGATORY NO. 5:**

For each patent claim identified in Your Infringement Contentions, including any amendments or supplements thereto, state (a) whether you contend such claim is essential to the implementation of the DSL Standard section identified in the relevant claim chart and (b) all facts supporting your contention that the patent claim is or is not essential to the implementation of the relevant DSL Standard section.

**RESPONSE:**

TQ Delta incorporates by reference its General Objections herein.  TQ Delta further objects to this interrogatory as calling for an expert opinion.  Discovery is in its early stages, and TQ Delta's investigation is ongoing. TQ Delta further objects to this interrogatory as seeking information for which CommScope has the burden of proof. *In re Innovatio IP Ventures, L.L.C. Patent Litigation*, MDL 2303 (N.D. Ill. – Hon. James F. Holderman) May 30, 2013 Hearing Transcript at p. 37 ("[T]he accused infringer should bear the burden of demonstrating the existence of the RAND obligation.").  While CommScope has asserted that it is entitled to a FRAND license, CommScope has failed to definitively contend that any claim is standard-essential or provide supporting facts or analysis.

TQ Delta objects to this Interrogatory as seeking information that is not relevant to any claim or defense.  TQ Delta further objects to this Interrogatory as calling for a legal conclusion or opinion.  TQ Delta further objects to this Interrogatory as seeking information that is not within the possession, custody, or control of TQ Delta.  TQ Delta further objects to this Interrogatory as not being limited to any particular entity's or person's disclosure of claimed subject matter to the ITU.  TQ Delta further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case.  TQ Delta objects to this Interrogatory to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege, common-interest privilege, and/or the work product doctrine or that is otherwise privileged or protected against discovery.

TQ Delta objects to this Interrogatory to the extent it improperly seeks to require TQ Delta to marshal all its available proof and limit the evidence that TQ Delta may present or rely on at the trial of this matter. TQ Delta objects as unduly burdensome, overbroad, not proportional to the needs of the case, and harassing to the extent that this Interrogatory seeks information or

identification of documents and things that are publicly available such as court filings; equally accessible by and in the possession, custody, or control of Defendants or third parties; or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

TQ Delta objects to this Interrogatory because it includes multiple discrete sub-parts. TQ Delta objects to this Interrogatory as vague and ambiguous. TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

Subject to and without waiving its General Objections and its Specific Objections to this Interrogatory, TQ Delta responds as follows:

TQ Delta directs Defendants to the relevant DSL standards, and in particular, those portions of the standards cited by TQ Delta in its Infringement Contentions (including any amended, supplemental, or final versions thereof, if any) and infringement claim charts thereto pursuant to Fed. R. Civ. P. 33(d). Those portions of the subject DSL standards that are quoted and/or cited in the charts support TQ Delta's belief that the asserted claim is a standard-essential patent. It is CommScope's burden, however, to establish whether each element of a claim is standard-essential for purposes of any FRAND obligation (which includes only claims that are "essential for compliance on a technological basis").

Moreover, to the extent that CommScope and other Defendants in this Litigation and other litigation have acknowledged or represented, expressly or impliedly, that their Accused Products practice or operate according to one or more of the relevant DSL Standards, those acknowledgments or representations support TQ Delta's belief that certain claims asserted against

those products are standard essential patents. However, to the extent CommScope contends that an asserted claim is not standard-essential, TQ Delta reserves the right to accept that contention, and shall understand that CommScope is also contending that the claim is not FRAND-obligated. Should CommScope later attempt to reverse its contention regarding such claim, this is further evidence of CommScope's refusal to negotiate in good faith and demonstrates its intent to needlessly increase the cost of this litigation.

To the extent, however, that CommScope's Accused Products are not implementations of the ADSL2/2+, VDSL2, G.inp, G.bond, G.fast, and/or G.vector standards as described in the corresponding portions of those standards, no FRAND obligation attaches even if infringement is found to exist.

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, and or modify this response as appropriate.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its General Objections, its Specific Objections to this Interrogatory, or any other objections or privileges, and to the extent that this Interrogatory is understood, TQ Delta responds as follows:

In Family 1, the '686 patent is essential to VDSL2. In Family 2, the '881 patent is essential to the G.bond (ethernet) standard. In Family 3, the '048 and '882 patents are essential as a commercial matter to the VDSL2 standard. In Family 4, the '008 patent is essential to the VDSL2 standard. In Family 6, the '835 patent is essential to the VDSL2 standard. In Family 9a, the '411 patent is essential as a commercial matter to the G.inp standard. In Family 9b, the '348 and '809 patents are essential to G.inp and G.fast. In Family 9C, the '055 patent is essential to the G.fast

standard.  And in Family 10, the '354 and '988 patents are essential to the G.inp and G.fast standards.

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

**INTERROGATORY NO. 6:**

**For each Asserted Patent, state the royalty rate that You contend should be paid with respect to any allegedly infringing product.**

**RESPONSE:**

TQ Delta incorporates by reference its General Objections herein.  TQ Delta further objects to this Interrogatory to the extent it improperly and prematurely seeks legal conclusions or analysis and/or expert opinions.  TQ Delta objects to this Interrogatory because the discovery sought is unreasonably cumulative and duplicative of the expert reports and/or rebuttal expert reports that TQ Delta expects to serve in this case according to the Court's Docket Control Order.

TQ Delta objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, common-interest privilege, the work product doctrine, or that is otherwise privileged or protected against discovery.  TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

TQ Delta further objects to this interrogatory on the ground that it is premature at this stage of the litigation as discovery is ongoing. TQ Delta objects to this interrogatory on the grounds that

beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

Accordingly, TQ Delta will not respond to this Interrogatory.

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

|  |  |
|---|---|
| Dated: August 19, 2022 | Respectfully submitted,<br><br>By: /s/ *William E. Davis, III*<br>William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@davisfirm.com<br><br>Edward Chin<br>Texas State Bar No. 50511688<br>echin@davisfirm.com<br><br>Christian J. Hurt<br>Texas State Bar No. 24059987<br>churt@davisfirm.com<br><br>Rudolph "Rudy" Fink IV<br>Texas State Bar No. 24082997<br>rfink@davisfirm.com |

████████████████████████████

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(Pro hac vice)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(Pro hac vice)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(Pro hac vice)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

### CERTIFICATE OF SERVICE

A true and correct copy of the preceding instrument was served via email to all counsel of record on August 19, 2022.

/s/ *William E. Davis, III*
William E. Davis, III