IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>      *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>      *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

## ORDER

Before the Court is Plaintiff TQ Delta, LLC's Motion for Summary Judgment on Families 2, 3, 6, and 9B. Having reviewed the briefing in light of the record and the applicable law, the Court hereby GRANTS TQ Delta's Motion for Summary Judgment and ORDERS the following relief, including the related findings:

- The Court finds that, for the purposes of res judicata, specifically issue preclusion, the Defendants in this case are identical or, at least, in privity with defendant 2Wire in the proceedings in the District of Delaware in *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del. filed Nov. 4, 2013). The Court also finds, that, in those proceedings, defendant 2Wire was represented by counsel who also represent Defendants in this matter, including during all judgments described below, and the issues decided below were actively and actually litigated in those proceedings.

- Through the operation of res judicata based on proceedings in the District of Delaware, including the Judgment entered in *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del. filed Nov. 4, 2013) following a multi-day jury trial, Defendants are hereby precluded from arguing non-infringement and validity for claims 17 and 23 of U.S. Patent No. 7,453,881 in

this case. While claim 23 was not specifically adjudicated in Delaware, the Court finds, having considered the briefing and the evidence, the claim is not materially different regarding the issue of validity and infringement for the issue of res judicata.  The Court notes that that claim 23 depends on claim 17, which was found to be valid, and Defendants are asserting the same art in this proceeding and that the evidence related to non-infringement is also equivalent.

- Through the operation of res judicata based on proceedings in the District of Delaware, including the Judgment entered in *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del. filed Nov. 4, 2013) following a multi-day jury trial, Defendants are hereby precluded from arguing non-infringement or validity of claim 5 of the U.S. Patent 8,276,048 and claim 13 of U.S. Patent No. 7,844,882 in this case. While claim 5 of the '048 Patent was not specifically adjudicated in Delaware, the Court finds, having considered the briefing and the evidence, the claim is not materially different regarding the issue of validity and infringement for the issue of res judicata.  While claim 5 of the '048 Patent was not specifically adjudicated in Delaware, the Court finds the claim is not materially different regarding the issue of validity compared to claim 13 of the '882 Patent, which was adjudicated in Delaware, and Defendants are asserting the same art in this proceeding against both references.

- Through the operation of res judicata based on proceedings in the District of Delaware, including the summary judgment entered in *TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-cv-1835-RGA (D. Del. filed Nov. 4, 2013), Defendants are hereby precluded from arguing non-infringement of claim 10 of the U.S. Patent 8,462,835.  The Court finds no material difference in the application of the infringement issues decided on summary judgment for this claim in the DE Case and this matter.

- Through the operation of its stipulation to this Court (Dkt. No. 197), Defendants are barred from presenting any evidence of validity as to claim 13 of U.S. Patent No. 10,833,809 and therefore cannot carry their burden to overcome the presumption of validity for the '809 Patent.

- The Court finds no inequity results from its application of res judicata or the Defendants' stipulation.

- The Court hereby grants summary judgment of infringement and validity for claims 17 and 23 of U.S. Patent No. 7,453,881.

- The Court hereby grants summary judgment of infringement and validity for of claim 5 of the U.S. Patent 8,276,048 and claim 13 of U.S. Patent No. 7,844,882.

- The Court hereby grants summary judgment of infringement for claim 10 of the U.S. Patent 8,462,835.

- The Court hereby grants summary judgment of validity for claim 13 of U.S. Patent No. 10,833,809.