# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br>(Lead Case) |
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>Nokia Corp., *et al.*,<br>    *Defendants*.<br><br>Nokia of America Corp.,<br>    *Third-Party Plaintiff*,<br><br>v.<br><br>Broadcom Corp., *et al.*,<br>    *Third-Party Defendants*. | Civil Action No.: 2:21-CV-00309-JRG<br>(Member Case) |

**TQ DELTA, LLC'S**
**FIRST MOTION TO COMPEL DISCOVERY FROM COMMSCOPE**

I.  SUMMARY AND BACKGROUND FACTS

TQ Delta, LLC ("TQD") moves to compel CommScope Holding Company, Inc., *et al.* ("CommScope" or "CS") under FED. R. CIV. P. ("Rule") 37 to produce discovery on two areas where CommScope, only recently, disclosed it was restricting the scope of discovery. First, CommScope is not responding to discovery on, at least, pre-2015 activities related to the accused products, including, at least, pre-2015 financials. CommScope's position is both that it may have destroyed this information, so it cannot be produced, and that it would not produce it even if it could find it.[1] TQD is seeking a ruling this information is relevant, within the scope of discovery, and should be compelled.[2] Second, CommScope is not responding to discovery on, at least, 1) worldwide activities related to the accused products (e.g., products that implement certain DSL standards), including, at least, worldwide sales and 2) undisclosed DSL products that CommScope, without offering evidence, asserts were only sold outside the U.S. In discovery, TQD is entitled to test whether CommScope's products were made, used, or offered for sale in the U.S. CommScope's no-evidence assertion that products—that CS refuses to disclose—are undiscoverable is, really, an improper grant of summary judgement to itself. As shown below, both categories are relevant and discoverable, and TQD asks to the Court to compel CommScope.

Given how few documents CommScope has produced, TQD has been concerned that CS might be unilaterally restricting discovery, and TQD repeatedly requested, including on meet and confers, that CommScope disclose if it was restricting discovery. Despite these requests, CommScope never admitted that it was restricting discovery and asserted, apparently incorrectly,

---

[1] Despite long-pending requests, CommScope has yet to provide a witness for deposition and is only providing deposition dates in the last 12 business days of the case. This has prevented TQD from testing any position under oath and delays that test until the last few days of discovery.
[2] If pre-2015 information exists, CommScope will produce it. If CommScope has, in fact, destroyed this information, there may, later, be a spoliation issue, especially given this information has been relevant to ongoing litigation for over a decade.

that it did not have a position.  CommScope only disclosed it was restricting discovery in these ways in the middle of a discussion of 30(b)(6) topics on Friday, July 15.  TQD requested a conference the next business day (Monday, July 18), and on Thursday, July 21, TQD confirmed CommScope's position with lead counsel.  Given that substantial completion occurred in April and the close of fact discovery is on August 15 (two short weeks away), CommScope's late disclosure is, in hindsight, a classic example of "laying behind the log."

## II.   THE INFORMATION COMMSCOPE WITHHOLDS IS RELEVANT AND DISCOVERABLE

CommScope's only argument to TQD for non-production is that the requested information is not within the scope of discovery.  No specific burden argument or assertion of privilege was made.  The scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and information "within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1).

This Court orders the parties to automatically produce "all documents, electronically stored information, and tangible things … that are relevant" without a specific request.  (Dkt. No. 60, § 3(b) (Agreed Discovery Order)).  However, on March 10, 2022, TQD went beyond and served a 22-page set of document requests to CommScope.  On May 31, TQD sent a follow up letter addressing the deficiencies of CommScope's production.

CommScope also never sought a protective order from the Court to limit discovery into these areas.  *See* Rule 26(c)(1)(D) ("limiting the scope of disclosure or discovery to certain matters").  CommScope, apparently, just acted as if one had been granted.  Setting the procedural issue aside, a critical problem with CommScope's action is that it was silent, preventing TQD from learning the scope of discovery in this case was being artificially restricted.  Had CommScope

2

moved for a protective order, TQD would have learned of its position and had an opportunity to respond.

### A. Information on the Lifetime of the Accused Products is Relevant and Discoverable

CommScope has stated it is restricting discovery of pre-2015 activities related to the accused products. CommScope was not clear on its legal basis for withholding this discovery, but presumably its basis is that 35 U.S.C. § 286 imposes a six-year limit on the recovery of damages. But § 286 limits "recovery" not discovery. *See, e.g.*, *RCA Corp. v. Data Gen. Corp.*, Civil Action No. 84-270-JJF, 1985 U.S. Dist. LEXIS 24217, at *4 (D. Del. Oct. 28, 1985) ("Although [plaintiff] cannot recover damages for infringement for the period 1970 to 1978, [defendant]'s profits in this period are in fact relevant to the computation of a reasonable royalty that RCA would be entitled to recover for the period after 1978"); *see also ROY-G-BIV Corp. v. Fanuc Ltd.*, No. 2:07-CV-418 (DF), 2008 U.S. Dist. LEXIS 138295, at *18-19 (E.D. Tex. July 15, 2008) (ordering defendant to answer interrogatory inquiring into issues prior to 1997—more than six years before the filing of suit); *Nippon Steel, et al. v. POSCO*, Case No. 2:12-cv-2429, Dkt. No. 98 (D. N.J. May 10, 2013) (holding "[i]t is clear that 35 U.S.C.A. §286, upon which POSCO relies in its attempt to limit Nippon's discovery demands, deals only with damages not discovery. There are myriad reasons why information prior to the damage period may be relevant to the case and reasonably calculated to lead to the discovery of admissible evidence in the case.").

As best as TQD can tell, CommScope is only limiting pre-2015 discovery for its financial data (e.g., sales of the accused products).[3] However, to the extent CommScope is also limiting the

---

[3] CommScope produced pre-2015 material, including technical and sales information, when it reproduced the material from the Delaware litigation in this case. The metadata provided along with CommScope's documents in this case shows that CommScope has produced technical documents that were created prior to 2015. Very few non-technical CommScope documents have been produced, so it is less clear if CommScope is drawing a line there.

3

production of its pre-2015 technical and business documents, TQD also seeks to compel those materials as well.

CommScope's pre-2015 financial data related to the accused products, including sales, costs, and profits, is relevant. CommScope has yet to provide information on when all of the accused products were first made, used, or sold, but several products were first sold before 2015. Therefore, this financial data is, at least, relevant to the hypothetical negotiation (as the cases cited explain). CommScope's other pre-2015 activities, both technical and business, are relevant. Technical documents prior to 2015 for the accused products are relevant, including for their technical requirements, design, creation, operation, and testing for standard's compliance. Non-technical documents prior to 2015 are also relevant, including for the hypothetical negotiation. Examples of relevant pre-2015 business discovery include CommScope's assessment of the DSL market; actual sales and business forecasts for the accused products; new product planning; customer requests for DSL products; service and support of the accused products; contracts and offers to sell the accused products; and participation in standards groups.

TQD asks the Court to compel CommScope to include relevant pre-2015 material within the scope of discovery, including its activities and financials regarding the accused products, and to promptly produce any withheld discovery.

### B. Worldwide Activity Information is Relevant and Discoverable

CommScope has stated it is restricting discovery of worldwide activities related to the accused products. CommScope's only position appears to be relevance, but this Court has held that worldwide sales information is relevant and discoverable. *See Evs Codec Techs. v. Oneplus Tech. Shenzhen Co.*, No. 2:19-CV-57-JRG, 2020 U.S. Dist. LEXIS 204027, at *4-5 (E.D. Tex. Apr. 9, 2020) ("[F]or discovery purposes, worldwide sales information is relevant to both reasonable royalty calculations and commercial success"). This Court's holding is in accord with

other district courts. *See, e.g.*, *Illumina Inc., et al. v. BGI Genomics Co., LTD., et al.*, Case No. 20-cv-1465, Dkt. No. 336, p. 3 (N.D. Cal. April 1, 2021) (holding "Information about the relative sales … worldwide is relevant to show whether [a product] is an available and viable commercially acceptable alternative"); *Trading Techs. Int'l., Inc. v. IBG LLC, et al.*, Case No. 1:10-cv-715, p. 1 (N.D. Il. Sept. 11, 2019) (holding "the worldwide financial and transactional data is relevant and discoverable" and collecting cases); *Finjan, Inc.* v. *Check Point Software Techs., Inc., et al.*, Case No. 18-cv-2621, Dkt. No. 128, p. 1 (N.D. Cal. May 22, 2019) ("defendants shall produce documents responsive to plaintiff's Requests for Production…. This shall include documents regarding the costs of the accused products, gross and net profits, revenues, pricing, and valuations of the products, worldwide. These documents are relevant to damages and to obviousness."); *Apeldyn Corp. v. AU Optrinics Corp.*, Civil Action No. 08-568-SLR, 2010 U.S. Dist. LEXIS 152668, at *6 (D. Del. Apr. 12, 2010) (ordering production of defendant's "worldwide sales data and technical information for [its accused products]" because such was relevant to, inter alia, commercial success and a reasonable royalty determination); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F. Supp. 2d 934, 944 (N.D. Ill. 2006) (ordering production of foreign sales when patentee argued such was relevant to, inter alia, the secondary consideration of commercial success).

Similarly, CommScope's activities within the U.S. related to its accused products are relevant and discoverable. CommScope's position is that there are (undisclosed) products that were developed / made, at least in part, in the U.S., that are undiscoverable because they were not ultimately sold in the U.S. TQD is unable to test these claims, at any level, because CommScope is refusing to even disclose the products it contends were not sold in the U.S., much less provide discovery allowing TQD to test the substance of CS's position. CommScope's refusal to provide any discovery on these products also prevents TQD from testing whether these, again undisclosed,

5

products were made, used, or offered for sale in the U.S. CommScope's refusal to provide discovery on these products is, effectively, a grant of summary judgment to itself. That is, respectfully, improper. CommScope may or may not ultimately succeed on the merits, but CommScope must produce discovery allowing TQD to test CommScope's claims.

TQD asks the Court to compel CommScope to include worldwide material within the scope of discovery, including worldwide sales of the accused products and products developed / made, at least in part, in the U.S., and to promptly produce any withheld discovery.

### III.   CONCLUSION

TQD asks the Court to compel CommScope as described above. CommScope's failure to timely disclose its position and to produce relevant discovery has already prejudiced TQD, and TQD also asks the Court for any additional relief it considers just and proper.

Dated: July 26, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for TQ Delta, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this July 26, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV<br>
Rudolph Fink IV

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiff Mobile Equity Corp. and Defendant Walmart, Inc. have reached an impasse and that this motion is opposed, as summarized below:

- On May 19, 2022, counsel for TQD—Rudy Fink and Ed Chin—met and conferred with counsel for CommScope—Andrew Ong—regarding CommScope's interrogatory responses and TQD requested CommScope inform TQD if it was restricting the scope of its answers.

- On June 28, 2022, counsel for TQD—Rudy Fink, Christian Hurt, and Ed Chin—and CommScope—Andrew Ong and Brian Craft—again conferred regarding CommScope's interrogatories and TQD repeated its request.

- On July 15, counsel for TQD—Rudy Fink, Christian Hurt, and Ed Chin—met and conferred with counsel for CommScope—Rachel Walsh—regarding CommScope's 30(b)(6) objections, which, in part, led to the subject matter of this Motion.

- On July 21, counsel for TQD—Bo Davis, Rudy Fink, and Christian Hurt—met and conferred with counsel for CommScope—Brett Schuman, Eric Findlay, Andrew Ong, Lana Schuman,

and Rachel Walsh—on a number of issues, including the subject matter of this Motion. Counsel reached an impasse.

/s/ William E. Davis, III
William E. Davis, III