## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>*Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>*Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

# PLAINTIFF TQ DELTA LLC'S MOTION TO STRIKE PORTIONS OF THE NON-INFRINGEMENT REPORT AND OPINIONS OF DEFENDANTS' EXPERT, DR. LEONARD J. CIMINI, JR.

███████████████████████████

**TABLE OF CONTENTS**

I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................. 1

II.   INTRODUCTION ............................................................................................................. 1

III.  STATEMENT OF FACTS ............................................................................................... 2

IV.   LEGAL STANDARD ....................................................................................................... 5

V.    ARGUMENT ..................................................................................................................... 7

      A.   Dr. Cimini's Non-Infringement Opinions Based on Improper Claim
           Construction Should be Stricken ........................................................................... 7

      B.   The Court Should Consider Dr. Cimini's Belated Claim Construction
           Argument Waived ................................................................................................... 9

VI.   CONCLUSION ................................................................................................................ 10

[REDACTED]

# TABLE OF AUTHORITIES

**Cases**

*3M Innovative Properties Co. v. Tredegar Corp.*,
   725 F.3d 1315 (Fed. Cir. 2013) ............................................................................................. 7

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   No. 2:07-CV-468, 2009 U.S. Dist. LEXIS 109147 (E.D. Tex. Sep. 15, 2009) ......................... 8

*Cordis Corp. v. Boston Sci. Corp.*,
   658 F.3d 1347 (Fed. Cir. 2011) ............................................................................................. 5

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*,
   292 F.3d 1363 (Fed. Cir. 2002) ............................................................................................. 5

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 139310 (E.D. Tex., Aug. 5, 2020) ........ 6

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-237-JRG-RSP, Dkt. No. 216 (E.D. Tex. March 6, 2021) ...................................... 8

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ................................................................................ 6, 8

*Liquid-Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209 (Fed. Cir. 2006) .......................................................................................... 5, 6

*Music Choice v. Stingray Digital Group Inc.*,
   2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) ..................................................................... 8, 9

*OneSubsea IP UK Ltd. v. FMC Techs., Inc.*,
   2020 WL 7263266 (S.D. Tex. Dec. 10, 2020) ....................................................................... 6

*Pactiv Corp. v. Multisorb Techs., Inc.*,
   2013 U.S. Dist. LEXIS 75585 (N.D. Ill. May 9, 2013) ............................................................ 5

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   2020 WL 2517581 (E.D. Tex. May 15, 2020) ........................................................................ 7

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
   522 F.3d 1279 (Fed. Cir. 2008) ............................................................................................. 7

*Thorner v. Sony Computer Entm't Am. LLC*,
   669 F.3d 1362 (Fed.Cir.2012) ............................................................................................ 6, 7

*Treehouse Avatar LLC v. Valve Corp.*,
   No. 2022-1171, 2022 U.S. App. LEXIS 32993 (Fed. Cir. Nov. 30, 2022) ............................... 5

*U.S. Surgical Corp. v. Ethicon, Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997) ................................................................................................9

**Rules**

Fed. Rule of Evidence 702 ....................................................................................................1, 5, 6

■■■■■■■■■■■■■■■■■■■■■■■■■■

## I.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Pursuant to Fed. Rule of Evidence 702, TQ Delta moves to strike opinions from the "Responsive Expert Report of Dr. Leonard J. Cimini, Jr., on the Non-Infringement of the Family 1 and 4 Patents," hereinafter the "Cimini Responsive Report," regarding the meaning of the term, "transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message," as recited in asserted claim 36 of U.S. Patent No. 7,570,686.  The Court accorded the term, "transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message," hereinafter the "Mapping Element," its plain meaning. TQ Delta moves the Court to strike Dr. Cimini's non-infringement opinions set forth at paragraphs 80-87 of the Cimini Responsive Report because they misapply the Court's construction of the Mapping Element, advance new meanings for the Mapping Element, and attempt to re-litigate an indefiniteness issue that Defendants lost at the claim construction phase of the case.

## II.  INTRODUCTION

In the Cimini Responsive Report, Dr. Cimini opines on the meaning of the Mapping Element, which the Court accorded its plain meaning. Ex. A at ¶80.  Dr. Cimini identifies three interpretations that he believes are within the plain meaning of the Mapping Element but then picks (without justification) one of his interpretations to attempt to narrow the plain meaning of the Mapping Element (*id*. at 81) and then argue that the Accused Products do not infringe the claims. (*id*. at ¶¶82-87). This attempts to change the Court's construction, re-raise an indefiniteness defense the Defendants lost at the claim construction phase of the case, and present a claim construction issue for the jury to decide.  Therefore, TQ Delta respectfully requests that the Court strike paragraphs ¶¶82-87 and preclude Dr. Cimini from offering at trial a non-infringement

1

opinion based on his narrowed interpretation of the Mapping Element or any suggestion that the Mapping Element is indefinite.

### III. STATEMENT OF FACTS

On November 4, 2021, TQ Delta disclosed to Commscope its "Asserted Claims and Infringement Contentions." *See* Ex. B (Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production) at p. 2. TQ Delta identified claim 36 of U.S. Patent No. 7,570,686 ("the 686 Patent") as one of the asserted claims. *Id*. Claim 36 recites in relevant part "DMT symbols that are mapped to one bit of the diagnostic message," hereinafter the "Mapping Element."

Pursuant to Local Patent Rule 4-3 ("P.R. 4-3") and the Court's Docket Control Order (Dkt. No. 62), Plaintiff TQ Delta, LLC and Defendants submitted their Joint Claim Construction and Prehearing Statement ("Joint Statement"). Dkt. No. 107 at 2. This Joint Statement addressed the agreed and disputed claim terms and phrases. *Id*. Defendants asserted that the Mapping Element rendered claim 36 indefinite. Dkt. No. 107-2 at 3. Defendants argued that the Mapping Element "is subject to any number of interpretations, resulting in confusion as to what is intended" and that "the language of the patent itself raises a number of questions in the mind of a POSITA, such as (1) whether there is some error coding used to map a bit into several redundant symbols, (2) whether the same bit is sent multiple times, once in each symbol, or (3) whether the claim language contemplates something else entirely." Dkt. No. 169 at 25-26 (quoting Dkt. No. 135 at 5–6). Defendants did not propose an alternative construction for the Mapping Element in the event the Court rejected the indefiniteness defense.

On June 1, 2022, the Court conducted a *Markman* hearing for the disputed claim terms including the Mapping Element. *See* Ex. C (Markman Tr.) at p. 1. At the *Markman* hearing, with reference to the Mapping Element, Defendants stated that "if the Court is not inclined to go with

2

████████████████████████████████████

an indefiniteness position, simply adopting [] the plain and ordinary meaning of these terms [] would be acceptable." *See* Ex. C at pp. 35 and 36. For the express purpose of avoiding an $O_2$ *Micro* issue on the eve of trial, the Court pressed Defendants for their view on "what the plain and ordinary meaning [of the Mapping Element] ought to be." *See* Ex. C at p. 36. The Defendants responded that "the plain language of the claim here would be the plain and ordinary meaning." *Id.* at pp. 36-37.

On June 8, 2022, the Court rejected Defendants' indefiniteness assertion and construed the Mapping Element to have its plain meaning. *See* Dkt. No. 169 at 27-28. Defendants did not move the Court to reconsider that decision.

On August 29, 2022, Defendants served the opening expert report of Dr. Leonard J. Cimini, Jr. on the invalidity of claim 36 of the 686 patent, hereinafter the "Cimini Invalidity Report" and on November 18, 2022, Defendants served the Cimini Responsive Report. In the Cimini Responsive Report, Dr. Cimini engaged in claim construction and, similar to what Defendants had done in arguing indefiniteness, offered three possible alternative interpretations of the Mapping Element as follows:

- The diagnostic message includes multiple DMT symbols and each DMT symbol includes only one bit;
- The diagnostic message includes DMT symbols such that one bit is spread across two or more DMT symbols; or
- The diagnostic message includes DMT symbols such that each symbol includes only one bit and there is at least one identical symbol that includes that same bit.

Ex. A (Cimini Responsive Report) at ¶80. Dr. Cimini alleged that there was "no written description or enablement support in the specification of the '686 patent for the third construction." *Id.* at ¶81. Dr. Cimini admitted that, in rendering his invalidity opinions stated in the Cimini Invalidity Report, he "applied the prior art to the claim under the first construction[,]" but, inexplicably and without

3

any stated justification, he applied his second construction to "show that under the second construction, the CommScope Accused Products do not infringe claim 36 of the '686 patent." *Id*. Immediately following this statement that he would show non-infringement by applying his second construction of the Mapping Element, Dr. Cimini opined that:

> It is my opinion that the CommScope Accused Products do not use "multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message." Instead, the CommScope Accused Products use multicarrier modulation that maps one bit to each DMT symbol and then repeats the DMT symbol a number of times.
>
> To the extent that Dr. Brody asserts that the CommScope Accused Product infringe claim 36 because they are compliant with VDSL2, I disagree. VDSL2 does not require "multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message." Instead, the standard is very clear, each bit is mapped to one DMT symbol . . .

*Id.* at ¶¶82-83. Thus, Dr. Cimini's opinion is that the Mapping Element *means* "[t]he diagnostic message includes DMT symbols such that one bit is spread across two or more DMT symbols" and in VDSL2 "each bit is mapped to one DMT symbol."

> Dr. Cimini further opined that:
>
> But even if a person having ordinary skill in the art would understand the claim to recite mapping bits to symbols, the claim *either means* that each DMT symbol of the diagnostic message includes a single bit, in which case the claim is simply reciting the admitted prior art modulation technique of the ADSL standard, or the claim requires that a single bit is spread out over "DMT symbols," i.e. two or more DMT symbols. In contrast to the latter, in the VDSL2 standard and the Accused products, each bit is mapped to a single DMT symbol and then that DMT symbol is repeated four more times.

*Id.* at ¶87.

And in an attempt to re-litigate an avatar of an indefiniteness argument that the Defendants lost during claim construction and/or create some kind of disclaimer or claim differentiation argument based on a purported distinction between claim 1 and asserted claim 36, Dr. Cimini also contends that:

4

> Dr. Brody repeatedly equates mapping symbols to one bit with mapping one bit per DMT symbol and then repeating the message. Brody Report at ¶¶ 246, 250, 252. In my opinion, this is wrong.
>
> As an initial matter, mapping DMT symbols to bits makes no sense. . . . There is simply no way to map symbols to bits, much less to map multiple DMT symbols to a single bit.
>
> Indeed, the '686 patent applicants demonstrated that they knew how to claim modulation schemes that map each bit of a message to a single DMT symbol, as described by the standard. For example, in claim 1, applicants claimed "a method of communicating diagnostic information" that included transmitting a diagnostic message "wherein…each bit in the diagnostic message is mapped to at least one DMT symbol."

*Id.* at ¶¶84-86.

### IV. LEGAL STANDARD

A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A witness qualified as an expert may give an opinion or other expert testimony if: (a) the witness's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the witness has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Expert opinion in a patent case that is based on an impermissible claim construction is irrelevant and unreliable. *See Liquid-Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (expert opinion is irrelevant if "based on an impermissible claim construction"); *Treehouse Avatar LLC v. Valve Corp.*, No. 2022-1171, 2022 U.S. App. LEXIS 32993, at *11-12 (Fed. Cir. Nov. 30, 2022) (affirming decision striking portions of expert report that did not apply the court's construction and noting that "[w]hen the court has adopted a construction that

5

the parties requested and agreed upon, any expert theory that does not rely upon that agreed upon construction is suspect"); *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1375 (Fed. Cir. 2002) (finding no evidence that a limitation was satisfied after noting that contrary testimony was based on an incorrect interpretation of a claim term).

A court "must disregard" expert testimony that is "based on an incorrect understanding of the claim construction," *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011), and the proper remedy is to strike such testimony. *See, e.g.*, *Treehouse*, 2022 U.S. App. LEXIS 32993 at *11 ("We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court."); *Liquid-Dynamics*, 449 F.3d at 1224 n.2 (approving the district court's exclusion of expert testimony based on an impermissible construction); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 139310 at *7-8 (E.D. Tex., Aug. 5, 2020) ("The Court finds Dr. Friedman's opinions that require an order of 'Select, Remove, Update, Subtract, and Add' for infringement are contradictory to the Court's construction and they shall be struck.").

"The patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning unless the patentee explicitly redefines the term or disavows its full scope." *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1367 (Fed.Cir.2012). "[A]n expert's opinion that seeks to limit the full scope of a term's plain and ordinary meaning must be stricken." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.,* 340 F. Supp. 3d 934, 968 (N.D. Cal. 2018). Misapplication of a court's claim construction, renders an expert's infringement opinion irrelevant and ripe for exclusion under Rule 702. *OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, 2020 WL 7263266, at *6 (S.D. Tex. Dec. 10, 2020).

V.  **ARGUMENT**

A.  **Dr. Cimini's Non-Infringement Opinions Based on Improper Claim Construction Should be Stricken**

The Court found that the Mapping Element was not indefinite and accorded it its plain meaning. Dkt. No. 169 at 27-28. However, in the Cimini Responsive Report, Dr. Cimini provides three different constructions for the Mapping Element. He first discards the third construction because of the alleged lack of "written description or enablement support in the specification of the '686 patent." And then without any rhyme or reason, applies the first construction for his invalidity opinions and, subsequently, applies the second construction for his non-infringement opinions.

As an initial matter, Dr. Cimini overall approach – applying a different interpretation of the Mapping Element when evaluating infringement than the interpretation he applied when evaluating validity – is improper. *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1298 (Fed. Cir. 2008) ("[T]he same construction governs for validity determinations as for infringement determinations."); *see also Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, 2020 WL 2517581, at *12 (E.D. Tex. May 15, 2020) ("Defendant's nose-of-wax approach to claim construction is not justified."). For this reason alone, the Court should strike Dr. Cimini opinions relating to non-infringement that rely on the second claim construction.

Separately, Dr. Cimini's opinions relating to claim construction should be stricken because they run afoul of Court-adopted meaning for the Mapping Element. Specifically, the Court accorded the Mapping Element its plain meaning. In such circumstances, claim terms are given their full scope absent disavowal by the patentee or a clear intent to act as his own lexicographer. *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012); *see also 3M Innovative Properties Co. v. Tredegar Corp.*, 725 F.3d 1315, 1329 (Fed. Cir. 2013) ("[O]ur cases

7

do not support prescribing a more particularized meaning unless a narrower construction is required by the specification or prosecution history."). "Because claim construction is a matter of law to be decided by the court, and, by implication, experts are not permitted to argue claim construction to the jury, an expert's opinion that seeks to limit the full scope of a term's plain and ordinary meaning must be stricken." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 968 (N.D. Cal. 2018).

Here, "[t]he take-away is that [Dr. Cimini's] opinions seek to narrow the plain and ordinary meaning of the claim language." *Id*. Specifically, with no support in the intrinsic record and no other stated justification, Dr. Cimini asserts for purposes of his non-infringement opinions that the plain meaning of the Mapping Element is "[t]he diagnostic message includes DMT symbols such that one bit is spread across two or more DMT symbols." Ex. A at ¶81; *see also id.* at ¶87 ("the claim either means that each DMT symbol of the diagnostic message includes a single bit, in which case the claim is simply reciting the admitted prior art modulation technique of the ADSL standard, or the claim requires that a single bit is spread out over "DMT symbols," i.e. two or more DMT symbols."). Dr. Cimini relies on his narrowed view of the plain meaning of the Mapping Element to argue that the Accused Products do not infringe the claims. To advance his non-infringement theory at trial, Dr. Cimini would have to express an opinion regarding the meaning of the Mapping Element to the jury – a clear foray into the proscribed territory of arguing claim construction to the jury. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-237-JRG-RSP, Dkt. No. 216, *9-10 (E.D. Tex. March 6, 2021) (striking expert "opinions that cross[ed] the line into improper claim construction"); *see also Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 U.S. Dist. LEXIS 109147, at *21 (E.D. Tex. Sep. 15, 2009) ("Such opinions are opinions on

8

████████████████████████

questions of law—claim construction—and are not proper expert testimony."). Accordingly, any non-infringement opinions that are based on his second claim construction should be stricken.

### B. The Court Should Consider Dr. Cimini's Belated Claim Construction Argument Waived

The Court should also refuse to engage in further claim construction because it is untimely and waived.

> This Court has stated that a "failure to timely raise ... claim construction arguments should ordinarily result in waiver of the arguments." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017) (citing *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)). This Court has denied requests for additional claim construction where a party "could have made ... arguments during the claim construction phase of the case but did not...." *Id.* "[W]here a court has prescribed specific claim construction procedures and the parties have proceeded towards trial in reliance thereon, the court has discretion to preclude parties from injecting new claim construction theories on the eve of trial." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:18-CV-00298-JRG, 2019 WL 999902, at *3 (E.D. Tex. Feb. 28, 2019) (quoting Battcher Indus., Inc. v. Bunzl USA, Inc., 661 F.3d 629, 640–41 (Fed. Cir. 2011)) (internal marks omitted).

*Music Choice v. Stingray Digital Group Inc.*, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019). Here, the Court "prescribed specific claim construction procedures." Defendants argued that the Mapping Element was indefinite. *See* Doc. No. 169 at p. 24. Defendants did not, in the alternative, propose any construction. During the *Markman* hearing, the Court took great care to afford Defendants an opportunity to articulate a backup construction the Mapping Element; but Defendants demurred. *See* Ex. C at pp. 35 and 36. The Court rejected Defendants' indefiniteness argument, and in the absence of any alternative proposed constructions from Defendants, determined that no further construction of these disputed terms was necessary and accorded the Mapping Element its plain meaning, *i.e.*, the full scope. *See* Doc. No. 169 at pp. 27-28 (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to

9

explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy.").

Now, at the eleventh hour, Defendants seek to inject new claim constructions. "The Federal Circuit has upheld district courts' findings of waiver of claim construction arguments in several instances similar to the present situation." *Music Choice* at *4. The Court should find that Defendants waived any argument that the plain meaning is the second of Dr. Cimini's three possible construction and, for this additional reason, the non-infringement opinions of Dr. Cimini that advocate for and/or apply his second construction should be stricken.

## VI. CONCLUSION

For the foregoing reasons, the Court should strike Dr. Cimini's non-infringement opinions set forth at paragraphs 80 to 87 of the Cimini Responsive Report because they misapply the Court's construction of the Mapping Element, advance new meanings for the Mapping Element, and attempt to re-litigate an indefiniteness issue that Defendants lost at the claim construction phase of the case.

Dated: December 14, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601

        Telephone: (903) 230-9090
        Facsimile: (903) 230-9661

        Peter J. McAndrews
        (*Pro hac vice*)
        pmcandrews@mcandrews-ip.com
        Rajendra A. Chiplunkar
        (*Pro hac vice*)
        rchiplunkar@mcandrews-ip.com
        Ashley Ratycz
        (*Pro hac vice*)
        aratycz@mcandrews-ip.com

        **MCANDREWS, HELD & MALLOY, LTD.**
        500 West Madison St., 34th Floor
        Chicago, IL 60661
        Telephone: (312) 775-8000
        ***Counsel for Plaintiff TQ Delta, LLC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this December 14, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III<br>
William E. Davis, III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i). The CommScope Defendants are opposed.

/s/ William E. Davis, III<br>
William E. Davis, III