# EXHIBIT C

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
                         MARSHALL DIVISION

TQ DELTA, LLC.,                    ( CAUSE NO. 2:21-CV-310-JRG
                                   ) (Lead Case)
         Plaintiff,                (
                                   )
vs.                                (
                                   )
COMMSCOPE HOLDING COMPANY,         (
INC., et al.,                      )
                                   (
         Defendants.               )
_____
TQ DELTA, LLC.,                    ( CAUSE NO. 2:21-CV-309-JRG
                                   ) (Member Case)
         Plaintiff,                (
                                   )
vs.                                (
                                   )
NOKIA OF AMERICA CORPORATION,      (
et al.,                            ) MARSHALL, TEXAS
                                   ( JUNE 1, 2022
         Defendants.               ) 9:00 A.M.
_____

_____

                        MARKMAN HEARING

            BEFORE THE HONORABLE RODNEY GILSTRAP
              UNITED STATES CHIEF DISTRICT JUDGE
_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS 75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
 1                         A P P E A R A N C E S

 2          FOR THE PLAINTIFF:     DAVIS FIRM, P.C.
                                   213 N. FREDONIA ST., SUITE 230
 3                                 LONGVIEW, TEXAS  75601
                                   (903) 230-9090
 4                                 BY: MR. RUDOLPH FINK
                                       MR. CHRISTIAN HURT
 5                                     MR. WILLIAM DAVIS

 6                                 McANDREWS HELD & MALLOY, LTD
                                   500 W. MADISON ST., 34TH FLOOR
 7                                 CHICAGO, ILLINOIS  60661
                                   (312) 775-8000
 8                                 BY:  MR. PETER McANDREWS

 9          FOR THE DEFENDANT:     GOODWIN PROCTOR, LLP - BOSTON
            (CommScope)            100 NORTHERN AVENUE
10                                 BOSTON, MASSACHUSETTS  02210
                                   (617) 570-1209
11                                 BY:  MR. DOUGLAS KLINE

12                                 GOODWIN PROCTER, LLP -
                                   MENLO PARK
13                                 135 COMMONWEATH DRIVE
                                   MENLO PARK, CALIFORNIA  94025
14                                 (650) 752-3100
                                   BY:  MR. ANDREW ONG
15
                                   FINDLAY CRAFT, PC
16                                 102 N. COLLEGE AVE., SUITE 900
                                   TYLER, TEXAS  75702
17                                 (903) 534-1100
                                   BY:  MR. ERIC FINDLAY
18
            FOR THE DEFENDANT:     ALSTON & BIRD, LLP-NC
19          (Nokia)                101 SOUTH TRYON STREET
                                   SUITE 4000
20                                 CHARLOTTE, NC  28280
                                   (704) 444-1025
21                                 BY:  MR. MATTHEW STEVENS
                                        MS. KARLEE WROBLEWSKI
22                                      MR. NICHOLAS MARAIS
                                        MR. KIRK BRADLEY
23

24

25
```

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
 1        FOR THE DEFENDANT:    ALSTON & BIRD, LLP - ATLANTA
          (Nokia)               ONE ATLANTIC CENTER
 2                              1201 WEST PEACHTREE STREET NW
                                #4900
 3                              ATLANTA, GEORGIA  30309-3424
                                (404) 881-7000
 4                              BY:  MR. JOHN HAYNES
                                     MS. KATHRERINE DONALD
 5
                                ALSTON & BIRD, LLP - DALLAS
 6                              2200 ROSS AVE., SUITE 2300
                                DALLAS, TEXAS  75201
 7                              (214) 922-3453
                                BY:  MR. ADAM AHNHUT
 8
          OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
 9                              100 E. HOUSTON STREET
                                MARSHALL, TEXAS  75670
10                              (903) 923-8546
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  different limitations, so the first limitation being, "Each
2  bit in the diagnostic message is mapped to at least one DMT
3  symbol and DMT symbols that are mapped to one bit of the
4  diagnostic message."
5      And it's clear that based on these differing language --
6  based on this differing language, it can't be the case that
7  one construction solves all of the ambiguity that exists
8  within the claim, and this differing language, in fact, raises
9  different questions as to what is required by each of these
10 limitations.
11          THE COURT:  Well, if that's the case, and I don't
12 necessarily disagree with you that it is, why did Defendants
13 opt to stop with your indefiniteness argument and not go
14 forward and say, And, alternatively, if the Court finds that
15 this is not indefinite, what the Plaintiff has proposed here
16 doesn't fit there and what he's proposed there doesn't fit
17 here.  You didn't give me any of that.  You didn't go beyond
18 just simply saying it's indefiniteness, end of story, and now
19 you're arguing somewhat what you failed to brief, and I'm
20 curious as to why.
21          MS. WROBLEWSKI:  Respectfully, I do believe that we
22 -- I do believe that our brief included at least the basis for
23 these arguments.  But, you know, to your point, if the Court
24 is not inclined to go with an indefiniteness position, simply
25 adopting, you know, the plain and ordinary meaning of these

1  terms I think would be acceptable. Ultimately, these terms
2  cannot be satisfied by the same construction that has been set
3  forth by TQ Delta, and --
4      THE COURT: Tell me in -- to carry this discussion a
5  little further, then, tell me what your view is of what the
6  plain and ordinary meaning should be of this claim language.
7      MS. WROBLEWSKI: Truly, Your Honor, because of the
8  lack of specificity of these terms, I think that what we would
9  be left with is just the language of the claim as is and that
10 no additional construction would be necessary and would be a
11 factual issue we would have to deal with down the road.
12     THE COURT: Well, let me just be real candid with
13 you, counsel. I don't want to leave the door open to a
14 late-breaking, end-of-the-process, most inconvenient possible
15 raising of an *02 Micro* issue. So if you've got what the plain
16 and ordinary meaning ought to be, tell me it is now, or tell
17 me the claim language suffices without any further
18 construction. Don't be silent here and then down the road as
19 we're picking the jury say, Oh, for the first time it's just
20 dawned on me you have to construe what the plain and ordinary
21 meaning is. So that's what I'm trying to foreclose here, to
22 be candid with you.
23     MS. WROBLEWSKI: Understood, Your Honor.
24     And to the extent the Court is not inclined to agree with
25 our indefiniteness, we would submit that the plain language of

1    the claim here would be the plain and ordinary meaning.
2            THE COURT: All right. Anything further?
3            MS. WROBLEWSKI: No, Your Honor.
4            THE COURT: Okay. Thank you, counsel.
5        All right. Let's move on to this fourth category, 'array
6    representing frequency domain received idle channel noise
7    information'.
8        Let me hear from the Plaintiff on this.
9            MR. DAVIS: Thank you, Your Honor. Bo Davis again
10   for the Plaintiff.
11           THE COURT: This is one of those cases where we have
12   a prior construction from Delaware, is it not?
13           MR. DAVIS: It is, Your Honor. We have a Delaware
14   construction. We have proposed the Delaware construction, and
15   essentially the Defendants have proposed the Delaware
16   construction up to a point. The language that I --
17           THE COURT: On the 'received channel' seems to be
18   where it deviates.
19           MR. DAVIS: Yes, Your Honor. They have omitted that
20   language from their construction.
21       And the Delaware court addressed this thoroughly and
22   recognized that we're not talking about a complete absence of
23   any transmission signal. Transmission signals, as the
24   specification says, are a source of the noise that we're
25   trying to address. And so when we're talking about -- I mean,

```
1         I HEREBY CERTIFY THAT THE FOREGOING IS A
2    CORRECT TRANSCRIPT FROM THE RECORD OF
3    PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4    I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5    FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6    COURT AND THE JUDICIAL CONFERENCE OF THE
7    UNITED STATES.
8
9    S/Shawn McRoberts                    06/14/2022
10   _____DATE_____
     SHAWN McROBERTS, RMR, CRR
11   FEDERAL OFFICIAL COURT REPORTER
```