IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TQ DELTA'S MOTION TO STRIKE PORTIONS OF THE
NON-INFRINGMENT REPORT AND OPINIONS OF DEFENDANTS' EXPERT,
DR. NAOFAL AL-DHAHIR**

████████████████████████

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | STATEMENT OF ISSUES TO BE DECIDED BY THE COURT | 1 |
| II. | INTRODUCTION | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | LEGAL STANDARD | 3 |
| V. | ARGUMENT | 4 |
| VI. | CONCLUSION | 6 |

## TABLE OF AUTHORITIES

**Cases**

*Barrett v. Atl. Richfield Co.*,
   95 F.3d 375, 380 (5th Cir. 1996) ............................................................................................3, 5

*Current v. Atochem N. Am., Inc.*,
   2001 WL 36101282 (W.D. Tex. Sept. 18, 2001) ..........................................................................5

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No.
   2:16-cv-134-JRG-RSP, 2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) ................................4, 5

*Realtime Data LLC v. EchoStar Corp.*,
   2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) ............................................................................3

**Rules**

Fed. R. Civ. P. 16 ............................................................................................................................1, 3

Fed, R. Civ. P. 26 ............................................................................................................................1, 3

Fed. R. Civ. P. 37 ....................................................................................................................1, 3, 4, 5

**I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Pursuant to Fed. R. Civ. P. 16, 26, and 37, and the Court's First Amended Docket Control Order (FADCO), Doc. No. 249, Plaintiff TQ Delta, LLC ("TQ Delta") moves to strike opinions from the "Responsive Expert Report of Dr. Naofal Al-Dhahir Regarding Family 10," hereinafter the "Al-Dhahir Responsive Report," regarding non-infringing alternatives to claim 10 of U.S. Patent No. 9,154,354, hereinafter the "Family 10 Claim." In particular, TQ Delta moves the Court to strike Section XIV, including each of paragraphs 209-214, of the Al-Dhahir Responsive Report. *See* Ex. A[1] at ¶¶209-214.

**II.    INTRODUCTION**

In the Al-Dhahir Responsive Report, Defendants' non-infringement expert, Dr. Naofal Al-Dhahir, offers the opinion that "there are acceptable non-infringing alternatives to the accused functionality." Ex. A. at ¶209. Dr. Al-Dhahir then proceeds to identify and discuss the purported non-infringing alternatives. *See* Ex. A at ¶¶210-214. Defendants, however, did not disclose the purported non-infringing alternatives in responses to TQ Delta's interrogatories seeking Defendants position on non-infringing alternatives. Defendants' failure to disclose any of the purported non-infringing alternatives that are belatedly identified in the Al-Dhahir Responsive Report prevented TQ Delta from taking discovery on those non-infringing alternatives and precluded TQ Delta's experts from opining on those alleged non-infringing alternatives. Therefore, TQ Delta respectfully requests that the Court strike all reference to such non-infringing alternatives and preclude Defendants and Dr. Al-Dhahir from relying on them for any reason at trial.

---

[1] Citations to "Ex. A-D" herein are attached to the Declaration of Rajendra A. Chiplunkar dated December 14, 2022 filed herewith.

III. **STATEMENT OF FACTS**

TQ Delta accused Defendants, CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., and ARRIS Technology, of making, offering for sale and selling certain products that infringe, *inter alia*, the Family 10 Patent Claim. Dkt. No. 1 at ¶150. On November 4, 2021, TQ Delta identified the accused products in Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production. Ex. B at 4. On February 9, 2022, TQ Delta served Defendants with its First Set of Interrogatories to the Commscope Defendants (nos. 1-18) (Ex.C).

Interrogatory No. 4 asks Commscope to "[f]or each Accused Product, state and explain whether the product implements the parts or subparts of the DSL Standards identified in TQ Delta's Infringement Contentions (and any amendment, and supplement thereto)[.]" Ex. C at p. 11. In its response, Defendants stated that:

> CommScope's ability to respond this (sic) Interrogatory is constrained by its limited knowledge of the design and operation of the DSL chips that its products utilize. Based on CommScope's current investigation, at least some of the Accused Products use Broadcom DSL chips, whose functionality is reflected in Broadcom source code, which CommScope does not have access to.

Ex. D ( Commscope's Sixth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-18)) at pp. 32.

TQ Delta's Interrogatory No. 14 asked Defendants to "[d]escribe in detail CommScope's efforts to identify and avoid infringement of the Asserted Patents, including any attempts to design around or develop any alleged non-infringing alternatives to any Asserted Patent or ceasing to make, use sell, or offer to sell in the United States or import into the United States any Accused Products." Ex. C at p. 15. In its response, Defendants stated that:

> CommScope is not aware of any information responsive to this Interrogatory. The DSL functionality accused by TQ Delta of infringement is performed by the DSL chipsets in the CommScope Accused Products; the DSL chipsets are designed, developed, and manufactured by Broadcom. Based on its current understanding,

> CommScope has no ability to modify how Broadcom's DSL chipsets function with respect to the accused functionality.

Ex. D at p. 79. Commscope did not identify any non-infringing alternatives. On August 24, 2022, TQ Delta deposed Broadcom's corporate representative, Dr. Gong-San Yu, on the DSL functionality of Broadcom DSL chips, at least one of which is included in each of the accused products. Fact discovery closed on August 19, 2022. *See* Dkt. No. 249.

On November 18, 2022, more than 12 weeks after the close of fact discovery, Defendants identified in the Al-Dhahir Responsive Report purported modifications to the Broadcom DSL chipset functionality that would allegedly provide a non-infringing alternative to the accused functionality of the Family 10 Patent Claim.

## IV. LEGAL STANDARD

"Rule 16(b) authorizes federal courts to control and expedite the discovery process through a scheduling order." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (citing Fed. R. Civ. P. 16(b)). Under Fed. R. Civ. P. 16, a party is required to adhere to the Court's scheduling and pretrial orders. *See* Fed. R. Civ. P. 16(f). When a party fails to adhere to the Court's scheduling order, Fed. R. Civ. P. 16(f)(1)(C) provides that the Court may issue any sanction authorized by Rule 37 (b)(2)(A)(ii-vii), which sanctions include exclusion of evidence at trial. *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii). "A party who has ... responded to an interrogatory ... must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is complete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information [ ] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* at 37(c)(1).

Pursuant to Fed. R. Civ. P. 37(c)(1), "[f]ailure to timely disclose properly requested information relating to non-infringing alternatives, may serve as grounds to exclude testimony at trial relating to the topic." *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6266300, at *6 (E.D. Tex. Nov. 15, 2018); *see also Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-134-JRG-RSP, 2017 WL 2869344, at *2–3 (E.D. Tex. Apr. 20, 2017).

## V. ARGUMENT

Defendants did not identify the purported non-infringing alternatives during fact discovery. Defendants admit that the accused functionality of each accused product is implemented in or controlled by one of the DSL chipsets supplied by third-party Broadcom and as evidenced by source code for the DSL chipsets. In the Al-Dhahir Responsive Report, Defendants' expert, Dr. Al-Dhahir, proposed modifications to the Broadcom DSL chipset functionality that would allegedly avoid infringement of the Family 10 Patent Claim, hereinafter the "Non-Infringing Alternatives." Given that the accused functionality is implemented in third-party Broadcom's source code for the DSL chipsets and was required by the VDSL2 standard, in order to evaluate the purported Non-Infringing Alternatives, TQ Delta's experts would have to at least perform further analysis of the electronic and printed source code made available for review by Broadcom and perform simulations, and TQ Delta would need to depose third-party Broadcom and possibly members of the DSL standards body that specified the accused functionality, to evaluate the technical feasibility, cost, difficulty, and performance, *i.e.*, availability, of the Non-Infringing Alternatives.

During fact discovery, TQ Delta deposed Broadcom's corporate representative on topics relating to the functionality of the DSL chipsets. Because the Non-Infringing Alternatives had not been identified before the close of fact discovery, TQ Delta "could not ask [Broadcom] about the feasibility of implementing the alleged non-infringing alternatives because they had not been

4

identified" when Broadcom's corporate representative was deposed. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869344, at *3 (E.D. Tex. Apr. 20, 2017). Accordingly, TQ Delta would need to seek leave of Court to reopen fact discovery and burden third-party Broadcom with additional depositions regarding the Non-Infringing Alternatives. Further, Broadcom may oppose additional discovery and cause TQ Delta to engage in motion practice.

Although exclusion pursuant to Fed. R. Civ. P. 37 for a Rule 26 violation is a "self-executing," "automatic" sanction, "a Court may permit a party to introduce the information if the party's failure to disclose the required information is substantially justified or harmless." *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001). In this instance, there is no justification for Defendants untimely disclosure. To determine if the violation is harmless, the trial court's discretion is to be guided by the consideration of four factors: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party by allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett*, 95 F.3d at 380.

This Court has recognized that when plaintiffs are "foreclosed from conducting discovery into non-infringing alternatives without leave of court[,] [t]hat is the prejudice, and it is substantial." *Id*. Further, with trial 3 months away, the possibility of curing the prejudice is highly unlikely. Finally, the opinions are not important, because Defendants' damages expert has not relied on these opinions. Given the substantial prejudice to TQ Delta and the unimportance of the opinions, this Court should grant TQ Delta's motion to strike Section XIV, including paragraphs 209-214, of the Al-Dhahir Responsive Report and preclude Dr. Al-Dhahir from offering any testimony at trial relating to purported non-infringing alternatives to the Family 10 Claim.

## VI.   CONCLUSION

For the foregoing reason, the Court should strike Section XIV, including each of paragraphs 209-214, of the Al-Dhahir Responsive Report.  *See* Ex. A at ¶¶209-214.

Dated: December 14, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com
Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com
Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
***Counsel for Plaintiff TQ Delta, LLC.***

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this December 14, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III



## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i). The CommScope Defendants are opposed.

/s/ William E. Davis, III
William E. Davis, III

7