IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>   *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>   *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**TQ DELTA, LLC'S RESPONSE TO COMMSCOPE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>REGARDING PRIOR ART STATUS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  RESPONSE TO THE STATEMENT OF THE ISSUES ................................................ 1

III. RESPONSE TO STATEMENTS OF UNDISPUTED MATERIAL FACTS ................. 2

IV.  BACKGROUND ............................................................................................................. 3

V.   APPLICABLE LAW ....................................................................................................... 3

VI.  ARGUMENT ................................................................................................................... 4

   A. CommScope's Motion is Procedurally Improper ......................................................... 4

   B. Alternatively, Material Issues of Fact Exist as to Whether the References Are
      "Printed Publication[s]" Under § 102 .......................................................................... 7

      1. TQ Delta's Prior Statements Should Not Be Considered Binding ........................ 8

      2. CommScope Has Failed to Provide Sufficient Evidence of Public Accessibility ... 9

         a. The G.993.1 Standard (Asserted Against Family 3) ......................................... 9

         b. The G.992.1 Standard (Asserted Against Family 6) ....................................... 11

         c. LB-031 (Asserted Against Family 3) .............................................................. 11

         d. SC-060 (Asserted Against Family 6) .............................................................. 12

VII. CONCLUSION .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

*Acceleration Bay, LLC v. Activision Blizzard, Inc.*
    908 F.3d 765 (Fed. Cir. 2018) ...................................................................................................7

*Affinity Labs of Tex., LLC v. Ford Motor Co.*
    No. 1-12-CV-580, 2014 U.S. Dist. LEXIS 186888 (E.D. Tex. Sep. 3, 2014) .....................3

*Alvion Props v. Weber*
    No. 3:08-cv-0866, 2012 U.S. Dist. LEXIS 150217 (M.D. Tenn. Oct. 16, 2012).................5

*Berkley v. Williams*
    No. 2:17-cv-02909-SHM-dkv, 2020 U.S. Dist. LEXIS 67871
    (W.D. Tenn. Apr. 16, 2020) ...................................................................................................5

*City of Huntington v. AmerisourceBergen Drug Corp.*
    No. 3:17-01362, 2021 U.S. Dist. LEXIS 47333 (S.D. W. Va. Mar. 15, 2021)....................5

*Collins v. Cottrell Contracting Corp.*
    733 F. Supp. 2d 690 (E.D. N.C. 2010) ..................................................................................4

*Google, Inc. v. Ben. Innovations, Inc.*
    No. 2:11-cv-0229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824
    (E.D. Tex. Aug. 21, 2014) ......................................................................................................9

*Gross Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.*
    739 F. Supp. 2d 1089 (N.D. Ill. 2010).................................................................................10

*Gunn v. United States*
    283 F.2d 358 (8th Cir. 1960) .................................................................................................7

*In re Bayer*
    568 F.2d 1357 (C.C.P.A. 1978)....................................................................................11, 13

*In re Bill Lading Transmission & Processing Sys. Patent Litig.*
    681 F.3d 1323 (Fed. Cir. 2012) .............................................................................................9

*In re Cronyn*
    890 F.2d 1158 (Fed. Cir. 1989) .............................................................................................7

*In re Klopfenstein*
    380 F.3d 1345, 1351 (Fed. Cir. 2004) ..........................................................................12, 13

*Jazz Pharm., Inc. v. Ameal Pharm., Inc.*
    895 F.3d 1347 (Fed. Cir. 2018) .............................................................................................7

*Little v. Lower Bucks Servs., Inc.*
   No. 2:17-CV-03446-AB, 2019 U.S. Dist. LEXIS 30084 (E.D. Pa. Feb. 26, 2019) ............ 4

*Mobile Equity Corp. v. Walmart Inc.*
   No. 2:21-cv-00126-JRG-RSP (E.D. Tex. Sept. 29, 2022) ................................................. 4, 5

*Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs, Inc.*
   Civ. No. JLW-13-0651, 2017 U.S. Dist. LEXIS 56215
   (M.D.N.C. Apr. 11, 2017) ................................................................................................. 5

*Northern Telecom, Inc. v. Datapoint Corp.*
   908 F.2d 931 (Fed. Cir. 1990) ..................................................................................... 12, 13

*Powell v. Radkins*
   506 F.2d 763 (5th Cir. 1975) ............................................................................................. 4

*Provident Fin., Inc. v. Strategic Energy L.L.C.*
   404 F. App'x 835 (5th Cir. 2010) ...................................................................................... 9

*O'Connor v. City and Cnty. of Denver*
   894 F.2d 1210 (10th Cir. 1990) ........................................................................................ 8

*Rawers v. United States*
   488 F. Supp. 3d 1059 (D.N.M. 2020) ............................................................................. 10

*ResQNet.com, Inc. v Lansa, Inc.*
   594 F.3d 860 (Fed. Cir. 2010) ..................................................................................... 9, 11

*Samuels v. Arnold*
   No. 11-cv-0201, 2012 U.S. Dist. LEXIS 171382 (W.D. La. Nov. 19, 2012) ................ 4, 6

*Saviano v. Commissioner*
   765 F.2d 643 (7th Cir. 1985) ............................................................................................ 8

*Sunflower Condo. Ass'n v. Everest Nat'l Ins. Co.*
   No. 19-CV-80743-RUIZ/REINHART, 2020 U.S. Dist. LEXIS 75392
   (S.D. Fla. Apr. 28, 2020) .................................................................................................. 5

*Swift & Co. v. Hocking Valley R. Co.*
   243 U.S. 281 (1917) .......................................................................................................... 8

*Synqor, Inc. v. Vicor Corp.*
   No. 2:12-CV-287-RWS-JBB, 2022 U.S. Dist. LEXIS 183808
   (E.D. Tex. Sep. 26, 2022) ................................................................................................. 3

*Tech. Licensing Corp. v. Videotek, Inc.*
　545 F.3d 1316 (Fed. Cir. 2008) ............................................................................................. 8

*Tristar Prods. v. Ocean State Jobbers, Inc.*
　No. 17-1767 (RMB/MJS), 2021 U.S. Dist. LEXIS 132006 (D.N.J. July 15, 2021) ............ 7

*Typeright Keyboard Corp. v. Microsoft Corp.*
　374 F.3d 1151 (Fed. Cir. 2004) ............................................................................................. 8

*Voter Verified, Inc. v. Premier Election Sols., Inc.*
　698 F.3d 1374 (Fed. Cir. 2012) ............................................................................................. 7

*Wartluft v. Milton Hershey Sch. & Sch. Tr.*
　No. 1:16-cv-2145, 2020 U.S. Dist. LEXIS 46617 (M.D. Pa. Mar. 18, 2020) ...................... 6

*Wiley v. United States*
　20 F.3d 222 (6th Cir. 1994) ................................................................................................ 10

**Statutes**

35 U.S.C. § 102 ............................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 56(a) ................................................................................................... 2, 4, 7

FED. R. CIV. P. 56(c) ...................................................................................................... 3, 4

FED. R. EVID. 703 ............................................................................................................ 10

## I. INTRODUCTION

Plaintiff TQ Delta, LLC ("TQ Delta") respectfully requests that the Court deny Defendants CommScope Holding Company, Inc., CommScope Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc. and Arris Enterprises, LLC's (collectively, "CommScope") Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 343). CommScope's Motion is procedurally improper. CommScope does not seek judgment on a claim or defense, not even partially. It, instead, seeks an Order from this Court finding the existence of a particular sub-element of a claim, namely, whether four documents are "printed publications." When confronted with such motions, courts—including this one—have routinely denied them on the ground that the motions are procedurally improper. The same result should occur here.

In the alternative, if the Court addresses the merits of CommScope's Motion, denial is still proper. CommScope seeks a judicial determination that four printed publications qualify as prior art under 35 U.S.C. § 102. These four printed publications are:

1. ITU-T Recommendation G.993.1 ("the G.993.1 Standard");
2. ITU-T Recommendation G.992.1 ("the G.992.1 Standard");
3. ITU-T SG15/Q4 Contribution LB-031 ("LB-31"); and
4. ITU-T SH15/Q4 Contribution SC-060 ("SC-060").

CommScope has, however, failed to provide sufficient evidence that each of these printed publications were publicly accessible prior to the critical date. Given this evidentiary failure, denial of summary judgment is appropriate.

## II. RESPONSE TO THE STATEMENT OF THE ISSUES

      1.      Is a motion under Rule 56(a) procedurally improper when the movant does not seek judgment on a claim or defense, nor on a part of a claim or defense, but seeks a judicial determination that certain references qualify as statutory prior art?

      2.      Alternatively, does an alleged infringer show itself to be entitled to a summary judgment that certain printed publications qualify as prior art under 35 U.S.C.§ 102 when it fails to provide sufficient evidence of public accessibility?

### III.    RESPONSE TO STATEMENTS OF UNDISPUTED MATERIAL FACTS

      1.      TQ Delta admits this statement of fact only to the extent that the Asserted Family 3 Patents (i.e., U.S. Patent No. 7,844,882 and U.S. Patent No. 8,276,048) claim a priority date of Oct. 12, 2004.  As to the remainder of the statement, it is denied by TQ Delta, including any implication that some later priority date can apply to the Asserted Family 3 Patents.

      2.      TQ Delta admits this statement of fact only to the extent that the Asserted Family 6 Patent (i.e., U.S. Patent No. 8,462,835) claims a priority date of March 3, 2004.  As to the remainder of the statement, it is denied by TQ Delta, including any implication that some later priority date can apply to the Asserted Family 6 Patent.

      3.      TQ Delta admits that the quoted portion within this statement of fact is found in the document CommScope cites as Exhibit A to its Motion.  TQ Delta otherwise denies this statement of fact, including any implication that the quoted portion constitutes a binding stipulation.

      4.      TQ Delta admits that the quoted portion within this statement of fact is found in the document CommScope cites as Exhibit A to its Motion.  TQ Delta otherwise denies this statement of fact, including any implication that the quoted portion constitutes a binding stipulation.

5. TQ Delta admits that the quoted portion within this statement of fact is found in the document CommScope cites as Exhibit C to its Motion. TQ Delta otherwise denies this statement of fact, including any implication that the quoted portion constitutes a binding stipulation.

6. TQ Delta admits that the quoted portion within this statement of fact is found in the document CommScope cites as Exhibit C to its Motion. TQ Delta otherwise denies this statement of fact, including any implication that the quoted portion constitutes a binding stipulation.

## IV. BACKGROUND

Relevant to CommScope's Motion, TQ Delta has asserted infringement of the following patents (which the parties have divided up into families):

| Family | Asserted Patents |
|---|---|
| Family 3 | 7,844,882 ("'882 Patent") |
| | 8,276,048 ("'048 Patent") |
| Family 6 | 8,462,835 ("'835 Patent") |

The asserted Family 3 patents claim priority to Provisional Application No. 60/618,269, filed on Oct. 12, 2004. The asserted Family 6 patent claims priority to Provisional Application No. 60/549,804, filed on March 3, 2004.

## V. APPLICABLE LAW

"The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *Synqor, Inc. v. Vicor Corp.*, No. 2:12-CV-287-RWS-JBB, 2022 U.S. Dist. LEXIS 183808. at *8 (E.D. Tex. Sep. 26, 2022). "[A] summary judgment motion should be granted 'if there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Affinity Labs of Tex., LLC v. Ford Motor Co.*, No. 1-12-CV-580, 2014 U.S. Dist. LEXIS 186888, at *4 (E.D. Tex. Sep. 3, 2014) (quoting FED. R. CIV. P. 56(c)).

3

"A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefore, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975).

## VI.    ARGUMENT

### A.    CommScope's Motion Is Procedurally Improper

CommScope's Motion is procedurally improper and, on this basis alone, it should be denied. Rule 56(a) limits itself to disposing of a "claim or defense—or the part of each claim of defense" appropriately identified by the movant. FED. R. CIV. P. 56(a). Moving under this Rule in order to receive a judicial determination that a particular element of a claim or defense has been fulfilled—in CommScope's case, that certain documents qualify as "printed publications"—is improper and requires denial of the motion. *See Samuels v. Arnold*, No. 11-cv-0201, 2012 U.S. Dist. LEXIS 171382, at *5 (W.D. La. Nov. 19, 2012) (recommending denial of a motion for partial summary judgment that constituted "[p]iecemeal, fact-by-fact motion practice" and was not "capable of resolving [a] significant claim or defense that will make the trial proceed more efficiently"), *adopted by* 2012 U.S. Dist. LEXIS 171379 (W.D. La. Dec. 3, 2012); *Little v. Lower Bucks Servs., Inc.*, No. 2:17-CV-03446-AB, 2019 U.S. Dist. LEXIS 30084, at *1 (E.D. Pa. Feb. 26, 2019) ("[A] motion for summary judgment may not properly seek to dispose of only a factual allegation or element of a single indivisible claim for relief.") (quoting *Collins v. Cottrell Contracting Corp.*, 733 F. Supp. 2d 690, 698 (E.D. N.C. 2010)).

This Court recently addressed a similar situation and denied the defendant's motion as procedurally improper. *See Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, Dkt. No. 380 (E.D. Tex. Sept. 29, 2022), *adopted by* 2:21-cv-00126, Dkt. No. 404 (E.D. Tex. Oct. 21, 2022). In *Mobile Equity*, the defendant, Walmart, filed a summary judgment motion seeking

a finding that certain documents "qualif[ied] as statutory prior art under 35 U.S.C. § 102." *Id*. at Dkt. No. 246, p. 4 (Defendant's redacted "Motion for Summary Judgment That Certain References Qualify as Statutory Prior Art."). Magistrate Judge Payne recommended denial of Walmart's motion on procedural grounds: "[T]he Court finds that this is not the proper procedural vehicle for the relief sought. Therefore, the Court recommends that Walmart's motion be [denied]." *Id*. at Dkt. No. 380, p. 1. The merits of Walmart's arguments played no role in the Court's holding; indeed, the Court expressly acknowledged that "there does not appear to be a dispute between the parties as to whether [the at-issue references] qualify under [§ 102]." *Id*.

The holding of *Mobile Equity* is concordant with the holdings of other federal district courts, which also hold that seeking summary judgment on specific facts—rather than on claims or defenses—is improper. *See, e.g.*, *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2021 U.S. Dist. LEXIS 47333, at *16 (S.D. W. Va. Mar. 15, 2021) (denying summary judgment motion because it did "not describe a 'claim' or 'part of a claim' upon which judgment may be granted"); *Berkley v. Williams*, No. 2:17-cv-02909-SHM-dkv, 2020 U.S. Dist. LEXIS 67871, at *35 (W.D. Tenn. Apr. 16, 2020) ("Summary judgment is not a vehicle for resolving isolated questions of fact or law."); *Sunflower Condo. Ass'n v. Everest Nat'l Ins. Co.*, No. 19-CV-80743-RUIZ/REINHART, 2020 U.S. Dist. LEXIS 75392, at *21 (S.D. Fla. Apr. 28, 2020) ("Because Everest's motion does not seek relief that disposes of a claim or defense, or a part of a claim or defense, it arguably is not proper as a motion for summary judgment. At most, it seeks rulings that limit the scope of what evidence Sunflower can introduce at trial . . . ."); *Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs, Inc.*, Civ. No. JLW-13-0651, 2017 U.S. Dist. LEXIS 56215, at *5 (M.D.N.C. Apr. 11, 2017) ("[Summary judgment] is improper for what Conifer seeks; that is, a pruning of factual allegations . . . ."); *Alvion Props v. Weber*, No.

3:08-cv-0866, 2012 U.S. Dist. LEXIS 150217, at *1 (M.D. Tenn. Oct. 16, 2012) (recommending denial when the motion "d[id] not seek partial summary judgment regarding any claim for relief or defense" and instead requested a "ruling that two particular factual allegations contained in the amended complaint are untrue"), *adopted by* 2012 U.S. Dist. LEXIS 164089 (M.D. Tenn. Nov. 16, 2012).

Indeed, allowing parties to seek summary judgment of non-dispositive facts would needlessly expend court resources on factually discrete summary judgment motions that do not narrow the tried claims and defenses. *See Samuels*, 2012 U.S. Dist. LEXIS 171382, at *5 ("If the court is to invest its limited resources into resolving a [summary judgment] motion, the motion should be capable of resolving [a] significant claim or defense that will make the trial proceed more efficiently."); *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-cv-2145, 2020 U.S. Dist. LEXIS 46617, at *17 (M.D. Pa. Mar. 18, 2020) (denying motion for summary judgment and stating: "[A]lthough the judicial determination that Plaintiffs seek may be in some way tangentially related to one of Defendants' defenses, the notion that such a determination is in any way 'dispositive' of even a part of that defense is specious at best.").

In addition, because CommScope's Motion does not resolve a claim or defense, it is not clear how an order granting CommScope's Motion would impact trial. CommScope would have an order, but what would be required of it at trial to prove its invalidity case would not materially change. It would still have to publish the references before the jury and present (what it alleges to be the) merits of why they invalidate one or more of the asserted patent claims. This process is not meaningfully simplified by a summary judgment order finding the references to be "printed publications." CommScope does not, in its Motion, identify how it believes having such an order would impact the invalidity portion of the trial.

TQ Delta, therefore, respectfully requests that the Court deny CommScope's Motion because it is procedurally improper under Rule 56(a).

### B. Alternatively, Material Issues of Fact Exist as to Whether the References Are "Printed Publication[s]" Under § 102

If the Court does arrive at the merits of CommScope's Motion, denial is still required. This is because material factual issues exist on the underlying facts as to whether the four references are "printed publications" under § 102. "When considering whether a given reference qualifies as a prior art 'printed publication,' the key inquiry is whether the reference was made 'sufficiently accessible to the public interested in the art' before the critical date." *Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1380 (Fed. Cir. 2012) (quoting *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989)). "A reference is considered publicly accessible if it was 'disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it.'" *Acceleration Bay, LLC v. Activision Blizzard, Inc.*, 908 F.3d 765, 772 (Fed. Cir. 2018) (quoting *Jazz Pharm., Inc. v. Ameal Pharm., Inc.*, 895 F.3d 1347, 1355 (Fed. Cir. 2018)). CommScope has failed in its burden to prove that the four references meet this public accessibility requirement of § 102.

CommScope first points to previous statements of the parties made in two pretrial orders filed in the Delaware litigation. Mot. at 5-6. But these statements concern the prior art status of certain references and "[w]hether a certain reference qualifies as prior art is a question of law." *Tristar Prods. v. Ocean State Jobbers, Inc.*, No. 17-1767 (RMB/MJS), 2021 U.S. Dist. LEXIS 132006, at *12 (D.N.J. July 15, 2021). This means that the statements are not binding and should be disregarded by the Court, as "legal conclusions may not be stipulated." *Gunn v. United States*, 283 F.2d 358, 364 (8th Cir. 1960).

7

The remainder of CommScope's evidence—which is comprised of only the references themselves and excerpts from the reports of two of CommScope's technical experts—does not satisfy CommScope's burden at summary judgment. *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008) ("[Defendant], having the ultimate burden of proving its defense of invalidity based on anticipating prior art, then has the burden of going forward with evidence that there is such anticipating prior art . . . ."). This is particularly true here, given the fact that the clear and convincing evidentiary standard is applicable. Therefore, on the merits, CommScope Motion should be denied.

### 1. TQ Delta's Prior Statements Should Not Be Considered Binding

The prior statements pointed to by CommScope should not be considered binding and should be disregarded, as they are statements that constitute conclusions of law. *See Saviano v. Commissioner*, 765 F.2d 643, 645 (7th Cir. 1985) ("The parties to a lawsuit are free to stipulate to factual matters. However, the parties may not stipulate to the legal conclusions to be reached by the court."). Whether a reference qualifies as statutory prior art is a question of law based on underlying facts. *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("Whether a reference was published prior to the critical date, and therefore is prior art, is a question of law based on underlying facts."). The parties' previous statements found in pretrial orders filed in the Delaware litigation that the various references are "prior art" do not bear on the issue. *See Swift & Co. v. Hocking Valley R. Co.*, 243 U.S. 281, 298 (1917) ("If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a subsidiary question of law."); *O'Connor v. City and Cnty. of Denver*, 894 F.2d 1210, 1225-26 (10th Cir. 1990)

("Parties may not stipulate the findings of fact upon which conclusions of law . . . are to be based.").

The one case CommScope cites to argue the contrary—*Google, Inc. v. Ben. Innovations, Inc.*—is inapposite. No. 2:11-cv-0229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824 (E.D. Tex. Aug. 21, 2014). That case did not involve prior statements on the issue of prior art status under § 102. *See id*. at *9. It, instead, dealt with allegations of direct patent infringement within a complaint, a form of pleading that requires allegations of "enough *factual* matter that, when taken as true, states a claim to relief that is plausible on its face." *Id*. (quoting *In re Bill Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (emphasis in original). Here, the subject matter of the statements is different and the court filing the statements are found in is of a different form. These material distinctions render *Google* no help to CommScope and the conclusion remains that the parties' previous statements should be seen as immaterial to the instant analysis. *See Provident Fin., Inc. v. Strategic Energy L.L.C.*, 404 F. App'x 835, 838 n.3 (5th Cir. 2010) ("[T]o the extent that the parties made erroneous stipulations on a question of law, we are not bound to accept those stipulations.").

### 2. CommScope Has Failed to Provide Sufficient Evidence of Public Accessibility

The remainder of the evidence CommScope supplies is likewise insufficient to carry its burden. CommScope's evidentiary failure for each of the four references—(1) the G.993.1 Standard; (2) the G.992.1 Standard; (3) LB-031; and (4) SC-60—are discussed individually below.

#### a. The G.993.1 Standard (Asserted Against Family 3)

In regard to the G.993.1 Standard, CommScope cites to (1) the standard itself and (2) excerpts from Dr. Wesel's opening invalidity report for Family 3. Mot. 6. A reference, in and of itself, is insufficient to prove the public accessibility requirement of § 102. *See ResQNet.com, Inc.*

9

*v Lansa, Inc.*, 594 F.3d 860, 865-66 (Fed. Cir. 2010) (agreeing with the district court that the mere existence of a user manual without evidence of publication or dissemination to the public was not sufficient to render it a "printed publication" under § 102(b)). If the excerpts from Dr. Wesel's Report are considered admissible evidence (a point TQ Delta disputes)[1], they, at most, stand for the proposition that one individual received a draft version of the G.993.1 Standard in an email and that unspecified "ITU documents" could—in some unspecified way—be made "effectively" available on the "TIES website." *See* Dkt. No. 343-11 (Exhibit K) at ¶¶ 319-320. Public accessibility requires much more. *See Gross Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.*, 739 F. Supp. 2d 1089, 119 (N.D. Ill. 2010) (concluding manuals did not qualify as printed publications, despite that there was evidence the manuals were used as sales tools and shown to customers, when there was no showing how an interested member of the public could have obtained a copy of the manual).

Thus, CommScope's own evidence is insufficient to entitle it to a summary judgment on the prior art status of the G.993.1 Standard. There is also the contrary evidence to consider. The June 2004 date CommScope purports to be the date on which the G.993.1 became publicly accessible is, in fact, the date on which the Standard was approved by an internal study group of the ITU-T. *See* Dkt. No. 343-5 (Exhibit E) at p. i (providing that the G.933.1 Standard "was

---

[1] The cited to portions of Dr. Wesel's Report are of inadmissible hearsay statements and "hearsay evidence cannot be considered on a motion for summary judgment." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). TQ Delta, accordingly, objects to the inclusion of this evidence within CommScope's Motion. The fact that Federal Rule of Evidence 703 permits, under certain conditions, an expert to rely on hearsay in forming his opinions does not cure the deficient nature of the evidence within the context of a summary judgment motion. *See Rawers v. United States*, 488 F. Supp. 3d 1059, 1105 (D.N.M. 2020) ("Although [at the summary judgment stage] . . . swearing to the contents of an expert report will cure the hearsay problem, it will not settle the hearsay issues that other declarants' hearsay statements in the expert report pose.").

*approved* on June 2004 by *ITU-T Study Group 15 . . . .*") (emphasis added); Exh. A, Cooklev Family 3 Rebuttal Invalidity Report at ¶¶ 405-408, and 424. In confirmation of this fact, the ITU-T's website shows that the G.993.1 Standard was first published or first made publicly available on October 24, 2005.[2] Notably, in the Delaware litigation, CommScope has made statements within its briefing that agree with this factual proposition: "The June 2004 version of the G.993.1 Recommendation was merely *approved* in June 2004 . . . . However, it was not *released to the public* until October 24, 2005 . . . ." Exh. B, Defendants' Answering Claim Construction Brief for the Family 6 Patents at p. 14.

In sum, even taken in isolation, CommScope's supplied evidence fails to entitle it summary judgment on the G.993.1 Standard, and this conclusion becomes all the truer when other contrary evidence is taken into consideration. There is at least the existence of a material factual issue as to whether the G.993.1 Standard was publicly available before the critical date for the Family 3 patents, which is October 12, 2004.

### b. The G.992.1 Standard (Asserted Against Family 6)

For the G.992.1 Standard, CommScope merely attaches the Standard itself to its Motion. As already explained, the reference, standing alone, is incapable of proving that it was publicly accessible. *See ResQNet.com*, 594 F.3d at 865-66; *In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978) (explaining that, when determining whether a reference is a "printed publication" under § 102(b), "[t]he date on which the public actually gained access to the invention by means of the publication is the focus of inquiry"). CommScope has, accordingly, failed to show that summary

---

[2] *See* https://www.itu.int/rec/T-REC-G.993.1-200406-I/en (showing that the G.993.1 Standard was first "posted" on October 24, 2005). This fact is supported by the copyright date listed on the G.993.1 standard, which is 2005. Dkt. No. 343-5 (Exhibit E) at p. ii.

11

judgment is appropriate for the G.992.1 Standard. It has not shown that the G.992.1 was publicly accessible before the critical date of March 3, 2004.

### c. LB-031 (Asserted Against Family 3)

A similar situation exists for the LB-031 reference; CommScope only attaches this reference to its Motion. That fact alone requires denial of summary judgment for this reference. But contrary evidence exists as well. ITU-T's own website explains that access to "Contributions" and "Temporary Documents" is restricted to only those with a "TIES account."[3] *See* Exh. C, ITU-T and TSB Documentation (available at https://www.itu.int/en/ITU-T/info/Pages/documentation.aspx). An inspection of the ITU-T's database for the documents related to the relevant study group, Study Group 15, confirms the non-public nature of the documents. *See* Exh. D, ITU-T Study Group 15 (available at https://www.itu.int/ITU-T/2001-2004/com15/index.asp) (displaying a lock icon next to the link for "Contributions"). Limiting access in such a manner forecloses a finding of public accessibility for this reference. *See Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 936 (Fed. Cir. 1990) (reports containing the restrictive legend "Reproduction or further dissemination is not authorized . . . not for public release" that were distributed to approximately fifty people or organizations involved in a project were not printed publications); *In re Klopfenstein*, 380 F.3d 1345, 1351 (Fed. Cir. 2004) ("protective measures" such as a disclaimer prohibiting copying of document indicates that a document is not publicly accessible). CommScope has not shown itself entitled to summary

---

[3] While CommScope labels LB-031 and SC-060 as "Contributions," the documents refer to themselves as "Temporary Document[s]." The ITU-T restricts access to both Contributions and Temporary Documents. But the two types of documents are distributed differently, in that, Contributions are "published and dispatched to the participants" registered in the relevant study group and Temporary Documents are only "distributed to the participants present." *See* Exh. C, ITU-T and TSB Documentation.

judgment on this reference because there is, at least, a factual issue as to whether LB-031 was publicly accessible prior to October 12, 2004.

### d. SC-060 (Asserted Against Family 6)

As the SC-060 reference is the same form of document as the LB-031 reference, the reasoning expressed in the section immediately above applies with the same force here. CommScope's evidence specific to SC-060, which is composed only of excerpts within Dr. McNair's Invalidity Report, does not change this conclusion. *See* Dkt. No. 343-12 (Exhibit L) at ¶¶ 318-319. Read under the most favorable light, all the quoted excerpts amount to is the proposition that SC-060 was (in some way) uploaded to the ITU-T's restricted document database and presented at a single private meeting. This does not constitute public access and denial of summary judgment in regard to this reference is appropriate as well. *See Northern Telecom*, 908 F.2d at 936; *In re Klopfenstein*, 380 F.3d at 1351; *In re Bayer*, 568 F.2d at 1358-59 (a graduate thesis was not a "printed publication" under § 102(b) because, while it was located in the university's library, it was not catalogued or placed on the shelves and only three faculty members knew about it). At least a factual issue exists as to whether SC-060 was publicly accessible prior to March 3, 2004.

## VII. CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that the Court denies CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 343).

Dated: January 6, 2023

                                                  Respectfully Submitted,

                                                  /s/ William E. Davis, III

                                                  William E. Davis, III
                                                  Texas State Bar No. 24047416
                                                  bdavis@davisfirm.com

        Christian J. Hurt
        Texas State Bar No. 24059987
        churt@davisfirm.com

        Rudolph "Rudy" Fink IV
        Texas State Bar No. 24082997
        rfink@davisfirm.com

        Edward Chin
        Texas State Bar No. 50511688
        echin@davisfirm.com

        Ty Wilson
        Texas State Bar No. 24106583
        twilson@davisfirm.com

        **THE DAVIS FIRM PC**
        213 N. Fredonia Street, Suite 230
        Longview, Texas 75601
        Telephone: (903) 230-9090
        Facsimile: (903) 230-9661

        Peter J. McAndrews
        (Pro hac vice)
        pmcandrews@mcandrews-ip.com

        Rajendra A. Chiplunkar
        (Pro hac vice)
        rchiplunkar@mcandrews-ip.com

        **MCANDREWS, HELD & MALLOY, LTD.**
        500 West Madison St., 34th Floor
        Chicago, IL 60661
        Telephone: (312) 775-8000
        Facsimile: (312) 775-8100

        **ATTORNEYS FOR PLAINTIFF**
        **TQ DELTA, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 6, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III
