# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>  *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>  *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**TQ DELTA'S RESPONSE TO COMMSCOPE'S MOTION TO EXCLUDE CERTAIN UNRELIABLE OPINIONS OF PLAINTIFF'S EXPERT DR. VIJAY MADISETTI**

I. **INTRODUCTION**

Commscope asks this Court to strike "paragraphs 69-73 of Dr. Madisetti's Family 6 rebuttal expert report on validity" because allegedly in these paragraphs "Dr. Madisetti provides his own claim construction for the term," "flag signal" and then allegedly "applies his own claim construction rather than this Court's construction of 'flag signal.'" Doc. 342 at p. 1. Commscope mischaracterizes Dr. Madisetti opinions. In the cited paragraphs, Dr. Madisetti merely evaluates the claimed "flag signal" and its advantages as compared to the asserted prior art. The Court should deny Commscope's motion.

II. **ARGUMENT**

The challenged paragraphs of Dr. Madisetti's expert report do not attempt, and on the stand Dr. Madisetti will not attempt, to change or ignore the Court's claim constructions; rather, the challenged paragraphs appropriately explain how a person of skill in the art at the time of the invention would evaluate the scope of the "flag signal" term of the asserted claim as construed by the Court when compared to the prior art. The Court construed "flag signal" as a "signal used to indicate when an updated FIP setting is to be used (the signal does not include the FEC codeword counter value upon which the updated FIP setting is to be used)." Dkt. No. 169 at 91. This construction has a "positive portion" preceding the parenthetical and a "negative portion" in the parenthetical. As explained in more detail below, the challenged paragraphs of Dr. Madisetti's report focus on the "positive portion" of the construction and explain why the prior art does not disclose a "signal used to indicate when an updated FIP setting is to be used" but, instead, disclose messages containing data or information specifying when updated settings should be used. The challenged paragraphs also appropriately explain the disadvantages associated with the prior art messages that must be decoded in order for the device receiving the message to know when to switch to the updated FIP setting. Commscope's motion should be denied.

1

### A. Paragraph 69 of the Madisetti Rebuttal Report Should not be Stricken

Paragraph 69 provides:

> Additionally, the DRA_Swap_Request and DRA_Swap_Reply messages are not "flag signals," i.e., "signals used to indicate . . . ." Specifically, a POSITA would understand a flag signal to be a signal that has no information and where the information is derived from the context in which it is transmitted. For example, it is universally known that a white flag waved in a battle is a signal indicating surrender, while the same white flag waved in a Nascar® race is a signal indicating the last lap of the race. The flag signal only indicates; it contains no information. Not containing information and, instead, serving as an indicator from context is what makes a flag signal superior to a message. In the smoke of a battlefield, the surrendering party would not want to rely on his opponent being able to read "I surrender" on the flag. At 200 mph, a Nascar® driver would not be able to reliably read "this is the last lap."

Dkt. No. 342-3 at ¶69. In this paragraph, Dr. Madisetti explains how a person of ordinary skill in the art would evaluate the Court's construction of flag signal when compared to the prior art. And there is nothing improper in doing this comparison. *See e.g., Epistar Corp. v. Lowes Companies, Inc.*, 2020 WL 771096, at *12 (C.D. Cal. Feb. 11, 2020) (noting that there is nothing wrong with an expert "explaining how a person of skill in the art at the time of the invention would evaluate the scope of the claims when compared to the prior art."). The Court's construction for flag signal includes the phrase "signal used to indicate." In contrast, the DRA_Swap_Request and DRA_Swap_Reply messages of the asserted prior art reference, G.992.1, are messages containing information that specifies when the switch to new settings should occur. Dr. Madisetti's opinion in this paragraph merely sets forth this distinction. This paragraph also explains, by analogy to a white flag, the advantage of not having to decipher textual message information but, instead, understanding the information indicated by a flag signal from context.

### B. Paragraph 70 of the Madisetti Rebuttal Report Should not be Stricken

Paragraph 70 provides:

> The DRA_Swap_Request and DRA_Swap_Reply messages are not indicators. Rather, they contain information about the timing of parameter changes that must

2

be decoded in order for both transceivers to coordinate changes to FIP settings. But, problematically, FIP settings are typically changed when significant channel impairments arise (e.g., increased noise or attenuation). Thus, because these messages do not indicate, but instead contain information, these messages are not reliable.

In this paragraph, Dr. Madisetti explains why a POSITA would understand that the DRA_Swap_Request and DRA_Swap_Reply messages are not "flag signal[s]." Dr. Madisetti explains that because the DRA_Swap_Request and DRA_Swap_Reply messages include information that specifies when to switch, they are not reliable and are therefore distinguishable from a flag signal that "indicates" when to perform the switch. Again there is nothing wrong with Dr. Madisetti "explaining how a person of skill in the art at the time of the invention would evaluate the scope of the claims when compared to the prior art." *Epistar Corp., Inc.*, 2020 WL 771096, at *12. There is also nothing improper in Dr. Madisetti's explanation of the disadvantages of the prior art.

### C. Paragraph 71 of the Madisetti Rebuttal Report Should not be Stricken

Paragraph 71 provides:

The flag signal disclosed and claimed in the Family 6 patents is able to serve as an indication of the timing of a switch because of the context in which it is transmitted: it is preceded by "a message indicating . . . the new FIP settings." 835 patent at 19:19-20. "[A]t the predefined change time following the reception of the flag signal, the receiver commences reception utilizing the new FIP parameters." *Id.* at 19:25-27. The patent specification further explains that "the flag signal could be an inverted sync symbol, or sync FLAG, as used in the ADSL2 G.992.3 OLR protocol." *Id*. at 12:29-31. This example further confirms my opinion that a flag signal is required to be a signal that has no information and where the information is derived from the context in which it is transmitted. Specifically, the ADSL2 sync Flag is a signal that is transmitted to indicate a switch to a new configuration or power-state. *See* G.992.3 at §10 (Dynamic behavior). The same signal is transmitted with no different information, however the resulting behavior is based on the preceding messages or context.

In this paragraph Dr. Madisetti merely explains that the disclosure of the patent confirms his opinion that a flag signal does not include information. Dr. Madisetti also explains that a

3

POSITA would understand that a flag signal indicates information by way of the context in which it is transmitted.

### D. Paragraph 72 of the Madisetti Rebuttal Report Should not be Stricken

Paragraph 72 provides:

In contrast, the DRA_Swap_Request and DRA_Swap_Reply messages include information and are specific to the particular rate adaptation. Specifically, the DRA_Swap_Request message includes command C016 and the DRA_Swap_Reply message includes command C016. They also include the SFR value that specifies the superframe boundary. Accordingly, they are not flag signals because they include information that must be decoded in order to specify the timing of parameter changes.

In this paragraph Dr. Madisetti explains that the DRA_Swap_Request and DRA_Swap_Reply messages do not "indicate" when the switch is to occur but, instead, specify when a switch should occur by including this information (data commands and values that must be decoded).

## III. CONCLUSION

For the foregoing reasons, the Court should deny Commscope's request to strike Dr. Madisetti's opinions.

Dated: January 6, 2023

/s/ Rajendra A. Chiplunkar w/ permission
William E. Davis III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com
Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com
Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
***Counsel for Plaintiff TQ Delta, LLC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 6, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III
