# EXHIBIT 5

Trials@uspto.gov  Paper 13
571-272-7822  Entered: December 13, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

COMMSCOPE, INC.,
Petitioner,

v.

TQ DELTA, LLC,
Patent Owner.

_____

Case IPR2022-01443
Patent 8,462,835 B2

_____

Before KARL D. EASTHOM, ROBERT J. WEINSCHENK, and
KARA L. SZPONDOWSKI, *Administrative Patent Judges*.

EASTHOM, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314*
Denying Motion for Joinder
*35 U.S.C. § 315(c); 37 C.F.R. § 42.122*

IPR2022-01443
Patent 8,462,835 B2

## I. INTRODUCTION

CommScope, Inc. ("CommScope" or "Petitioner") filed a Petition (Paper 2, "Pet.") requesting an *inter partes* review of claims 8–10, 15, 24–26, and 31 of U.S. Patent No. 8,462,835 B2 (Ex. 1001, "the '835 patent"). Petitioner also filed a Motion for Joinder (Paper 3, "Motion" or "Mot.") requesting that Petitioner be joined to the *inter partes* review in IPR2022-00471 ("the '471 IPR"), which was filed by Nokia of America Corp. ("Nokia").  TQ Delta, LLC ("Patent Owner") filed an Opposition to the Motion for Joinder (Paper 7, "Opp."), Petitioner filed a Reply to the Opposition (Paper 9, "Pet. Reply"), and Patent Owner filed a Preliminary Response to the Petition (Paper 11) and a Sur-reply to Petitioner's Reply (Paper 12).

For the reasons set forth below, the Petition is not timely under 35 U.S.C. § 315(b).  Accordingly, the Petition is denied.

## II. ANALYSIS

Under § 315(b), an *inter partes* review "may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent."

Petitioner states that it previously filed a petition challenging claims of the '835 patent in IPR2022-00352 ("the '352 IPR"), which was denied as time-barred under § 315(b).  Pet. 4.  Nokia—the petitioner in the '471 IPR to which CommScope seeks to join—also acknowledges the '352 IPR and states that its petition in the '471 IPR is a "Copycat Petition" of the '352 IPR petition that "challenges the same claims based on the same grounds and prior art as the CommScope [p]etition."  IPR2022-00471, Paper 2, 1.

2

IPR2022-01443
Patent 8,462,835 B2

Here, Petitioner states that "[t]his Petition is a copycat to the [p]etition filed by Nokia . . . in IPR2022-00471 and includes the exact same grounds." Pet. 4. In the Motion, Petitioner further states that "[t]he grounds in the instant Petition—and evidence upon which they rely—are identical to the grounds in the Nokia IPR petition." Mot. 3. In other words, the Petition in this proceeding is a copycat of Nokia's petition in the '471 IPR, which is a copycat of Commscope's first (time-barred) petition in the '352 IPR.

Petitioner asserts that "the Board *discretionarily denied* institution on the 2021 CommScope Petition [in the '352 IPR], finding the petition time-barred under 35 U.S.C. § 315(b) because 2Wire, a real party in interest, was statutorily barred from participating in the *inter partes* review." Mot. 4 (emphasis added). Contrary to this characterization, the Board did not "discretionarily" deny institution of the '352 IPR, because application of the time bar under 35 U.S.C. § 315(b) is not discretionary, it is statutorily based on certain findings. *See, e.g.*, *Thryv, Inc. v. Click-To-Call Technologies, LP*, 140 S.Ct. 1367, 1373 (2020) ("Section 315(b)'s time limitation is integral to, indeed a condition on, institution."). In particular, the Board denied institution of CommScope's first petition, holding it time-barred under § 315(b) based on the finding that prior to filing its first petition, CommScope acquired a time-barred entity, 2Wire, Inc., and the acquisition rendered 2Wire, Inc. a real party-in-interest and privy. *See* IPR2022-00352, Paper 13 (denial of institution), 7–9, 12–16; Pet. 4–5; *see also* Opp. 7, 1–3 (Patent Owner discussing CommScope's "first petition" and the "copycat" Petition involved here).

In this proceeding, Petitioner relies on its request to join the '471 IPR to avoid the time bar in § 315(b). Pet. 68 ("[B]ecause CommScope will file

3

IPR2022-01443
Patent 8,462,835 B2

a motion for joinder with the Nokia IPR, the time-bar set forth in 35 U.S.C. § 315(b) does not apply to this petition."). However, the Board terminated the '471 IPR based on settlement between the parties, noting the Board's policy goal of fostering settlements. IPR2022-00471, Paper 41. There is no pending proceeding in the '471 IPR for Petitioner to join. As a result, Petitioner's request to join the '471 IPR is denied.

Further, we effectively maintain the Board's holding that CommScope's first petition remains time-barred. For the same reasons, the Petition in this proceeding is also time-barred, and institution is denied. *See* IPR2022-00352, Paper 13.

### III. CONCLUSION

The Motion for Joinder is denied because the '471 IPR already has been terminated, and the Petition is denied because it was not filed within the time period set forth in § 315(b).

### IV. ORDER

In consideration of the foregoing, it is hereby

ORDERED that the Motion for Joinder is *denied*; and

FURTHER ORDERED that the Petition is *denied*, and no trial is instituted.

4

IPR2022-01443
Patent 8,462,835 B2

PETITIONER:

Sanjeet Dutta
Andrew Ong
GOODWIN PROCTER LLP
sdutta@goodwinlaw.com
aong@goodwinlaw.com


PATENT OWNER:

Peter McAndrews
David Petty
McANDREWS, HELD & MALLOY LTD
pmcandrews@mcandrews-ip.com
dpetty@mcandrews-ip.com

Christian Hurt
THE DAVID FIRM PC
churt@bdavisfirm.co

5