# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>       *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRIOR ART STATUS (Dkt. No. 375)**

## TABLE OF CONTENTS

                                                                                **Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. CommScope's Motion Is Procedurally Proper. ...................................................... 1

    B. TQ Delta Admitted That the References Qualify as Prior Art. ............................... 4

III. CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
  288 F. Supp. 2d 590 (D. Del. 2003) ............................................................................................. 2

*Durham v. Allstate Vehicle & Prop. Ins. Co.*,
  No. CV H-17-1752, 2019 U.S. Dist. LEXIS 134904 (S.D. Tex. Jan. 4, 2019) ........................ 3

*Edwards v. Hartford Underwriters Ins. Co.*,
  No. 1:18-CV-370, 2019 U.S. Dist. LEXIS 191843 (E.D. Tex. Oct. 18, 2019) ........................ 3

*Fractus, SA v. AT&T Mobility LLC*, No. 2-18-cv-00135-JRG, Dkt. No. 662 (E.D.
  Tex. Sept. 16, 2019) ................................................................................................................ 2

*Gatt Trading, Inc. v. Sears, Roebuck & Co.*,
  No. CIV.A.3:02-CV-1573-B, 2004 U.S. Dist. LEXIS 22550 (N.D. Tex. Nov. 8,
  2004) ....................................................................................................................................... 3

*Google, Inc. v. Ben. Innovations, Inc.*,
  No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824 (E.D. Tex. Aug.
  21, 2014) ................................................................................................................................. 4

*In re Klopfenstein*,
  380 F.3d 1345 (Fed. Cir. 2004) ............................................................................................... 3

*Little v. Lower Bucks Servs., Inc.*,
  No. 2:17-cv-03446-AB, 2019 U.S. Dist. LEXIS 30084 (E.D. Pa. Feb. 26, 2019) .................. 2

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
  No. 09-80-LPS, 2016 U.S. Dist. LEXIS 154520 (D. Del. Oct. 31, 2016) ............................... 2

*Mobile Equity Corp. v. Walmart Inc.*,
  No. 2:21-cv-00126-JRG-RSP, Dkt. No. 380 (E.D. Tex. Sept. 29, 2022) ................................ 1

*Navico Inc. v. Garmin Int'l, Inc.*,
  No. 2:16-CV-00190-JRG-RSP, 2017 U.S. Dist. LEXIS 139806 (E.D. Tex. July
  28, 2017) ................................................................................................................................. 2

*Samuels v. Arnold*,
  No. 11-cv-0201, 2012 U.S. Dist. LEXIS 171382 (W.D. La. Nov. 19, 2012) .......................... 2

*In re Seaspan Int'l Ltd.*,
  172 F. Supp. 2d 1314 (W.D. Wash. 2001) .............................................................................. 3

*Sebastian Int'l, Inc. v. Russolillo*,
  151 F. Supp. 2d 1215 (C.D. Cal. 2001) ................................................................................... 3

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
    511 F.3d 1186 (Fed. Cir. 2008) .................................................................................................3

*System Mgmt. Arts v. Avesta Techs., Inc.*,
    87 F. Supp. 2d 258 (S.D.N.Y. 2000) ..........................................................................................2

*Transocean Offshore Deepwater Drilling, Inc. v. Globalsantafe Corp.*,
    443 F. Supp. 2d 836 (S.D. Tex. 2006) .......................................................................................2

*Welsh v. Rockmaster Equip.*,
    47 F. Supp. 2d 818 (E.D. Tex. 1999) .........................................................................................3

**Statutes**

35 U.S.C. § 102 ............................................................................................................................1, 3

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................................1

Fed. R. Civ. P. 56(a) .......................................................................................................................2

Fed R. Civ. P. 56(c) ........................................................................................................................3

I.  INTRODUCTION

TQ Delta already admitted that the G.993.1 Standard, the G.992.1 Standard, the LB-031 Contribution, and the SC-060 Contribution qualify as prior art under 35 U.S.C. § 102 to the very same patents at issue in this case. Thus, summary judgment regarding their prior-art status is appropriate. But TQ Delta seeks to escape its own unequivocal admissions to the Delaware court by making two arguments. *First*, TQ Delta contends that CommScope's motion is not appropriate for summary judgment because it "does not resolve a claim or defense." Resp. at 6. But that argument is inapt because, under Rule 56, summary judgment can also be appropriate for, as here, "***part of*** each claim or defense." Indeed, this Court and others have regularly resolved at the summary judgment stage questions of whether references qualify as prior art. *Second*, TQ Delta argues that its admissions to the Delaware court "should not be considered binding and should be disregarded" by this Court. *Id.* at 8.[1] To that end, TQ Delta does not dispute (nor could it) that it indeed admitted the prior-art status of the references in the Delaware court, but instead argues merely that those admissions "do not bear on the issue" here, without explaining how or why. *Id*. This Court should grant summary judgment that the cited references qualify as prior art.

II.  ARGUMENT

   A.  CommScope's Motion Is Procedurally Proper.

TQ Delta argues that CommScope's motion for partial summary judgment as to the status of prior art is procedurally improper. TQ Delta is incorrect.[2] This Court has previously evaluated

---

[1] TQ Delta's Response also addresses the individual prior art references themselves. *See* Resp. at 9-13. Those arguments are irrelevant because they are not the basis for CommScope's motion. The basis is TQ Delta's prior judicial admissions on the exact same subject matter.

[2] TQ Delta cites *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, Dkt. No. 380 (E.D. Tex. Sept. 29, 2022). TQ Delta's counsel was counsel for Mobile Equity in that proceeding, and seems to rely on information not publicly available on the docket. Judge Payne's Report and Recommendation states: "During the hearing, Walmart withdrew the motion as to references 4-9 above. As to the remaining references, there does not appear to be a dispute between the parties as to

1

whether a prior art reference qualifies as prior art at the summary judgment stage. *See, e.g.*, *Fractus, SA v. AT&T Mobility LLC et al.*, No. 2-18-cv-00135-JRG, Dkt. No. 662 at 5 (E.D. Tex. Sept. 16, 2019) ("X. T-Mobile, Verizon, and CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status; (Dkt. No. 338) This motion is Granted. (Dkt. No. 647 at 250:7-19.)"); *see also Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 U.S. Dist. LEXIS 139806, at *12 (E.D. Tex. July 28, 2017) ("The Court RECOMMENDS Navico's Motion for Partial Summary Judgment (#2) [Dkt. # 102] be GRANTED IN PART. Specifically, Navico's Motion should be GRANTED as to the [prior art references] because they were not sufficiently publicly accessible prior to the critical date."). Other courts have also considered the status of prior art at the summary judgment stage. *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, No. 09-80-LPS, 2016 U.S. Dist. LEXIS 154520, at *55-57 (D. Del. Oct. 31, 2016); *Transocean Offshore Deepwater Drilling, Inc. v. Globalsantafe Corp.*, 443 F. Supp. 2d 836, 845 (S.D. Tex. 2006); *see also System Mgmt. Arts v. Avesta Techs., Inc.*, 87 F. Supp. 2d 258, 262-70 (S.D.N.Y. 2000); *ADE Corp. v. KLA-Tencor Corp.*, 288 F. Supp. 2d 590, 594 (D. Del. 2003).

Indeed, determining that these references qualify as prior art is appropriate for summary judgment because the matter relates to a "part of [a] claim or defense," namely, a part of CommScope's invalidity defense.[3] Fed. R. Civ. P. 56(a). Using the summary judgment process to

---

whether they qualify under the statute. However, the Court finds that this is not the proper procedural vehicle for the relief sought." Dkt. No. 380 at 1. The transcript of the referenced hearing is not yet available to the public. Without the ability to understand the nature of the relief sought, as developed during the hearing, CommScope relies on the developed case law that is available.

[3] The cases TQ Delta cites on page four of its Response are inapposite. In *Samuels v. Arnold*, No. 11-cv-0201, 2012 U.S. Dist. LEXIS 171382, at *5 (W.D. La. Nov. 19, 2012), the moving party did "not even establish an element of the underlying claim." Likewise, in *Little v. Lower Bucks Servs., Inc.*, No. 2:17-cv-03446-AB, 2019 U.S. Dist. LEXIS 30084, at *1 (E.D. Pa. Feb. 26, 2019), the issue "would not dispose of all or part of a 'claim or defense,'" and therefore was inappropriate for summary judgment. Similarly, each of the cases TQ Delta cites on page five of its Response relate to a motion for summary judgment as to a fact that does not constitute "a part of a claim or defense." Fed. R. Civ. P. 56(a). Unlike each of those cases, granting CommScope's motion here *would* resolve

resolve that issue is especially important in this case since the trial will involve *seven different patent families*. It is in the Court's and the parties' interest to resolve any suitable issues to streamline the trial presentations.[4] *See Edwards v. Hartford Underwriters Ins. Co.*, No. 1:18-CV-370, 2019 U.S. Dist. LEXIS 191843, at *9 (E.D. Tex. Oct. 18, 2019) ("[N]umerous courts have held that a district court may grant summary judgment on specific issues without granting summary judgment as to the entire cause of action in order to narrow the issues presented at trial." (citing *Gatt Trading, Inc. v. Sears, Roebuck & Co.*, No. CIV.A.3:02-CV-1573-B, 2004 U.S. Dist. LEXIS 22550, at *19 n.12 (N.D. Tex. Nov. 8, 2004); *Welsh v. Rockmaster Equip.*, 47 F. Supp. 2d 818, 820 (E.D. Tex. 1999); *Sebastian Int'l, Inc. v. Russolillo*, 151 F. Supp. 2d 1215, 1217 (C.D. Cal. 2001); *In re Seaspan Int'l Ltd.*, 172 F. Supp. 2d 1314, 1320 (W.D. Wash. 2001); and *Durham v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-17-1752, 2019 U.S. Dist. LEXIS 134904, at *3-4 (S.D. Tex. Jan. 4, 2019))).

Still further, a ruling that CommScope's references qualify as printed publications is a question of law that this Court may properly decide at the summary judgment stage. *See SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008) ("Whether an anticipatory document qualifies as a 'printed publication' under § 102 is a legal conclusion based on underlying factual determinations." (citation omitted)). "Where no facts are in dispute,"—as here, based on TQ Delta's prior admissions—"the question of whether a reference represents a 'printed publication' is a question of law." *In re Klopfenstein*, 380 F.3d 1345, 1347 (Fed. Cir. 2004). Accordingly, summary judgment is the proper vehicle to resolve these disputes and streamline the issues for trial.

---

"part of a claim or defense," namely, part of CommScope's invalidity defense.

[4] TQ Delta argues that "it is not clear how an order granting CommScope's Motion would impact trial," and that granting the Motion "would not materially change" CommScope's defense at trial. Resp. at 6. It should be readily apparent that resolving this issue now would impact the trial because CommScope would not need to prove a matter that TQ Delta has already admitted.

3

### B. TQ Delta Admitted That the References Qualify as Prior Art.

TQ Delta seeks to avoid its own judicial admissions that the subject references qualify as prior art to the very same patents.[5] Notably, Rule 56(c) expressly invites citations to "stipulations" and "admissions" in support of a motion for summary judgment. Fed. R. Civ. P. 56(c). CommScope did just that, citing and attaching to its motion TQ Delta's judicial admissions in Delaware stipulating to the prior-art status of the pertinent references.

In relying on a series of inapposite cases, TQ Delta asserts that a party cannot be bound by "statements that constitute conclusions of law." Resp. at 8. But that is not what occurred here. TQ Delta's admissions in Delaware were based on *facts*—the very same facts that are involved here. Thus, CommScope is appropriately asking that this Court accept those facts via the associated admissions that the references qualify as prior art. Mot. at 5–6. Consideration of such admissions is entirely proper. *See, e.g.*, *Google, Inc. v. Ben. Innovations, Inc.*, No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824, *9 (E.D. Tex. Aug. 21, 2014) (determining that admitted factual allegations that are "closely intertwined with the ultimate legal conclusion" are properly considered admissions (citing *Cont'l Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1295 (5th Cir. 1971) ("As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein.")). In opposing this motion, TQ Delta is not relying on, for example, new evidence that only came to its attention after its admissions. Rather, TQ Delta made its admissions based on the facts regarding the references' priority dates and public availability—the same facts at issue in this case. TQ Delta should therefore be bound by its prior

---

[5] TQ Delta's motion for summary judgment for collateral estoppel (Dkt. No. 348) seeks to bind CommScope to the outcomes of the very cases in which TQ Delta made those admissions. As opposed to those outcomes, however, here TQ Delta made clear admissions of fact.

admissions. And because TQ Delta has admitted that these references qualify as prior art, this is not an issue that need be presented to the jury at trial. The Court should grant partial summary judgment.

### III. CONCLUSION

For the reasons set forth above, CommScope respectfully requests that the Court grant CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status.

Dated this 17th day of January, 2023

Respectfully submitted,

By: /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*
*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: *katherine.rubschlager @alston.com*
Telephone: 650-838-2004
Facsimile: 650-838-2001

***Attorneys for Defendants
CommScope Holding Company, Inc,
CommScope Inc., ARRIS US Holdings, Inc.,
ARRIS Solutions, Inc., ARRIS Technology,
Inc., and ARRIS Enterprises, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th of January, 2023, I electronically filed the foregoing COMMSCOPE'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRIOR ART STATUS (Dkt. No. 375) with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

*/s/ Eric H. Findlay*
Eric H. Findlay