# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>       *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**REPLY IN SUPPORT OF COMMSCOPE'S MOTION TO
EXCLUDE CERTAIN UNRELIABLE OPINIONS OF
<u>PLAINTIFF'S EXPERT DR. VIJAY MADISETTI (DKT. NO. 342)</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

III. CONCLUSION ................................................................................................................... 5

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 13-cv-1112-JRG, 2015 WL 4944514 (E.D. Tex. Aug. 19, 2015) ........................................3

*Epistar Corp. v. Lowes Companies, Inc.*,
  No. LA CV17-03219 JAK (KSx), 2020 WL 771096, at *12
  (C.D. Cal. Feb. 11, 2020)..................................................................................................2, 4

*Salazar v. HTC Corp.*,
  No. 2:16-CV-01096-JRG-RSP, 2018 WL 1992417 (E.D. Tex. Apr. 27, 2018)........................4

**RULES**

Federal Rule of Evidence 702..........................................................................................................2, 4

**I.      INTRODUCTION**

The Court should strike Dr. Madisetti's opinions (paragraphs 69–73 of his invalidity report) that provide and rely on an improper construction of the term "flag signal." TQ Delta's argument to the contrary—that "Dr. Madisetti merely evaluates the claimed 'flag signal' and its advantages" (Dkt. No. 381, Resp. at 1)—is irreconcilable with a plain reading of his report and the Court's construction of the term.

The core of Dr. Madisetti's opinions is that a "flag signal" cannot contain message data or other information. But that was the same position TQ Delta had asserted in its proposed construction of "flag signal," which the Court rejected when it adopted the same construction that Judge Andrews had adopted in Delaware. *Compare* Dkt. No. 169 at 87, 90 (TQ Delta proposing that the flag signal "does not contain message data" (at 87) and "does not include information" (at 90)), *with id*. at 91 (Court's construction that the flag signal "does not include the FEC codeword counter value upon which the updated FIP setting is to be used"). Undeterred, TQ Delta's Response doubles down on Dr. Madisetti's inappropriate opinions, arguing that "Dr. Madisetti merely explains that the disclosure of the patent confirms *his opinion* that a flag signal *does not include information*." Dkt. No. 381, Resp. at 3 (emphasis added). Again, that is ***not*** the Court's construction.[1]

Thus, Dr. Madisetti's opinions cannot stand. They do not, as TQ Delta asserts, merely describe a POSITA's understanding of the Court's construction. Instead, they directly contradict the Court's construction by conveying Dr. Madisetti's own opinion. The Court should grant

---

[1] On page 1 of the Response, TQ Delta assures the Court that "Dr. Madisetti will not attempt[] to change or ignore this Court's claim constructions." But TQ Delta has already broken that promise, as just 2 pages later (on page 3 of the Response), TQ Delta reiterates "his [Dr. Madisetti's] opinion that a flag signal does not include information." Dr. Madisetti's opinions should be stricken, leaving no doubt that Dr. Madisetti cannot contradict or undermine this Court's pronouncements.

1

CommScope's motion to exclude.

## II. ARGUMENT

Dr. Madisetti's opinions relating to the "flag signal" term are unreliable and should be excluded under *Daubert* and Federal Rule of Evidence 702 because they fail to apply the Court's construction of "flag signal."

Citing a single unreported out-of-circuit decision, TQ Delta attempts to salvage Dr. Madisetti's unreliable opinions by arguing that "Dr. Madisetti explains how a person of skill in the art would evaluate the Court's construction of flag signal when compared to the prior art." Dkt. No. 381, Resp. at 2 (citing *Epistar Corp. v. Lowes Companies, Inc.*, No. LA CV17-03219 JAK (KSx), 2020 WL 771096, at *12 (C.D. Cal. Feb. 11, 2020)). But that is not what Dr. Madisetti has done. He is not merely explaining how one would evaluate the Court's construction of "flag signal" when compared to the prior art.[2] Instead, Dr. Madisetti has attempted to construe "flag signal" under his own construct, based on his review of the patent specification, and he applies his own view—a view that tracks a construction that the Court rejected during the claim construction process. As discussed on a paragraph-by-paragraph basis below, Dr. Madisetti's opinions are improper and inadmissible, and should be excluded from the upcoming jury trial.

***Paragraph 69.*** Paragraph 69 recites Dr. Madisetti's opinions that "a POSITA would understand a flag signal to be a signal that has no information," and that the claimed "flag signal only indicates; it contains no information." TQ Delta defends these opinions by asserting: "The

---

[2] The *Epistar* decision actually contradicts TQ Delta's position in this case. In that case, the district court permitted the expert to opine on whether base structures in the prior art possessed the same engineering properties as the claimed "substrate," but only to the extent those opinions did not insert claim limitations from the specification into the claim or exceed the scope of issues raised during claim construction. 2020 WL 771096, at *12. Where the expert's opinion ventured into claim construction, for example by adding a requirement that a substrate be "electrically isolated," the court precluded the expert from offering testimony on the opinion at trial. *Id*.

2

Court's construction for flag signal includes the phrase 'signal used to indicate.' In contrast, the DRA_Swap_Request and DRA_Swap_Reply messages of the asserted prior art reference, G.992.1, are ***messages containing information that specifies when the switch to new settings should occur***. Dr. Madisetti's opinion in this paragraph merely sets forth this distinction." Dkt. No. 381, Resp. at 2 (emphasis added). TQ Delta mischaracterizes Dr. Madisetti's actual opinion, which is that the "flag signal" "contains no information" at all. Dkt. No. 342, Ex. 1 (Madisetti Reb. Rpt.) ¶ 69. Furthermore, even if one interprets Dr. Madisetti's opinions more narrowly as TQ Delta has done, the distinction that Dr. Madisetti identifies over the prior art messages in G.992.1 is based on the same construction of "flag signal" that TQ Delta proposed during the claim construction process and that the Court refused to adopt. *See* Dkt. No. 169 at 87 (TQ Delta proposing negative limitation that "the signal ***does not contain message data indicating when the updated FIP setting / interleaver parameter value is to be used***") (emphasis added). In other words, Dr. Madisetti's opinion is nothing more than an attempt to recapture a rejected claim construction position. That is not permitted, particularly at trial in front of a jury. *See, e.g.*, *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 13-cv-1112-JRG, 2015 WL 4944514, at *4 (E.D. Tex. Aug. 19, 2015) (precluding experts from "providing any opinions based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected"). The Court should take the same approach here.

***Paragraph 70.*** In this paragraph, Dr. Madisetti opines that the G.992.1 messages are not "flag signals" because "they contain information about the timing of parameter changes that must be decoded in order for both transceivers to coordinate changes to FIP settings." Dkt. No. 342, Ex. 1 (Madisetti Reb. Rpt.) ¶ 70. He then opines that "because these messages do not indicate, but instead contain information, these messages are not reliable." *Id*. TQ Delta defends these opinions

3

by citing *Epistar* (again) and arguing that Dr. Madisetti's opinions are proper because he is merely explaining the alleged advantages of the claimed invention over the prior art. *See* Dkt. No. 381, Resp. at 3. But that characterization is incorrect. Dr. Madisetti instead has applied his own construction of "flag signal" (not the Court's) in order to opine that the G.992.1 messages do not qualify. Thus, once again his opinions are inappropriate and unreliable under Rule 702 and *Daubert*.

**Paragraph 71.** In paragraph 71 of his report, Dr. Madisetti cites a portion of the '835 Patent specification and concludes that "[t]his example further confirms ***my opinion*** that a flag signal is ***required to be a signal that has no information*** and where the information is derived from the context in which it is transmitted." Dkt. No. 342, Ex. 1 (Madisetti Reb. Rpt.) ¶ 71 (emphasis added). TQ Delta defends these improper opinions by reiterating them, arguing that, "In this paragraph Dr. Madisetti merely explains that the disclosure of the patent confirms ***his opinion that a flag signal does not include information***." Dkt. No. 381, Resp. at 3 (emphasis added). The opinions in this paragraph are clearly improper. Dr. Madisetti provides his own interpretation of "flag signal" based on the patent's intrinsic record—a task that is, of course, claim construction, which is exclusively reserved for the Court. *See, e.g.*, *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1992417, at *1 (E.D. Tex. Apr. 27, 2018) (excluding expert testimony that "construes the [claim] term to have a different meaning based on the [patent's] intrinsic record, which is *not* permissible (since it would be claim construction reserved for the Court)" (emphasis in original)).

**Paragraph 72.** In paragraph 72, Dr. Madisetti again opines that the G.992.1 messages "include information" and for that reason do not qualify as flag signals. Dkt. No. 342, Ex. 1 (Madisetti Reb. Rpt.) ¶ 72. He then concludes: "Accordingly, they are not flag signals because

4

*they include information* that must be decoded in order to specify the timing of parameter changes." *Id*. (emphasis added). TQ Delta responds that, in paragraph 72, "Dr. Madisetti explains that the DRA_Swap_Request and DRA_Swap_Reply messages do not 'indicate' when the switch is to occur but, instead, *specify when a switch should occur by including this information* (data commands and values that must be decoded)." Dkt. No. 381, Resp. at 4 (emphasis added).[3] Again, TQ Delta already proposed this view to the Court during claim construction, but lost. TQ Delta and Dr. Madisetti should not be permitted to reraise their failed argument in front of the jury.

**Paragraph 73.** TQ Delta does not address this paragraph, which summarizes Dr. Madisetti's analysis in paragraphs 69–72. Paragraph 73 should be excluded for the same reasons.

## III. CONCLUSION

For the foregoing reasons and those set forth in CommScope's opening brief (Dkt. No. 342), CommScope respectfully requests that the Court preclude Dr. Madisetti from presenting at trial any opinions that contravene or are inconsistent with this Court's claim construction of "flag signal." In particular, the Court should specifically exclude the opinions set forth in paragraphs 69–73 of Dr. Madisetti's rebuttal expert report.

Dated this 17th day of January, 2023

Respectfully submitted,
By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)

---

[3] The argument does not make sense in any event. TQ Delta contends that the prior-art messages "do not 'indicate' when the switch is to occur but, instead, specify when a switch should occur." A message that specifies when a switch should occur surely indicates when the switch is to occur.

5

903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email:*ross.barton@alston.com*
　　　*scott.stevens@alston.com*
　　　*kirk.bradley@alston.com*
　　　*stephen.lareau@alston.com*

*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: katherine.rubschlager @alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

***Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on January 17, 2023.

                                                              */s/ Eric H. Findlay*
                                                              Eric H. Findlay