THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>　　　*Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>　　　*Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TQ DELTA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE INVALIDITY REPORT OF DEFENDANTS' EXPERT, MARK LANNING**

## I. INTRODUCTION

Defendants fail to refute TQ Delta's arguments as to why the Court should strike the Opening Expert Report Of Mark R. Lanning On The Invalidity Of The Asserted Claims Of The Family 10 Patents" (the "Report") and preclude him from testifying.  As TQ Delta showed in its Motion to Strike (Dkt. No. 338), Mr. Lanning did not apply the Court's construction of the claim term "SNR margin" in his Report and, because all the invalidity opinions in the Report are based at least in part on that application, the entire Report should be excluded.  Defendants argue that TQ Delta takes Mr. Lanning's deposition testimony out of context and does not identify a misapplication of the claim construction in the Report itself.  This puts the cart before the horse.  A claim must be properly construed before it can be applied.  If the claim is clearly misconstrued from the outset, as it was by Mr. Lanning, examining how it was applied to the prior art is a fool's errand.  Indeed, Mr. Lanning's insistence on his incorrect construction made it impossible to cross-examine him on whether and how the prior art disclosed "SNR margin" as properly construed.  Mr. Lanning plainly testified that *his* construction of "SNR margin," as applied in his Report, does not cover the description of SNR margin in the patent upon which the Court's construction is based and, thus, Mr. Lanning's construction must be wrong.  At a minimum, however, all references to non-elected art in the Report should be stricken.  Defendants argue that Mr. Lanning can rely on non-elected references for background purposes and that reliance on them for invalidity purposes will not prejudice TQ Delta.  However, testimony on unelected art will create confusion and violate the Court's narrowing Orders.

## II. ARGUMENT

### A. The Opinions in Mr. Lanning's Report Are Based on an Incorrect Understanding of the Court's Construction of "SNR Margin"

The Federal Circuit and this Court have made it clear that it is appropriate to strike expert

1

testimony based on an incorrect understanding of a court's claim construction.  *See Liquid-Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (approving the exclusion of expert testimony based on an impermissible claim construction); *Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 714-15 (Fed. Cir. 2022) (affirming decision striking expert report opinions that did not apply the court's construction); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG, 2020 U.S. Dist. LEXIS 139310, at *7-8 (E.D. Tex., Aug. 5, 2020) (striking opinions "contradictory to the Court's construction").

Mr. Lanning confirmed during his deposition that he applied an incorrect understanding of the Court's construction of "SNR margin" in his Report.  The court's construction is based on the description of "SNR margin" at column 2, lines 4-9 of U.S. Pat. No. 9,154,354 (the "354 Patent").  Dkt. No. 169 at 114-115.  During his deposition, however, Mr. Lanning plainly stated that "[i]t's my opinion . . . the words SNR margin that are described in [column 2, lines 4-17] of the patent are not as the Court has construed SNR margin" and that column 2, lines 4-7 "is not describing what the Court has construed in the patent."  Ex. L, Lanning Tr. at 122:5-17.  And when he was walked through the part of his Report disclosing his invalidity opinion based on the Chow reference and asked whether he had provided an opinion that Chow discloses the type of SNR margin described in columns 1 and 2 of the 354 patent, he responded "those columns aren't clearly the same as the Court's construction."  *Id*. at 139:16-24.  Mr. Lanning's effort to avoid the Court's construction required him create a new name for the "SNR margin" described in column 2 of the 354 Patent – the "bit error rate margin" – to contrast it with his construction of "SNR margin."  *See id*. at 71:7-72:7.  Thus, Mr. Lanning repeatedly testified that his construction of "SNR margin" – including the understanding applied in his Report – was not consistent with the description of SNR margin in the 354 Patent that served as the basis for the Court's

2

construction. Accordingly, his opinions are not relevant or reliable, and his Report should be stricken.

Defendants argue that Mr. Lanning relied on and applied the Court's construction of "SNR margin" in his Report because he reviewed the Court's claim construction order, recited the Court's construction of "SNR margin" in his Report, and allegedly applied the construction to the art in his Report. Dkt. No. 376 at 3-4. Of course, generic lip service to the Court's construction does not mean he *actually applied a correct understanding* of the Court's construction in his Report. It is clear Mr. Lanning did not review (or at least understand) the Court's claim construction order because, when asked in deposition to compare his understanding of the Court's construction with the column 2 description of SNR margin upon which the Court's construction is expressly based, he testified that that description is not consistent with his interpretation and application of the Court's construction.

Defendants further argue that TQ Delta does not point to an opinion in the Report to support its position but rather relies on deposition testimony taken out of context. *Id*. at 4. The deposition testimony, however, could not have been more pointed to the relevant context – what construction did he use when applying the asserted claim to the prior art. Questions regarding his understanding of "SNR margin" and how that related to the Court's construction necessarily related to the opinions in his Report based on that understanding. Moreover, TQ Delta repeatedly gave Mr. Lanning an opportunity to explain his construction, and he <u>repeatedly</u> refused to agree that the Court's construction of "SNR margin" is consistent with the column 2 description in the 354 Patent specification upon which the Court's construction was based. If he could not agree to that, then he could not have relied on the correct understanding of the Court's construction in his Report. *See Arterbury v. Odessa Separator, Inc.*, No. 5:16-cv-00183, 2019

WL 6700978, at *5 (E.D. Tex. Jan. 22, 2019) (excluding infringement opinions in view of expert's disposition testimony that contradicted the Court's claim construction order).

Further, Defendants mischaracterize the facts in caviling that TQ Delta "suggests that Mr. Lanning should have interpreted the claim himself based on the specification rather than rely on the Court's construction" and that TQ Delta asked Mr. Lanning to apply a construction of "SNR margin" based on language in the patent and not the Court's construction. Dkt. No. 376 at 4. TQ Delta wanted to see if Mr. Lanning properly understood and applied the Court's construction in his Report, and one way to do that was to ask if his understanding of the construction was consistent with the disclosure in the specification upon which the construction is based. Clearly, it was not. Lastly, Defendants make much of the fact that Mr. Lanning said he used the Court's construction. *Id*. at 4-5. But, of course, saying and doing are not the same thing, and his testimony shows he did <u>not</u> use the Court's construction.

### B.     The Parts of the Report that Cite Unelected References Should Be Stricken

Defendants argue that the Court should not strike portions of Paragraphs 72, 80, 89, and 138 of the Report referring to the unelected Peeters and Cai references because Mr. Lanning relies on those references to demonstrate the background of the technology or establish the knowledge of a skilled artisan – and not for invalidity purposes – and because Defendants "confirm [they] will not rely on the unelected prior art as a ground for invalidity." Dkt. No. 376 at 5-7. This argument falls flat. First, Paragraphs 72, 89, and 138 discuss Cai and Peeters' teachings in the context of claim terms like "carriers," "margin" and "SNR," and Paragraph 138 is part of Mr. Lanning's Section 112 invalidity opinion. Thus, the references to Cai and Peeters in those paragraphs *do* relate to invalidity grounds. Second, this Court has precluded the use of unelected references to show the state of the art (even when a defendant has agreed not to rely on

them as invalidating art) because of the risk that such use will cause confusion by bleeding into invalidity grounds. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-112-JRG, 2015 U.S. Dist. LEXIS 109743, at *10 (E.D. Tex. Aug. 19, 2015) (finding "it difficult to completely separate the use of [a reference] as a state-of-the-art reference from the use of [it] as an invalidity reference: the use for one purpose unavoidably bleeds into the other"). Also, Defendants have not shown that Mr. Lanning needs to rely on Cai and Peeters for background purposes. Thus, the Court should strike Paragraphs 72, 80, 89, and 138 as TQ Delta requests.

Defendants also argue, boldly, that the Court should allow Mr. Lanning to rely on Cai and Peeters for invalidity purposes because TQ Delta would not be prejudiced.[1] Dkt. No. 376 at 5-8. But, <u>Nokia</u> elected Cai and Peeters. Defendants, <u>in response to a Court order</u>, elected to <u>not rely</u> on Cai and Peeters as prior art. *See* Ex. E; Dkt. No 307. TQ Delta relied in good faith on Defendants' election, and Nokia settled with TQ Delta before Mr. Lanning's deposition. If Defendants wanted to rely on Cai and Peeters after Nokia left the case, they should have immediately approached the Court for permission. Defendants' arguments that the Cai and Peeters grounds were known, that TQ Delta's expert addressed them in response to the Report, and that TQ Delta asked Mr. Lanning questions about them are beside the point. Defendants must be held to their final election of art. *See Maxell, Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2021 U.S. Dist. LEXIS 136283, at *20 (E.D. Tex. Feb. 26, 2021) (defendant may not rely on unelected references as invalidating art).

## III.   CONCLUSION

For the foregoing reasons, the Court should grant TQ Delta's Motion to Strike.

---

[1] Defendants also argue that the issue of striking the paragraphs that rely on the TNETD8000 reference is moot because that reference is relied on in invalidity arguments related to the dropped U.S. Pat. No. 8,937,988. Dkt. No. 376 at 7-8. That, however, is all the more reason to strike the paragraphs referencing TNETD8000 – they are irrelevant and keeping them will only create confusion.

Dated: January 17, 2023                                        Respectfully submitted,

                                                         /s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**

6

500 West Madison St., 34th Floor<br>
Chicago, IL 60661<br>
Telephone: (312) 775-8000<br>
Facsimile: (312) 775-8100

*Counsel for TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 17, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/* William E. Davis, III
William E. Davis, III