# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>*Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>*Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TQ DELTA'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE NON-INFRINGEMENT REPORT AND OPINIONS OF DEFENDANTS' EXPERT, DR. NAOFAL AL-DHAHIR**

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT .........................................................................................................................1

    A.   CommScope failed to respond to TQ Delta's Interrogatories .................................1

    B.   CommScope's Disclosures in the Al-Dhahir Rebuttal Report were Untimely ........3

    C.   CommScope's Disclosures Regarding Available Non-Infringing Alternatives Were Not Substantially Justified ...........................................................3

        1. CommScope explanation for the timing of its disclosure is not reasonable ...................................................................................................3

        2. TQ Delta is prejudiced by the timing of CommScope's disclosure ...................4

        3. A continuance is necessary ...............................................................................4

        4. The excluded opinions are not important .........................................................5

III. CONCLUSION ......................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Genband US LLC v. Metaswitch Networks Corp.*,
    2016 WL 125503 (E.D. Tex. Jan. 9, 2016) ...............................................................................3

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
    2017 WL 2869344 (E.D. Tex. Apr. 20, 2017) ...........................................................................4

*Grain Processing Corp. v. Am. Maize-Products Co.*,
    185 F.3d 1341 (Fed. Cir. 1999) .................................................................................................2

I.  **INTRODUCTION**

TQ Delta's opening brief explained that, by failing to disclose the non-infringing alternatives during fact discovery that Dr. Al-Dhahir now asserts for the first time in his expert report, CommScope foreclosed TQ Delta's ability to timely seek third-party fact discovery regarding the availability, feasibility, and technical and commercial detriment of implementing the alleged non-infringing alternatives. Because TQ Delta is foreclosed from conducting this discovery, TQ Delta is substantially and irreparably prejudiced in its ability to fully rebut Dr. Al-Dhahir's opinions. CommScope's opposition brief turns a deaf ear to TQ Delta arguments. Instead, CommScope devotes most of its brief to explain away and/or justify its failure to disclose Dr. Al-Dhahir's non-infringing alternatives in response to TQ Delta's interrogatories. As explained below, CommScope's justifications are not credible given its stature as a sophisticated patent litigant represented by a sophisticated patent litigation team. And even if it is credible that CommScope did not realize that it was answering an interrogatory directed to non-infringing alternatives, the affirmative answer it gave is directly at odds with the non-infringing alternatives proposed by Dr. Al-Dhahir and misdirected TQ Delta away from fact discovery relevant to those purported alternatives. CommScope's failure to timely disclose the non-infringing alternatives have irreparably prejudiced TQ Delta. The only way to cure the prejudice at this very late stage of the case if for the Court to grant the present Motion.

II. **ARGUMENT**

  A.  **CommScope failed to respond to TQ Delta's Interrogatories**

CommScope contends that TQ Delta's interrogatories did not seek "CommScope's contentions regarding possible or available non-infringing alternatives" and instead merely "asked for information relating to CommScope's 'efforts to identify and avoid infringement of the Asserted Patents, including any attempts to design around or develop any alleged non-infringing

1

alternatives.'" Dkt. No. 379 at p. 5. CommScope is, at best, splitting hairs. A sophisticated patent litigator and litigant readily recognize that "efforts to identify . . . any alleged non-infringing alternatives," would include "available non-infringing alternatives." Accordingly, Commscope's excuse falls flat.

CommScope faults TQ Delta for not having "filed a motion to compel" a more complete response to its interrogatories. Dkt. No. 379 at p. 6. CommScope's argument is misguided. As an initial matter, the Federal Rules required CommScope to timely supplement its responses without prodding or a court order. And TQ Delta had no way of knowing that CommScope's response was incomplete because the only gauge by which incompleteness could be determined was not provided until Dr. Al-Dhahir's report was served. It was reasonable for TQ Delta to assume that CommScope had accurately stated that no non-infringing alternatives were available because Broadcom controlled the DSL chip and its functionality. To qualify as an acceptable non-infringing substitute, a product or process must be "available or on the market at the time of infringement." *Grain Processing Corp. v. Am. Maize-Products Co.*, 185 F.3d 1341, 1348 (Fed. Cir. 1999). Accordingly, once CommScope conceded that it "has no ability to modify how Broadcom's DSL chipsets function with respect to the accused functionality," TQ Delta was justified in accepting at face value, CommScope's concession that there were no "available," "acceptable non-infringing substitute[s.]" In light of CommScope's unequivocal response, TQ Delta was under no obligation to "file[] a motion to compel" as CommScope contends. To the extent, CommScope conceptualized new non-infringing alternatives, it was obligated to disclose such alternatives during fact discovery. It did not. As a consequence, Dr. Al-Dhahir's opinions regarding non-infringing alternatives must be stricken.

### B. CommScope's Disclosures in the Al-Dhahir Rebuttal Report were Untimely

Based on this Court's opinion in *Genband US LLC v. Metaswitch Networks Corp.,* 2016 WL 125503 (E.D. Tex. Jan. 9, 2016), CommScope argues that it was "justified in objecting and deferring the issue [of non-infringing alternatives] until the period for expert discovery." *Genband* is inapposite. In *Genband*, the Court denied defendants motion to strike a supplemental report of plaintiff's expert, because the supplemental report purportedly rebutted a particular non-infringing alternative that was discussed in defendant's expert's rebuttal report. *Id*. at *3. Here, TQ Delta cannot fully rebut Dr. Al-Dhahir's opinions because as explained in TQ Delta's opening brief, any information regarding the acceptability and availability of the proposed non-infringing alternatives would be in the possession of non-party Broadcom. *See* Dkt. No. 341 at p.4. And CommScope has not rebutted TQ Delta's assertion that it could not have known to timely take discovery of Broadcom on the feasibility of Dr. Al-Dhahir's late opinion regarding alleged non-infringing alternatives.

### C. CommScope's Disclosures Regarding Available Non-Infringing Alternatives Were Not Substantially Justified

#### 1. CommScope explanation for the timing of its disclosure is not reasonable

CommScope asks the Court to excuse its untimely disclosures based on its self-serving, narrow interpretation of TQ Delta's interrogatories. The Court should reject this excuse. To the extent CommScope intended to advance non-infringing alternatives based on modifying the functionality of the DSL chipset, CommScope was obligated to provide that in its interrogatory response and, just as critically, to not provide an answer that misdirected TQ Delta from non-infringing alternatives that involve modifications to the functionality of Broadcom's DSL chipsets. CommScope failed under any reasonable standard to provide notice to TQ Delta during fact discovery of its currently asserted non-infringing alternatives. This factor favors exclusion.

3

### 2. TQ Delta is prejudiced by the timing of CommScope's disclosure

CommScope's contention that "TQ Delta cannot claim any prejudice where the disclosed acceptable non-infringing alternatives are based entirely on functionality described in VDSL2" is misguided. The non-infringing alternatives proposed by Dr. Al-Dhahir would require modifications to the VDSL2 implementations in the Broadcom chipsets. For example, Dr. Al-Dhahir asserts that "[a]nother non-infringing alternative in the VDSL2 standard to improve robustness of the ROC overhead-carrying path over the data-carrying path is by careful selection of the framing parameters (e.g. interleaver depth)[.]" *See* Dkt. No. 341-2 at ¶¶213. However, selection of the framing parameters is performed by the Broadcom firmware and there may be incompatibilities "baked" into the Broadcom chip designs with whatever framing parameter values Dr. Al-Dhahir has in mind. Accordingly, only Broadcom would be able to comment on the feasibility of implementing the alleged non-infringing alternative. Because the non-infringing alternatives were first identified after Broadcom's corporate representative was deposed and after the close of fact discovery, TQ Delta "could not ask [Broadcom] about the feasibility of implementing the alleged non-infringing alternatives because they had not been identified." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869344, at *3 (E.D. Tex. Apr. 20, 2017). TQ Delta was "foreclosed from conducting discovery into non-infringing alternatives without leave of court[,] [t]hat is [] prejudice, and it is substantial." *Id*. This factor favors exclusion.

### 3. A continuance would be necessary

CommScope argues that "there is no need for a continuance here" "because there was no prejudice to TQ Delta." Dkt. No. 379 at p. 9. This disregards TQ Delta's explanation of the clear prejudice. To evaluate the feasibility of the non-infringing alternatives, TQ Delta would need to depose third-party Broadcom, review additional CommScope and Broadcom source code, provide a supplemental expert report, and take an additional deposition of Dr. Al-Dhahir. It is unlikely that

Broadcom would promptly submit to the additional discovery and may refuse without Court intervention. Even assuming TQ Delta would eventually be successful in obtaining the necessary additional discovery, undertaking all of these activities would undoubtedly take far longer than the two months left before the scheduled trial date. This factor favors exclusion.

### 4. The excluded opinions are not important

CommScope argues that Dr. Al-Dhahir's opinions regarding the three possible acceptable non-infringing alternatives are important because they bear on the issue of damages. *See* Dkt. No. 379 at 9. This argument is without merit. CommScope's damages expert, Dr. Becker does not consider the purported non-infringing alternatives identified by Dr. Al-Dhahir in his analysis. *See* Dkt. No. 345-2 (Becker Rebuttal Report) at ¶277. Accordingly, striking Dr. Al-Dhahir's opinion will not impact CommScope's damages case.

Separately, CommScope's argument that "Dr. Al-Dhahir's testimony regarding the existence of acceptable non-infringing alternatives is [] important evidence for the jury to consider since it demonstrates how one could avoid alleged infringement" is quixotic. Demonstrating "how one could avoid alleged infringement" is not relevant to question of whether CommScope actually infringes the asserted claim of the Family 10 patent. Because CommScope has not demonstrated that Dr. Al-Dhahir's opinions are relevant to any claim or defense, Dr. Al-Dhahir's opinions are not important.

### III. CONCLUSION

For the foregoing reason, the Court should strike Section XIV, including each of paragraphs 209-214, of the Al-Dhahir Responsive Report. *See* Dkt. No. 341-2 at ¶¶209-214.

Dated: January 17, 2023                                              Respectfully Submitted,

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(Pro hac vice)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(Pro hac vice)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this January 17, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/William E. Davis, III
William E. Davis, III
