**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>         v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TQ DELTA LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE NON-INFRINGEMENT REPORT AND OPINIONS OF DEFENDANTS' EXPERT, DR. LEONARD J. CIMINI, JR.**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

    A. CommScope's Claim Construction Arguments are Untimely and Should be Stricken ................................................................................................................... 1

    B. Dr. Brody did not Engage in Claim Construction to Avoid the Prior Art ............... 3

    C. CommScope Mischaracterizes Dr. Cimini's Opinions ............................................ 4

    D. Dr. Cimini's Claim Construction Opinions are Legally Improper .......................... 5

III. CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Appleton v. Crouse-Hinds Co.*,
   1981 WL 48156 (N.D. Ill. Dec. 28, 1981) ................................................................................5

*Enfish, LLC v. Microsoft Corp.*,
   2014 WL 12589110 (C.D. Cal. June 26, 2014)........................................................................5

I.  **INTRODUCTION**

CommScope does not dispute that its expert, Dr. Cimini, engaged in claim construction as part of his rebuttal report and has provided no assurance that will not do so in front of the jury. Instead, CommScope boldly argues that Dr. Cimini is allowed to engage in claim construction because allegedly in "TQ Delta's opening infringement report, TQ Delta's expert, Dr. Arthur Brody, construed the Mapping Element to have an overly narrow meaning in an attempt to avoid the prior art."[1] Dkt. No. 373 at p. 1. This is revisionist history. As detailed below, Dr. Brody's infringement and invalidity opinions as they relate to the Mapping Element are consistent. In contrast, Dr. Cimini's infringement and invalidity opinions as they relate to the Mapping Element are plainly inconsistent.

II. **ARGUMENT**

    A. **CommScope's Claim Construction Arguments are Untimely and Should be Stricken**

In its opening brief, TQ Delta explained that CommScope's claim construction arguments came too late and were waived. CommScope's excuse for its untimely argument appears to be that it was surprised by Dr. Brody's infringement opinion. There was no surprise. Specifically, as recognized by CommScope, in his opening report, "Dr. Brody opined that the Mapping Element is satisfied because the VDSL2 standard 'specifically requires that all SOC messages during loop diagnostic mode 'be sent using 1 information bit per DMT symbol.'"" Dkt. No. 373 at p. 2 (citing Brody Opening Rpt. at ¶ 246 (citing VDSL2 standard)). The first construction that Dr. Cimini applied to the Mapping Element for his invalidity opinions is materially the same construction that Dr. Brody applied for his infringement opinions. *See* Dkt. No. 347-12 at ¶81 ("I therefore applied

---

[1] Claim 36 recites in relevant part "DMT symbols that are mapped to one bit of the diagnostic message." In the briefing, the parties refer to this portion of the claim as the "Mapping Element."

1

the prior art to the claim under the first construction."). Dr. Cimini's "first construction" for the Mapping Element was "[t]he diagnostic message includes multiple DMT symbols and each DMT symbol includes only one bit." *Id.* at ¶ 80.

However, for his non-infringement opinions, Dr. Cimini applies a different, second construction. *Id*. at ¶81 ("Below I show that under the second construction, the CommScope Accused Products do not infringe claim 36 of the '686 patent."). The second construction advanced by Dr. Cimini was "[t]he diagnostic message includes DMT symbols such that one bit is spread across two or more DMT symbols." *Id.* at ¶ 80. CommScope's opposition brief is silent on the untimely second construction.

As an excuse for his untimely third construction, CommScope blatantly mischaracterizes Dr. Brody's opinion. For reference, Dr. Cimini's third construction is "[t]he diagnostic message includes DMT symbols such that each symbol includes only one bit and there is at least one identical symbol that includes that same bit." *Id.* at ¶ 81. CommScope suggests that this third construction was prompted by Dr. Brody's infringement opinion that quoted section 12.4.1.1 of G.993.2 that provides that "all SOC messages shall be sent using 1 information bit per DMT symbol, where *each bit is sent 5 times in 5 consecutive DMT symbols*." Dkt. No. 373 at p. 2 (citing 12.4.1.1 of G.993.2) (emphasis added by CommScope). CommScope employs *emphasis* to mischaracterize Dr. Brody's infringement opinion and misdirect the Court. Dr. Brody never emphasized the portion of emphasized above. In fact, Dr. Brody's emphasis was exactly the opposite of CommScope's. As depicted in the excerpt from Dr. Brody's infringement report reproduced below, Dr. Brody highlighted in yellow the entire sentence of the VDSL2 standard CommScope quotes with the notable exception of that portion of the VDSL2 standard that CommScope now emphasizes.

2

> 246. As a VDSL2 compliant product, the VTU-R transmits the R-PRM-LD message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message. For example, Clause 12.4.1.1 of G.993.2 specifically requires that all SOC messages during loop diagnostic mode "be sent using 1 information bit per DMT symbol."
>
> **12.4.1.1 SOC message mapping during loop diagnostic mode**
> In order to increase the robustness of the messages exchanged during the channel discovery and training phases of the loop diagnostic mode, all SOC messages shall be sent using 1 information bit per DMT symbol, where each bit is sent 5 times in 5 consecutive DMT symbols. The mapping of the SOC bits to subcarriers during loop diagnostic mode shall be as summarized in Table 12-72.
>
> G.993.2 at 266 (highlights added). *See also supra* §X.E

Dkt. No. 347-5 at ¶246 (highlighting in original report).

The phrase "where each bit is sent 5 times in 5 consecutive DMT symbols" that CommScope now emphasizes did not form the basis for Dr. Brody's opinion. In fact, as admitted by CommScope, the entirety of "Dr. Brody's opin[ion is] that the Mapping Element is satisfied because the VDSL2 standard 'specifically requires that all SOC messages during loop diagnostic mode 'be sent using 1 information bit per DMT symbol.'"" Dkt. No. 373 at p. 2 (citing Brody Opening Rpt. at ¶ 246 (citing VDSL2 standard)). Dr. Brody's infringement opinion for the Mapping Element is not limited to embodiments where the same bit is sent multiple (5) times in multiple (5) consecutive DMT symbols, as CommScope suggests. Accordingly, Dr. Brody's infringement opinions do not justify CommScope's excuse for Dr. Cimini to engage in claim construction (or to reargue its failed indefiniteness defense).

### B. Dr. Brody did not Engage in Claim Construction to Avoid the Prior Art

CommScope accuses Dr. Brody of construing the Mapping Element to have an overly narrow meaning in an attempt to avoid the prior art. However, CommScope does not substantiate

3

this accusation with any facts or logical explanation. In fact, in his rebuttal report, Dr. Brody does not argue that the prior art G.992.1 standard does not disclose sending initialization information "using 1 information bit per DMT symbol."[2] And Dr. Brody's opinions rebutting Dr. Cimini's invalidity opinions are not inconsistent with his infringement opinion that infringement is found because the VDSL2 standard requires "using 1 information bit per DMT symbol."

### C. CommScope Mischaracterizes Dr. Cimini's Opinions

CommScope offhandedly concludes that "Dr. Cimini then showed that under Dr. Brody's interpretation, indeed any of the possible interpretations, the Accused Products clearly do not infringe." Dkt. No. 339 at p. 3 (citing Cimini Rebuttal Report at ¶87). Dr. Cimini did nothing of that sort. Instead, Dr. Cimini merely opined that:

> But even if a person having ordinary skill in the art would understand the claim to recite mapping bits to symbols, the claim either means that each DMT symbol of the diagnostic message includes a single bit, in which case the claim is simply reciting the admitted prior art modulation technique of the ADSL standard, or the claim requires that a single bit is spread out over "DMT symbols," i.e. two or more DMT symbols. In contrast to the latter, in the VDSL2 standard and the Accused products, each bit is mapped to a single DMT symbol and then that DMT symbol is repeated four more times.

Dkt. No. 339-2 (Ex. A) (Cimini Rebuttal Report) at ¶87. And during his deposition, Dr. Cimini conceded that the Mapping Element is consistent with his first construction (Dkt. No. 407-3 at 257:17-21). Dr. Cimini also conceded that his third construction of the Mapping Element not only reads on the VDSL2 standard (*id.* at 272:21-22), but also falls within the scope of his first construction. *See id.* at 282:14-18. Given that the Dr. Cimini admits that (i) the plain meaning of the Mapping Element is his first construction, (ii) his third construction reads on the VDSL2

---

[2] To be sure, Dr. Brody has opined that the prior art G.992.1 standard does not disclose sending the claimed *diagnostic* information using "using 1 information bit per DMT symbol" and a POSITA would not be motivated to modify FI-071 to send diagnostic information using "using 1 information bit per DMT symbol."

4

standard and (iii) his first construction encompasses the third construction, Dr. Cimini conceded infringement of this element.

### D. Dr. Cimini's Claim Construction Opinions are Legally Improper

It is a bedrock principle that "[t]he claims of a patent must be interpreted the same for purposes of validity and infringement and are not to be treated as "a nose of wax" to be turned and twisted depending upon a particular purpose." *Appleton v. Crouse-Hinds Co.*, 1981 WL 48156, at *14 (N.D. Ill. Dec. 28, 1981) (citing *White v. Dunbar*, 119 U.S. 47, 51 (1886)). As it stands, Dr. Cimini is applying different claim interpretations of the Mapping Element "depending upon a particular purpose." Specifically, Dr. Cimini opined that:

> I therefore applied the prior art to the claim under the first construction and showed that the claim was obvious in view of the prior art. Below I show that under the second construction, the CommScope Accused Products do not infringe claim 36 of the '686 patent.

347-12 (Ex. K) at ¶81. This is a stark admission that Dr. Cimini is twisting the claim like "a nose of wax" to serve CommScope's dual purposes. The Court should not allow Dr. Cimini to offer or apply contradictory claim construction arguments at trial.

### III. CONCLUSION

CommScope "persuaded the Court to adopt one claim construction – [plain meaning] and now seeks to disadvantage [TQ Delta] with inconsistent claim construction[s]." *Enfish, LLC v. Microsoft Corp.*, 2014 WL 12589110, at *3 (C.D. Cal. June 26, 2014). CommScope's "argument is not only insufficient grounds for reconsideration, but [CommScope should] . . . also arguably be judicially estopped to make it." *Id.* For the foregoing reasons, the Court should strike Dr. Cimini's non-infringement opinions set forth at paragraphs 80 to 87 of the Cimini Responsive Report.

Dated: January 17, 2023                                              Respectfully Submitted,

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(Pro hac vice)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(Pro hac vice)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF**

**TQ DELTA, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 17, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/William E. Davis, III  
William E. Davis, III