# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

## TQ DELTA, LLC'S SUR-REPLY TO COMMSCOPE'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRIOR ART STATUS

**I.     INTRODUCTION**

CommScope ignores this Court's valid and relevant precedent. The reason CommScope gives for opting to not substantively address the *Mobile Equity* case is this: Because TQ Delta's counsel "seems to rely on information not publicly available" (which is false), CommScope was not able to "understand the nature of the relief sought . . . ." Reply at 2 n.3. However, the applicability of precedent is not contingent on whether a party fully "understand[s]" it. *Mobile Equity* is directly precedential and authoritative. And the fact that CommScope resorts to a contrivance to evade this Court's holding in *Mobile Equity* is an implicit recognition that the application of this holding to the instant issue undermines CommScope's arguments. Summary judgment is not warranted, as CommScope's Motion is procedurally improper.

CommScope also fails to meaningfully rebut TQ Delta's arguments regarding the prior statements of the parties made in the Delaware litigation. The parties' previous statements are conclusions of law, which is a proposition CommScope cannot and does not to refute. The relevant precedent provides that stipulations on conclusions of law are non-binding; again, CommScope cannot and does not dispute this general point. However, CommScope asserts that the statements are nonetheless binding because they are "based on [certain] facts." Reply at 4. First, while CommScope may speculate as to the factual basis of the statements, they are bare conclusions of law. Second, this is not a legal principle that can be extracted from any of the cited precedents, including the one case CommScope cites, *Google*.

Finally, CommScope does not address the counterevidence TQ Delta uses to support its Response, arguing this evidence to be "irrelevant" because it is not the "basis for CommScope's motion." Reply at 1 n.1. True, it would be pretty odd for a summary judgment movant to base its motion on contrary, unhelpful evidence. But this does not mean that only the movant's cited and

supportive evidence may be considered. Accordingly, CommScope has left large portions of TQ Delta's merits-based arguments unrebutted and wholly unaddressed and these arguments should be viewed as persuasive. Summary judgment is not appropriate on the merits as well.

## II.      ARGUMENT

### A.      CommScope Ignores Precedent From This Court

CommScope believes itself entitled to disregard this Court's holding in *Mobile Equity* because it does not fully "understand" it. Reply at 1 n.1. Putting aside the veracity of this claim, this is no reason to disregard relevant, valid precedent. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("The law of precedent teaches that like cases should generally be treated alike . . . ."). Nor does it approach a sufficient justification for asking this Court to contravene the considerations of *stare decisis*. *See Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (*Stare decisis* "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.").

But there is more. The explanation CommScope gives for its lack of "understand[ing]"—that TQ Delta "seem[ed] to rely on information not publicly available"—is incorrect. The entirety of TQ Delta's citations is to publicly available documents. Resp. at 4–5. Indeed, the particular point CommScope claims to possess confusion on, the "nature of the relief sought," was *expressly cited in full* in the Response. *Id*. (citing Defendant Walmart's redacted Motion and quoting, verbatim, the sought-after relief: a finding that the references "qualif[ied] as statutory prior art under 35 U.S.C. § 102."). CommScope's claim of ignorance strains credulity. In short, the holding

in *Mobile Equity* is authoritative precedent, and no part of the relevant rationale supporting that holding is obscured by confidential filings.[1]

### B. CommScope's Cited Caselaw Is Not Persuasive

CommScope cites two Eastern District of Texas cases—*Fractus* and *Navico*—that antedate the holding in *Mobile Equity*. Reply at 2. Beginning with *Fractus*, the plaintiff, in that case, did not raise the argument that the defendants' summary judgment motion was procedurally improper, instead only arguing the merits. *See* Exh. B, Fractus S.A.'s Redacted Opposition to Defendants' Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 471); Exh. C, Fractus S.A.'s Sur-Reply to Defendants' Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 528). This means that the issue currently before the Court—*i.e.*, whether a summary judgment motion seeking a determination of prior art status is procedurally proper—was not before the Court in *Fractus*. The same appears to be true for *Navico*, as the Court's decision reports that the defendant's only counterargument was an evidence-based one on the merits, in that the defendant "reli[ed] only on the [reference's] copyright and revision date . . . ." *Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 U.S. Dist. LEXIS 139806, at *6 (E.D. Tex. July 28, 2017). The remainder of the caselaw cited by CommScope is from foreign circuits or other district courts, meaning it is not binding on the Eastern District of Texas.

*Mobile Equity* is in tune with the reasoning expressed by the seven decisions cited by TQ Delta in its Response. Resp. at 5–6. In a single footnote, CommScope attempts to distinguish its

---

[1] CommScope is not even consistent in which cases it is willing to consider and which it is not. In the *Navico* case (*see* Reply at 2), the *entirety* of the briefing—motion (Dkt. No. 102), response (Dkt. No. 123), reply (Dkt. No. 139), and sur-reply (Dkt. No. 155)—leading up to the recommendation CommScope cites were *filed under seal* and were not followed by *any* redacted filings. Exh. A Docket for *Navico*, 2:16-cv-00190-JRG (E.D. Tex.). If CommScope is genuinely unable to "understand the nature of the relief sought" in *Mobile Equity*, then it certainly cannot claim to be able to do so in *Navico*.

Motion from those that were the subjects of these seven cases by asserting that its Motion "*would resolve 'part of a claim or defense.'*" 2 n.3. While conclusory, this argument is also untrue. CommScope's Motion seeks only a discrete and non-dispositive judicial finding—whether certain documents are "printed publications." This is akin, for example, to the relief sought by the movant in *Sunflower Condo v. Ass'n Everest Natl'l Ins. Co.*, where the defendant, in a breach of contract case, asked "for declarations on non-dispositive issues about how the [contract] can be interpreted . . . ." No. 19-CV-80743-RUIZ/REINHART, 2020 U.S. Dist. LEXIS 75392, at *20 (S.D. Fla. Apr. 20, 2020). In other words, a discrete finding on a document's legal significance— *e.g.*, whether it is a "printed publication" or whether it contains a "specific [contractual] provision" that limits "compensatory damages"—is not amenable to a partial summary judgment. *See id.*

   **C.**  **The Parties' Previous Statements Should Be Disregarded**

CommScope agrees that the determination of whether a reference qualifies as a printed publication is a question of law. Reply at 3. CommScope also does not deny that parties may not stipulate to conclusions of law; indeed, CommScope does not even cite, let alone distinguish, any of the caselaw TQ Delta discusses in its Response. Nonetheless, CommScope asserts that the parties' previous statements are binding because, according to it, they are "based on [certain] facts." Reply at 4. But the statements, themselves, claim no factual matters; they merely state a bare conclusion of law—that "[a reference] is prior art to the [asserted patent]." *See* Dkt. Nos. 343-2 (Exhibit B), 343-4 (Exhibit D). While TQ Delta should not be bound by these statements, it certainly should not be bound by some unstated and implicit factual conclusion its opponent claims can be gathered from the statements.

*Google* does not support CommScope's argument. That case dealt with *express* (not implicit) factual allegations*, e.g.*, "the allegation that the Accused Google Customers have been

4

using the patented methods on their websites, 'without a license or permission form Plaintiff.'" *Google Inc. v. Ben Innovations, Inc.*, Civil Action No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824, at *11 (E.D. Tex. Aug. 21, 2014).

Further, acceptance of CommScope's legal principle would erode the rationale on which the prohibition against making stipulations on conclusions of law rests. The Court is invested with the ultimate responsibility of deciding questions of law, including whether CommScope's references qualify as "printed publications." *See IBM v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667, 676 (D. De. 2017) ("[W]hether a particular reference is prior art under § 102 is a question of law for the Court based on underlying fact questions."). Litigants should not be able to claim for themselves this legal responsibility through the device of a factual stipulation. *See Swift & Co. v. Hocking Valley R. Co.*, 243 U.S. 281, 298 (1917).

### D. CommScope Does Not Rebut the Remainder of TQ Delta's Arguments on the Merits

A summary judgment movant cannot cabin the evidence available for consideration to only that which it cites within its motion. But this is what CommScope contends, deeming the entirety of the counterevidence TQ Delta cites as "irrelevant." Reply at 1 n.1. Given that CommScope has left almost the entirety of TQ Delta's merit-based arguments unaddressed (namely, the arguments appearing in Section VI.B.2 of its Response), these arguments should be taken as unrebutted and persuasive. This results in, at least, the existence of a fact question on the prior art status of the four relevant references under § 102.

### III. CONCLUSION

For the foregoing reasons, TQ Delta respectfully requests that the Court denies CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 343).

Dated: January 24, 2023

Respectfully Submitted,

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(Pro hac vice)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(Pro hac vice)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(Pro hac vice)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF**
**TQ DELTA, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 24, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III