# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A.,<br><br>    Plaintiff,<br><br>v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC,<br><br>    Defendant, | Case No. 2:18-cv-00135-JRG<br><br>LEAD CASE |
| T-MOBILE US, INC., ET AL.,<br><br>    Defendants, | Case No. 2:18-cv-00137-JRG |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendant, | Case No. 2:18-cv-00138-JRG |
| COMMSCOPE TECHNOLOGIES LLC and CELLMAX TECHNOLOGIES AB,<br><br>    Intervenor-Defendants. | |

**FRACTUS S.A.'S SUR-REPLY TO DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING PRIOR ART STATUS (DE 338)**

# **TABLE OF CONTENTS**

**I. INTRODUCTION** ............................................................................................................... 1

**II. ARGUMENT** ...................................................................................................................... 1

    A.    Defendants Have Not Established that the NRS Article Constitutes 102(b) Printed Publication Prior Art. ...................................................................................... 1

    B.    Defendants Have Not Established that the Kathrein 739-495 Antennas Were on Sale Within the Meaning of § 102(b). ..................................................................... 3

**III. CONCLUSION** ................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**Cases**

*Ferag AG v. Quipp Inc.*,
  45 F.3d 1562 (Fed. Cir. 1995) ................................................................................................ 3

*Kathrein-Werke KG v. Radiacion Y Microondas S.A.*,
  No. 07-C-2921, 2011 U.S. Dist. LEXIS 113778 (N.D. Ill. Sept. 26, 2011) .............................. 3

*St. Bernard Par. v. Lafarge N. Am.*,
  550 F. App'x 184 (5th Cir. 2013) ............................................................................................ 2

**Rules**

Fed. R. Civ. P. 56(c)(2) ................................................................................................................ 2

I. **INTRODUCTION**

In their Reply, Defendants do not deny that Mats Nilson lacks personal knowledge of key elements of their printed publication defense or that Peter Karlsson's supposed personal knowledge has not yet been put to the test of cross-examination. Defendants also do not deny that Kathrein and Scala were commonly owned or that Kathrein, whose interests align with Defendants, previously argued that it and Kathrein were *not* separate entities for the purposes of the on-sale bar. Defendants' motion should be denied as set forth below and in Fractus's opposition.

II. **ARGUMENT**

A. **Defendants Have Not Established that the NRS Article Constitutes 102(b) Printed Publication Prior Art.**

Defendants' purported clear and convincing evidence that the NRS Article was a printed publication under Section 102(b) rests on two witnesses, neither of whose testimony, written or verbal, avoids genuine issues of material fact. In their Reply, Defendants concede that Mr. Nilson lacked personal knowledge of critical facts relating to the supposed publication of the article. For instance, Mr. Nilson did not attend the conference, serve on its program committee, select any papers for inclusion in its proceedings, know directly who or how many people attended, or participate in the preparations for the NRS 98 conference in any way. Ex. 1[1] (Nilson Tr.) at 11:25; 28:15-23; 29:6-10; 57:19-58:13. Instead, in their Reply, Defendants contend that Mr. Nilson *generally* had knowledge "regarding the 1998 NRS Symposium's goal, pre-meeting submission procedures, promotion, participant list, distribution of bound proceedings, and archiving of proceedings." DE 495 at 1. But even if true, such general knowledge is no substitute for Mr. Nilson's lack of specific knowledge about the relevant conference itself. Instead, Mr. Nilson

---

[1] All exhibits were attached to the Declaration of Michael Rosen in support of Fractus's Response (DE 451-1).

1

served as a mere conduit for CellMax's invalidity theories, *see* Ex. 1 at 65:19-66:10, 66:13-67:17, and 69:3-70:8, and his credibility and bias should be tested at trial, precluding a finding of invalidity as a matter of law by clear and convincing evidence.

Dr. Karlsson, Defendants' second witness, purports to provide personal knowledge of the relevant matters through a declaration submitted on his behalf by Defendants, a declaration that, at a minimum, Fractus deserves the opportunity to challenge in deposition. Defendants do not dispute that the declaration itself is inadmissible evidence that cannot be presented to the finder of fact, and Fractus has objected as such. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The sole case Defendants rely upon in their Reply in support of their position, *St. Bernard Par. v. Lafarge N. Am.*, 550 F. App'x 184, 190 n.1 (5th Cir. 2013), an unpublished Fifth Circuit opinion, held that a declaration submitted ***in opposition to*** a summary judgment motion was sufficient to create a genuine issue of material fact. Instead, Defendants attempt to shift blame to Fractus for their failure to obtain admissible discovery from Dr. Karlsson. DE 495 at 2-3. But Defendants bear the burden of proving invalidity by admissible, clear and convincing evidence, and cannot shortcut the jury process by submitting a declaration that does not satisfy their burden of proof.

Finally, Defendants appear to concede in their Reply that the NRS Article was ***not*** publicly accessible on or via the relevant NRS webpage more than a year before the filing date of the patents-in-suit, arguing instead "only that 'NRS *promoted* the [1998 Nordic Radio] Symposium ahead of time both in person and online.'" DE 495 at 3 (citing SUMF 13 (emphasis in original)). Thus, if Defendants cannot establish by clear and convincing evidence that the article was

published at the conference itself, they are not entitled to summary judgment and must present their evidence to the jury.

### B. Defendants Have Not Established that the Kathrein 739-495 Antennas Were on Sale Within the Meaning of § 102(b).

Defendants have not established that the Kathrein 739-495 antennas were "on sale" within the meaning of § 102(b). In their Reply, Defendants concede that Kathrein and Scala were commonly owned, which on its own suffices to prevent entry of summary judgment. Controlling Federal Circuit authority holds that "[a] section 102(b) sale or offer must involve separate entities," *see Ferag AG v. Quipp Inc*., 45 F.3d 1562, 1567 (Fed. Cir. 1995), and here, there is at least a disputed issue of material fact as to whether Kathrein and Scala were separate or related entities. In their Reply, Defendants contend that "[i]n *Ferag*, the seller and purchaser had a common owner." DE 495 at 4. But in fact, the Federal Circuit held the very opposite: "Ferag and Ferag, Inc. were not controlled by the same person or group." *Ferag*, 45 F.3d at 1567. The court went on to rule that "[b]ecause Ferag could not control Ferag, Inc.'s marketing of the invention, the two companies were separate entities for section 102(b) purposes and the transaction between them gives rise to a statutory bar." *Id.* Here, by contrast, it is undisputed that, during the relevant time period, Anton Kathrein controlled both Kathrein and Scala; the two entities therefore were ***not*** separate, as Kathrein itself contended. *See Kathrein-Werke KG v. Radiacion Y Microondas S.A.*, No. 07-C-2921, 2011 U.S. Dist. LEXIS 113778, at *15 (N.D. Ill. Sept. 26, 2011). Thus, Defendants have not proven a § 102(b) sale as a matter of law by clear and convincing evidence.

### III. CONCLUSION

For the foregoing reasons, Fractus respectfully requests that Defendants' motion be denied.

Dated: July 10, 2019					Respectfully submitted,

/s/ Michael Ng
Michael Ng
California State Bar No. 237915 (Lead Attorney)
Daniel A. Zaheer
California State Bar No. 237118
Michael M. Rosen
California State Bar No. 230964
Alexandra O. Fellowes
California State Bar No. 261929
michael.ng@kobrekim.com
daniel.zaheer@kobrekim.com
michael.rosen@kobrekim.com
alexandra.fellowes@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: 415-582-4800
Facsimile: 415-582-4811

Hugham Chan
Washington DC Bar No. 1011058
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: 202-664-1956
Facsimile: 202-510-2993
E-mail:hugham.chan@kobrekim.com

George Stamatopoulos
New York State Bar No. 5163340
Benjamin J.A. Sauter
New York State Bar No. 4691515
george.stamatopoulos@kobrekim.com
benjamin.sauter@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
Telephone: 646-658-4972
Facsimile: 212-488-1220

Adriana Riviere-Badell
Florida State Bar No. 30572
Gabriela Ruiz
Florida State Bar No. 46844

4

Joshua Kushner
Florida State Bar No. 93597
adriana.riviere-badell@kobrekim.com
gabriela.ruiz@kobrekim.com
Joshua.kushner@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Telephone: 305-967-6100
Facsimile: 305-967-6120

*/s/ Calvin Capshaw*
S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

*/s/ Andrea L. Fair*
Andrea L. Fair
Texas State Bar No. 24078488
T. John Ward Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
jw@jwfirm.com
claire@wsfirm.com
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, TX 75606
Telephone: 903-757-6400
Facsimile: 903-757-2323

*Attorneys for Plaintiff*
*Fractus, S.A.*

5