# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>        *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY IN OPPOSITION TO TQ DELTA, LLC'S MOTION TO STRIKE THE EXPERT TESTIMONY OF DR. GEORGE A. ZIMMERMAN, DR. RICHARD WESEL, DR. BRUCE MCNAIR, AND DR. NIEL RANSOM (DKT. NO. 337)**

**TABLE OF CONTENTS**

                                                                                                                                    **Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    ARGUMENT ..................................................................................................................... 1

       A.     TQ Delta's Draconian View of Background Art Is Wrong ................................... 1

       B.     TQ Delta's Written Description Argument Is Misplaced ...................................... 2

       C.     TQ Delta's Claim Construction Arguments Are Incorrect .................................... 3

III.   CONCLUSION .................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthrex, Inc. v. Smith & Nephew*,
    No. 2:15-cv-01047-RSP, 2016 U.S. Dist. LEXIS 203781 (E.D. Tex. Nov. 30, 2016) .............1

### TABLE OF EXHIBITS[1]

| Exhibit No. | Description |
|---|---|
| Ex. 10 | Excerpt of Rebuttal Expert Report of Dr. Todor Cooklev Regarding Validity of the Family 2, 3, and 9 Patents ("Cooklev Rebuttal Rept.") |
| Ex. 11 | Excerpt of Opening Expert Report of Dr. Richard Wesel on the Invalidity of the Asserted Claims of the Family 3 Patents (U.S. Patent Nos. 7,844,882; 8,276,048; 8,495,473; 9,547,608) ("Wesel Opening Rept.") |
| Ex. 12 | Excerpt of Provisional Appl. No. 60/618,269 |
| Ex. 13 | Excerpt of Expert Report of Vijay Madisetti, Ph.D., on Infringement of the Family 4 and Family 6 Patents ("Madisetti Opening Rept.") |
| Ex. 14 | Excerpt of Responsive Expert Report of Dr. Niel Ransom on Non-Infringement of the Family 2, 3, 6, 9A and 9B Patents ("Ransom Reb. Rept.") |
| Ex. 15 | Excerpt of U.S. Patent No. 8,468,411 ("'411 Patent") |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its Opposition and this Sur-Reply brief.

I.     INTRODUCTION

TQ Delta's Reply rehashes its opening Motion and misapprehends CommScope's arguments. TQ Delta's Motion should be denied.

II.    ARGUMENT

A.     TQ Delta's Draconian View of Background Art Is Wrong

TQ Delta's view on the use of unelected background art appears to be that it is acceptable for an expert to discuss background art but impermissible for the expert to rely on it in any fashion in rendering opinions on validity. TQ Delta's view is incompatible with this Court's jurisprudence.

This Court allows an expert to rely on unelected prior art references to establish, among other things, "background material that is relevant to the technology at issue," "the state of the art," and "what one of ordinary skill in the art would have known at the time of the invention." *Arthrex, Inc. v. Smith & Nephew*, No. 2:15-cv-01047-RSP, 2016 U.S. Dist. LEXIS 203781, at *10 (E.D. Tex. Nov. 30, 2016). These subjects *necessarily* inform an expert's opinions on whether patent claims are invalid in view of the elected prior art. Despite TQ Delta's protestations to the contrary, this Court has never held that experts cannot rely on or consider background references as context for their validity or invalidity conclusions.

For every single challenged paragraph, CommScope's Response identified the permissible use under *Arthrex*. In TQ Delta's Reply, TQ Delta does not take issue with CommScope's explanation for even a single paragraph. Instead, TQ Delta tumbles down a different rabbit hole by citing testimony from *other* experts in *other* cases, ostensibly to show that the positions of CommScope's experts in *this* case are inconsistent with prior opinions of those other experts in those other cases. That argument has little to do with the relief sought in TQ Delta's Motion, and instead is simply a roundabout attack on the credibility of CommScope's experts. That attack is suitably

1

addressed via the crucible of cross-examination. It is not a basis to strike vast portions of CommScope's experts' permissible descriptions and consideration of background art.

Finally, TQ Delta sidesteps the fact that its Motion is inconsistent with its own expert's (Dr. Cooklev's) recognition that the background references are not being used as invalidating references. *See* Ex. 10 (Cooklev Rebuttal Rept.) ¶ 78 (Dr. Cooklev acknowledging with respect to the background references that "Dr. Zimmerman [CommScope's expert] does not assert that these references . . . alone or in combination render the Asserted Claims obvious"). According to TQ Delta, "it is not Dr. Cooklev's job to police Defendant's compliance with the rules." Reply at 4. While that is certainly true, it misses the point: the central thesis of TQ Delta's Motion is *factually contradicted by its own expert*. Dr. Cooklev was not opining on whether the use of background art was appropriate under the rules; he instead recognized that CommScope's expert was not using the background references to invalidate the asserted patent claims. TQ Delta's Motion thus *starts* with a factual assertion that is both belied by CommScope's expert reports and contradicted by its own expert. This highlights why TQ Delta has not met its burden to demonstrate entitlement to the relief sought. This aspect of TQ Delta's Motion should be denied.

  **B.**  **TQ Delta's Written Description Argument Is Misplaced**

TQ Delta's next argument is that Dr. Wesel did not apply the correct written description test despite having recited the correct test. As an initial matter, TQ Delta's argument goes to whether Dr. Wesel's opinions are consistent. The appropriate mechanism to challenge an expert's consistency is cross-examination. Moreover, TQ Delta continues to misapprehend the issue. Dr. Wesel was using the language of the prosecution history that described a feature as a "necessary" and "essential aspect of this invention"; he was not announcing or applying some improper legal test. To the extent there is any inconsistency here—and there is not—it is because TQ Delta misunderstands the underlying facts. This aspect of TQ Delta's Motion should also be denied.

2

### C.   TQ Delta's Claim Construction Arguments Are Incorrect

TQ Delta's final argument is that Dr. Ransom did not follow all of the Court's claim constructions pertaining to the patents still at issue in this case. TQ Delta is wrong.

As an initial matter, CommScope's experts will apply the Court's constructions and will not, in any way, attack those constructions or suggest any alternate constructions. CommScope's counsel are well aware of this Court's prohibition against such testimony and will tailor their direct examinations and instruct their witnesses accordingly.

In any event, the opinions that TQ Delta complains about are not inconsistent with the Court's constructions in any way. For example, Dr. Ransom did not opine that the "difference in latency" term requires a showing of a "before and after" comparison in latency values. Instead, Dr. Ransom explained how persons of ordinary skill would determine whether "the difference is less than it would have otherwise been"—which is the Court's language—by using a comparison in his analysis. In the Court's Claim Construction Order, the Court noted that a comparison is not *required*. *See* Claim Construction Memorandum and Order, Dkt. No. 169 at 43 (stating that "the claims can be understood without comparing actual latency values," and observing that the patent's disclosures "requir[e] reducing '*a* difference in latency' (such that the difference is less than it would have otherwise been)" (emphasis in original)). The Court did *not* say that a comparison is *impermissible*, as TQ Delta seems to suggest. Here, Dr. Ransom intends to demonstrate—and should be free to demonstrate—merely that, as a factual matter, in analyzing whether there is a "difference in latency," there is no difference.

Next, Dr. Ransom's opinion regarding the term "configurable to" is purely responsive to Dr. Madisetti's attempt to recast the Court's construction ("able to be configured") as "capable of." Dr. Ransom explains why Dr. Madisetti's "capable-of" view is wrong. Ultimately, Dr. Ransom's conclusion is simply that, under any of Dr. Madisetti's views of this term, there is no infringement. This is not improper.

3

Finally, TQ Delta suggests that Dr. Ransom construed the term "between." TQ Delta is wrong. Dr. Ransom is not providing a construction of "between." At no point did Dr. Ransom say or suggest "this is what 'between' means," nor will he offer that testimony at trial. Instead, Dr. Ransom explained why the accused products do not allocate the memory between two different functions. This is purely the application of the term's plain and ordinary meaning to the accused products. TQ Delta's suggestion that Dr. Ransom engaged in a "rewriting of 'between' as 'exclusively between' or 'only between'" is grossly misleading. TQ Delta places quotation marks around the phrases "exclusively between" and "only between," thus suggesting that these were Dr. Ransom's words, but those phrases do not appear anywhere in Dr. Ransom's report. TQ Delta's argument is thus predicated upon a nonexistent set of facts. This aspect of TQ Delta's Motion should also be denied.

### III. CONCLUSION

TQ Delta's Motion should be denied in its entirety.

Dated this 24th day of January, 2023

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000

F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*
*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP

1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: katherine.rubschlager @alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

*Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of January 2023, I electronically filed the foregoing sur-reply with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

By: */s/ Eric H. Findlay*
Eric H. Findlay
