# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

## TQ DELTA'S SURREPLY TO COMMSCOPE'S MOTION TO EXCLUDE CERTAIN UNRELIABLE OPINIONS OF PLAINTIFF'S EXPERT DR. VIJAY MADISETTI

I.  **INTRODUCTION**

"Proving invalidity is a two-step process." *Silicon Graphics, Inc. v. ATI Techs.*, Inc., 569 F. Supp. 2d 819, 823 (W.D. Wis. 2008), aff'd, 607 F.3d 784 (Fed. Cir. 2010). "The first step involves the proper interpretation of the claims. The second step involves determining whether the limitations of the claims as properly interpreted are met by the prior art." *Teleflex, Inc. v. Ficosa North America Corp.* 299 F.3d 1313, 1335 (Fed.Cir.2002). As part of the first step, the Court construed "'flag signal' to mean 'signal used to indicate when an updated FIP setting is to be used (the signal does not include the FEC codeword counter value upon which the updated FIP setting is to be used).'" Dkt. No. 169 at p. 91. As part of the second step, Dr. Madisetti explained that the prior art G.992.1 DRA_SWAP_REQUEST message is not a flag signal. In particular, Dr. Madisetti opined that because the G.992.1 DRA_SWAP_REQUEST message includes information that *specifies* "when an updated FIP setting is to be used," it does not "*indicate* when an updated FIP setting is to be used," as required by the Court's construction. Commscope's motion is a bold attempt to foreclose Dr. Madisetti from offering evidence that the G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages are not "flag signal[s]," as that term was construed by the Court.

II.  **ARGUMENT**

"[W]hether claim construction arguments may provide a proper basis for striking or excluding an expert's opinion . . . depends whether an expert witness has opined on a claim's scope beyond the plain and ordinary meaning of a term." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 949 (N.D. Cal. 2018). As explained below, Dr. Madisetti has not opined on the scope of the term "indicate" recited in the Court's construction of "flag signal" *beyond* the plain and ordinary meaning of that term in context of the surrounding language of the claim.

CommScope spills much ink arguing that Dr. Madisetti's analysis of the G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages in view of the Court's construction – the second step – "tracks a construction that the Court rejected during the claim construction process." Dkt. No. 2; s*ee also id.* at p. 4 ("Dr. Madisetti instead has applied his own construction of "flag signal" (not the Court's) in order to opine that the G.992.1 messages do not qualify."). Commscope's argument fails to consider the Court's explanation of the meaning of "flag signal" in the context of surrounding claim language, and Dr. Madisetti's concordant reasoning. In arriving at its construction, the Court observed that:

> Claim 8 of the '835 Patent, recites that "the switching occurs on a pre-defined forward error correction codeword boundary following the flag signal." This usage of "pre-defined" and "following" demonstrates that a "flag signal" ***does not itself set forth a change time*** but rather is merely an indication that the updated FIP setting / interleaver parameter value should be used at some juncture that is pre-defined in relation to when the flag signal is received. The specification contrasts this with other synchronization methods, such as using codeword counters. *See id*. at 8:67–9:2 (. . . at a synchronized point in time"), 9:23–27 ("this transition can be synchronized using a number of different exemplary methods"), 11:10–65 ("counting the FEC codewords from the beginning of Showtime and the transition would occur when a specific FEC codeword counter value that is known by both the transmitter 300 and the receiver 200 is reached") & 18:61–19:10 ("a message with the FEC codeword counter value on which the new FIP values are to be used is exchanged" and "a determination is made whether the counter value has been reached").

Dkt. No. 169 at p. 88 (emphasis added). The Court's analysis recognized that "the surrounding claim language" – "pre-defined" and "following" – demonstrates that a "flag signal" "***does not itself set forth a change time but rather is merely an indication***." *Id*. In line with the Court's reasoning, Dr. Madisetti merely accords "indicate" its plain meaning in the context of the claim, *i.e.*, a flag signal does not itself specify or "set forth" "when an updated FIP setting is to be used." Dr. Madisetti opined that the G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages were unlike the flag signal and instead were akin to the "other synchronization methods, such as using codeword counters," because like codeword counters, these messages do not

2

themselves specify or "set forth" "when an updated FIP setting is to be used." Accordingly, Dr. Madisetti opinion that the DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages do not qualify as flag signals is not improper.

The Court should recognize Commscope's motion for what it actually is – a disguised attempt to prevent Dr. Madisetti from offering an opinion and evidence that the G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages are not flag signals because they do not "indicate" but instead themselves including information that specifies or "set[s] forth" "when an updated FIP setting is to be used." CommScope also apparently hopes to prevent Dr. Madisetti from explaining the advantages of using a flag signal in contrast to the prior art G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages.

Notwithstanding the foregoing, even if CommScope's concerns have any merit, CommScope's motion is premature. The appropriate time to raise an objection would be at trial. *DNT, LLC v. Sprint Spectrum, LP*, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) (noting that the appropriateness of introducing evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art may be best judged in the context of the trial); *see also Huawei*, at 340 F. Supp. 3d at 949 (noting that "parties may introduce evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art, so long as the evidence does not amount to arguing claim construction to the jury[.]") (cleaned up).

### III. CONCLUSION

For the foregoing reasons, the Court should deny CommScope's request to strike Dr. Madisetti's opinions distinguishing the claimed "flag signal," as used in the context of other claim language, from the prior art G.992.1 DRA_SWAP_REQUEST and DRA_SWAP_REPLY messages.

Dated: January 24, 2023

3

/s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
***Counsel for Plaintiff TQ Delta, LLC.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this January 24, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III<br>
William E. Davis, III