# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                      *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>                      *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY IN OPPOSITION TO TQ DELTA, LLC'S MOTION FOR SUMMARY JUDGMENT ON FAMILIES 2, 3, 6, AND 9B (Dkt. No. 348)**

# **TABLE OF CONTENTS**

|      |      |      | Page |
|------|------|------|-----:|
| I.   | INTRODUCTION | | 1 |
| II.  | ARGUMENT | | 1 |
|      | A. | The Orders in the Delaware Action Are Not Final Judgments | 1 |
|      | B. | TQ Delta Has Not Established Beyond Dispute That the Issues in This Case Are Identical to Issues Actually Litigated in Delaware | 6 |
|      | C. | Preclusion Would Be Unfair and Imprudent in This Case, Particularly in Light of TQ Delta's Waiver and Forfeiture of Its Defenses | 7 |
| III. | CONCLUSION | | 9 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arizona v. California*,
     460 U.S. 605 (1983) ..................................................................................................3

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
     786 F.2d 1265 (Fed. Cir. 1986) ............................................................................3, 4, 5

*Baros v. Texas Mexican Ry. Co.*,
     400 F.3d 228 (5th Cir. 2005) ..................................................................................4, 7

*Benson & Ford, Inc. v. Wanda Petroleum Co.*,
     833 F.2d 1172 (5th Cir. 1987) .......................................................................................8

*Clay v. United States*,
     537 U.S. 522 (2003) ...............................................................................................3, 4

*Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*,
     No. A-03-CA-754-SS, 2006 WL 1544621 (W.D. Tex. May 31, 2006) .....................8

*Cycles, Ltd. v. Navistar Fin. Corp.*,
     37 F.3d 1088 (5th Cir. 1994) .................................................................................3, 4

*Ericsson Radio Sys., Inc. v. InterDigital Commc'ns Corp.*,
     No. CIV.A.3:93-CV-1809-H, 1999 WL 288683 (N.D. Tex. May 4, 1999) ..............6

*Firestone Tire & Rubber Co. v. Risjord*,
     449 U.S. 368 (1981) ....................................................................................................5

*J.R. Clearwater Inc. v. Ashland Chem. Co.*,
     93 F.3d 176 (5th Cir. 1996) .........................................................................................4

*Mozingo v. Correct Mfg. Corp.*,
     752 F.2d 168 (5th Cir. 1985) ..................................................................................8, 9

*New Amsterdam Casualty Co. v. B.L. Jones & Co.*,
     254 F.2d 917 (5th Cir. 1958) ......................................................................................3

*Pace v. Bogalusa City Sch. Bd.*,
     403 F.3d 272 (5th Cir. 2005) ......................................................................................6

*Parklane Hosiery Co. v. Shore*,
     439 U.S. 322 (1979) ....................................................................................................8

*RecoverEdge L.P. v. Pentecost*,
     44 F.3d 1284 (5th Cir. 1995) .................................................................................3, 4

*Rios v. City of Del Rio, Tex.*,
   444 F.3d 417 (5th Cir. 2006) .................................................................................................5

*Robert Bosch, LLC v. Pylon Manufacturing Corp.*,
   719 F.3d 1305 (Fed. Cir. 2013) ..............................................................................................5

*United States v. Nixon*,
   418 U.S. 683 (1974) ...............................................................................................................6

*Winters v. Diamond Shamrock Chem. Co.*,
   149 F.3d 387 (5th Cir. 1998) ............................................................................................4, 7

**STATUTES**

28 U.S.C. § 1291 ............................................................................................................................4

28 U.S.C. § 1292(c)(2) ...................................................................................................................5

28 U.S.C. § 2255 ............................................................................................................................3

**RULES**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................................9

Fed. R. Civ. P. 8(c) ........................................................................................................................8

Fed. R. Civ. P. 54(b) .........................................................................................................1, 2, 4, 5

Fed. R. Civ. P. 58 ..........................................................................................................................2

Fed. R. Civ. P. 60 .....................................................................................................................2, 3

## **TABLE OF EXHIBITS**

| Exhibit No.[1] | Description |
|---|---|
| Ex. 1 | Final Scheduling Order in *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-cv-1835-RGA ("*2Wire*"), Dkt. No. 513, dated April 10, 2018 |
| Ex. 2 | Jury verdict form for the Family 2 trial in *2Wire*, Dkt. No. 1271, dated January 16, 2020 |
| Ex. 3 | Jury verdict form for the Family 3 trial in *2Wire*, Dkt. No. 1187, dated May 23, 2018 |
| Ex. 4 | Order granting summary judgment of infringement on the Family 6 patent in *2Wire*, Dkt. No. 1568, dated June 28, 2021 |
| Ex. 5 | Court's oral order in *2Wire*, Dkt. No. 1045, dated April 2, 2019 |
| Ex. 6 | Memorandum order in *2Wire*, Dkt. No. 1139, dated May 9, 2019 |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its Response and this Sur-Reply brief.

I.     INTRODUCTION

TQ Delta's motion for summary judgment on Families 2, 3, 6, and 9B (Dkt. No. 348) should be denied. Collateral estoppel does not apply where, as here: (i) there has been no final judgment; (ii) the cases involve—as TQ Delta has already admitted—"*different* parties, *different* patents, *different* product lines, and *different* standards"; (iii) TQ Delta relied on those differences to support its arguments against transfer; and (iv) TQ Delta never pleaded res judicata. TQ Delta's Motion and Reply fail to resolve these core flaws in its argument for collateral estoppel. For the reasons explained below, and those presented in CommScope's Response, TQ Delta's Motion should be denied.

II.    ARGUMENT

   A.     The Orders in the Delaware Action Are Not Final Judgments

There is no question—and TQ Delta does not dispute—that there are numerous outstanding issues yet to be adjudicated in the Delaware Action. The decisions involving the Family 2, Family 3, and Family 6 patents—collectively or separately—are nowhere close to resolving the parties' rights and liabilities in that case. The outstanding issues are not, as TQ Delta suggests, limited to an accounting of damages. To the contrary, questions of infringement and validity remain for multiple patents at issue here, and the Delaware court likewise has not resolved 2Wire's counterclaim for patent unenforceability based on TQ Delta's breach of its FRAND obligations. In short, no infringement claim has been fully adjudicated, and certain claims have not been adjudicated at all.

Under Federal Rule of Civil Procedure 54(b), orders addressing fewer than all claims are presumptively interlocutory:

> [T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines* that there is no just reason for delay. Otherwise, any order or other decision, *however designated*, that adjudicates *fewer than all the claims . . . does not end the action as to any of the claims . . .* and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). The Delaware court's post-verdict judgments issued after

1

the Family 2 and Family 3 liability-only trials, and the court's partial summary judgment order finding infringement of the Family 6 Patents, have not resulted in a final judgment. And the Delaware court has not made any "express determination" that there is no just reason to delay any partial final judgment, as would be required under Rule 54(b). *See* Dkt. Nos. 350-7, 350-11, 350-13 (orders for Families 2, 3, and 6). Neither party even requested such a determination, and Judge Andrews has not raised or addressed the issue.[2] Nor would such certification be appropriate, since no single patent infringement claim has been adjudicated with respect to all claims and defenses raised in that case. Thus, the Delaware court's decisions on Families 2, 3, and 6, "however designated," are not final as to any claims and remain subject to revision. Fed. R. Civ. P. 54(b).

Without addressing Rule 54(b), TQ Delta argues that the Delaware decisions are nonetheless final judgments for purposes of collateral estoppel. TQ Delta first invokes Federal Rules of Civil Procedure 58 and 60(c), but provides no explanation for why these rules govern the finality inquiry. Dkt. No. 403, Reply at 2. The plain text of the rules makes clear they do not govern that issue. While Rule 58 sets forth the general concept that "[e]very judgment and amended judgment must be set out in a separate document," no court has held—and certainly TQ Delta cites no authority supporting—that the mere issuance of a document titled "judgment" on a separate page is itself sufficient to render it final and preclusive. Rule 60(c) similarly does not support TQ Delta's argument. That rule addresses the timing and effect of a Rule 60(b) motion seeking *relief from an existing final judgment*, noting that such a motion must be made within a reasonable time, and that certain types must be made within a year. Fed. R. Civ. P. 60(c). It says nothing at all about the criteria for finality, but

---

[2] In fact, the only time that either party sought leave to file an interlocutory appeal (on a claim construction ruling that allegedly was dispositive of infringement on a patent claim), the Delaware court *rejected* the request, reasoning that piecemeal appellate review on a single patent claim could not possibly accelerate resolution of the case in light of the numerous patent claims and issues presented. *See* Ong Decl., Ex. 6.

2

instead is premised on an *existing* final judgment, order, or proceeding. The rule also makes clear that the filing of a Rule 60(b) motion "does not affect the judgment's finality." Fed. R. Civ. P. 60(c)(2).

Next, citing *Arizona*, *Clay*, *Cycles*, and *RecoverEdge*, TQ Delta contends that collateral estoppel does not require a final appealable judgment and that courts can instead apply a "contextual" assessment of finality. That argument fails on multiple grounds.

First, the Fifth Circuit has repeatedly held that partial summary judgment orders, like the one issued in Delaware on Family 6, are not final for purposes of preclusion. *See Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1272 (Fed. Cir. 1986) ("An order granting partial summary judgment 'has no res judicata or collateral estoppel effect.'" (quoting *Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir. 1983))); *New Amsterdam Casualty Co. v. B.L. Jones & Co.*, 254 F.2d 917, 919 (5th Cir. 1958) (explaining that a partial "Judgment" under Rule 56(d) "has no res judicata effect and is subject to continuing change, modification or reversal by the trial court"). None of the Fifth Circuit cases cited by TQ Delta holds otherwise.

Second, neither *Arizona* nor *Clay* supports, as TQ Delta contends, a general rule that a district court's decision is preclusive before all the rights and liabilities of the parties have been fully litigated such that the case is ripe for appeal. In *Arizona v. California*, 460 U.S. 605 (1983), the Supreme Court held that *its own decrees* in a case where it held *original jurisdiction* are final notwithstanding ongoing proceedings. *Id*. at 619. The Supreme Court's statements about the binding effects of its own decisions as the court of last resort say nothing about the finality of district court decisions that are not yet ready for appeal. The Supreme Court's decision in *Clay v. United States*, 537 U.S. 522 (2003), is similarly inapplicable. *Clay* dealt with the finality of criminal convictions for the purpose of triggering the one-year limitation period under 28 U.S.C. § 2255. *See id*. at 527 (addressing "postconviction relief" and ruling that "[f]inality attaches when this Court affirms a conviction on

3

the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The Supreme Court's reasoning supports CommScope's position here, not TQ Delta's. The Court stated that, "[t]ypically, a federal judgment becomes final for appellate review and claim preclusion purposes *when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment.*" *Id*. at 527 (emphasis added). Here, the Delaware court has not disassociated itself from the case, and many aspects remain for resolution in the first instance, as described earlier.

Third, *Cycles* and *RecoverEdge* also do not support a piecemeal definition of finality that ignores appealability. The *Cycles* decision did not involve bifurcated claims. All outstanding claims, including damages, had been resolved in a judgment issued after a bench trial, and all that remained for resolution were post-judgment motions. *Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1089 (5th Cir. 1994). In *RecoverEdge*, a final appealable judgment had issued because, unlike here, the prevailing party had successfully moved the court to enter final judgment pursuant to Rule 54(b) on the claim adjudicated at trial. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995). Contrary to TQ Delta's arguments, the weight of Fifth Circuit authority has tied the finality of judgments for collateral estoppel purposes to their appealability under 28 U.S.C. § 1291. *See, e.g.*, *Avondale*, 786 F.2d at 1270 ("We are not aware of any federal appellate decision which has applied preclusion to a prior nonfinal ruling as to which appellate review was unavailable."). Since *Avondale*, the Fifth Circuit has repeatedly recognized that "the availability of review is of paramount importance to the issue of preclusion." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 395 (5th Cir. 1998); *see also Baros v. Texas Mexican Ry. Co.*, 400 F.3d 228, 233 (5th Cir. 2005); *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 179 n.2 (5th Cir. 1996) (recognizing that the Fifth Circuit has rejected the "flexible notion of finality" under which "something less than section 1291 finality is sufficient for purposes of issue preclusion"). Thus, to the extent either *Cycles* or *RecoverEdge*

4

conflicts with *Avondale*, particularly in suggesting that a lower standard of finality applies to issue preclusion than to collateral estoppel, that reasoning is inconsistent with earlier precedent, which controls. *See Avondale*, 786 F.2d at 1269 (stating that "[t]he requirement of finality applies just as strongly to collateral estoppel as it does to res judicata" (internal quotation marks omitted)); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit.").

Because multiple Fifth Circuit decisions refute TQ Delta's argument, TQ Delta argues in the alternative that the Delaware judgments are appealable under 28 U.S.C. § 1292(c)(2) and *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, 719 F.3d 1305 (Fed. Cir. 2013). But here, too, TQ Delta misreads the law. Section 1292(c)(2) grants the Federal Circuit jurisdiction over appeals of a judgment in a civil action for patent infringement that is "otherwise appealable" and is "final except for an accounting." In *Bosch*, the Federal Circuit construed "accounting" to include a trial on damages, 719 F.3d at 1317–20, but nothing in that decision or the text of § 1292(c)(2) purports to find finality where, as in the Delaware Action, the decisions fail to resolve liability on any—much less all—claims, and the court has not certified the decisions under Rule 54(b). TQ Delta's proposed interpretation of *Bosch* would lead to unreasonable results in Delaware, since it would permit potentially half a dozen piecemeal appeals on issues of validity and infringement of individual patent families, when questions about their enforceability and TQ Delta's right to any recovery remain outstanding. This would obliterate the basic purpose of the finality doctrine. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (concluding that "[t]his rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes," including protecting "the independence of the district judge" and avoiding "the harassment and cost of a succession of separate appeals from the various rulings to

which a litigation may give rise" and "promoting efficient judicial administration"); *United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement . . . embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.").

Accordingly, no final appealable judgment has issued in the Delaware Action, and TQ Delta's motion for summary judgment should be denied.

### B. TQ Delta Has Not Established Beyond Dispute That the Issues in This Case Are Identical to Issues Actually Litigated in Delaware

Here, TQ Delta asserts collateral estoppel as a sword to establish, on summary judgment, that CommScope infringes each asserted claim of the Families 2, 3, and 6 patents. TQ Delta thus bears the heavy affirmative burden of establishing, beyond any genuine dispute, that the asserted claims and accused products in this case are identical to those in the Delaware Action with respect to every element of every asserted claim. *See Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). The few excerpts of generalized expert opinions cited by TQ Delta in its Motion come nowhere close to meeting that burden. As explained in CommScope's Response, courts have acknowledged in similar circumstances that, "[i]f new products are at issue, collateral estoppel would be inappropriate because the issues involved in the two cases would not be identical." *Ericsson Radio Sys., Inc. v. InterDigital Commc'ns Corp.*, No. CIV.A.3:93-CV-1809-H, 1999 WL 288683, at *4 (N.D. Tex. May 4, 1999). Here, TQ Delta has asserted new claims and has accused new products not at issue in the Delaware Action, and TQ Delta also has alleged infringement for different time periods, implicating factual and legal questions on induced infringement that were never litigated in Delaware. As the moving party bearing the ultimate burden of proving infringement at trial, TQ Delta cannot shift its burden to CommScope by making generalized assertions of material similarity and pointing to an absence of testimony on this issue by CommScope's experts—particularly where TQ Delta never asserted collateral estoppel in any pleading, and where TQ Delta assured this Court of

6

the many differences in order to avoid a transfer. To the extent TQ Delta intends to (and is permitted to) proffer evidence of material similarity through expert testimony, CommScope, which bears no burden to prove non-infringement or to prove the absence of collateral estoppel, is entitled to challenge that testimony through cross-examination at trial.

    **C.    Preclusion Would Be Unfair and Imprudent in This Case, Particularly in Light of TQ Delta's Waiver and Forfeiture of Its Defenses**

A court has "broad discretion to determine whether relitigation of an issue should be precluded," particularly "[w]here a party seeks to employ collateral estoppel offensively." *Baros*, 400 F.3d at 232. Beyond TQ Delta's failure to establish the requisite elements of preclusion, its Reply also fails to address multiple equitable and prudential factors that counsel against applying preclusion in this case.

First, regardless of whether appealability is a legal requirement for finality, the fact that the Delaware decisions have not yet been subject to appellate review makes it both unfair and imprudent to make them binding on this Court and the parties here. As the Fifth Circuit has recognized, "where the losing litigant never had an opportunity to appeal," "[i]t is clear that fairness considerations weigh heavily against binding a party whose ability to appeal is precluded by a prohibition of law." *Winters*, 149 F.3d at 395. Moreover, the potential reversal of the Delaware decisions via a future appeal means that reliance on those judgments for a verdict and judgment of damages in this case could result in an enormous waste of judicial resources—far more than the resources needed to try the validity and infringement issues on these three patent families when a jury will already be empaneled to hear the other issues at trial.

Second, this case involves multiple non-2Wire products (that CommScope did not acquire from 2Wire) and, thus, were never litigated in Delaware. Even if CommScope had limited input during the late stages of 2Wire's defense of 2Wire's products in Delaware, it would be unfair to extend the reach of the results of that litigation to CommScope and newly accused, non-2Wire

7

products in this case. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330–31 (1979) (recognizing that offensive preclusion is unfair when applied against a defendant who did not have the full incentive and opportunity to defend against an issue in the preceding action); *Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *7 (W.D. Tex. May 31, 2006) (recognizing that, "[a]lthough a transfer of property may give rise to privity," that privity is "only with respect to an adjudication of rights *in the property that was transferred*; they are not in privity for other purposes, such as an adjudication of rights in other property that was never transferred between the two" (internal quotation marks omitted) (emphasis in original)); *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) (holding that, to be collaterally estopped, a non-party must have had "effective choice as to the legal theories and proofs to be advanced" by the party to the action).

Third, applying preclusion on res judicata grounds is particularly unfair where, as here, TQ Delta never pleaded res judicata and instead affirmatively sought to distinguish the issues in this action from those in the prior action. "Under F.R.C.P. 8(c), res judicata, and hence collateral estoppel, is an affirmative defense which if not pled is considered waived." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985). TQ Delta's contention that it raised its defense as soon as it was "practically ripe" is meritless. Dkt. No. 403, Reply at 3. TQ Delta knew the identities and functionalities of the accused products and chips by the time it filed suit in this case. Yet, it delayed raising its res judicata arguments until this Motion. TQ Delta thus is attempting to exploit the situation by first opposing CommScope's transfer motion (by asserting the many differences from the Delaware Action), but now pointing to CommScope's alleged failure to develop expert testimony on those material differences and asserting that alleged failure as grounds for summary judgment—all when TQ Delta never pleaded or raised collateral estoppel as an issue to be adjudicated. *Id.* at 1, 7, 10.

For these same reasons, the Court should deem TQ Delta's collateral estoppel arguments waived. And because Rule 15(a)(2)'s late amendment doctrine should be applied only "when no prejudice would result to the other party, and the ends of justice so require," *Mozingo*, 752 F.2d at 172 (5th Cir. 1985), TQ Delta's informal request for an amendment—just two months before trial, and well after the close of fact and expert discovery—should be denied in light of the undue prejudice and unfairness of allowing such an amendment.

### III.    CONCLUSION

For the reasons set forth above and in CommScope's Response, the Court should deny TQ Delta's motion for summary judgment on Families 2, 3, 6, and 9B.

Dated this 25th day of January, 2023

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh

9

GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*
*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: katherine.rubschlager @alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

*Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

11

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay
