IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>     *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF TQ DELTA'S MOTION TO STRIKE THE INVALIDITY REPORT OF <u>DEFENDANTS' EXPERT MARK LANNING (DKT. NO. 338)</u>**

## **TABLE OF CONTENTS**

                                                           **Page**

I. Introduction .................................................................................................................... 1

II. Mr. Lanning's Opinions Are Based on the Court's Construction of the Claim Term "SNR Margin" ................................................................................................................. 1

    A. The Deposition Transcript Does Not Support TQ Delta's Manufactured Claim Construction Dispute ........................................................................................... 1

    B. TQ Delta Cannot Identify Testimony Inconsistent with the Court's Construction .......... 2

III. Mr. Lanning Appropriately Relies on Peeters and Cai in His Report ................................. 3

IV. Conclusion ....................................................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arthrex, Inc. v. Smith & Nephew*,
  No. 2:15-cv-01047-RSP, 2016 U.S. Dist. LEXIS 203781 (E.D. Tex. Nov. 30, 2016) ................................................................................................................................. 3

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................................................ 2

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-cv-00070-JRG, 2020 U.S. Dist. LEXIS 139310 (E.D. Tex., Aug. 5, 2020) ................................................................................................................................. 3

*Liquid-Dynamics Corp. v. Vaughan Co.*,
  No. 01 C 6934, 2004 U.S. Dist. LEXIS 29992 (N.D. Ill., Sept. 30, 2004) .............................. 2

*Treehouse Avatar LLC v. Valve Corp.*,
  54 F.4th 709 (Fed. Cir. 2022) ................................................................................................. 3

**TABLE OF EXHIBITS**

| Exhibit No.[1] | Description |
|---|---|
| Ex. F | Excerpt of Deposition Transcript of Mark R. Lanning, dated December 2, 2022 ("Lanning Deposition"). |
| Ex. G | Excerpt of Appendix B to Opening Report of Mark R. Lanning on the Invalidity of the Asserted Claims of the Family 10 Patents (U.S. Patent Nos. 9,154,988; 8,937,988). |
| Ex. H | Excerpt of CommScope's Preliminary Invalidity Contentions. |
| Ex. I | Exhibit F10-354D Invalidity of U.S. Patent No. 9,154,354 Patent based on Peeters. |
| Ex. J | Exhibit F-04 to Defendants' Invalidity Contentions: Comparison of U.S. Patent No. 9,154,354 and Cai. |
| Ex. K | Excerpt of Expert Rebuttal Report of Arthur Brody, Ph.D., Regarding Validity of the Family 10 Patent. |
| Ex. L | Excerpt of Deposition Transcript of Mark R. Lanning, dated December 2, 2022 ("Lanning Tr."). |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its Response and this Sur-Reply brief.

I.  Introduction

TQ Delta asks this Court to strike the entirety of Mr. Lanning's expert report for allegedly not applying the Court's construction of "SNR margin," even though Mr. Lanning unequivocally explained in both his report and his deposition that he had done so. And Mr. Lanning could hardly have been clearer in correctly applying this Court's construction. TQ Delta's insistence otherwise is incorrect. Further, TQ Delta mischaracterizes Mr. Lanning's reliance on certain prior art references as mere background material in an attempt to strike additional material from Mr. Lanning's report. The Court should deny both requests.

II. Mr. Lanning's Opinions Are Based on the Court's Construction of the Claim Term "SNR Margin"

A. The Deposition Transcript Does Not Support TQ Delta's Manufactured Claim Construction Dispute

TQ Delta attempts to manufacture a claim construction dispute by creating a Catch-22 for Mr. Lanning. Regardless of his testimony, TQ Delta undoubtedly planned to move to strike his report. In his deposition, TQ Delta repeatedly asked Mr. Lanning if he had read into this Court's construction of "SNR margin" certain language from the specification. Mr. Lanning correctly testified that he had not. TQ Delta now moves to strike his report for failing to read into the Court's construction this language from the specification. But had Mr. Lanning agreed that he applied a construction that read in language from the specification—as opposed to just applying this Court's construction—TQ Delta would certainly have moved to strike his entire expert report for that reason. TQ Delta's manufactured dispute is thus meritless.

In his deposition, Mr. Lanning repeatedly emphasized that he applied the Court's construction—as he is required to do. *See* Exhibit L at 122:2–17 ("I'm going to tell you that when I see the words SNR margin, I'm going to go to the Court's construction. I'm not going to answer anything different than what the Court has construed . . . . This is probably one of the main reasons

1

this term needed to be construed, because the patent is confusing in this area."); *see also id.* at 139:16–25. In its Motion, TQ Delta quotes part of Mr. Lanning's testimony, but strategically omits the part where he responded to questions about whether he had read into the Court's construction certain language from the patent specification. For example, TQ Delta's Reply (Dkt. No. 405) quotes Mr. Lanning's deposition transcript but omits the final sentence of his answer (emphasized below):

> Q: But sitting here today, you haven't provided an opinion that the product discloses the type of SNR margin described in Column 1 and 2 of the patent, correct?
>
> A: I have included the analysis. Whether I understand what those columns say, but those columns aren't clearly the same as the Court's construction. *So I followed the Court's construction for my analysis*.

Exhibit L at 139:16–25 (emphasis added).[2] Although the Court's construction might be consistent with the portions of the patent specification that TQ Delta was pressing during the deposition, the two are not identical. Mr. Lanning reasonably confirmed that the two "aren't clearly the same," and so he reasonably refused to apply the language that TQ Delta pointed to in the specification in favor of applying the actual construction set out by this Court. If TQ Delta takes issue with Mr. Lanning's application of the Court's construction to the prior art, it can cross-examine him about the application in front of the jury. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

    **B.**    **TQ Delta Cannot Identify Testimony Inconsistent with the Court's Construction**

None of the testimony identified by TQ Delta is inconsistent with the Court's construction. In each of the cases cited by TQ Delta, the expert had expressly adopted a claim construction that was "materially different" or "contradictory" to the court's construction. *See, e.g.*, *Liquid-Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2004 U.S. Dist. LEXIS 29992, at *11–12, *16 (N.D. Ill., Sept. 30, 2004) (finding that the expert's opinions were based on an interpretation "expressly rejected" by

---

[2] In Exhibit L to TQ Delta's Reply, the highlighted portion of Mr. Lanning's answer likewise omits the last sentence where Mr. Lanning confirmed that "I followed the Court's construction for my analysis."

2

the court's claim construction); *Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 714–15 (Fed. Cir. 2022) (affirming district court's grant of a motion to strike where the testimony was based on a claim construction that was "materially different" from the court's construction); *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG, 2020 U.S. Dist. LEXIS 139310, at *7–8 (E.D. Tex., Aug. 5, 2020) (striking portions of the expert's report that were "contradictory" to the court's construction). Mr. Lanning made no such mistake. His opinions were not inconsistent with the Court's construction, and exclusion of his report is unwarranted. *See GREE*, 2020 U.S. Dist. LEXIS 139310, at *4–7.

Mr. Lanning's correct application of this Court's construction is further evidenced by the fact that TQ Delta does not point to any particular opinions in his report where he allegedly contradicted this Court's pronouncement. By comparison, in *GREE*, this Court struck certain paragraphs of an expert's opinions that were "contradictory to the Court's construction" (and even then, the Court struck only the contradictory opinions, not the entire report). *See id.* at *4, *8. TQ Delta is unable to articulate which paragraphs of Mr. Lanning's opinions are contradictory to the Court's construction—because, quite simply, none of his opinions contradict the Court's construction. For this additional reason, the Court should deny TQ Delta's motion to strike Mr. Lanning's Report.

**III.     Mr. Lanning Appropriately Relies on Peeters and Cai in His Report**

With respect to the portion of Mr. Lanning's report that discusses Peeters and Cai in his background art section, TQ Delta does not dispute that Mr. Lanning may rely on prior art references to establish background and the state of the art. *Arthrex, Inc. v. Smith & Nephew*, No. 2:15-cv-01047-RSP, 2016 U.S. Dist. LEXIS 203781, at *10 (E.D. Tex. Nov. 30, 2016). Instead, TQ Delta asserts that the paragraphs it seeks to strike "relate to invalidity grounds." Reply (Dkt. No. 405) at 5. But paragraphs 72, 80, and 89 that TQ Delta seeks to strike are found in the "Background of the Technology" section of Mr. Lanning's report, and paragraph 138 merely recites what "was known" by a person of ordinary skill in the art and what was a "well-known concept." Mr. Lanning thus

3

appropriately relied on the references at issue here—Peeters and Cai—as background material that reflects the state of the art.

With respect to Mr. Lanning's reliance on Peeters and Cai as invalidating references, TQ Delta has been aware of the Peeters and Cai references since at least January 13, 2022. *See* Exhibit H; Exhibit I; Exhibit J. These two references were elected by Nokia, and Mr. Lanning opined on behalf of both CommScope and Nokia. Finally, TQ Delta does not dispute that CommScope remains in compliance with this Court's order, even counting Peeters and Cai. *See* Order, Dkt. No. 307 at 3 (ordering defendants to identify "**no more than a total of twenty (20) prior art references**" (emphasis in original)). There is no undue prejudice to TQ Delta in allowing Mr. Lanning to opine on properly disclosed opinions, and certainly no undue prejudice that cannot be remedied before trial in this matter. The Court should not strike Mr. Lanning's discussion of the Peeters and Cai references.

## IV.   Conclusion

For the reasons set forth above, CommScope respectfully requests that the Court deny TQ Delta's Motion to Strike the Invalidity Report of Defendant's Expert, Mark Lanning.

Dated this 25th day of January, 2023

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, T Y 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP

4

100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*
*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

5

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: *katherine.rubschlager@alston.com*
Telephone: 650-838-2004
Facsimile: 650-838-2001

*Attorneys for Defendants CommScope Holding Company, Inc, CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

></br>  />*/s/ Eric H. Findlay*  
Eric H. Findlay