IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TQ DELTA, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF STEPHEN L. BECKER, Ph.D.**

## I.  INTRODUCTION

The opinions in Dr. Stephen Becker's expert report regarding the SSSPU and the Sisvel agreements, rate card, and Sisvel patents are not sufficiently supported and are, thus, unreliable. For the reasons explained in TQ Delta's motion and below, TQ Delta's Motion should be granted.

## II.  ARGUMENT

### A.  Dr. Becker's opinions regarding the SSPPU are unreliable.

Dr. Becker's opinions regarding the SSPPU being the DSL chip or chipset within each of the Accused Products are not sufficiently supported with evidence in his report under Federal Rule of Evidence 702 and are, thus, unreliable. Dr. Becker's report and his deposition confirm that his SSPPU opinion is based solely on his private discussions with CommScope's technical experts (Drs. Cimini, Ransom, and Al-Dhahir). Dkt. 345-2 Ex. 1 Becker Report at ¶¶ 24, 89 ("Based on my discussions with Dr. Cimini, Dr. Ransom, and Dr. Al-Dhahir, it is my understanding that the smallest saleable patent practicing unit (SSPPU) in this case is the DSL chip (or chipset) that provides the accused DSL-related functionality."), 270; Ex. 1, Becker Tr. at 210:15-22, 212:2-15.

CommScope asserts that Dr. Becker's opinions concerning the SSPPU being the DSL chipset are supported by TQ Delta's experts (which is incorrect), CommScope's experts, and fact witnesses. Dkt. 382 at 4. Dr. Becker's report cites only his private discussions with CommScope's technical experts, not their written reports (which do not even address the SSPPU). It provides no further detail about those conversations. And his report does not cite TQ Delta's experts or fact witnesses in support of his opinion that the SSPPU is the DSL chipset. Thus, the opinions of TQ Delta's experts[1] and statements by fact witnesses are irrelevant to the core issue – whether Dr.

---

[1] In its Response, CommScope fails to acknowledge that TQ Delta's technical expert, Dr. Cooklev, discussed explicitly in his opening expert report his "findings on the smallest salable unit for the accused products for the asserted claims" and opined that "**infringement requires more than the single 'system**

Becker's <u>opinion in his report</u> about the SSPPU being the DSL chipset is sufficiently supported under Federal Rule of Evidence 702.

It is too late and improper for CommScope to backdoor in additional alleged supporting evidence that was never included but that could have been included in Dr. Becker's report. CommScope could have had its three technical experts define the SSPPU in their written reports, and then have Dr. Becker cite those opinions as supporting evidence, but that did not happen. If that had happened, then TQ Delta would have been able to probe those theories in discovery. But CommScope chose the path of providing no written report on the critical SSPPU issue. Sufficient support for his SSPPU opinion should be expected under Federal Rule of Evidence 702 given the significance of defining the SSPPU, which is the lynchpin for Dr. Becker's apportionment analysis, and Dr. Becker failed to do so.

CommScope argues that "technical experts are not tasked with opining whether particular components qualify as a SSPPU." Dkt. 382 at 1. If not the technical experts, then who? A damages expert such as Dr. Becker, who is not a technical expert? Ex. 1, Becker Tr. at 28:15-21 ("I'm not holding myself out as a technical expert."), 29:8-13. Belying CommScope's assertion, Dr. Becker testified that determining "what do the asserted claims cover" and "what satisfies the claim elements" is "a technical expert thing" and that his understanding of the SSPPU was gained

---

**on a chip' component**, including memory and other components" and that "[g]enerally, the CommScope CPE Products would require, **at least**, their circuit board, a primary DSL digital chip (e.g., a Broadcom chip), line drivers, memory, connectors, power circuitry, and isolation circuitry, in addition to an analog-front end." Ex. 2, Cooklev Report, at ¶¶ 1266-1268 (emphasis added).

CommScope also fails to acknowledge that, in his deposition, Dr. Cooklev reaffirmed that for all of the asserted claims, the SSPPU is at least the list of components referenced in his report (see quotes above), which belies CommScope's assertion that the SSSPU is just the DSL chipset and refutes its false assertion that "the opinions of TQ Delta's own technical experts confirm that the Broadcom DSL chipset is the SSPPU." Dkt. 382 at 4, 9; Ex. 3, Cooklev Tr. at 131:16-134:17. CommScope's false assertion that it is "undisputed by TQ Delta and its experts" that the SSPPU is the Broadcom DSL chipset in the Accused products is also contradicted by Dr. Becker, who testified that he understood that the parties' technical experts disagreed about what comprises the SSPPU. Ex. 1, Becker Tr. at 209:16-210:14.

"purely" from the technical experts.[2] His testimony also belies CommScope's assertion that "Dr. Becker's reliance on the DSL chipset as the SSPPU is fundamentally informed by relevant licenses that underpin his market approach." Dkt. 382 at 4.

CommScope also argues that experts are entitled to rely solely on discussions with experts. While relying solely on discussions with experts might be considered sufficient in some situations, it should not be deemed sufficient under the unique facts here, where the only CommScope expert that discusses the SSPPU in his report is Dr. Becker. Dr. Becker's report provides no information about whether any of CommScope's technical experts employed any methodology (or employed the same or different methodologies), examined all or only some asserted claims, considered the opinions of TQ Delta's experts, or reviewed any documents or relevant fact witness testimony to support the SSPPU opinions that they allegedly shared with Dr. Becker via private conversations.

CommScope relies on *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS 193340 (E.D. Tex. Oct. 24, 2022) as an analogous case, but the case that is more comparable to this case is *Finalrod IP, LLC v. Endurance Lift Solutions*, Inc., No. 2:20-cv-00189-JRG-RSP, Dkt. 144, 2021 U.S. Dist. LEXIS 202681, 2021 WL 4906217 (E.D. Tex. Oct. 20, 2021). In *Finalrod*, the Court struck portions of the plaintiff's damages expert's opinions regarding non-infringing alternatives to the extent it relied upon a conversation with the technical expert because during deposition, the technical expert could not recall conversation related to non-infringing alternatives, nor was it disclosed in his report. In this case, Dr. Ransom denied in his deposition that he had any discussions with Dr. Becker, which kept TQ Delta from

---

[2] Ex. 1, Becker Tr. at 204:5-206:9; 210:15-22 ("Q. [W]here you're at now in terms of your opinion is that the SSPPU -- or the smallest patent practicing unit -- is what CommScope's technical experts have told you; is that right? A. For the -- **for the definition of the SSPPU, yes, I've – I've assumed that -- that based on my discussions with them**."); 212:2-15 ("Q. [Y]our understanding of what the SSPPU is, was that informed by the discussions with them or by reading their reports or a combination of that? A. No, that -- I -- **I gained that understanding purely from my discussions with them**.") (emphasis added).

probing his alleged conversation with Dr. Becker. Dkt. 345-3 Ex. 2 Ransom Tr., at 52:19-53:2. Also, in *Finalrod*, there was no disclosure of non-infringing alternatives in the technical expert's report. Similarly, in this case, none of the expert reports of CommScope's three technical experts state that the SSPPU is the DSL chip or even discuss the subject of SSPPU at all. The Court should exercise its discretion and find that Dr. Becker's opinion about the SSPPU being the DSL chip is not based on 'sufficient facts or data' under Federal Rule of Evidence 702 and exclude that opinion.

### B.  Dr. Becker's opinions regarding the Sisvel agreements are unreliable.

Dr. Becker's opinions regarding the various Sisvel International S.A. ("Sisvel") agreements should also be excluded as unreliable. Dr. Becker testified that he believed the Sisvel license agreements were "comparable enough"; thus, he considered their comparability. Ex. 1, Becker Tr. at 195:21-196:4. As a damages expert, however, Dr. Becker must rely on technical experts to determine whether the Sisvel agreements and rate card, including the patents to which they pertain, are technologically comparable. *See Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 175127, at *12 n.4 (E.D. Tex. Oct. 23, 2017) ("As an expert on damages with no technical background, [damages expert] Mills is of course, not a POSITA and must rely on the technical experts in the case when determining whether patents are comparable."). CommScope does not cite any case holding that, even as a "reasonableness check," a technological comparability analysis is unnecessary. Without a technological comparability opinion from a technical expert, Dr. Becker's comparability analysis and use of the Sisvel agreements as a "reasonableness check" is inherently unreliable.[3]

---

[3] *See Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 U.S. Dist. LEXIS 94016, at *12 (E.D. Tex. May 25, 2017) ("While the comparability of previous licenses is generally fertile ground for cross-examination, a complete failure to provide any analysis regarding technological comparability warrants exclusion.").

The *GPNE Corp. v. Apple, Inc.* case cited by CommScope is distinguishable because the licenses sought to be excluded were GPNE's own prior litigation settlement licenses, and the court's decision was based on five facts, two of which were redacted in the court's opinion, making it unclear why that court denied GPNE's motion to exclude.[4] No. 12-CV-02885-LHK, 2014 U.S. Dist. LEXIS 53234, at *41 (N.D. Cal. Apr. 16, 2014). In this case, the Sisvel agreements, rate card, and related patents are that of a third party, Sisvel, which is wholly unrelated to TQ Delta, the Patents-in-Suit, and the Accused Products. Also, the *Carnegie Mellon v. Marvell Tech. Grp., Ltd.* case cited by CommScope is distinguishable because the "forecast" sought to be excluded was Carnegie Mellon's document pertaining to its patents. The court found that the forecast was relevant and probative "of contested issues concerning the hypothetical negotiation, including the state of mind of CMU during such negotiations as to the type of license it would possibly grant Marvell . . . and the value or price of any such license." No. 09-290, 2012 U.S. Dist. LEXIS 159794, at *14-17 (W.D. Pa. Nov. 7, 2012). Here, the third-party Sisvel materials at issue have no relevance to TQ Delta's state of mind or the type or value of the license that it might grant.

The Sisvel agreements and rate card should be excluded because they involve different patents and parties and are not relevant to the hypothetical negotiation, even as a reasonableness check, and their discussion by Dr. Becker at trial would likely confuse the jury and allow them to give them impermissible weight.

### III.   CONCLUSION

For the preceding reasons, TQ Delta respectfully requests that the Court grant TQ Delta's Motion.

---

[4] *Id.* at *41 ("[F]ive facts in this case all counsel against granting GPNE's motion . . . (2) all of GPNE's licenses [TEXT REDACTED BY THE COURT], (3) [TEXT REDACTED BY THE COURT] of GPNE's [TEXT REDACTED BY THE COURT] licenses [TEXT REDACTED BY THE COURT].").

/s/ *William E. Davis III*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**

500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

*Counsel for TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 17, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis III
William E. Davis, III