# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **TQ DELTA, LLC,** | § § § | |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,** | § § § § § § § § § § | **Civil Action 2:21-cv-310-JRG (Lead Case)** |
| **COMMSCOPE CORP., COMMSCOPE SOLUTIONS AND NETWORKS OY, and COMMSCOPE OF AMERICA CORP.** Defendants. | § § § § § § | **Civil Action No. 2:21-cv-309-JRG (Member Case)** |

**PLAINTIFF TQ DELTA'S OBJECTIONS AND RESPONSES TO COMMSCOPE'S FIRST SET OF INTERROGATORIES (NOS. 1-35)**

Under Federal Rules of Civil Procedure 26 and 33, Plaintiff TQ Delta, LLC ("TQ Delta") responds to CommScope's First Set of Interrogatories served by Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope" or "Defendants") (collectively "Defendants" or "CommScope") served on April 12, 2022, as follows:

**OBJECTIONS TO DEFINITIONS**

1.      TQ Delta objects to the definition for "You," "Plaintiff," "TQ Delta," "Aware" and "Your" as vague, lacking in specificity, overly broad, and unduly burdensome.  Particularly, TQ

Delta objects to the extent that the definition attempts include unspecified and unnamed individuals or entities that are not parties to this litigation.

2. TQ Delta objects to the definitions for "Prior Art," "Identify," and "Person" to the extent that they impose obligations on TQ Delta beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the rules of this Court. TQ Delta further objects to this definition to the extent that it imposes unnecessary and undue burdens on TQ Delta.

3. TQ Delta objects to the terms "Relating to," "Related to," "Relate to," "Concern," and "Concerning" to the extent that they seek the disclosure of information and/or documents that are not relevant and not calculated to lead to the discovery of admissible evidence.

4. TQ Delta objects to the definition for "Standard" as vague, lacking in specificity, overly broad, and unduly burdensome to the extent that it refers to or is intended to include standards issued or produced an organization other than the International Telecommunications Union and/or that are not relevant to the currently asserted claims of the Asserted Patents.

## GENERAL OBJECTIONS

1. TQ Delta makes the objections and responses herein based on its interpretation and understanding of Defendants' Interrogatories and based on its current knowledge, understanding, and belief. Discovery is ongoing, and TQ Delta continues to investigate the facts relating to this action. TQ Delta may modify or supplement its responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made, or because of the Court's legal determination of various issues. Further, these responses are given without prejudice to TQ Delta's right to use or rely on at any time, including trial, subsequently discovered information and documents, or information omitted from these responses by inadvertence or mistake.

2. Additional discovery and investigation may lead to additions to, changes in, or modification of these responses. Therefore, these responses are provided without prejudice to TQ Delta's right and obligation to revise, amend, correct, supplement, modify, or clarify these responses to the extent required by Fed. R. Civ. P. 26(e). In addition, TQ Delta's objections as set forth herein are made without prejudice to TQ Delta's right to assert any additional or supplemental objections should TQ Delta discover additional grounds for such objections.

3. These responses shall not constitute an admission by TQ Delta that any of the responses or documents referenced in connection therewith are admissible as evidence at trial or in any other proceeding. TQ Delta expressly reserves the right to object on any grounds, at any time, to the admission of any response or any document identified in connection therewith at trial or in any other proceeding.

4. By producing or referring to any document or thing in response to any Interrogatory, TQ Delta does not waive any objection made in these responses, nor any claim of privilege, whether or not expressly asserted.

5. These responses are made solely for and in relation to this action.

6. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks documents that are protected by the attorney-client privilege, work-product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. TQ Delta hereby asserts all such applicable privileges, protections, and immunities. TQ Delta intends to fully preserve all such privileges, and any identification or production of privileged documents in response to these Interrogatories shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other document. To the extent that an interrogatory might sweep within its scope privileged

communications between TQ Delta and its counsel, TQ Delta asserts its attorney-client privilege.

      7.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks information subject to an obligation of confidentiality to a third party or protective order or that TQ Delta believes is sensitive, proprietary, or otherwise confidential.  Such information have been or will be disclosed, to the extent not otherwise objectionable, only under the Protective Order governing this action and any amendments to it.

      8.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory purports to impose on TQ Delta duties, burdens, obligations, or responsibilities different from, and beyond, those set by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.  TQ Delta will only disclose information as required by the Federal Rules of Civil Procedure, Local Rules, and Orders of this Court.

      9.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory is unreasonably cumulative, redundant, or duplicative of any other Interrogatory.

      10.     TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks documents or information that are already in Defendants' possession or knowledge, that are publicly available (including but not limited to information or papers already exchanged between the parties or filed in connection with this proceeding) to the Defendants, or that are equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

11. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory purports to require TQ Delta to disclose information that does not exist or that is not known to TQ Delta.

12. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory is vague, ambiguous, unreasonably requires TQ Delta to speculate as to the nature and scope of the information sought, framed in terms that Defendants have not specifically defined or fail to identify with reasonable particularity the information sought or otherwise uses terms and phrases that are not understandable. TQ Delta may not interpret the terms used by Defendants in the manner that Defendants intend. Thus, TQ Delta may not realize or understand what specific information Defendants believe would fall within the scope of the interrogatory, and TQ Delta will not speculate as to what meaning Defendants attribute to such terms. In responding to these Interrogatories, TQ Delta will interpret the words and phrases used in these Interrogatories to the extent reasonably feasible as TQ Delta reasonably understands those terms and phrases utilizing commonplace meanings for terms included therein. To the extent the Interrogatories purport to seek information or documents and things other than as interpreted by TQ Delta, TQ Delta objects to such Interrogatories as being vague, ambiguous, and overbroad.

13. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory, whether standing alone or taken in conjunction with any other Interrogatory, is overbroad, is unduly burdensome, seeks information or documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case and the

claims or defenses of any party to this action, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to TQ Delta.

14. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent that any Interrogatory seeks information or documents unbounded in time or from a period that is unduly burdensome or overly broad. TQ Delta will endeavor to place a reasonable time restriction on any such Interrogatory.

15. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein as premature to the extent that any Interrogatory seeks information before the date such information are to be exchanged or disclosed under the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court. To the extent that Defendants' Interrogatories conflict with a Court order or rule, TQ Delta will follow the dates set by the Court.

16. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they improperly seek to require TQ Delta to marshal all its available proof and limit the evidence that TQ Delta may present at the trial of this matter. TQ Delta reserves the right to introduce all admissible evidence at any trial or hearing, including physical and documentary evidence, as well as oral testimony.

17. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they seek documents or information that is disproportional to the needs of the case considering the importance of the discovery issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense on TQ Delta of the proposed discovery outweighs its likely benefit.

18. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions

contained therein to the extent they attempt to require TQ Delta to provide a *Markman*-type claim construction analysis. TQ Delta also objects because such an interrogatory is overly broad, unduly burdensome, and premature.

19. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein as premature and improper discovery of expert opinion to the extent they seek discovery of information within the scope of Federal Rule of Civil Procedure 26(a)(2)(B).

20. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent any Interrogatory calls for TQ Delta to produce documents and disclose information that is duplicative and within the scope of Federal Rule of Civil Procedure 26(a)(1).

21. TQ Delta objects to Defendants' Interrogatories and the definitions and instructions contained therein to the extent they are premature and improper discovery of expert opinions and to the degree that they seek disclosure of information, or the identification or production of documents covered by Federal Rule of Civil Procedure 26(b)(3) and 26(b)(4) therefore not discoverable, or which are sought before the deadlines agreed upon by the parties or directed by the Court.

22. TQ Delta objects to Defendants' Interrogatories to the extent any Interrogatory seeks to require preparing documents or other information that do not already exist; TQ Delta has no obligation to do so.

23. TQ Delta objects to Defendants' Interrogatories to the extent that the disclosure of information by TQ Delta might be interpreted as requiring TQ Delta to concede the relevancy, competency, materiality, or admissibility of the information sought by the interrogatory.

24. The lack of a specific objection by TQ Delta to a particular individual Interrogatory

or to any agreement to produce non-privileged responsive information or document shall not be construed as an admission that responsive documents or information exist.

25.     TQ Delta's objections shall in no way constitute an admission or acknowledgment of Defendants' characterization of statements made and actions taken by TQ Delta or other parties to this action as set forth in the Interrogatory.

26.     TQ Delta's responses below do not in any way constitute an adoption of the purported definitions of words or phrases contained in the Interrogatories as set forth in Defendants' Interrogatories. TQ Delta objects to the purported definitions to the extent that they: are unclear, ambiguous, overly broad, or unduly burdensome; are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; seek to impose obligations different from, or over, those created by the Federal Rules of Civil Procedure and the Local Rules; include assertions of purported fact that are inaccurate or are disputed by the parties to this action, or incorporate other purported definitions that suffer from such defects. Consistent with applicable law and without waiving or limiting its general or specific objections, TQ Delta has made a good faith effort to interpret the objectionable definitions and instructions in Defendants' Interrogatories.

27.     TQ Delta objects to each interrogatory and definition to the extent that it calls for a legal conclusion. Disclosure of information by TQ Delta shall not be construed to be an admission by TQ Delta that such information satisfies any particular legal characterization made by these Interrogatories.

28.     These general objections apply to each of Defendants' Interrogatories below and are incorporated by reference into the objections for each Interrogatory set forth below, which are made without waiver of, and are subject to, these general objections. In making these objections,

TQ Delta does not in any way waive or intend to waive, but instead wants to preserve and is preserving the following:

    a. all objections to competency, relevancy, materiality, and admissibility of any information or documents that may be provided in response to every Interrogatory, or the subject matter thereof;

    b. all rights to object on any ground to the use of any of the information or documents that may be provided in response to every Interrogatory, or the subject matter hereof, in any subsequent proceedings, including the trial of this or any other action; and

    c. all rights to object on any ground to any interrogatory for further responses to this or any other discovery interrogatory.

29.    The production of documents or disclosure of information should not be deemed a waiver of any objection TQ Delta may have with respect to whether any such documents or information is ultimately relevant or admissible. TQ Delta reserves the right to supplement these responses during discovery. No incidental or implied admissions are intended by the responses contained herein.

30.    Subject to, and without waiving, these general objections, TQ Delta responds specifically as follows:

## TQ DELTA'S SPECIFIC OBJECTIONS AND RESPONSES TO COMMSCOPE'S INTERROGATORIES (NOS. 1-35)

**INTERROGATORY NO. 1:**

**If You contend that any Asserted Patent is not subject to a FRAND or RAND obligation, state all facts supporting that contention for each Asserted Patent.**

**RESPONSE:**

TQ Delta incorporates by reference its General Objections herein. TQ Delta objects to this interrogatory as calling for a legal conclusion. TQ Delta further objects to this interrogatory as calling for an expert opinion. Discovery and TQ Delta's investigation is ongoing. TQ Delta further objects to this interrogatory as seeking information for which CommScope has the burden of proof. *In re Innovatio IP Ventures, L.L.C. Patent Litigation*, MDL 2303 (N.D. Ill. – Hon. James F. Holderman) May 30, 2013 Hearing Transcript at p. 37 ("[T]he accused infringer should bear the burden of demonstrating the existence of the RAND obligation."). Still further, TQ Delta objects to this interrogatory as seeking a contention about whether certain patents are not subject to a FRAND licensing obligation with respect to any Standard. Any such obligation may attach only to patent claims that are determined to be standard- essential as opposed to patents in their entirety.

Delta objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, common-interest privilege, and/or work-product immunity. TQ Delta objects to this Interrogatory on the grounds that the Interrogatory impermissibly seeks to require TQ Delta to marshal all of its available proof or the proof TQ Delta intends to offer at trial in contravention of the Federal Rules of Civil Procedure including Fed. R. Civ. P. 26(a)(3). TQ Delta objects to the extent that the information requested is obtainable from

an accounting for use of the accused instrumentalities made or sold prior to but used after notice under 35 U.S.C. § 287.

Accordingly, TQ Delta will not respond to this Interrogatory given that 35 U.S.C. § 287 does not apply, and even if it did apply, Defendants have neither met nor made any attempt to meet their initial burden of production under *Arctic Cat* as evidenced by Defendants' failure to identify any specific unmarked product or article that it believes should have been marked in this Interrogatory. *See Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*, No. 14-cv-6544(KAM) (GRB), 2018 U.S. Dist. LEXIS 94176 at *5, 2018 WL 2684104 (D. Del. June 5, 2018) (finding defendant had not met initial burden of production because "Defendant had not yet identified what licensees were at issue, or which 'specific unmarked products' those licensees sold that Defendant believes read on the patents-in-suit").

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

**INTERROGATORY NO. 15:**

**To the extent You content that CommScope has indirectly infringed any claim of the Asserted Patents, identify any act(s) of direct infringement that You contend underlie any such act of indirect infringement, and to the extent You contend that any of the Accused Products do not have a substantial non-infringing use with respect to any of the Asserted Patents, state all facts supporting or refuting Your contention, and identify all Documents Related thereto, and the person(s) most knowledgeable about each such fact.**

**RESPONSE:**

TQ Delta incorporates by reference its General Objections herein.  TQ Delta objects to the numbering of this Interrogatory because it contains multiple discrete subparts.  TQ Delta objects

to this Interrogatory as vague and ambiguous. TQ Delta objects to this Interrogatory to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions.

TQ Delta further objects to the extent this Interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information out of proportion to the needs of this case.

TQ Delta further objects to this Interrogatory to the extent it improperly seeks to require Plaintiff to marshal all its available proof and limit the evidence that TQ Delta may present at the trial of this matter.

TQ Delta further objects to this Interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, common-interest privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule, or which are otherwise protected from discovery by the Federal Rules of Civil Procedure.

TQ Delta objects as unduly burdensome, overbroad, not proportional to the needs of the case, and harassing to the extent that this Interrogatory seeks information or identification of documents and things that are publicly available such as court filings; equally accessible by and in the possession, custody, or control of Defendants or third parties; or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

TQ Delta objects to this Interrogatory as vague and ambiguous.  TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

TQ Delta's ability to respond fully to this interrogatory has been prevented in substantial part thus far by CommScope's failure to respond to TQ Delta's Interrogatory No. 10 seeking information concerning "how CommScope supports or supported the Accused Products, including how product literature is distributed, phone or internet support is provided, field support is provided, warranty support is provided, and any other assistance to operators, installers, service providers, resellers, or users of those devices," which is information that TQ Delta needs in order to respond to this interrogatory. If and when CommScope provides a response to TQ Delta's Interrogatory No. 10, TQ Delta anticipates that it will be in a better position to respond more fully to this interrogatory. For these reasons, TQ Delta objects to this interrogatory as unduly burdensome and premature.

Subject to and without waiving its General Objections and its Specific Objections to this Interrogatory, TQ Delta responds as follows:

CommScope has been actively inducing infringement of at least one or more claims of each of the Asserted Patents in violation of 35 U.S.C. § 271(b). CommScope users and customers (*e.g.*, service providers such as but not limited to AT&T and Frontier Networks) of the Accused Products directly infringed at least one or more claims (including at least the claims identified in the Complaint) of each of the Asserted Patents when they used the DSL Products in the ordinary, customary, and intended way to operate within the VDSL2 (ITU-T G.993.2), G.inp (ITU-T G.998.4), G.fast (ITU-T G.9701), G.bond (ITU-T G.998.1 and G.998.2), and/or ADSL2/2+ (ITU-T G.992.3/5) standards. CommScope's inducements included, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying said Accused Products to customers within the United States and

instructing and encouraging such customers (for example, via distributing the Accused Products to service-provider customers and instructing those service-provider customers to use the products to implement VDSL2 (ITU-T G.993.2), G.inp (ITU-T G.998.4), G.fast (ITU-T G.9701), G.bond (ITU-T G.998.1 and G.998.2), and/or ADSL2/2+ (ITU-T G.992.3/5) and how to use the Accused Products in the ordinary, customary, and intended way, which CommScope knows or should know infringes at least one or more claims (including at least the claims identified in the Complaint) of each of the Asserted Patents.  CommScope's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing customers to use the Accused Products within the United States, or knowingly inducing customers to use the Accused Products within the United States, by, directly or through intermediaries, instructing and encouraging such customers to make, use, sell, or offer to sell the Accused Products in the United States, which CommScope knows or should know infringes at least one or more claims (including at least the claims identified in the Complaint) of each of the Asserted Patents.

Further and in the alternative, CommScope, in violation of 35 U.S.C. § 271(c), has contributorily infringed, and is contributorily infringing, the Asserted Patents, by selling the Accused Products to customers (*e.g.*, service providers such as but not limited to AT&T and Frontier Networks) in the United States for use in practicing at least at least one or more claims (including at least the claims identified in the Complaint) of each of the Asserted Patents, knowing that said products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are especially made or especially adapted for use in an infringement of the Asserted Patents.  Specifically, CommScope sold the Accused Products to customers knowing that the products directly infringe the Asserted Patents when used for their normal and intended purpose, including by operating in accordance

with the VDSL2 (ITU-T G.993.2), G.inp (ITU-T G.998.4), G.fast (ITU-T G.9701), G.bond (ITU-T G.998.1 and G.998.2), and/or ADSL2/2+ (ITU-T G.992.3/5) standards. The products are made for the specific purpose of operating according to one or more of these DSL Standards and have no substantial non-infringing use.

CommScope knew or should have known of the Asserted Patents but was willfully blind to the existence of the Patents. CommScope has known about TQ Delta and its patents since 2013 when TQ Delta approached CommScope's predecessor (Pace Americas, Inc.) about a license. By the time of the trial of this case, CommScope will have actively induced and contributed to the infringement of one or more claims of the Asserted Patents. CommScope's direct and indirect infringement of the Asserted Patents has been willful and deliberate.

Additional facts responsive to this interrogatory, particularly regarding CommScope's pre-suit knowledge of TQ Delta and its DSL patent portfolio, including one or more of the Asserted Patents, are found in TQ Delta's Response to Interrogatory No. 13, which TQ Delta adopts and fully incorporates in this response.

Pursuant to Fed. R. Civ. P. 33(d), TQ Delta directs Defendants to the following:

- TQ Delta's Complaint in this case (including any amended versions thereof, if any) against CommScope

- TQ Delta's Infringement Contentions (including any amended, supplemental, or final versions thereof, if any) against CommScope

- TQ Delta's Response to Interrogatory No. 13 including documents therein pursuant to Fed. R. Civ. P. 33(d)

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

outweighs the likely benefit of the requested discovery.

TQ Delta objects to this Interrogatory to the extent that it seeks to elicit information that is protected from disclosure by the attorney-client privilege, common interest privilege, and/or the work product doctrine or that is otherwise privileged or protected against discovery.

TQ Delta objects as unduly burdensome, overbroad, not limited to the Asserted Patents, not proportional to the needs of the case, creating a burden or expense that outweighs the likely benefit of the requested discovery, and harassing to the extent that this Interrogatory seeks information or identification of documents and things that are publicly available such as court filings; equally accessible by and in the possession, custody, or control of Defendants; or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

TQ Delta further objects to this Interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable duties, burdens, obligations, and obligations different from, and/or beyond, those imposed by the Federal Rules of Civil Procedure, Local Rules, or this Court's orders or seeks information out of proportion to the needs of this case.

Accordingly, TQ Delta will not respond to this Interrogatory.

TQ Delta's investigation is ongoing, and TQ Delta reserves the right to supplement, amend, or otherwise modify this response as appropriate.

Dated: May 12, 2022

Respectfully submitted,

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

**The Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the preceding instrument was served via email to all counsel of record on May 12, 2022.

/s/ *William E. Davis, III*
William E. Davis, III