IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>    *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF
TQ DELTA'S MOTION FOR SUMMARY JUDGMENT
<u>REGARDING BREACH OF FRAND OBLIGATIONS (DKT. NO. 335)</u>**

██████████████████████████████████

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | The ITU Does Not Differentiate Between Technologically Essential and Commercially Essential ................................................................................................ | 1 |
| II. | TQ Delta Cannot Eschew Its FRAND Obligations While at the Same Time Applying FRAND Principles in Its Damages Theory .......................................... | 2 |

████████████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
  2:17-CV-JRG, 2019 U.S. Dist. LEXIS 43489 (E.D. Tex. Mar. 18, 2019) ................................2

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| Ex. F | Rebuttal Excerpts of Putnam Expert Report |
| Ex. G | Rebuttal Excerpts of Cooklev Opening Expert Report |
| Ex. L | Excerpts of ETSI Guide on Intellectual Property Rights (IPRs) |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its Response and this Sur-Reply brief.

TQ Delta contends—in the same breath—that the Family 3 and 9a patents are not standard essential but that it is nevertheless entitled to modify the *Georgia-Pacific* framework to inflate its damages theory because the Family 3 and 9a patents are "commercially essential." These opposing contentions are irreconcilable—the ITU draws no distinction between "commercially essential" and "technologically essential." Because TQ Delta maintains that the Family 3 and 9a patents are "commercially essential," TQ Delta cannot reasonably assert (without withdrawing the opinions of its experts) its position that these patents are not standard essential. Thus, there exists a genuine dispute of material fact at least as to whether TQ Delta has a FRAND obligation for the Family 3 and 9a patents, and so summary judgment is not appropriate.

I.  **The ITU Does Not Differentiate Between Technologically Essential and Commercially Essential**

The governing ITU agreement dictates that a patent holder must agree to grant a FRAND license if it "believes that it holds granted and/or pending applications for Patents, the use of which would be required to implement the above [recommendation] document." Ex. A at TQD_TX00067558. TQ Delta's belief here—that the Family 3 and 9a patents are commercially essential—is thus pivotal to determining whether TQ Delta has a FRAND obligation. Because TQ Delta, through Dr. Putnam, intends to tell the jury that the Family 3 and 9a patents are commercially essential, TQ Delta must consistently tell the jury that the patents are subject to a FRAND license. TQ Delta apparently intends to do so, at least when it comes to damages. Indeed, TQ Delta's damages theory heavily modifies the *Georgia-Pacific* framework for these patents and for the other patents, making no distinction between patents it contends are "technologically essential" or are "commercially essential." That view likewise confirms that TQ Delta has a contractual obligation, which it breached as set forth in CommScope's Counterclaim XXVII. At minimum there is a genuine dispute of material fact, thus precluding summary judgment.

TQ Delta's citation to *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 2:17-CV-JRG, 2019 U.S. Dist. LEXIS 43489 (E.D. Tex. Mar. 18, 2019), is inapposite. At issue in that case was the ***ETSI*** IPR policy. *Id.* The ***ETSI*** IPR policy, however, expressly differentiates between technological essentiality and commercial essentiality. Ex. L at 62 ("ESSENTIAL as applied to IPR means that it is not possible on technical (but not commercial) grounds . . . ."). The ***ITU*** (at issue here), by comparison, draws no such distinction between technological and commercial essentiality. Rather, the ITU broadly defines essential patents as those "patents that would be required to implement a specific Recommendation." Ex. A at TQD_TX00067558. Because TQ Delta and Dr. Putnam consider the Family 3 and 9a patents to be commercially essential, TQ Delta necessarily believes that the patents are required to implement a specific Recommendation. The patents are thus subject to a FRAND obligation (which TQ Delta has breached).

## II.   TQ Delta Cannot Eschew Its FRAND Obligations While at the Same Time Applying FRAND Principles in Its Damages Theory

TQ Delta asks the Court to excuse its contractual FRAND obligations for the Family 3 and 9a patents while at the same time contending that those same patents are "commercially essential" for damages purposes. TQ Delta cannot have it both ways. Either the Family 3 and 9a patents ***are not*** standard essential, in which case TQ Delta cannot rely on its modified damages analysis for those patents, or the Family 3 and 9a patents ***are*** standard essential, in which case TQ Delta is subject to FRAND obligations.

In its Reply, TQ Delta contends that these patents are not standard essential. But that assertion is inconsistent with the opinions expressly set forth in TQ Delta's expert reports. TQ Delta has not disavowed or withdrawn those opinions. Thus, at a minimum, there exists a dispute of fact as to whether TQ Delta's contention that these patents are "commercially essential" rises to a contention that the patents are FRAND encumbered under the governing ITU agreement.

Both Dr. Cooklev and Dr. Putnam conflate technological and commercial essentiality to TQ

2

Delta's perceived benefit. Indeed, Dr. Putnam "appl[ies] the same per-family royalty rate [he] compute[d] for TQ Delta's SEP families to its asserted non-SEP patent families," which allowed him to modify the *Georgia-Pacific* framework to "de-emphasize, or eliminate, certain of the *Georgia-Pacific* factors" across all the patents, including the Family 3 and 9a patents. Ex. F at ¶¶ 15, 28. Likewise, Dr. Cooklev conducted a "knock-out" analysis to identify thirty-three patents he deems to be "essential to the practice of [certain] DSL standards," one of which is the Family 9a patent—the very same patent TQ Delta's lawyers now adamantly contend is "not standard-essential." Ex. G at ¶ 1363. And Dr. Cooklev himself explained that Dr. Putnam "used the results of [his] analysis to extrapolate from [his] conclusions about the sample set of patents relative to the larger universe of potentially standard essential DSL patents (from the original list of 14,848 patents) and to provide an opinion about the number of likely standard essential DSL patents." *Id.* at ¶ 1364. TQ Delta thus relies on the Family 3 and 9a patents being standard essential for its damages calculations, but now asks the Court to grant summary judgment that it is not FRAND obligated to those very same patents.

To be clear, it is not CommScope's position that Dr. Cooklev's and Dr. Putnam's mere assertions that the Family 3 and 9a patents are "commercially essential" create a contractual FRAND obligation with the ITU. Rather, CommScope's position is that because TQ Delta's experts opine that the patents are "commercially essential" and treat them identically to patents that TQ Delta alleges are "technologically essential," TQ Delta effectively contends that all of these patents are essential (as defined by the ITU). TQ Delta should thus be bound by the FRAND obligations that comes with such an essentiality claim. At the very least, a dispute of material fact exists as to whether TQ Delta is bound by such obligations. That is particularly so since TQ Delta refuses to withdraw its experts' opinions for the Family 3 and 9a patents, where the experts treat these patents as essential.

For the reasons set forth in CommScope's Response and above, the Court should deny TQ Delta's Motion for Summary Judgment of No Breach of Any FRAND Obligations.

Dated this 26th day of January, 2023

Respectfully submitted,

By: /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TY 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)

                                  Kirk T. Bradley (NC Bar No. 26490)
                                  Stephen R. Lareau (NC Bar No. 42992)
                                  Karlee N. Wroblewski (NC Bar No. 55043)
                                  Nicholas C. Marais (NC Bar No. 53533)
                                  Erin Beaton (NC Bar No. 59594)
                                  Mary I. Riolo (NC Bar No. 59644)
                                  ALSTON & BIRD LLP
                                  101 S. Tryon Street, Suite 4000
                                  Charlotte, NC 28280-4000
                                  Email: *ross.barton@alston.com*
                                  *scott.stevens@alston.com*
                                  *kirk.bradley@alston.com*
                                  *stephen.lareau@alston.com*
                                  *karlee.wroblewski@alston.com*
                                  *nic.marais@alston.com*
                                  *erin.beaton@alston.com*
                                  *mary.riolo@alston.com*
                                  Telephone: 704-444-1000
                                  Facsimile: 704-444-1111

                                  Katherine G. Rubschlager (Cal. Bar No. 328100)
                                  ALSTON & BIRD LLP
                                  1950 University Avenue, Suite 430
                                  East Palo Alto, CA 94303
                                  Email: *katherine.rubschlager@alston.com*
                                  Telephone: 650-838-2004
                                  Facsimile: 650-838-2001

                                  ***Attorneys for Defendants***
                                  ***CommScope Holding Company, Inc,***
                                  ***CommScope Inc.,***
                                  ***ARRIS US Holdings, Inc.,***
                                  ***ARRIS Solutions, Inc.,***
                                  ***ARRIS Technology, Inc., and***
                                  ***ARRIS Enterprises, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on January 26, 2023.



/s/ *Eric H. Findlay*
Eric H. Findlay