# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>  *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>  *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF TQ DELTA, LLC'S
MOTION TO STRIKE PORTIONS OF THE
<u>EXPERT REPORT OF STEPHEN L. BECKER, PH.D. (Dkt. No. 345)</u>**

███████████████████████████████

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. The Applicable SSPPU Is Rooted in Undisputed Facts ...................................... 1

    B. TQ Delta Misconstrues the Sisvel License Analysis .......................................... 2

III. CONCLUSION .............................................................................................................. 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
   No. 2:22-cv-00126-JRG-RSP, 2022 WL 14328350 (E.D. Tex. Oct. 24, 2022) ........................ 2

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   No. CIV.A. 09-290, 2012 WL 5451567 (W.D. Pa. Nov. 7, 2012) ............................................ 3

*GPNE Corp. v. Apple, Inc.*,
   No. 12-CV-02885-LHK, 2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) ................................... 3

██████████████████████████

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| Ex. A | Excerpts from the Expert Report of Stephen L. Becker, Ph.D., dated November 18, 2022 ("Becker Rpt.") |
| Ex. B | Excerpts from the Expert Report of Vijay Madisetti, Ph.D., on Infringement of the Family 4 and Family 6 Patents, dated August 29, 2022 ("Madisetti Rpt.") |
| Ex. C | Excerpts from the Expert Report of Arthur Brody, Ph.D., on Infringement of the Family 1 and Family 10 Patents by CommScope, dated August 29, 2022 ("Brody Rpt.") |
| Ex. D | Excerpts from the Opening Expert Report of Todor Cooklev, Ph.D., dated August 29, 2022 ("Cooklev Rpt.") |
| Ex. E | Errata to the transcript of the December 7, 2022 deposition of Dr. Niel Ransom ('Ransom Errata") |
| Ex. F | Excerpts from the transcript of the December 7, 2022 deposition of Dr. Stephen Becker ("Becker Tr.") |
| Ex. G | Excerpts from the Expert Report of Vijay Madisetti, Ph.D., on Infringement of U.S. Patent No. 8,462,835 (Family 6), dated July 10, 2020, submitted in TQ Delta, LLC v. 2Wire, Inc., C.A. No. 1:13-cv-01835-RGA (D. Del Nov. 4, 2013) ("Madisetti 2Wire Rpt.") |
| Ex. H | Excerpts from the Expert Report of Todor Cooklev, Ph.D., Regarding Infringement of the Family 3 Patents, dated November 28, 2018, submitted in TQ Delta, LLC v. 2Wire, Inc., C.A. No. 1:13-cv-01835-RGA (D. Del Nov. 4, 2013) ("Cooklev 2Wire Rpt.") |
| Ex. I | Excerpts from the transcript of the December 8, 2022 deposition of Dr. Todor Cooklev ("Cooklev Tr.") |
| Ex. J | Excerpts from the data sheet for BCM63148, bearing Bates numbers BRCM028148–477 |
| Ex. K | Excerpts from the data sheet for BCM63168, bearing Bates numbers BRCM09978–10499 |
| Ex. L | Excerpts from the transcript of the August 24, 2022 deposition of Dr. Gong-San Yu ("Yu Tr.") |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its moving papers and this Sur-Reply brief.

██████████████████████████████████████

| Exhibit No.[1] | Description |
|---|---|
| Ex. M | Excerpts from the transcript of the August 12, 2022 deposition of Jaime Salazar ("Salazar Tr.") |
| Ex. N | Excerpts from the transcript of the July 28, 2022 deposition of Benjamin Miller ("Miller Tr.") |
| Ex. O | Excerpts from the Corrected Expert Report of Jonathan D. Putnam, dated September 3, 2022 ("Putnam Rpt.") |
| Ex. P | Additional excerpts from the transcript of the December 7, 2022 deposition of Dr. Stephen Becker ("Becker Tr.") |

## I. INTRODUCTION

TQ Delta's Reply attempts to sidestep both the facts and the applicable law. It is undisputed that the Accused Products include DSL chipsets that *TQ Delta itself* contends "provide the accused DSL functionality." Similarly, the parties' expert reports uniformly make clear that the entirety of the pertinent accused functionality is found within the chipsets. And so Dr. Becker correctly and permissibly relied on that undisputed fact, and the technical experts' associated opinions, in concluding that "the SSPPU associated with the accused products is no broader than the chipset." That opinion tracks Federal Circuit precedent, which makes clear that the focus of a damages analysis must remain on the incremental value of the claimed invention embodied in the SSPPU.

## II. ARGUMENT

### A. The Applicable SSPPU Is Rooted in Undisputed Facts

For multi-component products where the novel or core invention is utilized in a larger system, the SSPPU is *not* the larger system but rather the smaller piece that utilizes and embodies the claimed invention. Here, that is the DSL chipset. *See* Resp. at 9–11. TQ Delta *still* provides no case law to the contrary, nor can it. And TQ Delta does not, and cannot, dispute that the overwhelming and consistent testimony from the parties' technical experts and the pertinent fact witnesses confirms that the actual DSL functionality is present in the ***DSL chipset***, not in the larger Accused Products. *Id*. at 4–9. TQ Delta's Reply does not even attempt to distinguish the statements of undisputed material facts ***that TQ Delta set forth in its own motions for summary judgment*** stating that the Accused Products use "DSL chipset[s] to provide the accused DSL functionality." *Id.* at 1 n.1. These undisputed facts, which are wholly consistent with Dr. Becker's conclusions based on his discussion with CommScope's technical experts (Ex. A, Becker Rpt. ¶ 24), will be in the trial record and available to the jury as part of its consideration of the appropriate reasonable royalty.

TQ Delta's reliance on *Finalrod IP, LLC v. Endurance Lift Solutions, Inc.*—the only case it

cites in support of its flawed take on the SSPPU caselaw—is inapposite. No. 2:20-cv-00189-JRG-RSP, 2021 WL 4906217 (E.D. Tex. Oct. 20, 2021). In *Finalrod*, portions of the damages expert report relating to non-infringing alternatives were struck because the damages expert relied on a conversation with a technical expert, but the damages expert could not recall how the technical expert had articulated the ultimate opinion, and the technical expert report did not address the underlying issue in any way. *Id.* at *3. The expert's opinions were ***not*** struck because it was improper for a damages expert to rely upon conversations with technical experts, as TQ Delta alleges here. *See id.* at *2 (an expert "is permitted to rely on a 'technical expert in the industry to help form [his] damages opinion'") (quoting *Personalized Media Communs., LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237, at *3 (E.D. Tex. Feb. 20, 2021)). Here, Dr. Becker clearly disclosed his conversations with the technical experts, and the technical expert reports (for both parties' experts) rely exclusively on the chipsets when addressing the accused functionality. Also, TQ Delta had every opportunity to explore those conversations during Dr. Becker's deposition (and did so). Ex. P, Becker Tr. at 101:6–105:11. In fact, the *Arigna* decision, cited by CommScope, distinguishes *Finalrod* for this very reason—because in *Finalrod* "there was no reasonable opportunity to explore the evidence during discovery." *See Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-cv-00126-JRG-RSP, 2022 WL 14328350, at *8 (E.D. Tex. Oct. 24, 2022) (holding that a damages expert may rely on conversations with a technical expert in forming a damages opinion when the expert cited those conversations in his report and the opposing party had the opportunity to depose the expert regarding those conversations). That TQ Delta is not satisfied with its questioning or wishes that it had probed further is a problem of its own making and is not a basis for striking Dr. Becker's opinions.

      B.    **TQ Delta Misconstrues the Sisvel License Analysis**

TQ Delta misses the point of the Sisvel license discussion in Dr. Becker's damages opinions. Dr. Becker uses the Sisvel Licenses and Rate Card to provide ***context*** for his damages opinions, not

as a "comparable" license on which to base his damages opinions. The cases cited by TQ Delta address a different issue—whether a technical comparability analysis is necessary for a damages expert to conclude that licenses are "comparable" enough to use as the basis for a damages analysis. Reply at 4. In this case, TQ Delta itself admits and contends (as part of its essentiality analysis) that the Sisvel patents are standard-essential DSL patents (*see* Ex. O, Putnam Rpt. ¶ 383; Ex. D, Cooklev Rpt. ¶ 1363), and, consequentially, Sisvel's comparison of its licensing program to TQ Delta's (Ex. A, Becker Rpt. ¶ 203) provide more than enough support for Dr. Becker's reliance on the Sisvel Licenses and Rate Card to provide a check on the reasonableness of his ultimate damages opinions.

Moreover, TQ Delta wrongly asserts that "CommScope does not cite any case holding that, even as a 'reasonableness check,' a technological comparability analysis is unnecessary." *Id.* CommScope cited both *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, and *GPNE Corp. v. Apple, Inc.*, which hold that when an expert does not directly rely on licenses or damages forecasts, but rather uses them as "mere data points to verify" the reasonableness of a damage analysis, no technological comparability analysis is necessary. No. CIV.A. 09-290, 2012 WL 5451567, at *5 (W.D. Pa. Nov. 7, 2012); No. 12-CV-02885-LHK, 2014 WL 1494247, at *9–10 (N.D. Cal. Apr. 16, 2014); *see also* Resp. at 11–12. TQ Delta's critique of both *Carnegie Mellon* and *GPNE*, which centers on the fact that the licenses and forecasts at issue were not those of Carnegie Mellon and GPNE but rather that of third parties, is unavailing. The critical issue is the purpose of the information at issue—use for *verification*—which is exactly how Dr. Becker uses the Sisvel Licenses and Rate Card.

### III.   CONCLUSION

For the reasons set forth above, CommScope respectfully requests that the Court deny TQ Delta's Motion to Strike Portions of the Expert Report of Stephen L. Becker, Ph.D.

██████████████████████████████

| | |
|---|---|
| Dated this 25th day of January, 2023 | Respectfully submitted,<br><br>By: */s/ Eric H. Findlay*<br>Eric H. Findlay<br>State Bar No. 00789886<br>Brian Craft<br>State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>7270 Crosswater Avenue, Ste. B<br>Tyler, TX 75703<br>903-534-1100 (t)<br>903-534-1137 (f)<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>Douglas J. Kline<br>Lana Shiferman<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA  02210<br>P:  (617) 570-1000<br>F:  (617) 523-1231<br>dkline@goodwinlaw.com<br>lshiferman@goodwinlaw.com<br><br>Brett Schuman<br>Rachel M. Walsh<br>GOODWIN PROCTER LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>P:  (415) 733-6000<br>F:  (415) 677-9041<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com<br><br>Andrew Ong<br>GOODWIN PROCTER LLP<br>601 Marshall St.<br>Redwood City, CA 94063<br>P: (650) 752-3100<br>F: (650) 853-1038<br>aong@goodwinlaw.com<br><br>Ross R. Barton (NC Bar No. 37179)<br>M. Scott Stevens (NC Bar No. 37828)<br>Kirk T. Bradley (NC Bar No. 26490)<br>Stephen R. Lareau (NC Bar No. 42992) |

        Karlee N. Wroblewski (NC Bar No. 55043)
        Nicholas C. Marais (NC Bar No. 53533)
        Erin Beaton (NC Bar No. 59594)
        Mary I. Riolo (NC Bar No. 59644)
        ALSTON & BIRD LLP
        101 S. Tryon Street, Suite 4000
        Charlotte, NC 28280-4000
        Email: *ross.barton@alston.com*
        *scott.stevens@alston.com*
        *kirk.bradley@alston.com*
        *stephen.lareau@alston.com*
        *karlee.wroblewski@alston.com*
        *nic.marais@alston.com*
        *erin.beaton@alston.com*
        *mary.riolo@alston.com*
        Telephone: 704-444-1000
        Facsimile: 704-444-1111

        Katherine G. Rubschlager (Cal. Bar No. 328100)
        ALSTON & BIRD LLP
        1950 University Avenue, Suite 430
        East Palo Alto, CA 94303
        Email: *katherine.rubschlager @alston.com*
        Telephone: 650-838-2004
        Facsimile: 650-838-2001

        *Attorneys for Defendants*
        *CommScope Holding Company, Inc,*
        *CommScope Inc., ARRIS US Holdings, Inc.,*
        *ARRIS Solutions, Inc., ARRIS Technology,*
        *Inc., and ARRIS Enterprises, LLC*



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on January 25, 2023.

/s/ Eric H. Findlay
Eric H. Findlay