IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>                      *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>                      *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF TQ DELTA, LLC'S MOTION TO STRIKE PORTIONS OF THE NON-INFRINGEMENT REPORT AND OPINIONS OF DEFENDANTS' EXPERT, DR. LEONARD J. CIMINI, JR. (DKT. NO. 339)**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 3

II.   ARGUMENT ................................................................................................................... 3

III.  CONCLUSION ................................................................................................................ 5

██████████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| Ex. 1 | Excerpts from the Expert Report of Arthur Brody, Ph.D., on Infringement of Family 1 and 10 Patents by CommScope |
| Ex. 2 | Excerpts from the Expert Rebuttal Report of Arthur Brody, Ph.D., Regarding Validity of the Family 1 Patent |
| Ex. 3 | Additional Excerpts from the June 1, 2022 Markman Hearing Transcript |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its moving papers and this Sur-Reply brief.

## I.  INTRODUCTION

TQ Delta's motion to exclude certain opinions of Dr. Cimini should be denied. In presenting his non-infringement opinions, Dr. Cimini has not deviated and will not deviate from the Court's plain-meaning construction. Dr. Cimini's opinions respond to, and will continue to respond to, the opinions presented by TQ Delta's expert, Dr. Brody.

## II.  ARGUMENT

TQ Delta argues that its expert Dr. Brody was interpreting the Mapping Element to simply require "using 1 information bit per DMT symbol" and nothing more, but that argument is directly contradicted by Dr. Brody's actual opinions. Reply at 4. As CommScope noted in its Response, Dr. Brody's opinions in his opening infringement report continually interpreted the "Mapping Element" of claim 36 of the '686 patent to require repeated bits. *See* Resp. at 2–3. For example, with respect Dr. Cooklev's source code analysis, Dr. Brody opined in paragraph 250 that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1, Brody Rpt. ¶ 250 (emphasis added). Similarly, with respect to Dr. Cooklev's testing, Dr. Brody opined in paragraph 254 that "the TraceSpan identified the transmission of the R-PRM-LD message of 1,030 bytes (8,240 bits) mapped to 41,200 DMT symbols, each symbol containing one bit and *each bit repeated 5 times*." *Id.* ¶ 254 (emphasis added). Unsurprisingly, TQ Delta does not discuss either of these paragraphs anywhere in its Reply.

It is clear that TQ Delta and Dr. Brody wanted to keep their options open as to how to deal with the express disclosure of the Mapping Element in the prior art. Thus, while Dr. Brody's expert report on *validity* does not dispute that the prior art includes repeated bits, it is clear from Dr. Brody's expert report on *infringement* that, in his opinion, the Mapping Element does require repeated bits.

3

*See* Brody Rpt. ¶¶ 250, 254.

TQ Delta also mischaracterizes Dr. Cimini's opinions. TQ Delta asserts that "Dr. Cimini conceded infringement" of the Mapping Element. Reply at 5. Dr. Cimini did no such thing. Indeed, Dr. Cimini opined that TQ Delta's proof of infringement falls short under *any* construction of the Mapping Element for a number of reasons. For example, in response to TQ Delta's reliance on the Accused Products' alleged compliance with VDSL2, Dr. Cimini opined that any such compliance is insufficient to prove infringement because complying with the standard does not necessarily mean using each element of claim 36. *See* Ex. A, Cimini Rpt. ¶¶ 42, 44–47, 49, 58–60. Dr. Cimini also opined that Dr. Cooklev's testing of the Accused Products is insufficient to prove infringement. *Id.* ¶¶ 43, 65–67. Finally, Dr. Cimini, relying on the source code analysis of Walter Overby, opined that Dr. Cooklev's analysis of the source code for the Accused Products is insufficient to prove infringement. *Id.* ¶ 88. None of these opinions depend on the meaning of the Mapping Element, and Dr. Cimini has not conceded infringement.

Finally, TQ Delta argues that CommScope should be judicially estopped because CommScope allegedly "persuaded the Court to adopt" a plain-meaning construction for the Mapping Element. *See* Reply at 5. Estoppel does not apply for at least two reasons. First, CommScope is not attempting to adopt an inconsistent claim construction. Second, both TQ Delta and CommScope accepted a plain-meaning construction of the term. During claim construction, CommScope argued that the Mapping Element is indefinite (*see* Dkt. No. 135 at 5–6), and at the *Markman* hearing, the Court asked TQ Delta's counsel if a plain-meaning construction would be acceptable should the Court find the term sufficiently definite (Ex. 3, Markman Tr. at 26:3–12, 35:21–36:1). TQ Delta's counsel agreed, and this Court memorialized that agreement in its Claim Construction Order:

> At the June 1, 2022 hearing, in response to inquiry by the Court, Plaintiff stated that construing these terms to have their plain meaning would be sufficient if the Court rejects Defendants' indefiniteness argument.

Dkt. No. 169 at 26. Thus, CommScope did not "persuade" the Court to adopt the plain-meaning construction. And CommScope is not attempting to apply an inconsistent construction. Thus, the Court should reject TQ Delta's estoppel theory.

## III.     CONCLUSION

For the reasons set forth in CommScope's Response and above, CommScope respectfully requests that the Court deny TQ Delta's Motion to Strike Portions of the Non-Infringement Report and Opinions of Defendants' Expert, Dr. Leonard J. Cimini, Jr.

Dated this 25th day of January, 2023

Respectfully submitted,

By: /s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com

rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
*scott.stevens@alston.com*
*kirk.bradley@alston.com*
*stephen.lareau@alston.com*
*karlee.wroblewski@alston.com*
*nic.marais@alston.com*
*erin.beaton@alston.com*
*mary.riolo@alston.com*
Telephone: 704-444-1000
Facsimile: 704-444-1111

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: *katherine.rubschlager@alston.com*
Telephone: 650-838-2004
Facsimile: 650-838-2001

***Attorneys for Defendants CommScope Holding Company, Inc, CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on January 25, 2023.

                                        /s/ *Eric H. Findlay*
                                        Eric H. Findlay