IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>        *Defendants*. | Civil Action No.: 2:21-cv-00310-JRG |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF TQ DELTA'S MOTION
TO STRIKE PORTIONS OF THE NON-INFRINGEMENT REPORT AND OPINIONS OF
<u>DEFENDANTS' EXPERT, DR. NAOFAL AL-DHAHIR (DKT. NO. 341)</u>**

■■■■■■■■■■■■■■■■■■■■■■

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................... 1

    A. TQ Delta Cannot Blame CommScope for its Vague Request and Faulty Assumptions ................................................................................................................. 1

    B. TQ Delta Obtained Fact Discovery on the Non-Infringing Functionality During Discovery ..................................................................................................................... 3

    C. The Existence of Non-Infringing Alternatives Will Assist the Trier of Fact in Determining a Reasonable Royalty ............................................................................. 4

III. CONCLUSION ....................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)...........................................................................................................4

*Davenport v. Hamilton, Brown, & Babst, LLC*,
   No. 07-928-RET-SCR, 2008 U.S. Dist. LEXIS 101090 (M.D. La. Nov. 24, 2008) .................2

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970).......................................................................................5

*Hunt v. McNeil Consumer Healthcare*,
   No. 11-0457, 2013 U.S. Dist. LEXIS 203050 (E.D. La. Jan. 14, 2013)...................................2

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:20-cv-00050-JRG-RSP, 2020 U.S. Dist. LEXIS 108388 (E.D. Tex. June 22, 2020)......4

*Mathis v. Exxon Corp.*,
   302 F.3d 448 (5th Cir. 2002) ...............................................................................................4

*PSN Ill., LLC v. Abbott Labs.*,
   2012 U.S. Dist. LEXIS 155637 (N.D. Ill. Oct. 31, 2012).........................................................5

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
   No. 2:17-cv-01023-JFC, 2019 U.S. Dist. LEXIS 224511 (W.D. Penn. Nov. 12, 2019)...........5

**RULES**

Fed. R. Evid. 702 .........................................................................................................................5

██████████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit No.[1] | Description |
|---|---|
| Ex. E | Excerpts of the Expert Report of Arthur Brody, Ph.D., on Infringement of Family 1 and 10 Patents by CommScope |
| Ex. F | Excerpts of the December 5, 2022 Deposition Transcript of Dr. Naofal Al-Dhahir |
| Ex. G | ███████████████████████████████████ |
| Ex. H | ███████████████████████████████████ |

---

[1] This exhibit list is inclusive of all exhibits cited by CommScope in its moving papers and this Sur-Reply brief.

## I. INTRODUCTION

TQ Delta hinges its entire argument on an interrogatory that requested a description of *CommScope's* own "efforts to identify and avoid infringement," including any attempts *CommScope* made to develop non-infringing alternatives. CommScope respectfully requests that the Court read the interrogatory as actually served (quoted in full on page 2 of CommScope's Response), not as creatively modified by TQ Delta in its Reply (see ellipses and omitted words at the top of page 2 of TQ Delta's Reply). TQ Delta cannot omit words from its own interrogatory in an effort to broaden it, and then complain about the complete and correct response that CommScope gave to the *actual* interrogatory posed. The interrogatory did not ask for CommScope's contentions as to whether any *ex ante* alternatives or non-infringing alternatives exist. The interrogatory asked merely about CommScope's own efforts—and CommScope correctly responded that it had not made such efforts. TQ Delta then goes on to complain that it will be unduly prejudiced, while also claiming, in the same breath, that Dr. Al-Dhahir's *ex ante* and non-infringing alternatives are so unimportant to CommScope's claims and defenses that this Court should strike them in their entirety. Both cannot be true. For all of these reasons, TQ Delta's Motion should be denied.

## II. ARGUMENT

### A. TQ Delta Cannot Blame CommScope for the Interrogatory TQ Delta Actually Posed

TQ Delta's Interrogatory No. 14 did not request CommScope's contentions regarding non-infringing alternatives; the interrogatory asked merely about CommScope's personal efforts to develop such alternatives. TQ Delta now labels this as "splitting hairs" in an attempt to mask its own failure to adequately propound an interrogatory seeking CommScope's position as to any available non-infringing alternatives. But no amount of colorful language or implications regarding "sophisticated patent litigants" (*see* Reply at 1, 2) can disguise the fact that TQ Delta simply failed to request the information it now asserts the Court should strike from Dr. Al-Dhahir's non-

1

infringement report.

In its Reply, TQ Delta disingenuously misquotes Interrogatory No. 14. TQ Delta asserts that "'efforts to identify . . . any alleged non-infringing alternatives,' would include 'available non-infringing alternatives'" (Reply at 2), but that is not what the interrogatory sought. In reality, Interrogatory No. 14 sought a description of *CommScope's* own "*efforts* to identify and avoid *infringement* of the Asserted Patents," including any attempts *CommScope* made "to design around or develop any alleged non-infringing alternatives"—it did *not* seek a litigation contention regarding the existence of any possible "alleged non-infringing alternatives." Ex. C at 15. TQ Delta uses ellipses to intentionally omit the key portions of Interrogatory No. 14. While TQ Delta apparently wishes in hindsight that the interrogatory had sought CommScope's theories or contentions on non-infringing alternatives, the plain language of the interrogatory is clear.

TQ Delta further argues that CommScope should have somehow recognized that TQ Delta intended to request CommScope's contentions as to any possible non-infringing alternatives. Reply at 1–2. But where an interrogatory fails to *actually request* information, the responding party need not assume what the propounding party desires, nor does the responding party need to provide a response beyond what was actually requested. *See, e.g.*, Hunt v. McNeil Consumer Healthcare, No. 11-0457, 2013 U.S. Dist. LEXIS 203050, at *15 (E.D. La. Jan. 14, 2013) (stating that a plaintiff is not entitled to a response to an interrogatory that it did not "specifically request"); *see also Davenport v. Hamilton, Brown, & Babst, LLC*, No. 07-928-RET-SCR, 2008 U.S. Dist. LEXIS 101090, at *5 (M.D. La. Nov. 24, 2008) (stating that because the interrogatory requested only a "yes" or "no" answer, the interrogatory did not call for any further response, and so the plaintiffs should not have expected the defendants to identify additional information beyond what was asked). The burden was not on CommScope to determine what information TQ Delta supposedly intended to seek, but only to respond to the request that TQ Delta *actually* propounded.

██████████████████████████████████████████████████████████

Not only does TQ Delta mischaracterize Interrogatory No. 14, but it also mischaracterizes CommScope's response. TQ Delta argues that CommScope "stated that no non-infringing alternatives were available ████████████████████████████████████████████" Reply at 2. CommScope's response did not say that. Rather, CommScope informed TQ Delta that it "[was] not aware of any information responsive to this Interrogatory" because CommScope not only had not attempted to design-around or develop any non-infringing alternatives for the accused functionality of the '354 Patent, but also could not have done so because, as CommScope explained in its response, █████████████████████████████████████████████████████████████████████████████

████████████████████ Ex. D at 78–79. Whether CommScope has the ability to modify the Broadcom chipset functionality has no bearing on whether Dr. Al-Dhahir's non-infringing alternatives, found in the very standard TQ Delta relies on for infringement, exist. TQ Delta cannot blame CommScope for the incorrect assumptions it apparently made based on CommScope's full and complete response to the interrogatory that TQ Delta actually propounded.

    **B.**    **TQ Delta Obtained Fact Discovery on the Non-Infringing Functionality During Discovery**

TQ Delta's claim of prejudice is premised on its alleged inability to depose Broadcom's corporate witnesses on the non-infringing alternatives. Reply at 4. But there is no prejudice here. TQ Delta questioned ████████████████████████████████████████████████████████████████ ███████████████████████. For example, TQ Delta explicitly questioned ███████████████ ██████████████████████████████████████████████ Dr. Al-Dhahir opined that Step 3 of the mandatory VDSL2 channel initialization policy is a non-infringing alternative, ██████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Another ████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████ Therefore, TQ Delta's complaints that it had no opportunity to seek input ████████████████████████████

████████████████████████████████ are incorrect and unfounded.

Finally, TQ Delta is not prejudiced by the timing of CommScope's disclosure because TQ Delta deposed Dr. Al-Dhahir on his opinions regarding non-infringing alternatives and will also have the opportunity to cross-examine him on those opinions at trial. This Court has consistently determined that such disputes are best remedied through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)); *see also Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-cv-00050-JRG-RSP, 2020 U.S. Dist. LEXIS 108388 at *4 (E.D. Tex. June 22, 2020). For these reasons, the Court should determine that TQ Delta is not prejudiced.

    **C.**    **The Existence of Non-Infringing Alternatives Is a Necessary Component in Determining a Reasonable Royalty**

Finally, TQ Delta argues, incorrectly, that Dr. Al-Dhahir's opinions regarding the three possible acceptable non-infringing alternatives proffered in his report are not important because: (1) CommScope's damages expert, Dr. Becker, doesn't explicitly state that they were considered in his analysis; and (2) the question of how one could avoid alleged infringement is not relevant to the question of CommScope's infringement.[2] Reply at 5. TQ Delta's arguments are untrue and misguided. Dr. Becker does in fact consider non-infringing alternatives in his expert report; specifically, he mentions having discussed these non-infringing alternatives with Dr. Al-Dhahir

---

[2] TQ Delta makes two arguments that contradictory one another. TQ Delta argues that it would be prejudiced by the inclusion of Dr. Al-Dhahir's *ex ante* and non-infringing alternatives, yet also argues that Dr. Al-Dhahir's opinions are so unimportant that the Court should exclude them from the record. These two arguments cannot coexist, and both fail in any event.

4

himself. *See* Dkt. No. 345-2, Becker Reb. Rpt. at 89. Moreover, the importance of available non-infringing alternatives is not determined by assessing whether they're included as a line item in an expert's damages calculations or are relevant to infringement, but rather whether the existence of the non-infringing alternatives would assist *the trier of fact* in understanding the evidence or determining a reasonable royalty. *See* Fed. R. Evid. 702; *see also PSN Ill., LLC v. Abbott Labs.*, 2012 U.S. Dist. LEXIS 155637, at *12 (N.D. Ill. Oct. 31, 2012) (declining to exclude opinion regarding non-infringing alternatives where the testimony "would assist the trier of fact in understanding or in determining a reasonable royalty").

Here, the non-infringing alternatives would indeed be helpful to the trier of fact. For example, it is undisputed that the existence of non-infringing alternatives represents important evidence regarding how CommScope could have avoided alleged infringement of the Asserted Patents, and it is also probative of what royalty for the patented technology would have been reasonable (given the available alternatives). *See, e.g.*, *Sherwin-Williams Co. v. PPG Indus., Inc.*, No. 2:17-cv-01023-JFC, 2019 U.S. Dist. LEXIS 224511, at *25 (W.D. Penn. Nov. 12, 2019) ("The presence (or absence) of other products in the market is important in determining if a patentee is entitled to lost profits and also in determining what a reasonable royalty would be."); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (stating that "[t]he utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results" is a key factor in a reasonable royalty analysis). Therefore, TQ Delta can hardly claim that the existence of non-infringing alternatives is unimportant to the issues in this case.

### III.  CONCLUSION

For the reasons set forth above and in CommScope's Response, CommScope respectfully requests that the Court deny TQ Delta's Motion to Strike the Non-Infringement Report and Opinions of Defendants' Expert, Dr. Naofal Al-Dhahir, including paragraphs 209–214.

<div style="columns: 2">

Dated this 25th day of January, 2023

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Ste. B
Tyler, TX 75703
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)

</div>

6

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

        Kirk T. Bradley (NC Bar No. 26490)
        Stephen R. Lareau (NC Bar No. 42992)
        Karlee N. Wroblewski (NC Bar No. 55043)
        Nicholas C. Marais (NC Bar No. 53533)
        Erin Beaton (NC Bar No. 59594)
        Mary I. Riolo (NC Bar No. 59644)
        ALSTON & BIRD LLP
        101 S. Tryon Street, Suite 4000
        Charlotte, NC 28280-4000
        Email: *ross.barton@alston.com*
        *scott.stevens@alston.com*
        *kirk.bradley@alston.com*
        *stephen.lareau@alston.com*
        *karlee.wroblewski@alston.com*
        *nic.marais@alston.com*
        *erin.beaton@alston.com*
        *mary.riolo@alston.com*
        Telephone: 704-444-1000
        Facsimile: 704-444-1111

        Katherine G. Rubschlager (Cal. Bar No. 328100)
        ALSTON & BIRD LLP
        1950 University Avenue, Suite 430
        East Palo Alto, CA 94303
        Email: *katherine.rubschlager@alston.com*
        Telephone: 650-838-2004
        Facsimile: 650-838-2001

        ***Attorneys for Defendants***
        ***CommScope Holding Company, Inc,***
        ***CommScope Inc., ARRIS US Holdings, Inc.,***
        ***ARRIS Solutions, Inc., ARRIS Technology,***
        ***Inc., and ARRIS Enterprises, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on January 25, 2023.

/s/ *Eric H. Findlay*
Eric H. Findlay