# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*. | § § § § § § § § § § § § § CIVIL ACTION NO. 2:21-CV-00376-JRG |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Monday, November 21, 2022 and Tuesday, November 22, 2022 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Plaintiffs" or "Ericsson") and Defendant Apple Inc. ("Defendant" or "Apple"). (Dkt. Nos. 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 248, 249, 275, 276, 280, 281.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced into the record from the bench, including additional instructions that were given to the Parties. Although this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1. **Apple's Motion for Summary Judgment on Apple's Counterclaim I (Dkt. No. 189)**

   The motion was **DENIED**. (Dkt. No. 289 at 22:21–42:7.) The Court was persuaded that the 2015 Global Patent License Agreement ("GPLA") did not specifically prohibit Ericsson from

filing its declaratory judgment action in this district and that the same was not a breach of the GPLA.

2. **Ericsson's Motion for Summary Judgment on Apple's Counterclaim I (Dkt. No. 192)**

The motion was **GRANTED**. (Dkt. No. 289 at 22:21–42:7.) The Court was persuaded that the GPLA did not specifically prohibit Ericsson from filing its declaratory judgment action in this district and the same was not a breach of the GPLA.

3. **Ericsson's Motion Under Fed. R. Civ. P. 44.1 for Determination of Foreign Law (Dkt. No. 178)**

The motion was **GRANTED**. (Dkt. No. 289 at 43:5–62:12.) The ETSI IPR Policy does not require Ericsson to license its non-SEP implementation patents under FRAND protocols. The Court noted that non-SEPs—or implementation patents—are clearly part of the GPLA, will be part of the evidence the jury will hear in this case, and are part of the totality of Ericsson's conduct in negotiation for SEP licenses under FRAND terms. Therefore, the Court held that it is appropriate for the jury to hear about relevant conduct related to non-SEP patents. Apple may not expressly or impliedly tell the jury that Ericsson's failure or refusal to license non-SEPs, alone, is a breach of Ericsson's FRAND obligation. It is merely one of a totality of circumstances relevant to the parties' FRAND obligations.

4. **Ericsson's Motion for Summary Judgment on Apple's Counterclaim Count IV (Dkt. No. 194)**

The motion was **DENIED**. (Dkt. No. 289 at 62:13–69:19.) The Court found that the contents of this motion were effectively ruled on in the context of the earlier pretrial motions. Any portion of this motion not specifically disposed of as part of the Court's ruling in other pretrial motions was **DENIED**.

2

5. **Apple's Motion for Summary Judgment that the Parties' Prior License Agreement Granted Apple's Rights and Freedom to Operate Under All of Ericsson's Declared 5G Patents (Dkt. No. 182)**

The motion was **DENIED**. (Dkt. No. 289 at 69:20–80:18.) The parties agree that the covenant not to sue in the GPLA contemplated all patents owned by Ericsson during the term of that agreement. The Court found that summary judgment is not the proper vehicle for a ruling on how each party should frame its evidence before the jury. Additionally, Dkt. No. 283, Apple's Unopposed Motion to Extend the Page Limit for its Reply (Dkt. No. 224) in support of the instant motion, was **GRANTED**. (Dkt. No. 289 at 18:10–14.)

6. **Ericsson's Motion for Summary Judgment on Apple's Counterclaim Count II and III (Dkt. No. 195)**

The motion was **DENIED**. (Dkt. No. 289 at 80:19–91:2.) The Court found that the motion was replete with fact questions that preclude entry of summary judgment under Rule 56. Apple may not argue that Ericsson's filing of various defensive actions, as well as Ericsson's filing of post-expiration infringement suits, standing alone, constitute a breach of Ericsson's FRAND obligation. Apple is permitted to discuss those facts as part of the totality of the circumstances surrounding the claims and defenses in this case.

7. **Ericsson's Expert Motion No. 4: Ericsson's Motion to Strike Reference from Apple's Experts that Apple has Allegedly Agreed to be "Bound" (Dkt. No. 180)**

The motion was **DENIED**. (Dkt. No. 289 at 91:3–101:6.) The Court will not tie the parties' hands as to how they can characterize their respective conduct. Regardless of how the jury may judge the parties' prior conduct, the Court will tell the jury that it will set a rate that is fair, reasonable, and non-discriminatory between the parties as to these patents at a later date and that the jury need not be concerned about what an appropriate rate is. The jury need only concern themselves as to the prior conduct between the parties and whether that conduct comports with FRAND and good faith. The parties are free to describe that conduct as they perceive it but are

prohibited from stating that either party "*is*" bound by any subsequent rate setting undertaken by the Court.

8.  **Apple's *Daubert* #1: Motion to Preclude Expert Testimony and Opinions of Dr. Stefan Parkvall (Dkt. No. 183)**

    The motion was **DENIED**. (Dkt. No. 289 at 103:17–116:24.) The Court found that vigorous cross-examination of Dr. Parkvall is sufficient to address any shortcomings in his report.

9.  **Ericsson's Expert Motion No. 6: Ericsson's Motion to Strike and Exclude Opinions and Testimony of Dr. Matthew Valenti (Dkt. No. 181)**

    The motion was **DENIED**. (Dkt. No. 289 at 116:25–133:4.) The Court found that robust cross-examination is adequate to address any concerns with Dr. Valenti's opinions.

10. **Apple's *Daubert* #3: Motion to Preclude Expert Testimony and Opinions of Robert Mills (Dkt. No. 185)**

    The motion was **DENIED**. (Dkt. No. 289 at 133:5–145:16.) The contents of this motion are subject to the crucible of cross-examination. The Court prohibited the parties from referring to the Samsung anti-anti-suit injunction as having been issued by this Court.

11. **Ericsson's Expert Motion No. 5: Ericsson's *Daubert* Motion to Exclude the Opinions and Testimony of Apple's Expert Yvonne Verse (Dkt. No. 190)**

    The motion was **DENIED**. (Dkt. No. 289 at 145:18–152:16.) The Court found that the arguments raised in the motion are best addressed by cross-examination. The Court clarified that Ms. Verse will not be permitted to testify as to Ericsson's subjective state of mind and any testimony regarding the same is subject to objection by Ericsson.

12. **Apple's *Daubert* #6: Motion to Exclude Expert Testimony and Opinions of Dr. Rebecca Reed-Arthurs and Mr. Mills' Reliance Thereon (Dkt. No. 193)**

    The motion was **DENIED**. (Dkt. No. 289 at 152:17–156:20.) The Court found that the issues raised by the motion do not rise to the level of striking the targeted testimony.

13.  **Ericsson's Expert Motion No. 3: Ericsson's *Daubert* Motion to Exclude Testimony by Apple's Experts that Amount to Legal Conclusions and are Based on Hearsay (Dkt. No. 188)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 289 at 158:13–171:14.) The motion was **GRANTED** as to Paragraphs 122, 209, and 355 of Mr. Gunderson's Opening Report, Paragraph 117 of Mr. Gunderson's Rebuttal Report, and Paragraph 52 of Ms. Verse's Rebuttal Report. The Court found that retained third-party experts from prior litigations are not agents of Ericsson clothed in the ability to bind Ericsson through their testimony in a prior litigation. To the extent the Apple attempts to impeach Ericsson's corporate representative using the prior testimony of Ericsson's retained expert from a prior litigation, Apple must approach the bench before doing so. The balance of the motion was **DENIED**, including the portions regarding expert testimony on ultimate issues and negotiation communications.

14.  **Apple's *Daubert* #4: Motion to Exclude Theoretical Opinions Related to Holdout (Dkt. No. 197)**

The motion was **DENIED**. (Dkt. No. 289 at 171:15–189:4.) The Court found that the opinions contained within the reports at issue are relevant to the totality of the circumstances of the case. The portion of the motion regarding the "Devalue SEP Documents" was **CARRIED** until the Court took up exhibit disputes, which exhibit rulings would control herein.

15.  **Apple's *Daubert* #5: Motion to Exclude Expert Testimony and Opinions Relying on Bird & Bird "Census" Data (Dkt. No. 184)**

The motion was **DENIED**. (Dkt. No. 289 at 189:5–207:17.) The Court found that Apple had a complete set of the underlying data with sufficient time to have audited the data or deposed its authors before filing the instant motion. The Court also found that Apple did not sufficiently challenge their reliability or methodology and therefore did not meet its burden under *Daubert*.

16. **Apple's *Daubert* #7: Motion to Exclude Expert Testimony and Opinions of Dr. David Cooper and Ericsson Experts Relying Thereon (Dkt. No. 196)**

    The motion was **DENIED**. (Dkt. No. 289 at 207:18–218:8.) The Court did not find that the alleged flaws asserted by Apple were so serious and pervasive as to make the entirety of the data unreliable or methodologically flawed so as to support being struck under *Daubert*.

17. **Ericsson's Expert Motion No. 1: Ericsson's Motion to Strike Expert Testimony Regarding Other Litigation Between the Parties (Dkt. No. 186)**

    The motion was **WITHDRAWN**. (Dkt. No. 289 at 218:9–225:2.) The Court will act as a gatekeeper on issues related to other litigations between the parties.

18. **Ericsson's Motion to Compel and for *In Camera* Review During Pretrial Conference (Dkt. No. 271)**

    The motion was **DENIED**. (Dkt. No. 290 at 48:2–60:20.) The effect of the Court's Order at Dkt. No. 173 precludes production of the document at issue.

19. **Ericsson's Expert Motion No. 2: Ericsson's *Daubert* Motion to Exclude the Opinions and Testimony of Apple's Experts Seeking to Reconstrue the 1994 ETSI FRAND (Dkt. No. 187)**

    The motion was **WITHDRAWN**. (Dkt. No. 290 at 141:12–142:9.)

20. **Ericsson's Expert Motion No. 7: Ericsson's *Daubert* Motion to Exclude the Opinions and Testimony of Apple's Experts Seeking to Offer Legal Conclusions and Improper Opinions on Case Law (Dkt. No. 191)**

    The motion was **WITHDRAWN**. (Dkt. No. 290 at 141:12–142:9.)

21. **Apple's *Daubert* #2: Motion to Exclude the Expected Testimony in the Form of a Law Review Article from Adam Mossoff (Dkt. No. 179)**

    The motion was **WITHDRAWN**. (Dkt. No. 290 at 141:12–142:9.)

22. **Apple's Motion to Exclude Expert Testimony and Opinions of Todd Cason (Dkt. No. 177)**

    The motion was **WITHDRAWN**. (Dkt. No. 290 at 141:12–142:9.)

# MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.     PLAINTIFFS' OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 248)**

<u>Plaintiffs' MIL 1</u>     **Irrelevant Government Investigations, Allegations of Unrelated Prior Bad Acts, and Corporate Character.**

The MIL was **GRANTED**. (Dkt. No. 290 at 5:10–8:8.) The Court will act as a gatekeeper on this matter.

<u>Plaintiffs' MIL 2</u>     **Opinions from Experts Retained in Other Litigation.**

The MIL was **WITHDRAWN**. (Dkt. No. 290 at 8:10–9:1.)

<u>Plaintiffs' MIL 3</u>     **That Apple Has "Agreed to be Bound" or is "Committed to the Outcome of this Case."**

The MIL was **DENIED**. (Dkt. No. 289 at 91:3–101:6; *see also* Dkt. No. 290 at 9:2–11:7.) The Court applies the same guidance as it did with respect to Dkt. No. 180. Apple is free to say that they "agreed" to be bound but cannot say that they "are" bound as a legal conclusion. There will be no squabble by the parties before the jury as to which party agreed to be bound first.

<u>Plaintiffs' MIL 4</u>     **That the Smallest Saleable Patent Practicing Unit in This Case is the Baseband Processor or Baseband Chip.**

The MIL was **DENIED**. (Dkt. No. 290 at 11:8–16:11.) The parties agree that Apple will not opine generally that the baseband processor or chip is the SSPPU in this case. The Court notes that Apple will not be prohibited from discussing that historically and internally it has used the baseband processor as the SSPPU for licensing activities, but Apple may not go beyond this to argue that the baseband processor is the SSPPU for Ericsson's licensing activities.

<u>Plaintiffs' MIL 5</u>     **Testimony or Argument That Ericsson's Patents are Not Essential, Valid, Enforceable, or Infringed for FRAND Purposes Based on the Timeliness of Their Disclosure.**

The MIL was **WITHDRAWN**. (Dkt. No. 290 at 16:12–17.)

## II. DEFENDANT'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 249)

Defendant's MIL 1     **Exclude Two Irrelevant and Unfairly Prejudicial Documents From 2014 And 2015 That Ericsson Refers to As The "Devalue SEPs" Documents.**

The MIL was **DENIED**. (Dkt. No. 290 at 16:18–27:20.) The Court found that these documents are relevant to Apple's negotiating approach and are best dealt with on cross examination.

Defendant's MIL 2     **Exclude Reference to Apple-Qualcomm Negotiations, Litigations, And Agreements Because the Apple-Qualcomm Agreements Are Not Comparable.**

The MIL was **DENIED**. (Dkt. No. 290 at 29:11–34:4.) The Court found that the comparability of licenses is a question for the jury.

Defendant's MIL 3     **Exclude Argument and Evidence Regarding Hearsay Statements of Third Parties from Negotiations.**

The MIL was **GRANTED**. (Dkt. No. 290 at 34:9–37:5.) Experts commonly rely on hearsay evidence but expert witnesses in this case will not be simply conduits for hearsay.

Defendant's MIL 4     **Exclude Irrelevant and Prejudicial Argument and Evidence Regarding the Circumstances of Why Jayna Whitt and Tony Blevins Departed from Apple.**

The MIL was **GRANTED AS AGREED**. (Dkt. No. 290 at 37:6–15.)

Defendant's MIL 5     **Exclude Testifying Expert Witnesses from Channeling Other Non-Testifying Experts.**

The MIL was **WITHDRAWN**. (Dkt. No. 290 at 37:16–24.)

## III. STIPULATED MOTIONS *IN LIMINE* (Dkt. No. 280)

Stipulated MIL 1     **Both parties prohibited from introducing evidence of, eliciting testimony about, arguing, or referencing any opposing counsel's prior representation of product companies or patent holders, or attributing positions to opposing counsel in other cases.**

The MIL was **WITHDRAWN**. (Dkt. No. 290 at 37:25–40:10.)

8

## IV. COURT MILS

The Court issued the following MIL *sua sponte*. (Dkt. No. 289 at 188:20–189:1.) The following MIL is imposed in addition to the Court's Order on Motions *in Limine* entered at Dkt. No. 247.

Court MIL 24      **The terms "holdout," "holdup," or "unwilling licensee" will not be used before the jury by any counsel or witness without prior leave of the Court.**

So ORDERED and SIGNED this 29th day of November, 2022.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE