# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. 2:21-CV-00310-JRG |
| | § |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | § § § § § § § § |
| | § |
| *Defendants*. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment on Families 2, 3, 6, and 9b (the "Motion") filed by TQ Delta, LLC ("TQ Delta"). (Dkt. No. 348). In the Motion, TQ Delta moves for summary judgment on issues of validity and infringement regarding Patent Families 2, 3, 6, and 9b in light of the District of Delaware's prior judgments against CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC's (collectively, "CommScope") predecessor-in-interest on the same asserted patents and on the same accused products and accused products that are substantially similar to those accused in this case. (*Id.* at 6). In response, CommScope opposes the Motion because it claims that (1) "TQ Delta forfeited and waived its res judicata arguments by failing to timely plead them and by affirmatively distinguishing the issues in this case from those in Delaware when it opposed transferring this case to that court"; (2) "the verdicts and partial summary judgment order in the Delaware Action are not appealable final judgments and thus

cannot serve as the basis for issue or claim preclusion under Fifth Circuit law"; (3) "the issues are not identical because this case indisputably involves different theories of infringement, different patent claims, and different accused products"; and (4) "the application of res judicata against CommScope here would be unfair and imprudent as CommScope only joined and acquired interest in the Delaware Action late into that litigation and has not had an opportunity to challenge the decisions there on appeal." (Dkt. No. 378 at 7). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED-IN-PART and DENIED-IN-PART**.

## I.   BACKGROUND

### A.  The Instant Lawsuit

On August 13, 2021, TQ Delta, LLC ("TQ Delta") filed suit against CommScope, asserting infringement of 13 patents in Case No. 2:21-CV-00310 (the "-310 action"). (-310 action, Dkt. No. 1 ¶ 29). At this juncture of the case, TQ Delta presently asserts 11 claims from nine patents against CommScope:

- **Patent Family 1**. Claim 36 of U.S. Patent No. 7,570,686 (the "'686 Patent").

- **Patent Family 2**. Claims 17 and 23 of U.S. Patent No. 7,453,881 (the "'881 Patent").

- **Patent Family 3**. Claim 13 of U.S. Patent No. 7,844,882 (the "'882 Patent") and Claim 5 of U.S. Patent No. 8,276,048 (the "'048 Patent");

- **Patent Family 4**. Claim 14 of U.S. Patent No. 8,090,008 (the "'008 Patent");

- **Patent Family 6**. Claim 10 of U.S. Patent No. 8,462,835 (the "'835 Patent");

- **Patent Family 9a**. Claims 10 and 18 of U.S. Patent No. 8,468,411 (the "'411 Patent");

- **Patent Family 9b**. Claim 13 of U.S. Patent No. 10,833,809 (the "'809 Patent"); and

- **Patent Family 10**. Claim 10 of U.S. Patent No. 9,154,354 (the "'354 Patent")

(collectively, the "Asserted Patents"). (Dkt. No. 348 at 9). In the Motion, TQ Delta seeks summary judgment on issues of validity and infringement concerning Patent Families 2, 3, 6, and 9b. (*Id.* at 6).

### B. Delaware Litigation

On November 4, 2013, TQ Delta filed suit against Pace Americas, Inc. ("Pace") in the District of Delaware. *TQ Delta, LLC v. Pace Americas, Inc.*, No. 13-cv-01835-RGA (D. Del.), (Dkt. No. 1) (hereinafter, "*2Wire*"). On February 7, 2014, TQ Delta amended its Complaint and joined Pace's subsidiary, 2Wire, Inc. ("2Wire"), to the suit, asserting infringement of 24 patents against Pace and 2Wire. (*See generally 2Wire*, Dkt. No. 24). On June 16, 2014, the court dismissed Pace without prejudice. (*2Wire*, Dkt. No. 46). On October 13, 2017, TQ Delta filed its Third Amended Complaint against 2Wire. (*2Wire*, Dkt. No. 380). During the case, Arris International PLC ("Arris") acquired Pace on January 1, 2017, and thereafter on April 4, 2019, CommScope Holding Company, Inc. acquired Arris. (*2Wire*, Dkt. No. 1125).

On January 16, 2020, for Patent Family 2, a Delaware jury found that 2Wire infringed Claims 17 and 18 of the '881 Patent and that those claims were not invalid. (*2Wire*, Dkt. No. 1271). On May 23, 2019, for Patent Family 3, a Delaware jury found that 2Wire infringed Claim 5 of the '381 Patent, Claim 13 of the '882 Patent, and Claim 1 of the '048 and those claims were not invalid. (*2Wire*, Dkt. No. 1187). On June 28, 2021, for Patent Family 6, the Delaware court granted summary judgment of infringement on Claims 8 and 10 of the '835 Patent but did not grant summary judgment of validity, reserving that issue to be decided at a future trial. (*2Wire*, Dkt. No. 1567 at 2, 18; Dkt. No. 1580 at 2, 17). On July 7, 2022, concerning Patent Family 9b and the '809 Patent, CommScope stipulated that "if the [Patent Trial and Appeal Board ('PTAB')] institutes [*inter partes* review ('IPR')] in . . . IPR2022-01012, [it] will not pursue in this case the

3

specific grounds identified above . . . or any other ground for a given patent for which the [PTAB] institutes that was raised or reasonably could have been raised in an IPR." (-310 action, Dkt. No. 197 at 4). On November 28, 2022, the PTAB instituted IPR on the '809 Patent, relying on CommScope's aforementioned stipulation. *CommScope Inc. v. TQ Delta, LLC*, IPR2022-01012, Paper 9 at 2, 9 (PTAB Nov. 28, 2022). In sum, TQ Delta contends that this case and the Delaware litigation overlap in issues, parties, and patents, including the facts of infringement. (*See generally* -310 action, Dkt. No. 348 at 6).

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under this standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id*. at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Any evidence must be viewed in the light most favorable to the nonmovant. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or

defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Alternatively, if the moving party bears the ultimate burden of persuasion at trial, "it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015).

### B. Res Judicata

The Supreme Court has observed that res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022).

#### 1. Claim Preclusion

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). General principles of claim preclusion require that the law of the regional circuit in which the district court sits governs the instant dispute. *Acumed LLC v. Stryker Corp.* 525 F.3d 1319, 1323 (Fed. Cir. 2008). "Res judicata applies to bar a subsequent action when four elements are present: (1) both cases had the same parties; (2) a court of competent jurisdiction issued a judgment in the first case; (3) the first case was ended by way of a final judgment on the merits;

and (4) both cases dealt with the same claim or cause of action." *Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

### 2. Issue Preclusion

"Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (citation omitted) (internal quotation marks omitted). Courts must apply the law of the circuit in which they are located when applying general issue preclusion principles. *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1353 (Fed. Cir. 2017). In determining whether issue preclusion applies, courts consider: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc). Issue preclusion sometimes includes a fourth element: "(4) there are no special circumstances that would render estoppel inappropriate or unfair." *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-00200-JRG, 2021 WL 1160413, at *6 (E.D. Tex. Feb. 9, 2021); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998) (citations omitted). The fourth element "applies only to the use of offensive (non-mutual) collateral estoppel by the plaintiff." *Id.* at *6 (citing *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013)).

### III. DISCUSSION

TQ Delta moves for summary judgment on issues of validity and infringement under theories of claim and issue preclusion. (-310 action, *See* Dkt. No. 348 at 16). In its response, CommScope raises preliminary issues as to whether TQ Delta waived its affirmative defenses of claim preclusion and issue preclusion and whether the outcomes of the Delaware Court should be

6

accorded preclusive effect under claim and issue preclusion. (*See* Dkt. No. 378 at 14, 17). The Court addresses both issues in turn.

### A.  Waiver

CommScope argues that the Fifth Circuit has held that res judicata and collateral estoppel are affirmative defenses that are waived if not timely pled. (Dkt. No. 378 at 14 (citing *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985)). CommScope asserts that TQ Delta relies on theories of claim and issue preclusion based on jury verdicts and orders in *2Wire*, but TQ Delta's Complaint, in this case, does not reference *2Wire* or issue or claim preclusion based on *2Wire*. (*Id.* at 15). CommScope contends that it asserted counterclaims, seeking declaratory judgment of invalidity and non-infringement, and TQ Delta answered those counterclaims without pleading res judicata or collateral estoppel as affirmative defenses. (*Id.*). CommScope further contends that TQ Delta never sought leave to amend its pleadings to add claim or issue preclusion. (*Id.* at 16).

CommScope argues that TQ Delta has taken the opposite view that *2Wire* and the instant case do not overlap. (*Id.* at 15). CommScope contends that TQ Delta, in opposing a motion to transfer to Delaware, claimed that "this case involves different parties, different patents, different product lines, and different standards." (*Id.* (quoting Dkt. No. 89 at 2)). CommScope asserts that based on TQ Delta's omission of res judicata from its pleadings and representing that *2Wire* and this case are different, "TQ Delta affirmatively represented to this Court and to CommScope that it was seeking adjudication of the merits of its claims in this proceeding." (*Id.* at 15–16). CommScope alleges that TQ Delta's strategic delay in asserting res judicata and collateral estoppel at this juncture is prejudicial. (*Id.* at 16). CommScope contends that TQ Delta waited until the end of this case, which would mean that the Court and CommScope squandered more than a year litigating moot issues. (*Id.*).

In its reply, TQ Delta argues that it did not waive collateral estoppel. (Dkt. No. 403 at 5). It notes that CommScope has not pointed to specific prejudice that it suffered as a result. (*Id.*). TQ Delta denies that it strategically delayed asserting its affirmative defenses and explains that completion of then outstanding expert discovery and depositions were necessary to develop the record to determine whether collateral estoppel applied. (*Id.* at 5–6). Both sides have addressed the overlap between *2Wire* and this case. (*Id.* at 6). Further, TQ Delta alleges that CommScope's cited case law does not require that TQ Delta initially plead collateral estoppel but, in fact, permits collateral estoppel to be raised in good faith at any point during litigation. (*Id.*). Raising collateral estoppel, as done here, does not, in TQ Delta's opinion, amount to unfair surprise but is simply a technical failure to comply with Federal Rule of Civil Procedure 8(c), which does not warrant exclusion. (*Id.* at 7 (citing *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019)). Such a non-substantive misstep should not be fatal. (*Id.*). In the alternative, and if necessary in the Court's view, TQ Delta moves for leave under Rule 15(a)(2) to amend its Complaint. (*Id.*). Its prior statements, made in briefing as to CommScope's motion to transfer, addressed the entirety of this case and do not suggest that issue preclusion should apply. (*Id.* at 7–8).

CommScope argues in its sur-reply that "TQ Delta's informal request for an amendment—just two months before trial, and well after the close of fact and expert discovery—should be denied in light of the undue prejudice and unfairness of allowing such an amendment." (Dkt. No. 426 at 14).

The Court finds that CommScope waived its affirmative defenses of claim and issue preclusion. The Fifth Circuit has held that "[u]nder [Federal Rule of Civil Procedure] 8(c), res judicata, and hence collateral estoppel, is an affirmative defense which if not pled is considered

8

waived." *Mozingo*, 752 F.2d at 172.  Absent from TQ Delta's Complaint (Dkt. No. 1) and Answer to CommScope Defendants' Counterclaims (Dkt. No. 35) are pleadings for claim or issue preclusion.  Rather than complying with the affirmative pleading requirements of Rule 8(c)(1), TQ Delta, in response to CommScope's waiver arguments, now moves in the alternative for leave to amend its Complaint without addressing any of the factors.[1]  (Dkt. No. 403 ("To the extent a pleading is required, [TQ Delta] asks the Court's leave under [Rule] 15(a)(2), which states such leave 'should be freely given.'")).[2]  Failure to address the factors does not aid the Court in its decision as to a reasonable basis to allow the amendment sought.

There is no real dispute that TQ Delta's request for leave to amend its Complaint is untimely.  On August 13, 2021, TQ Delta filed the instant action.  (Dkt. No. 1).  The deadline to file amended pleadings was March 18, 2022.  (Dkt. No. 62 at 4).  TQ Delta never moved to amend its pleadings until January 17, 2023, approximately 10 months beyond the deadline to file amended pleadings.  (Dkt. No. 403 at 7); *see, e.g.*, *Fields v. Tex. Dep't of State Health Servs.*, No. 4:16-CV-607, 2017 WL 4684003, at *8 (E.D. Tex. Oct. 19, 2017) (denying the plaintiff's motion for leave to amend its complaint after granting several extensions of the deadline to file an amended complaint over a seven-month period).  TQ Delta claims that "[i]t was necessary to proceed through expert discovery and depositions to develop the record such that the application of collateral estoppel to this case could be fully understood." (*Id.* at 5–6).  However, by the time TQ Delta says it finally understood the application of collateral estoppel, it was well past the already

---

[1] When considering a motion for leave to amend a complaint, courts consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)

[2] This Court has observed that embedding a request for alternative relief within a responsive brief is not a practice that this Court invites as it forecloses fulsome briefing on that issue.  *See, e.g.*, *Orange Elec. Co. Ltd. v. Autel Intelligent Tech. Corp., Ltd.*, No. 2:21-CV-00240-JRG (E.D. Tex. June 14, 2022), Dkt. No. 36 at 1.

extended deadline by more than a month. (*See* Dkt. No. 323 (extending the expert discovery deadline to December 9, 2022)).

Notably, in its response to CommScope's Opposed Motion to Transfer Venue to the District of Delaware (the "Motion to Transfer"), TQ Delta stated, "The Delaware case ***does not have substantial overlap with this case—this case involves different parties, different patents, different product lines, and different standards***." (Dkt. No. 89 at 6 (emphasis added)). In this Motion, TQ Delta now asserts, "***This Motion arises from the overlap, in issues, parties, and patents, including the facts of infringement*** between this case and proceedings in Delaware . . . ." (Dkt. No. 348 at 6 (emphasis added)). Such disparate and conflicting positions run completely counter to TQ Delta's efforts here. (*See generally id.* at 16–28).

While TQ Delta argues that completion of expert discovery and depositions were necessary to develop the record so as to understand the application of collateral estoppel (Dkt. No. 403 at 5–6), it never, prior to the filing of the Motion, put CommScope on notice, concerning claim and issue preclusion, providing CommScope with a similar opportunity during fact and expert discovery to equally "understand the application of collateral estoppel." *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (observing that the pleading stage requires enough facts to be pled "'to raise a reasonable expectation that discovery will reveal [evidence]' that the defendant is liable for the misconduct alleged") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). No party can adequately cultivate a position on an issue that it was never made aware of in the first place.

### B. Preclusive Effect of the Delaware Action's Outcomes

TQ Delta argues that the *2Wire* court's judgments (i.e., Patent Family 2 judgment, Patent Family 3 judgment, and Patent Family 6 order granting TQ Delta's motion for summary judgment

10

of infringement) are final judgments for res judicata purposes. (Dkt. No. 348 at 18 (collecting cases)). TQ Delta further contends that a judgment need not end litigation or be appealable to be final. (*Id.* at 18–19 (collecting cases)).

In response, CommScope argues that the law in the Fifth Circuit requires that "a judgment must be final and appealable to be accorded preclusive effect for purposes of both collateral estoppel and res judicata" (Dkt. No. 378 at 17) and the Fifth Circuit has noted that appealability of an order is essential to its finality under 28 U.S.C. § 1291. (*Id.*). CommScope also contends that *Cycles Ltd. v. Navistar Financial Corporation*, 37 F.3d 1088 (5th Cir. 1994), which is relied upon by TQ Delta, is an outlier, and the Fifth Circuit regularly links the availability of appeal for the prior decision with finality for collateral-estoppel purposes. (*Id.* (citing *Hacienda Records, L.P. v. Ramos*, 718 Fed. App'x 223, 229 (5th Cir. 2018)). CommScope also alleges that in the Delaware case, the court bifurcated liability and damages and that a resolution on damages is still outstanding, which prohibits the Delaware judgments from being final. (*Id.*).

TQ Delta replies that, for purposes of collateral estoppel, the Delaware court's decisions are final. (Dkt. No. 403 at 3). It notes that the Delaware court has issued Rule 58 judgments on Patent Families 2 and 3. (*Id.*). TQ Delta also argues that the Patent Family 6 order on summary judgment disposed of infringement on all patents, which the one-year window to seek relief from these judgments, under Rule 60, has long past. (*Id.*). TQ Delta contends that there is no bright-line rule that a judgment must be appealable for issue preclusion to take effect. (Dkt. No. 403 at 3). It notes that *Cycles* held that "[j]udgments are final for purposes of issue preclusion when fully litigated, even if not yet appealable." (*Id.* at 3–4 (quoting *Cycles*, 37 F.3d at 1090)). It also notes that CommScope has cited no authority overruling *Cycles*. (*Id.* at 4). Further, the *Hacienda* case, upon which CommScope relies, is non-precedential unlike

11

*Cycles*. (*Id.*). TQ Delta further contends that *Hacienda* did not reach the merits of the case as to whether the district court's dismissal for lack of standing was sufficiently final for collateral-estoppel purposes. (*Id.*).

In support of its position, TQ Delta raises four arguments: (1) a judgment may be final as to a part of an action although the litigation continues as to the rest; (2) CommScope's cited cases address finality for claim preclusion and not issue preclusion; (3) "*RecoverEdge*[*, L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016)] . . . holds that a 'final judgment' is not required for issue preclusion and relies on the Rest. § 13, comment g (on issue preclusion, and illus. 3 (on split trials) for its holding"; and (4) *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, 719 F.3d 1305, 1317–20 (Fed. Cir. 2013) (en banc) holds that liability is final for appellate purposes even if damages remain to be tried. (*Id.* at 5).

CommScope counters that the Delaware court's decisions on Patent Families 2, 3, and 6 are not final because there are outstanding issues yet to be adjudicated, such as issues of infringement and validity for multiple patents at issue in this case as well as "2Wire's counterclaim for patent unenforceability based on TQ Delta's breach of its FRAND obligations." (Dkt. No. 426 at 6). CommScope also disputes the applicability of TQ Delta's cited cases: *Arizona*, *Clay*, *Cycles*, and *RecoverEdge*. (*Id.* at 8–10). It argues that (1) the Fifth Circuit has held that partial summary judgment orders are not final for purposes of preclusion; (2) neither *Arizona* nor *Clay* support TQ Delta's argument that a district court's decision is preclusive before all rights and liabilities of the parties have been fully litigated; and (3) *Cycles* and *RecoverEdge* do not support a piecemeal definition of finality that ignores appealability. (*Id.*).

The parties clearly dispute the standard of finality for purposes of claim and issue preclusion. The Fifth Circuit has observed that "the requirement of finality applies just as strongly to collateral estoppel as it does to res judicata." *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) (quoting *Int'l Union of Operating Engineers v. Sullivan Transfer, Inc.*, 650 F.2d 669, 676 (5th Cir. 1981)). In general, the Fifth Circuit has concluded that "it has consistently followed the strict approach to finality, linking the availability of appeal for the prior decision with finality for collateral-estoppel purposes," as opposed to the flexible interpretation of finality in which appealability under 28 U.S.C. § 1291 is not required. *Hacienda*, 718 Fed. App'x at 229–30 (collecting cases and distinguishing the strict and flexible approaches of finality in regard to the availability of appeal); *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1324–25 (Fed. Cir. 2003) (same); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 395 (5th Cir. 1998) ("[T]he availability of review is of paramount importance to the issue of preclusion."), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020); *J.R. Clearwater Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 179 n.2 (5th Cir. 1996) ("[T]he availability of appellate review [i]s a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect."); *Avondale*, 786 F.2d at 1269.

TQ Delta primarily relies on *Cycles* to support the proposition that the Fifth Circuit has adopted the more flexible approach: "Judgments are final for purposes of issue preclusion when fully litigated, even if not yet appealable." (Dkt. No. 403 at 3–4 (quoting *Cycles*, 37 F.3d at 1090)). Although non-precedential, *Hacienda* is instructive and identifies *Cycles* as an outlier case: "With the exception of *Cycles*, our court has consistently followed the strict approach to finality . . . ." 718 Fed. App'x at 230. Further, *Cycles* relies on *Chemetron Corporation v. Business Funds, Inc.*, 682 F.2d 1149 (5th Cir. 1982), which was vacated by the Supreme Court on different grounds,

13

*Chemetron Corporation v. Business Funds, Inc.* 460 U.S. 1007 (1983), as support for the more flexible approach. *See Cycles*, 37 F.3d at 1090. In fact, *Avondale* did not consider *Chemetron* as binding precedent because the Supreme Court vacated the original panel opinion. *Avondale*, 786 F.2d at 1274 n.11. Given the Supreme Court's and Fifth Circuit's treatment of *Cycles* and its progeny, the Court cannot comfortably rely on *Cycles* and its more flexible approach. Here, the Court is persuaded that the weight of precedent favors the strict approach, which "link[s] the availability of appeal for the prior decision with finality" for both res judicata and collateral estoppel purposes. *Hacienda*, 718 Fed. App'x at 230; *Avondale*, 786 F.2d at 1269.

The *2Wire* court's Patent Family 2 judgment (*2Wire*, Dkt. No. 1271), Patent Family 3 judgment (*2Wire*, Dkt. No. 1187), and Patent Family 6 order granting TQ Delta's motion for summary judgment of infringement (*2Wire*, Dkt. No. 1567 at 2, 18; Dkt. No. 1580 at 2, 17) are not now appealable. As to the *2Wire* court's judgments of infringement for Patent Families 2 and 3 (*2Wire*, Dkt. No. 1271; Dkt. No. 1187), they are not yet final. They do not have preclusive effect because "[a]n order that establishes liability but leaves open the question of damages or other remedies . . . [is] not final for purposes of preclusion." *Fresenius USA, Inc. v. Baxter Inter., Inc.*, 721 F.3d 1330, 1341–42 (Fed. Cir. 2013) (citation omitted). Also, as to the *2Wire* court's order granting summary judgment of infringement on Patent Family 6, it is not final because such an appeal would be interlocutory and such has no preclusive effect. (*2Wire*, Dkt. No. 1567 at 2, 18). Indeed, the *2Wire* court left open the issue of whether the claims of Patent Family 6 are valid and reserved that issue to be decided at a future trial. (*2Wire*, Dkt. No. 1580 at 2, 17); *see Avondale*, 786 F.2d at 1271 (holding that an order granting partial summary judgment has no res judicata or collateral estoppel effect).

TQ Delta cites multiple cases that are inapposite to the resolution of the instant Motion. TQ Delta argues that "[w]hile other issues remain (e.g., damages), the pendency of an issue does not undermine the finality of another part of the matter." (-310 action, Dkt. No. 403 at 3 (citing *Arizona v. California*, 460 U.S. 605, 617 n.7 (1983)). However, the Supreme Court concluded that res judicata did not apply in *Arizona*. *Arizona*, 460 U.S. at 1391–92 ("It is clear that res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment."). TQ Delta contends that the Supreme Court has held that finality is contextual. (*Id.* at 4 (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Although *Clay* recognizes that finality's precise meaning depends on context, it also notes that the finality of a judgment for appellate review and claim preclusion "when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." 537 U.S. at 527. These are not the facts here.

TQ Delta contends that "*Recover[E]dge* . . . holds that a 'final judgment' is not required for issue preclusion and relies on the Rest. § 13, comment g (on issue preclusion), and illus. 3 (on split trials) for its holding." (Dkt. No. 403 at 5 (citing *RecoverEdge*, 44 F.3d at 1295)). The Court notes that *RecoverEdge* was vacated on other grounds by *In re Ritz*, 832 F.3d 560 (5th Cir. 2016). Further, the *RecoverEdge* court merely states in *dicta* that "[a] final judgment is not a prerequisite for issue preclusion when a jury has rendered a conclusive verdict." *RecoverEdge*, 44 F.3d at 1295. Like *Cycles*, this Court is not persuaded that it can properly rely on *RecoverEdge* in light of the Fifth Circuit's treatment of that case.

TQ Delta asserts that the Federal Circuit has held "that, in a bifurcated patent case, liability is final for appellate purposes even if damages remain to be tried." (Dkt. No. 403 at 5 (*Robert Bosch*, 719 F.3d at 1317–20)). TQ Delta seems to misunderstand the scope and context of the

holding in *Robert Bosch*, which held that "28 U.S.C. § 1292(c)(2) does confer jurisdiction on [the Federal Circuit] to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred."[3] *Robert Bosch*, 719 F.3d at 1320. The holding was limited to the Federal Circuit's jurisdiction over interlocutory appeals, and it did not reference the finality and appealability of a district court's judgment and any preclusive effect therefrom. *Id.* (Moore, J. concurring) ("[Section 1292(c)(2)] carves out a limited circumstance in which we have jurisdiction over interlocutory appeals—specifically, actions that are 'final except for an accounting.'").

### C. Patent Family 9b

TQ Delta moves for summary judgment of validity on Claim 13 of the '809 Patent. (Dkt. No. 348 at 28). TQ Delta argues that CommScope stipulated to the Court that it will not pursue the specific grounds of unpatentability in connection with the '809 Patent (including Claim 13) as originally issued on the instituted IPR petition(s). (*Id.* (citing Dkt. No. 197 at 4)). CommScope requests that such relief should be denied as moot because it claims that it is not presenting an invalidity case on Claim 13, and it "will stipulate to dismissal so long as TQ Delta agrees not to affirmatively raise the issue of validity at trial." (Dkt. No. 378 at 8). CommScope has stipulated to this Court that it will not pursue any grounds that were raised or reasonably could have been raised in IPR on the '809 Patent. (*See* Dkt. No. 197 at 4). In fact, the PTAB instituted IPR on the '809 Patent, relying on CommScope's stipulation. *CommScope Inc. v. TQ Delta, LLC*, IPR2022-01012, Paper 9 at 2, 9 (PTAB Nov. 28, 2022). Therefore, CommScope is prohibited

---

[3] "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . . of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting." 28 U.S.C. § 1292(c)(2).

from raising any invalidity defense as to the '809 Patent in accordance with its stipulation. (Dkt. No. 197 at 4).

## IV.  CONCLUSION

The Court finds that the Motion should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**.  The Court **DENIES** summary judgment as to Patent Families 2, 3, and 6.  The Court **GRANTS** summary judgment in TQ Delta's favor with respect to CommScope's invalidity defense as to Claim 13 of the '809 Patent, and **ORDERS** that CommScope shall be precluded from raising, before the jury at trial, an invalidity defense to the same in accordance with its stipulation (Dkt. No. 197 at 4).

**So ORDERED and SIGNED this 21st day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE