IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00310-JRG |
| § | |
| COMMSCOPE HOLDING COMPANY, § | |
| INC., COMMSCOPE INC., ARRIS § | |
| INTERNATIONAL LIMITED, ARRIS § | |
| GLOBAL LTD., ARRIS US HOLDINGS, § | |
| INC., ARRIS SOLUTIONS, INC., ARRIS § | |
| TECHNOLOGY, INC., and ARRIS § | |
| ENTERPRISES, LLC, § | |
| § | |
| *Defendants*. § | |

## ORDER

Before the Court is the Joint Motion to Amend Standing Order on the Number and Use of Pre-Admitted Exhibits at Trial (the "Motion") filed by Plaintiff TQ Delta, LLC ("TQ Delta") and Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope"). (Dkt. No. 465). In the Motion, the parties seek to amend the Court's Standing Order on the Number and Use of Pre-Admitted Exhibits in Cases Assigned to Chief Judge Rodney Gilstrap Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions Which Relate to the Same (the "Standing Order") and request an additional 15 exhibits per side, expanding the total from 30 to 45 exhibits per side. (*Id.*). The parties represent, "The[y] [] believe that the proposed amendment is narrowly tailored and will continue to serve those goals [of the exhibit limitations].

The amendment will also help to ensure the inclusion of the parties' key documentary evidence in this case and allow the parties to present their cases in a concise and orderly fashion." (*Id.*).

Having considered the Motion, the Court finds that its present Standing Order was issued for application in all patent cases assigned to the undersigned, and as such, this Standing Order contemplated complex civil litigation, involving allegations of patent infringement. The present case is a complex patent case, but no more complicated than many other patent cases on this Court's docket. The joint movants have not shown any compelling reasons to modify the parameters within the Standing Order beyond the obvious—they both agree that they should each get 15 more disputed exhibits to fight over. This is not an adequate basis to modify the Standing Order.

The Motion is **DENIED**.

**So ORDERED and SIGNED this 23rd day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE