# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ Delta, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>    *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED |

## TQ DELTA, LLC'S RESPONSE TO
## COMMSCOPE'S OPPOSED MOTION TO CHANGE LEAD COUNSEL DESIGNATION

CommScope's Motion (Dkt. No. 462) seeks to change its lead counsel with trial about three weeks away (March 17, 2023) and the pretrial conference a week away (March 1st). (Dkt. No. 458 (Docket Control Order)). CommScope first approached TQ Delta ("TQD") about changing counsel on the Thursday (February 16th) before it filed its Motion. TQD repeatedly requested the basis for CommScope's change, trying to understand why this was occurring and why it was occurring now (i.e., so late in the case), but CommScope never provided it. The Motion does not either, even though CommScope rushed to file this Motion (it refused to give TQD an extra day to consider the issue). This has left TQD in a position where it cannot determine if CommScope has met this Court's requirements to change lead counsel this late in the case. TQD respectfully requests that the Court deny this Motion for the following reasons.

The Court requires lead counsel to be "designed early and that said counsel, absent exigent circumstances or circumstances beyond the designated counsel's control, shall remain lead counsel through the remainder of the case." *See Collision Communications, Inc., et al. v. Nokia Solutions and Networks Oy, et. al.*, Case No. 2:21-cv-308, Dkt. No. 462 (E.D. Tex. Feb. 21, 2023) (denying without prejudice motion to change lead counsel where no substantive basis for the change was provided). But CommScope's request appears to be a complete change in law firms, not just a change from one attorney to another within the same firm. TQD is concerned that the new law firm does not have the requisite familiarity with this case's history, which extends almost ten years. Moreover, the law firm that seeks to now be lead counsel was previously counsel for Nokia, in a consolidated case that has now settled. As explained below, these additional facts give further cause for concern regarding protective and discovery order issues.

First, CommScope appears to seek a complete substitution of CommScope's prior counsel—Goodwin Proctor—for Alston & Bird. TQD has asked CommScope if that is the case,

1

and CommScope has not denied it is. TQD's sense that a substitution occurred is supported by evidence that Goodwin is no longer in the case: they are, generally, no longer included on CommScope's emails and do not appear on meet-and-confer calls.

Second, CommScope's new counsel previously represented Nokia in this case until Nokia and TQD settled in November. TQD is concerned that Alston may improperly use TQD's confidential information—obtained via its representation of Nokia—against TQD on behalf of CommScope. Recent events have only heightened that concern.

As the Court is aware, Alston previously represented Nokia in a related proceeding in this Court (Case No. 2:21-cv-309). In that case, as counsel for Nokia, Alston obtained access to material that neither CommScope nor its counsel received access to (e.g., some productions and depositions were party specific), including via its settlement discussions with TQD. TQD has been concerned about the potential issues presented by counsel using information retained from the Nokia case on CommScope's behalf, even if inadvertently. These concerns have been amplified by recent events. For example, Alston (now representing CommScope) included a document on CommScope exhibit list that was only produced to Nokia. (*See* Dkt. No. 466-9, DX-01 (listing, on CommScope's First Amended Trial Exhibit List, a "TQD_TXNK"[1] document). In communications with CommScope, TQD has also heard references to material that was only discussed with Nokia.

Third, the substitution of counsel was not disclosed when Alston appeared for CommScope on December 9, 2022. Dkt. 326-333. At that time, there was no indication Alston was replacing Goodwin outright, as Goodwin was and had had been CommScope's primary counsel, including for almost a decade in Delaware. CommScope was also additionally represented by Winston &

---

[1] TQD only used this prefix for documents that were exclusively produced to Nokia.

Strawn at that time. And Alston and Nokia further assured TQD that precautions would be taken regarding protecting information, specifically that Alston would not use discovery or information produced, disclosed or known only to Nokia against TQD or share that information with CommScope. And, as stated, TQD's concerns were allayed because Goodwin was staying in the case, and there was no indication they were being replaced as lead counsel. At that time, CommScope did not substitute counsel or change lead counsel. If it had, these issues would have been raised at that time and could have been resolved two months ago.

Fourth, TQD is also concerned about replacement counsel's familiarity with the case, especially given the complexity and the long history between the parties. CommScope's current lead counsel has been with the case for over 9 years (~480 weeks), while Alston's lead counsel has been with the case about two and half months (~10 weeks).[2] Worse, instead of learning the extensive record from a blank slate, substitute counsel is familiar with the record of the Nokia case, not the CommScope case, which leads to confusion as the cases have different positions and histories. Again, TQD's concerns here have been amplified by counsels' actions.

For example, as the Court is aware, it entered an Order Focusing Patent Claims and Prior Art (Dkt. No. 128), ordering phased elections of claims and prior art, and the Court affirmed its Order (Dkt. No. 307), after Alston—then on behalf of Nokia—sought to exceed the Focusing Order. Under that Order, CommScope elected different prior art than Nokia. But CommScope's new counsel—previously Nokia's counsel—is asserting art that Nokia elected but CommScope did not. TQD informed CommScope of this issue, but CommScope asserted the art in the Pretrial Order anyway. *Compare* Dkt. No. 466 (contending, in CommScope's section of the Pretrial Order,

---

[2] Other Alston council has been with the case for about 18 months, but, again, about 15 and a half of those months were as counsel for Nokia, which presents concerns.

the Cai and Peeters references) *to* Ex. 1 (electing different references).  Counsel has also placed art on CommScope's exhibit list that Nokia elected, at some point in the case, but CommScope never did, including art that CommScope never raised in its invalidity contentions (though Nokia did).  Similarly, CommScope is, now, also pursuing, in its MILs, disputes related to discovery issues that Nokia raised—but CommScope never pursued after Nokia settled.

So, while CommScope's Motion, in the Certificate of Conference, states that the substitution will not be a basis "for any substantive purpose in the case," that is already occurring.  Substitute counsel is, at least in some cases, adopting the positions from Nokia's case, not the positions CommScope has taken and developed throughout the case.  This further complicates the case by litigating issues that are not properly in this case.

Finally, TQD understands that this issue is a discretionary one.  There is little legal authority available that TQD has been able to find on this issue.  The Court has stated, in another case involving last-minute change by Alston & Bird, that a bare bones statement, such as CommScope's is insufficient, but it has also suggested that stating counsel will no longer be involved in the case may be sufficient justification.  *See Collision Communications, Inc., et al. v. Nokia Solutions and Networks Oy, et. al.*, Case No. 2:21-cv-308, Dkt. No. 462 (E.D. Tex. Feb. 21, 2023) (denying without prejudice motion to change lead counsel).

It is hard to imagine a proper purpose behind CommScope's waiting until the last moment to move to announce a change of counsel, especially in light of its silence as to why and counsels' actions.  At a minimum, it suggests a view that, if the issue were timely raised, the request would face considerable opposition.  It is attempting to force asking for forgiveness, rather than asking for permission.  CommScope should have been raised this issue back in December, or, at the very least, well before the doorstep of trial.  TQD respectfully requests that the Court deny this Motion.

4

Dated: February 27, 2023

Respectfully Submitted,

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(Pro hac vice)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(Pro hac vice)
rchiplunkar@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF**  
**TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this February 27, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

William E. Davis, III  
William E. Davis, III