**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

TQ Delta, LLC,
          *Plaintiff*,

v.

CommScope Holding Company, Inc., *et al.*,
          *Defendants*.

Civil Action No.: 2:21-CV-00310-JRG

JURY TRIAL DEMANDED

**JOINT PRETRIAL ORDER**

Plaintiff TQ Delta, LLC ("TQ Delta") and Defendants CommScope Holding Company, Inc., CommScope Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc. and Arris Enterprises, LLC's (collectively, "CommScope") submit this Joint Pretrial Order regarding the jury trial for the above-captioned action.  Pursuant to the Court's Fifth Amended Docket Control Order (Dkt. No. 411) and Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference in this matter is scheduled for March 1, 2023 at 9:00 a.m.  Jury selection is presently scheduled to occur on March 17, 2023.

## I.      COUNSEL FOR THE PARTIES

### A.      Counsel for Plaintiff TQ Delta

| | |
|---|---|
| William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@davisfirm.com | Peter J. McAndrews<br>(*Pro hac vice*)<br>pmcandrews@mcandrews-ip.com |
| Christian J. Hurt<br>Texas State Bar No. 24059987<br>churt@davisfirm.com | Rajendra A. Chiplunkar<br>(*Pro hac vice*)<br>rchiplunkar@mcandrews-ip.com |
| Rudolph "Rudy" Fink IV<br>Texas State Bar No. 24082997<br>rfink@davisfirm.com | Ashley Ratycz<br>(*Pro hac vice*)<br>aratycz@mcandrews-ip.com |
| Edward Chin<br>Texas State Bar No. 50511688<br>echin@davisfirm.com | MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison St., 34th Floor<br>Chicago, IL 60661<br>Telephone: (312) 775-8000<br>Facsimile: (312) 775-8100 |
| Ty Wilson<br>Texas State Bar No. 24106583<br>twilson@davisfirm.com | |
| THE DAVIS FIRM PC<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661 | |

### B. Counsel for the CommScope Defendants

| | |
|---|---|
| Ross R. Barton (NC Bar No. 37179)<br>M. Scott Stevens (NC Bar No. 37828)<br>Kirk T. Bradley (NC Bar No. 26490)<br>Karlee Wroblewski (NC Bar No. 55043)<br>Nicholas C. Marais (NC Bar No. 53533)<br>Stephen R. Lareau (NC Bar No. 42992)<br>Erin Beaton (NC Bar No. 59594)<br>Mary I. Riolo (NC Bar No. 59644)<br>Alston & Bird LLP<br>One South at the Plaza<br>101 South Tryon Street, Suite 4000<br>Charlotte, North Carolina 28280<br>Tel:  704.444.1000<br>Fax:  704.444.1111<br>Email: ross.barton@alston.com<br>Email: scott.stevens@alston.com<br>Email: kirk.bradley@alston.com<br>Email:karlee.wroblewski@alston.com<br>Email: nic.marais@alston.com<br>Email: stephen.lareau@alston.com<br>Email: erin.beaton@alston.com<br>Email: mary.riolo@alston.com<br><br>Katherine G. Rubschlager (Cal. Bar No. 328100)<br>**ALSTON & BIRD LLP**<br>1950 University Avenue, Suite 430 East Palo Alto, CA 94303<br>Email: katherine.rubschlager@alston.com<br>Telephone: 650-838-2004<br>Facsimile: 650-838-2001<br><br>Michael C. Deane (GA Bar No. 498195)<br>**ALSTON & BIRD LLP**<br>1201 West Peachtree St. Suite 4900<br>Atlanta, GA 30309<br>Email: michael.deane@alston.com<br>Telephone: 404-881-7000<br>Facsimile: 404-881-7777<br><br>Deron R. Dacus (TX Bar No. 00790553)<br>THE DACUS FIRM<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Telephone: (903) 705-1117 | Eric H. Findlay<br>Texas State Bar No. 00789886<br>Brian Craft<br>Texas State Bar No. 04972020<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave. Suite 900<br>Tyler, Texas  75702<br>Tel:  (903) 534-1100<br>Fax:  (903) 534-1137<br>efindlay@findlaycraft.com<br>bcraft@findlaycraft.com<br><br>Douglas J. Kline<br>Christie Larochelle<br>**GOODWIN PROCTER LLP**<br>100 Northern Avenue<br>Boston, MA 02210<br>P: (617) 570-1000<br>F: (617) 523-1231<br>dkline@goodwinlaw.com<br>clarochelle@goodwinlaw.com<br><br>Brett Schuman<br>Rachel M. Walsh<br>**GOODWIN PROCTER LLP**<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>P: (415) 733-6000<br>F: (415) 677-9041<br>bschuman@goodwinlaw.com<br>rwalsh@goodwinlaw.com<br><br>Andrew Ong<br>**GOODWIN PROCTER LLP**<br>601 Marshall St.<br>Redwood City, CA 94063<br>P: (650) 752-3100<br>F: (650) 853-1038<br>aong@goodwinlaw.com<br><br>ATTORNEYS FOR THE COMMSCOPE DEFENDANTS |

| Facsimile: (903) 581-2543 (fax)<br>E-Mail: ddacus@dacusfirm.com | |

## II.    STATEMENT OF JURISDICTION

Jurisdiction in this case is based on the United States patent laws, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a).  For purposes of this action, subject-matter jurisdiction, personal jurisdiction, and venue are not disputed by the parties in this case.

## III.   NATURE OF THE ACTION

This is an action for patent infringement, in which TQ Delta contends that CommScope has directly, indirectly, and willfully infringed, claims of the following patents pursuant to 35 U.S.C. § 271: U.S. Patent No. 7,453,881 (the "'881 patent"), U.S. Patent No. 7,570,686 (the "'686 patent"), U.S. Patent No. 7,844, 882 (the "'882 patent"), U.S. Patent No. 8,090, 008 (the "'008 patent"), U.S. Patent No. 8,276,048 (the "'048 patent"), U.S. Patent No. 8,462,835 (the "'835 patent"), U.S. Patent No. 8,468,411 (the "'411 patent"), U.S. Patent No. 9,154, 354 (the "'354 patent"), U.S. Patent No. 10,833,809 (the "'809 patent") (collectively, the "Patents-in-Suit").

Pursuant to the Court's Narrowing Orders (Dkt. Nos. 128 and 307), TQ Delta asserts the following claims of the Patents-in-Suit (collectively, the "Asserted Claims")

| Patent | Asserted Claim(s) |
|--------|-------------------|
| '881 patent | 17 and 23 |
| '686 patent | 36 |
| '882 patent | 13 |
| '008 patent | 14 |
| '048 patent | 5 |
| '835 patent | 10 |
| '411 patent | 10 and 18 |
| '354 patent | 10 |
| '809 patent | 13 |

The Asserted Patents in this case are directed to CommScope's alleged infringement in its DSL CPE products (the "Accused Products").  TQ Delta contends that CommScope's infringement has been and continues to be willful, whereas CommScope contends that it has not infringed—either willfully or otherwise—any valid claim of the Patents-in-Suit.

TQ Delta seeks damages to compensate it for CommScope's alleged infringement under 35 U.S.C. § 271 of the Asserted Claims.  TQ Delta seeks damages under 35 U.S.C. § 284 in the form of a reasonably royalty, as well as an accounting, pre- and post-judgment interest, and any other relief the Court deems appropriate.  TQ Delta seeks its fees and costs incurred in connection with this action, as well as judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285.  TQ Delta also seeks treble damages under 35 U.S.C. § 284 for CommScope's willful infringement of the Patents-in-Suit.

TQ Delta additionally seeks a declaratory judgment that it has complied with its contractual commitment to the International Telecommunication Union ("ITU") arising from its Patent Statement and Licensing Declarations ("PSLDs") to ITU, and any applicable laws, during its negotiations with CommScope concerning a worldwide license to the standard essential patents in TQ Delta's portfolio.

CommScope contends that the Patents-in-Suit are not infringed (directly or indirectly) and/or are invalid.  Because the patents are not infringed and/or are invalid, TQ Delta is not entitled to any damages.  CommScope further contends that it has not willfully infringed any of the Patents-in-Suit.  CommScope opposes TQ Delta's claims for damages and attorneys' fees, costs, and enhancement of damages.  CommScope denies that is has willfully infringed any of the Patents-in-Suit.  CommScope further opposes TQ Delta's request for a declaratory judgment that it complied with its contractual commitment to the International Telecommunication Union ("ITU")

arising from its Patent Statement and Licensing Declarations ("PSLDs") to ITU, and any applicable laws, during its negotiations with CommScope concerning a worldwide license to the standard essential patents in TQ Delta's portfolio.  CommScope contends that TQ Delta has never offered CommScope a license on reasonable and non-discriminatory terms.   As a result, CommScope contends that TQ Delta has breached its obligations to the ITU and is precluded from recovering any monetary damages.  Further, CommScope contends this case is exceptional under 35 U.S.C. § 285. CommScope seeks its attorneys' fees and costs thereunder, and any other relief the Court deems proper.

## IV.    CONTENTIONS OF THE PARTIES

### A.    TQ Delta's Statement of Its Contentions

This is a patent infringement case.  TQ Delta is the owner of the Patents-in-Suit.  As the owner, TQ Delta has the right to exclude others from using the inventions, and to enforce, sue and recover damages for past and future infringement of the Patents-in-Suit.  The Accused Products infringe the Patents-in-Suit, and TQ Delta is entitled to monetary compensation for this infringement.

TQ Delta's patent portfolio includes patents essential to the DSL standards promulgated by the ITU ("standard essential patents").  The '881 patent, '686 patent, '008 patent, '835 patent, '354 patent, and the '809 patent are standard essential patents.  These patents are essential to the following ITU standards:

| Patent | ITU Standard(s) |
|---|---|
| '881 patent | G.bond |
| '686 patent | VDSL2 |
| '008 patent | VDSL2 |
| '835 patent | VDSL2 |
| '354 patent | VDSL2 and G.inp |
| '809 patent | G.inp |

TQ Delta contends that the '882,'048, and '411 patents are not standard essential patents. TQ Delta (and its predecessor-in-interest Aware) has submitted Patent Statement and Licensing Declarations ("PSLDs") to the ITU stating that, for patents essential to certain ITU standards, it was prepared to grant a license on a worldwide, non-discriminatory basis and on reasonable terms and conditions, which sometimes is referred to as "RAND" or "FRAND" in shorthand.

TQ Delta and CommScope began negotiations relating to TQ Delta's DSL patents in 2013, when TQ Delta first contacted CommScope's predecessor, Pace Americas, Inc. TQ Delta contends that it has complied any obligations imposed by the PSLDs and has offered CommScope a FRAND license to its standard-essential patents. TQ Delta further contends that it is entitled to a declaratory judgment that it has complied with any obligations arising from its PSLDs to the ITU, the ITU's IPR Policy, and any applicable laws during negotiations with CommScope concerning a worldwide license to the standard essential patents. TQ Delta contends that its offers to CommScope comply with its obligations to the ITU and, if executed, would result in a license on terms and conditions that comply with the relevant PSLDs.

CommScope has directly infringed and continues to directly infringe the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale within the United States, importing into the United States, and/or inducing third parties to use the Accused Products, including, in the alternative, direct infringement by CommScope through actions CommScope directs and/or controls (e.g., users or acquirers).

CommScope has indirectly infringed since at least August 13, 2015 (including as early as 2013) and continues to indirectly infringe the Patents-in-Suit under 35 U.S.C. § 271(b) by inducing infringement of the Patents-in-Suit by—directly or through intermediaries—supplying the Accused Products to users and supporting such products (e.g., through software updates and

repairs) and instructing such users how to use the Accused Products in their ordinary, customer, and intended way, which implicates use of infringing technology, including, in the alternative, infringement by CommScope through whose actions CommScope directs and/or controls in relation to the Accused Products (e.g., customers and end-users).

CommScope's infringement of the Patents-in-Suit has been willful since, at least, August 13, 2015 (including as early as 2013) and continues to be willful.

The Asserted Claims are valid and enforceable and are not barred as a result of CommScope's affirmative defenses or counterclaims.

TQ Delta seeks damages under 35 U.S.C. § 284 in the amount of a reasonable royalty for CommScope's infringement, as well as an accounting, and pre- and post-judgment interest.  TQ Delta seeks its fees and costs incurred in connection with this action, as well as judgment that this is an exceptional case with the meaning of 35 U.S.C. § 285.  TQ Delta also seeks treble damages under 35 U.S.C § 284 for CommScope's willful infringement of the Patents-in-Suit.  TQ Delta seeks damages beginning in August 2015 for CommScope's infringement, including for indirect infringement based on making and using of the Accused Products by CommScope customers such as AT&T.

TQ Delta incorporates by reference the expert reports of Arthur Brody, Ph.D., Todor Cooklev, Ph.D., Vijay Madisetti, Ph.D., Peter Heller, Ph.D., and Jonathan D. Putnam providing additional details of TQ Delta's contentions.

TQ Delta also contends that CommScope is not entitled to judgment on unasserted claims or relief under 35 U.S.C. § 285, including attorneys' fees, costs, and interest.

That a contention appears in CommScope's contentions does not mean that TQD agrees that the contention is currently or has ever been live in the case.  For example, CommScope

contends that the Cai / Peeters references are asserted, but CommScope has not elected that reference under the Court's order.

**B.    CommScope's Statement of Its Contentions**

1.    CommScope denies each of TQ Delta's contentions.

2.    CommScope denies that it infringes any of the Asserted Claims of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents.[1]  Defendants also deny any willful infringement.[2]

3.    For the purposes of trial in this action, CommScope contends that Claim 36 of the '686 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§  103 in view of the following prior art:

- ITU-T Temporary Document FI-071 ("FI-071") in view of the knowledge of a person having ordinary skill in the art renders obvious Claim 36.

- FI-071 in combination with ITU-T Recommendation G.992.1 ("G.992.1") renders obvious Claim 36.

4.    For the purposes of trial in this action, CommScope contends that Claims 17 and 23 of the '881 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of the following prior art:

- U.S. Patent No. 6,222,858 ("Counterman") anticipates and/or renders obvious Claims 17 and 23.

---

[1] Defendants note that TQ Delta has not raised, nor can it raise, an infringement theory under the doctrine of equivalents.

[2] Defendants note that TQ Delta still maintains eleven (11) asserted claims across nine patents, and seven (7) distinct patent families.  Thus, TQ Delta has not made any meaningful effort to further narrow the issues for trial.  CommScope, in contrast, has substantially narrowed the number of invalidity theories and prior art combinations.  CommScope contends that TQ Delta should be limited to five (5) asserted claims.

- Counterman in view of the knowledge of a person having ordinary skill in the art renders obvious Claims 17 and 23.

- Counterman in combination with U.S. Patent No. 6,956,872 ("Djokvic") renders obvious Claims 17 and 23.

5.      For the purposes of trial in this action, CommScope contends that Claim 5 of the '048 Patent is invalid as obvious under 35 U.S.C. § 103 in view of the following prior art:

- U.S. Patent No. 7,269,208 ("Mazzoni") in combination with ITU-T Standard G.993.1 ("G.993.1") renders obvious Claim 5.

- Mazzoni in combination with ITU-T Contribution LB-031 ("LB-031") renders obvious Claim 5.

- U.S. Patent No. 6,707,822 ("Fadavi-Ardekani") in combination with G.993.1 renders obvious Claim 5.

6.      For the purposes of trial in this action, CommScope contends that Claim 13 of the '882 Patent is invalid as obvious under 35 U.S.C. § 103 in view of the following prior art:

- Mazzoni in combination with G.993.1 renders obvious Claim 13.

- Mazzoni in combination with LB-031 renders obvious Claim 13.

- Fadavi-Ardekani in combination with G.993.1 renders obvious Claim 13.

7.      For the purposes of trial in this action, CommScope contends that Claim 14 of the '008 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of the following prior art:

- U.S. Patent No. 6,657,949 ("Jones") anticipates and/or renders obvious Claim 14.

- ANSI T1.413-1998 ("T1.413.1998") in combination with U.S. Patent No. 6,625,219 ("Stopler") renders obvious Claim 14.

8.      For the purposes of trial in this action, CommScope contends that Claim 10 of the '835 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of the following prior art:

- G.992.1 anticipates and/or renders obvious Claim 10.

- G.992.1 in combination with ITU-T SG15/Q4 Contribution SC-060 ("SC-060") renders obvious Claim 10.

- SC-060 anticipates and/or renders obvious Claim 10.

- G.992.1 in combination with U.S. Patent Pub. No. 2002/0172188 ("Wunsch") renders obvious Claim 10.

9.      For the purposes of trial in this action, CommScope contends that Claims 10 and 18 of the '411 Patent are invalid as obvious under 35 U.S.C. § 103 in view of the following prior art:

- G.992.1 in combination with ITU-T Study Group 15 Temporary Document BI-089 ("BI-089") renders obvious Claims 10 and 18.

10.     For the purposes of trial in this action, CommScope contends that Claim 10 of the '354 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of the following prior art:

- Peter Sienpin Chow, *Bandwidth optimized digital transmission techniques for spectrally shaped channels with impulse noise*, Stanford University (May 1993) ("Chow") anticipates and/or renders obvious Claim 10.

- U.S. Patent No. 6,516,027 ("Kapoor") in combination with Chow renders obvious Claim 10.

- EP 0,753,948 ("Peeters") in combination with U.S, Patent No. 6,205,410 ("Cai") renders obvious Claim 10.

11.      CommScope contends that each of the Asserted Claims of the Patents-in-Suit would have been obvious in view of the background art for which a person of ordinary skill in the art would have known and/or had knowledge of.

12.      CommScope further contends that the asserted claims of the '686,'881, '835 and '354 Patents are invalid for lack of written description and/or enablement under 35 U.S.C. § 112.

13.      CommScope contends that TQ Delta is not entitled to any damages, including any interest or damages sought until 35 U.S.C. §§ 284 and 285.

14.      CommScope contends that even if infringement of any valid, asserted claim of the Asserted Patents is found, TQ Delta's proposed royalty is excessive and unsupported.

15.      CommScope contends that TQ Delta was contractually obligated to grant CommScope licenses to TQ Delta's standard essential patents on reasonable and non-discriminatory terms and conditions.  CommScope further contends that TQ Delta breached its obligations during its negotiations with CommScope concerning a worldwide license to the standard essential patents in TQ Delta's portfolio.  As a result, TQ Delta is not entitled to recover any damages and CommScope seeks damages to compensate it for TQ Delta's breach.

16.      CommScope further contends that TQ Delta is not entitled to a judgment that it complied with its binding commitment to license its essential patents on a non-discriminatory basis and on reasonable terms and conditions.

17.      CommScope further contends that TQ Delta's claim that some of the Patents-in-Suit are essential, while others are not, directly contradicts TQ Delta's damages case.

18.      CommScope contends that TQ Delta is not entitled to any costs.

19.     CommScope contends that TQ Delta has not established that this is an exceptional case.

20.     CommScope contends that TQ Delta is not entitled to attorneys' fees.

21.     CommScope contends that this is an exceptional case warranting award of CommScope's attorneys' fees and costs, and any other relief the Court deems appropriate.

22.     That a contention appears in TQ Delta's contentions does not mean that CommScope agrees that the contention is currently or has ever been live in the case.

## V.      STIPULATIONS AND UNCONTESTED FACTS

1.      TQ Delta filed its Complaint on August 13, 2021, alleging infringement of the Patents-in-Suit by Defendants.

2.      Subject matter jurisdiction is proper in this Court as to TQ Delta's claims.

3.      The parties do not contest that the Court has personal jurisdiction over the parties for the purposes of this action.

4.      The parties do not contest the Court has proper venue over this dispute for purposes of this action.

5.      TQ Delta owns all rights necessary to bring this action for the Patents-in-Suit.

## THE PARTIES

6.      Plaintiff TQ Delta, LLC is a limited-liability company organized and existing under the laws of the State of Delaware and having a principal place of business at 900 S. Capital of Texas Hwy., Suite 150, Austin, Texas 78746.

7.      Defendant CommScope Holding Company, Inc. is a corporation organized and existing under the laws of the State of Delaware.

8.      Defendant CommScope Inc. is a corporation organized and existing under the laws of the State of Delaware.  CommScope Inc. is a wholly owned subsidiary of CommScope Holding Company.

9.      CommScope Holding Company, Inc. acquired Defendants, ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "ARRIS") in 2019. CommScope Holding Company, Inc. is the parent corporation of ARRIS.

10.      Defendant ARRIS US Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware.  ARRIS US Holdings, Inc. is a subsidiary of ARRIS International Limited.

11.      Defendant ARRIS Solutions, Inc. is a corporation organized and existing under the laws of the State of Delaware.  ARRIS Solutions, Inc. is a subsidiary of ARRIS U.S. Holdings, Inc.

12.      Defendant ARRIS Technology, Inc. is a corporation duly organized and existing under the laws of the State of Delaware.  ARRIS Technology, Inc. is a subsidiary of ARRIS Solutions, Inc.

13.      Defendant ARRIS Enterprises LLC is a corporation organized and existing under the laws of the State of Delaware.  ARRIS Enterprises LLC is a subsidiary of ARRIS Solutions, Inc.

14.      ARRIS maintains regular and established places of business and does business in Texas at its offices at 4516 Seton Center Pkwy, Austin, Texas 78759-5370 and/or 5300 Hollister St., Houston, Texas 77040.

15.      CommScope maintains a regular and established place of business at 2601 Telecom Parkway, Richardson, Texas 70852.

16.    On April 4, 2019, CommScope Holding Company, Inc., acquired ARRIS International Limited (UK) ... becoming its parent company. Prior to CommScope's acquisition of ARRIS International, ARRIS International acquired an entity named 2Wire, Inc.

### A.    TQ Delta's and CommScope's Stipulations

1.    The parties have otherwise stated their trial-management procedures in Section VIII below.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, or any issue of fact is deemed to be an issue of law, it is incorporated into the appropriate section.

1.    Whether TQ Delta has shown by a preponderance of the evidence that CommScope directly infringes or directly infringed some or all of the Patents-in-Suit

2.    Whether TQ Delta has shown by a preponderance of the evidence that CommScope indirectly infringes or indirectly infringed some or all of the Patents-in-Suit.

3.    Whether TQ Delta has shown by a preponderance of the evidence that CommScope willfully infringes or has willfully infringed some or all of the Patents-on-Suit.

4.    Whether CommScope has proven by clear and convincing evidence that any Asserted Claim of the Patents-in-Suit is invalid.

5.    Whether CommScope has established by a preponderance of the evidence that TQ Delta breached its obligations under TQ Delta's contract with the ITU and damaged CommScope during its negotiations with CommScope concerning a worldwide license under the TQ Delta standard essential patents, including whether CommScope repudiated, prevented performance, waived, forfeited, and/or rejected any rights it had with respect to TQ Delta's PSLDs.

6.      Whether CommScope is entitled to damages to compensate it for TQ Delta's breach of contract with the ITU.

7.      Whether TQ Delta is entitled to damages to compensate it for CommScope's infringement of the Patents-in-Suit and, if so, the dollar amount to compensate TQ Delta for CommScope's alleged infringement of the Patents-in-Suit.

8.      Whether TQ Delta is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and, if so, in what amount.

9.      Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether TQ Delta is entitled to an award of attorneys' fees.

10.     Whether TQ Delta is entitled to taxable costs.

11.     Whether TQ Delta is entitled to prejudgment and post-judgment interest, and if so, in what amount.

12.     Whether and which party or parties is entitled to costs.

## VII.   PROBABLE LENGTH OF TRIAL

### A.     TQ Delta's Position Regarding Length of Trial

TQD proposes the probable length of trial is 7 days.  TQD recognizes this is beyond the 5 days the Court ordinarily provides and does not lightly propose this as the probable length of trial. TQD only does so in light of the complexity of the matter for trial.

### B.     CommScope's Position Regarding Length of Trial

CommScope estimates that the jury trial will last 10 days.  CommScope requests at least 35 hours, excluding opening, closing and *voir dire*, to defend itself against the accusations of all nine Patents-In-Suit.  CommScope requests that the Court allocate:

- 30 minutes per side for *voir dire*;

- 30 minutes per side for opening statements; and

- 40 minutes per side for closing statements.

## VIII.   TRIAL MANAGEMENT PROCEDURES

### A.      Stipulations for Trial Management Procedures

#### 1.      Demonstratives for Opening Statements

By no later than 1:30 p.m. central time on the calendar day before opening statements, the parties will exchange, by email, copies of any demonstrative exhibits that the party intends to use in its opening statement.  Any animations or videos must be provided in a viewable format.  The parties will exchange objections to these demonstratives by 4:00 p.m. central time that same day.  By no later than 6:00 p.m. central time that same day, the parties will meet and confer to resolve any objections.  For any non-documentary and/or live demonstratives, different procedures apply as outlined below.

#### 2.      Demonstratives for Direct Examination

By no later than 7:00 p.m. central time one calendar day before a witness is called, the party calling the witness (the "disclosing party") will provide to the other party (the "receiving party"), by email, copies of all demonstrative exhibits that the disclosing party anticipates using on direct examination.  Any animations or videos must be provided in a viewable format.  The receiving party will provide objections to such demonstratives by 8:00 p.m. central time that evening.  The parties will then meet and confer regarding all objections by 9:00 p.m. central time that same evening.  The receiving party will not use a demonstrative exhibit before the disclosing party uses it.

#### 3.      Non-Documentary and/or Live Demonstratives

The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical items that are not on the party's respective exhibit list, that they plan to use during direct examination or during opening or closing statements by 7:00 p.m. central

time one night before their intended use.  The parties will exchange objections to these non-documentary demonstratives or live demonstratives by 8:30 p.m. central time on the night before their intended use.  The parties will then meet and confer regarding all objections by 9:30 p.m. central time that same evening.  Demonstratives previously displayed during the trial need not be disclosed again.

### 4.      Demonstratives That Do Not Require Disclosure

The above disclosure stipulations do not apply to (a) demonstratives that include nothing but call outs of evidence; (b) demonstratives used for cross-examination only; (c) demonstratives created in the courtroom during trial; and (d) the real-time, in the courtroom enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

### 5.      Witnesses

Each party will identify witnesses to be called live and by deposition testimony, including the reasonably anticipated order of presentation, by email, no later than 7:00 p.m. central time two days in advance of the day of trial during which the witnesses will testify.  For example, if a witness will testify live on a Thursday, the presenting party must identify the witness by 7:00 p.m. central time on a Tuesday.  Such notice must indicate the intended order of call and whether the witness will be presented live or by deposition.

### 6.      Exhibits Used on Direct Examination of Witnesses

Each party will provide, by email, a list of all exhibits expected to be used during direct examination no later than 7:00 p.m. central time one calendar day before such intended use, and the receiving party shall provide objections to such exhibits by 8:30 p.m. central time that evening. The parties will make reasonable efforts to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used.  The parties will then meet and

confer regarding all objections by 9:30 p.m. central time that same evening.  The parties agree that this provision does not require disclosure of exhibits to be used for cross-examination or re-direct examination. This stipulation does not apply to witnesses called adversely.

### 7.      No Advance Notification

The parties do not need to provide notice of exhibits to be used solely for impeachment or to be used during cross-examination or examination of an adverse witness.

### 8.      Exhibits on Either Party's Exhibit List

Each party reserves the right to use an exhibit on either party's exhibit list for which no objection remains pending, even if not introduced by the designating party, subject to the requirements of this section.  No party will remove an exhibit from its exhibit list without agreement from the other party, unless it provides the other party with an opportunity to add the exhibit to its own list.  The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the exhibit.  Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

### 9.      Witnesses Called by Deposition

For each witness that a party intends to call by deposition, the party will provide, by email, a list of deposition designations the party intends to present for that witness along with a listing of each trial exhibit that the party seeks to introduce with that testimony, by 7:00 p.m. central time three calendar days before the designation is to be read or played at trial.  Counter-designations, which must be within the scope of the opening deposition designation, along with notification of withdrawal of any unresolved objections to designated testimony and/or exhibits are due by 7:00 p.m. central time prior to the day the testimony being offered, and the parties will meet and confer

by 9:00 p.m. central time that evening regarding objections.  Any unresolved objections will be raised with the Court the next morning.  The party that seeks to read or play the deposition testimony must also provide the opposing party by 7:00 p.m. central time one calendar day before the deposition testimony is to be played, a workable copy of the actual video recordings to be played (i.e., in the order that they appeared at the deposition), regardless of who designated the testimony.  Designated testimony from a witness will be introduced in the sequence in which the testimony was originally given.  The time available for each side's trial presentation shall be reduced by the length of its designations or counter designations actually played or read at trial.  If played, such time shall be measured by the amount of time of each party's designations.  If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.

### 10.    Witness Binders

The parties need not prepare a binder of evidence or demonstratives for a witness, but, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness.

### 11.    Resolution of Objections

The parties will meet and confer regarding any objections at 9:00 pm central time on the night before the objections are exchanged.  Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:30 pm central time for resolution the next morning outside the presence of the jury.

### 12.    Notice of Intent to Rest

A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 pm central time or prior to leaving Court, whichever is later, the day before that party expects to rest.

## IX.    LISTS OF WITNESSES

TQ Delta's Witness List is attached as Exhibit A.

CommScope's Objections to TQ Delta's Witness List is attached as Exhibit C.

CommScope's Witness List is attached as Exhibit B.

TQ Delta's Objections to CommScope's Witness List is attached as Exhibit D.

## X.    DEPOSITION DESIGNATIONS

The parties have exchanged deposition designations and have and will continue to meet and confer regarding their respective objections in order to resolve as many objections and issues prior to presenting them to the Court.

TQ Delta's deposition designations, CommScope's objections thereto and counter designations, and TQ Delta's objections to CommScope's counter-designations are attached as Exhibit E.

CommScope's deposition designations, TQ Delta's objections thereto and counter designations, and CommScope's objections to TQ Delta's counter-designations are attached as Exhibit F.

## XI.    LIST OF EXHIBITS

The parties current joint exhibit list is attached as Exhibit G.

TQ Delta's exhibit list is attached as Exhibit H.

CommScope's exhibit list is attached as Exhibit I.

## XII.    JURY INSTRUCTIONS AND VERDICT FORM

TQ Delta's and CommScope's Joint Proposed Preliminary Jury Instructions are attached as Exhibit J.

TQ Delta's and CommScope's Joint Proposed Final Jury Instructions are attached as Exhibit K.

████████████████████████████████                    ████████████████

TQ Delta's Proposed Verdict Form is attached as Exhibit L.

CommScope's Proposed Verdict Form is attached as Exhibit M.

## XIII.  LIST OF PENDING MOTIONS

| Docket No. | Pending Motion |
|---|---|
| 335 | TQ Delta's Motion for Summary of No Breach of FRAND Obligations (Family 3 and Family 9A Non-Essential Patents) |
| 336 | CommScope's Motion for Summary Judgment of Non-Infringement of the Family 3 Patents |
| 337 | TQ Delta's Motion to Strike the Expert Testimony of Dr. George A. Zimmerman, Dr. Richard Wesel, Dr. Bruce McNair, and Dr. Niel Ransom |
| 338 | TQ Delta's Motion to Strike the Invalidity Report of Defendants' Expert, Mark Lanning |
| 339 | TQ Delta's Motion to Strike Portions of the Non-Infringement Report and Opinions of Defendants' Expert Dr. Leonard J. Cimini, Jr. |
| 340 | CommScope's Motion for Partial Summary Judgment to Limit Damages Based on 35 U.S.C. § 286 |
| 341 | TQ Delta's Motion to Strike Portions of the Non-Infringement Report and Opinions of Defendants' Expert Dr. Naofal Al-Dhahir |
| 342 | CommScope's Motion to Exclude Certain Unreliable Opinions of Plaintiff's Expert Dr. Vijay Madisetti |
| 343 | CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status |
| 344 | CommScope's Motion to Exclude Potions of the Expert Testimony of Jonathan Putnam and Todor Cooklev Under Fed. R. Evid. 702 and Daubert |
| 345 | TQ Delta's Motion to Strike Portions of the Expert Report of Stephen L. Becker, Ph.D |
| 346 | CommScope's Motion to Exclude Expert Testimony of Jonathan Putnam, Ph.D. That Is Inconsistent with Legal Precedent |
| 347 | TQ Delta's Motion for Summary Judgment Directed to Patent Families 1 and 10 |
| 349 | TQ Delta's Motion for Leave to Formally Serve the First Supplemental Expert Report of Jonathan D. Putnam |
| 451 | Plaintiff TQ Delta, LLC's Partially Opposed Motions in Limine |
| 452 | Defendant CommScope's Motions *In Limine* |

## XIV.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2)    Subject to the parties' pending motions, discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with; and

(3)    Each exhibit in the parties' lists of exhibits attached hereto:

(a) exists;

(b) is numbered; and

(c) has been disclosed and shown to opposing counsel.

Dated: February 22, 2023

By: /s/ *William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Edward Chin
Texas State Bar No. 50511688
echin@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

/s/*Ross R. Barton (with permission)*

M. Scott Stevens (NC Bar # 37828)
Kirk T. Bradley (NC Bar # 26490)
Karlee Wroblewski (NC Bar # 55043)
Nic Marais (NC Bar # 53533)
Ross R. Barton (NC Bar No. 37179)
Stephen R. Lareau (NC Bar No. 42992)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
Alston & Bird LLP
One South at the Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Tel:  704.444.1000
Fax:  704.444.1111
Email: scott.stevens@alston.com
Email: kirk.bradley@alston.com
Email:karlee.wroblewski@alston.com
Email: nic.marais@alston.com
Email: ross.barton@alston.com
Email: stephen.lareau@alston.com
Email: erin.beaton@alston.com
Email: mary.riolo@alston.com

Katherine G. Rubschlager (Cal. Bar No. 328100)
**ALSTON & BIRD LLP**
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: katherine.rubschlager@alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
Telephone: 404-881-7000

**McAndrews, Held & Malloy, Ltd.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

*ATTORNEYS FOR PLAINTIFF TQ DELTA, LLC*

Facsimile: 404-881-7777

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
Texas State Bar No. 00789886
Brian Craft
Texas State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas  75702
Tel:  (903) 534-1100
Fax:  (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Christie Larochelle
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
**GOODWIN PROCTER LLP**
601 Marshall St.

Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

ATTORNEYS        FOR        THE
COMMSCOPE DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this February 22, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

*/s/ William E. Davis, III*
William E. Davis, III