## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>     *Defendants*. | Civil Action No. 2:21-cv-310 |

## COMMSCOPE'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO CHANGE LEAD COUNSEL DESIGNATION

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|:---:|---|
| Ex. 1 | Excerpts from the August 9, 2022 Deposition Transcript of Bruce Bernstein |
| Ex. 2 | Excerpts from the December 1, 2022 Second Supplemental Expert Report of Jonathan D. Putnam |
| Ex. 3 | Declaration of James Shead dated February 27, 2023 |
| Ex. 4 | Declaration of Ross R. Barton dated February 27, 2023 |

TQ Delta's Opposition (Dkt. 475, "Opp." or "Opposition") to CommScope's Motion (Dkt. 462) fails to set forth either a valid or proper basis to deny the Motion. TQ Delta is not the gate-keeper as to who may serve as CommScope's lead trial counsel. That decision should be left to the careful consideration of CommScope. *See, e.g.*, *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312-13 (5th Cir. 1995) ("Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration.").

TQ Delta's Opposition outlines three broad concerns: (1) TQ Delta was not on adequate notice that Mr. Ross Barton and Alston & Bird would serve as lead trial counsel (Opp. at 1-3); (2) Mr. Barton and Alston & Bird do not have sufficient familiarity with the record (Opp. at 3-4); and (3) Mr. Barton and Alston & Bird will use confidential information from the Nokia Case[1] at the CommScope trial (Opp. at 2-3). Each of these concerns is without merit and is addressed below. Given TQ Delta's arguments regarding the timing of the Motion and the resolution of Nokia Case, a brief recitation of the relevant facts is warranted.

- In August 2021, TQ Delta asserted claims of patent infringement against Nokia and CommScope on overlapping patents, after which this Court *sua sponte* consolidated the present case for purposes of discovery. Dkt. No. 23. Alston & Bird represented Nokia in the Nokia Case.

- During the course of discovery, TQ Delta produced a *TQ Delta* presentation regarding licensing discussions. The presentation bears a *TQ Delta* production number, TQD_TXNK00002735.[2] Thereafter, counsel for Nokia and CommScope jointly deposed TQ Delta's witnesses, including Mr. Bruce Bernstein. During Mr. Bernstein's deposition, he was

---

[1] *TQ Delta, LLC v. Nokia Corp. et al.*, No. 2:21-cv-00309 (E.D. Tex.)
[2] *See* Opp. at 2, referencing this "TQD_TXNK" document.

- questioned on this very presentation (TQD_TXNK00002735). Counsel for TQ Delta did not object to use of that document during the joint deposition involving both Nokia *and Commscope*. Ex. 1 at 58:2-59:22. That document now travels with the record of the CommScope case.

- On December 1, 2022, TQ Delta's damages expert, Jonathan D. Putnam issued a second supplemental damages expert report that puts into issue the parties' prior offers (including those discussed in TQD_TXNK00002735). Dr. Putnam discusses TQ Delta's first offer, *see* Ex. 2 at 4, and that offer is found in TQD_TXNK00002735 (although Dr. Putnam does not expressly identify the document).

- On December 2, 2022, Nokia and TQ Delta filed a joint stipulation of dismissal. The Nokia Case was dismissed on December 8, 2022. Dkt. Nos. 322, 324.

- In December 2022, CommScope engaged Alston & Bird to represent it in the present case. Mr. Barton, as well as other attorneys at Alston & Bird, entered an appearance on behalf of CommScope on December 9, 2022. Dkt. No. 330.

- After consideration, CommScope determined that Mr. Barton should take over as lead counsel and informed Mr. Barton that Mr. Kline—CommScope's current lead counsel—would no longer be involved in the case. Ex. 3, Declaration of James Shead (Feb. 27, 2023), at ¶¶ 3-4.

All three of TQ Delta's concerns with the Motion are without merit: (1) CommScope chose Alston & Bird and Mr. Ross Barton as lead trial counsel in February 2023; (2) Mr. Barton and Alston & Bird are deeply familiar with the case; and (3) the Nokia Case is irrelevant to CommScope's Motion.

**CommScope Chose Ross Barton as Lead Trial Counsel in February 2023.** TQ Delta argues that "CommScope appears to seek a complete substitution of CommScope's prior counsel"

and that "the substitution of counsel was not disclosed when Alston appeared for CommScope on December 9, 2022." Opp. at 1, 2. As an initial matter, whether CommScope elects to make a "complete substitution" of its trial counsel is a choice that should be left to CommScope, and TQ Delta cites no authority obligating a defendant to obtain pre-approval from the plaintiff. Moreover, as explained in the attached declaration of James Shead, CommScope's Senior Counsel—Litigation, this was a decision reached by CommScope after due consideration. Ex. 3, Declaration of James Shead (Feb. 27, 2023). As Mr. Shead explains, "[a]fter consideration, CommScope made the determination that it would like the team at Alston & Bird LLP, led by Ross R. Barton, to represent CommScope on this matter going forward and at trial. Although some Goodwin Proctor LLP lawyers may continue to represent CommScope in this case, Mr. Kline will no longer be involved in this case." *Id.* at ¶ 3. There is no subterfuge or gamesmanship involved with CommScope's determination. *See generally id.*

**Mr. Barton and Alston & Bird Are Familiar with the Case.** TQ Delta complains that it is "concerned about replacement counsel's familiarity with the case." Opp. at 3. TQ Delta's concern is belied by its own arguments. While Alston & Bird has been involved with the CommScope case specifically for approximately three months, Alston & Bird has been involved in the Nokia Case that was consolidated with the CommScope case for "about 18 months." Opp. at 3 n.2.

Further, Mr. Barton himself is personally familiar with CommScope, TQ Delta, and this litigation. Mr. Barton has represented CommScope since 2015 in other matters. Ex. 4, Declaration of Ross R. Barton (Feb. 27, 2023), at ¶ 2. Mr. Barton also spent more than four years litigating

- 3 -

against TQ Delta in Delaware on behalf of another entity, ZyXEL.[3] *Id.* at ¶ 3. In addition, Mr. Barton has been actively involved in all aspects of this case since December 9, 2022, including, for example, meeting with the client, drafting and revising briefing, evaluating Motions *in Limine*, and participating in meet and confers between the parties. *Id.* at ¶¶ 4-6. Mr. Barton also participated in the parties' mediation in Dallas, TX on February 21, 2023. *Id.* at ¶ 5. TQ Delta's concerns regarding Mr. Barton's and Alston & Bird's familiarity with the record in this case are misplaced.[4]

**The Nokia Case Is Not Relevant to This Motion.** Finally, TQ Delta complains that "TQD is concerned that Alston may improperly use TQD's confidential information—obtained via its representation of Nokia—against TQD on behalf of CommScope." Opp. at 2. TQ Delta's concerns are unjustified and a red herring. TQ Delta's only specific concern[5] on this front appears to be that CommScope will use TQD_TXNK00002735 at trial. First, this objection concerns an evidentiary matter and not whether Mr. Barton can serve as lead counsel. Second, as described earlier, TQD_TXNK00002735 is a *TQ Delta* presentation *produced by TQ Delta* and used as a deposition exhibit during the examination of a TQ Delta witness by both Nokia *and CommScope*, to which TQ Delta did not object. The document relates to subject matter that TQ Delta injected into this case with *TQ Delta* citing (three times) its negotiations with Nokia, of which this document is a

---

[3] Ironically, although TQ Delta seeks to compare Mr. Barton's experience litigating against TQ Delta to Mr. Kline's experience, it is notable that Mr. Barton has more years of experience litigating against TQ Delta than TQ Delta's own lead counsel has representing TQ Delta as lead counsel.

[4] TQ Delta complains that Alston & Bird's alleged lack of familiarity with the CommScope case will cause confusion and specifically complains that CommScope is asserting art that was elected by Nokia but not elected by CommScope. Opp. at 3-4. TQ Delta makes that argument despite knowing (since at least this past Friday, February 24, before TQ Delta filed its Opposition) that CommScope is no longer pursuing the referenced prior art. Ex. 4 at ¶ 7.

[5] TQ Delta also argues that "[i]n communications with CommScope, TQD has also heard references to material that was only discussed with Nokia." Opp. at 2. It is unclear what allegedly confidential "material" TQ Delta is referencing here. Regardless, such alleged "references" should not serve as a basis for denying CommScope's Motion.

part, in a supplemental damages report, issued of TQ Delta's own accord. Ex. 2 at 4, 7. Accordingly, as confirmed by TQ Delta's own actions, the document is relevant and will be used at trial regardless of who is designated as lead counsel for CommScope.

In summary, CommScope has chosen Mr. Barton as lead trial counsel and should be granted the benefit of that choice. *See, e.g.*, *FDIC*, 50 F.3d at 1312-13; Ex. 3 (Shead Declaration). Denying the Motion would prejudice CommScope and could affect the presentation of its case to the jury. In addition, such a denial might needlessly taint a jury verdict received in the case and cause further use of judicial resources in the form of post-trial motions and briefs. For the reasons explained above, such a situation is unwarranted, and easily avoided. Respectfully, the Court should grant CommScope's Motion.

Dated this 27th day of February, 2023                Respectfully submitted,

/s/ *Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Email: *ross.barton@alston.com*
       *scott.stevens@alston.com*
       *kirk.bradley@alston.com*
       *stephen.lareau@alston.com*
       *karlee.wroblewski@alston.com*
       *nic.marais@alston.com*
       *erin.beaton@alston.com*
       *mary.riolo@alston.com*
Telephone: 704-444-1000

Facsimile: 704-444-1111

Michael C. Deane (GA Bar No. 498195)
Katherine M. Donald (GA Bar No. 753449)
ALSTON & BIRD LLP
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: *michael.deane@alston.com*
          *katie.donald@alston.com*
Telephone: 404-881-7000
Facsimile: 404-881-7777

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
1950 University Avenue, Suite 430
East Palo Alto, CA 94303
Email: *katherine.rubschlager@alston.com*
Telephone: 650-838-2004
Facsimile: 650-838-2001

Darlena Subashi (NY Bar No. 5780747)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Email: darlena.subashi@alston.com
Telephone: 212-210-9400
Facsimile: 212-210-9444

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
 FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com

bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Attorneys for Defendants
CommScope Holding Company, Inc,
CommScope Inc., ARRIS US Holdings, Inc.,
ARRIS Solutions, Inc., ARRIS Technology,
Inc., and ARRIS Enterprises, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on this Monday, February 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record, and served a true and correct copy of the above and foregoing document to all counsel of record via electronic mail.

                                                                      /s/ *Ross R. Barton*
                                                                      Ross R. Barton

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on March 3, 2023, on all counsel who have consented to electronic service via ECF.

/s/ *Ross R. Barton*
Ross R. Barton
