IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, § § *Plaintiff*, § § v. § § COMMSCOPE HOLDING COMPANY, § INC., COMMSCOPE INC., ARRIS § INTERNATIONAL LIMITED, ARRIS § GLOBAL LTD., ARRIS US HOLDINGS, § INC., ARRIS SOLUTIONS, INC., ARRIS § TECHNOLOGY, INC., and ARRIS § ENTERPRISES, LLC, § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00310-JRG |

**ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE***

The Court held a Pretrial Conference in the above-captioned case on Wednesday, March 1, 2023 (Dkt. No. 482), and Thursday, March 2, 2023 (Dkt. No. 486), regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff TQ Delta, LLC ("TQ Delta") and Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS International Limited, ARRIS Global Ltd., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "CommScope"). (*See* Dkt. Nos. 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 349, 451, 452). This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench into the record, including additional instructions that were given to the parties and certain agreements and stipulations reached by the parties as announced into the record. Although this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no

way limits or constrains such rulings from the bench as reflected in the record. Accordingly, it is hereby **ORDERED** as follows:

### **PRETRIAL MOTIONS**

1. **TQ Delta's Motion for Summary Judgment of No Breach of Any FRAND Obligations (Family 3 and Family 9A Non-Essential Patents) (Dkt. No. 335)**

    The motion was **GRANTED**. (Dkt. No. 493 at 263:14–264:4). The Court concluded, and the parties did not dispute, that U.S. Patent Nos. 7,844,882 (the "'882 Patent") and 8,276,048 (the "'048 Patent") of Patent Family 3 as well as U.S. Patent No. 8,468,411 (the "'411 Patent") of Patent Family 9a are not standard essential patents.

2. **CommScope's Motion for Summary Judgment of Non-Infringement of the Family 3 Patents (Dkt. No. 336)**

    The motion was **DENIED**. (Dkt. No. 493 at 156:7–12). The Court found that there remains a triable question of fact that precludes the grant of summary judgment under Federal Rule of Civil Procedure 56.

3. **TQ Delta's Motion to Strike the Expert Testimony of Dr. George A. Zimmerman, Dr. Richard Wesel, Dr. Bruce McNair, and Dr. Niel Ransom (Dkt. No. 337)**

    The motion was **DENIED**. (Dkt. No. 493 at 218:7–221:12). As to the first issue regarding background information, the Court held that CommScope is entitled during trial to show during trial what the background of the prior art and what would be understood by a person of ordinary skill in the art. (*Id.* at 218:7–219:20). However, such use is for background purposes and not as a backdoor effort for CommScope to establish that every element of the asserted claim is set forth within the elected prior art. (*Id.*). With regard to issue two, the parties conceded that the written description portion of the motion is no longer in dispute. (*Id.* at 219:20–22). For issue three, the Court observed that it does not expect Drs. Vijay Madisetti or Niel Ransom to testify contrary to

the Court's claim construction and that any contrary effort can be addressed in real time with an appropriate objection. (*Id.* at 219:23–221:12).

4. **TQ Delta's Motion to Strike the Invalidity Report of Defendants' Expert, Mark Lanning (Dkt. No. 338)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 493 at 178:10–179:7). The Court **GRANTED** the motion as to striking paragraphs 23 and 1068 of Mr. Mark Lanning's opening expert report given that reference to the TNETD8000 User Guide related only to a patent that has been dropped from the case. The Court further struck all portions of Mr. Lanning's report that rely on or present any opinion related to the Peeters or Cai references in light of CommScope's representation that such portions of his opinion have been withdrawn. The Court found that Mr. Lanning's report did not contradict or fail to apply the Court's construction of SNR margin and **DENIED** the motion as to that issue.

5. **TQ Delta's Motion to Strike Portions of the Non-infringement Report and Opinions of Defendants' Expert, Dr. Leonard J. Cimini, Jr. (Dkt. No. 339)**

The motion was **GRANTED**. (Dkt. No. 494 at 4:4–5:12). The Court struck paragraphs 80 through 87 of Dr. Cimini's responsive expert report. The Court concluded that Dr. Cimini applied three different constructions or understandings of the claim term "transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message," and noted that any expert, including Dr. Cimini, must use the same theories and positions for both infringement and invalidity, which here, Dr. Cimini failed to do.

6. **CommScope's Motion for Partial Summary Judgment to Limit Damages Based on 35 U.S.C. § 286 (Dkt. No. 340)**

The motion was **DENIED**. (Dkt. No. 493 at 66:5–8). The Court concluded that there are questions of material fact that preclude the entry of summary judgment.

7. **TQ Delta's Motion to Strike Portions of the Non-infringement Report and Opinions of Defendants' Expert, Dr. Naofal Al-Dhahir (Dkt. No. 341)**

The motion was **GRANTED**. (Dkt. No. 493 at 235:9–236:14). The Court struck paragraphs 209 through 214 of Dr. Naofal Al-Dhahir's responsive expert report and found that CommScope failed to timely and properly disclose non-infringing alternatives during the discovery period in response to an appropriate interrogatory request.

8. **CommScope's Motion to Exclude Certain Unreliable Opinions of Plaintiff's Expert Dr. Vijay Madisetti (Dkt. No. 342)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 493 at 196:15–197:4). The Court struck paragraphs 69 through 72 of Dr. Madisetti's rebuttal expert report because they conflicted with the Court's claim construction. However, the Court declined to strike paragraph 73 but instructed TQ Delta that Dr. Madisetti is prohibited from providing any opinion contrary to the Court's claim constructions and that he and all expert witnesses must stay within the four corners of their reports.

9. **CommScope's Motion for Partial Summary Judgment Regarding Prior Art Status (Dkt. No. 343)**

The motion was **GRANTED**. (Dkt. No. 494 at 213:23–214:1). In light of TQ Delta's prior admissions in the District of Delaware, this Court found that the G.993.1, LB-031, G.992.1, and SC-060 references are prior art pursuant to 35 U.S.C. § 102(a) (pre-AIA).

10. **CommScope's Motion to Exclude Portions of the Expert Testimony of Jonathan Putnam and Todor Cooklev Under Fed. R. Evid. 702 and Daubert (Dkt. No. 344)**

The motion was **DENIED**. (Dkt. No. 493 at 106:6–12). The Court found that robust cross-examination is adequate to address the issues raised by CommScope and that exclusion is not justified.

### 11. TQ Delta's Motion to Strike Portions of the Expert Report of Stephen L. Becker, Ph.D. (Dkt. No. 345)

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 493 at 141:16–142:23). The Court **DENIED** the motion as to the smallest saleable patent practicing unit (SSPPU) and concluded that Dr. Becker sufficiently relied on technical experts' opinions to adequately discern the SSPPU in his expert report. The Court **GRANTED** the motion with regard to using the Sisvel Agreements and Rate Card as an independent check on his ultimate opinions and struck paragraphs 199 through 205, 233, 315 through 317 and Exhibit 12 of Dr. Becker's expert report.

### 12. CommScope's Motion to Exclude Expert Testimony of Jonathan Putnam, Ph.D. that Is Inconsistent with Legal Precedent (Dkt. No. 346)

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. (Dkt. No. 493 at 97:22–100:5). During argument, the Court identified five distinct subparts of this motion. For issue one, the Court **DENIED** the motion and held that in light of paragraph 378 of Dr. Putnam's expert report, he has limited his opinion to a subset of standard essential patent families within the entire DSL standard. (*Id.* at 98:2–8). For issue two, the Court **DENIED** the motion and held that the SSPPU is not the only possible metric in calculating apportionment. (*Id.* at 98:9–13). With regard to issue three, the motion was **GRANTED-IN-PART**, and the Court precluded Dr. Putnam from using the Nash Bargaining Theory in his testimony; however, it noted that he is not precluded from presenting other information that supports the same conclusion or reaches the same result. (*Id.* at 98:14–99:6). As to issue four and Dr. Putnam's opinion on the hypothetical negotiation date, the Court **DENIED** the motion. (*Id.* at 99:7–14). As to issue five, the Court **DENIED** the motion and concluded that it is appropriate to discount the value of comparable license agreements to account for the uncertainty of questions as to validity or infringement. (*Id.* at 99:15–22).

**13. TQ Delta's Motions for Summary Judgment Directed to Patent Families 1 and 10 (Dkt. No. 347)**

The was motion was **DENIED**. (Dkt. No. 494 at 214:2–5). During oral argument, TQ Delta identified three sub-parts of its motion. For issue three, as to no invalidity of Patent Family 10, TQ Delta conceded that it could not succeed on the merits based on the Court's ruling on TQ Delta's Motion to Strike the Invalidity Report of Defendants' Expert, Mark Lanning (Dkt. No. 338). (Dkt. No. 494 at 204:3–8). Regarding issues one and two, the Court **DENIED** the motion and found that there are outstanding questions of material fact, which preclude summary judgment.

**14. TQ Delta's Opposed Motion for Leave to Formally Serve the First Supplemental Expert Report of Jonathan D. Putnam on the CommScope Defendants (Dkt. No. 349)**

The motion was **GRANTED**. (Dkt. No. 493 at 66:9–11). The Court permitted TQ Delta leave to serve CommScope with Dr. Putnam's First Supplemental Report. Under these facts, the Court found that leave was warranted.

## MOTIONS *IN LIMINE*

It is **ORDERED** that the parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.     TQ DELTA'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 451)**

| TQ Delta's MIL 1 | **Precluding presentation or argument that TQ Delta or its predecessor-in-interest violated any rule or policy of, or agreement with, any standards body (e.g., ITU or ANSI) by, for example, failing to disclose any specific patent or patent application number to the standards body, or by failing to disclose in a timely manner that it believes it holds any standard essential patent or patent application (e.g., by filing a patent statement and licensing declaration).** |
|---|---|

The MIL was **GRANTED-AS-MODIFIED**. (Dkt. No. 494 at 8:9–9:1). With the parties' assent, the Court removed the words "for example" from the parties' otherwise agreed MIL, which now provides as follows: "Precluding presentation or argument that TQ Delta or its predecessor-in-

6

interest violated any rule or policy of, or agreement with, any standards body (e.g., ITU or ANSI) by failing to disclose any specific patent or patent application number to the standards body, or by failing to disclose in a timely manner that it believes it holds any standard essential patent or patent application (e.g., by filing a patent statement and licensing declaration)." (*Id.* at 6:24–7:7).

| | |
|---|---|
| TQ Delta's MIL 2 | **Precluding reference to and presentation of any argument, evidence, and testimony relating to: (a) TQ Delta, LLC's business model and corporate structure as being suspicious or improper; (b) Other entities that are or that are insinuated to be associated with TQ Delta, LLC such as but not limited to Techquity LP, TQCAP GP, LLC, Techquity Capital Management, LLC, and entities owned, in whole or in part, or managed by them ("Other Entities"), including the identity and number of, and compensation paid to, the Other Entities' personnel; and (c) Investors or members in TQ Delta and the Other Entities, including their identities, capital contributions, ownership stake, and payments received, if any.** |

The MIL was **GRANTED**. (Dkt. No. 494 at 11:7–16:9). The Court addressed each sub-part in turn. For sub-part (a), the Court observed that no numerical limit on the use of "non-practicing entity" at trial would be imposed, but the Court noted that excessive use of such term would be restricted. For sub-part (b), the Court held that the probative value of going into TQ Delta's corporate structure is outweighed by the prejudicial risk and effect of jury confusion. For sub-parts (b) and (c), it noted that while CommScope is not prohibited from addressing a witness's potential bias as to a particular interest in an entity related to TQ Delta, such examination must be addressed and approved on a case-by-case basis with prior leave of the Court.

7

| | |
|---|---|
| TQ Delta's MIL 3 | **Precluding presentation or argument that TQ Delta, its predecessor-in-interest, or the inventors were aware of prior art (of any kind under 35 U.S.C. § 102) but withheld or failed to disclose it to the Patent Office.** |

The MIL was **DENIED** in light of CommScope's representations on the record: "[CommScope is] not going to say anything about inequitable conduct[,] . . . accuse anybody of intentionally deceiving or withholding something from the PTO[,] but through the course of what actually happened at the ITU[,] we do expect to go through some documents showing different parties' contributions." (Dkt. No. 494 at 17:14–22).

| | |
|---|---|
| TQ Delta's MIL 4 | **Precluding presentation comparing TQ Delta's requested royalty with CommScope's costs or profits from the Accused Products, including comparison to a claimed profit margin for the Accused Products.** |

The MIL was **DENIED**. (Dkt. No. 494 at 20:20–21:6). However, the Court advised that its ruling does not limit TQ Delta's ability to raise an appropriate and individualized objections based on the rules of evidence and the Court's orders if and when such issues arise.

| | |
|---|---|
| TQ Delta's MIL 5 | **Precluding presentation or argument that the Accused Products must be actually operated or used in a particular mode (e.g., to provide DSL service or in a G.inp or G.bond mode) in order to infringe or in order to determine the appropriate amount of damages.** |

The MIL was **DENIED**. (Dkt. No. 494 at 31:18–32:24). The Court held that CommScope is permitted to go into those topics identified in the MIL related to damages but not as to infringement. The Court **DENIED** the MIL based on representations by CommScope on the record: "[CommScope is] not going to argue that [it] do[es] not infringe because a product is not used in a particular mode. [CommScope] do[es] think that use, whether someone uses a particular mode is relevant to determine the appropriate amount of damages." (*Id.* at 28:9–13). The Court advised that it expects all expert witnesses to testify within the four corners of their reports, and it will take

up any such objections when appropriately raised. The Court also cautioned the parties about strategic uses of this type of objection.

| | |
|---|---|
| TQ Delta's MIL 6 | **Requested Clarification on Court's MIL No. 13: "The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings."** |

The MIL was **DENIED**. (Dkt. No. 494 at 34:18–38:15). The Court rejected TQ Delta's proposed alternatives to the Court's MIL No. 13 and highlighted that the Court's MIL No. 13 precludes references to other litigation. As an example, and not a limitation, the Court made it clear that references to any aspect of the Delaware litigation is precluded unless express prior leave is granted.

## II.    COMMSCOPE'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 452)

| | |
|---|---|
| CommScope's MIL 1 | **USE OF THE TERMS "HOLDOUT," "HOLDUP," AND "UNWILLING LICENSEE"** |

The MIL was **DENIED**. (Dkt. No. 494 at 42:1–19). The Court noted that the identified terms in the MIL are live issues within the case; however, the Court advised that excessive use of such terms is not permitted.

| | |
|---|---|
| CommScope's MIL 2 | **PRIVILEGED TESTIMONY FROM MARCOS TZANNES.** |

The MIL was **DENIED**. (Dkt. No. 494 at 49:22–50:10). The Court advised the parties that it will take up related objections on an individualized basis.

| | |
|---|---|
| CommScope's MIL 3 | **TESTIMONY CONTRARY TO TQ DELTA'S 30(B)(6) TESTIMONY.** |

The MIL was **DENIED**. (Dkt. No. 494 at 58:17–63:16). The Court prohibited testimony by witnesses at trial (1) on information that was not disclosed during discovery because of an

asserted lack of knowledge and (2) on topics that were asserted as privileged.  The Court noted that if an inventor is not a Rule 30(b)(6) witness, said inventor's testimony will be limited to what he or she has personal knowledge of and any testimony given at deposition.

| CommScope's MIL 4 | **OFFERS BY COMMSCOPE DURING SETTLEMENT NEGOTIATIONS** |
|---|---|

The MIL was **DENIED**.  (Dkt. No. 494 at 68:23–69:21).  The Court observed that conduct of both parties with response to offers, counteroffers, and negotiations relate and are relevant to the contractual obligation on the patentholder to offer licenses on a fair, reasonable, and non-discriminatory basis.  The Court found that Federal Rule of Evidence 408 is applicable to non-FRAND encumbered patents.  The Court cautioned counsel to keep distinct before the jury, the FRAND encumbered and non-FRAND encumbered patents being presented in this case, and counsel should avoid creating confusion in this regard.

| CommScope's MIL 5 | **COMMSCOPE'S CONTRIBUTIONS TO STANDARD-SETTING ORGANIZATIONS** |
|---|---|

The MIL was **GRANTED**.  (Dkt. No. 494 at 71:21–74:19).  The Court precluded TQ Delta from labeling itself as a "giver" of technology and CommScope as a "taker" of technology.  The Court, however, permits facts to be presented as to whether and/or how TQ Delta or CommScope have respectively contributed to the standard or participated in any standard setting body.

**So ORDERED and SIGNED this 9th day of March, 2023.**

RODNEY GILSTRAP  
UNITED STATES DISTRICT JUDGE

10