IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., and ARRIS ENTERPRISES, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 2:21-CV-00310-JRG |

## **FINAL JUDGMENT**

A jury trial commenced in the above-captioned case on March 17, 2023, and on March 24, 2023, the jury reached and returned its unanimous verdict finding that CommScope Holding Company, Inc., CommScope Inc., Arris International Limited, Arris Global Ltd., Arris US Holdings, Inc., Arris Solutions, Inc., and Arris Enterprises, LLC (collectively, "CommScope" or "Defendants") infringed Claim 17 of U.S. Patent No. 7,453,881 (the "'881 Patent"), Claim 5 of U.S. Patent No. 8,276,048 (the "'048 Patent"), Claim 18 of U.S. Patent No. 8,468,411 (the "'411 Patent"), and Claim 10 of U.S. Patent No. 9,154,354 (the "'354 Patent") (collectively, the "Infringed Claims"); that CommScope did not infringe Claim 14 of U.S. Patent No. 8,090,008 (the "'008 Patent"); that the infringement of the Infringed Claims was willful; that Claim 36 of the '686 Patent and Claim 10 of the '835 Patent are invalid;[1] that Claim 14 of the '008 Patent and Claim 5 of the '048 Patent are not invalid; that the Plaintiff TQ Delta, LLC ("TQ Delta") did not breach its

---

[1] Though the verdict indicates the jury found these claims to be infringed, their related finding of invalidity is a defense to such infringement and the Court does not consider the infringement of these claims to be operable or compensable. The Court clearly instructed the jury that invalidity is a defense to infringement, and the Court finds their verdict is consistent with the Court's instructions.

contractual duty to grant licenses regarding its Standard Essential Patents to CommScope on fair, reasonable, and non-discriminatory ("FRAND") terms; and that TQ Delta is owed $11,125,000.00 for CommScope's infringement, to be paid in a one-time lump sum for past and future sales. (Dkt. No. 508.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. CommScope infringed Claim 17 of the '881 Patent, Claim 5 of the '048 Patent, Claim 18 of the '411 Patent, and Claim 10 of the '354 Patent;

2. CommScope did not infringe Claim 14 of the '008 Patent;

3. CommScope's infringement of the Infringed Claims was willful;

4. Claim 36 of the '686 Patent and Claim 10 of the '835 Patent are invalid;

5. Claim 14 of the '008 Patent and Claim 5 of the '048 Patent are not invalid;

6. TQ Delta did not breach its contractual duty to grant licenses regarding its Standard Essential Patents to CommScope on FRAND terms;

7. TQ Delta is hereby awarded damages from and against CommScope and shall accordingly have and recover from CommScope the sum of $11,125,000.00 U.S. Dollars as a reasonable royalty for CommScope's infringement, to be paid in a one-time lump sum;

8. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for

"egregious cases of culpable behavior,"[2] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[3] the Court awards to TQ Delta from CommScope pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[4] and

10. Pursuant to 28 U.S.C. § 1961, the Court awards to TQ Delta from CommScope post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

11. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, TQ Delta is the prevailing party in this case and shall recover its costs from CommScope. TQ Delta is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 3rd day of May, 2023.**

*[signature]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016).
[3] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[4] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).