# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ | <br><br>JURY TRIAL DEMANDED |
| v. | | |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action 2:21-cv-310-JRG<br>(Lead Case) |

**PLAINTIFF TQ DELTA'S MOTIONS FOR
JUDGMENT AS A MATTER OF LAW AND MOTIONS FOR
A NEW TRIAL FOR U.S. PATENT NOS. 7,570,686 AND 8,462,835**

**TABLE OF CONTENTS**

I.     JMOL THAT CLAIM 36 OF THE 686 PATENT IS NOT INVALID AS OBVIOUS ...................................................................................................................2

    A.     CommScope Failed to Present Evidence of a Motivation to Combine or a Reasonable Expectation of Success ....................................................................2

    B.     CommScope Failed to Demonstrate that the Prior Art, Even Collectively, Discloses All Elements of Claim 36 of the 686 Patent .........................................6

        1.     There is Insufficient Evidence to Establish that the Prior Art Meets Claim Element 36[b] ................................................................................ 7

        2.     Dr. Cimini Did Not Show that the Prior Art Includes a "transceiver" as Construed by the Court ................................................................. 8

II.    JMOL THAT CLAIM 10 OF THE 835 PATENT IS NOT INVALID AS EITHER ANTICIPATED OR OBVIOUS ...................................................................................9

III.   MOTION FOR NEW TRIAL TO DETERMINE DAMAGES FOR COMMSCOPE'S INFRINGEMENT OF THE 686 PATENT AND 835 PATENT .........11

IV.    CONCLUSION ............................................................................................................12

*Unless otherwise noted, all emphases herein have been added. Internal citations and quotations have been generally omitted.

# TABLE OF AUTHORITIES

**Cases**

*Forest Labs., LLC v. Sigmapharm Labs., LLC,*
 918 F.3d 928 (Fed. Cir. 2019) ................................................................................................. 4

*Hearing Components, Inc. v. Shure Inc.,*
 600 F.3d 1357 (Fed. Cir. 2010) ............................................................................................... 2

*Hiltgen v. Sumrall,*
 47 F.3d 695 (5th Cir. 1995) ..................................................................................................... 1

*Hitachi Consumer Elecs. Co. v. Top Victory Elecs. Taiwan Co.,*
 No. 2:10-CV-260-JRG, 2013 U.S. Dist. LEXIS 133595 (E.D. Tex. Sep. 18, 2013) .............. 1

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.,*
 751 F.3d 1327 (Fed. Cir. 2014) ............................................................................................... 3

*KSR Intern. Co. v. Teleflex Inc.,*
 550 U.S. 398 (2007) ................................................................................................................ 4

*Pfizer, Inc. v. Apotex, Inc.,*
 480 F.3d 1348 (Fed. Cir. 2007) ............................................................................................... 3

*Procter & Gamble Co. v. Teva Pharm. USA, Inc.,*
 566 F.3d 989 (Fed. Cir. 2009) ................................................................................................. 3

*TI Grp. Auto. Sys. (N. Am.) Inc. v. VDO N. Am. L.L.C.,*
 375 F.3d 1126 (Fed. Cir. 2004) ........................................................................................... 8, 9

*Unigene Labs., Inc. v. Apotex, Inc.,*
 655 F.3d 1352 (Fed. Cir. 2011) ............................................................................................... 5

*Yamanouchi Pharma. Co., Ltd. v. Danbury Pharmacal, Inc.,*
 231 F.3d 1339 (Fed. Cir. 2000) ............................................................................................... 6

**Statutes**

35 U.S.C. § 102 ............................................................................................................................. 2
35 U.S.C. § 103 ......................................................................................................................... 1, 2

**Rules**

Federal Rule of Civil Procedure 50(a) .......................................................................................... 1
Federal Rule of Civil Procedure 50(b) .......................................................................................... 1

Pursuant to Federal Rule of Civil Procedure 50(b), Plaintiff TQ Delta LLC ("TQD") moves for judgment as a matter of law ("JMOL") that claim 36 of U.S. Patent No. 7,570,686 ("the 686 Patent") is not invalid as obvious and that claim 10 of U.S. Patent No. 8,462,835 ("the 835 Patent") is not invalid as either anticipated or obvious. This motion renews TQD's previous motions for the same JMOLs, pursuant to Federal Rule of Civil Procedure 50(a) that the 686 Patent and 835 Patent had not been proven invalid during trial. *See* 3/23/23 Tr. at 228:5-229:14, 229:15-230:24. To the extent the Court grants either of TQD's motions for JMOL of no invalidity described herein, TQD additionally moves for a new trial on damages for CommScope's[1] infringement of claim 36 of the 686 Patent and/or claim 10 of the 835 Patent.

JMOL is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hitachi Consumer Elecs. Co. v. Top Victory Elecs. Taiwan Co.,* No. 2:10-CV-260-JRG, 2013 U.S. Dist. LEXIS 133595, at *10 (E.D. Tex. Sep. 18, 2013) (citing *Hiltgen v. Sumrall,* 47 F.3d 695, 699 (5th Cir. 1995)). For claim 36 of the 686 Patent, the jury returned a verdict that CommScope infringed but also found that the claim was invalid. Dkt. 508 at p. 5. CommScope pursued invalidity of claim 36 of the 686 Patent based solely on 35 U.S.C. § 103 (obviousness). Dkt. 497 at p. 2. CommScope, however, did not present legally sufficient evidence by which a reasonable jury could have found by clear and convincing evidence that claim 36 of the 686 Patent was obvious. CommScope failed to present any evidence of a motivation to combine the asserted prior art or a reasonable expectation of success in doing so. CommScope also failed to show that all elements of claim 36, as construed by the Court, were present in the asserted prior art. Accordingly, the Court should enter JMOL that claim 36 of the 686 Patent has not been proven invalid by CommScope.

---

[1] All Defendants collectively are referred to herein as "CommScope" unless otherwise indicated.

For claim 10 of the 835 Patent, the jury returned a verdict that CommScope infringed but also found that the claim was invalid. Dkt. 508 at pp. 4-5. CommScope pursued invalidity of claim 10 of the 835 Patent under 35 U.S.C. § 102 (anticipation) and 35 U.S.C. § 103 (obviousness). Dkt. 497 at p. 2. Like claim 36 of the 686 Patent, CommScope did not present legally sufficient evidence by which a reasonable jury could have found by clear and convincing evidence that claim 10 of the 835 Patent was invalid under either theory. In particular, CommScope failed to show that all elements of claim 10, as construed by the Court, were present in the asserted prior art. Accordingly, the Court should enter JMOL that claim 10 of the 835 Patent has not been proven invalid.

**I.     JMOL THAT CLAIM 36 OF THE 686 PATENT IS NOT INVALID AS OBVIOUS**

CommScope did not present legally sufficient evidence for a jury to have found claim 36 of the 686 Patent invalid as obvious.  First, missing entirely from CommScope's presentation via its expert witness, Dr. Leonard Cimini, was any evidence or articulation of a motivation at the time of the invention to combine the references in a way that would arrive at the claimed invention. Likewise, CommScope presented no evidence that a person of ordinary skill in the art ("POSITA") would have had a reasonable expectation of success in making the proposed combination to arrive at the claimed invention. Further, CommScope failed to prove by clear-and-convincing evidence that every element of claim 36, as construed by the Court, was met by the prior art.

**A.     CommScope Failed to Present Evidence of a Motivation to Combine or a Reasonable Expectation of Success**

CommScope was required to prove invalidity by clear and convincing evidence. *Hearing Components, Inc. v. Shure Inc.,* 600 F.3d 1357, 1366 (Fed. Cir. 2010). To demonstrate obviousness, CommScope was required to prove by clear and convincing evidence that a POSITA at the time of the invention would have been motivated to combine the references and that a POSITA would have had a reasonable expectation of success. 35 U.S.C. § 103(a); *see InTouch*

*Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014) (citing *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) and *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007)). Conclusory expert testimony and/or hindsight bias are not enough to satisfy that burden. *Id.* at 1352.

The only invalidity theory pursued by CommScope at trial for claim 36 of the 686 Patent was the combination of ITU-T Temporary Document FI-071 ("FI-071") and ITU-T Recommendation G.992.1 ("G.992.1"). Dkt. 497 at p. 2. CommScope's only evidence of this invalidity theory was via the trial deposition of their expert, Dr. Cimini. Dr. Cimini's entire testimony regarding the purported invalidity of claim 36 of the 686 Patent is found at 153:24-154:5 and 155:21-170:15 of the March 22, 2023 Trial Transcript.

> Claim 36 of the 686 Patent recites:
>
> 36[Preamble] – An information storage media comprising instructions that when executed communicate diagnostic information over a communication channel using multicarrier modulation comprising:
>
> 36[a] – instructions that when executed direct a transceiver to receive or transmit an initiate diagnostic mode message; and
>
> 36[b] – instructions that when executed transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message,
>
> 36[c] – wherein the diagnostic message comprises a plurality of data variables representing the diagnostic information about the communication channel, and
>
> 36[d] – wherein one variable comprises an array representing is frequency domain received idle channel noise information.

Trial Ex. 2 (686 Patent) at 12:56-13:4.

Dr. Cimini did not mention and was not asked about facts or opinions relating to the legal requirement that there be a motivation to combine the asserted references in the way required to arrive at the invention recited in claim 36. *See* 3/22/23 Tr. at 153:24-154:5 and 155:21-170:15. He

3

did not even attempt to articulate any motivation to combine or to describe any reason why a POSITA at the time of the invention would have modified or combined G.992.1 with FI-071 in a way that would have arrived at the claimed invention. *See id.* At the very best, Dr. Cimini's testimony attempted to show that each individual element of claim 36 was found in one or the other of FI-071 and G.992.1.[2] His testimony simply inventoried whether individual claim elements were purportedly found in the collective disclosures of FI-071 and G.992.1 and his conclusion was only that each of the individual claim elements was independently "old" or "known"; not that a POSITA at the time of the invention would have been motivated to put together the separate disclosures of the two asserted references in the manner recited in claim 36.[3]

Dr. Cimini's testimony does not provide a legally sufficient evidentiary basis for a finding of obviousness. *See KSR Intern. Co. v. Teleflex Inc.,* 550 U.S. 398, 418 (2007) ("A patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art."); *Forest Labs., LLC v. Sigmapharm Labs., LLC,* 918 F.3d 928, 934 (Fed. Cir. 2019) ("An invention is not obvious simply because all of the

---

[2] Dr. Cimini testified that the preamble of claim 36 is disclosed in G.992.1 (he also refers to G.992.1 as the "ADSL standard"). 3/22/23 Tr. at 164:4-14. He testified that FI-071 discloses claim element 36[a]. *Id.* at 165:19-166:14. He testified that the portion of claim element 36[b], reciting "multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message," is found in the C-RATES messaging scheme of G.992.1. *Id.* at 158:24-159:5 and 166:24-167:14. He testified that claim element 36[c] is disclosed in FI-071. *Id.* at 167:20-168:20. Lastly, he testified that claim element 36[d] is found in FI-071. *Id.* at 168:21-169:14.

[3] *See, e.g.,* 3/22/23 Tr. at 153:24-154:5 ("Q. So we'll walk through this in detail. But looking at slide 4, can you give us an overview of the opinions that we're going to discuss here today? A. Based on the materials that I studied, ***the claim elements*** in the '686 Patent and the '008 Patent were already known and old concepts before the application of these patents, so the patents are invalid.") (emphasis added); *id.* at 169:23-170:4 ("Q. So, sir, if we look at slide 35, did Aware invent any of these concepts or was everything that we see in claim 36 already old technology that other companies had already disclosed? A. All of ***the claim elements*** in claim 36 of the '686 Patent were old and well-known technology before -- long before the Aware application.") (emphasis added).

4

claimed limitations were known in the prior art at the time of the invention. Instead, we ask 'whether there is a reason, suggestion, or motivation in the prior art that would lead one of ordinary skill in the art to combine the references, and that would also suggest a reasonable likelihood of success.'") (internal citations omitted); *Unigene Labs., Inc. v. Apotex, Inc.,* 655 F.3d 1352, 1360 (Fed. Cir. 2011) ("Obviousness requires more than a mere showing that the prior art includes separate references covering each separate limitation in a claim under examination. [ ] Rather, obviousness requires the additional showing that a person of ordinary skill at the time of the invention would have selected and combined those prior art elements. . . .").

Dr. Cimini was also not asked about and failed to mention or discuss facts or opinions showing how or why a POSITA would have put together or modified the two references and had a reasonable expectation of success in arriving at the claimed invention. *See* 3/22/23 Tr. at 153:24-154:5 and 155:21-170:15. This is important because as explained in more detail *infra* at Section I.B.1, claim element 36[b] would not be satisfied by simply adding FI-071 to G.992.1. Neither of those references describes a scheme in which diagnostic information is transmitted "using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message," as recited in claim element 36[b]. Rather, FI-071 purportedly discloses including in a diagnostic message the particular type of diagnostic information specified in claim element 36[d] ("frequency domain received idle channel noise information") but does not provide any detail regarding the modulation scheme that would be used to transmit that information. *See* 3/22/23 Tr. at 168:21-169:14, 192:8-14. G.992.1 does disclose the transmission of diagnostic messages, but such transmission uses the modulation scheme particular to G.992.1's embedded operations channel ("EOC"), which modulation scheme does not map DMT symbols to one bit of the diagnostic message. *See* 3/22/23 Tr. at 193:16-22, 194:7-20. At best, if a POSITA combined these two prior

5

art references, then diagnostic information, including the specific types of diagnostic information described in FI-071, would be transmitted using the EOC as described in G.992.1. As such, the proposed combination would not include element 36[b] and therefore would not arrive at the claimed invention.

G.992.1 does separately describe a modulation scheme for a portion of the G.992.1 initialization process called "C-RATES" that maps DMT symbols to one bit. *See* 3/22/23 Tr. at 193:4-12. C-RATES, however, has nothing to do with the transmission of diagnostic messages. *See* 3/22/23 Tr. at 194:24-195:2. Importantly, neither CommScope nor Dr. Cimini provided any reason why a POSITA would have allegedly been motivated to modify FI-071 to use the C-RATES modulation scheme of G.992.1 to transmit diagnostic messages when G.992.1 already had a way, the EOC channel, to transmit diagnostic messages. Because no such motivation to modify the combination of G.992.1 and FI-071 was provided, CommScope's obviousness analysis is inadequate under the law.

CommScope did not present any other evidence to the jury that could reasonably satisfy the requisite clear and convincing evidence of a motivation to combine or reasonable expectation of success. For the reasons stated in this Section I.A. alone, JMOL of no invalidity of claim 36 of the 686 Patent should be entered. *See, e.g., Yamanouchi Pharm. Co., v. Danbury Pharmacal, Inc.,* 231 F.3d 1339, 1343-1345 (Fed. Cir. 2000) (affirming JMOL of no invalidity where Defendants had not proven any motivation to combine the prior art references to produce the claimed invention).

B. **CommScope Failed to Demonstrate that the Prior Art, Even Collectively, Discloses All Elements of Claim 36 of the 686 Patent**

In addition to CommScope's failure of proof described above, CommScope also failed to demonstrate by clear and convincing evidence that all the elements of claim 36 are disclosed by

6

the combination of FI-071 and G.992.1. First, CommScope failed to present evidence sufficient to demonstrate by clear and convincing evidence that the prior art includes claim element 36[b], which recites "instructions that when executed transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message." Second, Dr. Cimini failed to apply the Court's claim construction of the term "transceiver" to the prior art and therefore failed to demonstrate that the prior art includes a "transceiver" as that term has been construed.

> 1. **There is Insufficient Evidence to Establish that the Prior Art Meets Claim Element 36[b]**

CommScope did not present sufficient evidence from which a reasonable jury could conclude that the prior art discloses claim element 36[b] of the 686 Patent.

The entirety of Dr. Cimini's affirmative testimony regarding claim element 36[b] is approximately one-page long. *See* 3/22/23 Tr. at 166:15-167:19. For disclosure in the prior art of claim element 36[b], Dr. Cimini relied entirely on the C-RATES messaging scheme of G.992.1. *Id.* at 193:4-12.

Claim element 36[b] recites "instructions that when executed transmit from the transceiver a diagnostic message using multicarrier modulation with DMT symbols that are mapped to one bit of the diagnostic message." Trial Ex. 2 at 12:63-66. The problem with Dr. Cimini's sole reliance on the C-RATES messaging scheme of G.992.1 for claim element 36[b] is that a C-RATES message (or a message transmitted using the C-RATES messaging scheme) of G.992.1 is not a "diagnostic message" and does not transmit diagnostic information as further required by claim element 36[c]. Trial Ex. 2 at 12:66-13:2 (claim element 36[c] recites "wherein the diagnostic message comprises a plurality of data variables representing the diagnostic information about the communication channel."). Dr. Cimini conceded this point. 3/22/23 Tr. at 194:25-195:2 ("**Q.** [T]he

7

C-RATES message of initialization is not diagnostic information; correct? **A.** The C-RATES information is not diagnostic information.").

Further, Dr. Cimini failed to provide any testimony showing that a POSITA at the time of the invention would have been motivated to modify G.992.1 to use the C-RATES messaging scheme to instead transmit a diagnostic message or diagnostic information. A POSITA would have had no reason to do so because, as Dr. Cimini admitted, the G.992.1 standard already provided a messaging scheme for transmitting diagnostic information - the embedded operations channel ("EOC"). *See* 3/22/23 Tr. at 193:16-22. Furthermore, Dr. Cimini and CommScope did not present evidence that the EOC uses a modulation scheme in which "DMT symbols are mapped to one bit" as recited in claim element 36[b]; instead, Dr. Cimini admitted just the opposite. *See* 3/22/23 Tr. at 194:17-20 ("**Q.** The embedded operations channel of G.992.1 does not use a modulation scheme in which DMT symbols are mapped to one bit. Correct? **A.** Correct.").

Given the foregoing, no reasonable jury could have found that G.992.1 discloses claim element 36[b] of the 686 Patent. For this additional independent reason, JMOL of no invalidity of the 686 Patent should be entered.

### 2. Dr. Cimini Did Not Show that the Prior Art Includes a "transceiver" as Construed by the Court

"[The] validity analysis is a two-step procedure: The first step involves the proper interpretation of the claims. The second step involves determining whether the limitations of the claims *as properly interpreted* are met by the prior art." *TI Grp. Auto. Sys. (N. Am.) Inc. v. VDO N. Am. L.L.C.,* 375 F.3d 1126, 1139 (Fed. Cir. 2004) (emphasis added) (internal citations omitted). CommScope failed to present evidence at trial that either of the prior art references it relied on for claim 36 of the 686 Patent include a "transceiver," as the Court construed that term.

Element 36[a] of the 686 Patent recites: "instructions that when executed direct a

8

**transceiver** to receive or transmit an initiate diagnostic mode message." Trial Ex. 2 at 12:63-66 (emphasis added). The Court construed the term "transceiver" as "communications device capable of transmitting and receiving data *where the transmitter portion and receiver portion share at least some common circuitry*." Dkt. 169 at p. 15 (emphasis added). Dr. Cimini did not discuss or mention this construction during his testimony regarding the 686 Patent. Instead, CommScope's counsel broadly asked Dr. Cimini if he "had the opportunity in this case to review the claim constructions that the Judge has provided and [if he had] appl[ied] those in [his] analysis" to which Dr. Cimini replied "[y]es, I have." 3/22/23 Tr. at 153:20-23. Though CommScope's counsel stated that they will "walk through this in detail," (*id.* at 153:24) Dr. Cimini never thereafter acknowledged the Court's construction of the claim term "transceiver" nor, more importantly, did he opine or show that either FI-071 or G.992.1 discloses a "transmitter portion and receiver portion [that] share at least some common circuitry," as required by the Court's construction.

Despite CommScope's clear and convincing burden, they failed to elicit any testimony from its expert or otherwise point the jury to anything in FI-071 or G.992.1 from which the jury could have reasonably concluded that either of these references disclosed the transceiver requirement of claim 36, as construed by the Court. Accordingly, for this additional independent reason, JMOL of no invalidity of claim 36 of the 686 Patent should be entered.

## II. JMOL THAT CLAIM 10 OF THE 835 PATENT IS NOT INVALID AS EITHER ANTICIPATED OR OBVIOUS

As it did with claim 36 of the 686 Patent, CommScope also failed to present any evidence at trial that either of the prior art references it relied on for claim 10 of the 835 Patent include a "transceiver," as the Court construed that term. CommScope's invalidity analysis fails for this reason alone. *See, e.g., TI Grp. Auto. Sys.,* 375 F.3d at 1139.

Claim 10 of the 835 Patent depends on claim 8. *See* Trial Ex. 6 (835 Patent) at 21:51-53.

9

Claim element 8[a] recites: "a *transceiver*, including a processor, configurable to[.]" Trial Ex. 6 at 21:36 (emphasis added). As explained *supra,* the Court construed the term "transceiver" as "communications device capable of transmitting and receiving data *where the transmitter portion and receiver portion share at least some common circuitry*." Dkt. 169 at p. 15 (emphasis added). CommScope's expert, Mr. McNair, did not discuss or even mention the Court's construction of "transceiver" during his testimony regarding the purported invalidity of claim 10 of the 835 Patent. Mr. McNair's testimony regarding claim element 8[a] is reproduced below:

> **Q.** Did the ADSL standard document that you've relied on, did that have a transceiver with a processor?
>
> **A.** Yes. Well, the title of the standard talks about DSL transceivers, so obviously were thinking about transceivers for the standard. And particularly when we build a transceiver we need to process data. We need to process the information that's flowing through the communications, and that obviously is done with a processor. That would be the way a person of ordinary skill in the art would recognize that's the way we build these things.
>
> **Q.** And I see here, this is an excerpt from the ADSL standard document that you rely on. There's some abbreviations, and I see the last three - - one of them's highlighted. The last three say ATU and then ATU-C and ATU-R. What are those?
>
> **A.** Well, that's the abbreviation. ATU is ADSL transceiver unit, and then the qualifications - - there's the central site one at the central office ATU-C, and there's the one at the remote site, the customer's home, or we call it customer premises equipment, that ATU-R.
>
> **Q.** No question that ADSL talks about transceivers that have processors. Right?
>
> **A.** Yes.

3/22/23 Tr. at 307:22-308:18. As shown, Mr. McNair never discusses whether the ADSL standard includes a "transceiver" as that term was construed by the Court, *i.e.,* he never demonstrates that the ADSL standard includes a "communications device capable of transmitting and receiving data *where the transmitter portion and receiver portion share at least some common circuitry*." At best, Mr. McNair identifies that the word transceiver is used in the ADSL standard. That is

insufficient to demonstrate that the prior art meets the Court's construction of that term. As with Dr. Cimini, CommScope's counsel broadly asked Mr. McNair whether he "had the opportunity to read and review the Judge's claim constructions that pertain to the '835 Patent," to which Mr. McNair replied, "[y]es, I have." 3/22/23 Tr. at 294:14-16.

CommScope again failed to elicit any testimony from its expert or otherwise point the jury to anything in the prior art from which the jury could have reasonably concluded that either of the references it relied on for claim 10 of the 835 Patent disclosed the transceiver requirement of claim 10, as construed by the Court. Accordingly, for this independent reason, JMOL of no invalidity of claim 10 of the 835 Patent should be entered.

### III. MOTION FOR NEW TRIAL TO DETERMINE DAMAGES FOR COMMSCOPE'S INFRINGEMENT OF THE 686 PATENT AND 835 PATENT

The jury returned a verdict that CommScope infringed claim 36 of the 686 Patent and claim 10 of the 835 Patent. Dkt. 508 at pp. 4-5. As such, to the extent the Court enters JMOL that claim 36 of the 686 Patent and/or claim 10 of the 835 Patent are not invalid, a new trial is necessary to determine damages for CommScope's infringement of those patents.

The jury's present damages award did not, and could not, have included damages for CommScope's infringement of either of these patents at least because the verdict form precluded the award of damages for patents that the jury found to be infringed but also found invalid. *See* Dkt. 508 at 7 ("Answer Questions No. 4a and 4b ONLY as to any Asserted Claim that you have found in Questions No. 1 and No. 2 to be BOTH INFRINGED AND NOT INVALID."). The jury instructions also explained that no damages can be awarded for a patent that is either invalid or not infringed. *See* 3/24/23 Tr. at 58:7-18 ("If you find that CommScope has infringed any valid claim of the Asserted Patents, you must then consider what amount of damages, if any, to award to TQ Delta. . . If you find that CommScope has not infringed any valid claim of the Patents-in-Suit, then

11

TQ Delta is not entitled to any patent damages."). Further, both parties put on via their respective expert witnesses a damages model whereby there was a separate amount of incremental damages calculated for each additional valid and infringed patent. *See, e.g.*, 3/22/23 Tr. at 38:24-39:23; *see also* 3/23/23 Tr. at 95:12-97:5, 108:21-109:7. Therefore, to the extent the Court enters JMOL that claim 36 of the 686 Patent and/or claim 10 of the 835 Patent are not invalid, a new trial is necessary to determine damages for CommScope's infringement of those patents.

## IV.   CONCLUSION

For all the reasons described above, TQD respectfully requests that the Court enter JMOL of no invalidity of claim 36 of the 686 Patent and no invalidity of claim 10 of the 835 Patent. Additionally, TQD respectfully requests that the Court set a date for a new trial to determine damages for CommScope's infringement of the 686 Patent and 835 Patent.

Dated: May 31, 2023

*/s/ Peter J. McAndrews*
Peter J. McAndrews
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar
(*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

Ashley Ratycz
(*Pro hac vice*)
aratycz@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000

Anthony K. Bruster
akbruster@brusterpllc.com
Texas Bar No. 24036280

Edward K. Chin
ed@brusterpllc.com
Texas Bar No. 50511688

Andrew J. Wright
andrew@brusterpllc.com
Texas Bar No.24063927

Shawn A. Latchford
shawn@brusterpllc.com
Texas Bar No. 24066603

**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
(817) 601-9564 – Telephone


William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661


*Counsel for Plaintiff TQ Delta, LLC.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this May 31, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/ **/s/ Peter J. McAndrews**
Peter J. McAndrews