# Exhibit A

███████████████

| | |
|---|---|
| **From:** | Ty Wilson <twilson@davisfirm.com> |
| **Sent:** | Wednesday, March 22, 2023 11:04 PM |
| **To:** | Patrick Clark; Harris Huguenard; Jackson, Dallas |
| **Cc:** | tqd; TQD-MHM-TX; Comm Scope; Dacus, Deron |
| **Subject:** | TQ Delta v. CommScope (2:21-cv-310) - Overnight Notice |

**EXTERNAL SENDER – Proceed with caution**

Mr. Clark, Mr. Huguenard, and Ms. Jackson,

The parties have no overnight disputes.  Further, TQ Delta understands that the Court requested from Plaintiff a list of each Accused Product and a breakdown of lump sum / running royalty.  This information is provided below:

**For the accused products (below), a lump sum of $89,060,041.04 subject to prejudgment interest, for infringement from August 12, 2015 through June 30, 2022.  After June 30, 2022 a quarterly running royalty for the accused products, subject to remaining patent lifetime.**

| | |
|---|---|
| 5031 | The '686 Patent; the '048 Patent; the '835 Patent; the '411 Patent |
| 5168 | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |
| 5268 | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |
| BGW210 | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |
| NVG589 | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |
| NVG599 | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |
| NVG44X | The '881 Patent; the '686 Patent; the '048 Patent; the '835 Patent and the '411 Patent |

Further, CommScope provides the following for the information requested of it by the Court:

**Defendants' clarification as to which patents are and are not standard essential.**
The Court has held that U.S. Patent Nos. 8,276,048 and 8,468,411 are not standard essential patents.  *See* Dkt. No. 496 at p. 2.  TQ Delta has alleged that each of U.S. Patent Nos. 7,570,686, 7,453,881 8,090,008, 8,462,835, and 9,154,354 are standard essential (*see* Joint Pretrial Order, Dkt. No. 466 at p. 5 ("TQ Delta's patent portfolio includes patents essential to the DSL standards promulgated by the ITU ('standard essential patents'). The '881 patent, '686 patent, '008 patent, '835 patent, '354 patent, and the '809 patent are standard essential patents.")) and has agreed that those patents are subject to TQ Delta's RAND commitment.  CommScope contends that U.S. Patent Nos. 7,570,686, 7,453,881 8,090,008, 8,462,835, and 9,154,354 are neither essential nor infringed, but in the event that the jury finds any of those patents to be infringed, then the patent must, by definition, be essential and subject to TQ Delta's RAND commitment. *See Godo Kaisha IP Bridge 1 v. TCL Commun. Tech. Holdings Ltd.*, 967 F.3d 1380 (Fed. Cir. 2020) ("Where, as here, there are material disputes of fact regarding whether asserted claims are in fact essential to all implementations of an industry standard, the question of essentiality must be resolved by the trier of fact in the context of an infringement trial.").

**Legal support from CommScope on basis of RAND instruction on page 32.**
Our understanding is the Court asked for support and authority for the below statement:

> [You must make sure that any reasonable royalty deter[mination...] Delta's RAND obligations as the Court has just explained to yo[u...] case for patents that you, the jury, determine are essential canno[t...] under TQ Delta's RAND obligations.

The Court used a nearly verbatim jury instruction in *Optis Wireless v. Huawei Tech.*, 2:17-cv-123, Dkt. No. 310 at 54 (2018) ("A reasonable royalty in this case for the '216, '569, '293, and '284 patents cannot exceed the amount permitted under PanOptis's FRAND obligations. In determining what amount is a FRAND royalty, you may consider any evidence of patent hold-up and royalty stacking."). The first statement is also consistent with page 55, § 5.7 of the 2020 Federal Circuit Bar Model Jury instructions (attached). That section states, "Therefore, a reasonable royalty in this case cannot exceed the amount permitted under [the patent holder's] FRAND obligations.]" *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014).

Finally, the identification of witnesses to be called tomorrow, along with the other required information, is provided below:

| Witness | Live / Depo. | Attorney Conducting Direct | Attorney Conducting Cross | Time Estimate for Direct / TQ Delta's Depo. Time | Time Estimate for Cross / CommScope's Depo. Time |
|---|---|---|---|---|---|
| Dr. Richard Wesel | Live | Karlee Wroblewski | Christian Hurt | 45 min. | 20 min. |
| Kevin Russel | Depo. | N/A | N/A | N/A | 4 min. 28 sec. |
| Bruce Bernstein | Depo. | N/A | N/A | N/A | 2 min. 48 sec. |
| Dr. Stephen Becker | Live | Deron Dacus | Bo Davis | 1 hr. | 1 hr. |
| Vijay Madisetti | Live | Raj Chiplunkar | Scott Stevens | 20 min. | 30 min. |

Respectfully,

Ty Wilson
Attorney for Plaintiff TQ Delta, LLC