# Exhibit B

█████████████

| | |
|---|---|
| **From:** | Ty Wilson <twilson@davisfirm.com> |
| **Sent:** | Wednesday, March 22, 2023 4:07 PM |
| **To:** | Patrick Clark; Harris Huguenard; Jackson, Dallas |
| **Cc:** | Comm Scope; tqd; TQD-MHM-TX; Dacus, Deron |
| **Subject:** | TQ Delta v. CommScope - Joint Proposed Final Jury Instructions and Verdict Forms |
| **Attachments:** | 2023.03.22 - Joint Proposed Final Jury Instructions_Final[1].docx; 2023.03.22 - CS Verdict Form[3].DOCX; 2023.03.22 TQ Delta's Proposed Verdict Form v2.docx |

**EXTERNAL SENDER – Proceed with caution**

Mr. Clark, Mr. Huguenard, and Ms. Jackson,

The parties have attached their joint proposed final jury instructions.  Highlighting has been included to show the  parties' disputed portions.  Also attached are the parties proposed verdict forms.  The parties will continue to meet and confer on these issues and will apprise the Court of any further agreement.

Respectfully,

Ty Wilson
Attorney for Plaintiff TQ Delta, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ Delta, LLC,<br>      *Plaintiff*,<br><br>v.<br><br>CommScope Holding Company, Inc., *et al.*,<br>      *Defendants*. | Civil Action No.: 2:21-CV-00310-JRG<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

**[PROPOSED] FINAL JURY INSTRUCTIONS**

1

royalty must only compensate TQ Delta for CommScope's use of only the Patents-in-Suit and no other patents.]

[In determining a reasonable royalty, you must assume both parties assumed the patents-in-suit to were valid and infringed and that both parties were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation and not simply a royalty that either party would have preferred[34]].

If you find that TQ Delta has established patent infringement and the Defendants have not established patent invalidity, TQ Delta is entitled to at least a reasonable royalty to compensate it for that infringement.

A royalty is a payment made to a patent holder in exchange for the right to make, use, sell, or import a claimed invention.

In determining this, you must assume both parties believed the Patents-in-Suit were valid and infringed and that both parties were willing to enter into an agreement.

[Your determination does not depend on the actual willingness of the parties to the lawsuit to engage in negotiations. You should focus on what the parties' expectations would have been had they entered into negotiations for royalties at the time of the hypothetical negotiation. But, regardless of the type of damages you choose to award, you must be careful to ensure that the award is no more and no less than the value of the patented invention.[35]]

The law requires that any damages awarded to TQ Delta correspond to the value of the alleged inventions within the accused products as distinct from other unpatented features of the

---

[34] **Authority**: Adapted from *Solas Oled Ltd. v. Samsung Display Co.*, No. 2:19-cv-152-JRG Final Jury Instructions, Dkt. No. 354, Tr. at 893:15-894:10 (E.D Tex. March 8, 2021).
[35] **Authority**: *Optis Wireless Tech. LLC v. Huawei Techs. Co. LTD.*, No. 2:17-cv-123-JRG, Final Jury Instructions, Dkt. No. 310, Tr. at 52:21-2 (E.D. Tex. Aug. 28, 2018); The Federal Circuit Bar Association Model Patent Jury Instructions, Instruction No. B.5.1 (May 2020).

accused product or other factors, such as marketing or advertising or CommScope's size or market position.  This is particularly true where the accused product has multiple features and multiple components not covered by the patent or where the accused product works in conjunction with other non-patented items.

The amount you find as damages must be based on the value attributable to the patented technology as distinct from other unpatented features of the accused product.  If the unpatented features contribute to an accused product, you must apportion that value to exclude any value attributable to unpatented features.  You must determine an appropriate royalty rate and an appropriate royalty base that reflect the value attributable to the patented invention alone.

TQ Delta bears the burden to establish the amounts attributable to the patented features.

[A reasonable royalty, if any, may be calculated as a one-time, lump sum payment.  A lump sum royalty is when the infringer pays a single price for a license covering both past and future infringing use of the patents.  A lump sum should reflect the total amount necessary to compensate TQ Delta for the Defendants' past and future infringement.]

Further, TQ Delta committed to the DSL standards of the International Telecommunication Union, sometimes called the ITU, to license patents essential to the Standards on a non-discriminatory basis and reasonable terms and conditions.  These terms and conditions are sometimes referred to as RAND, R-A-N-D, commitments. As this Court has previously instructed, RAND and FRAND have been used interchangeably throughout this trial.

Because of this RAND commitment, I'll refer in my instructions at times to standard essential patents. By referring to standard essential patents, the Court is not instructing you that the asserted patents are actually essential to any standard.  I have already determined that the 048

32

and 411 Patents are not standard essential.[36] For the remaining patents, it's up to you, the jury, to decide whether or not TQ Delta has proven that the patents are standard essential and infringed.

TQ Delta and Aware, the entity from which TQ Delta purchased the Patents-in-Suit from, submitted written commitments to the ITU covering the '881, '686, '008, '835, and '354 patents, in which they agreed to grant a license on a non-discriminatory basis and on reasonable, or RAND, terms and conditions.

[You must make sure that any reasonable royalty determination takes into account TQ Delta's RAND obligations as the Court has just explained to you. A reasonable royalty in this case for patents that you, the jury, determine are essential cannot exceed the amount permitted under TQ Delta's RAND obligations.

In determining what amount is a RAND royalty, you may consider any evidence of patent hold-up and royalty stacking.]

The '048 and '411 patents have not been declared essential to any DSL standard, and, therefore, a reasonable royalty determination regarding these patents need not take into account any RAND obligations.

I'll provide you with additional instructions on how a RAND commitment for the asserted patent affects your determination of a reasonably royalty.

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are as follows:

1. the royalties received by the patentee for licensing of the patents-in-suit proving or tending to prove an established royalty;

---

[36] The Court has already determined this. *See* 03-01-2023 Pre-Trial Tr. at 263-64.