# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>*Defendants.* | Civil Action No.: 2:21-cv-310 |

## COMMSCOPE'S SUR-REPLY IN OPPOSITION TO TQ DELTA'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW AND MOTIONS FOR A NEW TRIAL FOR U.S. PATENT NOS. 7,570,686 AND 8,462,835 (DKT. NO. 537)

## I.      INTRODUCTION

The jury had a legally sufficient evidentiary basis to find that claim 36 of the 686 patent and claim 10 of the 835 patent are invalid, and TQ Delta's Motion (Dkt. No. 537) should be denied.

## II.     ARGUMENT

### A.      The Jury Properly Found That the Combination of the AT&T Contribution and ADSL Renders Obvious Claim 36 Of the 686 Patent

TQ Delta does not dispute that "the AT&T Contribution, itself, indicates that it should be combined with ADSL." Dkt. No. 554 ("Reply") at 1; Dkt. 546 ("Resp.") at 2. TQ Delta also does not dispute that ADSL (G.992.1, Tr. Ex. 48) discloses the C-RATES messaging scheme. Instead, TQ Delta argues that "CommScope did not provide legally sufficient evidence from which a reasonable jury could have concluded that a POSITA would have been motivated to modify [ADSL] to use the C-RATES messaging scheme to transmit the diagnostic message suggested by" the AT&T Contribution (FI-071, Tr. Ex. 47). *See* Reply at 1-2. TQ Delta is mistaken; CommScope presented sufficient evidence for the jury to find both a motivation to combine the AT&T Contribution and ADSL and a reasonable expectation of success.

CommScope presented ample evidence that a POSITA would have modified the combination of the AT&T Contribution and ADSL to use the C-RATES message scheme to transmit a diagnostic message rather than the EOC messaging scheme. Indeed, TQ Delta's own Reply presents a catalogue of this evidence: Dr. Cimini's testimony (Reply at 1-2), the disclosure from the 686 patent (Reply at 3), and inventor testimony from Mr. Pizzano (Reply at 3). TQ Delta simultaneously asserts that CommScope "lack[s] evidence *from the prior art or knowledge of a POSITA* of a motivation to combine," Reply at 2 (emphasis in original), but at the same time does not deny that Mr. Pizzano himself "testified to the jury that the inventors intended for the C-RATES message scheme, as described in ADSL (G.992.1) and the 686 patent, to be used to send

the diagnostic message in the 686 patent." Reply at 3. Thus, as an inventor of the 686 patent and a person of ordinary skill in the art, Mr. Pizzano specifically testified that he and his co-inventors intended for the C-RATES message scheme, as described in ADSL and the 686 patent, to be used to send the diagnostic message described in the 686 patent. *See* Resp. at 6-7; Dkt. 532 (Trial Tr. Vol. 4) at 214:4-5, 214:18-25, 215:6-8, 215:12-20. Moreover, Mr. Pizzano provided a basis for why a POSITA would have been motivated to use the C-RATES message scheme: it was useful because its one-bit-per-symbol messaging scheme was "able to push [diagnostic] data through under the worst condition." *See* Dkt. 532 (Trial Tr. Vol. 4) at 215:12-20.

TQ Delta cites *In re Van Os* for the proposition that a "conclusory assertion" of motivation to combine is inadequate. Reply at 2. But, as explained, CommScope did not present a "conclusory" motivation to combine but rather substantial evidence from which the jury properly concluded that claim 36 is invalid. Further, *In re Van Os* arose in a completely different procedural and factual context. *In re Van Os* presented an appeal from a decision of the Patent Trial and Appeal Board affirming a patent examiner's rejection of certain claims of a patent application. 844 F.3d 1359, 1360 (Fed. Cir. 2017). The portion of the opinion that TQ Delta quotes states:

> Absent some articulated rationale, **a finding that a combination of prior art would have been "common sense" or "intuitive" is no different than merely stating the combination "would have been obvious."** Such a conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine.

*Id.* at 1361 (emphasis added).

Here, CommScope's expert Dr. Cimini did not merely testify that the combination of the AT&T Contribution and ADSL would have been "common sense" or "intuitive." Rather, Dr. Cimini provided specific testimony regarding evidence from the inventors and AT&T Contribution itself that indicates that it should be combined with ADSL. Resp. at 2-3; Dkt. 532 (Trial Tr. Vol. 4) at 160:9-23. CommScope presented ample evidence that the combination of the AT&T

Contribution and ADSL would have used the C-RATES message scheme to transmit diagnostic messages.

TQ Delta also argues that, by pointing to the disclosures in the 686 patent itself, CommScope engages in "impermissible *ex post* reasoning and hindsight bias." Reply at 3. But explaining that the patent specification describes a prior art messaging scheme to be used to convey a diagnostic message, *as admitted by an inventor of the patent*, is not akin to "us[ing] the challenged patent as a roadmap to reconstruct the claimed invention using disparate elements from the prior art." *Id.*; Resp. at 6-7 (quoting Dkt. 532 (Trial Tr. Vol. 4) at 214:4-5, 214:18-25, 215:6-8, 215:12-20) (inventor of the 686 patent testifying that the inventors "reused existing standardized symbols" for the claimed one-bit-per-symbol messaging scheme). Using C-RATES messaging to convey diagnostic information is different from combining disparate elements; as an inventor testified and the prior art encouraged, a POSITA would have been motivated to combine such elements to effectively transmit diagnostic information.

Finally, as explained in CommScope's Response, if TQ Delta believed the disclosures of the prior art or the asserted motivation to combine to be deficient, TQ Delta could have elicited that testimony on cross-examination or through a rebuttal witness. TQ Delta chose not to do so. Post-trial briefing is not the time to re-litigate the merits of the parties' positions. The jury had a legally sufficient evidentiary basis to find that the combination of the AT&T Contribution and ADSL rendered claim 36 obvious. TQ Delta's Motion should be denied.

**B.    The Jury Properly Found That the Prior Art Included a "Transceiver"**

Both of CommScope's experts testified that they reviewed and applied the Court's claim constructions when opining that the claimed "transceivers" were disclosed and rendered obvious by the prior art. *See* Resp. at 7, 9 (citing Br. at 9, 11; Dkt. 532 (Trial Tr. Vol. 4) at 153:20-23,

294:14-19). TQ Delta argues that this testimony is insufficient because the experts did not recite the specific words of the Court's claim construction. *See* Reply at 3-4. But CommScope explained in detail in its Response how Dr. Cimini and Mr. McNair showed that the "transceiver" limitations, as construed by the Court, are satisfied by the prior art. *See* Resp. at 7-10 (quoting and citing trial testimony and disclosures from the prior art references).[1] Additionally, the jurors had the Court's claim constructions in their juror binders and were instructed that they were to "take th[ose] definitions and apply them to the issues that [they were] deciding, the issues of infringement and invalidity." *See* Dkt. 534 (Trial Tr. Vol. 6) at 37:12-19; *see also* Resp. at 7 n.1. Like in *Genband*, the Court should deny the Motion here where CommScope's experts presented a legally sufficient evidentiary basis for the jury to find that the "transceiver" limitations of the asserted claims as construed by the Court are disclosed and/or rendered obvious. *Genband U.S. LLC v. Metaswitch Networks Ltd.*, No. 2:14-cv-33-JRG, 2016 U.S. Dist. LEXIS 134652, at \*37 (E.D. Tex. Sept. 29, 2016) (denying motion for judgment as a matter of law where defendant argued that plaintiff's expert failed to present specific evidence that the accused products met the court's construction of a particular limitation).

TQ Delta attempts to distinguish *Genband* by arguing that, in that case, "the Plaintiff pointed to specific evidence in the trial record where its 30(b)(6) witness provided testimony that the pertinent claim term was satisfied by the accused products and to expert testimony explaining why the testimony of the 30(b)(6) witness established that the claim term was met." Reply at 3-4

---

[1] Despite TQ Delta's claim to the contrary, Reply at 4, the evidence cited in CommScope's response demonstrates that the prior art to the 686 patent meets the Court's construction of the term "transceiver" as described by TQ Delta and properly understood by CommScope. Specifically, the transceivers on each end of the loop are capable of *both* transmitting and receiving in a single device by virtue of being able to receive "diagnostic information at both ends of the line." Resp. at 7-8. Therefore, the transceivers in the prior art disclose the use of common circuitry.

n.1. But similarly here, CommScope pointed to "specific evidence in the trial record where its . . . witness[es] provided testimony that the pertinent claim term was satisfied" by the prior art. *See* Resp. at 7-10 (quoting and citing trial testimony and disclosures from the prior art references).[2] To the extent that TQ Delta believes that testimony and evidence to be insufficient, it could have made that argument to the jury on cross-examination or through a rebuttal witness.[3] Again, it chose not to do so, and for the 686 patent, TQ Delta failed to even present any witness of its own to testify as to validity. *See* Resp. at 9-10.

At bottom, TQ Delta attempts to inappropriately substitute its judgment for the judgment of the jury. *See Genband*, 2016 U.S. Dist. LEXIS 134652, at *67 ("The Court will not substitute [the party's] judgment for that of the jury."). Because the jury had a sufficient evidentiary basis to conclude that the claimed "transceiver," as construed, is disclosed and/or rendered obvious by the prior art, TQ Delta's Motion should be denied.

### III.   CONCLUSION

The jury had a sufficient evidentiary basis to find claim 36 of the 686 patent and claim 10 of the 835 patent invalid. Thus, TQ Delta's Motion should be denied. Because TQ Delta's Motion should be denied, CommScope further respectfully requests that the Court deny TQ Delta's contingent motion for a new trial on damages as to the 686 patent and the 835 patent.

---

[2] TQ Delta argues that "[n]otably, neither of CommScope's experts testified that the portions of the prior art CommScope now relies on show that the prior art disclosed a 'transceiver' as that term was construed by the Court." Reply at 5. CommScope disagrees. *See* Resp. at 7-8 (citing Dr. Cimini testimony at Dkt. 532 (Trial Tr. Vol. 4) at 161:3-6), 9 (citing Mr. McNair testimony at Dkt. 532 (Trial Tr. Vol. 4) at 308:7-18, 298:18-21, 304:7-10).

[3] TQ Delta argues that "TQD could not have known that CommScope would fail in its burden of proof until the evidence closed. It is not TQD's job to forecast that failure." Reply at 5. It is unclear what TQ Delta means by this statement. TQ Delta's lawyers were present in the courtroom for the direct of CommScope's witnesses on invalidity, and there is no reason that TQ Delta could not have attempted to point out any alleged failures of proof on cross or through a rebuttal witness.

Dated this 28th day of June, 2023

Respectfully submitted,

By: */s/ Ross R. Barton*

Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28283-6818
Email: ross.barton@alston.com
        scott.stevens@alston.com
        kirk.bradley@alston.com
        stephen.lareau@alston.com
        karlee.wroblewski@alston.com
        nic.marais@alston.com
        erin.beaton@alston.com
        mary.riolo@alston.com
Telephone: 704-444-1000
Facsimile: 704-444-1111

Michael C. Deane (GA Bar No. 498195)
Katherine M. Donald (GA Bar No. 753449)
ALSTON & BIRD LLP
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
katie.donald@alston.com
Telephone: 404-881-7000
Facsimile: 404-881-7777

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Email: katherine.rubschlager@alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

Darlena Subashi (NY Bar No. 5780747)
ALSTON & BIRD LLP
90 Park Avenue

6

New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong

7

GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

*Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on June 28, 2023.

/s/ *Ross R. Barton*
Ross R. Barton
