# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>       *Defendants*. | Civil Action No.: 2:21-cv-310 |

## COMMSCOPE'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. NO. 541)

I.  INTRODUCTION

CommScope put forward an abundance of evidence at trial showing that TQ Delta's licensing demands were not consistent with its FRAND obligations. Dkt. No. 530 (Trial Tr. Vol. 3) at 248:13-249:2; Dkt. No. 533 (Trial Tr. Vol. 5) at 75:2-17; 105:1-107:1. Indeed, TQ Delta's own expert, Dr. Putnam, conceded that the damages TQ Delta sought at trial were not FRAND. Dkt. No. 532 (Trial Tr. Vol. 4) at 115:2-116:3; 118:2-19. And despite TQ Delta's efforts to craft licenses that obfuscated the actual royalties paid by other licensees, the evidence at trial demonstrated that TQ Delta treated CommScope far differently than its competitors. As a result, TQ Delta breached its FRAND obligations, and the Court should grant CommScope's Motion.

A.  **TQ Delta's Offers Were Never FRAND**

While it is true that a FRAND offer may encompass an appropriate range, here TQ Delta failed to offer CommScope FRAND terms and conditions within that range. For instance, TQ Delta argues that the ▬ and ▬ agreements are comparable because they include "the same or similar" rates as offered to CommScope. Dkt. No. 545 at 5. But, in the next sentence, TQ Delta says that both the ▬ and ▬ agreements included ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* at 6.

▬ is CommScope's largest competitor, and therefore is similarly situated. Dkt. No. 533 (Trial Tr. Vol. 5) at 84:19-23. Despite a concerted effort to obfuscate the *actual* effective rate in its prior licenses, the evidence at trial demonstrated that TQ Delta never offered CommScope anything close to the terms and conditions it provided to ▬. *See* Dkt. No. 532 (Trial Tr. Vol. 4) at 116:13-117:6 (stating that the "adjustment" of a "▬ percent reduction" for ▬ was "a package of terms and conditions"). TQ Delta cannot claim that CommScope was offered the same terms and conditions while stating that CommScope is undeserving of the same

or similar reductions, which are part of the FRAND "terms and conditions." Had CommScope accepted TQ Delta's offers, it stood to be commercially disadvantaged by TQ Delta's ▮ "standard" rate and discriminated against as a later licensee. Dkt. No. 533 (Trial Tr. Vol 5) at 105:1-107:1; Dkt. No. 528 (Trial Tr. Vol 2) at 117:21-121:21.

The jury rejected TQ Delta's damages theory and returned a verdict that is incompatible with TQ Delta's prior licensing demands, thus demonstrating that TQ Delta's offers were not consistent with FRAND principles.

### B. Dr. Putnam's Damages Theory Also Violates FRAND

TQ Delta's position that its "damages model is distinct from determining whether TQD breached its FRAND obligation or whether TQD's licensing offer was FRAND" is not consistent with the law. Dkt. No. 545 at 9. As this Court has explained, if the "patents found to be infringed are FRAND-encumbered SEPs, any royalty awarded must be FRAND." *Optis Wireless Tech. v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 U.S. Dist. LEXIS 110317, at *14-15 (E.D. Tex. Apr. 14, 2021).

Despite this, TQ Delta's expert, Dr. Putnam, believed that FRAND did not constrain his damages theories. *See* Dkt. No. 532 (Trial Tr. Vol. 4) at 115:2-116:3; 118:2-19. As a result, Dr. Putnam put forth a damages theory that, by his own admission, resulted in a damages demand that was even higher than TQ Delta's "standard rates." *Id.* at 54:14-19 (▮

▮

▮

▮). Because TQ Delta's "standard rates" were (a) not FRAND and (b) significantly higher than the actual effective rates paid by CommScope's competitors, Dr. Putnam's upward

departure from these rates based on his theory that FRAND does not constrain his opinions confirmed a breach of TQ Delta's FRAND obligations.

### C.  CommScope Properly Alleged Harm and Resulting Damages

TQ Delta's response alleges that CommScope failed to show harm and present evidence of damages. Dkt. No. 545 at 1. TQ Delta is wrong and is simply rehashing issues previously decided by the Court during the informal charge conference and in the verdict form (which TQ Delta did not object to). As CommScope described in its Motion, CommScope's corporate representative testified as to the damages experienced by CommScope. Dkt. No. 541 at 8. Consistent with the evidence presented, the Court instructed the jury to "award such an amount that would compensate CommScope for such breach." Dkt. No. 534 (Trial Tr. Vol. 6) at 64:19-24.

TQ Delta also tries to twist CommScope's closing argument, but CommScope in fact was merely making it clear to the jury that CommScope was not seeking to profit from the lawsuit. *Id.* at 100:8-102:1 (at 101:12-15: "You're also going to be asked, what sum of money would compensate [CommScope] for [TQ Delta's] breach. We're not here about money. We're not here asking for a bunch of money. We will leave that totally to your discretion."). CommScope never strayed from the assertion that TQ Delta breached its FRAND commitments which caused CommScope harm.

The Court also instructed the jury on nominal damages. *See id.* at 72:18-25. The instruction was fully consistent with the law, which makes clear that a "contractual obligation where mere proof of the making and breach fully proved plaintiff's cause of action" would entitle the plaintiff "to recover at least nominal damages." *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-cv-313-WCB, 2012 U.S. Dist. LEXIS 105585, at *10-12 (E.D. Tex. July 30, 2012) (cited cases omitted). TQ Delta has an undisputed obligation to license its SEPs on

3

FRAND terms, and TQ Delta breached that obligation. That in and of itself was enough to permit the jury to award nominal damages to CommScope.

## II.     CONCLUSION

The Court should grant judgment as a matter of law that TQ Delta breached its contractual obligations with the ITU, causing harm and damage to CommScope.

Dated this 21st day of June, 2023.      Respectfully submitted,

By: */s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Suite 300
Charlotte, NC 28283-6818
Email:  ross.barton@alston.com
           scott.stevens@alston.com
           kirk.bradley@alston.com
           stephen.lareau@alston.com
           karlee.wroblewski@alston.com
           nic.marais@alston.com
           erin.beaton@alston.com
           mary.riolo@alston.com
Telephone: 704-444-1000
Facsimile: 704-444-1111

Michael C. Deane (GA Bar No. 498195)
Katherine M. Donald (GA Bar No. 753449)
**ALSTON & BIRD LLP**
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
katie.donald@alston.com
Telephone: 404-881-7000
Facsimile: 404-881-7777

4

Katherine G. Rubschlager (Cal. Bar No. 328100)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Email: katherine.rubschlager@alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

Darlena Subashi (NY Bar No. 5780747)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444

Deron R. Dacus (TX Bar No. 00790553)
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT, P.C.**
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

5

Brett Schuman
Rachel M. Walsh
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
**GOODWIN PROCTER LLP**
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Attorneys for Defendants
CommScope Holding Company, Inc,
CommScope Inc., ARRIS US Holdings, Inc.,
ARRIS Solutions, Inc., ARRIS Technology,
Inc., and ARRIS Enterprises, LLC

*Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC*

6

[REDACTED]

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on June 21, 2023.

/s/ *Ross R. Barton*
Ross R. Barton

[REDACTED]

/s/ *Ross R. Barton*
Ross R. Barton