IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC, <br>     Plaintiff, <br><br> v. <br><br> COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, <br>     Defendants. | § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED <br><br><br> Civil Action 2:21-cv-310-JRG <br> (Lead Case) |

**PLAINTIFF TQ DELTA, LLC'S REPLY IN SUPPORT OF ITS MOTIONS FOR
A NEW TRIAL ON DAMAGES AND THE VALIDITY OF U.S. PATENT NO. 8,462,835,
AND CONDITIONAL MOTION FOR A NEW TRIAL ON ADDITIONAL DAMAGES
FOR INFRINGEMENT OF U.S. PATENT NOS. 8,462,835, 8,090,008, AND 7,570,686**

**TABLE OF CONTENTS**

I. THE COST SAVINGS INSTRUCTION WAS INCORRECT AND PREJUDICIAL ................................................................................................1

II. THE COURT ERRED IN ALLOWING DR. BECKER'S SSPPU TESTIMONY ........................................................................................................4

III. THERE SHOULD BE A NEW TRIAL ON THE 835 PATENT'S VALIDITY ............................................................................................................5

## TABLE OF AUTHORITIES

**CASES**

*Carnegie Mellon Univ. v. Marvell Tech. Grp, Ltd.*,
  807 F.3d 1283 (Fed. Cir. 2015) .................................................................................................. 2

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983) .................................................................................................. 2

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ...................................................................................................... 4

*Norwood v. Vance*,
  591 F.3d 1062 (9th Cir. 2010) .................................................................................................... 1

*Russell v. Plano Bank & Trust*,
  130 F.3d 715 (5th Cir. 1997) ...................................................................................................... 1

*Sanchez v. Presidio Cty.*,
  2021 U.S. Dist. LEXIS 262379 (W.D. Tex. Nov. 3, 2021) ......................................................... 1

*Stickle v. Heublein, Inc.*,
  716 F.2d 1550 (Fed. Cir. 1983) .................................................................................................. 3

*West v. Perry*,
  No. 2:07CV200, 2009 U.S. Dist. LEXIS 63422 (E.D. Tex. July 23, 2009) ............................... 1

**STATUTES**

35 U.S.C. § 284 ............................................................................................................................. 2

**RULES**

Fed. R. Civ. P. 51(c)(1) ................................................................................................................. 1

Fed. R. Civ. P. 50(a) ...................................................................................................................... 1

I. THE COST SAVINGS INSTRUCTION WAS INCORRECT AND PREJUDICIAL

CommScope's arguments that the Court did not err in giving the Cost Savings Instruction ("CSI") have no merit. *First, TQD complied with Fed. R. Civ. P. 51(c)(1) in objecting to the CSI*. TQD objected to the instruction and proposed modifications to portions of the instruction that clearly indicated that the basis for the objection was that the CSI told the jury that TQD's damages model was based on cost savings to *CommScope*, which was plainly wrong. *See* 3/24/23 Tr. at 10:14-11:15. The fact that TQD's model was not based on CommScope's cost savings had been raised <u>repeatedly</u> with the Court right up to the charge conference in motions (*Daubert* and Rule 50(a)), testimony, and even an email CommScope sent to the Court the night before the conference proposing an instruction genericizing the beneficiary of cost savings. *See* 3/22/23 Tr. at 14:1-22:15, 102:20-105:16; Dkt. No. 346 at 3; 3/1/23 Tr. at 72:1-11, 96:7-17, 97:22-99:25; Dkt. No. 496 at 5; 3/23/23 Tr. at 74:9-23, 98:5-99:20, 243:17-245:9, 249:6-11; Dkt. No. 542-2. Given this context, TQD "stat[ed] distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1);[1] *Sanchez v. Presidio Cty.*, 19-CV-00037, 2021 U.S. Dist. LEXIS 262379, at *24 (W.D. Tex. Nov. 3, 2021) (an objection to proposed jury instructions need only be "specific enough" to inform the Court of the movant's position); *Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010) (an objection "need not be formal;" it only need be "sufficiently specific to bring into focus the precise nature of the alleged error").

---

[1] CommScope cites *West v. Perry*, No. 2:07CV200, 2009 U.S. Dist. LEXIS 63422 (E.D. Tex. July 23, 2009) and *Russell v. Plano Bank & Trust*, 130 F.3d 715 (5th Cir. 1997) in arguing that TQD's proposal of an alternative instruction at the charge conference was "insufficient." Dkt. No. 548 at 3. However, in *West*, the plaintiff did not make an argument at the charge conference, and the "alternative instruction" she made was one of 69 proposed instruction submitted in a joint pretrial filing. *See West*, 2009 U.S. Dist. LEXIS 63422 at *28-29. Similarly, in *Russell*, the plaintiff submitted proposed instructions to the Court, and, at the charge conference, the plaintiff objected only generally to the extent the Court did not give plaintiff's proposed instructions. *Russell*, 130 F.3d at 719-20. In neither case did the plaintiff object to a specific instruction and propose modifications to it at the charge conference, as TQD did.

Even if TQD did not preserve its objection – and it did – the CSI was plain error, as TQD argued in its Motion. *See* Dkt. No. 548 at 10. TQD showed the CSI was a plain and obvious error (the CSI told the jury that TQD's damages model relied on CommScope's cost savings when it did not, *see id.* at 1-3), the error affected TQD's substantial rights (its damages, *see id.* at 9-10), and the error affects the fairness, integrity, and reputation of judicial proceedings (it is unfair to provide an incorrect instruction nullifying a party's damages model after the close of evidence, *see id.* at 6). *See Carnegie Mellon Univ. v. Marvell Tech. Grp, Ltd.*, 807 F.3d 1283, 1310-11 (Fed. Cir. 2015) (plain error standard met because of the importance of the principle at issue in the instruction to a royalty determination and the obviousness of the error).

***Second, the CSI did not correctly state the law.*** "Reliance upon estimated cost savings from use of the infringing product is a well-settled method of determining a reasonable royalty." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1080-81 (Fed. Cir. 1983). This statement did not limit cost savings to a defendant, and TQD's damages model at trial was, consistent with *Hanson*, based on cost savings to CommScope's customer (AT&T) from use of the infringing products. CommScope proposed an instruction based on *Hanson* genericizing the beneficiary of cost savings, *see* Dkt. No. 542-2, but now argues that the CSI must focus on *CommScope's* costs savings alone. Dkt. No. 548 at 5-6. The cases CommScope cites do not state that *only* the cost savings of a willing licensee defendant can be considered. As TQD argued and CommScope failed to rebut, the value to, including the costs savings of, non-defendant infringers in the supply chain must be considered because TQD cannot later sue those parties, but it must be adequately compensated for the full value of its patented technology. Dkt. No. 538 at 8. CommScope also says 35 U.S.C. § 284 dictates that the cost savings of only the defendant are relevant. Dkt. No. 548 at 6. Section 284, however, says TQD is entitled to a royalty "for use made of the invention

2

by the infringer," not the defendant.  As TQD proved, CommScope's customer, AT&T, is an infringer by using the accused products.  Lastly, CommScope's attempt to distinguish *Stickle* fail – the case unambiguously states that "the quantum of [the patent owner's] recovery for an infringing [product] does not depend on whether [the user] or [the maker/seller] is the defendant."  *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1562 (Fed. Cir. 1983).

**Third, the CSI prejudiced TQD.**  CommScope argues TQD was not prejudiced because the Court instructed the jury that TQD used a cost-savings model, accurately recited the law, and told the jury it could use either party's damages method.  Dkt. No. 548 at 7.  But, the Court misstated TQD's cost-savings model, the law, and the jury's required focus.  CommScope also argues that TQD was not prevented from "present[ing] its arguments."  *Id*. at 8.  But, because TQD had already closed its evidentiary presentation proving cost savings to CommScope's customers and supplier, TQD could not "present arguments" addressing cost savings to CommScope as the CSI unambiguously required.  Thus, the CSI drove down TQD's damages, prejudicing TQD.  *See* Dkt. No. 538 at 9-10.  CommScope also asserts there was no prejudice because the jury weighed the evidence and arrived at a damages number between TQD's and CommScope's proposed numbers.  Dkt. No. 548 at 8.  But, the jury was required to follow the jury instructions faithfully, so it could not have considered any cost savings other than CommScope's.  Moreover, CommScope has asserted that the verdict followed its expert's damages model and that "[t]he jury rejected TQ Delta's damages theory."  *See* Dkt. No. 553 at 2; Dkt. No 541 at 7-8.  This shows that the jury entirely disregarded TQD's damages model, as the faithful application of the CSI required.

**Fourth, CommScope's arguments that the Court did not err by not modifying the CSI have no merit**.  First, CommScope agreed with TQD's proposed modifications.  *See* Dkt. No.

3

542-2; 3/24/23 Tr. at 11:12.  Second, TQD's proposal was a correct statement of the law, was not covered in the charge as a whole (nowhere else was the jury told that damages could be based on cost savings other than CommScope's), and was necessary to avoid impairing TQD's ability to prove its damages case under the legal standards dictated by the Court.  Lastly, CommScope errs in arguing that TQD was not impaired because it did not present evidence that CommScope's customer was a hypothetical licensee.  There is no requirement that a cost savings model be tied to a hypothetical negotiation.  *See* 3/23/23 Tr. at 119:9-120:14.

## II. THE COURT ERRED IN ALLOWING DR. BECKER'S SSPPU TESTIMONY

CommScope argues that Dr. Becker's opinion that a royalty should be based on the DSL chip was based on Aware's ▮▮▮▮ licenses to ▮▮▮▮▮▮▮▮ and not on his SSPPU opinion. Dkt. No. 548 at 9-10.  Not true.  Dr. Becker testified that the basis for his opinion is that the SSPPU is the DSL chip.  *See* 3/23/23 Tr. at 131:25-132:3 ("Q. You believe, don't you sir, it's your testimony, and ***it's the basis for your opinion*** that the [SSPPU] in this case is the DSL chip, don't you?  A. I do.").  The accused products are CPE units, not chips, so in order to take the position that the ▮▮▮▮▮▮ licenses are comparable, Dr. Becker had to opine that the chipset is the SSPPU.  But, he had no basis for this opinion.[2]  Dkt. No. 538 at 10-13.

CommScope incorrectly asserts that the parties' experts provided testimony that supports Dr. Becker's SSPPU opinion.  Dkt. No. 548 at 11.  In none of the testimony that CommScope cites did an expert say all the claimed functionality occurs in only the chip.  In fact, TQD's experts testified to the contrary.  *See* 3/21/23 Tr. at 23:11-24:24, 41:9-42:3, 116:24-118:18,

---

[2] CommScope asserts it was improper for TQD to raise the SSPPU issue in a motion for a new trial because it was raised in a *Daubert* motion.  Dkt. No. 548 at 10-11.  The Federal Circuit has found in favor of parties that seek a new trial based on an erroneous *Daubert* decision.  *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78-82 (Fed. Cir. 2012).  Also, issues are raised here that were not in the *Daubert* motion, such as prejudice to TQD's damages and the fact that TQD could not meaningfully cross CommScope's technical experts.

4

136:3-17; 3/20/23 Tr. at 211:20-212:25, 307:22-309:13.  Further, CommScope argues that Dr. Becker "fully explained the methodology he employed to determine the SSPPU."  Dkt. No. 548 at 11-12.  Dr. Becker, however, said he did not have the know-how to determine the SSPPU and that he relied on conversations with CommScope's technical experts, <u>but he did not provide details about those conversations, and he confirmed they did not provide SSPPU-related testimony that TQD could cross them on</u>.  *See* 3/23/23 Tr. at 142:14-143:15.

Lastly, CommScope argues TQD was not prejudiced because Dr. Becker's testimony did not "hinge" on the SSPPU, he was entitled to rely on his understanding of undisclosed SSPPU opinions, and TQD had the opportunity to cross CommScope's technical experts.  Dkt. No. 548 at 13.  As discussed above, Dr. Becker's testimony <u>did</u> hinge on the SSPPU, he was not entitled to rely on <u>undisclosed</u> expert testimony, and TQD did not have the opportunity to cross CommScope's technical experts on direct testimony they did not provide.

**III.    THERE SHOULD BE A NEW TRIAL ON THE 835 PATENT'S VALIDITY**

Because of the Court's *Daubert* ruling, Dr. Madisetti was precluded from offering an opinion that distinguished the DRA_SWAP_ messages of G.992.1 on the basis that they do not merely "indicate" when the updated FIP setting is to be used, as required by the Court's construction and the "predetermined" claim language, but instead set forth the change time.  It was highly prejudicial to prevent Dr. Madisetti from drawing this distinction.

CommScope's assertion that a reasonable jury could have found the patent claim obvious in view of G.992.1 and SC-060 because SC-060 disclosed a flag signal is misguided. Mr. McNair provided no motivation to combine these references, so his obviousness theory could not serve as a basis for the jury's verdict. The only possible basis for the jury's invalidity verdict is anticipation by G.992.1, and the Court's *Daubert* ruling precluded TQ Delta from fully addressing the fundamental distinction over that art.

5

██████████████████████████████

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 22, 2023 | /s/ *Peter J. McAndrews* |
|  | Peter J. McAndrews |
|  | (*Pro hac vice*) |
|  | pmcandrews@mcandrews-ip.com |
|  |  |
|  | Rajendra A. Chiplunkar |
|  | (*Pro hac vice*) |
|  | rchiplunkar@mcandrews-ip.com |
|  |  |
|  | David Z. Petty |
|  | *(Pro hac vice)* |
|  | dpetty@mcandrews-ip.com |
|  |  |
|  | Ashley Ratycz |
|  | (*Pro hac vice*) |
|  | aratycz@mcandrews-ip.com |
|  |  |
|  | **MCANDREWS, HELD & MALLOY, LTD.** |
|  | 500 West Madison St., 34th Floor |
|  | Chicago, IL 60661 |
|  | Telephone: (312) 775-8000 |
|  | Facsimile: (312) 775-8100 |
|  |  |
|  | Anthony K. Bruster |
|  | akbruster@brusterpllc.com |
|  | Texas Bar No. 24036280 |
|  |  |
|  | Edward K. Chin |
|  | ed@brusterpllc.com |
|  | Texas Bar No. 50511688 |
|  |  |
|  | Andrew J. Wright |
|  | andrew@brusterpllc.com |
|  | Texas Bar No.24063927 |
|  |  |
|  | Shawn A. Latchford |
|  | shawn@brusterpllc.com |
|  | Texas Bar No. 24066603 |
|  |  |
|  | **BRUSTER PLLC** |
|  | 680 N. Carroll Ave., Suite 110 |
|  | Southlake, TX 76092 |
|  | (817) 601-9564 – Telephone |

[REDACTED]

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Attorneys for Plaintiff TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this June 22, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

/s/ *Peter J. McAndrews*
Peter J. McAndrews