# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>     *Defendants*. | Civil Action No.: 2:21-cv-310 |

**COMMSCOPE'S SURREPLY TO TQ DELTA'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON NONINFRINGEMENT OF CLAIM 14 OF THE '008 PATENT, AND ALTERNATIVE MOTION FOR A NEW TRIAL (DKT. 539)**

I. INTRODUCTION

The jury rejected TQ Delta's theory that the '008 Patent covered either the standard or the accused products. Unhappy with that result, TQ Delta now argues that the '008 Patent "is infringed under *Fujitsu*," that CommScope "stipulated" to infringement, and that no reasonable juror could have concluded that the '008 Patent is not infringed. TQ Delta is mistaken on all counts, and the Court should deny TQ Delta's attempt to set the jury's verdict aside.

II. ARGUMENT

A. The Patent Is Not "Infringed Under *Fujitsu*"

TQ Delta continues to allege that CommScope effectively stipulated to infringement by responding to the Court's inquiry regarding which of TQ Delta's patents were subject to RAND obligations. TQ Delta's version of events is inaccurate. At no point did CommScope stipulate that the '008 Patent covered the standard. Instead, as clearly explained in discussions with the Court preceding the informal and formal charge conferences, CommScope consistently maintained that the '008 Patent is "***neither essential nor infringed*, *but in the event that the jury finds [it] to be infringed***, then the patent must, by definition, be essential and subject to TQ Delta's RAND commitment." Dkt. No. 549-2 (Ex. A).[1] That position never changed, and CommScope never stipulated to essentiality or infringement.

TQ Delta's case, *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez* ("*Martinez*"), is inapposite. There, the Supreme Court reviewed a factual, written stipulation jointly submitted by the parties at the summary judgment stage. *Martinez*, 130 S. Ct. 2971, 2982 (2010). Those facts, "stipulated into the record, were established." *Id.* at 2983. Here, by comparison, the record reflects that CommScope never stipulated to infringement and only agreed

---

[1] All emphasis added unless otherwise specified.

1

to address which patents were RAND-encumbered. And, on the record, CommScope never stipulated to the essentiality of *claim 14* of the '008 Patent. Rather, CommScope rebutted TQ Delta's infringement theory as to claim 14, which rests on the asserted standards. *See* Dkt. 549 at 2-12.

Further, the question of infringement was sent to the jury. *See* Dkt. 556 at 1. This Court acknowledged that the "CommScope [defendants] deny that they infringe any of the asserted claims of the patents-in-suit." Dkt. 534 (Trial Tr. Vol. 6) at 34:16-20. And the Court instructed the jury on infringement, telling the jury to find whether "CommScope has infringed any valid claim of the asserted patents." *See id.* at 58:7-59:9. This is also reflected in the below verdict form:

> **QUESTION NO. 1**
>
> Did TQ Delta, the Plaintiff, prove by a preponderance of the evidence that CommScope, the Defendants, infringed any of the following Asserted Claims?
>
> **Answer "Yes" or "No" for each Asserted Claim listed below:**
>
> U.S. Patent No. 7,453,881
>
>    Claim 17    Yes: ✓    OR    No: _____
>
> U.S. Patent No. 7,570,686
>
>    Claim 36    Yes: ✓    OR    No: _____
>
> U.S. Patent No. 8,090,008
>
>    Claim 14    Yes: _____    OR    No: ✓

Dkt. 508 at 4. If TQ Delta's position is correct, meaning that CommScope stipulated to essentiality and thus infringement, then this issue would never have been sent to the jury. The fact that it *was* sent to the jury is conclusive evidence that infringement of the '008 Patent was not resolved via a stipulation—it was a question for the jury to decide, and the jury in fact decided it. The Court

should reject TQ Delta's attempt to revise history in an attempt to justify setting aside the jury's verdict. The verdict should stand.

### B. The Jury Properly Found That CommScope Does Not Infringe Claim 14 of the '008 Patent

TQ Delta's substantive arguments fare no better and are telling of the lengths to which TQ Delta will go to try to reverse the jury's verdict.

TQ Delta's argument for claim 14 hinges on its assertion that the plain meaning of "amount" is so clear that "***no reasonable juror could conclude that zero is not an amount***." Dkt. 556 at 3. TQ Delta is incorrect; whether zero is an "amount" of something is a quintessential question of fact that the jury was free to answer in the negative. TQ Delta offers nothing to support its position, and instead just declares it to be so obvious that no reasonable juror could have concluded otherwise. TQ Delta wanted a jury trial, and it got one. It cannot now declare the jury to be unreasonable because TQ Delta's lawyers would have liked a different conclusion on a disputed question. Because there is no basis for TQ Delta's assertion that "no reasonable juror could conclude that zero is not an amount," the Court should deny TQ Delta's Motion (and need go no further in considering TQ Delta's Motion arguments).

In addition to TQ Delta's unsupported attempt to resolve the question of whether zero is an "amount," the evidence demonstrated that a phase shift of zero is not an "amount by which a phase shift is *adjusted*." The plain language of Section 12.3.6.2 of the VDSL2 standard states that original "coordinates of the constellation point as shown in Table 12-70, where X and Y are the coordinates before scrambling." Tr. Ex. 34 at TQD_TX00153996. This means that the first row, which has a final coordinate of X, Y, has no "phase shift" computed (i.e., adjusted). The zero angle of rotation does not *adjust* the phase shift because the original X, Y coordinate stays the same. The

3

jury had ample evidence before it to reject Dr. Madisetti's theory that no adjustment qualifies as an adjustment, and the Court should not set aside the jury's verdict.

Claim element 14[c] is also not met because the zero angle of rotation is not computed for "each carrier signal," as explained above, and "each carrier signal" is not combined because there is no phase shift for bit value 0, 0. The phase characteristic for bit value 0, 0 has the same input and output values (i.e., X, Y). Tr. Ex. 34 at TQD_TX00153996. Further, claim 14 clearly required "each carrier signal" to have a "phase characteristic associated with the bit stream" that is combined with "the phase shift computed for each respective carrier signal." Dkt. 539 at 8. Dr. Madisetti testified at trial on re-redirect that his infringement theory "did not *rely on* DC Carrier 0," not that "the DC carrier is not one of them." Dkt. 530 (Trial Tr. Vol. 3) at 168:12-16. The absence of this argument, that the DC Carrier is excluded, was never raised at trial. Of note, TQ Delta never shows an explicit citation to support this argument. Dkt. 530 (Trial Tr. Vol. 3) at 165:13-23 (referring to Tr. Ex. 34 at Section 12.3.6.2). Thus, claim element 14[c] is not met, and it was reasonable for the jury to so conclude based on the evidence presented at trial.

Finally, TQ Delta never addresses CommScope's argument that TQ Delta's Motion is full of new attorney arguments. *See* Dkt. 549 at 10-11.

### III.   CONCLUSION

For all of the reasons described above, CommScope respectfully requests that the Court deny TQ Delta's Motion.

Dated this 29th day of June, 2023

Respectfully submitted,

By: */s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)

Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Suite 300
Charlotte, NC 28283-6818
Email:  ross.barton@alston.com
       scott.stevens@alston.com
       kirk.bradley@alston.com
       stephen.lareau@alston.com
       karlee.wroblewski@alston.com
       nic.marais@alston.com
       erin.beaton@alston.com
       mary.riolo@alston.com
Telephone: 704-444-1000
Facsimile: 704-444-1111

Michael C. Deane (GA Bar No. 498195)
Katherine M. Donald (GA Bar No. 753449)
**ALSTON & BIRD LLP**
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
katie.donald@alston.com
Telephone: 404-881-7000
Facsimile: 404-881-7777

Katherine G. Rubschlager (Cal. Bar No. 328100)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Email: katherine.rubschlager@alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

Darlena Subashi (NY Bar No. 5780747)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444

Deron R. Dacus (TX Bar No. 00790553)
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430

5

Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT, P.C.**
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Andrew Ong
**GOODWIN PROCTER LLP**
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

6

Attorneys for Defendants
CommScope Holding Company, Inc,
CommScope Inc., ARRIS US Holdings, Inc.,
ARRIS Solutions, Inc., ARRIS Technology,
Inc., and ARRIS Enterprises, LLC

***Counsel for Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on June 29, 2023.

/s/ *Ross R. Barton*
Ross R. Barton

8