

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>    Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br>    Defendants. | §§§§§§§§§§§§§§§ | JURY TRIAL DEMANDED<br><br><br>Civil Action 2:21-cv-310-JRG<br>(Lead Case) |

**PLAINTIFF TQ DELTA, LLC'S SUR-REPLY IN OPPOSITION TO COMMSCOPE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

██████████████████████████████

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1
II. THE EVIDENCE SHOWED THAT TQD'S OFFERS WERE FRAND ..........................................................................................................................1
III. DR. PUTNAM'S DAMAGES THEORY DID NOT "VIOLATE" FRAND ..........................................................................................................................3
IV. COMMSCOPE FAILED TO PROVIDE ANY EVIDENCE OF DAMAGES ...................................................................................................................4
V. CONCLUSION ............................................................................................................5

██████████████████████████████

## TABLE OF AUTHORITIES

**CASES**

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  12 F.4th 476 (5th Cir. 2021) ................................................................................ 2, 3

*Microsoft Corp. v. Motorola, Inc.*,
  795 F.3d 1024 (9th Cir. 2015) .................................................................................. 3

*Optis Wireless Tech. v. Apple Inc.*,
  No. 2:19-CV-00066-JRG, 2021 U.S. Dist. LEXIS 110317 (E.D. Tex. Apr. 14, 2021) ............. 3

*Versata Software, Inc. v. Internet Brands, Inc.*,
  No. 2:08-cv-313-WCB, 2012 U.S. Dist. LEXIS 105585 (E.D. Tex. July 30, 2012).................. 5

## I.     INTRODUCTION

CommScope's Reply does nothing to fill in the holes found in its JMOL Motion. The Reply does not address the elephant in the room – that CommScope presented no evidence of damages, which is a material element of a breach of contract claim. That alone disposes of CommScope's Motion. CommScope continues to push the false assertion that "Dr. Putnam[] conceded that the damages TQ Delta sought at trial were not FRAND." But Dr. Putnam, as the testimony cited by CommScope confirms, testified only that his damages model was not "*constrained* by the [F]RAND obligation." 3/22/23 Tr. at 115:2-4, 116:1-3. And, while CommScope's Reply continues to push its mischaracterization of the terms and conditions of other TQD licenses, the jury was not required to believe CommScope. Instead, a reasonable jury was allowed to credit the record evidence TQD identified in its Response showing that no breach occurred. Accordingly, the Court should deny CommScope's Motion.

## II.    THE EVIDENCE SHOWED THAT TQD'S OFFERS WERE FRAND

CommScope starts by again asserting that TQD's offers to CommScope were never FRAND. To support that assertion, CommScope argues that "the evidence at trial demonstrated that TQ Delta never offered CommScope anything close to the terms and conditions it provided to ▮" whom CommScope asserts is its closest competitor and is similarly situated to CommScope. Dkt. No. 553 at 1. CommScope also argues that had it "accepted TQ Delta's offers, it stood to be commercially disadvantaged by TQ Delta's ▮ 'standard' rate and discriminated against as a later licensee." *Id*. at 2.

TQD, however, presented a surfeit of evidence that CommScope was **not** similarly situated to ▮ and was **not** discriminated against. TQD showed that ▮ was offered the same rates that CommScope was offered but was granted adjustments to account for the facts that ▮

1

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* 3/20/23 Tr. at 117:21-118:21, 167:23-171:7, 173:13-19, 178:14-22, 187:1-9; 3/22/23 Tr. at 116:11-12, 123:12-25.  As TQD also showed, (i) CommScope was **not** an early mover, delayed negotiations 10 years, withheld information, and made an unreasonable counteroffer, (ii) TQD did provide and/or was willing to provide CommScope adjustments like those it gave to others if CommScope provided data necessary to apply the adjustments, and (iii) CommScope sold ▮▮▮▮▮▮▮ in infringing products in the U.S. without paying for a license while its competitors did.  *See* 3/20/23 Tr. at 14:22-21:16, 26:17-29:17, 32:8-43:20, 106:20-107:5, 115:20-122:21, 160:18-22, 169:6-10, 171:8-173:8; 3/21/23 Tr. at 247:3-252:11; 3/22/23 Tr. at 58:12-22; 3/23/23 Tr. at 116:9-117:2.  Also, TQD's damages expert testified that TQD's offer to CommScope was reasonable and non-discriminatory when compared to TQD's other licenses.  *See* 3/22/23 Tr. at 9:11-13:25, 26:23-25.

Thus, there was more than sufficient evidence for the jury to find that CommScope and ▮▮▮▮ were not similarly situated and that the package of terms and conditions provided to ▮▮▮▮ versus those offered to CommScope did not discriminate against or disadvantage CommScope.  Further, the jury was not required to accept (indeed, could not have accepted) CommScope's position that FRAND requires identical licensing terms for all licensees.  *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 486 (5th Cir. 2021) ("HTC's proposed instruction would transform the non-discrimination element of FRAND into a most-favored-licensee approach, which would require Ericsson to provide identical licensing terms to all prospective licensees."); *id*. at 488 ("HTC further argued that Ericsson's licenses with [other] companies . . . were much more favorable, but Ericsson presented additional evidence indicating that those companies were not similarly situated to HTC . . . The jury was not required to accept

HTC's arguments or evidence regarding valuation or non-discrimination.").

Lastly, CommScope argues that the jury "rejected TQ Delta's damages theory and returned a verdict that is incompatible with TQ Delta's prior licensing demands, thus demonstrating that TQ Delta's offers were not consistent with FRAND principles." Dkt. No. 553 at 2. However, as explained in TQD's Response, it can be reasonably inferred that the jury found that rates of ▮▮▮ per product for TQD's 100 patent portfolio would be FRAND, which are well over the rates TQD offered CommScope. *See* Dkt. No. 545 at 10-13. CommScope does not address this reasonable inference in its Reply.

### III. DR. PUTNAM'S DAMAGES THEORY DID NOT "VIOLATE" FRAND

CommScope continues to argue that it is entitled to JMOL because the damages model Dr. Putnam presented at trial "violated" FRAND. Dkt. No. 553 at 2. However, Dr. Putnam's proposed damages for CommScope's infringement is not an "offer" to CommScope and, therefore, was not constrained by the FRAND obligation. But this does not mean the royalty rate used in Dr. Putnam's damages model is not a rate consistent with FRAND terms.

Moreover, CommScope incorrectly asserts that TQD's position that its damages model is distinct from determining whether TQD breached its FRAND obligation is inconsistent with the law. Dkt. No. 553 at 2. The Fifth Circuit has clearly stated that "a breach-of-FRAND claim 'is not a patent law action' . . . and [t]he act of determining the value of a standard[ ]essential patent for purposes of calculating damages *is distinct* from assessing whether a particular offer made during unique licensing negotiations was fair and reasonable." *HTC Corp.*, 12 F.4th at 485 (quoting *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1040 (9th Cir. 2015)) (emphasis added). CommScope cites *Optis Wireless Tech. v. Apple Inc.*, No. 2:19-CV-00066-JRG, 2021 U.S. Dist. LEXIS 110317 (E.D. Tex. Apr. 14, 2021) in support of its position, but that case is a district court case that was decided before the Fifth Circuit's *HTC* decision.

3

CommScope also rehashes its argument that Dr. Putnam was wrong in believing that his opinions were not constrained by FRAND and that his "upward departure from [TQD's standard] rates based on his theory that FRAND does not constrain his opinions confirmed a breach of TQ Delta's FRAND obligations." Dkt. No. 553 at 2-3. Again, the law does not require that Dr. Putnam's opinions be "constrained" by FRAND. Regardless, consistent with the Court's instructions, Dr. Putnam testified that he did consider FRAND obligations in his model and compared his proposed damages figures to TQD's license to ▮▮▮ to confirm they were non-discriminatory. See 3/22/23 Tr. at 9:11-13:25, 25:15-26:22, 30:24-33:9, 48:24-52:12.

## IV. COMMSCOPE FAILED TO PROVIDE ANY EVIDENCE OF DAMAGES

CommScope does not – because it cannot – refute TQD's argument that CommScope did not meet its burden of presenting the jury with evidence of damages – a material element of a breach of contract claim. Instead, CommScope engages in hand waving. First, it argues that TQD "is simply rehashing issues previously decided by the Court during the informal charge conference and in the verdict form (which TQ Delta did not object to)." Dkt. No. 553 at 3. It is not at all clear what CommScope is referring to, but, regardless, it does not change the fact that CommScope did not put on evidence of damages at trial.

CommScope further argues that its "corporate representative testified as to the damages experienced by CommScope" and that "[c]onsistent with the evidence presented, the Court instructed the jury to 'award such an amount that would compensate CommScope for such breach.'" Dkt. No. 553 at 3. As TQD explained in its Response, however, CommScope's representative, at best, only vaguely referred to possible disruption – he did not state with any specificity that or how CommScope was damaged, and certainly not with the specificity required to meet the damages element of a breach of contract claim. See Dkt. No. 545 at 2-4. If all a party has to do in order to meet the damages element is have a witness vaguely refer to possible

business disruption, then the damages element might as well not exist. Thus, consistent with the Court's instructions, which required that CommScope demonstrate damages as a material element of its breach of FRAND claim, the jury found no breach. See 3/24/23 Tr. at 71:9-72:4.

CommScope further argues that TQD "twist[ed] CommScope's closing argument," which "was merely making it clear to the jury that CommScope was not seeking to profit from the lawsuit." Dkt. No. 553 at 3. TQD twisted nothing. Irrespective of whether CommScope was seeking to "profit" from the suit, TQD's point was that, even in its closing argument, CommScope could not point to any specific damages it had sustained due to TQD's alleged breach. See Dkt. No. 545 at 4; 3/24/23 Tr. at 101:12-15.

Lastly, CommScope asserts that the law "makes clear that a 'contractual obligation where mere proof of the making and breach fully proved plaintiff's cause of action' would entitle the plaintiff 'to recover at least nominal damages'" and that "TQ Delta['s] breach[ of its FRAND] obligation . . . in and of itself was enough to permit the jury to award nominal damages to CommScope." Dkt. No. 553 at 3-4. But there was more than sufficient evidence for the jury to find no breach occurred. Moreover, nominal damages are only available for non-economic harm, which CommScope has not at any time asserted. See Dkt. No. 545 at 5 n.1; *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-cv-313-WCB, 2012 U.S. Dist. LEXIS 105585, at *9-10 (E.D. Tex. July 30, 2012) ("The exception to the general availability of nominal damages is that they are not available when the harm is entirely economic and subject to proof."). Thus, even if CommScope had established breach – which it did not – it was not entitled to nominal damages.

## V. CONCLUSION

For at least the foregoing reasons, CommScope's JMOL motion should be denied.

███████████████████████████████

                                      Respectfully submitted,

Dated:  June 28, 2023               /s/ *Peter J. McAndrews*
                                            Peter J. McAndrews
                                            (*Pro hac vice*)
                                            pmcandrews@mcandrews-ip.com

                                            Rajendra A. Chiplunkar
                                            (*Pro hac vice*)
                                            rchiplunkar@mcandrews-ip.com

                                            David Z. Petty
                                            *(Pro hac vice*)
                                            dpetty@mcandrews-ip.com

                                            Ashley Ratycz
                                            (*Pro hac vice*)
                                            aratycz@mcandrews-ip.com

                                            **MCANDREWS, HELD & MALLOY, LTD.**
                                            500 West Madison St., 34th Floor
                                            Chicago, IL 60661
                                            Telephone: (312) 775-8000
                                            Facsimile: (312) 775-8100

                                            Anthony K. Bruster
                                            akbruster@brusterpllc.com
                                            Texas Bar No. 24036280

                                            Edward K. Chin
                                            ed@brusterpllc.com
                                            Texas Bar No. 50511688

                                            Andrew J. Wright
                                            andrew@brusterpllc.com
                                            Texas Bar No.24063927

                                            Shawn A. Latchford
                                            shawn@brusterpllc.com
                                            Texas Bar No. 24066603

                                            **BRUSTER PLLC**
                                            680 N. Carroll Ave., Suite 110
                                            Southlake, TX 76092
                                            (817) 601-9564 – Telephone

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com

Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com

Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com

**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Attorneys for Plaintiff TQ Delta, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served this June 28, 2023 on all counsel of record, each of whom is deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).

        /s/ *Peter J. McAndrews*
        Peter J. McAndrews