**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQ DELTA, LLC, | |
| *Plaintiff,* | Civil Action No.: 2:21-cv-310 |
| v. | |
| COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC, | |
| *Defendants*. | |

**COMMSCOPE'S SUR-REPLY TO PLAINTIFF TQ DELTA LLC'S MOTIONS FOR A
NEW TRIAL ON DAMAGES AND THE VALIDITY OF U.S. PATENT NO. 8,462,835
AND CONDITIONAL MOTION FOR A NEW TRIAL ON ADDITIONAL DAMAGES
(DKT. NO. 538)**

████████████████████████████████

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................1

     A.    The Cost Savings Instruction Was Legally Correct and Not Prejudicial.................1

     B.    TQ Delta Mischaracterizes Dr. Becker's Testimony .................................................4

     C.    No New Trial on the Validity of the 835 Patent Is Warranted ...............................5

III.  CONCLUSION......................................................................................................5

## I.       INTRODUCTION

TQ Delta's Reply (Dkt. 555) attempts to sidestep both the evidence presented at trial and the applicable law. *First*, TQ Delta fails to articulate—because it cannot—where it objected to the Court's Cost Saving Instruction and any authority establishing that the cost savings approach can be based on cost savings to a *third-party*. This limits the Court's review of the Cost Saving Instruction to plain error—a high standard that TQ Delta does even attempt to meet. *Second*, TQ Delta again attempts to re-write Dr. Becker's opinions to argue that he relied on unsupported conclusions regarding the SSPPU, but the record disproves TQ Delta's theory. *Third*, with respect to the 835 Patent, TQ Delta simply re-hashes its disagreement with the Court's *Daubert* ruling and raises new arguments not presented in its Motion. For these reasons, and the reasons stated below, no new trial is warranted and TQ Delta's motions should be denied.

## II.      ARGUMENT

### A.       The Cost Savings Instruction Was Legally Correct and Not Prejudicial

TQ Delta's Reply, much like its Motion, does not cite any legal precedent establishing that a cost savings approach can be based on cost savings to *a third-party downstream user* as opposed to the accused user or infringer. Instead, TQ Delta cherry picks quotes from *Hanson* and *Stickle* to stitch together its legal theory that the cost savings may be based on use of the accused products by AT&T, who is not a party to this action. TQ Delta has plucked quotes from these cases without comparing the facts of those cases with those here.

While TQ Delta claims that its proposed damages model and instruction was based on *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1080-81 (Fed. Cir. 1983), that is not so. The royalty in *Hanson* was based on "the estimated cost savings resulting from [defendant's] use of the infringing [] machines." *Id*. at 1081. The Federal Circuit's decision in *Hanson* did not genericize the beneficiary of the cost savings or endorse a cost savings method based on savings

to a third-party. Rather, the court explained that a cost savings approach based on the defendant's use of the infringing product is acceptable "*where other approaches (such as established royalty or lost profits) would be difficult*." *Id.* [1] To be clear, CommScope never "proposed an instruction based on *Hanson* genericizing the beneficiary of the cost savings" or "agreed with TQD's proposed modifications" as TQ Delta alleges. Reply at 2-3. CommScope proposed an instruction, citing *Hanson*, that made clear this approach is only appropriate when other approaches would be difficult to apply. *See* Dkt. 542-2. TQ Delta's reliance on *Stickle v. Heublein, Inc.*, 716 F.2d 1550 (Fed. Cir. 1983), fares even worse. There, the Federal Circuit rejected a use-based royalty based off the user's (and accused infringer's) use of the accused products because there was no evidence in the record that a willing licensor could have reasonably expected to secure a use royalty from either the maker or the user. Because there is no legal precedent endorsing TQ Delta's damages model, the Cost Savings Instruction is not erroneous. Also, the Court's alleged error was not "plain and obvious" (indeed, it was correct), could not have "affected TQD's substantial rights," and did not affect "the fairness, integrity, and reputation of the judicial proceedings." *See* Reply at 2.

Second, the Court's review of the Cost Savings Instruction should be limited to plain error review. Fifth Circuit law makes clear that "a party satisfies Rule 51 by specifically objecting to an instruction prior to the jury's deliberation and ***stating the reason for its objection***." *Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (holding that Kent satisfied 5th Circuit law on Rule 51 by objecting to the instruction and explaining ***why*** the instruction was erroneous). TQ Delta attempts to circumvent this requirement by arguing that its proposed modifications "clearly *indicated* the basis for the objection." Reply at 1. But TQ Delta's objection was not sufficient. A party must make a formal objection during the charge conference even if "it

---

[1] All emphasis added unless otherwise noted.

has already made its position clear to the district court." *Jimenez v. Wood County*, 660 F.3d 841, 846 n.7 (5th Cir. 2011) (observing that the prior exception that a party need not make a formal objection where it already made its position clear to the district court was no longer viable in view of the 2003 amendments to Rule 51). TQ Delta did not state **any** reason for the objection to the Cost Saving Instruction during the charge conference—let alone state that the instruction was allegedly legally erroneous because it instructed the jury that TQ Delta's damages model was based on CommScope's cost savings rather than a third party's like AT&T. What TQ Delta's proposed modifications **might** have indicated had they followed the language of Rule 51 does not cure the deficiency, and the fact that TQ Delta cites a host of other evidence outside of its stated objection (to try to describe what its objection "indicated") only underscores that TQ Delta never apprised the Court of the reason and basis for its objection.[2]

Lastly, there has been no prejudice to TQ Delta. The Court instructed the jury that "the parties have put on evidence of two different damages models in this case, and you may use *either* method to calculate reasonable royalty damages." Dkt. 534 at 59:12–16. The Court never told the jury that it could not base its damages on the cost-savings to AT&T or that TQ Delta's damages model could not be considered. Rather, the Court instructed the jury that it **could focus** on TQ Delta's cost savings approach. Therefore, the Court did not misstate TQ Delta's damages model (a cost saving approach), the law, or the jury's focus, as TQ Delta alleges. Just because the jury disagreed with TQ Delta's grossly inflated demands and rejected TQ Delta's damages number does not entitle TQ Delta to a new trial on damages.

---

[2] *See* Reply at 1 citing Dkt. 532 at 14:1–22:15, 102:20–105:16 (Dr. Putnam's testimony); Dkt. 346 at 6 (CommScope's Motion to Exclude Testimony of Dr. Putnam); Pre-Trial Tr. Vol. 1 at 72:1–11, 96:7–17, 97:22–99:25 (discussing CommScope's motion); Dkt. 496 at 5 (Order on CommScope's motion); Dkt. 533 at 74:9–23, 98:5–99:20, 243:17–245:9, 249:6–11 (Dr. Becker's testimony); Dkt. 542-2 (parties' emails with proposed instructions).

███████████████████████████████████████████

**B.      TQ Delta Mischaracterizes Dr. Becker's Testimony**

TQ Delta's Reply once again tries to re-write Dr. Becker's testimony. Dr. Becker testified, on cross-examination, that he believed that the SSPPU is the DSL chip (*see* Dkt. 533 at 131:25–132:3), but he also made clear that he did not need to rely on the SSPPU to conclude that the Aware license agreements were comparable. *Id*. at 143:16–144:5 ("I don't need the smallest saleable patent-practicing unit conclusion to reach the conclusion that the Aware licenses are relevant. And so there was no need to spend time with that in my testimony because it's not indicative or determinative of the conclusions I reach"); 144:15–23.   TQ Delta ignores this part of Dr. Becker's testimony that defeats their argument for a new trial. Notably, Dr. Becker did not need to opine that the DSL chipset is the SSPPU to rely on the agreements, as TQ Delta claims (*see* Reply at 4), because the agreements ███████████████████████████████████████████ ██████████████████████████████████████████. *Id.* at 89:17–24, 91:9–92:24, 93:7–11. Therefore, TQ Delta's claim that Dr. Becker's testimony hinged on the SSPPU should be rejected, and its motion should be denied on this basis alone.

And as to any reliance on the SSPPU, TQ Delta cannot credibly argue that the accused functionality is *not* found in the DSL chipset. At trial, including in testimony from TQ Delta's own experts, the evidence uniformly focused on the functionality found in the Broadcom chips. TQ Delta also cannot accurately claim that Dr. Becker did not provide details about his conversations with CommScope's technical experts since Dr. Becker testified about the very information he was provided during those conversations in response to Counsel's questions. For example, he testified that "they told me that all of the sort of inventive aspects of the patents that were being accused by TQ Delta's experts were found in the Broadcom chip." Dkt. 533 at 142:14-23. Accordingly, TQ Delta's motion for a new trial on damages lacks merit and should be denied.

███████████████████████████████

### C.      No New Trial on the Validity of the 835 Patent Is Warranted

TQ Delta's two-paragraph reply on the 835 Patent consists of: (1) a re-hashed disagreement with the Court's *Daubert* ruling, and (2) new arguments not raised in its Motion. The Court properly struck the relevant paragraphs from Dr. Madisetti's rebuttal report for "conflict[ing] with the Court's claim construction." Dkt. 496 at 4; Dkt. 548 ("Resp.") at 14. TQ Delta was not prejudiced by the Court's *Daubert* ruling because it could have cross-examined Mr. McNair regarding the Court's construction and because the *Daubert* ruling related to only one of the two asserted pieces of prior art. *See* Resp. at 15.

For the first time in its Reply, TQ Delta argues that the obviousness combination presented "could not serve as a basis for the jury's verdict" because Mr. McNair allegedly "provided no motivation to combine these references." Reply at 5. TQ Delta did not raise this argument in its Motion and should be precluded from asserting it on Reply. *See, e.g.*, *Wantou v. Wal-Mart Stores Tex.*, 2020 U.S. Dist. LEXIS 147595, at *47 (E.D. Tex. Mar. 12, 2020) ("It is black-letter law that arguments raised for the first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'") (internal citations omitted).[3] Further, CommScope presented ample evidence of motivation to combine ADSL and the Texas Instruments Contribution. *E.g.*, Dkt. 532 at 305:16-206:7, 311:18-312:24, 327:10-14. TQ Delta's Motion should be denied.

## III.     CONCLUSION

CommScope  requests that the Court deny TQ Delta's Motion for a New Trial on Damages and the Validity of U.S. Patent No. 8,462,835 and its Conditional Motion for a New Trial on Additional Damages for Infringement of U.S. Patent Nos. 8,462,835, 9,090,008, and 7,570,686.

---

[3] Notably, TQ Delta filed a separate motion for JMOL regarding validity of the 686 and 835 Patents, and while TQ Delta argued that CommScope failed to present a motivation to combine the prior art references asserted against the 686 Patent, TQ Delta did not include the same argument for the 835 Patent. *See* Dkt. 537 at 2, 9-11.

Dated this 29th day of June, 2023

Respectfully submitted,

By: */s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
M. Scott Stevens (NC Bar No. 37828)
Kirk T. Bradley (NC Bar No. 26490)
Stephen R. Lareau (NC Bar No. 42992)
Karlee N. Wroblewski (NC Bar No. 55043)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
Mary I. Riolo (NC Bar No. 59644)
ALSTON & BIRD LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28283-6818
Email: ross.barton@alston.com
        scott.stevens@alston.com
        kirk.bradley@alston.com
        stephen.lareau@alston.com
        karlee.wroblewski@alston.com
        nic.marais@alston.com
        erin.beaton@alston.com
        mary.riolo@alston.com
Telephone: 704-444-1000
Facsimile: 704-444-1111

Michael C. Deane (GA Bar No. 498195)
Katherine M. Donald (GA Bar No. 753449)
ALSTON & BIRD LLP
1201 West Peachtree St. Suite 4900
Atlanta, GA 30309
Email: michael.deane@alston.com
katie.donald@alston.com
Telephone: 404-881-7000
Facsimile: 404-881-7777

Katherine G. Rubschlager (Cal. Bar No. 328100)
ALSTON & BIRD LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
Email: katherine.rubschlager@alston.com
Telephone: 650-838-2004
Facsimile: 650-838-2001

Darlena Subashi (NY Bar No. 5780747)

ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543 (fax)
E-Mail: ddacus@dacusfirm.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Douglas J. Kline
Lana S. Shiferman
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com
clarochelle@goodwinlaw.com

Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P: (415) 733-6000
F: (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

7

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

Attorneys for Defendants
CommScope Holding Company, Inc,
CommScope Inc., ARRIS US Holdings, Inc.,
ARRIS Solutions, Inc., ARRIS Technology,
Inc., and ARRIS Enterprises, LLC

***Counsel for Defendants CommScope Holding
Company, Inc., CommScope Inc., ARRIS US
Holdings, Inc., ARRIS Solutions, Inc., ARRIS
Technology, Inc., and ARRIS Enterprises,
LLC***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on June 29, 2023.

<u>/s/ <em>Ross R. Barton</em></u><br>
Ross R. Barton