IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>　　Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br>　　Defendants. | § § § § § § § § § § § § § § | JURY TRIAL DEMANDED<br><br><br>Civil Action 2:21-cv-310-JRG |

**PLAINTIFF TQ DELTA, LLC'S OPPOSED MOTION FOR ISSUANCE OF WRIT OF EXECUTION AGAINST COMMSCOPE DEFENDANTS**

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Plaintiff TQ Delta, LLC. ("Plaintiff" or "TQ Delta"), files this Motion for Issuance of Writ of Execution against Defendants CommScope Holding Company, Inc., CommScope, Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc., and Arris Enterprises, LLC (collectively, "CommScope" or "Defendants"). Plaintiff seeks issuance of a writ of execution authorizing the U.S. Marshal to seize and take possession of any funds, assets, property, or credits in Defendants' possession in full or partial satisfaction of the Final Judgment entered on May 3, 2023 ("Judgment"; Dkt. No. 513) against Defendants. As of the instant filing date, April 9, 2024, the amount due and owing to satisfy the Final Judgment consists of:

**Damages Award: $11,125,000.00** as a reasonable royalty for Defendants' infringement;

**Costs: $246,208.25** in Plaintiff's costs (Dkt. Nos. 513, 535);

**Pre-judgment Interest: $4,417,597.25** in prejudgment interest, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement, November 18, 2008, through the date of entry of the Final Judgment, May 3, 2023. (Ex. A, McAndrews Declaration at 2-4); and

**Post-Judgment Interest[1]: $700,313.55** in post-judgment interest, pursuant to 28 U.S.C. § 1961, calculated from the date of entry of the Final Judgment, May 3, 2023, until the instant filing date, April 9, 2024, of this motion at the rate of 4.72 percent per annum. Pursuant to 28 U.S.C. § 1961(b), annual compounding of interest will accrue on any unsatisfied judgment upon the first and subsequent yearly anniversaries of the May 3, 2023 Judgment.[2] (Ex. A at 4-6). Thus, post-judgment interest, at the rate of 4.72 percent per annum, will accrue on any unsatisfied judgment in the amount of $2,041.73 per day for the May 3, 2023 to May 3, 2024 period and in the amount of $2,138.10 per day for the May 4, 2024 to May 3, 2025 period.

In sum, the Total Amount due and owing, as of the instant filing date, April 9, 2024, is **$16,489,119.05** U.S. Dollars. (Ex. A at 6).

The Defendants have not paid any part of the Judgment, have not sought to stay execution of the Judgment, and have not posted a supersedeas bond sufficient to secure the Judgment that is necessary to obtain a stay of execution of the Judgment. Defendants have been persistently unresponsive to Plaintiff's efforts to confer regarding a bond. Instead, Defendants have attempted to shift their liability for the Judgment onto non-party Vantiva, S.A. ("Vantiva") by telling Plaintiff

---

[1] Post-judgment interest is "applicable to all sums awarded here . . . from the date of entry of this Judgment until paid." (Dkt No. 513 at 3).
[2] *See* 28 U.S. § 1961(b) ("Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.").

that Vantiva should be responsible for the Judgment while doing nothing to ensure that Vantiva takes on that responsibility or does so in a way that would satisfy Plaintiff or this Court. Accordingly, Plaintiff respectfully requests that the Court grant its motion.

## I. FACTS

**A.    The Judgment**

On May 3, 2023, after a jury trial[3], this Court entered Final Judgment in TQ Delta's favor against CommScope Holding Company, Inc., CommScope, Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc., and Arris Enterprises, LLC, in the amount of $11,125,000.00 U.S. Dollars as a reasonable royalty for Defendants' infringement, to be paid in a onetime lump sum (Dkt. No. 513). TQ Delta was also awarded costs, prejudgment interest and post-judgment interest. *Id*. at 3. On May 31, 2023, pursuant to Plaintiff's Notice Regarding Agreed Bill of Costs (Dkt. No. 524), the Court ordered that Plaintiff shall recover from Defendants costs in the amount of $246,208.25. (Dkt. No. 535).

Pursuant to Texas law, the Judgment is still valid and not dormant because it has been more

---

[3] On August 13, 2021, TQ Delta, LLC filed its complaint for patent infringement against Defendants asserting infringement of nine U.S. patents, specifically: United States Patent Nos. 7,570,686 (the "'686 Patent"), 7,453,881 (the "'881 Patent"), 7,844,882 (the "'882 Patent"), 8,276,048 (the "'048 Patent"), 8,090,008 (the "'008 Patent"), and 8,462,835 (the "'835 Patent"), 8,468,411 (the "'411 Patent"), 9,154,354 (the "'354 Patent"), and 10,833,809 (the "'809 Patent") (Dkt. No. 1).
    On March 17, 2023, a jury trial commenced in this case on seven of Plaintiff's Asserted Patents. On March 24, 2023, the jury returned its unanimous verdict finding that the Defendants infringed Claim 17 of the '881 Patent, Claim 5 of the '048 Patent, Claim 18 of the '411 Patent, and Claim 10 of the '354 Patent; that CommScope did not infringe Claim 14 of the '008 Patent; that CommScope's infringement of the Infringed Claims was willful; that Claim 36 of the '686 Patent and Claim 10 of the '835 Patent are invalid; that Claim 14 of the '008 Patent and Claim 5 of the '048 Patent are not invalid; that TQ Delta did not breach its contractual duty to grant licenses regarding its Standard Essential Patents to CommScope on FRAND terms; and awarded damages to TQ Delta in the sum of $11,125,000.00 U.S. Dollars as a reasonable royalty for CommScope's infringement, to be paid in a onetime lump sum. (Dkt. Nos. 508, 513).

than 30 days since the Judgment was entered by the Court and less than ten years since entry of judgment. *See* Tex. Civ. Prac. & Rem. Code § 34.001(a).

**C.    Defendants have neither paid the Judgment nor sought to stay execution of Judgment.**

As of the instant filing date, April 9, 2024, it has been 343 days since the entry of the Judgment, 55 days since entry of the orders disposing of the last of the post-trial motions, and Defendants have failed to pay the Judgment or seek a stay of execution of said Judgment.

On March 8, 2024, Plaintiff sent a letter to Defendants requesting payment of the Judgment. (Exh. B). On March 15, 2024, the Defendants informed Plaintiff that it would not agree to pay the Judgment and asserted, erroneously, that "[s]hould either TQ Delta or CommScope file such a notice [of appeal], execution of judgment will almost certainly be stayed." (Ex. C). Defendants did not express any intention to seek a court-approved bond necessary to stay execution.

The Defendants also appeared to attempt to shift their liability for the Judgment onto non-party Vantiva S.A. ("Vantiva"), which was never involved in the above-captioned case. (Ex. C at fn. 1 - "Although this letter makes reference to CommScope, ownership of the Home Networks division of CommScope responsible for the accused products and liability associated with this case transferred to Vantiva S.A. on January 9, 2024."). Their attempt to shift liability to Vantiva is contrary to law – each and all of the named Defendants are responsible for the full amount of the Judgment.  It is also contrary to Defendants' representation in a December 13, 2023 letter in which they stated, "And I can confirm that the pending [CommScope-Vantiva] transaction is in no way an attempt to prevent recovery of the Judgment and that Vantiva was previously made aware of the litigation and the Judgment."[4] (Ex. E).

---

[4] Defendants' December 13, 2023 letter was in response to Plaintiff's December 4, 2023 letter wherein Plaintiff stated it was "very concerned that this purported sale and its timing are substantially motivated by CommScope's desire to avoid or limit its liability arising from the

To date, the Defendants have not sought a stay of execution of the Judgment. And Vantiva has been silent about its willingness, if any, to satisfy the Defendants' liability for the Judgment.

**D.      Defendants have not posted a bond**

The Defendants have not sought the Court's approval of a supersedeas bond sufficient to secure the Judgment in an attempt to stay execution of the Judgment. They have also been persistently unresponsive to Plaintiff's efforts to meet and confer regarding a bond.

On March 15, 2024, the Plaintiff filed a Notice of Appeal (Dkt No. 573) and so did the Defendants (Dkt. No. 575). Later that day, Plaintiff emailed the Defendants asking if they intended to post a supersedeas bond, reminded them that a stay does not result from filing a notice of appeal if they do not post a bond, and requested a response to the email. (Ex. D).

The 30-day automatic stay period that is prescribed by Fed. R. Civ. P. 62(a) lapsed on March 18, 2024.

On March 22, 2024, because Defendants had not responded, Plaintiff emailed the Defendants requesting a meet and confer regarding the Defendants' failure to make payment on the Judgment or secure a supersedeas bond and informing them that Plaintiff intended to seek relief from the Court, including a Writ of Execution. (Ex. D).

On March 26, 2024, Plaintiff's counsel called Defendants' counsel, Mr. Ross Barton of

---

March 24, 2023 jury verdict and judgment in favor of TQ Delta" and asked Defendants to "confirm in writing that no aspect of the CommScope-Vantiva transaction and actions related to it will in any way jeopardize CommScope's ability to pay the TQ Delta Judgment and that CommScope will not attempt to avoid or limit its liability under that judgment through the CommScope-Vantiva transaction or any other purported business transaction involving another party." (Ex. F).

On December 19, 2023, Plaintiff, responding via letter to Defendants' December 13, 2023 letter, stated, "TQ Delta will defer for now, without prejudice, its discovery request given your representation on behalf of CommScope that 'the pending transaction is in no way an attempt to prevent recovery of the Judgment, and that Vantiva was previously made aware of the litigation and the Judgment.'" (Ex. G).

Alston & Bird, who stated that he understood from speaking with another of Defendants' counsel, Mr. Brett Schuman[5] of Goodwin Procter LLP, that **non-party Vantiva** was working on arranging a supersedeas bond that was expected to be submitted for approval to the Court in the next few days. Mr. Barton could not provide any specific details about a potential bond and referred Plaintiff's counsel to Mr. Schuman. Later that day, Plaintiff's counsel emailed Mr. Schuman to ask for information about the supposedly arranged bond and requested a meet and confer about the bond particulars, including timing, amount, and parties for whom the bond is being posted. (Ex. D).

On March 29, 2024, because Defendants had not responded to Plaintiff's request for a meet and confer and still had not submitted a bond for the Court's approval, Plaintiff again emailed Defendants requesting a meet and confer and gave Defendants notice that "If we don't hear from you, TQ Delta will have to assume that the Defendants are unwilling to confer on these issues and we will so inform the Court at the appropriate time." (Ex. D).

On April 5, 2024, Defendants' counsel, Mr. Andrew Ong, offered to meet and confer the following week to "discuss the bond/security issue," but failed to indicate whether Defendants intended to seek a bond. (Ex. D). In response, Plaintiff's counsel asked, "Do your clients intend to post a bond or not?" and to confer immediately.  Neither Mr. Ong, Mr. Schuman, nor any other of Defendants' counsel provided a response until the parties finally held a meet and confer phone call on April 9, 2024. *Id*.

During the parties' April 9, 2024 meet and confer phone call, Defendants' counsel reiterated Defendants' disagreement with the amount of the judgment as calculated by Plaintiff

---

[5] Mr. Schuman and Goodwin Procter LLP filed the Defendants' Notice of Appeal. (Dkt. No. 575) and remains the Defendants' counsel in this case and in its appeal. It is unclear to Plaintiff if Mr. Schuman and Goodwin Procter LLP also represent non-party Vantiva.

and informed Plaintiff for the first time that, instead of posting a supersedeas bond, the Defendants intended to put money into an escrow account. When asked who the Defendants proposed as an escrow agent, Defendants' counsel could not provide that information. When asked why the Defendants were not seeking a bond, the response was that the Defendants believed that the fee for obtaining a bond was unacceptable. The Defendants' counsel did not provide any information regarding whether Defendants ever actually sought a bond from a bonding company (and, if so, when they began that process), whether Defendants were unable to obtain a bond (and if denied a bond, the reasons for the denial), the amount of the fee for a bond that was allegedly unacceptable to Defendants, and whether Defendants had even started the process of identifying an escrow agent. The parties reached an impasse given that it was clear that Defendants had no intention of posting a bond, disputed the amount of the judgment, and, despite satisfaction of the judgment or posting of a bond being long past due, had no concrete plans for any adequate security.

Plaintiff files this motion because, as of the date of the instant filing, April 9, 2024, no bond or other adequate security has been submitted by Defendants for the Court's approval.

## II.  APPLICABLE LAW

**A.    Enforcing a Judgment via Writ of Execution**

Rule 69 of the Federal Rules of Civil Procedure provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a)(1); *see also Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) ("The federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located.").

Under Texas law, a judgment creditor "must seek enforcement of [a] judgment via writ of

execution." *Weyend v. Hubman Found., et al.*, Case No. 4:06-cv-00343-ALM, 2017 U.S. Dist. LEXIS 109943, at *3 (E.D. Tex. July 14, 2017). "Execution is a method of enforcing a judgment." *Id.* (citing Tex. R. Civ. P. 621; *In re Andrews*, 239 F.3d 708, 711 (5th Cir. 2001)).

Texas law explains that "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code § 31.002(a). Among other things, "[t]he court may . . . order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." Tex. Civ. Prac. & Rem. Code § 31.002(b)(1).

The Texas Rules of Civil Procedure provide that "the clerk of court . . . shall issue the execution upon such judgment upon application of the successful party or his attorney after the expiration of thirty days from the time a final judgment is signed." Tex. R. Civ. P. 627.

**B.     Stays on Execution of a Judgment**

Rule 62(a) of the Federal Rules of Civil Procedure provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a).

Rule 62(b) of the Federal Rules of Civil Procedure provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "The text of the rule does not provide for a mandatory stay upon posting of a supersedeas bond, but courts, including this one, have

recognized that in an initial substantive appeal, '[a] party taking an appeal from the district court is entitled to a stay of any money judgment, 'as a matter of right,' upon posting a supersedeas bond sufficient to secure the judgment.'" *Packet Intel. LLC v. NetScout Sys.*, Civ. No. 2:16-CV-00230-JRG, 2023 U.S. Dist. LEXIS 3533, *11 (E.D. Tex. Jan. 7, 2023) (quoting *Mondis Tech., Ltd. v. Chimei Innolux Corp.*, Civ. No. 2:11-cv-378-JRG, 2012 U.S. Dist. LEXIS 60004, at *23 (E.D. Tex. Apr. 30, 2012). "Thereafter, the Court has discretion to grant a stay or to order enforcement on a judgment, even where additional appeals may be pending." *Id*. (citing *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572 (Fed. Cir. 1991)).

### III.  ARGUMENT

Plaintiff requests the issuance of a writ of execution in accordance with federal and state law. Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment is to be enforced by a writ of execution, and procedures in connection with the same and are to be in accord with the procedure of the state where the court is located. Under Texas law, a judgment creditor "must seek enforcement of [a] judgment via writ of execution." *Weyend v. Hubman Found., et al.*, Case No. 4:06-cv-00343-ALM, 2017 U.S. Dist. LEXIS 109943, at *3 (E.D. Tex. July 14, 2017). "Execution is a method of enforcing a judgment." *Id*. (citing Tex. R. Civ. P. 621; *In re Andrews*, 239 F.3d 708, 711 (5th Cir. 2001)).

The Defendants have not submitted for this Court's approval a supersedeas bond sufficient to secure the Judgment, pursuant to Local Rule Cv-62, that is necessary to obtain a stay of execution of the Judgment pending appeal. *See Packet Intel. LLC*, at *11. Moreover, Defendants have confirmed that they will not post a bond, which is required to stay execution of the Judgment. Instead, Defendants have attempted to shift their liability for the Judgment onto non-party Vantiva by telling Plaintiff that Vantiva should be responsible for the Judgment while doing nothing to

ensure that Vantiva takes on that responsibility or does so in a way that would satisfy Plaintiff or this Court.

By representing to Plaintiff in their December 13, 2023 letter that "the pending [CommScope-Vantiva] transaction is in no way an attempt to prevent recovery of the Judgment," it would be fair for the Court to hold the Defendants to their word and execute the Judgment against them. (Ex. E).  It would be unfairly prejudicial to Plaintiff if the Defendants can avoid execution of the Judgment based on Defendants' apparent refusal to obtain a bond because the fee (the amount of which Defendants did not disclose to the Plaintiff) for obtaining a bond is allegedly unacceptable to the Defendants. The Defendants had ample opportunity to avoid the necessity of this motion. It is time for the Court to give the Defendants that which they have accepted the risk of happening by failing to obtain a bond to stay execution of the Judgment, and that is for this Court to issue a writ of execution.

Accordingly, Plaintiff requests that the Court issue a Writ of Execution to satisfy the above debt, which has yet to be paid by Defendants.

## IV.  CONCLUSION

Pursuant to Federal Rule of Civil Procedure 69(a) and Texas law, Plaintiff TQ Delta, LLC., requests issuance of a Writ of Execution against Defendants CommScope Holding Company, Inc., CommScope, Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc., and Arris Enterprises, LLC. TQ Delta attaches a proposed order, which includes its proposed Writ of Execution.[6]  TQ Delta has also included a Writ of Execution in the form that complies with Form DC 11, which is available on the Court's website. *See* https://txed.uscourts.gov/?q=forms/civil.

---

[6] Plaintiff requests that the Court modify (if appropriate) the writ to reflect the amount due and owing as of the date the writ is issued by the Court to account for the accrual of post-judgment interest pursuant to 28 U.S.C. § 1961.

Dated: April 9, 2024                                Respectfully submitted,

                                                    By:      /s/ Peter J. McAndrews

   **Peter J. McAndrews**
   (*Pro hac vice*)
   pmcandrews@mcandrews-ip.com

   **Rajendra A. Chiplunkar**
   (*Pro hac vice*)
   rchiplunkar@mcandrews-ip.com

   **David Z. Petty**
   *(Pro hac vice*)
   dpetty@mcandrews-ip.com

   **MCANDREWS, HELD & MALLOY, LTD.**
   500 West Madison St., 34th Floor
   Chicago, IL 60661
   Telephone: (312) 775-8000
   Facsimile: (312) 775-8100


   **Edward K. Chin**
   ed@brusterpllc.com
   Texas Bar No. 50511688

   **Anthony K. Bruster**
   akbruster@brusterpllc.com
   Texas Bar No. 24036280

   **Andrew J. Wright**
   andrew@brusterpllc.com
   Texas Bar No.24063927

   **Shawn A. Latchford**
   shawn@brusterpllc.com
   Texas Bar No. 24066603

   **BRUSTER PLLC**
   680 N. Carroll Ave., Suite 110
   Southlake, TX 76092

(817) 601-9564 – Telephone

**ATTORNEYS FOR PLAINTIFF
TQ DELTA, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this April 9, 2024 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 9th day of April, 2024.

*/s/ Peter J. McAndrews*
Peter J. McAndrews

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on April 9, 2024, Plaintiff's counsel (Peter McAndrews, Edward Chin) conferred by phone with Defendants' counsel (Andrew Ong, Ross Barton, Craig Lytle) to discuss the subject and relief requested in Plaintiff's motion (*e.g.,* issuance of a writ of execution against the Defendants). The parties agreed that they have reached an impasse. The Defendants oppose Plaintiff's motion.

*/s/ Peter J. McAndrews*
Peter J. McAndrews