## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE, INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br><br>*Defendants*. | Civil Action No.: 2:21-cv-310-JRG |

## CORRECTED JOINT MOTION FOR DETERMINATION

## OF PREJUDGMENT INTEREST

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS** ................................................................................................. *i*

**TABLE OF AUTHORITIES** ......................................................................................... *ii*

**I.      INTRODUCTION** ..................................................................................................1

**II.     BACKGROUND** ....................................................................................................1

**III.    PLAINTIFF TQ DELTA'S POSITION** ............................................................2

    A.  The appropriate prejudgment interest amount is $4,417,597.25 ...................................2

    B.  The total amount that should be held in the Court's Registry is $18,946,816.60..........6

**IV.     DEFENDANTS' POSITION** ................................................................................7

    A.  Prejudgment interest does not accrue before August 13, 2015.....................................7

    B.  The amount required by Local Rule CV-62(a)...........................................................12

**IV.     CONCLUSION** ...................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
   923 F.2d 1576 (Fed. Cir. 1991) ....................................................................................8

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
   807 F.2d 964 (Fed. Cir. 1986)................................................................................4, 11

*Comcast IP Holdings I LLC v. Spring Commc'ns Co., L.P.*,
   850 F.3d 1302 (Fed. Cir. 2017).........................................................................2, 3, 4, 10

*Finesse Wireless LLC v. AT&T Mobility LLC*,
   No. 2:21-CV-00316-JRG, 2023 U.S. Dist. LEXIS 153503 (E.D. Tex. Aug. 30, 2023)......4

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
   Civ. No. 4:14-CV-00371-ALM, 2017 U.S. Dist. LEXIS 63976,
   2017 WL 1716589 (E.D. Tex. Apr. 27, 2017).........................................................5, 7, 8, 9

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ..........................................................................................10

*Opticurrent, LLC v. Power Integrations, Inc.*,
   2019 U.S. Dist. LEXIS 94615, 2019 WL 2389150 (N.D. Cal. June 5, 2019)
   *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020) ............................................................5, 9, 10, 11

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
   959 F.3d 1065 (Fed. Cir. 2020)..................................................................................2, 5, 11

*Transmatic, Inc. v. Gulton Indus., Inc.*,
   180 F.3d 1343 (Fed. Cir. 1999)...........................................................................................8

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
   187 F. Supp. 3d 306 (D. Mass. 2016) .....................................................................5, 9, 10

## <u>Statutes & Rules</u>

28 U.S.C. § 286...........................................................................................................3, 5, 6, 9, 10

Local Rule CV-62 ...........................................................................................................1, 6, 7, 12

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62(b), Local Rule CV-62, and the Court's April 26, 2024 Order (Dkt. No. 584), Plaintiff TQ Delta, LLC ("TQ Delta") and Defendants (collectively, the "Parties") jointly respectfully request that the Court resolve the Parties' disputes concerning the appropriate amount of the prejudgment interest and the total amount of funds that will go into the Court's Registry consistent with Local Rule CV-62.

Pursuant to the Court's April 26, 2024 Order (Dkt. No 584), the amount of funds deposited into the Court's Registry thus far is $11,371,208.25 (Dkt. No. 585), which excludes the amounts in dispute. TQ Delta's position is that the appropriate amount of the prejudgment interest is **$4,417,597.25**, and that the total amount of funds that should be deposited in the Registry is **$18,946,816.60**. Defendants' position is that the appropriate amount of the prejudgment interest is **$1,414,071.03**, and that the total amount of funds that should be deposited in the Registry is **$15,342,585.14**. The Court's decision will ensure that there is a "bond or other security staying execution of a money judgment" required by L.R. CV-62.

## II.     BACKGROUND

On May 3, 2023, this Court entered Final Judgment in the above-captioned action. The Court awarded TQ Delta $11,125,000.00 in reasonable royalty damages, plus "pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment," post-judgment interest, and costs. (Dkt. No. 513, ¶¶ 7, 9-11). On May 31, 2023, the Court ordered that TQ Delta shall recover $246,208.25 in costs. (Dkt. No. 535).

Through this motion, the Parties "ask[] the Court to resolve the Parties' disputes concerning the appropriate amount of the prejudgment interest and the total amount of funds that will go into the Registry consistent with Local Rule CV-62."  (Dkt. No. 584 ¶ c.).  Vantiva SA, on behalf of

Defendants, has already deposited $11,371,208.25 (the First Deposit) into the Court's Registry. (Dkt. No. 585). The Court's decision here will determine the remaining amount (the Second Deposit) to be deposited by Vantiva, on behalf of Defendants.

## III.   PLAINTIFF TQ DELTA'S POSITION

This motion is necessary because, although the Final Judgment clearly states prejudgment interest applies "to all sums awarded herein . . . from the date of infringement through the date of entry of this Judgment," Defendants insist, incorrectly, that interest does not accrue "from the date of infringement" but from the date that is six years prior to the filing of the complaint. The appropriate amount of prejudgment interest is **$4,417,597.25**, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement, November 18, 2008, through the date of entry of the Final Judgment, May 3, 2023. (Ex. A, McAndrews Declaration at ¶¶ 3-6). The total amount that should be deposited into the Registry is **$18,946,816.60**.

### A.  The appropriate prejudgment interest amount is $4,417,597.25.

Because the first date of infringement is November 18, 2008, the prejudgment interest amount is $4,417,597.25. "Where a jury awards a lump-sum amount as compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020); *Comcast IP Holdings I LLC v. Spring Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017) (awarding prejudgment interest from the hypothetical negotiation date). Prejudgment interest is calculated based on: (a) the amount of damages on which prejudgment interest accrues; (b) the date on which interest begins accruing, *i.e.,* the date of infringement; (c) the date on which interest stops accruing, *i.e.,* the date of entry of judgment; and (d) the compounding rate and period, *i.e.,* 5-year U.S. Treasury Bill rate, compounded quarterly.

**First**, because the jury awarded a lump sum reasonable royalty, and the Court awarded

prejudgment interest "to all sums awarded herein" (Dkt. No. 513, at 2-3), the amount of damages on which prejudgment interest accrues is the jury's full award of $11,125,000.00.

**Second**, because the Court awarded prejudgment interest beginning "from the date of infringement," which is November 18, 2008, prejudgment interest began accruing on that date. *Id*. "Prejudgment interest runs from the earliest date of infringement for any patent issued at the time of the hypothetical negotiation." *Comcast IP*, 850 F.3d at 1315. Defendants infringed the '881 Patent, which is the first issued (November 18, 2008) patent of the asserted patents. (Dkt. No. 513, at 1). The date of first infringement is undisputed. Defendants' damages expert, Stephen Becker, Ph.D., testified that the earliest issue date of an infringed patent and the hypothetical negotiation date was in November 2008. (Ex. A-2, Trial Tr. Vol. 5 (3/23/23), at 76:19-77:1).[1]

Defendants waived their argument that prejudgment interest does not begin accruing from the date of infringement. They have known since May 3, **2023** that the Judgment states "from the date of infringement," but they never objected or sought an amendment under Rule 59(e) to change it. Even if there has been no waiver, Defendants are incorrect. 35 U.S.C. § 286 does not preclude the recovery of prejudgment interest accruing more than six years before the filing of the complaint. Instead, it states, "[n]o **recovery** shall be had **for any infringement** committed more than six years prior to the filing of the complaint …." *Id*. Titled "Time Limitation on Damages," 35 U.S.C. § 286 narrows the recoverable damages period, but it does not change the infringement period, the date that infringement begins, or the date used as the beginning point for accruing prejudgment interest. Following the Court's instruction to "not award damages for activities before

---

[1] **Q.** And when - when does this hypothetical negotiation occur?
  **A.** So as I said, it's - we're putting these parties at the table back when the - right before they would need a license. And in this case **the facts indicate that that would be in November of 2008. The first of these seven patents issued in November of 2008, and so that's what sort of triggers the need for a negotiation**. (emphasis added)

the damages period begins," the jury awarded a lump sum of $11,125,000.00. Given the lump sum award, "the prejudgment interest is properly applied to the entire amount [$11,125,000.00] beginning on the first date of the infringement." *See Finesse Wireless LLC v. AT&T Mobility LLC*, No. 2:21-CV-00316-JRG, 2023 U.S. Dist. LEXIS 153503, *11 (E.D. Tex. Aug. 30, 2023). Calculating prejudgment interest from November 18, 2008, as the hypothetical negotiation assumes, fulfills the "purpose of prejudgment interest [which] is to compensate the patentee for its 'foregone use of the money [the royalty payments] between the time of the infringement and the date of the judgment.'" *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) ("[T]he purpose of prejudgment interest . . . is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'").

TQ Delta has not found, nor have Defendants, any Federal Circuit case addressing this precise issue. *Comcast IP Holdings I LLC v. Sprint Communs. Co.,* L.P., 850 F.3d 1302, 1313-14 (Fed. Cir. 2017) is most analogous. In *Comcast IP*, the Federal Circuit approved the accrual of prejudgment interest beginning in 2006 (first issue date of three infringed patents), the undisputed hypothetical negotiation date, which preceded by six years the issue dates of the other two infringed patents (although none of the three patents' issue dates preceded the complaint by six years). *Id.* ("[T]he jury was told that the lump sum royalty payment should run from the date of the earliest relevant hypothetical negotiation."). This case supports TQ Delta's position because, while no damages accrued beginning in 2006 for the two 2012-issued patents, and no damages were included in the award for that timeframe for those patents, prejudgment interest accrued for the entire lump sum award beginning from when it hypothetically would have been made.

Defendants have overlooked how the critical lump sum versus running royalty aspect of a

damages award impacts the timing of prejudgment interest. Defendants incorrectly treat the jury's award as a running royalty. Of course, when the jury awards a running royalty and, under 35 U.S.C. § 286, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint," there would be no amount of money to which prejudgment interest could be applied more than six years prior to the complaint. On the other hand, where a lump sum is awarded as it was here, it is understood, for determining when prejudgment interest begins to accrue, that the Plaintiff would have hypothetically received the entire lump sum before the date infringement began, and prejudgment interest on the entire lump sum will begin to accrue on that date. *Schwendimann*, 959 F.3d at 1076. The fact that infringement began more than six years prior to the complaint does not change this result because 35 U.S.C. § 286 only imposes a time limitation on damages, but does not prevent a lump sum from hypothetically being paid beginning from the date of infringement even if that date is more than six years before the complaint.

The Defendants' primary case, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, Civ. No. 4:14-CV-00371-ALM, 2017 U.S. Dist. LEXIS 63976, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017) is inapposite. The jury awarded a running royalty, not a lump sum. *See id.* at *8. (awarding an ongoing royalty; "[n]othing in the jury instructions or the verdict form specified that the jury's award was to compensate Plaintiff for ongoing or future infringement"). Similarly, *Opticurrent, LLC v. Power Integrations, Inc.*, 2019 U.S. Dist. LEXIS 94615, 2019 WL 2389150, at *20 (N.D. Cal. June 5, 2019), *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020), is also inapposite because it involved a running royalty, not a paid-up lump sum. *See* Ex. B, Verdict Form. As for *Trs. of Boston Univ. v. Everlight Elecs. Co.*, which involved a lump sum award, the court relied on 35 U.S.C. § 286, but the date of first infringement was not a settled issue, unlike here. 187 F. Supp. 3d 306, 322 (D. Mass. 2016) ("First, the parties did not stipulate to January 2000 as the date of

infringement."). The court also relied on 35 U.S.C. § 287 and a jury instruction that "[d]amages commence on the dates that each of [the defendants] have both infringed and been notified of the alleged infringement of the [patent-in-suit]."). *Id*.

Defendants' argument that TQ Delta is attempting to double dip on damages is meritless. The jury followed the Court's instruction to "not award damages for activities before the damages period begins" and awarded a lump sum of $11,125,000.00. That award is from a damages period dictated by 35 U.S.C. § 286, and it is the amount or base upon which prejudgment interest should be applied. TQ Delta is not, as Defendants allege, seeking damages in this case for infringement occurring from November 18, 2008 to August 13, 2015 (six years before the complaint).

**Third**, the date on which prejudgment interest stops accruing is May 3, 2023—the date of entry of the Judgment. (Dkt. No. 513 at 3).

**Fourth**, prejudgment interest is "calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly." *Id*. The St. Louis Federal Reserve website shows that the 5-year U.S. Treasury Bill rate as of November 17, 2008 was 2.32%. (Ex. A, at ¶ 5). Thus, 2.32% is the appropriate interest rate for calculating the prejudgment interest.

Thus, the total amount of prejudgment interest accrued from the date of infringement (*i.e.,* hypothetical negotiation date) to the date of entry of judgment is **$4,417,597.25**. (Ex. A, at ¶ 6).

### B.  The total amount that should be held in the Court's Registry is $18,946,816.60.

The total amount of funds that should be deposited into the Court's Registry is **$18,946,816.60**, consistent with L.R. CV-62.[2]  As of the May 3, 2023 Final Judgment, the amount of the judgment is $15,788,805.50, which is the sum of (a) the damages award of $11,125,000.00;

---

[2] L.R. CV-62 ("[a] bond or other security staying execution of a money judgment shall be in the amount of the judgment, **plus** 20% of that amount to cover interest and any award of damages for delay, **plus** $250.00 to cover costs.") (emphasis added).

(b) $246,208.25 in costs; and (c) in $4,417,597.25 in prejudgment interest. Twenty percent (20%) of the amount of the judgment ($15,788,805.50) is $3,157,761.10. The total amount that should be deposited into the Court's Registry, consistent with L.R. CV-62, is **$18,946,816.60,** as shown:

|  |  |  |
|---|---|---|
|  | $15,788,805.50 | Amount of the Judgment (as of May 3, 2023) |
|  | $ 3,157,761.10 | 20% of the Amount of the Judgment per L.R. CV-62 |
| + | $        250.00 | "To cover costs" per L.R. CV-62 |
|  | **$18,946,816.60** | **Total Amount that Should Be Deposited in the Registry** |

Because a First Deposit of $11,371,208.25 has already been deposited into the Court's Registry, TQ Delta respectfully requests that the Court order that the remaining balance ("Second Deposit") of $**7,575,608.35** be deposited by Vantiva SA, on behalf of Defendants, into the Registry, within five (5) business days of the entry of this Court's Order deciding this motion, to ensure that the total amount held in the Registry is $18,946,816.60 to comply with L.R. CV-62.

## IV.    DEFENDANTS' POSITION

TQ Delta's argument that prejudgment interest should be calculated from November 18, 2008, the hypothetical negotiation date, ignores well-settled law, including from this District, that prejudgment interest does not begin to accrue more than six years before the filing of the complaint.  Here, since TQ Delta filed the complaint in this case on August 13, 2021 (Dkt. No. 1), prejudgment interest does not begin to accrue until August 13, 2015.  *See Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017).

For the reasons stated below, Defendants respectfully request that the Court conclude that (1) the amount of prejudgment interest owed in the Final Judgment is **$1,414,071.03**, and (2) the total amount to be deposited into the Court's Registry pursuant to Local Rule CV-62(a) is **$15,342,585.14**, such that the amount of Vantiva's Second Deposit is **$3,971,376.89**.

### a.    Prejudgment Interest Does Not Accrue Before August 13, 2015.

Contrary to TQ Delta's arguments, prejudgment interest cannot accrue until August 13,

2015—six years before TQ Delta filed its complaint—and the five-year U.S. Treasury Bill rate at that time was 1.58%. *See* Ex. 2 (U.S. Treasury website providing that five-year rate on August 13, 2015 was 1.58%). Accordingly, the amount of prejudgment interest is $1,414,071.03. *See* Ex. 1 (Defendants' interest calculations spreadsheet).

The Patent Act is silent as to the time period for calculating interest. *See Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). However, courts in patent cases routinely hold that prejudgment interest does not accrue more than six years before the filing of the complaint, i.e., the actual damages period, even where, as here, the date of the hypothetical negotiation occurring on the eve of infringement pre-dates the damages period.

The decision in *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.* is directly on point. In *Imperium*, plaintiff requested that the Court "calculate prejudgment interest at the average prime rate during the infringement period beginning in the first quarter of 2007." 2017 WL 1716589, at *3. The Court declined to do so because "prejudgment interest cannot accrue before June 9, 2008, which is six years before Plaintiff filed its complaint." *Id.* at *4. Notably, the *Imperium* Court, which had "instructed the jury that the earliest the damages period could begin was June 9, 2008," found that "[s]ince prejudgment interest can apply only to the actual damages portion of the judgment, Plaintiff cannot receive prejudgment interest dating back to 2007." *Id.* at *4 (citing *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991)). Accordingly, the Court awarded "prejudgment interest on the actual damages awarded to Plaintiff, covering June 9, 2008, to the date of final judgment." *Id.*[3]

Here, based on a straightforward application of *Imperium*, the Court should award TQ Delta prejudgment interest only for the period of August 13, 2015 through May 3, 2023, the date

---

[3] In *Imperium*, the damages award was a lump sum on each of two patents. *See* Ex. 4 at 5, 9.

of the Final Judgment.  As in *Imperium*, "prejudgment interest cannot accrue before [August 13, 2015], which is six years before [TQ Delta] filed its complaint."  *Id.*  Further, the Court instructed the jury that "***the damages period commences on August the 13th, 2015***, six years prior to the date on which TQ Delta filed its complaint in this case. . . .  Where you find that an asserted claim is both infringed and not invalid, ***you may not award damages for activities occurring before the damages period begins***."  Ex. 3 at 69:6–13 (emphasis added).  Thus, as in *Imperium*, "[s]ince prejudgment interest can apply only to the actual damages portion of the judgment, [TQ Delta] cannot receive prejudgment interest dating back to [2008]."  *Imperium*, 2017 WL 1716589, at *4.

Other courts have come to the same conclusion as *Imperium*.  For example, in *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, like here, the jury awarded a one-time lump-sum award for infringement based on a hypothetical negotiation.  187 F. Supp. 3d 306, 321 (D. Mass. 2016).  Although the parties "stipulated to a hypothetical negotiation taking place" in January 2000, the court declined to award prejudgment interest going back to that date because "[d]amages were . . . unavailable, pursuant to § 286, before December 14, 2006—six years before the suit was filed . . . .  *Interest on the damages award cannot begin accruing before the underlying damages were available*."  *Id.* at 321–22 (emphasis added).

Similarly, in *Opticurrent, LLC v. Power Integrations, Inc.*, citing *Trustees*, the court rejected plaintiff's argument—the same as TQ Delta's argument here—"that the trigger date for awarding interest should be the date of the hypothetical negotiation."  2019 WL 2389150, at *20 (N.D. Cal. June 5, 2019), *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020).  Instead, the court held that prejudgment interest accrued beginning in 2010, reasoning that "prejudgment interest by definition is interest on the 'primary or actual' portion of a damages award.  ***It would make little sense to allow interest to start accruing before damages can be imposed; the interest on zero damages***

*would simply be zero*."  *Id.* (citing *Beatrice Foods*, 923 F.2d at 1580) (emphasis added).

TQ Delta's argument in support of an earlier date for prejudgment interest should be rejected.  TQ Delta points to language in the Final Judgment that prejudgment interest shall be calculated "from the date of infringement through the date of entry of this Judgment."  Dkt. No. 513 ¶ 9.  According to TQ Delta, the relevant "date of infringement" is November 18, 2008 because that is the date of the hypothetical negotiation.  But the hypothetical negotiation date does not always equate with the date of infringement; indeed, the Federal Circuit has "been careful to distinguish the hypothetical negotiation date from other dates that trigger infringement liability. For example, the six-year limitation on recovery of past damages under 35 U.S.C. § 286 does not preclude the hypothetical negotiation date from taking place on the date infringement began, even if damages cannot be collected until some time later."  *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012).  Indeed, the courts in *Trustees* and *Opticurrent* both cited *LaserDynamics* in declining to award prejudgment interest beyond the six-year period even where the hypothetical negotiation date occurred prior to the damages period.  *See Trustees*, 187 F. Supp. 3d at 322; *Opticurrent*, 2019 WL 2389150, at *20.[4]

TQ Delta relies on two cases that have nothing to do with whether prejudgment interest can accrue more than six years before the filing of a complaint.  In *Comcast IP Holdings I LLC v.*

---

[4] TQ Delta argues that Defendants waived the ability to argue that prejudgment interest accrues from August 13, 2015 because they did not move to amend the Final Judgment.  Not so.  There is nothing wrong with the Court's use of the language "from the date of infringement through the date of entry of this Judgment," so Defendants had no reason to move to amend.  As the *Trustees* and *Opticurrent* courts explained, even where "the parties may have stipulated to a hypothetical negotiation taking place on the eve of infringement, that is not the same as an agreement as to when infringement for purposes of triggering damages actually began."  *Trustees*, 187 F. Supp. 3d at 322; *Opticurrent*, 2019 WL 2389150, at *20.  Accordingly, "from the date of infringement through the date of entry of this Judgment" is properly interpreted to mean August 13, 2015 through May 3, 2023.

*Sprint Commc'ns Co., L.P.*, the Federal Circuit affirmed the district court's decision to award prejudgment interest dating to 2006, the date of the hypothetical negotiation, without requiring apportionment as to when each of the asserted patents issued.  *See* 850 F.3d at 1315.  The complaint was filed in 2012, so 2006 was within the six-year damages period, and the issue for the Court to decide here was not present in *Comcast*.  Notably, the *Opticurrent* court expressly considered *Comcast* and found that it did not support "prejudgment interest that extended beyond the six-year limitations period."  *Opticurrent*, 2019 WL 2389150, at *20.  *Schwendimann v. Arkwright Advanced Coating, Inc.* does not discuss a hypothetical negotiation at all; in that case, the Federal Circuit merely confirmed the holding in *Comcast* that, where a jury awards a lump-sum amount, prejudgment interest is properly accrued for the entire damages period, without a need to apportion when the infringed patents issued during the damages period.  959 F.3d at 1076.

TQ Delta also contends that calculating prejudgment interest starting from August 13, 2015 would not fulfill the purpose of prejudgment interest "to compensate the patentee for its 'foregone use of the money between the time of the infringement and the date of the judgment.'"  *Bio-Rad*, 807 F.2d at 969 (citation omitted).  *Bio-Rad*, as with TQ Delta's other cases, has nothing to do with the issue currently before the Court—whether prejudgment interest can accrue outside of the damages period.  Moreover, TQ Delta's argument is simply wrong.  The jury could only have awarded TQ Delta a lump sum for infringement ***during the damages period beginning August 13, 2015***, consistent with the Court's instruction.  Ex. 3 at 69:6–13.  Awarding prejudgment interest from that same date serves to compensate TQ Delta for its foregone use of that money from August 13, 2015 through May 3, 2023.  On the other hand, awarding TQ Delta prejudgment interest for any period before August 13, 2015 would result in a windfall to TQ Delta—the jury's award cannot cover any earlier period and, thus, TQ Delta did not forgo the use of any money prior to that date.

Relatedly, TQ Delta's argument for interest to accrue from November 18, 2008 is an improper attempt to double dip on damages. TQ Delta is separately seeking damages in Delaware for alleged infringement of the same families of patents by some of the same accused products prior to the damages period in this case. If the damages period here begins from November 18, 2008 as TQ Delta claims, TQ Delta should be precluded from seeking additional damages in Delaware from that period for any overlapping accused products. TQ Delta has never conceded this. To the contrary, when successfully opposing Defendants' motion to transfer, TQ Delta stated that, "even where there is potential overlap in patents, ***there is no overlap in the damages that TQ Delta seeks***. The damages period in *2Wire* is only through 2016. . . . The five products are at issue in this case to capture the post-2016 damages period." Dkt. No. 97 at 1 (emphasis added).

Accordingly, applying a quarterly compound interest rate of 1.58% from August 13, 2015 through May 3, 2023, the amount of prejudgment interest Defendants owe is $1,414,071.03.

### b.    The Amount Required by Local Rule CV-62(a)

The "amount of the judgment" for Local Rule CV-62(a) as of the Final Judgment is the sum of $11,125,000.00 (jury award), $256,208.25 (bill of costs), and $1,414,071.03 (prejudgment interest), for a total of $12,785,279.28. *See* Ex. 1. The total amount of the judgment "plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs" is **$15,342,585.14**. *Id.* Because Vantiva has already deposited $11,371,208.25 into the Court's Registry, the amount of the Second Deposit should be **$3,971,376.89**. *Id.*

## V.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court resolve the Parties' disputes concerning the appropriate amount of the prejudgment interest and the total amount of funds that will go into the Court's Registry consistent with Local Rule CV-62.

The Parties' opposing proposed orders are attached.

Dated: May 10, 2024

Respectfully submitted,

By: */s/ Peter J. McAndrews*
Peter J. McAndrews (*Pro hac vice*)
pmcandrews@mcandrews-ip.com

Rajendra A. Chiplunkar (*Pro hac vice*)
rchiplunkar@mcandrews-ip.com

David Z. Petty (*Pro hac vice*)
dpetty@mcandrews-ip.com

**McAndrews, Held & Malloy, Ltd.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

Anthony K. Bruster
akbruster@brusterpllc.com
Texas Bar No. 24036280

Edward K. Chin
ed@brusterpllc.com
Texas Bar No. 50511688

Andrew J. Wright
andrew@brusterpllc.com
Texas Bar No. 24063927

Shawn A. Latchford
shawn@brusterpllc.com
Texas Bar No. 24066603

**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
(817) 601-9564 – Telephone

***Attorneys for Plaintiff TQ Delta, LLC***

By: */s/ Brett Schuman*
Brett Schuman
Rachel M. Walsh
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
P:  (415) 733-6000
F:  (415) 677-9041
bschuman@goodwinlaw.com
rwalsh@goodwinlaw.com

Douglas J. Kline
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
P:  (617) 570-1000
F:  (617) 523-1231
dkline@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
P: (650) 752-3100
F: (650) 853-1038
aong@goodwinlaw.com

***Counsel for Defendants CommScope Holding
Company, Inc., CommScope Inc., ARRIS US
Holdings, Inc., ARRIS Solutions, Inc.,
ARRIS Technology, Inc., and ARRIS
Enterprises, LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 10, 2024, and the corrected version thereof (corrected to add a Certificate of Conference) on May 13, 2024, and was served via email on all counsel of record.

*/s/ Peter J. McAndrews*
Peter J. McAndrews

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules-7(h) and (i), I hereby certify that counsel of record for TQ Delta (Peter McAndrews, Edward Chin) and Defendants (Andy Ong, Craig Lytle) conferred regarding the subject of this **Joint Motion for Determination of Prejudgment Interest** on May 6th and May 8-10, 2024.

Pursuant to Paragraph c of the Court's April 26, 2024 Order (Dkt. No 584) ("[T]he Parties shall file a further Joint Motion asking the Court to resolve the Parties' disputes concerning the appropriate amount of the prejudgment interest and the total amount of funds that will go into the Registry consistent with Local Rule CV-62"), the Parties agree that the Motion shall be jointly filed to seek the Court's determination of the Parties' disputed issues, for which they have reached an impasse, discussed in the Motion.

*/s/ Peter J. McAndrews*
Peter J. McAndrews