# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQ DELTA, LLC,<br>　　Plaintiff,<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., and ARRIS ENTERPRISES, LLC,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED**<br><br><br>**Civil Action 2:21-cv-310-JRG** |

**DECLARATION OF PETER J. MCANDREWS IN SUPPORT OF PLAINTIFF TQ DELTA, LLC'S CALCULATION OF PREJUDGMENT INTEREST**

I, PETER J. MCANDREWS, declare under penalty of perjury under the laws of the State of Utah and the United States as follows:

1. On May 3, 2023, this Court entered Final Judgment in Plaintiff TQ Delta, LLC's ("Judgment Creditor" or "Plaintiff") favor against Defendants CommScope Holding Company, Inc., CommScope, Inc., Arris US Holdings, Inc., Arris Solutions, Inc., Arris Technology, Inc., and Arris Enterprises, LLC, (collectively, "Defendants" or "Judgment Debtor") in the amount of $11,125,000.00 U.S. Dollars as a reasonable royalty for Defendants' infringement, to be paid in a onetime lump sum. (Dkt. No. 513). TQ Delta was also awarded costs, prejudgment interest, and post-judgment interest. *Id.* at 3. On May 31, 2023, pursuant to Plaintiff's Notice Regarding Agreed Bill of Costs (Dkt. No. 524), the Court ordered that Plaintiff shall recover from Defendants costs in the amount of $246,208.25. (Dkt. No. 535).

2. I am an attorney for the law firm of McAndrews, Held & Malloy, Ltd, and am counsel of record for the Plaintiff and Judgment Creditor, TQ Delta.

3. In the Final Judgment, the Court also awarded "pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment." (Dkt. No. 513, at 3).

4. The date of first infringement is November 18, 2008. This is the date of first infringement because the jury found infringement of Claim 17 of the U.S. Patent No. 7,453,881 (the "'881 Patent"), which issued on November 18, 2018, and is the first issued patent of the seven asserted patents. (Dkt. No. 513). Also, Defendants' damages expert, Stephen Becker, Ph.D., testified at trial that the date of the hypothetical negotiation was in November of 2008. *See* Exhibit A-2, Trial Transcript Vol. 5, March 23, 2023, at 76:19-77:1 ("Q. And when -- when does this hypothetical negotiation occur? A. So as I said, it's -- we're putting these parties at the table back when the -- right before they would need a license. And in this case **the facts indicate that that would be in November of 2008. The first of these seven patents issued in November of 2008, and so that's what sort of triggers the need for a negotiation.**") (emphasis added).

5. In the attached Exhibit A-1, I have calculated prejudgment interest as specified in the Court's Final Judgment. As a starting point, I used the damages award of $11,125,000.00 U.S. Dollars that the jury found to be a reasonable royalty for Defendants' infringement. For each year, I use the prejudgment interest rate to be applied to the damages award of $11,125,000.00 based on the 5-year U.S. Treasury Bill rate and calculate the amount of interest due for that year based on quarterly compounding of interest. The 5-year U.S. Treasury Bill rate that I used was 2.32%, which is sourced from the St. Louis Federal Reserve website (see screenshots below) at https://fred.stlouisfed.org/series/DGS5 (accessed April 5, 2024)



The data as downloaded from that website (highlighted) shows the 5-year U.S. Treasury Bill rate as of November 17, 2008 close was 2.32%.



    6.       The total amount of prejudgment interest through May 2, 2023 on the compensatory damages award of $11,125,000.00 is $4,417,597.25.

Respectfully submitted and affirmed this 10th day of May, 2024, at Park City, Utah by:

Respectfully submitted,

By:     __/s/ Peter J. McAndrews_____

**Peter J. McAndrews**
(*Pro hac vice*)
pmcandrews@mcandrews-ip.com

**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison St., 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

**ATTORNEYS FOR PLAINTIFF TQ DELTA, LLC**

# Exhibit A-1

**TQ DELTA'S PREJUDGMENT INTEREST CALCULATIONS**
May 10, 2024

### SUMMARY

| | |
|---|---:|
| Date of Final Judgment (Dkt. No, 513) | 5/3/23 |
| Judgment Amount Due as of 5/3/2023 | $15,788,805.50 |
| Total Amount that Should Be Deposited in the Registry | $18,946,816.60 |
| Amount of Second Deposit | $7,575,608.35 |
| | |
| Pre-Judgment Interest Rate (5-year U.S. Treasury Bill rate (as of 11/17/2018) | 2.32% |
| | |
| Damages Award (Dkt No. 513) | $11,125,000.00 |
| Start Date (Date of First Infringement) | 11/18/08 |
| Start Quarter (1,2,3,4) | 4 |
| Quarter to Start Accrual (Adjusted to 11/18/08) | 10/1/2008 |

### PREJUDGMENT INTEREST

| Quarter Start Date | 5Yr T-Bill Yield | BOP Balance | Start Amount | Quarterly Interest | EOP Balance |
|---:|---:|---:|---:|---:|---:|
| 10/1/08 | 2.32% | $0.00 | $11,125,000.00 | $30,158.42 | $11,155,158.42 |
| 1/1/09 | 2.32% | $11,155,158.42 | $0.00 | $64,699.92 | $11,219,858.34 |
| 4/1/09 | 2.32% | $11,219,858.34 | $0.00 | $65,075.18 | $11,284,933.52 |
| 7/1/09 | 2.32% | $11,284,933.52 | $0.00 | $65,452.61 | $11,350,386.14 |
| 10/1/09 | 2.32% | $11,350,386.14 | $0.00 | $65,832.24 | $11,416,218.38 |
| 1/1/10 | 2.32% | $11,416,218.38 | $0.00 | $66,214.07 | $11,482,432.44 |
| 4/1/10 | 2.32% | $11,482,432.44 | $0.00 | $66,598.11 | $11,549,030.55 |
| 7/1/10 | 2.32% | $11,549,030.55 | $0.00 | $66,984.38 | $11,616,014.93 |
| 10/1/10 | 2.32% | $11,616,014.93 | $0.00 | $67,372.89 | $11,683,387.81 |
| 1/1/11 | 2.32% | $11,683,387.81 | $0.00 | $67,763.65 | $11,751,151.46 |
| 4/1/11 | 2.32% | $11,751,151.46 | $0.00 | $68,156.68 | $11,819,308.14 |
| 7/1/11 | 2.32% | $11,819,308.14 | $0.00 | $68,551.99 | $11,887,860.13 |
| 10/1/11 | 2.32% | $11,887,860.13 | $0.00 | $68,949.59 | $11,956,809.72 |
| 1/1/12 | 2.32% | $11,956,809.72 | $0.00 | $69,349.50 | $12,026,159.21 |
| 4/1/12 | 2.32% | $12,026,159.21 | $0.00 | $69,751.72 | $12,095,910.94 |
| 7/1/12 | 2.32% | $12,095,910.94 | $0.00 | $70,156.28 | $12,166,067.22 |
| 10/1/12 | 2.32% | $12,166,067.22 | $0.00 | $70,563.19 | $12,236,630.41 |
| 1/1/13 | 2.32% | $12,236,630.41 | $0.00 | $70,972.46 | $12,307,602.87 |
| 4/1/13 | 2.32% | $12,307,602.87 | $0.00 | $71,384.10 | $12,378,986.96 |
| 7/1/13 | 2.32% | $12,378,986.96 | $0.00 | $71,798.12 | $12,450,785.09 |
| 10/1/13 | 2.32% | $12,450,785.09 | $0.00 | $72,214.55 | $12,522,999.64 |
| 1/1/14 | 2.32% | $12,522,999.64 | $0.00 | $72,633.40 | $12,595,633.04 |
| 4/1/14 | 2.32% | $12,595,633.04 | $0.00 | $73,054.67 | $12,668,687.71 |
| 7/1/14 | 2.32% | $12,668,687.71 | $0.00 | $73,478.39 | $12,742,166.10 |
| 10/1/14 | 2.32% | $12,742,166.10 | $0.00 | $73,904.56 | $12,816,070.66 |
| 1/1/15 | 2.32% | $12,816,070.66 | $0.00 | $74,333.21 | $12,890,403.87 |
| 4/1/15 | 2.32% | $12,890,403.87 | $0.00 | $74,764.34 | $12,965,168.22 |
| 7/1/15 | 2.32% | $12,965,168.22 | $0.00 | $75,197.98 | $13,040,366.19 |
| 10/1/15 | 2.32% | $13,040,366.19 | $0.00 | $75,634.12 | $13,116,000.31 |
| 1/1/16 | 2.32% | $13,116,000.31 | $0.00 | $76,072.80 | $13,192,073.12 |
| 4/1/16 | 2.32% | $13,192,073.12 | $0.00 | $76,514.02 | $13,268,587.14 |
| 7/1/16 | 2.32% | $13,268,587.14 | $0.00 | $76,957.81 | $13,345,544.95 |
| 10/1/16 | 2.32% | $13,345,544.95 | $0.00 | $77,404.16 | $13,422,949.11 |
| 1/1/17 | 2.32% | $13,422,949.11 | $0.00 | $77,853.10 | $13,500,802.21 |
| 4/1/17 | 2.32% | $13,500,802.21 | $0.00 | $78,304.65 | $13,579,106.86 |
| 7/1/17 | 2.32% | $13,579,106.86 | $0.00 | $78,758.82 | $13,657,865.68 |
| 10/1/17 | 2.32% | $13,657,865.68 | $0.00 | $79,215.62 | $13,737,081.31 |
| 1/1/18 | 2.32% | $13,737,081.31 | $0.00 | $79,675.07 | $13,816,756.38 |
| 4/1/18 | 2.32% | $13,816,756.38 | $0.00 | $80,137.19 | $13,896,893.56 |
| 7/1/18 | 2.32% | $13,896,893.56 | $0.00 | $80,601.98 | $13,977,495.55 |
| 10/1/18 | 2.32% | $13,977,495.55 | $0.00 | $81,069.47 | $14,058,565.02 |
| 1/1/19 | 2.32% | $14,058,565.02 | $0.00 | $81,539.68 | $14,140,104.70 |
| 4/1/19 | 2.32% | $14,140,104.70 | $0.00 | $82,012.61 | $14,222,117.31 |
| 7/1/19 | 2.32% | $14,222,117.31 | $0.00 | $82,488.28 | $14,304,605.59 |
| 10/1/19 | 2.32% | $14,304,605.59 | $0.00 | $82,966.71 | $14,387,572.30 |
| 1/1/20 | 2.32% | $14,387,572.30 | $0.00 | $83,447.92 | $14,471,020.22 |
| 4/1/20 | 2.32% | $14,471,020.22 | $0.00 | $83,931.92 | $14,554,952.13 |
| 7/1/20 | 2.32% | $14,554,952.13 | $0.00 | $84,418.72 | $14,639,370.86 |
| 10/1/20 | 2.32% | $14,639,370.86 | $0.00 | $84,908.35 | $14,724,279.21 |
| 1/1/21 | 2.32% | $14,724,279.21 | $0.00 | $85,400.82 | $14,809,680.03 |
| 4/1/21 | 2.32% | $14,809,680.03 | $0.00 | $85,896.14 | $14,895,576.17 |
| 7/1/21 | 2.32% | $14,895,576.17 | $0.00 | $86,394.34 | $14,981,970.51 |
| 10/1/21 | 2.32% | $14,981,970.51 | $0.00 | $86,895.43 | $15,068,865.94 |

| Date | Rate | Balance | Payment | Interest | New Balance |
|---|---|---|---|---|---|
| 1/1/22 | 2.32% | $15,068,865.94 | $0.00 | $87,399.42 | $15,156,265.36 |
| 4/1/22 | 2.32% | $15,156,265.36 | $0.00 | $87,906.34 | $15,244,171.70 |
| 7/1/22 | 2.32% | $15,244,171.70 | $0.00 | $88,416.20 | $15,332,587.90 |
| 10/1/22 | 2.32% | $15,332,587.90 | $0.00 | $88,929.01 | $15,421,516.91 |
| 1/1/23 | 2.32% | $15,421,516.91 | $0.00 | $89,444.80 | $15,510,961.71 |
| Through 5/2/2023 | 2.32% | $15,510,961.71 | $0.00 | $31,635.54 | $15,542,597.25 |
| | | | **Prejudgment Interest** | **$4,417,597.25** | |

| Amount of Judgment as of 5/3/2023 (Date of Final Judgment) | |
|---|---|
| Damages Award (Dkt No. 513) | $11,125,000.00 |
| Total Prejudgment Interest (11/18/2008 - 5/2/2023) | $4,417,597.25 |
| Bill of Costs (Dkt. No. 535) | $246,208.25 |
| **Amount of Judgment Due as of 5/3/2023** | **$15,788,805.50** |

| Total Amount that Should Be Deposited into the Court's Registry | |
|---|---|
| Amount of the Judgment as of 5/3/2023 | $15,788,805.50 |
| 20% of the Amount of the Judgment per L.R. CV-62 | $3,157,761.10 |
| "To cover costs" per L.R. CV-62 | $250.00 |
| **Total Amount that Should Be Deposited in the Registry** | **$18,946,816.60** |

| Amount of Second Deposit into the Court's Registry | |
|---|---|
| Total Amount That Should Be Deposited in the Registry | $18,946,816.60 |
| First Deposit (deposited on 5/2/2024) | -$11,371,208.25 |
| **Amount of Second Deposit** | **$7,575,608.35** |

# Exhibit A-2

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
                       MARSHALL DIVISION

TQ DELTA, LLC.,                  (  CAUSE NO. 2:21-CV-310-JRG
                                 )
         Plaintiff,              (
                                 )
vs.                              (
                                 )
COMMSCOPE HOLDING COMPANY,       (
INC., et al.,                    )  MARSHALL, TEXAS
                                 (  MARCH 23, 2023
         Defendants.             )  8:30 A.M.
_____


                           VOLUME 5

_____

                      TRIAL ON THE MERITS


           BEFORE THE HONORABLE RODNEY GILSTRAP
            UNITED STATES CHIEF DISTRICT JUDGE

_____
```

SHAWN McROBERTS, RMR, CRR
100 E. HOUSTON STREET
MARSHALL, TEXAS  75670
(903) 923-8546
shawn_mcroberts@txed.uscourts.gov

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
 1                    A P P E A R A N C E S

 2         FOR THE PLAINTIFF:    DAVIS FIRM, P.C.
                                 213 N. FREDONIA ST., SUITE 230
 3                               LONGVIEW, TEXAS  75601
                                 (903) 230-9090
 4                               BY: MR. RUDOLPH FINK
                                     MR. CHRISTIAN HURT
 5                                   MR. WILLIAM DAVIS

 6                               McANDREWS HELD & MALLOY, LTD
                                 500 W. MADISON ST., 34TH FLOOR
 7                               CHICAGO, ILLINOIS  60661
                                 (312) 775-8000
 8                               BY:  MR. PETER McANDREWS
                                      MS. ASHLEY RATYCZ
 9                                    MR. RAJENDRA CHIPLUNKAR

10         FOR THE DEFENDANT:    ALSTON & BIRD, LLP-NC
                                 101 SOUTH TRYON STREET
11                               SUITE 4000
                                 CHARLOTTE, NC  28280
12                               (704) 444-1025
                                 BY:  MR. ROSS BARTON
13                                    MR. MATTHEW STEVENS
                                      MR. KIRK BRADLEY
14                                    MS. KARLEE WROBLEWSKI

15                               ALSTON & BIRD, LLP - ATLANTA
                                 ONE ATLANTIC CENTER
16                               1201 WEST PEACHTREE STREET NW
                                 #4900
17                               ATLANTA, GEORGIA  30309-3424
                                 (404) 881-7000
18                               BY:  MR. MICHAEL DEANE

19                               THE DACUS FIRM, PC
                                 821 ESE LOOP 323, SUITE 430
20                               TYLER, TEXAS  75701
                                 (903) 705-1117
21                               BY:  MR. DERON DACUS

22         OFFICIAL REPORTER:    SHAWN M. McROBERTS, RMR, CRR
                                 100 E. HOUSTON STREET
23                               MARSHALL, TEXAS  75670
                                 (903) 923-8546
24

25
```

# INDEX

**EXAMINATION**

| Witness Name | Page |
|---|---|
| RICHARD WESEL, PH.D. | |
|    Direct By MS. WROBLEWSKI | 7 |
|    Cross By MR. HURT | 36 |
|    Redirect By MS. WROBLEWSKI | 53 |
|    Recross By MR. HURT | 58 |
| STEPHEN BECKER, PH.D. | |
|    Direct By MR. DACUS | 67 |
|    Cross By MR. DAVIS | 111 |
|    Redirect By MR. DACUS | 144 |
|    Recross By MR. DAVIS | 159 |
| VIJAY MADISETTI, PH.D. | |
|    Direct By MR. CHIPLUNKAR | 162 |
|    Cross By MR. STEVENS | 173 |
|    Redirect By MR. CHIPLUNKAR | 184 |

1  always follow is something called a hypothetical negotiation.
2         And really what I'm doing is saying what if we put the
3  patent owner and the potential licensee, the accused
4  infringer, at a negotiating table back when right before
5  they're alleged to first be using the patents, and ask the
6  question, if people sat down at a table and acted reasonably
7  to negotiate a license back at that time, what would they come
8  up with.  That's a way to figure out what a reasonable royalty
9  would be is to ask what would reasonable people have
10 negotiated for a license.
11 Q.  Based on your experience and your understanding, is this
12 what the law allows and requires for determining a reasonable
13 royalty?
14 A.  It certainly allows for it.  There are cases where --
15 I've been in cases where a reasonable royalty is not relief
16 that the patent holder is seeking, they're seeking a different
17 kind of relief, and we don't use this reasonable royalty
18 methodology.  But here that's what's being asked for.
19 Q.  And when -- when does this hypothetical negotiation
20 occur?
21 A.  So as I said, it's -- we're putting these parties at the
22 table back when the -- right before they would need a license.
23 And in this case the facts indicate that that would be in
24 November of 2008.  The first of these seven patents issued in
25 November of 2008, and so that's what sort of triggers the need

1   for a negotiation.
2   Q.   And if looking at November of 2008, what does that tell
3   us about the parties at the table negotiating?
4   A.   So if we go back to November of 2008, these patents and
5   the patent applications that led to the patents that are being
6   asserted here were all owned by Aware.  We've heard a lot
7   about Aware this week.
8        So Aware is sitting at the table as the patent owner
9   licensor.  And back at that time, an entity that's now owned
10  by CommScope called 2Wire, or it's been sort of acquired by
11  CommScope, was at the time 2Wire.  So I put CommScope as 2Wire
12  at the table back in November of 2008.
13  Q.   And in conducting this hypothetical negotiation, is it
14  your understanding that there are assumptions that you should
15  make and the jury should make in doing so?
16  A.   Yes.  This -- we call this a hypothetical negotiation
17  because it didn't actually occur.  And there's also some other
18  rules that I have to put on the negotiation, and a couple of
19  them I've listed here.  One is that the parties are sitting
20  there assuming that the patents are valid and enforceable.
21  They're not haggling over whether the patent's valid.  They're
22  also not haggling whether the patents are infringed.  They're
23  just there to negotiate a license, and they're willing to
24  negotiate.
25       The one on the right there, the reasonable knowledge and

```
1              I HEREBY CERTIFY THAT THE FOREGOING IS A

2         CORRECT TRANSCRIPT FROM THE RECORD OF

3         PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4         I FURTHER CERTIFY THAT THE TRANSCRIPT FEES

5         FORMAT COMPLY WITH THOSE PRESCRIBED BY THE

6         COURT AND THE JUDICIAL CONFERENCE OF THE

7         UNITED STATES.

8

9         S/Shawn McRoberts                  03/23/2023

10        _____DATE_____
          SHAWN McROBERTS, RMR, CRR
11        FEDERAL OFFICIAL COURT REPORTER

12   .
```