IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQ DELTA, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMSCOPE HOLDING COMPANY, INC., et al., <br><br> *Defendants*. | § § § § § § § § § § § CIVIL ACTION NO. 2:21-CV-00310-JRG |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Corrected Joint Motion for Determination of Prejudgment Interest (the "Motion") filed by Plaintiff TQ Delta, LLC ("Plaintiff" or "TQ Delta") and Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises, LLC (collectively, "Defendants" and with Plaintiff, the "Parties"). (Dkt. No. 589.) Having considered the Motion, the briefing, and all declarations and exhibits submitted in support thereof, the Court finds that Defendants are entitled to prejudgment interest in the amount of **$1,414,071.03**, and that Vantiva SA, on behalf of Defendants, shall make a Second Deposit of **$3,971,376.89** into the Registry of the Court.

**I.     BACKGROUND**

On May 3, 2023, this Court entered Final Judgment in the above-captioned case. (Dkt. No. 513.) TQ Delta was awarded $11,125,000.00 in reasonable royalty damages, plus "pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment," post-judgment interest, and costs. (*Id*., ¶¶ 7, 9–11). On May 31, 2023, the Court ordered that TQ Delta recover $246,208.25 in costs from Defendants. (Dkt. No. 535).

In the Motion, the Parties "ask[] the Court to resolve the Parties' disputes concerning the appropriate amount of the prejudgment interest and the total amount of funds that will go into the Registry consistent with Local Rule CV-62." (Dkt. No. 584 ¶ c.). Vantiva SA, on behalf of Defendants, has already deposited $11,371,208.25 (the First Deposit) into the Court's Registry. (Dkt. No. 585). The Court must now determine the remaining amount Vantiva SA, on behalf of Defendants, must further deposit (the Second Deposit).

## II.     LEGAL STANDARD

Upon a finding of infringement, the court "shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[P]rejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). Prejudgment interest is not a penalty, but instead "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). "Typically, 'prejudgment interest should be awarded from the date of [the] infringement to the date of [the] judgment.'" *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020) (quoting *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988)).

## III.    DISCUSSION

The primary issue presently before the Court is when does prejudgment interest begin to accrue. Plaintiff argues that prejudgment interest should accrue from November 18, 2008, when the first asserted patent issued. Defendants argue that prejudgment interest should accrue from August 13, 2015, which is six years before Plaintiff filed the above-captioned case.

2

### A. Prejudgment Interest Accrues from August 13, 2015

Plaintiff argues that prejudgment interest must be calculated from November 18, 2008, which is the first date of infringement according to the Parties' hypothetical negotiation. (Dkt. No. 589 at 2.) According to Plaintiff, the Federal Circuit has repeatedly explained that prejudgment interest must accrue from the date of first infringement—*i.e.*, the hypothetical negotiation. (*Id.* at 2–5 (citing *Schwendimann*, 959 F.3d at 1076; *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017)).) Plaintiff further argues that Defendants "waived their argument that prejudgment interest does not begin accruing from the date of infringement" because the Judgment states that interest shall be calculated "from the date of infringement through the date of entry of this Judgment." (*Id.* at 3 (citing Dkt. No. 513 ¶ 9).) Plaintiff also argues that "35 U.S.C. § 286 does not preclude the recovery of prejudgment interest accruing more than six years before the filing of the complaint" because the statute "does not change the infringement period, the date that infringement begins, or the date used as the beginning point for accruing prejudgment interest." (*Id.*) Finally, Plaintiff argues that here, where a lump sum was awarded, "the Plaintiff would have hypothetically received the entire lump sum before the date infringement began, and prejudgment interest on the entire lump sum will begin to accrue on that date." (*Id.* at 5.)

Defendants argue that because Plaintiff "filed the complaint in this case on August 13, 2021 (Dkt. No. 1), prejudgment interest does not begin to accrue until August 13, 2015." (Dkt. No. 589 at 7.) According to Defendants, the Patent Act does not provide when prejudgment interest begins to accrue, but District Courts across the country (including one court in this District) have concluded that prejudgment interest cannot begin to accrue outside of § 286's limitation on damages. (*Id.* at 8–10.) Defendants further argue that "the hypothetical negotiation date does not always equate with the date of infringement" as the Federal Circuit has "been careful to distinguish

3

the hypothetical negotiation date from other dates that trigger infringement liability." (*Id*. at 10 (quoting *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012)).)

The Court agrees with Defendants that prejudgment interest begins to accrue on August 13, 2015. The Patent Act does not expressly provide the time period for calculating interest. *See Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999) (holding that 35 U.S.C. § 284 "only prescribes damages and interest as a remedy for patent infringement" and does not state "[w]hen interest begins or ends"). Instead, 35 U.S.C. § 284 awards a patentee "damages adequate to compensate for the infringement . . . together with interest and costs as fixed by the court." The Supreme Court has held that § 284 thus "gives a court general authority to fix interest and costs." *Devex*, 461 U.S. at 653. Typically, this general authority should "ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Id*. at 655; *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (acknowledging that the award of prejudgment interest should be from the date of infringement to the date of final judgment, "since only such award will satisfy 'Congress' overriding purpose [in section 284] of affording patent owners complete compensation'" (quoting *Devex*, 461 U.S. at 655)). However, the purpose of prejudgment interest is to compensate the patent owner for infringement and "can apply only to the actual damages portion of the judgment." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-CV-00371, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017) (citing *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991)).

Actual patent infringement damages are limited by 35 U.S.C. § 286. This statute provides that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Accordingly, this Court

4

instructed the jury that "a patentee is not entitled to damages for any infringement committed more than six years prior to the filing of the claim for infringement" and that "the damages period commences on August the 13th, 2015." (Dkt. No. 534 at 69:4–8.) Prejudgment interest cannot predate or extend beyond the period when actual damages can be recovered.

The other district courts confronted with this issue have agreed: prejudgment interest cannot begin to accrue before 35 U.S.C. § 286's limitation on damages. In *Imperium*, another court in this District found that "prejudgment interest cannot accrue before June 9, 2008, which is six years before Plaintiff filed its complaint." *Imperium*, 2017 WL 1716589, at *4. In *Trustees of Boston University v. Everlight Electronics Co., Ltd.*, plaintiff argued "that interest should begin accruing in January 2000, the date of the hypothetical negotiation; the defendants respond that interest can accrue no earlier than the date that each of the defendants received notice of the infringement." 187 F. Supp. 3d 306, 321 (D. Mass. 2016). The court rejected plaintiff's argument because "[i]nterest on the damages award cannot begin accruing before the underlying damages were available." *Id*. at 322. Similarly, in *Opticurrent, LLC v. Power Integrations, Inc.*, the court held that "prejudgment interest began to accrue in 2010, at the same time as damages," and it rejected plaintiff's attempt to extend prejudgment interest accrual beyond § 286's six-year time bar. No. 17-cv-03597-EMC, 2019 WL 2389150, at *20–21 (N.D. Cal. June 5, 2019). As the *Opticurrent* court succinctly stated, "[i]t would make little sense to allow interest to start accruing before damages can be imposed; the interest on zero damages would simply be zero." *Id*. at *20.

Tellingly, Plaintiff cannot cite a single case that directly supports its position. Plaintiff instead relies upon Federal Circuit decisions that do not address the question before this Court. In *Comcast IP Holdings I LLC v. Sprint Commc'ns Co., L.P.*, the Federal Circuit affirmed the district court's decision to award prejudgment from the hypothetical negotiation. 850 F.3d 1302, 1315

(Fed. Cir. 2017). However, the complaint in that case was filed on February 21, 2012, and the hypothetical negotiation would have occurred on March 14, 2006—less than six years before the complaint was filed—so the timing of prejudgment interest was not at issue. Additionally, while the Federal Circuit may have stated that "[p]rejudgment interest runs from the earliest date of infringement for any patent issued at the time of the hypothetical negotiation," the court made that statement in the context of addressing prejudgment interest apportionment. *See id*. at 1314–15.

Similarly, *Schwendimann* does not address the issue. There, the Federal Circuit merely reaffirmed the *Comcast* holding that prejudgment interest is properly applied to the entire lump-sum amount of damages beginning on the first date of infringement. *Schwendimann*, 959 F.3d at 1076. The Federal Circuit did not discuss the hypothetical negotiation, nor did it address the impact of § 286's time bar.

The Court also finds that whether the jury awarded a reasonable royalty as a lump sum or a running royalty does not matter. Indeed, courts have limited prejudgment interest in accordance with 35 U.S.C. § 286 when a jury has awarded a lump sum or a running royalty. *Trustees*, 187 F. Supp. 3d 306, 322 (lump sum)[1]; *Imperium IP*, 2017 WL 1716589, at *3 (running royalty)[2]; Dkt. No. 589-2 at 2 (*Opticurrent* verdict form awarding a running royalty). Accruing prejudgment interest as of the date of the hypothetical negotiation in this case, as Plaintiff urges, would result in an unfair windfall for Plaintiff.

---

[1] Plaintiff argues that "the date of first infringement was not a settled issue" in *Trustees*. (Dkt. No. 589 at 5 (citing *Trustees*, 187 F. Supp. 3d. at 322).) This is irrelevant and misleading. There, the parties "stipulated to a hypothetical negotiation taking place" more than six years before the filing of the complaint—just like here, where the Parties agreed that the hypothetical negotiation would have taken place in November, 2008.

[2] Defendants argue that *Imperium IP* concerns a lump sum in view of language included on the verdict form. (Dkt. No. 589-7 at 5, 9.) Defendants are incorrect. The *Imperium IP* court expressly states that "[n]othing in the jury instructions or the verdict form specified that the jury's award was to compensate Plaintiff *for ongoing or future infringement*." *Imperium IP*, 2017 WL 1716589, at *3 (emphasis added).

The Court also rejects Plaintiff's argument that the Judgment contemplates interest accruing as of the hypothetical negotiation. Relevant here, the Final Judgment provides the following:

> Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award," the Court awards to [Plaintiff] from [Defendants] pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, *from the date of infringement through the date of entry of this Judgment*.

(Dkt. No. 513 ¶ 9 (emphasis added).) The "date of infringement" does not mean the agreed upon hypothetical negotiation date; the "date of infringement" refers to infringement during the applicable damages period, as instructed by the Court. (Dkt. No. 534 at 69:4–8.)

For the forgoing reasons, the Court finds that prejudgment interest accrues from August 13, 2015.

### B.     Prejudgment Interest Calculations and Registry Deposit

In view of the Court's determination that prejudgment interest accrues from August 13, 2015, the Court finds 1.58 percent—the five-year U.S. Treasury Bill rate as of August 13, 2015—to be an appropriate interest rate. (Dkt. No. 589-5 at 8.) The Court further agrees with Defendants' prejudgment interest calculations using this interest rate and therefore finds that Defendants owe **$1,414,071.03** in prejudgment interest.

Using this prejudgment interest determination, the Court agrees with Defendants' additional calculations, finding that Defendants' Second Deposit (as previously called for in Dkt. No. 584) shall be **$3,971,376.89**.

## IV.     CONCLUSION

Having considered the Motion, the Court **ORDERS** Defendants to make a Second Deposit in the amount of **$3,971,376.89** into the Registry of the Court, in accordance with the above and this Court's previous Orders. (Dkt. No. 584, 590.)

**So ORDERED and SIGNED this 3rd day of September, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE